**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

JANE DOE,  CASE NO: _____

    Plaintiff,

v.

STEVEN K. BONNELL II,

    Defendant.
_____/

## **COMPLAINT**

TO THE HONORABLE COURT:

COMES NOW Plaintiff Jane Doe ("Plaintiff"), by and through her undersigned counsel, and very respectfully states, alleges, and prays as follows:

### I.  **NATURE OF ACTION**

1. This action seeks to hold Defendant accountable for his unauthorized, intentional and unlawful disclosure and dissemination of intimate images and sexually explicit videos of the Plaintiff, thereby causing Plaintiff extreme emotional and physical distress, depression, anxiety, and harm to her personal and professional reputation. Plaintiff seeks injunctive relief, compensatory and punitive damages, attorney fees, and any other relief this Honorable Court deems just and proper as a result of Defendant's unlawful, extreme and outrageous conduct towards Plaintiff.

2. Plaintiff brings claims pursuant to, *inter alia*, the Intimate Image Protection Act, 15 USC § 6851; the Sexual Cyber Harassment Statute, Florida Statute § 784.049; and other Florida laws pertaining to the right of privacy, public disclosure of private facts, and the intentional infliction of emotional distress.

## II.  JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, including 15 U.S.C. § 6851, the Intimate Image Protection Act.

4.  This Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they arise out of the same nucleus of operative facts as the federal claims.

5.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred within this district, and Defendant is subject to personal jurisdiction in this district.

## III.  PARTIES

6.  Plaintiff Jane Doe is a citizen of the United States and a resident of Miami-Dade County, Florida. Plaintiff brings this complaint anonymously due to the intimate and sensitive nature of the materials which form the subject matter of the complaint.

7.  Defendant Stephen K. Bonnell II ("Bonnell") is a citizen of the United States and a resident of Miami Beach, Florida.

## IV.  FACTUAL ALLEGATIONS

8.  Bonnell, known online as Destiny, is a live streamer and political commentator. He has over 840,000 subscribers on his YouTube channel. He has a huge following on X, Kick, Reddit and Discord. Bonnell had over 700,000 followers on his Twitch channel before he was banned from Twitch in March 2022 due to hateful conduct.

9.  Plaintiff, known online as Pxie, is also a live streamer, as well as an influencer. Pxie has 15,000 followers on X and on Twitch she has 10,000 followers.

10. Plaintiff began conversing with Bonnell on the Discord platform when she was approximately 19 years old. Bonnell was approximately 33 years old. At that time, Plaintiff was a new streamer in the same niche as Bonnell – politics.

11. Approximately two years later, on or about September 12, 2020, after multiple conversations about consent and boundaries, Plaintiff engaged in sexual relations with Bonnell. Plaintiff was inexperienced and had only had physical relations with one other person prior to Bonnell. This was the only time Plaintiff and Bonnell had sexual relations. During this one occasion, Bonnell recorded videos of Plaintiff and him engaging in sexual conduct ("the Videos").

12. Unbeknownst to Plaintiff at the time, on or about October 4, 2022, Bonnell disseminated through electronic means one of the Videos (the "Video") to a 19-year old woman using the screen name Rose. Rose was a random fan of Bonnell's on his Discord platform that reached out to him on Discord. Bonnell had never met Rose. Despite knowing nothing about Rose, and not even knowing her real name, Bonnell intentionally shared the Video with Rose without Plaintiff's knowledge or consent.

13. On or about November 29, 2024, the sexually explicit Video of Plaintiff that Bonnell had shared with Rose was uploaded on to the website Kiwifarms. The Video was also shared on multiple other pornography websites including notfans.com, thothub.com, pornbiz.com, epawg.com, and erome.com. The caption on the Video on the different platforms identify both "Destiny" and "Pxie". The Plaintiff's face is visible and identifiable in the Video.

14. Shortly after the Video is posted, various friends and random followers of Plaintiff inform her about the dissemination of the Video. Some of the messages are very accusatory. She is shocked, humiliated, and mortified by the dissemination of the sexually explicit Video.

15. As of today's date, the Video has been viewed on the notfans.com site over 10,000

times. It has been viewed on the thothub.com site over 58,000 times. It had at least as many views on other websites but it has since been removed. It is still on the Kiwifarms site, but the site does not have a number tracker so the number of views is unknown but estimated to be in the tens of thousands. On erome.com there were over 10,000 views, but it has since been removed.

