## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## MIAMI DIVISION

JANE DOE,                                              CASE NO: 1:25-cv-20757 JB

     Plaintiff,

v.

STEVEN BONNELL II,

     Defendant.

_____/

## PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM AND FOR PROTECTIVE ORDER

TO THE HONORABLE COURT:

COMES NOW Plaintiff Jane Doe ("Plaintiff"), by and through her undersigned counsel, and respectfully moves the Court for permission to proceed in this action under the pseudonym "Jane Doe" and to enter a protective order barring dissemination of her true name and requiring that any documents containing her true name be filed under seal. In support of this motion, Plaintiff relies upon her supporting memorandum and states:

1.    Courts "may excuse plaintiffs from identifying themselves in certain circumstances" where "a plaintiffs privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).

2.	Pursuant to Fed. R. Civ. Proc. 26(c) the Court is authorized to "make any order which justice requires to protect the party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon motion of a party.

3. Plaintiff alleges the Defendant disclosed intimate visual depictions of the Plaintiff to the general public. These disclosures were made in a context and manner that was highly derogatory towards Plaintiff. Plaintiff submits that having to reveal her identity in a public forum such as an open judicial proceeding will only make her life more unbearable than it has already become.

4.	Plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings because the disclosures made herein expose her and her family to significant risks of substantial harm. Moreover, the federal statute upon which the case is predicated anticipates that plaintiff may seek to maintain confidentiality by way of a pseudonym. See 15 U.S.C. § 6851 (b)(3)(B): In ordering relief under subparagraph (A), the court may grant injunctive relief maintaining the confidentiality of a plaintiff using a pseudonym.

5.	Plaintiff has no objection to providing her true name to Defendant if the Court enters a protective order barring further dissemination of Plaintiff's true name and requiring that any documents containing Plaintiff's true name be filed under seal. A proposed protective order is attached to this motion as Exhibit 1.

6.	Plaintiff hereby incorporates by reference the arguments raised in the accompanying memorandum brief.

WHEREFORE, Plaintiff's motion and accompanying memorandum brief, and federal statutes having been considered,

1. Plaintiff prays for leave to be referred to as "Jane Doe" and that the attached protective order be entered.

2. Plaintiff further prays for such other and general relief as the Court deems necessary and proper.

Dated: February 19, 2025.

Respectfully submitted,

**SANCHEZ-MEDINA, GONZALEZ, QUESADA, LAGE, GOMEZ & MACHADO, LLP**
*Attorney for Plaintiff*
201 Alhambra Circle, Suite 1205
Coral Gables, Florida, 33134
Telephone: (305) 377-1000
Primary E-Mail:    cgarciaperez@smgqlaw.com
Secondary E-Mail:    angie@smgqlaw.com

By: */s/ Carlos A. Garcia Perez*
　　CARLOS A. GARCIA PEREZ
　　Florida Bar No. 106895
　　Attorney for Plaintiff

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

JANE DOE,                                                          CASE NO: CASE NO: 1:25-cv-20757 JB

    Plaintiff,

v.

STEVEN BONNELL II,

    Defendant.
_____/

**PROPOSED PROTECTIVE ORDER**

    This matter came before the Court on the Plaintiff's motion for permission to proceed under a pseudonym and for a protective order. Based on the motion, the Plaintiff's supporting memorandum, and the entire record in this case, the Court finds there is good cause to enter a protective order as follows:

    1.    All documents filed with the Court that contain the name of the Plaintiff or information that identifies the Plaintiff or her family members, directly or indirectly, shall be filed under seal. In all publicly filed documents, Plaintiff shall be identified only by her pseudonym.

    2.    If requested to do so, the Plaintiff's counsel shall disclose the name of the Plaintiff to counsel for the Defendant.

    3.    Counsel for the Defendant may disclose the identity of the Plaintiff to the named Defendant, employees of the Defendant, and experts retained in this case, but only to the minimum extent necessary to litigation this action.

    4.    Individuals to whom disclosure of the Plaintiff's identity is made shall not further disclose that information to any other person without first obtaining confirmation from the

DOE v BONNELL
Case No: 1:25-cv-20757 JB
Page 2

Defendant's counsel that such disclosure is necessary to litigate this action.

5. Any person to whom disclosure is made because of this litigation shall first read this protective order prior to having access to the identity of the Plaintiff. Counsel for the Defendant shall ensure that all persons to whom disclosure is made pursuant to paragraphs 3 and 4 are aware of this protective order.

6. Under no circumstances shall any person disclose the Plaintiff's name to the media without the consent of the Plaintiff's counsel.

7. If any specific issues related to non-disclosure of the Plaintiff's identity arise during the course of litigation, the parties shall seek to resolve those issues without court intervention. If the parties cannot agree, they shall seek further clarification from this Court.

DONE AND ORDERED in Chambers, at Miami, Miami-Dade County, Florida, on _____, 2025.

_____
UNITED STATES DISTRICT JUDGE

cc: All counsel & parties of record