**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

JANE DOE,                                    CASE NO: 1:25-cv-20757 JB

     Plaintiff,

v.

STEVEN BONNELL II,

     Defendant.

_____/

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO PROCEED**
**UNDER PSEUDONYM AND FOR PROTECTIVE ORDER**

**TO THE HONORABLE COURT:**

**COMES NOW** Plaintiff Jane Doe ("Plaintiff"), by and through her undersigned counsel, and respectfully states, alleges, and prays as follows:

**INTRODUCTION**

Plaintiff asserts that Defendant distributed via the internet and cellular networks one or more sexually explicit Videos of the Plaintiff to various different people without the Plaintiff's consent. (See Complaint). These Videos were then disclosed to the general public on multiple different pornography sites, where they have been viewed tens of thousands of times. (Id.) Plaintiff is identified in the Videos by her screen name, Pixe, but not by her true legal name. (Id.). Forcing Plaintiff to disclose her identity in public court records could subject her to even more embarrassment, humiliation and psychological damage than she has already endured. Plaintiff therefore seeks permission to proceed in this action under the pseudonym "Jane Doe" and seeks entry of a protective order barring dissemination of her true name and requiring that any documents containing her true name be filed under seal.

DOE v BONNELL
Case NO: 1:25-cv-20757 JB
Page 2

## ARGUMENT

As a general matter, a complaint must state the names of all parties. Fed. R. Civ. P. 10(a). Nonetheless, this rule is not absolute. *Plaintiff B v. Francis*, 631 F.3d 1310, 1315–16 (11th Cir. 2011). A party may proceed anonymously in a civil suit in federal court by showing that he "has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* In addition, Fed. R. Civ. P. 26(c)(1) specifically authorizes the Court "for good cause" to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon the plaintiff's motion. The Court may grant a protective order under Rule 26(c)(1) for "good cause" and has "broad discretion.. .to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36 (1984).

Here, the Plaintiff's privacy interests outweigh the general presumption of open records. This case requires the Plaintiff to disclose information of the utmost intimacy. Plaintiff has a substantial right to privacy under 15 U.S.C. § 6851, the federal statute upon which this claim is based. Moreover, the statute expressly authorizes courts to provide "injunctive relief maintaining the confidentiality of a plaintiff using a pseudonym" when a plaintiff files a civil suit under its authority. § 6851(b)(3)(B). *See, e.g., Doe v. Ghiorso,* No. 2:24-CV-57, 2024 U.S. Dist. LEXIS 129923, 2024 WL 3511641(S.D. Ga. July 23, 2024)(granting motion to proceed anonymously and holding that "Disclosing Plaintiff's identity could link her to factual details about her intimate image and its unauthorized distribution, further threatening the rights § 6851 seeks to protect."); *Doe v. McCoy, No. 1:23-CV-3169, 2024 U.S. Dist. LEXIS 33901, 2024 WL 843908, at \*9 (N.D. Ga. Feb. 28, 2024)* (granting motion to proceed anonymously, finding the disclosure of the plaintiff's identity in a *§ 6851* case "would plainly compound the harm she has already purportedly

DOE v BONNELL
Case NO: 1:25-cv-20757 JB
Page 3

suffered as result of Defendants' alleged conduct."); *Doe Williams v. Williams, No. 3:24-CV-165, 2024 U.S. Dist. LEXIS 96973, 2024 WL 2805642, at *5 (S.D. Miss. May 31, 2024)* (granting motion to proceed under pseudonym, noting "*Section 6851*'s very purpose is to protect against one's intimate matters being publicized[.]").

The *Ghioso* court concluded that "Plaintiff's substantial right to privacy outweighs the customary presumption she would proceed in her own name." *2024 U.S. Dist. LEXIS 129923, * 4.* Therefore, Plaintiff respectfully submits that a pseudonym is appropriate here in order to prevent further emotional damage and trauma to Plaintiff due to Defendant's actions.

WHEREFORE, the Plaintiff prays for leave to be referred to as "Jane Doe" and that the attached protective order be entered.

Dated: February 19, 2025.

Respectfully submitted,

**SANCHEZ-MEDINA, GONZALEZ, QUESADA, LAGE, GOMEZ & MACHADO, LLP**
*Attorney for Plaintiff*
201 Alhambra Circle, Suite 1205
Coral Gables, Florida, 33134
Telephone: (305) 377-1000
Primary E-Mail:      cgarciaperez@smgqlaw.com
Secondary E-Mail:    angie@smgqlaw.com

*/s/ Carlos A. Garcia Perez*

By: _____
CARLOS A. GARCIA PEREZ
Florida Bar No. 106895
Attorney for Plaintiff