UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

Case No.: 1:25-cv-20757-JB

JANE DOE,

    Plaintiff,

v.

STEVEN K. BONNELL II,

    Defendant.

_____/

**DEFENDANT BONNELL'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Steven K. Bonnell II, by and through the undersigned counsel, answers the Complaint filed in this action as follows:

**NATURE OF ACTION**

1. Deny.

2. The corresponding paragraph of the Complaint states a legal conclusion to which no response is required.

**JURISDICTION AND VENUE**

3. Deny.

4. Deny.

5. Deny.

**PARTIES**

6. Defendant lacks knowledge or information sufficient to admit or deny the allegation in this corresponding paragraph of the Complaint and on that basis denies the allegations.

7. Admit except as to the misspelling of Defendant's name.

**FACTUAL ALLEGATIONS**

8. Deny.

9. Defendant lacks knowledge or information sufficient to admit or deny the allegation in this corresponding paragraph of the Complaint and on that basis denies the allegations.

10. Deny.

11. Defendant lacks knowledge or information sufficient to admit or deny the allegation in this corresponding paragraph of the Complaint and on that basis denies the allegations. Defendant notes that the videos were recorded at Plaintiff's request.

12. Deny.

13. Defendant lacks knowledge or information sufficient to admit or deny the allegation in this corresponding paragraph of the Complaint and on that basis denies the allegations.

14. Defendant lacks knowledge or information sufficient to admit or deny the allegation in this corresponding paragraph of the Complaint and on that basis denies the allegations.

15. Defendant lacks knowledge or information sufficient to admit or deny the allegation in this corresponding paragraph of the Complaint and on that basis denies the allegations. Defendant notes that Plaintiff's online discussions about this dispute have publicized the existence of the video, leading to more views.

16. Deny.

17. Defendant lacks knowledge or information sufficient to admit or deny the allegation in this corresponding paragraph of the Complaint and on that basis denies the allegations.

18. Defendant lacks knowledge or information sufficient to admit or deny the allegation in this corresponding paragraph of the Complaint and on that basis denies the allegations.

19. Defendant lacks knowledge or information sufficient to admit or deny the allegation in this corresponding paragraph of the Complaint and on that basis denies the allegations.

20. Defendant lacks knowledge or information sufficient to admit or deny the allegation in this corresponding paragraph of the Complaint and on that basis denies the allegations.

21. Defendant lacks knowledge or information sufficient to admit or deny the allegation in this corresponding paragraph of the Complaint and on that basis denies the allegations. Defendant notes that Plaintiff's online discussions about this dispute have publicized the existence of the video, leading to more views and further debate.

22. Deny.

23. Defendant lacks knowledge or information sufficient to admit or deny the allegation in this corresponding paragraph of the Complaint and on that basis denies the allegations.

24. Deny.

25. Deny.

26. Defendant lacks knowledge or information sufficient to admit or deny the allegation in this corresponding paragraph of the Complaint and on that basis denies the allegations.

27. Deny.

28. Deny.

29. Defendant lacks knowledge or information sufficient to admit or deny the allegation in this corresponding paragraph of the Complaint and on that basis denies the allegations.

30. Defendant lacks knowledge or information sufficient to admit or deny the allegation in this corresponding paragraph of the Complaint and on that basis denies the allegations.

31. Defendant lacks knowledge or information sufficient to admit or deny the allegation in this corresponding paragraph of the Complaint and on that basis denies the allegations.

32. Deny.

33. Defendant lacks knowledge or information sufficient to admit or deny the allegation in this corresponding paragraph of the Complaint and on that basis denies the allegations.

34. Deny.

35. Deny.

36. Deny.

37. Deny.

38. Deny.

## COUNT I – VIOLATION OF 15 U.S.C. § 6851
### (INTIMATE IMAGE PROTECTION ACT)

39. Defendant adopts and restates the responses set forth in paragraphs 1 through 38 above as though fully set forth herein.

40. Deny.

41. Defendant lacks knowledge or information sufficient to admit or deny the allegation in this corresponding paragraph of the Complaint and on that basis denies the allegations.

42. Deny.

43. Deny.

## COUNT II – VIOLATION OF FLORIDA STATUTE § 784.049
### (SEXUAL CYBERHARRASSMENT)

44. Defendant adopts and restates the responses set forth in paragraphs 1 through 34 above as though fully set forth herein.

45. The corresponding paragraph of the Complaint states a legal conclusion to which no response is required.

46. Deny.

47. Deny.

48. Deny.

49. Defendant lacks knowledge or information sufficient to admit or deny the allegation in this corresponding paragraph of the Complaint and on that basis denies the allegations.

50. Deny.

51. The corresponding paragraph of the Complaint states a legal conclusion to which no response is required.

52. The corresponding paragraph of the Complaint states a legal conclusion to which no response is required.

**COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

53. Defendant adopts and restates the responses set forth in paragraphs 1 through 52 above as though fully set forth herein.

