UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JANE DOE,            CASE NO: 1:25-cv-20757-JB/Torres

    Plaintiff,

v.

STEVEN BONNELL II,

    Defendant.
_____/

**[PROPOSED] ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

This matter came before the Court on the Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (the "Motion"). Based on the Motion, the Plaintiff's supporting memorandum, the supporting exhibits, and the record as a whole, the Court finds there is good cause to enter a temporary restraining order.

In her Complaint, Plaintiff brings claims arising from Defendant Steven Bonnell II's ("Defendant" or 'Bonnell") nonconsensual sharing of intimate images of Plaintiff. [DE1]. Those claims are: Count I for violation of the Civil Action Relating to the Disclosure of Intimate Images ("CARDII"), 15 U.S.C. §6851; Count II for violation of the Sexual Cyber Harassment Statute, Florida Statute § 784.049; Count III for the intentional infliction of emotional distress; and Count IV for the invasion of privacy due to the unauthorized public disclosure of private facts. Each of these counts arises from Defendant's dissemination of at least one sexually explicit video in which the Plaintiff is identifiable.

The evidence presented by Plaintiff, including her affidavit, the affidavit of Hannah

Brookes, as well as the multiple evidentiary links included in the motion, demonstrates that Defendant has shared at least one Video of Plaintiff with at least one person; that the Video has been published on the internet on multiple sites and viewed by tens of thousands; that Defendant recently offered to share the video with another individual; that Plaintiff has suffered extreme emotional distress; that Defendant has retaliated against and further humiliated Plaintiff by publishing her private intimate messages; that Defendant has a history of nonconsensual sharing of intimate images; and that after the Video was published on the internet in November 2024, along with other videos of other women, Defendant has been deleting evidence of his non-consensual sharing despite having been served with a preservation of evidence demand letter. Based on this record, Plaintiff has met all four criteria for injunctive relief. To wit, Plaintiff demonstrated that i) she is likely to prevail on all four counts of her Complaint; ii) she is likely to suffer irreparable harm if injunctive relief is not granted; iii) the balance of equities weighs in favor of injunctive relief; and iv) the public interest is served by an award of injunctive relief. Accordingly, it is hereby ORDERED AND ADJUDGED as follows:

1. The Motion is GRANTED;

2. Defendant is enjoined from further sharing, publishing or transmitting, whether directly or indirectly, any part of any video or image that depicts Plaintiff, and any of Plaintiff's private messages or information;

3. Defendant shall remove, or cause to be removed, all publications of Plaintiff's Private Messages and private information from all forms of public media he controls either directly or indirectly;

4. Defendant shall preserve all discoverable evidence in any way related to this case, or that could prove any non-consensual disclosures, from his phones, computers, tablets, online

accounts and platforms, or any other devices, and preserve all internet routers or other hardware in their current form or image so they may be searched for information relevant to this action, or be at risk of an order of spoilation and sanctions;

5. Defendant shall send, pursuant to the authority of this Court, a written request to third parties, including social media platforms and internet service providers, including specifically Kiwifarms, https://notfans.com, https://thothub.cam, pornbiz.com, epawg.com, and erome.com., to comply with this Order by removing any version of the video containing Plaintiff's image and likenesses from any form of public media under their control;

6. Defendant shall attest in a declaration that he has complied with this Court's order and describe the steps he has taken to do so;

7. The Court shall exercise its discretion and not require a bond.

DONE AND ORDERED in Miami, Florida on _____, 2025.

_____
JACQUELINE BECERRA
UNITED STATES DISTRICT JUDGE