UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:25-cv-20757-JB

JANE DOE,

    Plaintiff,

v.

STEVEN K. BONNELL II,

    Defendant.

_____/

**BONNELL'S *UNOPPOSED* MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Defendant Steven Bonnell ("Bonnell") files this *Unopposed* Motion for Extension of Time and requests a two-week extension to file his opposition to Plaintiff Jane Doe's motion for a preliminary injunction [ECF No. 21], and in support thereof, states as follows:

1. On April 3, 2025, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction [ECF No. 21].

2. On April 4, 2025, the Honorable Jacqueline Becerra conducted a status conference to address the timing of Plaintiff's Motion. [ECF No. 31.]

3. At that hearing, Judge Becerra noted that because the case had been pending since February 18, 2025 [ ECF No. 1], there did not appear to be any exigent circumstances, nor a need for "emergency" relief.[1]

4. Ruling that Plaintiff's application for a temporary restraining order was "stale," Judge Becerra denied the TRO and indicated that the Court would refer the surviving Motion for

---

[1] A true and correct copy of the transcript from the hearing on April 4, 2025, is attached hereto as Exhibit A.

Preliminary Injunction to the Honorable Edwin G. Torres to set a briefing schedule and ultimately issue a report and recommendation. [ECF No. 32.]

5. On April 7, 2025, Magistrate Judge Torres issued a Paperless Order requiring Bonnell to file his response in opposition to the Motion for Preliminary Injunction by Friday, April 11, 2025. [ECF No. 36.]

6. Following receipt of the Court's Paperless Order, on April 7, 2025, the undersigned counsel wrote to Plaintiff's counsel in an effort to meet and confer regarding the scope of the Motion for Preliminary Injunction and to request Plaintiff's consent to an extension of the opposition deadline. By email dated April 8, 2025, Plaintiff's counsel indicated that they "do not oppose the motion [for an extension] because the parties are going to discuss possible stipulations to certain relief which may avoid the need for a preliminary injunction hearing." A true and correct copy of the meet and confer correspondence from April 7 and 8 is attached hereto as Exhibit B.

7. In light of the agreement among counsel, Bonnell respectfully requests a two-week extension of the current April 11, 2025 opposition deadline to afford the parties sufficient time to discuss a possible stipulation and potentially avoid motion practice altogether. To the extent the parties are unable to reach a stipulation, the brief extension will permit Bonnell adequate time to submit thorough opposition papers. Federal Rule of Civil Procedure 6(b) allows for an extension of time where, as here, a party shows good cause and requests an extension before the expiration of the period originally prescribed. *See* Fed. R. Civ. P. 6(b)(1). "[A] timely motion to extend . . . should be liberally granted absent a showing of bad faith or undue prejudice." *Hunter v. Riverbend Corr. Facility*, No. 22-11599, 2023 WL 6389817, at *3 (11th Cir. Sept. 29, 2023).

8. Accordingly, Bonnell hereby makes this *unopposed* request for an extension of time to file his opposition to the Motion for Preliminary Injunction, up to and including April 25, 2025.

9.     This extension is sought in good faith and in the interest of justice. The extension is necessary to allow the parties sufficient time to discuss a possible stipulation, which would obviate all or part of the Motion for Preliminary Injunction, and in the event the parties cannot reach an agreement, to allow Bonnell adequate time to prepare and file his opposition papers.

10.    Plaintiff will not be prejudiced by the Court granting of a brief extension, and indeed, consents to the requested relief.

WHEREFORE, for the reasons stated herein, Bonnell respectfully requests that the Court enter an Order granting this motion and extending the time for him to respond in opposition to Plaintiff's Motion for Preliminary injunction through and including April 25, 2025.

## LOCAL RULE 7.1 CERTIFICATE OF CONFERRAL

I HEREBY CERTIFY that, pursuant to Local Rule 7.1(a), on April 7 and 8, 2025, undersigned counsel conferred via email in good faith with counsel for Plaintiff regarding the relief sought herein. Plaintiff stated that she does not oppose to the relief sought herein.

Dated: April 8, 2025

Respectfully submitted,

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580
Fax: (305) 374-7593

By: /s/ Robert L. Raskopf
Robert L. Raskopf, Esq.
Florida Bar No.: 1040022
rraskopf@bilzin.com
Patricia M. Patino, Esq.
Florida Bar No.: 1007702
ppatino@bilzin.com

and

**BERK BRETTLER LLP**
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel: (310) 278-2111

By: /s/ Andrew B. Brettler
Andrew Brad Brettler, Esq.
California Bar No.: 262928
abrettler@berkbrettler.com
Jake A. Camara, Esq.
California Bar No.: 305780
jcamara@berkbrettler.com
(admitted *pro hac vice*)

*Counsel for Steven K. Bonnell I*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 8, 2025, a true and correct copy of the foregoing was served on all parties via transmission of Notices of Electronic Filing generated by CM/ECF and via electronic transmission to counsel of record for these parties.

By:   /s/ Robert L. Raskopf
                Attorney