```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA
                     CASE NO. 25-CV-20757-JB


   JANE DOE,                             Miami, Florida

             Plaintiff,                  April 4, 2025

      vs.                                4:37 p.m. - 4:56 p.m.

   STEVEN K. BONNELL, II,                Volume 1 of 1

             Defendant.                  Pages 1 to 16
   _____


                       STATUS CONFERENCE
            BEFORE THE HONORABLE JACQUELINE BECERRA
                 UNITED STATES DISTRICT JUDGE

   APPEARANCES:


   FOR THE PLAINTIFF:            CARLOS ALBERTO GARCIA PEREZ ESQ
                                 SMGQ Law
                                 201 Alhambra Circle
                                 Suite 1400
                                 Coral Gables, Florida 33134

                                 JOAN PETERS SCHLUMP ESQ
                                 JSP Law, LLC
                                 4819 West Boulevard Court
                                 Naples, Florida 34103

   FOR THE DEFENDANT:            ANDREW B. BRETTLER ESQ-Zoom
                                 Berk Brettler LLP
                                 9119 Sunset Boulevard
                                 West Hollywood, California
                                 90069
```

```
 1                                    PATRICIA MARIE PATINO ESQ-Zoom
                                      ROBERT L. RASKOPF ESQ
 2                                    Bilzin Sumberg Baena Price
                                      and Axelrod LLP
 3                                    1450 Brickell Avenue
                                      Suite 2300
 4                                    Miami, Florida 33131

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19
     STENOGRAPHICALLY REPORTED BY:
20

21

     VERNITA ALLEN-WILLIAMS, RPR, RMR, FCRR
22   Official Court Reporter to:
     The Honorable Jacqueline Becerra
23   United States District Court
     Southern District of Florida
24   400 North Miami Avenue
     Miami, Florida 33128
25   Vernita_Allen-Williams@flsd.uscourts.gov
```

```
                1              (Call to the order of the Court at 4:37 p.m.)
04:37PM         2              THE COURTROOM DEPUTY:  Case No. 25-CV-20757-Becerra, Doe
04:37PM         3    vs. Bonnell.
04:37PM         4              Counsel, please state your appearances for the record,
04:37PM         5    starting with the plaintiffs that are present in the courtroom,
04:37PM         6    defendant present in the courtroom, and then the parties on Zoom.
04:37PM         7              MS. SCHLUMP:  Good afternoon, Your Honor.  Joan Peters
04:37PM         8    Schlump on behalf of the plaintiff.
04:37PM         9              MR. GARCIA PEREZ:  Good afternoon, Your Honor.  Carlos
04:37PM        10    Garcia Perez on behalf of the plaintiff.
04:37PM        11              MR. RASKOPF:  Good afternoon, Your Honor.  Robert Raskopf
04:37PM        12    from Bilzin Sumberg for the defendant.
04:37PM        13              MR. BRETTLER:  Good afternoon, Your Honor.  Andrew
04:38PM        14    Brettler.  Thank you for allowing me to appear remotely.  Also for
04:38PM        15    the defendant.
04:38PM        16              MS. PATINO:  Patricia Patino from Bilzin Sumberg on
04:38PM        17    behalf of the defendant.
04:38PM        18              THE COURT:  Are you from the Miami office?
04:38PM        19              MS. PATINO:  I am.  I'm just not in Miami at this moment.
04:38PM        20              THE COURT:  I don't like Zoom hearings.  Everybody can be
04:38PM        21    seated.  I only allow counsel that are out of town.  I just don't
04:38PM        22    want to give anybody a misimpression about when I allow Zoom
04:38PM        23    hearings.  You can be seated, counsel.
04:38PM        24              MR. RASKOPF:  Thank you, Your Honor.
04:38PM        25              THE COURT:  So this case has been pending for a number of
```

```
04:38PM   1   months.
04:38PM   2            You looked at me a little cockeyed, ma'am.  Didn't you
04:38PM   3   file it a couple months ago?
04:38PM   4            MS. SCHLUMP:  February 21st, I believe.
04:38PM   5            THE COURT:  Yes.
04:38PM   6            MS. SCHLUMP:  Yes, correct.
