UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:25-cv-20757-JB

JANE DOE,

    Plaintiff,

v.

STEVEN K. BONNELL II,

    Defendant.

_____/

**DECLARATION OF ANDREW B. BRETTLER**

I, Andrew B. Brettler, declare, pursuant to 28 U.S.C. § 1746, as follows:

1. I am an attorney admitted to practice *pro hac vice* in the above-captioned action. I am a partner at the law firm Berk Brettler LLP in West Hollywood, California. Along with our local counsel at Bilzin Sumberg Baena Price & Axelrod LLP, we represent defendant Steven K. Bonnell II. I have personal knowledge of the matters contained herein and if called upon to testify could offer competent testimony thereto.

2. On April 3, 2025, plaintiff Jane Doe filed a Motion for Temporary Restraining Order and Preliminary Injunction (the "Motion"). [ECF No. 21.]

3. On April 4, 2025, the Honorable Jacqueline Becerra conducted a status conference to address the timing of plaintiff's Motion. [ECF No. 31 (Paperless Min. Entry).] Attached hereto as **Exhibit A** is a true and correct copy of the Transcript [ECF No. 38] from the status conference before Judge Becerra.

4. At that conference on April 4, 2025, Judge Becerra ruled that because this case had been pending since February 18, 2025 [ ECF No. 1], there did not appear to be any exigent

circumstances, nor a need for "emergency" relief. Accordingly, the Court denied plaintiff's request for a TRO and referred the remainder of plaintiff's Motion to the Magistrate Judge to issue a report and recommendation. [*See* ECF No. 32 (Paperless Order); *see also* Ex. A at 9:23-10:7 (THE COURT: "I am going to deny your motion for a TRO . . . . I've read your papers, and I think based on your papers the TRO is stale.").]

5. At the same hearing, the Court commented on the portion of plaintiff's Motion seeking an injunction pertaining to defendant's alleged destruction of evidence. The Court noted that a motion for a preliminary injunction does not appear to be the appropriate vehicle for the relief sought. *See* Ex. A at 7:3-8 (THE COURT: "[W]e're really talking about the spoliation issue, that seems to me more a spoliation [motion] than a PI . . . ."); *id.* at 9:10-14 (THE COURT: "The order that you're seeking requires [defendant] to do nothing more than he's already required to do . . . .").

6. Also at the hearing, I advised the Court that defendant has not destroyed evidence. *Id.* at 10:13. Indeed, to date, plaintiff has not served any discovery demands upon defendant. Accordingly, plaintiff has no basis to claim that any evidence was destroyed, as she has no idea what documents defendant maintains in his custody, possession, or control.

7. Further, during a telephonic meet and confer conference with plaintiff's counsel on April 9, 2025, I informed counsel of the steps defendant has taken to preserve evidence in connection with this case.

I declare, under penalty of perjury, that the foregoing is true and correct. Executed on April 25, 2025.

                                                   s/ *Andrew B. Brettler*
                                                      Andrew B. Brettler