```
 1                    UNITED STATES DISTRICT COURT
                      SOUTHERN DISTRICT OF FLORIDA
 2                     CASE NO. 25-CV-20757-JB

 3
        JANE DOE,                        Miami, Florida
 4
                     Plaintiff,          April 4, 2025
 5
           vs.                           4:37 p.m. - 4:56 p.m.
 6
        STEVEN K. BONNELL, II,           Volume 1 of 1
 7
                     Defendant.          Pages 1 to 16
 8      _____

 9
                           STATUS CONFERENCE
10            BEFORE THE HONORABLE JACQUELINE BECERRA
                    UNITED STATES DISTRICT JUDGE
11
        APPEARANCES:
12

13
        FOR THE PLAINTIFF:         CARLOS ALBERTO GARCIA PEREZ ESQ
14                                 SMGQ Law
                                   201 Alhambra Circle
15                                 Suite 1400
                                   Coral Gables, Florida 33134
16
                                   JOAN PETERS SCHLUMP ESQ
17                                 JSP Law, LLC
                                   4819 West Boulevard Court
18                                 Naples, Florida 34103

19      FOR THE DEFENDANT:         ANDREW B. BRETTLER ESQ-Zoom
                                   Berk Brettler LLP
20                                 9119 Sunset Boulevard
                                   West Hollywood, California
21                                 90069

22

23

24

25
```

```
 1                                      PATRICIA MARIE PATINO ESQ-Zoom
                                        ROBERT L. RASKOPF ESQ
 2                                      Bilzin Sumberg Baena Price
                                        and Axelrod LLP
 3                                      1450 Brickell Avenue
                                        Suite 2300
 4                                      Miami, Florida 33131

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19
        STENOGRAPHICALLY REPORTED BY:
20

21
        VERNITA ALLEN-WILLIAMS, RPR, RMR, FCRR
22      Official Court Reporter to:
        The Honorable Jacqueline Becerra
23      United States District Court
        Southern District of Florida
24      400 North Miami Avenue
        Miami, Florida 33128
25      Vernita_Allen-Williams@flsd.uscourts.gov
```

```
 1              (Call to the order of the Court at 4:37 p.m.)
 2         THE COURTROOM DEPUTY:  Case No. 25-CV-20757-Becerra, Doe
 3    vs. Bonnell.
 4         Counsel, please state your appearances for the record,
 5    starting with the plaintiffs that are present in the courtroom,
 6    defendant present in the courtroom, and then the parties on Zoom.
 7         MS. SCHLUMP:  Good afternoon, Your Honor.  Joan Peters
 8    Schlump on behalf of the plaintiff.
 9         MR. GARCIA PEREZ:  Good afternoon, Your Honor.  Carlos
10    Garcia Perez on behalf of the plaintiff.
11         MR. RASKOPF:  Good afternoon, Your Honor.  Robert Raskopf
12    from Bilzin Sumberg for the defendant.
13         MR. BRETTLER:  Good afternoon, Your Honor.  Andrew
14    Brettler.  Thank you for allowing me to appear remotely.  Also for
15    the defendant.
16         MS. PATINO:  Patricia Patino from Bilzin Sumberg on
17    behalf of the defendant.
18         THE COURT:  Are you from the Miami office?
19         MS. PATINO:  I am.  I'm just not in Miami at this moment.
20         THE COURT:  I don't like Zoom hearings.  Everybody can be
21    seated.  I only allow counsel that are out of town.  I just don't
22    want to give anybody a misimpression about when I allow Zoom
23    hearings.  You can be seated, counsel.
24         MR. RASKOPF:  Thank you, Your Honor.
25         THE COURT:  So this case has been pending for a number of
```

1    months.

2          You looked at me a little cockeyed, ma'am.  Didn't you

3    file it a couple months ago?

4          MS. SCHLUMP:  February 21st, I believe.

5          THE COURT:  Yes.

6          MS. SCHLUMP:  Yes, correct.

7          THE COURT:  It's April.  So it's been filed.  The parties

8    have already met for the joint status report; that was already

9    filed.  I've got a scheduling order.  The defendants have

10   answered.

