## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### Case No.: 1:25-cv-20757-JB

JANE DOE,

    Plaintiff,

v.

STEVEN K. BONNELL II,

    Defendant.

_____/

### DEFENDANT'S EVIDENTIARY OBJECTIONS TO: (I) DECLARATION OF JANE DOE; AND (II) DECLARATION OF HANNAH DANIELS BROOKS

Defendant Steven K. Bonnell II ("Bonnell") hereby objects to and requests that the Court

strike the following portions of the declarations Plaintiff submitted in support of her Motion for

Preliminary Injunction. [ECF Nos. 21-1 & 21-2.]

**I.**    **<u>OBJECTIONS TO DECLARATION OF JANE DOE [ECF No. 21-1]</u>**

| | **<u>Material Objected To:</u>** | **<u>Grounds for Objection:</u>** | **<u>Ruling on the Objection:</u>** |
|---|---|---|---|
| 1. | ¶ 4 ("I expressed to him . . . '[P]ublicly I'm okay with people knowing we're hanging out but if anyone asks questions . . . I [sic] rather deny . . . .") | Inadmissible hearsay. Fed. R. Evid. 802 | |
| 2. | ¶ 6 ("I reiterated my privacy concerns again in March of 2023 . . . .He denied telling anyone other than his wife . . . .") | Inadmissible hearsay. Fed. R. Evid. 802. | |
| 3. | ¶ 7 ("The caption on the Video . . . identify [sic] both 'Destiny' and 'Pxie.'") | Declarant lacks personal knowledge. Fed. R. Evid. 602. | |

| 4. | ¶ 7 ("one of the sexually explicit videos . . . was uploaded on to [sic] the website Kiwifarms.  The Video was also shared on multiple other pornography websites . . . .") | Inadmissible hearsay.  Fed. R. Evid. 802. | |
|---|---|---|---|
| 5. | ¶ 8 ("expressing my horror that he had shared the Video") | Inadmissible hearsay.  Fed. R. Evid. 802. Declarant lacks personal knowledge. *Id.* R. 602 | |
| 6. | ¶ 8 ("Bonnell admitted that he had shared the Video without my knowledge or consent, with a random fan by the screen name Rose. Bonnell informed me that Rose was one of his fans with whom he had been messaging but had never met. He did not know her real name or her real age.") | Inadmissible hearsay.  Fed. R. Evid. 802. Lacks foundation and declarant lacks personal knowledge. *Id.* R. 602. | |
| 7. | ¶ 9 ("'Ughhhh . . . I'm super sorry, there's literally no excuse.' I then asked him to delete any and all Videos that he had of me.") | Inadmissible hearsay.  Fed. R. Evid. 802; Hearsay within hearsay. *Id.* R. 805. | |
| 8. | ¶ 10 ("In or about January 2025, one of my followers informed me that Bonnell had sent the Video to my follower's sister about two months earlier.") | Inadmissible hearsay.  Fed. R. Evid. 802; Lacks foundation. *Id.* R. 602. | |
| 9. | ¶ 11 ("Shortly after that, Bonnell went on the attack. He told his tens of thousands of followers that I was only interested in money, and that I was extorting him.") | Inadmissible hearsay.  Fed. R. Evid. 802; Lacks foundation. *Id.* R. 602.<br>Lacks relevance.  *Id.* R. 402. | |
| 10. | ¶ 12 ("Commencing at minute 53 of the recording, Bonnell tells his followers intimate sexual details about me . . . .  He even posted screen shots . . . . I believed these messages would be kept private . . . . Instead Bonnell shared them with tens of thousands of people.") | Inadmissible hearsay.  Fed. R. Evid. 802. Lacks foundation and declarant lacks personal knowledge. *Id.* R. 602. Improper authentication of documents. *Id.* R. 901. | |

