UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:25-cv-20757-JB/Torres

JANE DOE, Plaintiff,

v.

STEVEN K. BONNELL II,

Defendant.

_____/

## JANE DOE'S RESPONSE TO DEFENDANT'S EVIDENTIARY OBJECTIONS TO THE DECLARATIONS OF JANE DOE AND HANNAH DANIELS BROOKE

### I.     INTRODUCTION

Defendant has objected to material found in the declarations of Jane Doe [ECF No. 20-1] and Hannah Brooke [ECF No. 21-2]. Below are Ms. Doe's responses to each objection which we respectfully submit and ask the court to consider. Defendant makes several objections to lack of foundation without specifying what is missing. There are also multiple objections which do not clearly indicate what the objection applies to, as such we have responded to the best of our abilities given what has been provided.

### II.    LEGAL STANDARD

During the preliminary injunction stage "the evidentiary rules are relaxed and the Court is permitted to rely on evidence that might not be admissible for a permanent injunction, 'so long as the evidence is appropriate given the character and purpose of the injunction proceedings.'" *FTC v. Simple Health Plans LLC*, 379 F. Supp. 3d 1346, 1358 (S.D. Fla. 2019) (citing *Caron Found. of Fla., Inc. v. City of Delray Beach*, 879 F. Supp. 2d 1353, 1360 (S.D. Fla. 2012). In fact, the court

"may consider otherwise inadmissible evidence at the **preliminary injunction** stage." *Gulf Coast Commer. Corp. v. Gordon River Hotel Assocs.*, No. 2:05-cv-564-FtM-33SPC, 2006 U.S. Dist. LEXIS 30492, at *5 (M.D. Fla. May 18, 2006) (citing *Sierra Club v. Fed. Deposit Ins. Corp.*, 992 F.2d 545 (5th Cir. 1993) (stating that "at the preliminary injunction stage, the procedures in the district court are less formal, and the district court may rely on otherwise inadmissible evidence, including hearsay evidence.")

### III. RESPONSES TO DEFENDANT'S OBJECTIONS TO DECLARATION OF JANE DOE [ECF No. 21-1]

|    | **Material Objected To:** | **Grounds for Objection:** | **Response:** | **Ruling on Objection:** |
|----|---------------------------|----------------------------|---------------|--------------------------|
| 1. | ¶ 4 ("I expressed to him . . . '[P]ublicly I'm okay with people knowing we're hanging out but if anyone asks questions . . . I [sic] rather deny . . . .") | Inadmissible hearsay. Fed. R. Evid. 802 | **Hearsay Fed. R. Evid. 802** The proposed material is not hearsay because it is not being offered to prove the truth of the matter asserted. It is being used to show that the Defendant had notice that Ms. Doe desired the nature of their relationship to remain private. | |
| 2. | ¶ 6 ("I reiterated my privacy concerns again in March of 2023 . . . .He denied telling anyone other than his wife . . . .") | Inadmissible hearsay. Fed. R. Evid. 802. | **Hearsay Fed. R. Evid. 802** "I reiterated my privacy concerns again in March of 2023" is not hearsay because it is once again not being offered to prove the truth of the matter asserted but to show that Defendant had notice of Ms. Doe's desires to keep the nature of their relationship private.<br><br>"when a woman publicly alleged that I (Pxie) had sexual relations with Destiny" is not hearsay because it is not being offered to prove the | |

|   |   |   | truth of the matter asserted, it is offered to show the effect on the listener – the listener being Ms. Doe and the effect being her reaching out to Defendant once again.<br><br>"whereupon I messaged Destiny. . ." is not hearsay because no out of court statement is being elicited.<br><br>"and asked him if he had told anyone about our relations" is not hearsay because it is not being offered to prove the truth of the matter asserted but to show the effect on the listener – the listener being the Defendant and the effect being his denial.<br><br>"He denied telling anyone other than his wife." is not hearsay pursuant to Fed. R. Evid. 801(d)(2)(A) as it is an admission b y a party opponent.<br><br>"I affirmed that, 'No one knows either on my end (except my ex-bf).'" Is not hearsay because it is not being offered to prove the truth of the matter asserted, it is being offered to show the Defendant had notice that Ms. Doe was still keeping the nature of their relationship private and her plan to continue to do so. |   |
|---|---|---|---|---|
| 3. | ¶ 7 ("The caption on the Video . . . identify [sic] both 'Destiny' and 'Pxie.'") | Declarant lacks personal knowledge. Fed. R. Evid. 602. | **Personal Knowledge Fed. R. Evid. 602**<br>The entire statement goes to show that Ms. Doe does in fact have personal knowledge specifically pertaining to |   |

