UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JANE DOE,

     Plaintiff,

v.                                    CASE NO: 1:25-cv-20757-JB

STEVEN K. BONNELL II,

     Defendant.

_____/

### PLAINTIFF'S MOTION FOR LEAVE TO FILE DECLARATIONS UNDER SEAL

Pursuant to Local Rule 5.4 of the Southern District of Florida, Fed. R. Civ. P. 26(c)(1), and 15 U.S.C. §6851, Plaintiff, Jane Doe (the "Plaintff"), by and through her undersigned counsel, respectfully moves this Court for leave to file under seal the following documents: (1) Declaration of Abbymc; (2) Declaration of Witness A; and (3) Declaration of Witness B; all dated April or May 2025. These documents contain highly sensitive, private, and confidential information regarding the nonconsensual distribution of sexually explicit materials and related communications involving Plaintiff and other women. These witnesses have only agreed to provide their testimony if their identity can be kept private. In support of this good cause motion, Plaintiff states as follows:

Plaintiff seeks to file under seal the following three declarations:

**Declaration of Abbymc:** Abbymc describes Defendant, Steven K. Bonnell, II (the "Defendant"), sharing a sexually explicit video of himself and the Plaintiff via a Google Drive link on November 3, 2023, as well as a different video involving the Defendant and a streamer named "Chaeiry". Abbymc also describes how throughout her relationship with the Defendant, he

1

repeatedly shared sexually explicit videos of himself and other women using Google Drive links. Abbymc goes on to mention that the Defendant has deleted all of his direct messages to her on Discord, and expresses fear of public identification due to Defendant's sharing of sexually explicit videos involving herself without consent. A redacted version of the Declaration of Abbymc is attached to Plaintiff's Reply to Opposition to Motion for Preliminary Injunction, as **Exhibit "2"**.

**Declaration of Witness B:** Witness B describes how the Defendant and her met and began to engage in a sexual relationship. Eventually the Defendant began sharing sexually explicit content with Witness B which included himself and his wife. After meeting in person on one occasion, the Defendant recorded himself and Witness B engaging in sexual acts. The recordings were made with Witness B's consent, but Witness B only authorized Defendant to send the recordings to Defendant's wife. In November 2024, Witness B discovered that a recording of herself and Defendant had leaked online after being harassed on the website "Discord." Witness B was then told by Defendant that he had shared recordings of himself and her performing sexual acts without her consent to an individual by the name of "Rose." Witness B was later contacted by other individuals online who informed her that the Defendant had sent them, or offered to send them, explicit sexual content depicting her.  Witness B also mentions that the Defendant deleted messages between them sometime after the leaks became public. A redacted version of the Declaration of Witness B is attached to Plaintiff's Reply to Opposition to motion for Preliminary Injunction, as **Exhibit "5"**.

**Declaration of Witness A:** Witness A describes the progression of her sexual relationship with the Defendant, which included Defendant's sharing of sexually explicit videos and photos of himself and others via Google Drive, likely without the consent of these third parties. Witness A also discusses her private communications with the Plaintiff following the leaks of the private

sexual content, as well as the Defendant's deletion of related Discord messages and his removal/deletion of the Google Drive that he used to share private sexual content. A redacted version of the Declaration of Witness A is attached to Plaintiff's Reply to Opposition to Motion for Preliminary Injunction, as **Exhibit "4"**.

The declarations are essential to Plaintiff's case, and attest to the Defendant's nonconsensual distribution of sexually explicit videos and communications, including the Video of Plaintiff. These declarations not only corroborate Plaintiff's testimony regarding the dissemination of her private sexually explicit content, but also attest to the dissemination and distribution of sexual content of other victims, some of which are declarants themselves. Sealing is necessary to protect the substantial privacy interests of the declarants, whose identities and intimate details risk further public exposure and threatened retribution by Defendant and/or his followers.

Federal Rule of Civil Procedure 26 permits courts, upon motion of either party, to enter a protective order that requires a trade secret, confidential research, or commercial information to remain confidential or to be revealed only in a specific manner through the course of the litigation. *See* Fed. R. Civ. P. 26(c)(1)(G). Abbymc and Witness B discuss their own victimization at the hands of the Defendant, as well as private sexual encounters. Their declarations include details that may otherwise reveal their identities and subject them to continued harm and harassment by the Defendant and/or his followers. Witness A also discusses details of her own private sexual encounters, potential non-consensual distribution of sexual content by the Defendant, and her private communications with the Plaintiff. If her identity is not protected, Witness A would face the same type of harassment that other victims of the Defendant's behavior have suffered. The declarants are sufficiently concerned as to the disclosure of the aforementioned details and their

identities, that they may not provide their testimony in this case unless their identities remained concealed. No less onerous alternative exists to protect their privacy while allowing the Court to review the evidence. The declarants likewise face a threat of harm due to doxing[1] or swatting[2] if their identities are revealed to the public.

Plaintiff requests that the seal remain in place for the duration of the litigation, including any appeals, to ensure ongoing protection of the identities of the declarants. This duration is consistent with the need to prevent further emotional and psychological harm to Plaintiff and the declarants, as supported by *Doe Williams v. Williams*, 2024 U.S. Dist. (S.D. Miss. May 31, 2024), which noted that §6851's purpose is to protect against the publicization of intimate matters.

