EXHIBIT "3"

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
(MIAMI DIVISION)

**JANE DOE,**

CASE NO: 1:25-cv-20757-JB/Torres

Plaintiff,

v.

**STEVEN K. BONNELL II,**

Defendant.

_____/

## <u>UNSWORN STATEMENT UNDER PENALTY OF PERJURY OF</u>
## <u>JOAN SCHLUMP PETERS PURSUANT TO 28 U.S.C. § 1746</u>

I, Joan Schlump Peters, declare as follows:

1.      I am an attorney admitted to practice *pro hac vice* in the above captioned action. I have personal knowledge of the matters contained herein and if called upon to testify could offer competent testimony thereto.

2.      I am submitting this statement in support of Plaintiff's Motion for Preliminary Injunction at Docket 21, and in response to the Defendant's Opposition at docket 42, Mr. Brettler's Declaration at docket 42-11, and the Defendant's Declaration at docket 42-1.

3.      Regarding Defendant's claims that he has been preserving evidence, Mr. Brettler asserts in his Declaration that "during a telephonic meet and confer with plaintiff's counsel on April 9, 2025, I informed counsel of the steps defendant has taken to preserve evidence in connection with this case." Id., ¶ 7. This portrayal of our meet and confer is not accurate. During the meet and confer Mr. Brettler asserted that his client was not destroying evidence. It was only after being pressed repeatedly for specifics as to how his client was preserving evidence, that Mr.

Brettler finally responded that his client was preserving evidence in JSON files. No other specifics were provided.

4.      Notably, Mr. Brettler's declaration to the Court does not provide any specifics as to the steps Defendant has taken to preserve evidence, and does not mention JSON files. Id.

5.      Defendant Bonnell's declaration however, claims that he has preserved evidence by exporting all relevant Discord messages into an HTML file. Dkt. 42-1, ¶20. Defendant's statement makes no mention of preserving evidence in JSON files. These are two completely different methods of preserving evidence with very different results.

6.      On behalf of the Plaintiff, I and my co-counsel have made significant efforts to try to remove the Video from the multiple platforms, including Kiwi Farms. We have retained experts to assist us in this time consuming and expensive process. Although we succeeded in removing the Video from several of the pornography websites, we have not succeeded in having it removed from Kiwi Farms or other sites where it is still visible. These sites are resistant to removing content and often will only do so pursuant to a Court order.

7.      On behalf of the Plaintiff, I and my co-counsel have also expended significant resources in having subpoenas drafted and served on multiple social media sites in an effort to preserve evidence and then have it deleted from the sites. To date we have served subpoenas on Discord, Google, Instagram and KiwiFarms. Defendant is fully aware of these subpoenas since his counsel was provided with prior notice and copies of the subpoenas.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that, to the best of my knowledge and understanding, the foregoing is true and correct.

Executed in Miami, Florida, this 2nd day of May, 2025.

_s/ Joan Schlump Peters_

Joan Schlump Peters