## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### Case No.: 1:25-cv-20757-JB

JANE DOE,

      Plaintiff,

v.

STEVEN K. BONNELL II,

      Defendant.

_____/

### DEFENDANT'S EVIDENTIARY OBJECTIONS TO: (I) SUPPLEMENTAL DECLARATION OF JANE DOE; (II) DECLARATION OF ABBYME; (III) DECLARATION OF JOAN SCHLUMP PETERS; (IV) DECLARATION OF UNIDENTIFIED WITNESS; AND (V) DECLARATION OF UNIDENTIFIED WITNESS

Defendant Steven K. Bonnell II ("Bonnell") hereby objects to and requests that the Court strike the following portions of the declarations Plaintiff submitted with her reply papers in further support of her Motion for Preliminary Injunction. [ECF Nos. 49-1, 49-2, 49-3, 49-4, and 49-5.]

## I.      SUPPLEMENTAL DECLARATION OF JANE DOE [ECF No. 49-1]

| | Material Objected To: | Grounds for Objection: | Ruling on the Objection: |
|---|---|---|---|
| 1. | ¶ 4 & Ex. A ("He added me as a friend first . . . . Dan is claiming everyone was sharing pornographic materials of others in a nonconsensual manner.") | Inadmissible hearsay. Fed. R. Evid. 802; Improper authentication of Ex. A. *Id.* R. 901. | |
| 2. | ¶ 5 ("Destiny has distorted . . . . Destiny is well aware . . . who had given me consent to share.") | Declarant lacks personal knowledge. Fed. R. Evid. 602. | |
| 3. | ¶ 6 ("The referenced Exhibit . . . . has only compounded the pain and emotional distress that he has already caused me.") | Lacks foundation. Fed. R. Evid. 602.; Lacks relevance. *Id.* R. 402. | |

| | | |
|---|---|---|
| 4. | ¶ 7 ("This is extremely misleading . . . . he knew I had not had, and did not have, 'other sex partners,' but rather just my former boyfriend.") | Declarant lacks personal knowledge and foundation. Fed. R. Evid. 602. | |
| 5. | ¶ 8 & Exs. B-C ("Moreover, on February 26th 2020, I explicitly told him . . . . Additionally, on March 5th, 2024 . . . I asked Destiny if he told her, or anyone, about us being together.  He denied it.  He deleted his side of the messages, but here is mine.") | Inadmissible hearsay.  Fed. R. Evid. 802. Declarant lacks personal knowledge. *Id.* R. 602; Improper authentication of Exs. B-C. *Id.* R. 901. | |
| 6. | ¶ 10 & Ex. D ("Defendant admits he sent the video of me to a random fan . . . he allegedly never told her my name.") | Inadmissible hearsay.  Fed. R. Evid. 802. Lacks foundation and declarant lacks personal knowledge. *Id.* R. 602. Improper authentication of Ex. D. *Id.* R. 901. | |
| 7. | ¶ 9[1] ("Defendant claims that his transmission of the video . . . . Sending media via Discord . . . creates a media link that can be shared with anyone who has a Discord account." | Inadmissible hearsay.  Fed. R. Evid. 802. Lacks foundation and declarant lacks personal knowledge. *Id.* R. 602. Improper lay opinion. *Id.* R. 701. | |
| 8. | ¶ 10 ("This means Rose . . . . This is different from sending a video through text messages . . . sharing the files with others.") | Lacks foundation and declarant lacks personal knowledge. Fed. R. Evid. 602. Improper lay opinion. *Id.* R. 701. | |
| 9. | ¶ 11 ("This means that when [D]estiny sent that video to [R]ose . . . . Destiny knows this is how [D]iscord functions . . . .") | Lacks foundation and declarant lacks personal knowledge. Fed. R. Evid. 602. Improper lay opinion. *Id.* R. 701. Improper authentication of hyperlink. *Id.* R. 901. | |
| 10. | ¶ 12 ("Defendant falsely claims . . . when we know it was at least two times. His claim that he will not share the video again also has no credibility . . . .") | Inadmissible hearsay.  Fed. R. Evid. 802. Lacks foundation and declarant lacks personal knowledge. *Id.* R. 602. Improper lay opinion.  *Id.* R. 701. | |

