UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

**Miami Division**

JANE DOE,                                                          Case No.: 1:25-cv-20757-JB/Torres

       Plaintiff,

v.

STEVEN K. BONNELL II,

       Defendant.

_____/

### <u>PLAINTIFF JANE DOE'S AMENDED EVIDENTIARY OBJECTIONS TO DECLARATION OF DEFENDANT STEVEN K. BONNELL II</u>

Plaintiff Jane Doe, by and through the undersigned counsel, respectfully submits the

following evidentiary objections to the declarations of Defendant in support of his Opposition to

the Preliminary Injunction request. [ECF No. 42-1]. Plaintiff hereby objects and moves to strike

the following portions of Defendant's Declarations, with the understanding that the evidentiary

rules are more relaxed at the preliminary injunction stage. *See FTC v. Simple Health Plans LLC*,

379 F. Supp. 3d 1346, 1358 (S.D. Fla. 2019) (finding that the evidentiary rules are relaxed and the

Court is permitted to rely on evidence that might not be admissible for a permanent injunction).

| | Material Objected to: | Grounds: | Ruling: |
|---|---|---|---|
| 1. | ¶ 5 ("Multiple times Plaintiff offered to send me, and in fact did send me, sexually explicit videos of herself and her partner(s) and encouraged me to . . . reflects that Plaintiff wanted to and, in fact did, share multiple sexually explicit videos of herself with third parties.") | **Relevance. Fed. R. Evid. 401, 402, 403** Whether or not this is true does not make any fact of consequence more or less probable. Therefore, there is no probative value to this statement (or the exhibit) and the prejudicial effect (including confusing the issues) substantially outweighs any | |

|  |  |  |  |
|---|---|---|---|
|  |  | probative effect Defendant may argue exists.<br>**Improper Authentication of Evidence. Fed. R. Evid. 901**<br>Authenticity of Exhibit A has not been properly established.<br>**Improper character evidence. Fed. R. Evid. 404, 412**<br>Sole purpose this evidence is being offered is to show the victim's sexual behavior or sexual predisposition - which the rule prohibits, unless the probative value substantially outweighs any harm to any victim or any unfair prejudice to any party. No probative value exists here. |  |
| 2. | ¶ 6 ("In another message Plaintiff sent me at 5:12 a.m. EST on March 19, 2020, she suggested that we meet and "make some videos together." Plaintiff repeated this suggestion on September 6, 2020—six days before we met in person. Attached hereto as **Exhibit B** are true and correct copies of Plaintiff's aforementioned correspondence from March and September 2020.") | **Relevance. Fed. R. Evid. 401, 402, 403**<br>Whether or not this is true does not make any fact of consequence more or less probable. Therefore, there is no probative value to this statement (or the exhibit) and the prejudicial effect (including confusing the issues) substantially outweighs any probative effect Defendant may argue exists.<br>**Improper Authentication of Evidence. Fed. R. Evid. 901**<br>Authenticity of Exhibit B has not been properly established.<br>**Improper character evidence. Fed. R. Evid. 404, 412**<br>Sole purpose this evidence is being offered is to show the victim's sexual behavior or sexual predisposition which the rule prohibits unless the probative value substantially outweighs any harm to any victim or any unfair prejudice to any party. No such probative value exists here. |  |
| 3. | ¶ 7 ("On or about September 12, 2020, Plaintiff and I met and agreed to record our sexual encounter (the "Video"). At | **Inadmissible Hearsay. Fed. R. Evid. 801** |  |

