## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### Case No.: 1:25-cv-20757-JB/Torres

JANE DOE,

      Plaintiff,

v.

STEVEN K. BONNELL II,

      Defendant.

_____/

### PLAINTIFF'S RESPONSE TO DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATIONS SUBMITTED IN SUPPORT OF PRELIMINARY INJUNCTION [ECF No. 66]

Plaintiff, JANE DOE, by and through the undersigned counsel, respectfully submits her Response to Defendant's Evidentiary Objections to the Declarations Submitted in Support of Preliminary Injunction ("Objections") [ECF No.66]:

### I.    INTRODUCTION

Defendant objects to material found in the Declarations of Jane Doe, Abbymc, Joan Schlump Peters, and Witness A and Witness B [ECF Nos. 49-1 through 49-5], submitted as exhibits to Plaintiff's Reply to Opposition to Motion for Preliminary Injunctions. [ECF No. 49]. Defendant's objections are without merit. There are also multiple objections which do not even indicate what the objection specifically applies to and are thus boilerplate objections. Below are Plaintiff's specific responses to each objection.

1

## II.      LEGAL STANDARD

While in no way admitting that the evidence would be inadmissible, it is important to note that during the preliminary injunction stage "the evidentiary rules are relaxed and the Court is permitted to rely on evidence that might not be admissible for a permanent injunction, 'so long as the evidence is appropriate given the character and purpose of the injunction proceedings.'" *FTC v. Simple Health Plans LLC*, 379 F. Supp. 3d 1346, 1358 (S.D. Fla. 2019) (citing *Caron Found. of Fla., Inc. v. City of Delray Beach*, 879 F. Supp. 2d 1353, 1360 (S.D. Fla. 2012). In fact, the court "**may consider otherwise inadmissible evidence at the preliminary injunction** stage." *Gulf Coast Commer. Corp. v. Gordon River Hotel Assocs.*, No. 2:05-cv-564-FtM-33SPC, 2006 U.S. Dist. LEXIS 30492, at *5 (M.D. Fla. May 18, 2006) (citing *Sierra Club v. Fed. Deposit Ins. Corp.*, 992 F.2d 545 (5th Cir. 1993) (stating that "at the preliminary injunction stage, the procedures in the district court are less formal, and the district court may rely on otherwise inadmissible evidence, including hearsay evidence.")

### A.   DECLARATION OF JANE DOE [ECF No. 49-1]

|  | **Material Objected To:** | **Grounds for Objection:** | **Response:** | **Ruling on the Objection:** |
|---|---|---|---|---|
| 1. | ¶ 4 & Ex. A ("He added me as a friend first . . . . Dan is claiming everyone was sharing pornographic materials of others in a nonconsensual manner.") | Inadmissible hearsay. Fed. R. Evid. 802; Improper authentication of Ex. A. *Id.* R. 901. | **Hearsay. Fed. R. Evid. 106, 801, 802, 803(3)** This statement is not hearsay because it is not being used to prove the truth of the matter asserted but merely to show that the Defendant misrepresented the statement by Plaintiff. Additionally, even if it were hearsay it would still be admissible because the Defendant has misrepresented what this statement is, according to Fed. R. Evid. 106, Plaintiff may require the rest of the |  |

| | | | | |
|---|---|---|---|---|
| | | | conversation because in fairness it ought to be considered at the same time. Plaintiff can do so over a hearsay objection. Plaintiff has established a good faith basis for these exhibits being true and correct copies of what they proport to be. Additionally, these statements could be used for the truth of the matter asserted under FRE 803(3) because they go to the Declarant's then-existing state of mind. **Authentication. Fed. R. Evid. 901** Plaintiff has established a good faith basis for these exhibits being true and correct copies of what they proport to be. | |
| 2. | ¶ 5 ("Destiny has distorted . . . . Destiny is well aware . . . who had given me consent to share.") | Declarant lacks personal knowledge. Fed. R. Evid. 602. | **Personal Knowledge. Fed. R. Evid. 602** It has been established that Plaintiff's personal knowledge is based on her own communications with Destiny, which are admissions by a party opponent. | |
| 3. | ¶ 6 ("The referenced Exhibit . . . . has only compounded the pain and emotional distress that he has already caused me.") | Lacks foundation. Fed. R. Evid. 602.; Lacks relevance. *Id.* R. 402. | **Personal Knowledge. Fed. R. Evid. 602** It has been established that Plaintiff has personal knowledge of her receipt of the videos of Melina, the filming of the Videos[1], and her own "pain and emotional distress". Accordingly, there is an adequate foundation. **Relevance. Fed. R. Evid. 401, 402** These statements are relevant because they are responding to Defendant's assertions, and because they go directly to | |

---

[1] All capitalized terms not herein defined shall have the meaning ascribed to them in the Complaint [ECF No. 1].

| | | | | |
|---|---|---|---|---|
| | | | damages and to the on-going emotional distress the defendant has caused. Fed. R. Evid. 401 | |
| 4. | ¶ 7 ("This is extremely misleading . . . . he knew I had not had, and did not have, 'other sex partners,' but rather just my former boyfriend.") | Declarant lacks personal knowledge and foundation. Fed. R. Evid. 602. | **Personal Knowledge. Fed. R. Evid. 602** It has been established that Plaintiff has personal knowledge of her communications with Destiny, and has laid that foundation. Statements made by Defendant are admissions by a party opponent. | |
| 5. | ¶ 8 & Exs. B-C ("Moreover, on February 26th 2020, I explicitly told him . . . . Additionally, on March 5th, 2024 . . . I asked Destiny if he told her, or anyone, about us being together. He denied it. He deleted his side of the messages, but here is mine.") | Inadmissible hearsay. Fed. R. Evid. 802. Declarant lacks personal knowledge. *Id.* R. 602; Improper authentication of Exs. B-C. *Id.* R. 901. | **Hearsay. Fed. R. Evid. 801,802, 803(3)** This statement is not hearsay because it is not being offered to prove the truth of the matter asserted but to show that Defendant had notice of Plaintiff's wish to keep the nature of their relationship private. Defendant's admissions are not hearsay pursuant to Fed. R. Evid. 801(d)(2)(A) as they are admissions by a party opponent. Additionally, these statements could be used for the truth of the matter asserted because Ms. Doe's impression goes to her then-existing state of mind under Fed. R. Evid. 803(3). **Personal Knowledge. Fed. R. Evid. 602** It has been established that Plaintiff has personal knowledge based on her relationship with and communications with Destiny. **Authentication. Fed. R. Evid. 901** Plaintiff has established a good faith basis for these exhibits | |