16. On the evening of November 29, 2024, Plaintiff sends a message to Bonnell on Discord expressing her horror that he shared the video of her. She asks him if he sent any additional pornographic Videos to anyone. He admits his guilt, responding: "*Ughhhh there shouldn't be no, I'm so sorry there's literally no excuse, I'd had phone convos and stuff with this person they were fairly close to me, it's worthless to say it at this point but I'm super sorry, there's literally no excuse*." Plaintiff then asks him to delete any and all Videos that he has of her.

17. The leak of the Video goes viral and is being discussed by thousands of followers of Destiny and Pxie on various platforms, including YouTube, Discord, Reddit, Kiwifarms, and Twitter/X. Plaintiff begins receiving hundreds of insulting and harassing messages. Many of the followers discussing the leaks on the different accounts falsely claim that Plaintiff exchanged sex for professional growth and favors from Bonnell.

18. Plaintiff feels increasingly humiliated, mortified and depressed, and starts feeling suicidal. On or about December 11, 2024, she starts writing suicide notes. Plaintiff messages Bonnell and tells him she is "just tired of living anymore. It's a matter of time until my family discovers what happened…I feel like the best thing to do is for me to kill myself and schedule a post just detailing my feelings on what happened to try to ensure a situation like this doesn't happen again." Plaintiff then unfriends Bonnell on Discord so

that she cannot receive any messages from him.

19.     On or about December 13, 2024, Plaintiff meets with Bonnell's close friend and business associate, Kyla Turner (screen name "notsoerudite"). Plaintiff tells her about her suicidal thoughts, that she cannot bear the humiliation and harassment she is enduring, and that she wants to ensure Bonnell never does this to her or anyone else ever again. Turner tells her she will talk to Bonnell and tell him what they discussed.

20.     On or about December 19, 2024, Turner asks Plaintiff if Bonnell has communicated with her or added her back as a friend. Plaintiff responds in the negative.

21.     Plaintiff continues feeling depressed and suicidal. The leak of the Video is still a viral topic of conversation on multiple platforms, with people making horrible accusations about Plaintiff. On the morning of January 20, 2025, two videos on YouTube are posted by two different streamers discussing the "Pxie Leak." The videos include screenshots of private messages of Plaintiff discussing the situation with friends, and claims that Plaintiff took hush money, only cares about money, and does not care about the other victims of Defendant. These videos have been viewed by thousands, including one which as of today was viewed by over 90,000 people. The majority of the posts by people assume that Bonnell shared the Videos with Bonnell's consent and knowledge.

22.     On or about January 20, 2025, in desperation, Plaintiff/Pxie goes online and announces that Destiny shared the Videos without her consent or knowledge, and that she will be seeking legal recourse. That same day, Bonnell/Destiny responds on various platforms, including Reddit and Imgur, and falsely claims that the Video "leak happened without my knowledge, consent, or authorization." This claim directly contradicts his November 29, 2024 explicit written admission to Plaintiff that he knowingly and intentionally shared the Video with Rose without

Plaintiff's consent.

23. On January 20, right after Plaintiff announced publicly that she would sue Bonnell, one of his followers reached out to Plaintiff and told her that Bonnell had sent the Video to her sister about two months earlier. The follower informs Plaintiff that she believes Bonnell is still sending her sister sexually explicit videos of other women without their consent.

24. On January 21, 2025, aware of an impending lawsuit and potential criminal investigation, Bonnell starts destroying evidence, including deleting messages between him and Plaintiff. On January 23, 2025, Bonnell receives a letter from Plaintiff's counsel informing him of Plaintiff's intent to sue and demanding that he preserve all evidence.

25. On or about January 23, 2025, Bonnell begins to publicly harass and defame Plaintiff. He posts in his group chat called "dgg", with multiple people, that Plaintiff/Pxie is just after his money.

26. On or about January 23, 2025, Bonnell also posts on his website, https://www.destiny.gg, and in his "DGG Chat," that "Pxie and the people behind her just want money, so there's no point in going after the hacker, he's probably some broke loser anyway, so they aren't even mentioning him." Over 1,000 people have potentially viewed this defamatory post.

27. Bonnell's attempt to divert blame from himself and cast blame on an alleged "hacker" is directly contradicted by his own prior explicit written admission (see *ante*) to Plaintiff that he intentionally shared the Videos, and by his text messages with Rose in which he tells her about the Video with the "young" girl that he will send her.

28. Bonnell continues defaming and harassing Plaintiff on his website,

https://www.destiny.gg, and in the "DGG Chat." He implies that Plaintiff is trying to "milk" him, and that she is not going after anybody else that might allegedly have been involved in the leak of the Videos because she can't "milk as much money out of that target." Potentially over 1,000 people have seen this post.