54. Deny.

55. Deny.

56. Deny.

57. Deny.

58. Deny.

59. Deny.

**COUNT IV – INVASION OF PRIVACY**
**(PUBLIC DISCLOSURE OF PRIVATE FACTS)**

60. Defendant adopts and restates the responses set forth in paragraphs 1 through 59 above as though fully set forth herein.

61. Deny.

62. Deny.

63. Deny.

64. Deny.

65. Deny.

66. Deny.

67. Deny.

68. Deny.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof on any matters that would otherwise rest with Plaintiff, and expressly denying any and all wrongdoing, consistent with this Answer, Defendant asserts and alleges the following affirmative defenses:

### First Affirmative Defense

### (Lack of Subject Matter Jurisdiction)

This Court lacks subject matter jurisdiction over the claims alleged in Plaintiff's Complaint.

### Second Affirmative Defense

### (Consent)

Plaintiff at all times gave her consent, express or implied, to the acts, omissions, representations, and courses of conduct of this answering Defendant as alleged in the Complaint, and in each and every alleged cause of action contained therein.

### Third Affirmative Defense

### (Failure To Avoid Harm and Exercise Due Care)

Plaintiff's recovery, if any, should be barred or decreased to the extent that Plaintiff has unreasonably failed to avoid harm and exercise due care.

**Fourth Affirmative Defense**

**(No Damages)**

Plaintiff has suffered no damages as a direct or proximate result of any act or omission of Defendant.

**Fifth Affirmative Defense**

**(Failure To State a Claim)**

The Complaint fails to state facts sufficient to constitute a cause of action against Defendants, including because the conduct alleged in the Complaint precedes the enactment of 15 U.S.C. § 6851.

**Sixth Affirmative Defense**

**(Punitive Damages Not Supported)**

Plaintiff is not entitled to recover punitive damages because Defendant has not committed fraudulent, oppressive, malicious, willful, or egregious acts giving rise to liability, nor displayed reckless indifference to Plaintiff's rights.

**Seventh Affirmative Defense**

**(Attorneys' Fees Unavailable)**

Plaintiff has failed to state facts sufficient to constitute a claim for which attorneys' fees and costs may be granted, whether by statute or contract.

**Eighth Affirmative Defense**

**(No Severe Emotional Distress)**

All acts of Defendant were not outrageous, intentional or reckless, and Plaintiff has not suffered severe emotional distress as a result of Defendant's conduct.

### Ninth Affirmative Defense

### (Unclean Hands)

With regard to some or all of the matters alleged in each purported cause of action Complaint, Plaintiff is guilty of unclean hands.

### Tenth Affirmative Defense

### (Speculative Damages)

Plaintiff's claims are barred, in whole or in part, because the alleged damages, if any, are so speculative and uncertain that they are not capable of proof.

### Eleventh Affirmative Defense

### (Failure To Mitigate Damages)

Plaintiff is under a duty to take all reasonable action to minimize the damages alleged in the Complaint. Plaintiff has failed to comply with this duty and is therefore barred from recovering from Defendant for any damages which might have been avoided.

### Twelfth Affirmative Defense

### (Damages Not Proximately Caused by Defendant)

Assuming, without admitting, that Plaintiff has suffered any injury or damage, Defendant is not liable for any of the purported damages alleged in the Complaint because any such damages are not the direct or proximate result of any act or omission of Defendant.

### Thirteenth Affirmative Defense

### (Waiver)

Plaintiff's Complaint, and each purported cause of action alleged therein, may be barred by the doctrine of waiver.

### Fourteenth Affirmative Defense

### (Injury By Others)

Plaintiff's Complaint, and each purported cause of action therein, is barred, in whole or in part, to the extent that any injury or allegedly wrongful conduct suffered by Plaintiff was caused by herself or persons, circumstances, or parties other than Defendant, and beyond this answering Defendant's control.

### PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests judgment against Plaintiff as follows: (1) Plaintiff's Complaint shall be dismissed, with prejudice; (2) Plaintiff takes nothing by way of her Complaint; (3) Defendant be awarded all of his costs and any recoverable attorneys' fees incurred in connection with this lawsuit; and (4) Defendant be granted all such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Defendant demands a trial by jury on all issues so triable.

March 14, 2025:

Respectfully submitted,

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580
Fax: (305) 374-7593

By: */s/ Robert L. Raskopf*
Robert L. Raskopf, Esq.
Florida Bar No.: 1040022
rraskopf@bilzin.com
Patricia M. Patino, Esq.
Florida Bar No.: 1007702
ppatino@bilzin.com

and

**BERK BRETTLER LLP**
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel: (310) 278-2111

By: */s/ Andrew B. Brettler*
Andrew Brad Brettler, Esq.
California Bar No.: 262928
abrettler@berkbrettler.com
Jake A. Camara, Esq.
California Bar No.: 305780
jcamara@berkbrettler.com
(admitted *pro hac vice*)

*Counsel for Steven K. Bonnell II*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 14, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's EM/ECF system.

By:   */s/ Robert L. Raskopf*
          Attorney