04:38PM   7            THE COURT:  It's April.  So it's been filed.  The parties
04:38PM   8   have already met for the joint status report; that was already
04:38PM   9   filed.  I've got a scheduling order.  The defendants have
04:38PM  10   answered.
04:38PM  11            And now last night I get a TRO based on facts that don't
04:38PM  12   appear to be any different from the complaint; so I want to hear
04:39PM  13   just very briefly as to why I should entertain the TRO as opposed
04:39PM  14   to just setting it down for a preliminary injunction.
04:39PM  15            MS. SCHLUMP:  Well, Your Honor, I do apologize for the
04:39PM  16   delay in getting that motion out.  There are a number of reasons
04:39PM  17   why that happened.  One -- and I hate to go into personal things,
04:39PM  18   but -- Mr. Garcia was dealing with a cancer issue and going back
04:39PM  19   and forth to Texas.
04:39PM  20            I had pneumonia, and I was out straight for more than two
04:39PM  21   weeks; so we were really set back.  There's just two of us working
04:39PM  22   on this case, and so that significantly delayed us.  But there's
04:39PM  23   also other reasons, which is that we were trying to gather
04:39PM  24   affidavits from witnesses to bolster our evidence for the TRO and
04:39PM  25   get, you know, witnesses lined up for it.
```

04:40PM 1        Unfortunately, what we have encountered we have a number
04:40PM 2   of women that have come forward to us but have then backed out
04:40PM 3   because they are afraid of retaliation, and that's what they've
04:40PM 4   told us, and so we were not able to get these affidavits.  We went
04:40PM 5   with what we have now, which basically we went from 15 potential
04:40PM 6   witnesses providing evidence, down to the one witness in addition
04:40PM 7   to the plaintiff.
04:40PM 8        THE COURT:  That doesn't have anything to do with
04:40PM 9   anything.  This is not a class action.  You filed on behalf of one
04:40PM 10  woman.  The TRO requests that he remove the video of the one
04:40PM 11  woman, and then there is a request with respect to whether or not
04:40PM 12  he is doing anything to destroy evidence in this case.  I don't
04:40PM 13  know that that's a TRO.  I think that's more akin -- you can file
04:40PM 14  a motion with respect to that.  None of this sounds in TRO to me.
04:41PM 15       Obviously, the medical issue, I hope you're doing better.
04:41PM 16       MS. SCHLUMP:  Thank you.
04:41PM 17       THE COURT:  I hope it's not, obviously, more than a short
04:41PM 18  delay on a case.
04:41PM 19       But I don't see the emergency nature of the TRO.  This
04:41PM 20  seems to me at best a preliminary injunction.  There is nothing
04:41PM 21  that's happening today that wasn't happening when you filed the
04:41PM 22  suit or even a month before, right?  In fact, if anything, like
04:41PM 23  the dates seem to line up sometime at the end of the year, right?
04:41PM 24       I'm in April.  I don't see why the request for a TRO is
04:41PM 25  not stale.

```
04:41PM   1              MS. SCHLUMP:  I understand your concerns, Your Honor, and
04:41PM   2     that is why we didn't file it as an emergency TRO.
04:41PM   3              I agree that most of the damage has already been done.
04:41PM   4     But the issue is that we keep receiving evidence of destruction of
04:41PM   5     evidence.  We are trying to compile enough evidence to file a
04:42PM   6     motion for spoliation because we are very concerned with the fact
04:42PM   7     that all of this evidence is disappearing, so we are hoping to
04:42PM   8     file that very shortly.  We're waiting for a specific piece of
04:42PM   9     evidence that we wanted to bring before the Court.
04:42PM  10              So, yes, I agree with you this is not an urgent matter
04:42PM  11     for having a TRO immediately, but it is ongoing harm that we would
04:42PM  12     like to stop.
04:42PM  13              THE COURT:  That's why a preliminary injunction I think
04:42PM  14     is more appropriate.  All a TRO is going to get you is ten days
04:42PM  15     before we get to the PI.  I don't see the urgent nature.
04:42PM  16              I will tell you that even from my own scheduling
04:42PM  17     purposes, as you might have heard, some of you were here for the
04:42PM  18     other hearing, I am out of the district Monday or Tuesday.  I am
04:42PM  19     here Wednesday, but I start a criminal trial on Thursday that's
04:43PM  20     likely to go a week.