11         And now last night I get a TRO based on facts that don't

12   appear to be any different from the complaint; so I want to hear

13   just very briefly as to why I should entertain the TRO as opposed

14   to just setting it down for a preliminary injunction.

15         MS. SCHLUMP:  Well, Your Honor, I do apologize for the

16   delay in getting that motion out.  There are a number of reasons

17   why that happened.  One -- and I hate to go into personal things,

18   but -- Mr. Garcia was dealing with a cancer issue and going back

19   and forth to Texas.

20         I had pneumonia, and I was out straight for more than two

21   weeks; so we were really set back.  There's just two of us working

22   on this case, and so that significantly delayed us.  But there's

23   also other reasons, which is that we were trying to gather

24   affidavits from witnesses to bolster our evidence for the TRO and

25   get, you know, witnesses lined up for it.

04:40PM 1   Unfortunately, what we have encountered we have a number

04:40PM 2   of women that have come forward to us but have then backed out

04:40PM 3   because they are afraid of retaliation, and that's what they've

04:40PM 4   told us, and so we were not able to get these affidavits.  We went

04:40PM 5   with what we have now, which basically we went from 15 potential

04:40PM 6   witnesses providing evidence, down to the one witness in addition

04:40PM 7   to the plaintiff.

04:40PM 8   THE COURT:  That doesn't have anything to do with

04:40PM 9   anything.  This is not a class action.  You filed on behalf of one

04:40PM 10  woman.  The TRO requests that he remove the video of the one

04:40PM 11  woman, and then there is a request with respect to whether or not

04:40PM 12  he is doing anything to destroy evidence in this case.  I don't

04:40PM 13  know that that's a TRO.  I think that's more akin -- you can file

04:40PM 14  a motion with respect to that.  None of this sounds in TRO to me.

04:41PM 15  Obviously, the medical issue, I hope you're doing better.

04:41PM 16  MS. SCHLUMP:  Thank you.

04:41PM 17  THE COURT:  I hope it's not, obviously, more than a short

04:41PM 18  delay on a case.

04:41PM 19  But I don't see the emergency nature of the TRO.  This

04:41PM 20  seems to me at best a preliminary injunction.  There is nothing

04:41PM 21  that's happening today that wasn't happening when you filed the

04:41PM 22  suit or even a month before, right?  In fact, if anything, like

04:41PM 23  the dates seem to line up sometime at the end of the year, right?

04:41PM 24  I'm in April.  I don't see why the request for a TRO is

04:41PM 25  not stale.

04:41PM 1      MS. SCHLUMP:  I understand your concerns, Your Honor, and

04:41PM 2  that is why we didn't file it as an emergency TRO.

04:41PM 3      I agree that most of the damage has already been done.

04:41PM 4  But the issue is that we keep receiving evidence of destruction of

04:41PM 5  evidence.  We are trying to compile enough evidence to file a

04:42PM 6  motion for spoliation because we are very concerned with the fact

04:42PM 7  that all of this evidence is disappearing, so we are hoping to

04:42PM 8  file that very shortly.  We're waiting for a specific piece of

04:42PM 9  evidence that we wanted to bring before the Court.

04:42PM 10     So, yes, I agree with you this is not an urgent matter

04:42PM 11 for having a TRO immediately, but it is ongoing harm that we would

04:42PM 12 like to stop.

04:42PM 13     THE COURT:  That's why a preliminary injunction I think

04:42PM 14 is more appropriate.  All a TRO is going to get you is ten days

04:42PM 15 before we get to the PI.  I don't see the urgent nature.

04:42PM 16     I will tell you that even from my own scheduling

04:42PM 17 purposes, as you might have heard, some of you were here for the

04:42PM 18 other hearing, I am out of the district Monday or Tuesday.  I am

04:42PM 19 here Wednesday, but I start a criminal trial on Thursday that's

04:43PM 20 likely to go a week.

04:43PM 21     And so my intention was to deny your request for a

04:43PM 22 temporary restraining order, but set a preliminary injunction

04:43PM 23 hearing and refer that though to the magistrate judge who has

04:43PM 24 got -- you know, he doesn't have my trial schedule, so he can hear

04:43PM 25 the preliminary injunction.  He will issue a report and

04:43PM  1  recommendation on the preliminary injunction, which then I would

04:43PM  2  hear any objection and I will rule on it as soon as possible.