| 11. | ¶ 13 ("On February 21, 2025, Bonnell tells his entire Discord community that I was dating my supervisor at my prior job and that the supervisor was 'like 25 years older.' This was a deliberate untruth meant only to harass me.") | Lacks relevance. Fed. R. Evid. 402. Inadmissible hearsay. *Id.* R. 802; Hearsay within hearsay. *Id.* R. 805. Lacks personal knowledge and foundation. *Id.* R. 602. Improper lay opinion. *Id.* R. 701. | |
| --- | --- | --- | --- |
| 12. | ¶ 13 ("I had told Bonnell that I dated this man briefly . . . . There was no reason for Bonnell to believe that the man was ever my supervisor . . . . I believe that Bonnell said this untruth deliberately to retaliate against me for initiating this lawsuit.") | Lacks relevance. Fed. R. Evid. 402. Inadmissible hearsay. *Id.* R. 802; Lacks personal knowledge and foundation. *Id.* R. 602. Improper lay opinion. *Id.* R. 701. | |
| 13. | ¶ 14 ("The thought that tens of thousands of people . . . have seen the Video . . . . Despite efforts to have the Video removed from the different sites, they are still there and available to the public . . . .") | Lacks foundation. Fed. R. Evid. 602. | |
| 14. | ¶ 16 ("In or around the end of January, 2025, approximately fifteen women reached out to me and told me that they received sexually explicit images from Bonnell of other women without the other women's consent. Numerous women . . . have recently come forward and publicly alleged that Bonnell has released sexually explicit videos of them without their consent. These images were then posted on different pornography websites without their consent. A woman with the screen name Chaeiry, posted on X that she recently found out that Bonnell had secretly made an unauthorized audio recording of their sexual interaction, and then had distributed it to multiple people without her knowledge or consent.") | Inadmissible hearsay. Fed. R. Evid. 802. Lacks foundation and declarant lacks personal knowledge. *Id.* R. 602. With respect to any alleged content apart from the Video, the statements are irrelevant. *Id.* R. 402. | |

| | | | |
|---|---|---|---|
| 15. | ¶ 17 ("As early as January 21, 2025, aware of the impending lawsuit and potential criminal investigation, Bonnell starts destroying evidence, including deleting messages between me and him.") | Lacks foundation and declarant lacks personal knowledge. Fed. R. Evid. 602. Improper authentication of documents. *Id.* R. 901. With respect to any alleged content apart from the Video, the statements are irrelevant. *Id.* R. 402. | |
| 16. | ¶ 18 ("Almost all of the women who informed me that they had received sexually explicit images from Bonnell of other women without the other women's consent . . . also tell me that Bonnell deleted their chat threads after January 2023.") | Inadmissible hearsay. Fed. R. Evid. 802. Lacks foundation and declarant lacks personal knowledge. *Id.* R. 602. With respect to any alleged content apart from the Video, the statements are irrelevant. *Id.* R. 402. | |
| 17. | ¶ 19 ("A streamer by the name of Ahsoka Bun-o messaged me recently and informed me that Bonnell had deleted all messages between them regarding his non-consensual sharing of videos: 'I had messaged destiny in the past and was sent videos of him with women. I didn't recognize any of the people in the videos bar one that seems to have included Melina [Destiny's ex-wife], but I assumed it was consensual. I don't know if it helps at all but some proof I did converse with him and that now there's no messages.' *See* https://imgur.com/CtBX1Oi.") | Inadmissible hearsay. Fed. R. Evid. 802. Hearsay within hearsay. *Id.* R. 805. Lacks foundation and declarant lacks personal knowledge. *Id.* R. 602. With respect to any alleged content apart from the Video, the statements are irrelevant. *Id.* R. 402. Improper authentication of documents. *Id.* R. 901. | |
| 18. | ¶ 19 ("In February, Bonnell also deleted all of his direct messages with a follower by the screen name of pskodynamic, with whom he had shared videos of other women without their consent. *See* https://imgur.com/lZcLl0E.") | Lacks foundation and declarant lacks personal knowledge. Fed. R. Evid. 602. Improper authentication of documents. *Id.* R. 901. With respect to any alleged content apart from the Video, the statements are irrelevant. *Id.* R. 402. | |