| | | | these events. It has been established that Ms. Doe has personal knowledge of these events as she brought this suit. | |
|---|---|---|---|---|
| 4. | ¶ 7 ("one of the sexually explicit videos . . . was uploaded on to [sic] the website Kiwifarms. The Video was also shared on multiple other pornography websites . . . .") | Inadmissible hearsay. Fed. R. Evid. 802. | **Hearsay Fed. R. Evid. 802** This is not hearsay as there is no statement being elicited. | |
| 5. | ¶ 8 ("expressing my horror that he had shared the Video") | Inadmissible hearsay. Fed. R. Evid. 802. Declarant lacks personal knowledge. *Id.* R. 602 | **Hearsay Fed. R. Evid. 802** This is not hearsay as it is not being offered to prove the truth of the matter asserted. Additionally, even if it were to be used to prove the truth of the matter asserted it would fall under an applicable hearsay exception under Fed. R. Evid. 803(3) because it would be offered to prove that the victim was horrified, which was her then-existing state of mind. **Personal Knowledge Fed. R. Evid. 602** Ms. Doe has personal knowledge as these were her thoughts she was sharing, additionally Defendant was the one in possession of the video thus Ms. Doe knew it was him who shared it. | |
| 6. | ¶ 8 ("Bonnell admitted that he had shared the Video without my knowledge or consent, with a random fan by the screen name Rose. Bonnell informed me that Rose was one of his | Inadmissible hearsay. Fed. R. Evid. 802. Lacks foundation and declarant | **Hearsay Fed. R. Evid. 802** This is not hearsay pursuant to Fed. R. Evid. 801(d)(2)(A) as it is a admission by a party opponent. **Personal Knowledge Fed. R. Evid. 602** | |

| | | | | |
|---|---|---|---|---|
| | fans with whom he had been messaging but had never met. He did not know her real name or her real age.") | lacks personal knowledge. *Id.* R. 602. | The proper foundation has been laid to establish that Ms. Doe was having a conversation with Defendant, and this is what she learned as a result of his statements. | |
| 7. | ¶ 9 ("'Ughhhh . . . I'm super sorry, there's literally no excuse.' I then asked him to delete any and all Videos that he had of me.") | Inadmissible hearsay. Fed. R. Evid. 802; Hearsay within hearsay. *Id.* R. 805. | **Hearsay Fed. R. Evid. 802** "Ughhhh . . . I'm super sorry, there's literally no excuse." is not hearsay pursuant to Fed. R. Evid. 801(d)(2)(A) as it is an admission by a party opponent.<br><br>"I then asked him to delete any and all Videos that he had of me" is not being offered for the truth of the matter asserted but to show that the Defendant had notice that Ms. Doe did not want him to have her videos anymore.<br><br>Additionally, this statement could be used to prove the truth of the matter asserted because it falls under an applicable hearsay exception Fed. R. Evid. 803(3) because it is being used to show Ms. Doe's then existing state of mind.<br><br>**Hearsay within Hearsay Fred. R. Evid. 805** There is no second layer of hearsay. | |
| 8. | ¶ 10 ("In or about January 2025, one of my followers informed me that Bonnell had sent the Video to my follower's sister about two months earlier.") | Inadmissible hearsay. Fed. R. Evid. 802; Lacks foundation. *Id.* R. 602. | **Hearsay Fed. R. Evid. 802** This is not hearsay as it is not being offered to prove the truth of the matter asserted but to show the effect on the listener – the listener being Ms. Doe, the effect being learning that Defendant still | |