The Eleventh Circuit recognizes a "presumptive common law right to inspect and copy judicial records," but this right is not absolute and may be overcome by a showing of good cause. *Romero v. Drummond Co.*, 480 F.3d 1234, 1245-46 (11th Cir. 2007). Courts balance the public's right of access against the party's interest in confidentiality, considering factors such as "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, … and the availability of a less onerous alternative to

---

[1]     Doxing is the act of publicly disclosing an individual's personally identifiable information, such as their names, cellphone numbers, addresses, or employers, online without their consent. Doxing is often used as a form of retribution following online disputes. Once an individual is doxed, they can be harassed not only online, but in their personal life and work. The danger of doxing is especially great in cases such as the instant one, where the Defendant has a large and dedicated following of individuals who may seek to exact revenge on the Defendant's behalf.

[2]     Swatting is a form of criminal harassment where someone makes a false emergency report to law enforcement in the hopes that an emergency response team will be deployed to another individual's location. It is often achieved by falsely reporting a serious emergency, such as a bomb threat, murder, hostage situation, or a mental health emergency. Swatting can and has had fatal consequences.

sealing the documents." *Romero*, 480 F.3d at 1246; *See Jankula v. Carnival Corp.*, 2019 WL 8051719 at *2 (S.D. Fla. September 5, 2019).

In the instant case, good cause for sealing the identities of the declarants is unequivocally established, as the statements contain highly sensitive details of private sexually explicit acts, the recording of same, and the subsequent dissemination of said recordings, implicating the substantial privacy rights of the declarants under 15 U.S.C. § 6851. Public disclosure of their identities would expose the declarants to harassment and retaliation. Additionally, these documents help establish Defendant's violations of 15 U.S.C. § 6851, supporting Plaintiff's case and her request for relief.

Dissemination of the identities of the declarants has the potential to subject them to harm, as well as harassment. The declarants have expressed their desire that their identities remain private. As held in *Doe v. Ghiorso*, 2024 WL 3511641 at *2 (S.D. Ga. July 23, 2024), disclosing the identity in a 15 U.S.C. § 6851 case "could link her to factual details about her intimate image and its unauthorized distribution, further threatening the rights 15 U.S.C. § 6851 seeks to protect." Similarly, the Court in *Doe v. McCoy*, 2024 WL 843908 (N.D. Ga. Feb. 28, 2024), concluded that disclosure would "plainly compound the harm" suffered. *See also Doe Williams v. Williams*, 2024 WL 2805642 (S.D. Miss. May 31, 2024), emphasized that 15 U.S.C. § 6851 protects against publicization of intimate matters.

Unlike cases where sealing was denied for lack of specificity, *see Paycargo, LLC v. Cargosprint LLC*, 576 F.Supp.3d 1306 (S.D. Fla. Apr. 1, 2021), Plaintiff provides detailed justifications tied to the sensitive content of the documents and the harm of disclosure of the identities. The public's interest in knowing the identities of the declarants is minimal compared to the privacy interests at stake, and sealing will not impair court functions, as the Court can review the unredacted documents.

Plaintiff will submit a proposed order granting this motion via CM/ECF, in accordance with Administrative Order 2018-71 and the CM/ECF Administrative Procedures of the Southern District of Florida.

The person authorized to retrieve any sealed, tangible items is: Carlos A. Garcia Perez Sanchez-Medina, Gonzalez, Quesada, Lage, Gomez & Machado, LLP 201 Alhambra Circle, Suite 1205 Coral Gables, Florida 33134 Telephone: (305) 377-1000 Email: cgarciaperez@smgqlaw.com

**WHEREFORE**, Plaintiff respectfully requests that this Court grant leave to file unredacted versions of (1) Declaration of Abbymc; (2) Declaration of Witness A; and (3) Declaration of Witness B, under seal, to remain sealed for the duration of the litigation, including any appeals, and enter an order directing the Clerk to maintain these documents under seal.

## CERTIFICATE OF CONFERRAL PURSUANT TO LOCAL RULE 7.1(a)(2)

WE HEREBY CERTIFY that counsel for movant made an effort today to confer with opposing counsel regarding the relief sought in this motion but was unable to confer.  In light of the time-sensitive nature of this matter, the motion is being filed in an abundance of caution.  Counsel will continue to make diligent efforts to confer with opposing counsel and come to an agreement.  Upon same, counsel will update the Court.

Dated: May 2, 2025.

Respectfully submitted,

**SANCHEZ-MEDINA, GONZALEZ, QUESADA, LAGE, GOMEZ & MACHADO, LLP**

*/s/Carlos A. Garcia Perez*
CARLOS A. GARCIA PEREZ
Florida Bar No. 106895
GUSTAVO D. LAGE, ESQ.
Florida Bar No. 972551

201 Alhambra Circle, Suite 1205
Coral Gables, Florida, 33134
Tel.: (305) 377-1000
Primary E-Mail: cgarciaperez@smgqlaw.com
Secondary E-Mail: angie@smgqlaw.com

JSP LAW, LLC

*/s/ Joan Schlump Peters*
Joan Schlump Peters (admitted *pro hac vice*)
4819 W. Blvd. Ct.
Naples, Florida 34103
Tel.: 305-299-4759
Email: petersjoan@bellsouth.net


## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2025, I electronically filed the foregoing document with

the Clerk of the Court using the CM/ECF filing system and copies were electronically sent to all

counsel of records via the same.

By: */s/Carlos A. Garcia Perez*
            Attorney