---

[1] Plaintiff misnumbers the paragraphs in her supplemental declaration.  She repeats paragraph numbers 9 and 10 twice.

| | | |
|---|---|---|
| 11. | ¶ 13 & Ex. E ("False- I have never claimed that 15 potential witnesses told me they received the video of me . . . .Destiny responds with 'I'D PROBABLY JUST TELL HER TO GO TO [Kiwi Farms] LOL.") | Inadmissible hearsay.  Fed. R. Evid. 802. Lacks foundation and declarant lacks personal knowledge. *Id.* R. 602. Improper authentication of Ex. E. *Id.* R. 901. |
| 12. | ¶ 14 ("My face is clearly visible.") | Lacks foundation and declarant lacks personal knowledge. Fed. R. Evid. 602. Improper lay opinion.  *Id.* R. 701. |
| 13. | ¶ 17[2] & Ex. F ("This is FALSE. Bonnell knows I was desperately trying to get the video removed.") | Lacks foundation and declarant lacks personal knowledge. Fed. R. Evid. 602. Improper lay opinion.  *Id.* R. 701. Improper authentication of Ex. F.  *Id.* R. 901. |
| 14. | ¶ 18 ("First, my settlement demand should have remained confidential but apparently nothing is confidential or private for Destiny . . . . I was told that a settlement offer was contingent on me *helping rebuild Destiny's image.*") | Inadmissible hearsay.  Fed. R. Evid. 802. Lacks foundation and declarant lacks personal knowledge. *Id.* R. 602. Improper lay opinion.  *Id.* R. 701. |
| 15. | ¶ 19 & Ex. G ("Destiny's claims that he has preserved evidence are very suspect.  In addition to [D]iscord logs being deleted. . . . they were from Destiny's [G]oogle [D]rive that he shared with Rose.") | Lacks foundation and declarant lacks personal knowledge. Fed. R. Evid. 602. Improper lay opinion.  *Id.* R. 701. Improper authentication of Ex. G.  *Id.* R. 901. |
| 16. | ¶ 20 & Ex. H ("Unlike Destiny who directly told over 1 million people what website to search. . . . If a person read my [S]ubstack . . . they would not know kiwi farms was hosting the leaked content.") | Lacks foundation and declarant lacks personal knowledge. Fed. R. Evid. 602. Improper lay opinion.  *Id.* R. 701. Improper authentication of Ex. H.  *Id.* R. 901. |
| 17. | ¶ 21 & Ex. I ("Moreover, the most damage was done after the initial leaks were posted . . . . There is no evidence indicating the website crashed after I posted my [S]ubstack, nor anything of the sort.") | Lacks foundation and declarant lacks personal knowledge. Fed. R. Evid. 602. Improper lay opinion.  *Id.* R. 701. Improper authentication of Ex. I.  *Id.* R. 901. |

---

[2] Plaintiff again misnumbers the paragraphs in her supplemental declaration.  She skips paragraphs 15 and 16.