| | | | |
|---|---|---|---|
| | that time, I was engaged to be married. I told Plaintiff that my then-fiancée and I enjoyed watching such videos of each other. Plaintiff did not object to me showing the Video to my then- fiancée, or to anyone else. Based on our correspondence and the content she previously shared with me, Plaintiff demonstrated that she was comfortable sending videos of herself with other sex partners.") | As to the Defendant's own statements, they are inadmissible Hearsay. **Relevance. Fed. R. Evid. 401,402, 403** Although the statements made in this paragraph regarding consent are false, the Defendant should additionally not be allowed to state the material because any probative effect it may have would be substantially outweighed by the prejudicial effect (and risk of confusing the issues). It is uncontested that Defendant did not have consent to share the video and this is just an attempt to create confusion. Nothing elicited in this paragraph has any tendency to make a fact of consequence more or less likely. **Improper character evidence. Fed. R. Evid. 404, 412** Sole purpose this evidence is being offered is to show the victim's sexual behavior or sexual predisposition which the rule prohibits unless the probative value substantially outweighs any harm to any victim or any unfair prejudice to any party. | |
| 4. | ¶ 9 ("Based on information and belief, I have not sent the Video to anyone other than Rose. I certainly have not sent the Video to anyone *since* I sent the Video to Rose on April 9, 2022 . . . The timestamps on page 2 of the Exhibit reflect that Rose was corresponding from a time zone five hours ahead of me in Miami, Florida. It was April 10, 2022, at 1:06 a.m. UTC (i.e., April 9, 2022 at 8:06 p.m. EDT), when Rose and I began corresponding regarding the Video.") | **Improper Lay Witness Opinion. Fed. R. Evid. 701** Defendant makes improper conclusions based on technical, or other specialized knowledge. **Lack of personal Knowledge, Lack of Foundation. Fed. R. Evid. 602** There has been no foundation established to show that the Defendant would have personal knowledge on the settings of the account belonging to "Rose." Defendant is speculating. | |

| | | | |
|---|---|---|---|
| | | **Improper Authentication of Evidence. Fed. R. Evid. 901** Authenticity of Exhibit C has not been properly established. There is a clear difference between the threads offered as Exhibit C, even though Defendant purports them to be the same conversation, messages are missing and the evidence has clearly been tampered with. | |
| 5. | ¶ 11 ("Plaintiff falsely claims that at least 15 potential witnesses contacted her claiming to have evidence that I shared the Video with them. I did no such thing. Indeed, in support of her Motion for a Preliminary Injunction, despite boasting about how much evidence she had, Plaintiff provided only *one* declaration from a person named Hannah Daniels Brooke. Despite that she uses the same defined term, the statements in Ms. Brooke's declaration have nothing to do with the actual Video at the center of this dispute. The "Video" to which Ms. Brooke refers in her declaration (Brooke Decl. ¶¶ 5-7) is a completely unrelated video featuring me and another friend that has nothing to do with Plaintiff or her claims against me in this case.") | **Relevance. Fed. R. Evid. 401,402, 403** The claims made in this paragraph are the direct result of Defendant misinterpreting the facts. Ms. Doe has never claimed that 15 individuals contacted her about the sharing of her video, but of the Defendant's sharing of other videos without consent. Additionally, it is unclear where Defendant got the impression that Ms. Brooke is referencing videos that do not include the one at the center of this case. As such, this paragraph is not relevant - it has no tendency to make a fact of consequence more or less probable because it is based on a misstatement of the facts. Additionally, it has no probative value and would only serve to unfairly prejudice Ms. Doe or to confuse the issues. | |
| 6. | ¶ 12 ("When I woke up on November 29, 2024, I learned that I was the victim of revenge pornography . . . I do not know the identity of the person or persons who leaked and unlawfully published this content online, but I suspect it was someone with access (whether lawfully or not) to Rose's Discord chats with me. Among the materials that were unlawfully published to the | **Relevance. Fed. R. Evid. 401, 402, 403** Whether or not this is true does not make any fact of consequence more or less probable. Therefore, there is no probative value to this statement (or the exhibit) and the prejudicial effect (including confusing the issues) substantially outweighs any probative effect Defendant may argue exists. | |