| | | | being true and correct copies of what they purport to be. | |
|---|---|---|---|---|
| 6. | ¶ 10 & Ex. D ("Defendant admits he sent the video of me to a random fan . . . he allegedly never told her my name.") | Inadmissible hearsay. Fed. R. Evid. 802. Lacks foundation and declarant lacks personal knowledge. *Id.* R. 602. Improper authentication of Ex. D. *Id.* R. 901. | **Hearsay. Fed. R. Evid. 801,802, 803(3)** As to Defendant's admissions, they are not hearsay under Fed. R. Evid. 801(d)(2). Exhibit D is not being used to prove the truth of the matter asserted but merely to show that Plaintiff was in fact identifiable in this video that the Defendant shared without her consent. Additionally, these statements could be used for the truth of the matter asserted because Ms. Doe's impression goes to her then-existing state of mind under Fed. R. Evid. 803(3). **Personal Knowledge. Fed. R. Evid. 602** It has been established that Plaintiff has personal knowledge of these events based on her relationship with and communications with Destiny. **Authentication. Fed. R. Evid. 901** Plaintiff has established a good faith basis for these exhibits being true and correct copies of what they purport to be. | |
| 7. | ¶ 91 ("Defendant claims that his transmission of the video . . . . Sending media via Discord . . . creates a media link that can be shared with anyone who has a Discord account." | Inadmissible hearsay. Fed. R. Evid. 802. Lacks foundation and declarant lacks personal knowledge. *Id.* R. 602. Improper lay opinion. *Id.* R. 701. | **Hearsay. Fed. R. Evid. 801, 802** Defendant's admissions are not hearsay pursuant to Fed. R. Evid. 801(d)(2)(A) as they are admissions by a party opponent. **Personal Knowledge. Fed. R. Evid. 602** It has been established that Plaintiff has personal knowledge of these events based on her relationship with and communications with Destiny. **Lay Opinion Fed. R. Evid. 701** | |

| | | | | |
|---|---|---|---|---|
| | | | This is a proper opinion based on Plaintiff's familiarity as a streamer and user of Discord, without discussing the technical aspects which would fall under 702. | |
| 8. | ¶ 10 ("This means Rose . . . . This is different from sending a video through text messages . . . sharing the files with others.") | Lacks foundation and declarant lacks personal knowledge. Fed. R. Evid. 602. Improper lay opinion. *Id.* R. 701. | **Personal Knowledge. Fed. R. Evid. 602** It has been established that Plaintiff has personal knowledge of these events based on her relationship with and communications with Destiny. **Lay Opinion Fed. R. Evid. 701** This is a proper opinion based on Plaintiff's familiarity as a streamer and user of Discord, without discussing the technical aspects which would fall under 702. | |
| 9. | ¶ 11 ("This means that when [D]estiny sent that video to [R]ose . . . . Destiny knows this is how [D]iscord functions . . . .") | Lacks foundation and declarant lacks personal knowledge. Fed. R. Evid. 602. Improper lay opinion. *Id.* R. 701. Improper authentication of hyperlink. *Id.* R. 901. | **Personal Knowledge. Fed. R. Evid. 602** It has been established that Plaintiff has personal knowledge of these events based on her relationship with and communications with Destiny. **Lay Opinion Fed. R. Evid. 701** This is a proper opinion based on Plaintiff's familiarity as a streamer and user of Discord, without discussing scientific, technical or specialized knowledge which would fall under R. 702. **Authentication. Fed. R. Evid. 901** Plaintiff has established a good faith basis for these exhibits being true and correct copies of what they purport to be. | |
| 10. | ¶ 12 ("Defendant falsely claims . . . when we know it was at least two times. His | Inadmissible hearsay. Fed. R. Evid. 802. Lacks foundation | **Hearsay. Fed. R. Evid. 801,802, 803(3)** This is not hearsay pursuant to Fed. R. Evid. 801(d)(2)(A) as it | |

| | | | |
|---|---|---|---|
| | claim that he will not share the video again also has no credibility . . . .") | and declarant lacks personal knowledge. *Id.* R. 602. Improper lay opinion. *Id.* R. 701. | is a admission by a party opponent. Additionally, Ms. Doe's statements fall under an applicable hearsay exception 803(3) because the statements go to her then existing state of mind which goes directly to proving irreparable harm. **Personal Knowledge. Fed. R. Evid. 602** It has been established that Plaintiff has personal knowledge of these events based on her relationship with and communications with Destiny. **Lay Opinion Fed. R. Evid. 701** This is a proper opinion based on Plaintiff's familiarity as a streamer and user of Discord, without discussing scientific, technical or specialized knowledge which would fall under R. 702. | |
| 11. | ¶ 13 & Ex. E ("False- I have never claimed that 15 potential witnesses told me they received the video of me . . . .Destiny responds with 'I'D PROBABLY JUST TELL HER TO GO TO [Kiwi Farms] LOL.") | Inadmissible hearsay. Fed. R. Evid. 802. Lacks foundation and declarant lacks personal knowledge. *Id.* R. 602. Improper authentication of Ex. E. *Id.* R. 901. | **Hearsay. Fed. R. Evid. 801,802,** This is not hearsay pursuant to Fed. R. Evid. 801(d)(2)(A) as it is an admission by a party opponent. **Personal Knowledge. Fed. R. Evid. 602** It has been established that Plaintiff has personal knowledge of these events based on her relationship with and communications with Destiny. **Authentication. Fed. R. Evid. 901** Plaintiff has established a good faith basis for these exhibits being true and correct copies of what they proport to be. | |
| 12. | ¶ 14 ("My face is clearly visible.") | Lacks foundation and declarant | **Personal Knowledge. Fed. R. Evid. 602** | |