29. In or around the end of January, 2025, approximately fifteen women reached out to Plaintiff to tell her that they had received sexually explicit images from Bonnell of other women without the other women's consent. Three of these women also tell Plaintiff that Bonnell deleted their chat threads after January 23, 2025.

30. Upon information and belief, multiple women, including Melina Gorasson and Stacsia (screen names), have recently come forward and publicly alleged that Bonnell has released sexually explicit videos of them without their consent. Upon information and belief, these images were then posted on different pornography websites without their consent.

31. A woman with the screen name Chaeiry, recently found out that Bonnell had secretly made an unauthorized audio recording of their sexual interaction, and then had distributed it to multiple people without her knowledge or consent. Bonnell has retaliated against Chaeiry by publicly posting private messages with during a time when she was suffering a mental health crisis.

32. On or about January 23, 2025, Bonnell begins a smear campaign against Plaintiff and tells his followers that Plaintiff is only interested in getting money from him. Over 1,000 of his followers could have seen this post. He also tells his followers that his only crime was being "too much of a gooner." The word "gooner" is slang for someone who is deeply engaged in excessive adult X-rated content consumption, sometimes in a compulsive or obsessive manner.

33. On or about January 24, 2025, another female political streamer talks about Bonnell's sharing of the Video. She informs her followers that Destiny/Bonnell had recorded a

conversation with her without her knowledge or consent. She alleges that after their personal relationship deteriorated, he became publicly hostile towards her. And then later he posted to his followers that he has the recording and that he could publish it. Then on February 9, 2025, after posting a link to a clip of her talking about his sharing of the Video, Bonnell retaliated against her by posting private sexual text messages between them to his community chat group.

34. On or about January 26, 2025, Hannah Brooke, a follower of Bonnell, contacted Plaintiff and informs her that even *after* the Video was publicized on November 29, 2024, Destiny/Bonnell offered to send the Videos to her. A few days later another follower posted Brooke's direct messages with Bonnell. After the messages go public, Bonnell deletes his messages with Brooke in an attempt to cover it up.

35. Defendant has admitted that he disclosed the Video to Rose, and there is evidence that he also disclosed it to other people without Plaintiff's consent. The Defendant could have, and should have, expected that the Videos would then be publicly disclosed and disseminated to hundreds or thousands of people online, which is exactly what foreseeably occurred.

36. On January 30, 2025, Destiny/Bonnell admits that he has been actively deleting evidence of his wrongdoing, specifically his messages with multiple women who have claimed that he shared sex videos with them without the participant's consent.

37. On or about February 8, 2025, Bonnell posts on X that he agrees with another post that claims that Plaintiff is "extorting" him. On or about February 9, 2025, Bonnell makes another defamatory post on X again telling his followers that Plaintiff only cares about getting money from him. He also informs all of his followers that the Video

can still be seen on Kiwifarms. The post has over one million views as of this date.

38. The Videos disclosed by Bonnell were of a private nature and were never intended for public distribution. Defendant's actions have caused Plaintiff severe emotional distress, humiliation, and reputational harm. Plaintiff's career as a political streamer has been adversely affected and her aspirations of being elected for office have been greatly diminished.

## COUNT I – VIOLATION OF 15 U.S.C. § 6851
## (INTIMATE IMAGE PROTECTION ACT)

39. Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 38 above as though fully set forth herein.

40. Defendant knowingly and intentionally disclosed the sexually explicit Videos without Plaintiff's knowledge or consent, in violation of 15 U.S.C. § 6851.

41. Plaintiff is identifiable in the Videos. The Videos have been viewed by thousands of people, and continue to be viewed by thousands. The leak of the Videos by Defendant, and Plaintiff's role in the Videos, has been discussed online by thousands of people

42. As a direct result of Defendant's conduct, Plaintiff has suffered extreme emotional distress, and harm to her reputation.

43. All of the above actions of Defendant violated 15 U.S.C. § 6851, and accordingly Plaintiff is entitled to a) preventative and injunctive relief requiring the Defendant to delete the Videos and barring him from any further disclosure of the Videos; b) actual damages in an amount to be proven, or alternatively liquidated damages in the amount of $150,000, whichever is greater; c) punitive damage; and d) reasonable attorney's fees and costs.

## COUNT II – VIOLATION OF FLORIDA STATUTE § 784.049
## (SEXUAL CYBERHARASSMENT)

44. Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 43

above as though fully set forth herein.

45. Florida Statute § 784.049(5) provides a statutorily created private right of action.

46. Defendant's knowing and willful dissemination of sexually explicit Videos of Plaintiff to other people through electronic means, without Plaintiff's consent and in violation of her expectation that the Videos would remain private, constitutes sexual cyber harassment under Florida Statute § 784.049.