04:43PM  21              And so my intention was to deny your request for a
04:43PM  22     temporary restraining order, but set a preliminary injunction
04:43PM  23     hearing and refer that though to the magistrate judge who has
04:43PM  24     got -- you know, he doesn't have my trial schedule, so he can hear
04:43PM  25     the preliminary injunction.  He will issue a report and
```

```
04:43PM   1   recommendation on the preliminary injunction, which then I would
04:43PM   2   hear any objection and I will rule on it as soon as possible.
04:43PM   3            But it seems to me that the harm that you're sounding, as
04:43PM   4   best I can tell, I might be wrong, but to the extent that we're
04:43PM   5   really talking about the spoliation issue, that seems to me more a
04:43PM   6   spoliation than a PI; but I don't want to get too ahead of myself.
04:43PM   7   We can handle that as a PI; and it might not even be a PI, it
04:43PM   8   might be just an issue on spoliation.
04:43PM   9            And I will tell you that even as you've pled it so far,
04:43PM  10   we'll see what the defense says, but if I got sued for
04:44PM  11   distributing the materials about a woman and I may have done that
04:44PM  12   with other women, then I might say to myself "Maybe I shouldn't do
04:44PM  13   that any more.  Let me delete that.  Let me take that back.  Let
04:44PM  14   me not do these things I'm being alleged that I'm doing because
04:44PM  15   maybe these are bad things I shouldn't be doing."  That may be one
04:44PM  16   of the things that's going on.  That's not spoliation.  I don't
04:44PM  17   know.
04:44PM  18            Some of the stuff that's in this motion, I'm not finding
04:44PM  19   on its face what the connection is to this case.  I assume you
04:44PM  20   will make that argument to Judge Torres and connect it up how it's
04:44PM  21   connected to this case because some of that I don't know is a
04:44PM  22   spoliation issue even, right; at least how you've pled it so far
04:44PM  23   or how you've argued it so far.
04:44PM  24            So I called you in for the status because I didn't know
04:44PM  25   if there was something else that was happening with respect to the
```

```
04:44PM   1   timing for the TRO.  I am assuming that you've also been talking
04:45PM   2   to counsel because you were together for the joint scheduling
04:45PM   3   report.
04:45PM   4           MS. SCHLUMP:  Correct.
04:45PM   5           MR. BRETTLER:  Sorry, Your Honor.  We were shocked to
04:45PM   6   hear about this.
04:45PM   7           THE COURT:  Sir, I'm talking to counsel for plaintiff.  I
04:45PM   8   will get to you.
04:45PM   9           So you were definitely together for the joint scheduling
04:45PM  10   report.
04:45PM  11           MS. SCHLUMP:  Yes, and no we did not discuss a motion for
04:45PM  12   TRO during the joint scheduling; we just discussed scheduling.
04:45PM  13           I would say, Your Honor, that I understand what you're
04:45PM  14   saying about the spoliation.  But one of the reasons that we were
04:45PM  15   moving for the TRO is because I do think that the defendant is
04:45PM  16   destroying evidence, and so we were looking for an order asking
04:45PM  17   him to respect the preservation of evidence rules.  And we had
04:45PM  18   sent him a letter before the complaint was even filed asking him
04:45PM  19   to preserve evidence.  I mean, he has even deleted messages
04:46PM  20   between him and the plaintiff.  That to me is destruction of
04:46PM  21   evidence that's relevant to this case.
04:46PM  22           THE COURT:  We're getting way ahead of ourselves, right?
04:46PM  23           MS. SCHLUMP:  Well, so that was one of the reliefs that
04:46PM  24   we were seeking in the motion, was just that he be ordered to
04:46PM  25   preserve and not delete any further evidence.
```

```
04:46PM   1        THE COURT: So I don't even think that's subject to the
04:46PM   2   TRO, and I'll tell you why.
04:46PM   3        You have both a preservation letter, plus a complaint,
04:46PM   4   plus a scheduling order. If the defendant after having notice of
04:46PM   5   the suit is destroying evidence -- I mean he's also got lawyers
04:46PM   6   who I am sure are advising him of what he can and can't do -- if I
04:46PM   7   were to find or if Judge Torres finds as part of a discovery issue
04:46PM   8   that he has destroyed evidence, well there's all sorts of remedies
04:47PM   9   that the Court can take to do that.