04:43PM  3       But it seems to me that the harm that you're sounding, as

04:43PM  4  best I can tell, I might be wrong, but to the extent that we're

04:43PM  5  really talking about the spoliation issue, that seems to me more a

04:43PM  6  spoliation than a PI; but I don't want to get too ahead of myself.

04:43PM  7  We can handle that as a PI; and it might not even be a PI, it

04:43PM  8  might be just an issue on spoliation.

04:43PM  9       And I will tell you that even as you've pled it so far,

04:43PM  10 we'll see what the defense says, but if I got sued for

04:44PM  11 distributing the materials about a woman and I may have done that

04:44PM  12 with other women, then I might say to myself "Maybe I shouldn't do

04:44PM  13 that any more.  Let me delete that.  Let me take that back.  Let

04:44PM  14 me not do these things I'm being alleged that I'm doing because

04:44PM  15 maybe these are bad things I shouldn't be doing."  That may be one

04:44PM  16 of the things that's going on.  That's not spoliation.  I don't

04:44PM  17 know.

04:44PM  18       Some of the stuff that's in this motion, I'm not finding

04:44PM  19 on its face what the connection is to this case.  I assume you

04:44PM  20 will make that argument to Judge Torres and connect it up how it's

04:44PM  21 connected to this case because some of that I don't know is a

04:44PM  22 spoliation issue even, right; at least how you've pled it so far

04:44PM  23 or how you've argued it so far.

04:44PM  24       So I called you in for the status because I didn't know

04:44PM  25 if there was something else that was happening with respect to the

04:44PM 1 timing for the TRO.  I am assuming that you've also been talking

04:45PM 2 to counsel because you were together for the joint scheduling

04:45PM 3 report.

04:45PM 4 　　　　　MS. SCHLUMP:  Correct.

04:45PM 5 　　　　　MR. BRETTLER:  Sorry, Your Honor.  We were shocked to

04:45PM 6 hear about this.

04:45PM 7 　　　　　THE COURT:  Sir, I'm talking to counsel for plaintiff.  I

04:45PM 8 will get to you.

04:45PM 9 　　　　　So you were definitely together for the joint scheduling

04:45PM 10 report.

04:45PM 11 　　　　　MS. SCHLUMP:  Yes, and no we did not discuss a motion for

04:45PM 12 TRO during the joint scheduling; we just discussed scheduling.

04:45PM 13 　　　　　I would say, Your Honor, that I understand what you're

04:45PM 14 saying about the spoliation.  But one of the reasons that we were

04:45PM 15 moving for the TRO is because I do think that the defendant is

04:45PM 16 destroying evidence, and so we were looking for an order asking

04:45PM 17 him to respect the preservation of evidence rules.  And we had

04:45PM 18 sent him a letter before the complaint was even filed asking him

04:45PM 19 to preserve evidence.  I mean, he has even deleted messages

04:46PM 20 between him and the plaintiff.  That to me is destruction of

04:46PM 21 evidence that's relevant to this case.

04:46PM 22 　　　　　THE COURT:  We're getting way ahead of ourselves, right?

04:46PM 23 　　　　　MS. SCHLUMP:  Well, so that was one of the reliefs that

04:46PM 24 we were seeking in the motion, was just that he be ordered to

04:46PM 25 preserve and not delete any further evidence.

04:46PM  1      THE COURT:  So I don't even think that's subject to the

04:46PM  2  TRO, and I'll tell you why.

04:46PM  3      You have both a preservation letter, plus a complaint,

04:46PM  4  plus a scheduling order.  If the defendant after having notice of

04:46PM  5  the suit is destroying evidence -- I mean he's also got lawyers

04:46PM  6  who I am sure are advising him of what he can and can't do -- if I

04:46PM  7  were to find or if Judge Torres finds as part of a discovery issue

04:46PM  8  that he has destroyed evidence, well there's all sorts of remedies

04:47PM  9  that the Court can take to do that.