II.      **OBJECTIONS TO DECLARATION OF HANNAH D. BROOKE [ECF No. 21-2]**

|   | **Material Objected To:** | **Grounds for Objection:** | **Ruling on the Objection:** |
|---|---|---|---|
| 19. | ¶ 3 ("In or about August 2023, I started watching Steven Bonnell, II's (aka 'Destiny') live streams and youtube videos and engaged as a fan.") | Lacks relevance. Fed.  R. Evid. 402. | |
| 20. | ¶ 4 ("In or about April 2024, I started exchanging direct messages with Destiny on the Discord platform. Our messages included some private sexual content.") | Lacks relevance. Fed.  R. Evid. 402. | |
| 21. | ¶ 5 ("In or about November 2024, I became aware that a sexually explicit video . . . that included Destiny and another streamer . . . had been published on the internet.") | Lacks foundation. Fed.  R. Evid. 602. | |
| 22. | ¶ 6 ("On January 9, 2025, I reached out to Destiny via direct messages on Discord, and asked how he was doing amidst all of the controversy and uproar regarding his non-consensual sharing of the Video.") | Lacks relevance. Fed.  R. Evid. 402 & 403. Despite using the same defined term, the video referenced in this statement is not the Video. The declarant also lacks personal knowledge with respect to the alleged distribution of any content, including the Video. Fed. R. Evid. 602. | |
| 23. | ¶ 7 ("On January 9, 20205 . . . Destiny offered to send me the Video: 'ooooof I mean I guess now that some shit has leaked . . . if you want videos of me . . . I've got 'em.'") | Lacks relevance. Fed.  R. Evid. 402 & 403. Despite using the same defined term, the video referenced in this statement is not the Video. Inadmissible hearsay.  Fed. R. Evid. 802. Hearsay within hearsay. *Id.* R. 805. | |

| 24. | ¶ 8 ("I responded . . . 'Hahahaha nooo don't show me that . . . those are super private and I can't even imagine how it feels to have something so private be so public even IF you are poly and very sexual in general.") | Lacks relevance. Fed.  R. Evid. 402 & 403. Despite using the same defined term, the video referenced in this statement is not the Video. Inadmissible hearsay.  Fed. R. Evid. 802. Hearsay within hearsay. *Id.* R. 805.. | |
| --- | --- | --- | --- |
| 25. | ¶ 9 ("About two weeks later, I took screen shots of the above chat thread with Destiny, and some other messages between us as well.") | Lacks relevance. Fed.  R. Evid. 402. Improper authentication of documents. *Id.* R. 901. | |
| 26. | ¶ 10 ("Shortly thereafter . . . another streamer with the screen name JSTLK on Discord published . . . chat threads between Destiny and other people including my chat thread with Destiny containing the above quoted messages.") | Lacks relevance. Fed.  R. Evid. 402. Lacks foundation. *Id.* R. 602. Improper authentication of documents. *Id.* R. 901. | |
| 27. | ¶ 11 ("Sometime in early February 2025, I realized that Destiny deleted all of his messages to me . . . .") | Lacks relevance. Fed.  R. Evid. 402. Lacks personal knowledge. *Id.* R. 602. | |

Dated: April 25, 2025                                Respectfully submitted,

                                **BILZIN SUMBERG BAENA PRICE &
                                AXELROD LLP**
                                1450 Brickell Avenue, Suite 2300
                                Miami, Florida 33131
                                Tel.: (305) 374-7580
                                Fax: (305) 374-7593

                                By: /s/ Robert L. Raskopf
                                Robert L. Raskopf, Esq.
                                Florida Bar No.: 1040022
                                rraskopf@bilzin.com
                                Patricia M. Patino, Esq.
                                Florida Bar No.: 1007702
                                ppatino@bilzin.com

                                and

                                **BERK BRETTLER LLP**
                                9119 West Sunset Blvd.
                                West Hollywood, CA 90069-3106
                                Tel: (310) 278-2111

                                By: /s/ Andrew B. Brettler
                                Andrew Brad Brettler, Esq.
                                California Bar No.: 262928
                                abrettler@berkbrettler.com
                                Jake A. Camara, Esq.
                                California Bar No.: 305780
                                jcamara@berkbrettler.com
                                (admitted *pro hac vice*)

                                *Counsel for Steven K. Bonnell I*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 25, 2025, a true and correct copy of the foregoing

was served on all parties via transmission of Notices of Electronic Filing generated by CM/ECF

and via electronic transmission to counsel of record for these parties.

By:     /s/ Robert L. Raskopf
Attorney