| | | | had her videos despite being told to delete them.<br><br>**Personal Knowledge Fed. Evid. 602**<br>It has been established that Ms. Doe has personal knowledge of these events as the victim of the Defendant's actions. | |
|---|---|---|---|---|
| 9. | ¶ 11 ("Shortly after that, Bonnell went on the attack. He told his tens of thousands of followers that I was only interested in money, and that I was extorting him.") | Inadmissible hearsay. Fed. R. Evid. 802; Lacks foundation. *Id.* R. 602. Lacks relevance. *Id.* R. 402. | **Hearsay Fed. R. Evid. 802**<br>This is not hearsay pursuant to Fed. R. Evid. 801(d)(2)(A) as it is a admission by a party opponent.<br><br>**Personal Knowledge Fed. Evid. 602**<br>It has been established that Ms. Doe has personal knowledge of these events as the victim of the Defendant's actions.<br><br>**Relevance Fed. R. Evid. 402**<br>As for the relevance, it goes directly to damages and to the continuous emotional distress the defendant has caused Ms. Doe. Fed. R. Evid. 401 | |
| 10. | ¶ 12 ("Commencing at minute 53 of the recording, Bonnell tells his followers intimate sexual details about me . . . . He even posted screen shots . . . . I believed these messages would be kept private . . . . Instead | Inadmissible hearsay. Fed. R. Evid. 802. Lacks foundation and declarant lacks personal knowledge. *Id.* R. 602. | **Hearsay Fed. R. Evid. 802**<br>This is not hearsay pursuant to Fed. R. Evid. 801(d)(2)(A) as it is a admission by a party opponent.<br><br>**Personal Knowledge Fed. R. Evid. 602**<br>It has been established that Ms. Doe has personal knowledge of these events as the victim of the Defendant's actions. | |

|  | | | | |
|---|---|---|---|---|
|  | Bonnell shared them with tens of thousands of people.") | Improper authentication of documents. *Id.* R. 901. | **Authentication of Documents Fed. R. Evid. 901** Ms. Doe has established a good faith basis for these exhibits being true and correct copies of what they proport to be. | |
| 11. | ¶ 13 ("On February 21, 2025, Bonnell tells his entire Discord community that I was dating my supervisor at my prior job and that the supervisor was 'like 25 years older.' This was a deliberate untruth meant only to harass me.") | Lacks relevance. Fed. R. Evid. 402. Inadmissible hearsay. *Id.* R. 802; Hearsay within hearsay. *Id.* R. 805. Lacks personal knowledge and foundation. *Id.* R. 602. Improper lay opinion. *Id.* R. 701. | **Relevance Fed. R. Evid. 402** As for the relevance, it goes directly to damages and to the continuous emotional distress the defendant has caused Ms. Doe. This conduct is the reason why a preliminary injunction is necessary. Fed. R. Evid. 401

**Hearsay Fed. R. Evid. 802** This is not hearsay pursuant to Fed. R. Evid. 801(d)(2)(A) as it is a admission by a party opponent.

**Personal Knowledge Fed. R. Evid. 602** It has been established that Ms. Doe has personal knowledge of these events as the victim of the Defendant's actions.

**Lay Opinion Fed. R. Evid. 701** This is a proper opinion made from what Ms. Doe rationally perceived of the situation and it helps determine the extent of the damages. | |
| 12. | ¶ 13 ("I had told Bonnell that I dated this man briefly . . . . There was no reason for Bonnell to believe that the | Lacks relevance. Fed. R. Evid. 402. Inadmissible | **Relevance Fed. R. Evid. 402** As for the relevance, it goes directly to damages and to the continuous emotional distress the defendant has caused Ms. Doe. This is another example | |