| 18. | ¶ 27[3] & Ex. J ("When the initial leaks were posted . . . . Sizeable content creators . . . were making public remarks identifying me in the video.") | Inadmissible hearsay.  Fed. R. Evid. 802. Lacks foundation and declarant lacks personal knowledge. *Id.* R. 602. Improper lay opinion.  *Id.* R. 701. Improper authentication of Ex. J.  *Id.* R. 901. | |
| --- | --- | --- | --- |
| 19. | ¶ 28 ("Finally, I was forced to go public . . . . These videos were gaining tens of thousands of views . . . . I also had no choice but to start a fundraising campaign . . . .") | Lacks foundation and declarant lacks personal knowledge. Fed. R. Evid. 602. Improper lay opinion.  *Id.* R. 701. Improper authentication of hyperlink. *Id.* R. 901. | |
| 20. | ¶ 29 ("I believe he has actively profited from this legal case because he uses it as content on his streaming platform . . . .") | Lacks foundation and declarant lacks personal knowledge. Fed. R. Evid. 602. Improper lay opinion.  *Id.* R. 701. Improper authentication of hyperlink. *Id.* R. 901. | |
| 21. | ¶ 30 ("Destiny also *knows* that leaking nudes or private sexual DMs is . . . . He also believes . . . . Despite knowing this . . . he *still* chose to send my video to other people . . . .") | Lacks foundation and declarant lacks personal knowledge. Fed. R. Evid. 602. Improper lay opinion.  *Id.* R. 701. Improper authentication of hyperlink. *Id.* R. 901. | |
| 22. | ¶ 31 ("I believe that Destiny's repeated behavior . . . is inherently a malicious act in itself.") | Lacks foundation and declarant lacks personal knowledge. Fed. R. Evid. 602. Improper lay opinion.  *Id.* R. 701. Improper authentication of hyperlink. *Id.* R. 901. | |
| 23. | ¶ 32 ("Since the events of November 29th 2024, I have been in a continuous state of grief . . . .") | Lacks foundation. Fed. R. Evid. 602. | |
| 24. | ¶ 33 ("I do not want to live in a world where people like Destiny are able to harm others free of consequence.") | Lacks foundation. Fed. R. Evid. 602. Lacks relevance. *Id.* R. 402. | |
| 25. | ¶ 34 ("I have seen how Destiny has used his community to harass and threaten others . . . . He has posted this information in his online chat, with seemingly no remorse.") | Lacks foundation and declarant lacks personal knowledge. Fed. R. Evid. 602. Improper lay opinion.  *Id.* R. 701. | |

---

[3] Plaintiff skips paragraph numbers 22-26 in her supplemental declaration.

| 26. | ¶ 35 & Ex. K ("I also fear that Destiny wants to use his community to harm me.  He continues to profit off my pain . . . .I know he wishes harm upon me for speaking the truth.") | Lacks foundation and declarant lacks personal knowledge. Fed. R. Evid. 602. Improper lay opinion.  *Id.* R. 701. Improper authentication of Ex. K.  *Id.* R. 901. | |

## II.     DECLARATION OF ABBYME [ECF No. 49-2]

| | **Material Objected To:** | **Grounds for Objection:** | **Ruling on the Objection:** |
|---|---|---|---|
| 27. | The entire declaration is improper as it was filed and provided to counsel only in redacted form without indicating the identity of the declarant. | S.D. Fla. L.R. 5.4(f)(1)(A) ("A filer filing a redacted exhibit must contemporaneously serve a version of the exhibit upon all counsel . . . that is either unredacted or that contains only those redactions authorized in connection with producing a document to another party in discovery.") | |
| 28. | ¶ 6 ("On or about November 3, 2023, Destiny shared through a Google drive link a sexually explicit video that included himself and another streamer, Pixie [sic] (the Plaintiff in this action."). | Lacks foundation and declarant lacks personal knowledge. Fed. R. Evid. 602. Lacks relevance. *Id.* R. 402. Declarant is referring to unrelated and irrelevant videos, which do not feature Plaintiff.  Declarant fails to provide evidence that the Video of Plaintiff was ever shared with her. | |
| 29. | ¶ 7 ("On or about November 3, 2023, I messaged a friend of mine and told him that Destiny had sent me the above mentioned sexually explicit video of himself and another woman. . . .I also told my friend that Destiny had sent me another video of him and another woman . . . .") | Lacks foundation. Fed.  R. Evid. 602. Lacks relevance. *Id.* R. 402. Declarant is referring to unrelated and irrelevant videos, which do not feature Plaintiff.  Declarant fails to provide evidence that the Video of Plaintiff was ever shared with her. | |
| 30. | ¶ 8 ("Throughout my relationship with Destiny, he repeatedly shared with me sexually explicit videos of himself and other women . . . . I know [sic] realize that these women most likely never consented to | Lacks foundation. Fed.  R. Evid. 602. Lacks relevance. *Id.* R. 402. Declarant is referring to unrelated and irrelevant videos, which do not feature Plaintiff.  Declarant fails to | |