| | | | |
|---|---|---|---|
| | KiwiFarms site was the Video that Plaintiff and I recorded together.") | **Lack of personal Knowledge, Lack of Foundation, Calls for speculation. Fed. R. Evid. 601** Defendant admits to not knowing but that he "suspects." | |
| 7. | ¶ 13 ("Attached hereto as **Exhibit D** is a true and correct copy of the message Plaintiff sent me at 9:06 p.m. EST on November 29, 2024. At that time, Plaintiff also asked me to delete the Videos. Doe Decl. ¶ 9.") | **Improper Authentication of Evidence. Fed. R. Evid. 901** Authenticity of Exhibit D has not been properly established. | |
| 8. | ¶ 14 ("In or about the first week of December 2024, I retained specialized legal counsel, with expertise in revenge pornography matters, to assist me in connection with having my sexually explicit content, including the Video I made with Plaintiff, removed from the Internet.") | **Relevance. Fed. R. Evid. 401, 402, 403** Whether or not this is true does not make any fact of consequence more or less probable. Therefore, there is no probative value to this statement (or the exhibit) and the prejudicial effect (including confusing the issues) substantially outweighs any probative effect Defendant may argue exists. | |
| 9. | ¶ 15 ("Thereafter, Plaintiff and I communicated about my efforts to have that content, including our Video, removed from any website on which it was unlawfully published. I provided Plaintiff with updates on my progress with respect to the removal efforts by me and my attorneys. Plaintiff also had the ability and legal right to seek removal of the Video from the online platforms on which it was hosted. However, I am not aware of any efforts that Plaintiff made to have the Video removed from any site, including KiwiFarms.") | **Relevance. Fed. R. Evid. 401,402, 403** The information does not make any fact of consequence more or less probable. Additionally, this statement offers no probative value and is substantially outweighed by its prejudicial effect. Saying Plaintiff did not make efforts to have video removed, although not true, confuses the issues by placing burden on Ms. Doe. **Inadmissible Hearsay. Fed. R. Evid. 801** As to the Defendant's own statements, they are inadmissible Hearsay. | |
| 10. | ¶ 16 ("On December 11, 2024, Plaintiff's tone towards me turned hostile and threatening in messages she sent me. I also began receiving hostile messages from one of Plaintiff's friends, | **Relevance. Fed. R. Evid. 401,402, 403** The information does not make any fact of consequence more or less probable. Additionally, this statement offers no probative value | |

| | | | |
|---|---|---|---|
| | Lauren Dreeben Hayden that same day.") | and is substantially outweighed by its prejudicial effect. **Inadmissible Hearsay. Fed. R. Evid. 801** | |
| 11. | ¶ 17 ("I then contacted a mutual friend of Plaintiff and me to see if there was anything I could do to help Plaintiff. After speaking with Plaintiff, our mutual friend advised me that I should offer Plaintiff money, and that Plaintiff was settling on a figure sufficient to cover her future tuition fees.") | **Relevance. Fed. R. Evid. 401,402, 403** The information does not make any fact of consequence more or less probable. Additionally, this statement offers no probative value and is substantially outweighed by its prejudicial effect. **Inadmissible Hearsay. Fed. R. Evid. 802** As to statements about what third party told Defendant. **Hearsay within Hearsay. Fed. R. Evid. 805** As to Defendant's statements about what third party was allegedly told by Ms. Doe. **Compromise Offers and Negotiations. Fed. R. Evid. 408.** Defendant details compromise offer and negotiations which are inadmissible. | |
| 12. | ¶ 18 ("In a message to me that Plaintiff has since deleted, at 2:13 a.m. EST on December 12, 2024, Plaintiff wrote, "I feel like whatever I ask you to cover will be too high a price . . ." Attached hereto as **Exhibit E**, is a true and correct copy of Plaintiff's correspondence to me, dated December 12, 2024.") | **Relevance. Fed. R. Evid. 401,402, 403** The information does not make any fact of consequence more or less probable. Additionally, this statement offers no probative value and is substantially outweighed by its prejudicial effect. **Compromise Offers and Negotiations. Fed. R. Evid. 408.** Defendant details compromise offer and negotiations which are inadmissible. **Improper Authentication of Evidence. Fed. R. Evid. 901** Authenticity of Exhibit E has not been properly established. | |
| 13. | ¶ 19 ("On or about January 22, 2025, I received a document preservation demand letter from Plaintiff's attorneys. | **Relevance. Fed. R. Evid. 401,402, 403, 408** | |