|  |  | lacks personal knowledge. Fed. R. Evid. 602. Improper lay opinion. *Id.* R. 701. | It has been established that Plaintiff has personal knowledge of these events based on her relationship with and communications with Destiny. **Lay Opinion Fed. R. Evid. 701** This is a proper opinion based on Plaintiff's direct, personal observations. |  |
|---|---|---|---|---|
| 13. | ¶ 172 & Ex. F ("This is FALSE. Bonnell knows I was desperately trying to get the video removed.") | Lacks foundation and declarant lacks personal knowledge. Fed. R. Evid. 602. Improper lay opinion. *Id.* R. 701. Improper authentication of Ex. F. *Id.* R. 901. | **Personal Knowledge. Fed. R. Evid. 602** It has been established that Plaintiff has personal knowledge of these events based on her relationship with the Defendant and her conversations with the Defendant. **Lay Opinion Fed. R. Evid. 701** This is a proper opinion rationally based on Plaintiff's perception. **Authentication. Fed. R. Evid. 901** Plaintiff has established a good faith basis for these exhibits being true and correct copies of what they proport to be. |  |
| 14. | ¶ 18 ("First, my settlement demand should have remained confidential but apparently nothing is confidential or private for Destiny . . . . I was told that a settlement offer was contingent on me *helping rebuild Destiny's image.*") | Inadmissible hearsay. Fed. R. Evid. 802. Lacks foundation and declarant lacks personal knowledge. *Id.* R. 602. Improper lay opinion. *Id.* R. 701. | **Hearsay. Fed. R. Evid. 801,802, 803(3)** This is not hearsay pursuant to Fed. R. Evid. 801(d)(2)(A) as it is an admission by a party opponent. Additionally, these statements fall under an applicable hearsay exception Fed. R. Evid. 803(3) because the statements go to her then existing state of mind which goes directly to proving irreparable harm. **Personal Knowledge. Fed. R. Evid. 602** It has been established that Plaintiff has personal knowledge of these events based on her |  |

| | | | | |
|---|---|---|---|---|
| | | | relationship with and communications with Destiny. **Lay Opinion Fed. R. Evid. 701** This is a proper opinion based on Plaintiff's rational perceptions of the situation where she does not use any scientific, technical or specialized knowledge which would fall under 702. | |
| 15. | ¶ 19 & Ex. G ("Destiny's claims that he has preserved evidence are very suspect. In addition to [D]iscord logs being deleted. . . . they were from Destiny's [G]oogle [D]rive that he shared with Rose.") | Lacks foundation and declarant lacks personal knowledge. Fed. R. Evid. 602. Improper lay opinion. *Id.* R. 701. Improper authentication of Ex. G. *Id.* R. 901. | **Personal Knowledge. Fed. R. Evid. 602** It has been established that Plaintiff has personal knowledge of these events based on her relationship with and communications with Destiny. **Lay Opinion Fed. R. Evid. 701** This is a proper opinion based on Plaintiff's rational perceptions of the situation where she does not use any scientific, technical or specialized knowledge which would fall under 702. **Authentication. Fed. R. Evid. 901** Plaintiff has established a good faith basis for these exhibits being true and correct copies of what they proport to be. | |
| 16. | ¶ 20 & Ex. H ("Unlike Destiny who directly told over 1 million people what website to search. . . . If a person read my [S]ubstack . . . they would not know kiwi farms was hosting the leaked content.") | Lacks foundation and declarant lacks personal knowledge. Fed. R. Evid. 602. Improper lay opinion. *Id.* R. 701. Improper authentication of Ex. H. *Id.* R. 901. | **Personal Knowledge. Fed. R. Evid. 602** It has been established that Plaintiff has personal knowledge based on her relationship with and communications with Destiny. **Lay Opinion Fed. R. Evid. 701** This is a proper opinion based on Plaintiff's rational perceptions of the situation where she does not use any scientific, technical or specialized knowledge which would fall under 702. **Authentication. Fed. R. Evid. 901** | |

| | | | Plaintiff has established a good faith basis for these exhibits being true and correct copies of what they proport to be. | |
|---|---|---|---|---|
| 17. | ¶ 21 & Ex. I ("Moreover, the most damage was done after the initial leaks were posted . . . . There is no evidence indicating the website crashed after I posted my [S]ubstack, nor anything of the sort.") | Lacks foundation and declarant lacks personal knowledge. Fed. R. Evid. 602. Improper lay opinion. *Id.* R. 701. Improper authentication of Ex. I. *Id.* R. 901. | **Personal Knowledge. Fed. R. Evid. 602** It has been established that Plaintiff has personal knowledge based on her relationship with and communications with Destiny. **Lay Opinion Fed. R. Evid. 701** This is a proper opinion based on Plaintiff's rational perceptions of the situation where she does not use any scientific, technical or specialized knowledge which would fall under 702. **Authentication. Fed. R. Evid. 901** Plaintiff has established a good faith basis for these exhibits being true and correct copies of what they proport to be. | |
| 18. | ¶ 273 & Ex. J ("When the initial leaks were posted . . . . Sizeable content creators . . . were making public remarks identifying me in the video.") | Inadmissible hearsay. Fed. R. Evid. 802. Lacks foundation and declarant lacks personal knowledge. *Id.* R. 602. Improper lay opinion. *Id.* R. 701. Improper authentication of Ex. J. *Id.* R. 901. | **Hearsay. Fed. R. Evid. 801,802, 803(3)** Exhibit J is not being used to prove the truth of the matter asserted but merely to show that Plaintiff was in fact identified in this video that the Defendant shared without her consent and that she was being threatened after the video was leaked. Additionally, these statements fall under an applicable hearsay exception Fed. R. Evid. 803(3) because the statements go to her then existing state of mind which goes directly to proving irreparable harm. **Personal Knowledge. Fed. R. Evid. 602** It has been established that Plaintiff has personal knowledge of these events based on her | |