47. Defendant acted intentionally and/or with reckless disregard for Plaintiff's rights, causing Plaintiff to suffer damages.

48. Defendant shared the Videos for no legitimate purpose.

49. Tens of thousands of people have viewed the Videos on the different platforms. Tens of thousands of people are aware of the Defendant's release of the Videos, and have engaged in public online discussions with Defendant about the Videos and about Plaintiff.

50. As a direct, natural, proximate, and foreseeable result of Defendant's actions and violation of §784.049, Plaintiff has suffered damage to reputation, emotional pain and suffering, mental anguish, anxiety, and loss of dignity.

51. Plaintiff seeks injunctive relief requiring the Defendant to destroy all Videos, stop disclosing the Videos and cease harassing Plaintiff.

52. Plaintiff seeks statutory damages as per Fla. Stat. § 784.09(5)(b), or alternatively, actual damages for emotional distress, loss of income, medical expenses and other damages. Plaintiff seeks attorney's fees and costs pursuant to Fla. Stat. § 784.049(5)(c). Plaintiff also seeks punitive damages in an amount no less than $1,000,000.

**COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

53. Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 52

above as though fully set forth herein.

54. Defendant's conduct of disclosing the Videos without Plaintiff's consent was either done intentionally or with reckless disregard to the probability of causing Plaintiff emotional distress.

55. The Defendant acted in a way in which he knew or should have known that severe emotional distress would likely result.

56. The Defendant's actions were so extreme and outrageous that they go beyond all possible bounds of decency and are intolerable in a civilized society.

57. Even after Defendant became aware that Plaintiff was expressing suicidal intentions due to his disclosure of the Videos, he continued to disclose the Videos to other people without Plaintiff's consent.

58. As a direct, natural, proximate, and foreseeable result of Defendant's intentional harassment and acts, Plaintiff has suffered damage to reputation, extreme emotional pain and suffering, severe mental anguish, anxiety, and loss of dignity, and is entitled to compensatory damages in an amount no less than $1,000,000.

59. Because Defendant's conduct was intentional and/or recklessly indifferent, he is liable for punitive damages in an amount no less than $1,000,000.

**COUNT IV – INVASION OF PRIVACY
(PUBLIC DISCLOSURE OF PRIVATE FACTS)**

60. Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 59 above as though fully set forth herein.

61. Defendant publicly disclosed private facts concerning Plaintiff that were not of legitimate public concern, including the sexually explicit Videos, without her consent, and

Defendant continues to do so to this day.

      62.      There is no public concern that justifies disclosing sexually explicit images or videos of the Plaintiff without her consent.

      63.      At all times, the Defendant acted intentionally and with reckless disregard for Plaintiff's wellbeing.

      64.      Defendant could have, or should have, expected, public disclosure to arise from his dissemination of the Videos to various individuals.

      65.      The public disclosure of the Videos would be highly offensive to any reasonable person, including the Plaintiff.

      66.      Public disclosure of the Videos took place such that tens of thousands of people have viewed the Videos, or are aware of the content of the Videos, and of Plaintiff's role in the Videos.

      67.      Plaintiff had a reasonable expectation of privacy in the Videos since they were taken with the intention for private use and not for public dissemination.

      68.      Such disclosures have caused Plaintiff extreme humiliation, distress and emotional suffering. Plaintiff seeks compensatory and actual damages, punitive damages, attorney's fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows: (1) for appropriate compensatory and/or statutory damages in an amount to be determined at trial; (2) for appropriate equitable and injunctive relief against Defendant, as allowed by law; (3) for an award of punitive damages; (4) for an award of reasonable attorney's fees; and (5) for such other and further relief to which Plaintiff may be entitled.

## DEMAND FOR JURY TRIAL

The Plaintiff demands trial by jury of all issues triable as of right by a jury.

Dated: February 18, 2025.

                Respectfully submitted,

                **SANCHEZ-MEDINA, GONZALEZ, QUESADA, LAGE, GOMEZ & MACHADO, LLP**
                *Attorney for Plaintiff*
                201 Alhambra Circle, Suite 1205
                Coral Gables, Florida, 33134
                Telephone: (305) 377-1000
                Primary E-Mail:    cgarciaperez@smgqlaw.com
                Secondary E-Mail:  angie@smgqlaw.com

                        */s/ Carlos A. Garcia Perez*
By: _____
                      CARLOS A. GARCIA PEREZ
                      Florida Bar No. 106895
                      Attorney for Plaintiff