04:47PM  10        The order that you're seeking requires him to do nothing
04:47PM  11   more than he's already required to do because he can't destroy
04:47PM  12   evidence now, right? You can't destroy evidence after you're on
04:47PM  13   notice of the suit and the preservation letter has been sent; so
04:47PM  14   if he is in fact destroying evidence, he can't do that. If he
04:47PM  15   doesn't think it's destroying evidence for some reason, well that
04:47PM  16   will all play out either in a motion for spoliation or maybe in
04:47PM  17   the preliminary injunction.
04:47PM  18        But to issue a temporary restraining order now on some
04:47PM  19   sort of urgent basis, one, I think that it's stale because even
04:47PM  20   that has been going on for some time. That's not something that
04:47PM  21   you found out right now and I need to stop it right now.
04:47PM  22        MS. SCHLUMP: Right.
04:47PM  23        THE COURT: So I am going to deny your motion for a TRO.
04:47PM  24   I know I just set it for status, but I don't want to have to set
04:47PM  25   the TRO for Wednesday to tell you what I'm telling you now because
```

04:48PM 1   I don't think -- I've read your papers, and I think based on your
04:48PM 2   papers the TRO is stale.
04:48PM 3           But unless I hear an objection from you -- not that your
04:48PM 4   objection would necessarily change my mind, but I'm going to let
04:48PM 5   you put the objection on the record if you have one, but I will
04:48PM 6   deny your TRO and set you to go to Judge Torres to have him set
04:48PM 7   the hearing for the preliminary injunction.
04:48PM 8           MS. SCHLUMP:  We have no objection, Your Honor.
04:48PM 9           THE COURT:  All right.  Now, sir, I can hear from you.
04:48PM 10          MR. BRETTLER:  I'm sorry, Your Honor.  With the Court's
04:48PM 11  ruling right now, I don't think that there is any reason for us to
04:48PM 12  argue any further.
04:48PM 13          I will point out no one is destroying evidence.  I will
04:48PM 14  further point out that we had no meet and confer efforts with
04:48PM 15  plaintiff's counsel about this.  We were stunned to see not only
04:48PM 16  one but two motions it looked like for a TRO filed yesterday.  And
04:48PM 17  I understand that counsel did say that they didn't file it as an
04:48PM 18  emergency TRO, but by its very nature TROs are an emergency --
04:49PM 19  seeking emergency relief.
04:49PM 20          We agree with the Court's assessment and have no
04:49PM 21  objection to having this referred to the magistrate for the PI
04:49PM 22  hearing.
04:49PM 23          THE COURT:  So there were two TROs, but I thought the
04:49PM 24  second one essentially amended the first.  There wasn't a
04:49PM 25  different recovery; is that correct?

```
04:49PM   1              MS. SCHLUMP:  Our administrative assistant did the
04:49PM   2    filings, and I think what happened was she neglected to include
04:49PM   3    Exhibit 3, and so she refiled.  So that was a -- it's the exact
04:49PM   4    same thing.  There's not two motions.
04:49PM   5              THE COURT:  So I'm going to deny 20 because the motion
04:49PM   6    was the same; it was that exhibit that was different.  I will deny
04:49PM   7    20 because 20 was duplicative as, in essence, of 21.
04:49PM   8              MS. SCHLUMP:  Yes.
04:49PM   9              THE COURT:  And then 21 I am going to deny the request
04:49PM   10   for the TRO and refer the preliminary injunction to Judge Torres,
04:49PM   11   and that's ECF 21.
04:49PM   12             And then I will leave it to Judge Torres to decide what
04:49PM   13   briefing schedule, if any, he wants to give the defense.  He might
04:50PM   14   just set it for hearing or he might give you an opportunity to
04:50PM   15   brief it.  I don't know what Judge Torres will do, but I will give
04:50PM   16   it to him to do on the preliminary injunction.
04:50PM   17             Let me just say, you know, I don't think that there is --
04:50PM   18   I have to check the local rule on this because I can't cite it
04:50PM   19   from memory, although I probably should be able to -- I don't
04:50PM   20   think there is an obligation necessarily for them to confer on the
04:50PM   21   TRO.  That being said --
04:50PM   22             And I think that's one of the exceptions to conferral,
04:50PM   23   but I think you're going to agree with me on that, counsel.