04:47PM  10      The order that you're seeking requires him to do nothing

04:47PM  11  more than he's already required to do because he can't destroy

04:47PM  12  evidence now, right?  You can't destroy evidence after you're on

04:47PM  13  notice of the suit and the preservation letter has been sent; so

04:47PM  14  if he is in fact destroying evidence, he can't do that.  If he

04:47PM  15  doesn't think it's destroying evidence for some reason, well that

04:47PM  16  will all play out either in a motion for spoliation or maybe in

04:47PM  17  the preliminary injunction.

04:47PM  18      But to issue a temporary restraining order now on some

04:47PM  19  sort of urgent basis, one, I think that it's stale because even

04:47PM  20  that has been going on for some time.  That's not something that

04:47PM  21  you found out right now and I need to stop it right now.

04:47PM  22      MS. SCHLUMP:  Right.

04:47PM  23      THE COURT:  So I am going to deny your motion for a TRO.

04:47PM  24  I know I just set it for status, but I don't want to have to set

04:47PM  25  the TRO for Wednesday to tell you what I'm telling you now because

04:48PM  1  I don't think -- I've read your papers, and I think based on your

04:48PM  2  papers the TRO is stale.

04:48PM  3       But unless I hear an objection from you -- not that your

04:48PM  4  objection would necessarily change my mind, but I'm going to let

04:48PM  5  you put the objection on the record if you have one, but I will

04:48PM  6  deny your TRO and set you to go to Judge Torres to have him set

04:48PM  7  the hearing for the preliminary injunction.

04:48PM  8       MS. SCHLUMP:  We have no objection, Your Honor.

04:48PM  9       THE COURT:  All right.  Now, sir, I can hear from you.

04:48PM  10      MR. BRETTLER:  I'm sorry, Your Honor.  With the Court's

04:48PM  11 ruling right now, I don't think that there is any reason for us to

04:48PM  12 argue any further.

04:48PM  13      I will point out no one is destroying evidence.  I will

04:48PM  14 further point out that we had no meet and confer efforts with

04:48PM  15 plaintiff's counsel about this.  We were stunned to see not only

04:48PM  16 one but two motions it looked like for a TRO filed yesterday.  And

04:48PM  17 I understand that counsel did say that they didn't file it as an

04:48PM  18 emergency TRO, but by its very nature TROs are an emergency --

04:49PM  19 seeking emergency relief.

04:49PM  20      We agree with the Court's assessment and have no

04:49PM  21 objection to having this referred to the magistrate for the PI

04:49PM  22 hearing.

04:49PM  23      THE COURT:  So there were two TROs, but I thought the

04:49PM  24 second one essentially amended the first.  There wasn't a

04:49PM  25 different recovery; is that correct?

04:49PM   1          MS. SCHLUMP:  Our administrative assistant did the

04:49PM   2   filings, and I think what happened was she neglected to include

04:49PM   3   Exhibit 3, and so she refiled.  So that was a -- it's the exact

04:49PM   4   same thing.  There's not two motions.

04:49PM   5          THE COURT:  So I'm going to deny 20 because the motion

04:49PM   6   was the same; it was that exhibit that was different.  I will deny

04:49PM   7   20 because 20 was duplicative as, in essence, of 21.

04:49PM   8          MS. SCHLUMP:  Yes.

04:49PM   9          THE COURT:  And then 21 I am going to deny the request

04:49PM  10   for the TRO and refer the preliminary injunction to Judge Torres,

04:49PM  11   and that's ECF 21.

04:49PM  12          And then I will leave it to Judge Torres to decide what

04:49PM  13   briefing schedule, if any, he wants to give the defense.  He might

04:50PM  14   just set it for hearing or he might give you an opportunity to

04:50PM  15   brief it.  I don't know what Judge Torres will do, but I will give

04:50PM  16   it to him to do on the preliminary injunction.

04:50PM  17          Let me just say, you know, I don't think that there is --

04:50PM  18   I have to check the local rule on this because I can't cite it

04:50PM  19   from memory, although I probably should be able to -- I don't

04:50PM  20   think there is an obligation necessarily for them to confer on the

04:50PM  21   TRO.  That being said --

04:50PM  22          And I think that's one of the exceptions to conferral,

04:50PM  23   but I think you're going to agree with me on that, counsel.