| | | | | |
|---|---|---|---|---|
| | man was ever my supervisor . . . . I believe that Bonnell said this untruth deliberately to retaliate against me for initiating this lawsuit.") | hearsay. *Id.* R. 802; Lacks personal knowledge and foundation. *Id.* R. 602. Improper lay opinion. *Id.* R. 701. | of conduct which Ms. Doe seeks to enjoin. Fed. R. Evid. 401<br><br>**Hearsay Fed. R. Evid. 802**<br>This statement is not being offered to prove the truth of the matter asserted but merely to show that the Defendant was making comments about Ms. Doe to his online following.<br><br>**Personal Knowledge Fed. R. Evid. 602**<br>It has been established that Ms. Doe has personal knowledge of these events as the victim of the Defendant's actions.<br><br>**Lay Opinion Fed. R. Evid. 701**<br>This is a proper opinion made from what Ms. Doe rationally perceived of the situation and it helps determine the extent of the damages. | |
| 13. | ¶ 14 ("The thought that tens of thousands of people . . . have seen the Video . . . . Despite efforts to have the Video removed from the different sites, they are still there and available to the public . . . .") | Lacks foundation. Fed. R. Evid. 602. | **Personal Knowledge Fed. R. Evid. 602**<br>It has been established that Ms. Doe has personal knowledge of these events as the victim of the Defendant's actions. It goes directly to the damages she has experienced from the claims she has brought against Defendant. | |
| 14. | ¶ 16 ("In or around the end of January, 2025, approximately fifteen women reached out to me and told me that they received sexually explicit | Inadmissible hearsay. Fed. R. Evid. 802. Lacks foundation | **Hearsay Fed. R. Evid. 802**<br>This statement is not being offered to prove the truth of the matter asserted it is being used for the effect on the listener, the listener being Ms. Doe, the effect being how she | |

| | | | | |
|---|---|---|---|---|
| | images from Bonnell of other women without the other women's consent. Numerous women . . . have recently come forward and publicly alleged that Bonnell has released sexually explicit videos of them without their consent. These images were then posted on different pornography websites without their consent. A woman with the screen name Chaeiry, posted on X that she recently found out that Bonnell had secretly made an unauthorized audio recording of their sexual interaction, and then had distributed it to multiple people without her knowledge or consent.") | and declarant lacks personal knowledge. *Id.* R. 602. With respect to any alleged content apart from the Video, the statements are irrelevant. *Id.* R. 402. | came to understand that this was not a one time-occurrence.<br><br>**Personal Knowledge Fed. R. Evid. 602**<br>It has been established that Ms. Doe has personal knowledge of these events as the victim of the Defendant's actions and these communications occurred directly with her.<br><br>As to the women reaching out to Ms. Doe, they were speaking on their own experiences thus have personal knowledge on the matter.<br><br>**Lay Opinion Fed. R. Evid. 701**<br>This is a proper opinion made from what Ms. Doe rationally perceived of the situation and it helps determine the extent of the damages.<br><br>**Relevance Fed. R. Evid. 402**<br>The content makes it more likely that the Defendant did share Ms. Doe's video without consent and it goes directly to the Defendant's claims that this was a one-time event and his absence of mistake. Fed. R. Evid. 401 | |
| 15. | ¶ 17 ("As early as January 21, 2025, aware of the impending lawsuit and potential criminal investigation, Bonnell starts destroying evidence, | Lacks foundation and declarant lacks personal | **Personal Knowledge Fed. R. Evid. 602**<br>It has been established that Ms. Doe has personal knowledge of these events as the victim of the Defendant's actions. It goes directly to the damages she has experienced | |

| | | | | |
|---|---|---|---|---|
| | including deleting messages between me and him.") | knowledge. Fed. R. Evid. 602. Improper authentication of documents. *Id.* R. 901. With respect to any alleged content apart from the Video, the statements are irrelevant. *Id.* R. 402. | from the claims she has brought against Defendant. Ms. Doe knows when the Defendant was notified of the impending litigation. Ms. Doe is speaking to her rationally based perception of all the events.<br><br>**Authentication of Documents Fed. R. Evid. 901**<br>Ms. Doe has established a good faith basis for these exhibits being true and correct copies of what they proport to be.<br><br>**Relevance Fed. R. Evid. 402**<br>The content makes it more likely that the Defendant did share Ms. Doe's video without consent and it goes directly to the Defendant's claims that this was a one-time event and his absence of mistake. It also goes to show that the Defendant has been tampering with potential evidence. Fed. R. Evid. 401 | |
| 16. | ¶ 18 ("Almost all of the women who informed me that they had received sexually explicit images from Bonnell of other women without the other women's consent . . . also tell me that Bonnell deleted their chat threads after January 2023.") | Inadmissible hearsay. Fed. R. Evid. 802. Lacks foundation and declarant lacks personal knowledge. *Id.* R. 602. With | **Hearsay Fed. R. Evid. 802**<br>This statement is not being offered to prove the truth of the matter asserted it is being used for the effect on the listener, the listener being Ms. Doe, the effect being how she came to understand that this was not a one time-occurrence.<br><br>**Personal Knowledge Fed. R. Evid. 602**<br>It has been established that Ms. Doe has personal | |