| | | | |
|---|---|---|---|
| | having their private videos shared.") | provide evidence that the Video of Plaintiff was ever shared with her. Improper lay opinion. *Id.* R. 701. | |
| 31. | ¶ 10 ("I have recently discovered that Destiny shared sexually explicit videos of himself and me, with other people without my consent, just like he did to Pxie and these other women.") | Lacks foundation. Fed. R. Evid. 602. Lacks relevance. *Id.* R. 402. Declarant is referring to unrelated and irrelevant videos, which do not feature Plaintiff. Declarant fails to provide evidence that the Video of Plaintiff was ever shared with her. Improper lay opinion. *Id.* R. 701. | |

## III.   **DECLARATION OF JOAN SCHLUMP PETERS [ECF No. 49-3]**

| | **Material Objected To:** | **Grounds for Objection:** | **Ruling on the Objection:** |
|---|---|---|---|
| 32. | ¶ 3 ("This portrayal of our meet and confer is not accurate." | Lacks foundation. Fed. R. Evid. 602. | |
| 33. | ¶ 5 ("These are two completely different methods of preserving evidence with very different results."). | Lacks foundation. Fed. R. Evid. 602. Improper lay opinion. *Id.* R. 701. | |
| 34. | ¶ 6 ("These sites are resistant to removing content and often will only do so pursuant to a Court order.") | Lacks foundation. Fed. R. Evid. 602. Lacks relevance. *Id.* R. 402. | |

## IV.   **DECLARATION OF UNIDENTIFIED WITNESS [ECF No. 49-4]**

| | **Material Objected To:** | **Grounds for Objection:** | **Ruling on the Objection:** |
|---|---|---|---|
| 35. | The entire declaration is improper as it was filed and provided to counsel only in redacted form without indicating the identity of the declarant. | S.D. Fla. L.R. 5.4(f)(1)(A) ("A filer filing a redacted exhibit must contemporaneously serve a version of the exhibit upon all counsel . . . that is either unredacted or that contains only those redactions authorized in connection with producing a document to another party in discovery.") | |
| 36. | ¶ 4 ("Destiny shared graphic sexual content of himself alone, as well as graphic content depicting himself and other individuals engaging in sexual acts.") | Lacks foundation. Fed.  R. Evid. 602. Lacks relevance. *Id.* R. 402. Declarant is referring to unrelated and irrelevant videos, which do not feature Plaintiff.  Declarant fails to provide evidence that the Video of Plaintiff was ever shared with her. Improper lay opinion.  *Id.* R. 701. | |
| 37. | ¶ 5 ("The graphic sexual content that he shared with me were [sic] mostly digital videos, although there were some digital photographs as well.") | Lacks foundation. Fed.  R. Evid. 602. Lacks relevance. *Id.* R. 402. Declarant is referring to unrelated and irrelevant videos, which do not feature Plaintiff.  Declarant fails to provide evidence that the Video of Plaintiff was ever shared with her. Improper lay opinion.  *Id.* R. 701. | |

| | | |
|---|---|---|
| 38. | ¶ 8 ("I reached out to Jane Doe on Twitter, and informed her that I was concerned that Destiny had been sharing private sexual content without consent, stating, in part, that 'bank in spring/summer, he [Destiny] had sent me videos with other girls. I assumed he had consent for these, but I realized he likely didn't.'") | Inadmissible hearsay.  Fed. R. Evid. 802. Lacks foundation and declarant lacks personal knowledge. *Id.* R. 602. Lacks relevance. *Id.* R. 402. Declarant is referring to unrelated and irrelevant videos, which do not feature Plaintiff.  Declarant fails to provide evidence that the Video of Plaintiff was ever shared with her. Improper lay opinion.  *Id.* R. 701. | |