| | | | |
|---|---|---|---|
| | On January 31, 2025, Plaintiff's attorneys sent a follow-up letter demanding, among other things, that I immediately pay Plaintiff $15 million for alleged damages incurred and that I take measures to prevent the further dissemination and/or distribution of the Video that Plaintiff and I made together. Based on the federal statute Plaintiff threatened to sue me under, even if Plaintiff were successful in her lawsuit, her damages are capped at $150,000, 15 U.S.C. § 6851(b)(3)(A)(i). After learning this fact, I believed her demand was absurd, outrageous, and unlawful.") | The information does not make any fact of consequence more or less probable. Additionally, this statement offers no probative value and is substantially outweighed by its prejudicial effect (confusing the issues). **Compromise Offers and Negotiations. Fed. R. Evid. 408.** Defendant details demand letter sent as a compromise offer and negotiations which are inadmissible. **Lack of personal Knowledge, Lack of Foundation. Fed. R. Evid. 602.** Defendant is speculating as to damages of Plaintiff. **Improper Lay Witness Opinion. Fed. R. Evid. 701** Defendant makes improper conclusions based on technical, or other specialized knowledge. | |
| 15. | ¶ 22 ("Notwithstanding my compliance with all document preservation obligations, Plaintiff and her attorneys continue to falsely accuse me of "systematically deleting and destroying evidence." . . . By that point, as a result of the leaks and the public allegations that Plaintiff made against me, my reputation had been significantly damaged, especially within the streaming community. I have been subjected to endless criticism online and elsewhere. To date, I have lost tens of thousands of subscribers and an estimated $300,000 in revenue.") | **Relevance. Fed. R. Evid. 401,402, 403** The information does not make any fact of consequence more or less probable. Additionally, this statement offers no probative value and is substantially outweighed by its prejudicial effect (confusing the issues). Specifically, referring to the damages claimed by Defendant - they add no probative value and merely serve to confuse the issues. **Lack of personal Knowledge, Lack of Foundation. Fed. R. Evid. 602.** Defendant is speculating as to damages. **Improper Lay Witness Opinion. Fed. R. Evid. 701** Defendant makes improper conclusions based on technical, or other specialized knowledge. | |

| | | **Inadmissible Hearsay. Fed. R. Evid. 801** | |
|---|---|---|---|
| 16. | ¶ 23 ("In addition to the harm she caused me by spreading false rumors about me, Plaintiff played a huge role in exacerbating the harm that she allegedly suffered by posting a public statement about the leaks on her Substack page. Plaintiff's Substack post, which is still active, is available at https://pxie412.substack.com/p/i-will-be-suing-steven-kenneth-bonnell (last visited Apr. 25, 2025). In that Substack post, Plaintiff falsely accused me of intentionally distributing "pornographic content" featuring Plaintiff and "using a proxy to widely distribute" that content (i.e., the Video). In no uncertain terms, Plaintiff falsely accused me of masterminding the widespread leak of the Video for self-promotional reasons. Nothing could be farther from the truth. In reality, I was the primary target of the leaks, both reputationally and personally. The content was disseminated by an individual or individuals on a forum known for its explicit hostility towards me, with users openly expressing a coordinated intent to damage my career and personal life. Plaintiff's false accusations and public narrative not only mischaracterized the events, but also amplified the spread of the leaked materials, including the Video, thereby exacerbating the harm Plaintiff attributes solely to me.") | **Relevance. Fed. R. Evid. 401,402, 403** The information does not make any fact of consequence more or less probable. Additionally, this statement offers no probative value and is substantially outweighed by its prejudicial effect. Whether or not the Defendant was the primary target of these leaks, confuses the issues and any probative value this information has is substantially outweighed by the risk of the issues being confused. The issue in this case is whether Defendant initially shared Ms. Doe's video without consent, not whether someone leaked it after. The video being leaked would have only happened as a direct consequence of his actions. **Inadmissible Hearsay. Fed. R. Evid. 801 Hearsay within Hearsay. Fed. R. Evid. 805** As to the Substack post and statements from said post. **Lacks personal knowledge, Lack of foundation, Calls for speculation. Fed. R. Evid. 602** Defendant has not laid the proper foundation to show whether he has knowledge on how the views of the video he shared were distributed. Defendant is speculating. **Improper Lay Witness Opinion Fed. R. Evid. 701** Defendant makes improper conclusions based on technical, or other specialized knowledge. | |
| 17. | ¶ 24 ("In the same Substack post, Plaintiff also indicated that she was planning to file a lawsuit against me. Plaintiff used her social media accounts to advertise and promote her Substack | **Relevance. Fed. R. Evid. 401,402, 403** The information does not make any fact of consequence more or less probable. Additionally, this | |