| | | | relationship with and communications with Destiny. **Lay Opinion Fed. R. Evid. 701** This is a proper opinion based on Plaintiff's rational perceptions of the situation where she does not use any scientific, technical or specialized knowledge which would fall under 702. **Authentication. Fed. R. Evid. 901** Plaintiff has established a good faith basis for these exhibits being true and correct copies of what they proport to be. | |
|---|---|---|---|---|
| 19. | ¶ 28 ("Finally, I was forced to go public . . . . These videos were gaining tens of thousands of views . . . . I also had no choice but to start a fundraising campaign . . . .") | Lacks foundation and declarant lacks personal knowledge. Fed. R. Evid. 602. Improper lay opinion. *Id.* R. 701. Improper authentication of hyperlink. *Id.* R. 901. | **Personal Knowledge. Fed. R. Evid. 602** It has been established that Plaintiff has personal knowledge of these events based on her relationship with and communications with Destiny. These statements go directly to Ms. Doe's state of mind and proving irreparable harm. **Lay Opinion Fed. R. Evid. 701** This is a proper opinion based on Plaintiff's rational perceptions of the situation where she does not use any scientific, technical or specialized knowledge which would fall under 702. **Authentication. Fed. R. Evid. 901** Plaintiff has established a good faith basis for these exhibits being true and correct copies of what they proport to be. | |
| 20. | ¶ 29 ("I believe he has actively profited from this legal case because he uses it as content on his streaming | Lacks foundation and declarant lacks personal knowledge. Fed. R. Evid. 602. Improper lay opinion. *Id.* R. 701. Improper | **Personal Knowledge. Fed. R. Evid. 602** It has been established that Plaintiff has personal knowledge of these events based on her relationship with and communications with Destiny. **Lay Opinion Fed. R. Evid. 701** | |

| | | | |
|---|---|---|---|
| | platform . . . .") | authentication of hyperlink. *Id.* R. 901. | This is a proper opinion based on Plaintiff's rational perceptions of the situation where she does not use any scientific, technical or specialized knowledge which would fall under 702. **Authentication. Fed. R. Evid. 901** Plaintiff has established a good faith basis for these exhibits being true and correct copies of what they proport to be. | |
| 21. | ¶ 30 ("Destiny also *knows* that leaking nudes or private sexual DMs is . . . . He also believes . . . . Despite knowing this . . . he *still* chose to send my video to other people . . . .") | Lacks foundation and declarant lacks personal knowledge. Fed. R. Evid. 602. Improper lay opinion. *Id.* R. 701. Improper authentication of hyperlink. *Id.* R. 901 | **Personal Knowledge. Fed. R. Evid. 602** It has been established that Plaintiff has personal knowledge of these events based on her relationship with and communications with Destiny. **Lay Opinion Fed. R. Evid. 701** This is a proper opinion based on Plaintiff's rational perceptions of the situation where she does not use any scientific, technical or specialized knowledge which would fall under 702. **Authentication. Fed. R. Evid. 901** Plaintiff has established a good faith basis for these exhibits being true and correct copies of what they proport to be. | |
| 22. | ¶ 31 ("I believe that Destiny's repeated behavior . . . is inherently a malicious act in itself.") | Lacks foundation and declarant lacks personal knowledge. Fed. R. Evid. 602. Improper lay opinion. *Id.* R. 701. Improper authentication of hyperlink. *Id.* R. 901. | **Personal Knowledge. Fed. R. Evid. 602** It has been established that Plaintiff has personal knowledge of these events based on her relationship with and communications with Destiny. These statements go directly to Ms. Doe's state of mind and proving irreparable harm. **Lay Opinion Fed. R. Evid. 701** This is a proper opinion based on Plaintiff's rational perceptions of the situation where she does not | |

| | | | | |
|---|---|---|---|---|
| | | | use any scientific, technical or specialized knowledge which would fall under 702. **Authentication. Fed. R. Evid. 901** Plaintiff has established a good faith basis for these exhibits being true and correct copies of what they proport to be. | |
| 23. | ¶ 32 ("Since the events of November 29th 2024, I have been in a continuous state of grief . . . .") | Lacks foundation. Fed. R. Evid. 602. | **Personal Knowledge. Fed. R. Evid. 602** It has been established that Plaintiff has personal knowledge of these events based on her relationship with and communications with Defendant, and her own mental health and that she has suffered immensely as a result of Defendant's actions. These statements go directly to Ms. Doe's state of mind and proving irreparable harm. | |
| 24. | ¶ 33 ("I do not want to live in a world where people like Destiny are able to harm others free of consequence.") | Lacks foundation. Fed. R. Evid. 602. Lacks relevance. *Id.* R. 402. | **Personal Knowledge. Fed. R. Evid. 602** It has been established that Plaintiff has personal knowledge of these events as the victim of the Defendant's actions and of her own mental health and that she has suffered immensely as a result of Defendant's actions. These statements go directly to Ms. Doe's state of mind and proving irreparable harm. **Relevance. Fed. R. Evid. 401, 402** It goes directly to damages and to the on-going emotional distress the defendant has caused Plaintiff. Fed. R. Evid. 401 | |
| 25. | ¶ 34 ("I have seen how Destiny has used his community to harass and | Lacks foundation and declarant lacks personal knowledge. Fed. | **Personal Knowledge. Fed. R. Evid. 602** It has been established that Plaintiff has personal knowledge of these events as the victim of | |