04:50PM   24             MS. SCHLUMP:  Yes, I do.  I definitely confirmed that
04:50PM   25   before I filed.
```

04:50PM 1  THE COURT: I don't think there is a requirement. That
04:50PM 2  being said, this does strike me as something that you could talk
04:50PM 3  about and say because even from the evidence that plaintiff has
04:50PM 4  shown, it seems like the defendant, at least with these messages
04:50PM 5  to the plaintiff, is suggesting that he would withdraw the video
04:50PM 6  or try to do things with the video to take it out of the public
04:50PM 7  space. That seems like something you might be able to work out;
04:51PM 8  maybe not. I don't know.
04:51PM 9        And if there is an issue of the destruction of evidence,
04:51PM 10 that's something that on a motion for spoliation you will have to
04:51PM 11 confer. It seems to me that you should be conferring about this,
04:51PM 12 that it makes most sense, and especially if you want a resolution
04:51PM 13 that's quicker, is to talk about it because you will have to set
04:51PM 14 it for PI, there will be a hearing, there will have to be a
04:51PM 15 written report and recommendation, it will have to come to me. I
04:51PM 16 think you should pick up the phone and talk.
04:51PM 17       I mean it is a little odd, ma'am, I will just say. If
04:51PM 18 you're sitting talking about the schedule and everything, clearly
04:51PM 19 you were already working on the TRO, probably the defendant didn't
04:51PM 20 love to get that TRO filed, like, the day after you were
04:51PM 21 conferring for an hour on the schedule. It doesn't mean you
04:51PM 22 couldn't do it; it's just that it's not great.
04:51PM 23       MS. SCHLUMP: I didn't -- I hear what you're saying, Your
04:51PM 24 Honor.
04:51PM 25       THE COURT: It's not a great way to start a case.

```
04:52PM   1          MS. SCHLUMP:  We have had discussions with counsel prior
04:52PM   2   to this, and they were not very productive, so I did not think
04:52PM   3   that discussing this matter with them -- I mean Mr. Brettler just
04:52PM   4   said his client is not destroying evidence.  We know the client is
04:52PM   5   destroying evidence.  We've seen it.  So it's just not --
04:52PM   6          THE COURT:  Hold on.  Hold on.  When I speak, you have to
04:52PM   7   stop.
04:52PM   8          MS. SCHLUMP:  Sorry.  Go ahead.  Yes.  Sorry.
04:52PM   9          THE COURT:  One, not just because I'm the judge; but two,
04:52PM  10   because my court reporter only writes down what one person says,
04:52PM  11   and I promise it's always what I'm saying if there are two people
04:52PM  12   talking.
04:52PM  13          My point to you is you can tell them "Your client is
04:52PM  14   destroying evidence."  Of course they're going to tell you that
04:52PM  15   he's not; I would hope they're going to say that.  Now, if you
04:52PM  16   show them evidence of it, they're probably not going to say "Yeah,
04:52PM  17   he is destroying evidence," but they might talk to their client
04:52PM  18   and come to some agreement with you about what he can and can't
04:52PM  19   do.
04:52PM  20          So, you know, productivity isn't them acquiescing to your
04:53PM  21   allegation, but you might be able to get some resolution of what
04:53PM  22   he can and can't do in this space in terms of what he can do with
04:53PM  23   his emails and what he can do with his chats.  I mean there are so
04:53PM  24   many platforms and things now, I don't even try to keep up with
04:53PM  25   them.  Even though I have a teenager and I think I do keep up with
```

```
04:53PM   1   them, I don't because there is something new that comes out every
04:53PM   2   day.  So whatever platforms he is chatting with people or talking
04:53PM   3   to people on, you know, these things I know are moving targets,
04:53PM   4   but it's always productive to talk.
04:53PM   5           And let me just say one more thing because it's day --
04:53PM   6   not day one because you filed in February, but we're really early
04:53PM   7   on in this litigation that will be before me for God knows how
04:53PM   8   long.  You need to confer.
04:53PM   9           MS. SCHLUMP:  Understood.