04:50PM  24          MS. SCHLUMP:  Yes, I do.  I definitely confirmed that

04:50PM  25   before I filed.

04:50PM 1     THE COURT:  I don't think there is a requirement.  That

04:50PM 2  being said, this does strike me as something that you could talk

04:50PM 3  about and say because even from the evidence that plaintiff has

04:50PM 4  shown, it seems like the defendant, at least with these messages

04:50PM 5  to the plaintiff, is suggesting that he would withdraw the video

04:50PM 6  or try to do things with the video to take it out of the public

04:50PM 7  space.  That seems like something you might be able to work out;

04:51PM 8  maybe not.  I don't know.

04:51PM 9     And if there is an issue of the destruction of evidence,

04:51PM 10  that's something that on a motion for spoliation you will have to

04:51PM 11  confer.  It seems to me that you should be conferring about this,

04:51PM 12  that it makes most sense, and especially if you want a resolution

04:51PM 13  that's quicker, is to talk about it because you will have to set

04:51PM 14  it for PI, there will be a hearing, there will have to be a

04:51PM 15  written report and recommendation, it will have to come to me.  I

04:51PM 16  think you should pick up the phone and talk.

04:51PM 17     I mean it is a little odd, ma'am, I will just say.  If

04:51PM 18  you're sitting talking about the schedule and everything, clearly

04:51PM 19  you were already working on the TRO, probably the defendant didn't

04:51PM 20  love to get that TRO filed, like, the day after you were

04:51PM 21  conferring for an hour on the schedule.  It doesn't mean you

04:51PM 22  couldn't do it; it's just that it's not great.

04:51PM 23     MS. SCHLUMP:  I didn't -- I hear what you're saying, Your

04:51PM 24  Honor.

04:51PM 25     THE COURT:  It's not a great way to start a case.

04:52PM  1    MS. SCHLUMP:  We have had discussions with counsel prior

04:52PM  2    to this, and they were not very productive, so I did not think

04:52PM  3    that discussing this matter with them -- I mean Mr. Brettler just

04:52PM  4    said his client is not destroying evidence.  We know the client is

04:52PM  5    destroying evidence.  We've seen it.  So it's just not --

04:52PM  6    THE COURT:  Hold on.  Hold on.  When I speak, you have to

04:52PM  7    stop.

04:52PM  8    MS. SCHLUMP:  Sorry.  Go ahead.  Yes.  Sorry.

04:52PM  9    THE COURT:  One, not just because I'm the judge; but two,

04:52PM  10   because my court reporter only writes down what one person says,

04:52PM  11   and I promise it's always what I'm saying if there are two people

04:52PM  12   talking.

04:52PM  13   My point to you is you can tell them "Your client is

04:52PM  14   destroying evidence."  Of course they're going to tell you that

04:52PM  15   he's not; I would hope they're going to say that.  Now, if you

04:52PM  16   show them evidence of it, they're probably not going to say "Yeah,

04:52PM  17   he is destroying evidence," but they might talk to their client

04:52PM  18   and come to some agreement with you about what he can and can't

04:52PM  19   do.

04:52PM  20   So, you know, productivity isn't them acquiescing to your

04:53PM  21   allegation, but you might be able to get some resolution of what

04:53PM  22   he can and can't do in this space in terms of what he can do with

04:53PM  23   his emails and what he can do with his chats.  I mean there are so

04:53PM  24   many platforms and things now, I don't even try to keep up with

04:53PM  25   them.  Even though I have a teenager and I think I do keep up with

04:53PM 1    them, I don't because there is something new that comes out every

04:53PM 2    day.  So whatever platforms he is chatting with people or talking

04:53PM 3    to people on, you know, these things I know are moving targets,

04:53PM 4    but it's always productive to talk.

04:53PM 5            And let me just say one more thing because it's day --

04:53PM 6    not day one because you filed in February, but we're really early

04:53PM 7    on in this litigation that will be before me for God knows how

04:53PM 8    long.  You need to confer.

04:53PM 9            MS. SCHLUMP:  Understood.