| | | | | |
|---|---|---|---|---|
| | | respect to any alleged content apart from the Video, the statements are irrelevant. *Id.* R. 402. | knowledge of these events as the victim of the Defendant's actions and these communications occurred directly with her.<br><br>As to the women reaching out to Ms. Doe, they were speaking on their own experiences thus have personal knowledge on the matter.<br><br>**Lay Opinion Fed. R. Evid. 701**<br>This is a proper opinion made from what Ms. Doe rationally perceived of the situation and it helps determine the extent of the damages.<br><br>**Relevance Fed. R. Evid. 402**<br>The content makes it more likely that the Defendant did share Ms. Doe's video without consent and it goes directly to the Defendant's claims that this was a one-time event and his absence of mistake. It also goes to show that the Defendant has been tampering with potential evidence. Fed. R. Evid. 401 | |
| 17. | ¶ 19 ("A streamer by the name of Ahsoka Bun-o messaged me recently and informed me that Bonnell had deleted all messages between them regarding his non-consensual sharing of videos: 'I had messaged destiny in | Inadmissible hearsay. Fed. R. Evid. 802. Hearsay within hearsay. *Id.* R. 805. Lacks foundation and declarant | **Hearsay Fed. R. Evid. 802, Hearsay within hearsay Fed. R. Evid. 805**<br>This statement is not being offered to prove the truth of the matter asserted it is being used for the effect on the listener, the listener being Ms. Doe, the effect being how she came to understand that sending videos of this nature and deleting them once put on notice of pending litigation | |

| | | | |
|---|---|---|---|
| | the past and was sent videos of him with women. I didn't recognize any of the people in the videos bar one that seems to have included Melina [Destiny's ex-wife], but I assumed it was consensual. I don't know if it helps at all but some proof I did converse with him and that now there's no messages.' *See* https://imgur.com/CtBX1Oi.") | lacks personal knowledge. *Id.* R. 602. With respect to any alleged content apart from the Video, the statements are irrelevant. *Id.* R. 402. Improper authentication of documents. *Id.* R. 901. | was not a one time-occurrence.<br><br>**Personal Knowledge Fed. R. Evid. 602**<br>It has been established that Ms. Doe has personal knowledge of these events as the victim of the Defendant's actions and these communications occurred directly with her.<br><br>As to the women reaching out to Ms. Doe, they were speaking on their own experiences thus have personal knowledge on the matter.<br><br>**Relevance Fed. R. Evid. 402**<br>The content makes it more likely that the Defendant did share Ms. Doe's video without consent and it goes directly to the Defendant's claims that this was a one-time event and his absence of mistake.  It also goes to show that the Defendant has been tampering with potential evidence. Fed. R. Evid. 401<br><br>**Authentication of Documents Fed. R. Evid. 901**<br>Ms. Doe has established a good faith basis for these exhibits being true and correct copies of what they proport to be. | |
| 18. | ¶ 19 ("In February, Bonnell also deleted all of his direct messages with a follower by the screen name of pskodynamic, with whom he | Lacks foundation and | **Personal Knowledge Fed. R. Evid. 602**<br>It has been established that Ms. Doe has personal knowledge of these events as | |