## V.    DECLARATION OF UNIDENTIFIED WITNESS [ECF No. 49-5]

| | Material Objected To: | Grounds for Objection: | Ruling on the Objection: |
|---|---|---|---|
| 39. | The entire declaration is improper as it was filed and provided to counsel only in redacted form without indicating the identity of the declarant. | S.D. Fla. L.R. 5.4(f)(1)(A) ("A filer filing a redacted exhibit must contemporaneously serve a version of the exhibit upon all counsel . . . that is either unredacted or that contains only those redactions authorized in connection with producing a document to another party in discovery.") | |
| 40. | ¶ 3 ("Shortly thereafter we arranged to get together in [redacted] where we began a sexual relationship.") | Lacks relevance. *Id.* R. 402. | |
| 41. | ¶ 4 ("Thereafter, Destiny and I remained in contact . . . . we began sharing pictures/videos of a sexual nature with one another. Most of the videos that Destiny sent were of him alone, however, at least one of these videos included himself and his wife.") | Lacks foundation. Fed.  R. Evid. 602. Lacks relevance. *Id.* R. 402. Declarant is referring to unrelated and irrelevant videos, which do not feature Plaintiff.  Declarant fails to provide evidence that the Video of Plaintiff was ever shared with her. Improper lay opinion.  *Id.* R. 701. | |

| 38. | ¶ 5 ("The recordings were made with my consent, and I authorized Destiny to share the recordings with his wife, exclusively. I did not authorize Destiny to share these recordings with anyone else, or to otherwise make them public.") | Lacks foundation. Fed. R. Evid. 602. Lacks relevance. *Id.* R. 402. Declarant is referring to unrelated and irrelevant videos, which do not feature Plaintiff. Declarant fails to provide evidence that the Video of Plaintiff was ever shared with her. Improper lay opinion. *Id.* R. 701. | |
| --- | --- | --- | --- |
| 39. | ¶ 7 ("In late November 2024, I was harassed by multiple individuals while on Discord who informed me that a video involving Destiny and myself had leaked online . . . . I confronted Destiny who told me that he was sorry that any videos involving myself had leaked because of him. Destiny also told me that he had only shared this content with a single individual who went by the screen name 'Rose.'") | Lacks foundation. Fed. R. Evid. 602. Lacks relevance. *Id.* R. 402. Declarant is referring to unrelated and irrelevant videos, which do not feature Plaintiff. Declarant fails to provide evidence that the Video of Plaintiff was ever shared with her. Improper lay opinion. *Id.* R. 701. Inadmissible hearsay. *Id.* R. 802. | |
| 40. | ¶ 8 ("I received messages from multiple women on Discord and Twitter who had been in contact with Destiny and who told me that Destiny had shared with them sexual content depicting myself and well as others.") | Lacks foundation. Fed. R. Evid. 602. Lacks relevance. *Id.* R. 402. Declarant is referring to unrelated and irrelevant videos, which do not feature Plaintiff. Declarant fails to provide evidence that the Video of Plaintiff was ever shared with her. Improper lay opinion. *Id.* R. 701. Inadmissible hearsay. *Id.* R. 802. | |

Dated: May 5, 2025

Respectfully submitted,

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580
Fax: (305) 374-7593

By: */s/ Robert L. Raskopf*
Robert L. Raskopf, Esq.
Florida Bar No.: 1040022
rraskopf@bilzin.com
Patricia M. Patino, Esq.
Florida Bar No.: 1007702
ppatino@bilzin.com

*and*

**BERK BRETTLER LLP**
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel: (310) 278-2111

By: */s/ Andrew B. Brettler*
Andrew Brad Brettler, Esq.
California Bar No.: 262928
abrettler@berkbrettler.com
Jake A. Camara, Esq.
California Bar No.: 305780
jcamara@berkbrettler.com
(admitted *pro hac vice*)

*Counsel for Steven K. Bonnell I*

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on May 5, 2025, a true and correct copy of the foregoing was served on all parties via transmission of Notices of Electronic Filing generated by CM/ECF and via electronic transmission to counsel of record for these parties.

By: *<u>/s/ Robert L. Raskopf</u>*
Attorney