| | | | |
|---|---|---|---|
| | post. Attached hereto as **Exhibit F** are true and correct copies of Plaintiff's posts on X and BlueSky Social in which she wrote, "I will be suing [Destiny] in federal court. Here's my story," and provided a link to her Substack post. Plaintiff's commentary drew significant attention online and caused innumerable people to search for and download the Video from the KiwiFarms website.") | statement offers no probative value and is substantially outweighed by its prejudicial effect. **Inadmissible Hearsay. Fed. R. Evid. 801 Hearsay within Hearsay. Fed. R. Evid. 805** As to the Substack post and statements from said post. **Lacks personal knowledge, Lack of foundation, Calls for speculation. Fed. R. Evid. 602** Defendant has not laid the proper foundation to show he has knowledge on how the views of the video he shared were distributed. Defendant is speculating. **Improper Lay Witness Opinion Fed. R. Evid. 701** Defendant makes improper conclusions based on technical, or other specialized knowledge. **Improper Authentication of Evidence. Fed. R. Evid. 901** Authenticity of Exhibit F has not been properly established. | |
| 18. | ¶ 25 ("The owner and Operator of the KiwiFarms site (who uses the handle @Null) is aware of this lawsuit and the fact that the Video is being hosted there. Attached hereto as **Exhibit G** are a true and correct copies of posts that the owner of KiwiFarms published acknowledging the lawsuit and the claims that Plaintiff alleged against me.") | **Relevance. Fed. R. Evid. 401,402, 403** The information does not make any fact of consequence more or less probable. Additionally, this statement offers no probative value and is substantially outweighed by its prejudicial effect. | |
| 19. | ¶ 26 ("Plaintiff and her friend, Ms. Hayden, also created a GiveSendGo page (similar to a GoFundMe page) to raise money not for Plaintiff's medical treatment for alleged trauma, but to cover Plaintiff's *legal fees* in her lawsuit against me. Plaintiff's GiveSendGo page, which is still active, is available at https://www.givesendgo.com/suedestiny (last visited Apr. 25, 2025). The | **Relevance. Fed. R. Evid. 401,402, 403** The information does not make any fact of consequence more or less probable. Additionally, this statement offers no probative value and is substantially outweighed by its prejudicial effect as it confuses the issues. **Improper Authentication of Evidence. Fed. R. Evid. 901** | |