| | | | | |
|---|---|---|---|---|
| | threaten others . . . . He has posted this information in his online chat, with seemingly no remorse.") | R. Evid. 602. Improper lay opinion. *Id.* R. 701. | the Defendant's actions. These statements go directly to Ms. Doe's state of mind and proving irreparable harm. **Lay Opinion Fed. R. Evid. 701** This is a proper opinion based on Plaintiff's rational perceptions of the situation where she does not use any scientific, technical or specialized knowledge which would fall under 702. | |
| 26. | ¶ 35 & Ex. K ("I also fear that Destiny wants to use his community to harm me. He continues to profit off my pain . . . .I know he wishes harm upon me for speaking the truth.") | Lacks foundation and declarant lacks personal knowledge. Fed. R. Evid. 602. Improper lay opinion. *Id.* R. 701. Improper authentication of Ex. K. *Id.* R. 901. | **Personal Knowledge. Fed. R. Evid. 602** It has been established that Plaintiff has personal knowledge of these events based on her relationship with and communications with Destiny and as the victim of the Defendant's actions. These statements go directly to Ms. Doe's state of mind and proving irreparable harm. **Lay Opinion Fed. R. Evid. 701** This is a proper opinion based on Plaintiff's rational perceptions of the situation where she does not use any scientific, technical or specialized knowledge which would fall under 702. **Authentication. Fed. R. Evid. 901** Plaintiff has established a good faith basis for these exhibits being true and correct copies of what they proport to be. | |

## B.  DECLARATION OF ABBYMC [ECF No. 49-2]

| | **Material Objected To:** | **Grounds for Objection:** | **Response:** | **Ruling on the Objection:** |
|---|---|---|---|---|
| 27. | The entire declaration is improper as | S.D. Fla. L.R. 5.4(f)(1)(A) ("A | The declaration is proper because Plaintiff "elected" to submit it in redacted form pursuant to Local Rule 5.4(b)(1), and thus Rule | |

| | | | | |
|---|---|---|---|---|
| | it was filed and provided to counsel only in redacted form without indicating the identity of the declarant. | filer filing a redacted exhibit must contemporaneously serve a version of the exhibit upon all counsel . . . that is either unredacted or that contains only those redactions authorized in connection with producing a document to another party in discovery.") | 5.4(f)(1)(A) is not applicable. See also Plaintiff's Motion For Leave to File Declarations Under Seal (ECF No. 48); Plaintiff's Notice Submitting Amended Certificate of Conferral for Dockets No. 44, 48 [ECF No. 65]. | |
| 28. | ¶ 6 ("On or about November 3, 2023, Destiny shared through a Google drive link a sexually explicit video that included himself and another streamer, Pixie [sic] (the Plaintiff in this action."). | Lacks foundation and declarant lacks personal knowledge. Fed. R. Evid. 602. Lacks relevance. *Id.* R. 402. Declarant is referring to unrelated and irrelevant videos, which do not feature Plaintiff. Declarant fails to provide evidence that the Video of Plaintiff was ever shared with her. | **Personal Knowledge. Fed. R. Evid. 602** It has been established that Abbymc has personal knowledge of these events, based on her direct communications with Defendant in which he shared the video with her (Defendant's messages are admissions by a party opponent) and her relationship with Defendant. **Relevance. Fed. R. Evid. 401, 402** Abbymc is referring to the Video at the center of this cause of action. This is of critical relevance since it goes to prove that Defendant did in fact share the Video of Plaintiff with Abbymc and the declaration itself is evidence of that, as Abbymc stated she is willing to testify to that. | |
| 29. | ¶ 7 ("On or about November 3, | Lacks foundation. Fed. R. Evid. 602. Lacks relevance. *Id.* | **Personal Knowledge. Fed. R. Evid. 602** It has been established that Abbymc has personal knowledge | |

| | | | | |
|---|---|---|---|---|
| | 2023, I messaged a friend of mine and told him that Destiny had sent me the above mentioned sexually explicit video of himself and another woman. . . .I also told my friend that Destiny had sent me another video of him and another woman . . .") | R. 402. Declarant is referring to unrelated and irrelevant videos, which do not feature Plaintiff. Declarant fails to provide evidence that the Video of Plaintiff was ever shared with her. | of these events, based on her direct communications with Defendant in which he shared the Video, and other videos, with her, and her relationship with Defendant.<br>**Relevance. Fed. R. Evid. 401, 402**<br>Here Abbymc is referring to the Video at the center of this cause of action. This is of critical relevance since it goes to prove that Defendant did in fact share the Video of Plaintiff with Abbymc and the declaration itself is evidence of that, as Abbymc stated she is willing to testify to that. Abbymc also mentions another video to provide the full context of the conversation. The sharing of this other video is also relevant because it goes to show that it is more likely than not that the Defendant shared the Video of Plaintiff because this is his pattern of behavior. FRE 404(b). It also shows lack of accident or mistake by Defendant with regards to sharing videos of this nature without consent. Id. | |
| 30. | ¶ 8 ("Throughout my relationship with Destiny, he repeatedly shared with me sexually explicit videos of himself and other women . . . . I know [sic] realize that these women most likely never consented | Lacks foundation. Fed. R. Evid. 602. Lacks relevance. Id. R. 402. Declarant is referring to unrelated and irrelevant videos, which do not feature Plaintiff. Declarant fails to provide evidence that the Video of Plaintiff was ever shared | **Personal Knowledge. Fed. R. Evid. 602**<br>It has been established that Abbymc has personal knowledge of these events, based on her direct communications with Defendant in which he shared the Video, and other videos, with her, and her relationship with Defendant. Based on admissions by party opponent.<br>**Relevance. Fed. R. Evid. 401, 402**<br>The Defendant sharing these videos with Abbymc is relevant | |