04:53PM  10           THE COURT:  And you need to confer a lot.  I think good
04:53PM  11   lawyers working in good faith can work a lot of things out; and
04:53PM  12   when you can't, that's my job and I'm happy to hear disputes.  I
04:54PM  13   obviously love it; otherwise I wouldn't want this job.  But the
04:54PM  14   dispute is better and it's easier for the Court and it's fairer
04:54PM  15   for the parties if what's before the Court has really been
04:54PM  16   crystalized by conferral.
04:54PM  17           So I hear you that these lawyers aren't going to agree
04:54PM  18   with you probably on much when it comes to the substance, but it
04:54PM  19   does help to crystalize the issues if you at least talk to each
04:54PM  20   other.  And it's very difficult when they've been sitting with you
04:54PM  21   for an hour talking about the schedule, you never mentioned the
04:54PM  22   TRO and it gets filed, it doesn't help in terms of the lawyers
04:54PM  23   trusting each other to at least bring issues in good faith.
04:54PM  24           It's a complex case.  I understand, you know, it's a
04:54PM  25   sensitive matter for your client, I understand that.  But if we
```

```
04:54PM   1   want to go forward in a way that's productive going forward, I'm
04:54PM   2   going to encourage you as best you can to talk to the lawyers.
04:55PM   3   Keep talking to the defense lawyers.  And I'm not telling you to
04:55PM   4   agree with them, I'm just telling you that to work in good faith
04:55PM   5   to try to bring things to the Court when they have been
04:55PM   6   crystalized and when they have been vetted by both sides.  I think
04:55PM   7   that only helps the Court and I think it only helps the parties.
04:55PM   8           So as I said, for purposes of my ruling, I find that the
04:55PM   9   request for a TRO is stale.  There is no urgent issue before the
04:55PM  10   Court.  It can be handled at the preliminary injunction.
04:55PM  11           Because of my court schedule and my trial schedule, it
04:55PM  12   will be referred to the magistrate judge.  I would expect that by
04:55PM  13   Monday, you know, his chambers will reach out to you by order or
04:55PM  14   by phone or something or Tuesday maybe to figure out what those
04:55PM  15   dates are and what that schedule is.
04:55PM  16           All right.  Anything else on behalf of the plaintiff?
04:55PM  17           MS. SCHLUMP:  No, Your Honor.
04:55PM  18           THE COURT:  On behalf of the defendant?
04:55PM  19           MR. BRETTLER:  The only thing, Your Honor, is I will
04:55PM  20   absolutely appear in person at future hearings.  The only reason I
04:55PM  21   couldn't is because we only had 18 hours' notice of this one;
04:55PM  22   otherwise, I would have been on an airplane, and appreciate the
04:56PM  23   Court's accommodation.
04:56PM  24           THE COURT:  Look, I missed it because I saw Bilzin and I
04:56PM  25   missed that there was an L.A. lawyer on it.  And I just wanted to
```

```
04:56PM  1   have it today because I'm out of the district Monday and Tuesday.
04:56PM  2   I didn't want to on a TRO wait till Wednesday, and so we just
04:56PM  3   jumped on it to set a hearing.  I know it's Friday afternoon.
04:56PM  4   It's almost 5:00 o'clock.  Sorry, Miami traffic.  Friday afternoon
04:56PM  5   is rough.  I wasn't trying to punish anybody, I've just had
04:56PM  6   hearings all day, and so this is the space I had for you all.
04:56PM  7              All right.  Thank you very much.
04:56PM  8              MR. BRETTLER:  Thank you, Your Honor.
04:56PM  9              THE COURT:  We're in recess.
04:56PM 10              MS. SCHLUMP:  Thank you, Your Honor.
04:56PM 11              MR. GARCIA PEREZ:  Thank you, Your Honor.
04:56PM 12              (Proceedings adjourned at 4:56 p.m.)
        13                         C E R T I F I C A T E
        14              I hereby certify that the foregoing is an accurate
        15   transcription of the proceedings in the above-entitled matter.
        16
        17    DATE:  4/8/25            /s/Vernita Allen-Williams
                                       VERNITA ALLEN-WILLIAMS, RMR, FCRR
        18                             Official Court Reporter
                                       United States District Court
        19                             Southern District of Florida
                                       400 North Miami Avenue
        20                             Miami, Florida 33128
                                       (305) 523-5938
        21
        22
        23
        24
        25
```