04:53PM 10           THE COURT:  And you need to confer a lot.  I think good

04:53PM 11   lawyers working in good faith can work a lot of things out; and

04:53PM 12   when you can't, that's my job and I'm happy to hear disputes.  I

04:54PM 13   obviously love it; otherwise I wouldn't want this job.  But the

04:54PM 14   dispute is better and it's easier for the Court and it's fairer

04:54PM 15   for the parties if what's before the Court has really been

04:54PM 16   crystalized by conferral.

04:54PM 17           So I hear you that these lawyers aren't going to agree

04:54PM 18   with you probably on much when it comes to the substance, but it

04:54PM 19   does help to crystalize the issues if you at least talk to each

04:54PM 20   other.  And it's very difficult when they've been sitting with you

04:54PM 21   for an hour talking about the schedule, you never mentioned the

04:54PM 22   TRO and it gets filed, it doesn't help in terms of the lawyers

04:54PM 23   trusting each other to at least bring issues in good faith.

04:54PM 24           It's a complex case.  I understand, you know, it's a

04:54PM 25   sensitive matter for your client, I understand that.  But if we

04:54PM  1   want to go forward in a way that's productive going forward, I'm

04:54PM  2   going to encourage you as best you can to talk to the lawyers.

04:55PM  3   Keep talking to the defense lawyers.  And I'm not telling you to

04:55PM  4   agree with them, I'm just telling you that to work in good faith

04:55PM  5   to try to bring things to the Court when they have been

04:55PM  6   crystalized and when they have been vetted by both sides.  I think

04:55PM  7   that only helps the Court and I think it only helps the parties.

04:55PM  8            So as I said, for purposes of my ruling, I find that the

04:55PM  9   request for a TRO is stale.  There is no urgent issue before the

04:55PM  10  Court.  It can be handled at the preliminary injunction.

04:55PM  11           Because of my court schedule and my trial schedule, it

04:55PM  12  will be referred to the magistrate judge.  I would expect that by

04:55PM  13  Monday, you know, his chambers will reach out to you by order or

04:55PM  14  by phone or something or Tuesday maybe to figure out what those

04:55PM  15  dates are and what that schedule is.

04:55PM  16           All right.  Anything else on behalf of the plaintiff?

04:55PM  17           MS. SCHLUMP:  No, Your Honor.

04:55PM  18           THE COURT:  On behalf of the defendant?

04:55PM  19           MR. BRETTLER:  The only thing, Your Honor, is I will

04:55PM  20  absolutely appear in person at future hearings.  The only reason I

04:55PM  21  couldn't is because we only had 18 hours' notice of this one;

04:55PM  22  otherwise, I would have been on an airplane, and appreciate the

04:56PM  23  Court's accommodation.

04:56PM  24           THE COURT:  Look, I missed it because I saw Bilzin and I

04:56PM  25  missed that there was an L.A. lawyer on it.  And I just wanted to

04:56PM  1   have it today because I'm out of the district Monday and Tuesday.

04:56PM  2   I didn't want to on a TRO wait till Wednesday, and so we just

04:56PM  3   jumped on it to set a hearing.  I know it's Friday afternoon.

04:56PM  4   It's almost 5:00 o'clock.  Sorry, Miami traffic.  Friday afternoon

04:56PM  5   is rough.  I wasn't trying to punish anybody, I've just had

04:56PM  6   hearings all day, and so this is the space I had for you all.

04:56PM  7           All right.  Thank you very much.

04:56PM  8           MR. BRETTLER:  Thank you, Your Honor.

04:56PM  9           THE COURT:  We're in recess.

04:56PM 10           MS. SCHLUMP:  Thank you, Your Honor.

04:56PM 11           MR. GARCIA PEREZ:  Thank you, Your Honor.

04:56PM 12           (Proceedings adjourned at 4:56 p.m.)

        13                   C E R T I F I C A T E

        14       I hereby certify that the foregoing is an accurate

        15   transcription of the proceedings in the above-entitled matter.

        16

        17   DATE:  4/8/25          /s/Vernita Allen-Williams
                                    VERNITA ALLEN-WILLIAMS, RMR, FCRR
        18                          Official Court Reporter
                                    United States District Court
        19                          Southern District of Florida
                                    400 North Miami Avenue
        20                          Miami, Florida 33128
                                    (305) 523-5938

        21

        22

        23

        24

        25