| | Material Objected To: | Grounds for Objection: | Response: | Ruling on Objection: |
|---|---|---|---|---|
| | had shared videos of other women without their consent. *See* https://imgur.com/lZcLl0E.") | declarant lacks personal knowledge. Fed. R. Evid. 602. Improper authentication of documents. *Id.* R. 901. With respect to any alleged content apart from the Video, the statements are irrelevant. *Id.* R. 402. | the victim of the Defendant's actions and these communications occurred directly with her.<br><br>As to the women reaching out to Ms. Doe, they were speaking on their own experiences thus have personal knowledge on the matter.<br><br>**Authentication of Documents Fed. R. Evid. 901**<br>Ms. Doe has established a good faith basis for these exhibits being true and correct copies of what they proport to be.<br><br>**Relevance Fed. R. Evid. 402**<br>The content makes it more likely that the Defendant did share Ms. Doe's video without consent, and it goes directly to the Defendant's claims that this was a one-time event and his absence of mistake. It also goes to show that the Defendant has been tampering with potential evidence. Fed. R. Evid. 401 | |

IV. **RESPONSES TO DEFENDANT'S OBJECTIONS TO DECLARATION OF HANNAH D. BROOKE [ECF No. 21-2]**

| | Material Objected To: | Grounds for Objection: | Response: | Ruling on Objection: |
|---|---|---|---|---|
| 19. | ¶ 3 ("In or about August 2023, I started watching Steven Bonnell, II's (aka 'Destiny') live streams and youtube videos and engaged as a fan.") | Lacks relevance. Fed. R. Evid. 402. | **Relevance Fed. R. Evid. 402**<br>This statement lays the foundation and establishes necessary background. | |

| 20. | ¶ 4 ("In or about April 2024, I started exchanging direct messages with Destiny on the Discord platform. Our messages included some private sexual content.") | Lacks relevance. Fed. R. Evid. 402. | **Relevance Fed. R. Evid. 402** This statement lays the foundation and establishes necessary background. | |
|---|---|---|---|---|
| 21. | ¶ 5 ("In or about November 2024, I became aware that a sexually explicit video . . . that included Destiny and another streamer . . . had been published on the internet.") | Lacks foundation. Fed. R. Evid. 602. | Personal Knowledge Fed. R. Evid. 602 Ms. Brooke is actively laying the foundation. | |
| 22. | ¶ 6 ("On January 9, 2025, I reached out to Destiny via direct messages on Discord, and asked how he was doing amidst all of the controversy and uproar regarding his non-consensual sharing of the Video.") | Lacks relevance. Fed. R. Evid. 402 & 403. Despite using the same defined term, the video referenced in this statement is not the Video. The declarant also lacks personal knowledge with respect to the alleged distribution of any content, including the Video. Fed. R. Evid. 602. | **Relevance Fed. R. Evid. 402 and 403** This statement lays the foundation and establishes necessary background. This evidence is highly probative and it substantially outweighs any prejudicial effect it may have. It goes directly | |
| 23. | ¶ 7 ("On January 9, 20205 . . . Destiny offered to send me the Video: 'ooooof I mean I guess now that some shit has leaked . . . if you want videos of me . . . I've got 'em.'") | Lacks relevance. Fed. R. Evid. 402 & 403. Despite using the same defined | **Relevance Fed. R. Evid. 402 and 403** The content makes it more likely that the Defendant did share Ms. Doe's video without | |

|  |  |  |  |  |
|---|---|---|---|---|
|  |  | term, the video referenced in this statement is not the Video. Inadmissible hearsay. Fed. R. Evid. 802. Hearsay within hearsay. *Id.* R. 805. | consent, and it goes directly to the Defendant's claims that this was a one-time event and his absence of mistake. It provides context for the conversation between Ms. Brooke's and Defendant. Fed. R. Evid. 401. This evidence is highly probative and it substantially outweighs any prejudicial effect it may have. It shows how Defendant was still sending videos even after the alleged leak occurred.<br><br>**Hearsay Fed. R. Evid. 802**<br>This is not hearsay as it is an admission of a party opponent pursuant to Fed. R. Evid. 801(d)(2)(A).<br><br>**Hearsay within hearsay Fed. R. Evid. 805**<br>There is no second level of hearsay in the proposed statement. |  |
| 24. | ¶ 8 ("I responded . . . 'Hahahaha nooo don't show me that . . . those are super private and I can't even imagine how it feels to have something so private be so public even IF you are poly and very sexual in general.") | Lacks relevance. Fed. R. Evid. 402 & 403. Despite | **Relevance Fed. R. Evid. 402 and 403**<br>The content makes it more likely that the Defendant did share Ms. Doe's video without |  |