9

| | | | |
|---|---|---|---|
| | GiveSendGo page includes a link to Plaintiff's Substack post about her allegations against me. To date, Plaintiff has raised approximately $50,000 of her $130,000 fundraising goal. Plaintiff increased her fundraising goal to $130,000 after she met her originally established fundraising goal of $25,000. Attached hereto as **Exhibit H** is a true and correct copy of the GiveSendGo page as it originally appeared on January 20, 2025.") | Authenticity of Exhibit H has not been properly established. **Inadmissible Hearsay. Fed. R. Evid. 801 Hearsay within Hearsay. Fed. R. Evid. 805** | |
| 20. | ¶ 27 ("In addition to her Substack and GiveSendGo pages, Plaintiff has posted numerous messages online, including on X (using the handle @pxielove), about me, my attorneys, and the allegations in her lawsuit. Attached hereto as **Exhibit I** are true and correct copies of some of Plaintiff's social media posts. In one of the posts to X from January 20, 2025, Plaintiff wrote: "My goal here is not public humiliation of Steven, or even all the money in the world, it's him receiving such a financial hit/penalty that he will permanently learn his lesson.") | **Relevance. Fed. R. Evid. 401,402, 403** The information does not make any fact of consequence more or less probable. Additionally, this statement offers no probative value and is substantially outweighed by its prejudicial effect as it confuses the issues. **Improper Authentication of Evidence. Fed. R. Evid. 901** Authenticity of Exhibit I has not been properly established. | |
| 21. | ¶ 28 ("Plaintiff's public comments have led to more interest in the Video. Indeed, in some of her public posts, including in her own motion papers. Rather than filing her papers under seal, in her brief, Plaintiff identifies specific websites on which the Video is available for viewing and/or download and provides URLs to those sites. *See* Mot. at 7-8 (listing multiple websites and providing search terms to find the Video). Until reading Plaintiff's motion, I had no idea whether the Video was available on some of those sites.") | **Relevance. Fed. R. Evid. 403** Defendant's statements are misleading as they attempt to shift the burden onto Ms. Doe for the consequences of Defendant's actions. As such, the statement is highly unfairly prejudicial and any probative value would be outweighed by the risk of the issues being confused. **Lacks personal knowledge, Lack of foundation, Calls for speculation. Fed. R. Evid. 602** Defendant has not laid the proper foundation and cannot lay a foundation in order to show he has knowledge on what the proper procedures would have been for Ms. Doe to file suit against him. | |

| | | **Improper Lay Witness Opinion Fed. R. Evid. 701**<br>Defendant makes improper conclusions based on technical, or other specialized knowledge. | |
|---|---|---|---|
| 22. | ¶ 29 ("To date, I have lost over $300,000 in revenue from streaming platforms.") | **Relevance. Fed. R. Evid. 401, 402, 403**<br>The information does not make any fact of consequence more or less probable. Additionally, this statement offers no probative value and is substantially outweighed by its prejudicial effect as it confuses the issues. Defendant is not being silenced but merely being asked to cease from harassing Ms. Doe. No harm has been intentionally or maliciously done to Defendant. **Lacks personal knowledge, Lack of foundation, Calls for speculation. Fed. R. Evid. 602**<br>No foundation has been laid to show that Defendant has suffered economic harm as a direct result of any malicious behavior from Ms. Doe. Defendant is speculating. | |

Dated: May 6, 2025.


**JSP LAW, LLC**
Joan Schlump Peters
(admitted *pro hac vice)*
4819 W. Blvd. Ct.
Naples, FL 34103
Tel. 305-299-4759
Email: petersjoan@bellsouth.net
Counsel for Plaintiff JANE DOE

**SANCHEZ-MEDINA GONZALEZ QUESADA LAGE GOMEZ & MACHADO, LLP**
CARLOS A. GARCIA PEREZ
Florida Bar No. 106895
GUSTAVO D. LAGE
Florida Bar No.  972551
201 Alhambra Circle, Suite 1205
Coral Gables, Florida, 33134
Tel.: (305) 377-1000
Primary E-Mail: cgarciaperez@smgqlaw.com
Primary E-Mail: glage@smgqlaw.com
Counsels for Plaintiff


           */s/ Carlos A. Garcia Perez*
By:_____
           CARLOS A. GARCIA PEREZ
           Attorney for Plaintiff


11

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was emailed on May 6,

2025, to the below counsel of record.

                                                            */s/ Carlos A. Garcia Perez*
                                        By:_____
                                                            CARLOS A. GARCIA PEREZ
                                                            Attorney for Plaintiff

BILZIN SUMBERG BAENA PRICE & AXELROD LLP
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580
Fax: (305) 374-7593
Robert L. Raskopf, Esq. Florida Bar No.: 1040022 rraskopf@bilzin.com
Patricia M. Patino, Esq. Florida Bar No.: 1007702 ppatino@bilzin.com
Counsel for Defendant STEVEN K. BONNELL II


BERK BRETTLER LLP
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel: (310) 278-2111
Andrew B. Brettler, Esq. California Bar No.: 262928 abrettler@berkbrettler.com
Jake A. Camara, Esq. California Bar No.: 305780 jcamara@berkbrettler.com
Counsel for Defendant STEVEN K. BONNELL II

12