| | | | |
|---|---|---|---|
| | to having their private videos shared.") | with her. Improper lay opinion. *Id.* R. 701. | because it goes to show that it is more likely than not that the Defendant shared the Video of Plaintiff because this is his pattern of behavior. FRE 404(b). It also shows lack of accident, common scheme/plan and absence of mistake by Defendant with regards to sharing videos of this nature without consent. Id. Additionally, it goes further in showing the defendant's usage of Google Drive links for sharing videos and images of a sexually explicit nature. **Lay Opinion Fed. R. Evid. 701** This is a proper opinion made from what Abbymc rationally perceived of the situation where she does not use any scientific, technical or specialized knowledge which would fall under 702 but merely provides information that is helpful in determining the material issues in this case. | |
| 31. | ¶ 10 ("I have recently discovered that Destiny shared sexually explicit videos of himself and me, with other people without my consent, just like he did to Pxie and these other women.") | Lacks foundation. Fed. R. Evid. 602. Lacks relevance. *Id.* R. 402. Declarant is referring to unrelated and irrelevant videos, which do not feature Plaintiff. Declarant fails to provide evidence that the Video of Plaintiff was ever shared with her. Improper lay opinion. *Id.* R. 701. | **Personal Knowledge. Fed. R. Evid. 602** It has been established that Abbymc has personal knowledge of these events, of the communications she had with Defendant (admissions of party opponent) in which he shared the Video and other videos with her, and her identification of the videos of herself that he non-consensually shared. **Relevance. Fed. R. Evid. 401, 402** This is relevant because it goes to support the need for Abbymc's identity being filed under seal since Abbymc is another victim of the Defendant. Defendant's non-consensual sharing of these | |

| | | | videos of himself and Abbymc is relevant because it goes to show that it is more likely than not that the Defendant shared the Video of Plaintiff because this is his pattern of behavior. FRE 404(b). It also shows lack of accident, common scheme/plan and absence of mistake by Defendant with regards to sharing videos of this nature without consent. Id. **Lay Opinion Fed. R. Evid. 701** This is a proper opinion made from what this witness rationally perceived of the situation where she does not use any scientific, technical or specialized knowledge which would fall under 702 but merely provides information that is helpful in determining the material issues in this case. | |

### C.  **DECLARATION OF JOAN SCHLUMP PETERS [ECF No. 49-3]**

| | **Material Objected To:** | **Grounds for Objection:** | **Response:** | **Ruling on the Objection:** |
|---|---|---|---|---|
| 32. | ¶ 3 ("This portrayal of our meet and confer is not accurate." | Lacks foundation. Fed. R. Evid. 602. | **Personal Knowledge. Fed. R. Evid. 602** It has been established that Ms. Schlump Peters participated in the meet and confer and thus has personal knowledge of these events. | |
| 33. | ¶ 5 ("These are two completely different methods of preserving evidence with very different results."). | Lacks foundation. Fed. R. Evid. 602. Improper lay opinion. *Id.* R. 701. | **Personal Knowledge. Fed. R. Evid. 602** It has been established that Ms. Schlump Peters participated in the meet and confer and thus has personal knowledge of these events. **Lay Opinion Fed. R. Evid. 701** This is a proper opinion made from what Ms. Schlump Peters | |

| | | | rationally perceived of the situation where she does not use any scientific, technical or specialized knowledge which would fall under 702 but merely provides information that is helpful in determining the material issues in this case. | |
|---|---|---|---|---|
| 34. | ¶ 6 ("These sites are resistant to removing content and often will only do so pursuant to a Court order.") | Lacks foundation. Fed. R. Evid. 602. Lacks relevance. *Id.* R. 402. | **Personal Knowledge. Fed. R. Evid. 602**<br>The foundation was established by the efforts made by Ms. Schlump Peters to have the content removed.<br>**Relevance. Fed. R. Evid. 401, 402**<br>This is relevant as it goes directly to the need for a Court order as requested in Plaintiff's Motion for a Preliminary Injunction. | |

### D.  DECLARATION OF WITNESS A  [ECF No. 49-4]

| | **Material Objected To:** | **Grounds for Objection:** | **Response:** | **Ruling on the Objection:** |
|---|---|---|---|---|
| 35. | The entire declaration is improper as it was filed and provided to counsel only in redacted form without indicating the identity of the declarant. | S.D. Fla. L.R. 5.4(f)(1)(A) ("A filer filing a redacted exhibit must contemporaneously serve a version of the exhibit upon all counsel . . . that is either unredacted or that contains only those redactions authorized in connection with producing a document to | The declaration is proper because Plaintiff "elected" to submit it in redacted form pursuant to Local Rule 5.4(b)(1), and thus Rule 5.4(f)(1)(A) is not applicable. See also Plaintiff's Motion For Leave to File Declarations Under Seal (ECF No. 48); Plaintiff's Notice Submitting Amended Certificate of Conferral for Dockets No. 44, 48 [ECF No. 65]. | |