| | | using the same defined term, the video referenced in this statement is not the Video. Inadmissible hearsay. Fed. R. Evid. 802. Hearsay within hearsay. *Id.* R. 805. | consent, and it goes directly to the Defendant's claims that this was a one-time event and his absence of mistake. It provides context for the conversation between Ms. Brooke's and Defendant. It is her prerogative on what Defendant had just said to her. Fed. R. Evid. 401. This evidence is highly probative and it substantially outweighs any prejudicial effect it may have. It shows how Defendant was willing to send videos after the leak unprompted.<br><br>**Hearsay Fed. R. Evid. 802**<br>Although this statement is hearsay it falls under an applicable exception Fed. R. Evid. 803(3) because it goes directly to the state of mind of the Declarant at the time, more specifically that she did not want to receive any videos because she was concerned for the privacy of others. | |

|     |     |     | **Hearsay within hearsay Fed. R. Evid. 805** There is no second level of hearsay in the proposed statement. |     |
| --- | --- | --- | --- | --- |
| 25. | ¶ 9 ("About two weeks later, I took screen shots of the above chat thread with Destiny, and some other messages between us as well.") | Lacks relevance. Fed. R. Evid. 402. Improper authentication of documents. *Id.* R. 901. | **Relevance Fed. R. Evid. 402** This statement lays the foundation and establishes necessary background. **Authentication of Documents Fed. R. Evid. 901** No documents were provided as exhibits. |     |
| 26. | ¶ 10 ("Shortly thereafter . . . another streamer with the screen name JSTLK on Discord published . . . chat threads between Destiny and other people including my chat thread with Destiny containing the above quoted messages.") | Lacks relevance. Fed. R. Evid. 402. Lacks foundation. *Id.* R. 602. Improper authentication of documents. *Id.* R. 901. | **Relevance Fed. R. Evid. 402** This statement goes to the Defendant's lack of concern for the privacy of others because he would share screen captures of his private conversations to other people. **Personal Knowledge Fed. R. Evid. 602** Ms. Brooke has established the proper foundation to show that she does have personal knowledge on the topic. |     |

| | | | | |
|---|---|---|---|---|
| | | | **Authentication of Documents Fed. R. Evid. 901** No documents were provided as exhibits. | |
| 27. | ¶ 11 ("Sometime in early February 2025, I realized that Destiny deleted all of his messages to me . . . .") | Lacks relevance. Fed. R. Evid. 402. Lacks personal knowledge. *Id.* R. 602. | **Relevance Fed. R. Evid. 402** The content makes it more likely that the Defendant did share Ms. Doe's video without consent, and it goes directly to the Defendant's claims that this was a one-time event and his absence of mistake. It also goes to show that the Defendant has been tampering with potential evidence. Fed. R. Evid. 401 **Personal Knowledge Fed. R. Evid. 602** Ms. Brooke has established the proper foundation to show that she does have personal knowledge on the topic. | |

Dated: May 2, 2025.

Respectfully submitted,

**SANCHEZ-MEDINA, GONZALEZ, QUESADA, LAGE, GOMEZ & MACHADO, LLP**
*/s/Carlos A. Garcia Perez*
CARLOS A. GARCIA PEREZ
Florida Bar No. 106895

GUSTAVO LAGE
Florida Bar No. 972551
201 Alhambra Circle, Suite 1205
Coral Gables, Florida, 33134
Tel.: (305) 377-1000
Primary E-Mail: cgarciaperez@smgqlaw.com
Secondary E-Mail: angie@smgqlaw.com

JSP LAW, LLC
/s/ Joan Schlump Peters
Joan Schlump Peters (admitted *pro hac vice*)
4819 W. Blvd. Ct.
Naples, Florida 34103
Tel.: 305-299-4759
Email: petersjoan@bellsouth.net


**CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system and copies were electronically sent to all counsel of records via the same.

          By: /s/Carlos A. Garcia Perez
              Attorney