| | | another party in discovery.") | | |
|---|---|---|---|---|
| 36. | ¶ 4 ("Destiny shared graphic sexual content of himself alone, as well as graphic content depicting himself and other individuals engaging in sexual acts.") | Lacks foundation. Fed. R. Evid. 602. Lacks relevance. *Id.* R. 402. Declarant is referring to unrelated and irrelevant videos, which do not feature Plaintiff. Declarant fails to provide evidence that the Video of Plaintiff was ever shared with her. Improper lay opinion. *Id.* R. 701. | **Personal Knowledge. Fed. R. Evid. 602** It has been established that this witness has personal knowledge of these events, and her communications with the Defendant in which he shared videos. **Relevance Fed. R. Evid. 401, 402** This is relevant because it goes to support the need for Witness A's identity being filed under seal since she is another victim of the Defendant. Defendant's non-consensual sharing of these videos of himself and the witness is relevant because it goes to show that it is more likely than not that the Defendant shared the Video of Plaintiff with other women because this is his pattern of behavior. FRE 404(b). It also shows lack of accident, common scheme/plan and absence of mistake by Defendant with regards to sharing videos of this nature without consent. Id. Defendant's objection is also unfounded because Witness A never stated she received the Video of Plaintiff. **Lay Opinion Fed. R. Evid. 701** This is a proper opinion made from what the witness rationally perceived of the situation where they do not use any scientific, technical or specialized knowledge which would fall under 702 but merely provides information that is helpful in determining the material issues in this case. | |

| | | | | |
|---|---|---|---|---|
| 37. | ¶ 5 ("The graphic sexual content that he shared with me were [sic] mostly digital videos, although there were some digital photographs as well.") | Lacks foundation. Fed. R. Evid. 602. Lacks relevance. *Id.* R. 402. Declarant is referring to unrelated and irrelevant videos, which do not feature Plaintiff. Declarant fails to provide evidence that the Video of Plaintiff was ever shared with her. Improper lay opinion. *Id.* R. 701. | **Personal Knowledge. Fed. R. Evid. 602**<br>It has been established that this witness has personal knowledge of these events, and their communications with the Defendant in which he shared videos with them.<br>**Relevance Fed. R. Evid. 401, 402**<br>Defendant's non-consensual sharing of these videos with the witness is relevant because it goes to show that it is more likely than not that the Defendant shared the Video of Plaintiff because this is his pattern of behavior. FRE 404(b). It also shows lack of accident or mistake by Defendant with regards to sharing videos of this nature without consent. Id.<br>**Lay Opinion Fed. R. Evid. 701**<br>This is a proper opinion made from what the witness rationally perceived of the situation where they do not use any scientific, technical or specialized knowledge which would fall under 702 but merely provides information that is helpful in determining the material issues in this case. | |
| 38. | ¶ 8 ("I reached out to Jane Doe on Twitter, and informed her that I was concerned that Destiny had been sharing private sexual content without consent, stating, in part, | Inadmissible hearsay. Fed. R. Evid. 802. Lacks foundation and declarant lacks personal knowledge. *Id.* R. 602. Lacks relevance. *Id.* R. 402. Declarant is referring to | **Hearsay. Fed. R. Evid. 801,802, 803(3)**<br>This statement is not hearsay because it is not being used to prove the truth of the matter asserted but merely to show that Plaintiff had received notice that the Defendant was sharing videos without the consent of those depicted in these videos. Additionally, could be used for truth of the matter asserted under Fed. R. Evid. 803(3) because it | |

| | | | | |
|---|---|---|---|---|
| that 'back in spring/summer, he [Destiny] had sent me videos with other girls. I assumed he had consent for these, but I realized he likely didn't.'") | unrelated and irrelevant videos, which do not feature Plaintiff. Declarant fails to provide evidence that the Video of Plaintiff was ever shared with her. Improper lay opinion. *Id.* R. 701. | goes to the declarant's state of mind. **Personal Knowledge. Fed. R. Evid. 602** It has been established that this witness has personal knowledge of these events, and her communications with the in which he shared videos with her. **Relevance. Fed. R. Evid. 401, 402** It establishes necessary background. It shows lack of accident and absence of mistake on behalf of the Defendant with regards to sharing videos of this nature without consent, which is a critical issue. **Lay Opinion Fed. R. Evid. 701** This is a proper opinion made from what the witness rationally perceived of the situation where they do not use any scientific, technical or specialized knowledge which would fall under 702 but merely provides information that is helpful in determining the material issues in this case. | |

### E.  DECLARATION OF WITNESS B  [ECF No. 49-5]

| | **Material Objected To:** | **Grounds for Objection:** | **Response:** | **Ruling on the Objection:** |
|---|---|---|---|---|
| 39. | The entire declaration is improper as it was filed and provided to counsel only in redacted form without indicating the identity of the declarant. | S.D. Fla. L.R. 5.4(f)(1)(A) ("A filer filing a redacted exhibit must contemporaneously serve a version of the exhibit upon all counsel . . . that is either | The declaration is proper because Plaintiff "elected" to submit it in redacted form pursuant to Local Rule 5.4(b)(1), and thus Rule 5.4(f)(1)(A) is not applicable. See also Plaintiff's Motion For Leave to File Declarations Under Seal (ECF No. 48); Plaintiff's Notice Submitting Amended Certificate of Conferral for Dockets No. 44, 48 [ECF No. 65]. | |

| | | | | |
|---|---|---|---|---|
| | | unredacted or that contains only those redactions authorized in connection with producing a document to another party in discovery.") | | |
| 40. | ¶ 3 ("Shortly thereafter we arranged to get together in [redacted] where we began a sexual relationship.") | Lacks relevance. *Id.* R. 402. | **Relevance. Fed. R. Evid. 401, 402** It establishes necessary background and is based on personal knowledge. | |
| 41. | ¶ 4 ("Thereafter, Destiny and I remained in contact . . . . we began sharing pictures/videos of a sexual nature with one another. Most of the videos that Destiny sent were of him alone, however, at least one of these videos included himself and his wife.") | Lacks foundation. Fed. R. Evid. 602. Lacks relevance. *Id.* R. 402. Declarant is referring to unrelated and irrelevant videos, which do not feature Plaintiff. Declarant fails to provide evidence that the Video of Plaintiff was ever shared with her. Improper lay opinion. *Id.* R. 701. | **Personal Knowledge. Fed. R. Evid. 602** It has been established that this witness has personal knowledge of these events, and her communications with Defendant in which he shared videos with her. **Relevance. Fed. R. Evid. 401, 402** It establishes necessary background and shows absence of mistake, lack of accident, and common scheme/plan. **Lay Opinion Fed. R. Evid. 701** Not applicable-- there is no opinion being offered. | |
| 38.[2] | ¶ 5 ("The recordings were made | Lacks foundation. Fed. R. Evid. 602. Lacks relevance. *Id.* | **Personal Knowledge. Fed. R. Evid. 602** It has been established that this witness has personal knowledge | |

[2] Defendant misnumbered objections. For purposes of responding we have kept the numbers the same as their original document.

| | | | |
|---|---|---|---|
| | with my consent, and I authorized Destiny to share the recordings with his wife, exclusively. I did not authorize Destiny to share these recordings with anyone else, or to otherwise make them public.") | R. 402. Declarant is referring to unrelated and irrelevant videos, which do not feature Plaintiff. Declarant fails to provide evidence that the Video of Plaintiff was ever shared with her. Improper lay opinion. *Id.* R. 701. | of these events, and her communications with Defendant. **Relevance. Fed. R. Evid. 401, 402** It establishes necessary background and shows absence of mistake, lack of accident, and common scheme/plan. **Lay Opinion Fed. R. Evid. 701** Not applicable-- there is no opinion being offered. | |
| 39. | ¶ 7 ("In late November 2024, I was harassed by multiple individuals while on Discord who informed me that a video involving Destiny and myself had leaked online . . . . I confronted Destiny who told me that he was sorry that any videos involving myself had leaked because of him. Destiny also told me that he had only shared this content with a single individual who went by the | Lacks foundation. Fed. R. Evid. 602. Lacks relevance. *Id.* R. 402. Declarant is referring to unrelated and irrelevant videos, which do not feature Plaintiff. Declarant fails to provide evidence that the Video of Plaintiff was ever shared with her. Improper lay opinion. *Id.* R. 701. Inadmissible hearsay. *Id.* R. 802. | **Personal Knowledge. Fed. R. Evid. 602** It has been established that this witness has personal knowledge of these events, and her communications with Defendant. **Relevance. Fed. R. Evid. 401, 402** It establishes necessary background and shows absence of mistake, lack of accident, and common scheme/plan. It goes to support the need for Witness B's identity being filed under seal since she is another victim of the Defendant. Defendant's non-consensual sharing of these videos of himself and the witness is relevant because it goes to show that it is more likely than not that the Defendant shared the Video of Plaintiff because this is his pattern of behavior. FRE 404(b). It also shows lack of accident or mistake by Defendant with regards to sharing videos of this nature without consent. Id. **Lay Opinion Fed. R. Evid. 701** This is a proper opinion made from what the witness rationally perceived of the situation where | |

| | | | | |
|---|---|---|---|---|
| | screen name 'Rose.'") | | they do not use any scientific, technical or specialized knowledge which would fall under 702 but merely provides information that is helpful in determining the material issues in this case.<br>**Hearsay. Fed. R. Evid. 801,802**<br>Defendant's admissions are not hearsay pursuant to Fed. R. Evid. 801(d)(2)(A) as it is an admission by a party opponent.  As to the statements of others, they are not hearsay because they are not being used to prove the truth of the matter asserted. | |
| 40. | ¶ 8 ("I received messages from multiple women on Discord and Twitter who had been in contact with Destiny and who told me that Destiny had shared with them sexual content depicting myself as well as others.") | Lacks foundation. Fed. R. Evid. 602. Lacks relevance. *Id.* R. 402. Declarant is referring to unrelated and irrelevant videos, which do not feature Plaintiff. Declarant fails to provide evidence that the Video of Plaintiff was ever shared with her. Improper lay opinion. *Id.* R. 701. Inadmissible hearsay. *Id.* R. 802. | **Personal Knowledge. Fed. R. Evid. 602**<br>It has been established that this witness has personal knowledge of these events.<br>**Relevance. Fed. R. Evid. 401, 402**<br>It establishes necessary background and shows absence of mistake, lack of accident, and common scheme/plan. It goes to support the need for Witness B's identity being filed under seal since she is another victim of the Defendant. Defendant's non-consensual sharing of these videos of himself and the witness is relevant because it goes to show that it is more likely than not that the Defendant shared the Video of Plaintiff because this is his pattern of behavior. FRE 404(b). It also shows lack of accident or mistake by Defendant with regards to sharing videos of this nature without consent. Id.<br>**Hearsay. Fed. R. Evid. 801,802**<br>Defendant's admissions are not hearsay pursuant to Fed. R. Evid. 801(d)(2)(A) as it is an admission | |

| | | | by a party opponent.  As to the statements of others, they are not hearsay because they are not being used to prove the truth of the matter asserted. | |
|---|---|---|---|---|

Dated: May 7, 2025.

Respectfully submitted,

**SANCHEZ-MEDINA, GONZALEZ, QUESADA, LAGE, GOMEZ & MACHADO, LLP**
*/s/Carlos A. Garcia Perez*
CARLOS A. GARCIA PEREZ
Florida Bar No. 106895
GUSTAVO LAGE
Florida Bar No. 972551
201 Alhambra Circle, Suite 1205
Coral Gables, Florida, 33134
Tel.: (305) 377-1000
Primary E-Mail: cgarciaperez@smgqlaw.com
Secondary E-Mail: angie@smgqlaw.com

JSP LAW, LLC
*/s/ Joan Schlump Peters*
Joan Schlump Peters (admitted *pro hac vice*)
4819 W. Blvd. Ct.
Naples, Florida 34103
Tel.: 305-299-4759
Email: petersjoan@bellsouth.net

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system and copies were electronically sent to all counsel of records via the same.

By: */s/Carlos A. Garcia Perez*
Attorney