UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:25-cv-20757-JB/Torres

JANE DOE,

    Plaintiff,

v.

STEVEN K. BONNELL II,

    Defendant.

_____/

### DEFENDANT STEVEN K. BONNELL'S OPPOSITION TO PLAINTIFF'S MOTION TO FILE DECLARATIONS UNDER SEAL

    **BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
    ROBERT L. RASKOPF
    Florida Bar No.: 1040022
    PATRICIA M. PATINO
    Florida Bar No.: 1007702
    1450 Brickell Avenue, Suite 2300
    Miami, Florida 33131
    Tel.: (305) 374-7580
    Fax: (305) 374-7593
    Email: rraskopf@bilzin.com;
    ppatino@bilzin.com

    -and-

    **BERK BRETTLER LLP**
    ANDREW B. BRETTLER
    California Bar No.: 262928
    JAKE A. CAMARA
    California Bar No.: 305780
    9119 West Sunset Blvd.
    West Hollywood, CA 90069-3106
    Tel: (310) 278-2111
    Email: abrettler@berkbrettler.com;
    jcamara@berkbrettler.com
    (admitted *pro hac vice*)

    *Counsel for Steven K. Bonnell II*

In connection with her motion for preliminary injunction, Plaintiff moves to file under seal three anonymous declarations. Plaintiff's motion should be denied for three reasons: (1) Plaintiff failed to meet and confer prior to filing her motion; (2) Plaintiff refuses to identify the names of the declarants to Defendant Bonnell's counsel; and (3) the federal rule and statute upon which Plaintiff relies are not applicable here.

At 7:59 p.m. EDT on Friday, May 2, 2025, Plaintiff's counsel emailed the undersigned stating:

> Pursuant to Local Rule 7.1 (a)(3) we are meeting and conferring on the following motions:
> 1. Motion to File Under Seal Certain Documents and its Proposed Order
> 2. Motion for Leave to Exceed Page Limit on Reply Memorandum[1]
>
> The documents to be filed under seal are certain statements by witnesses which purpose is keep their names out of the public. *You and your client will know their identities.* I apologize for not reaching out before it's been an intense week.

Suppl. Bretter Decl. Ex. A (emphasis added). At 11:40 p.m. EDT on May 2, Plaintiff filed her motion for leave to file declarations under seal. [ECF No. 48.] At 12:05 a.m. EDT on Saturday, May 3 (after the deadline to file her reply papers), Plaintiff filed the declarations in redacted form. [ECF Nos. 49-2, 49-4, 49-5.] At 10:00 a.m. PDT on May 3, Bonnell's counsel requested "unredacted copies of Plaintiff's filings." Suppl. Brettler Decl. Ex. B. Despite repeated requests, Plaintiff refused to reveal to Bonnell the names of her declarants. *Id.*

---

[1] While this Opposition is directed to Plaintiff's Motion To File Under Seal, Bonnell also opposes Plaintiff's belated request to exceed pages limitations for its reply brief. Plaintiff failed to meet and confer prior to filing her motion and unilaterally certified those purported efforts. [ECF No. 65.] Plaintiff did not carefully edit her reply papers prior to filing. They are repetitive, wordy, improperly formatted, and contain a myriad of extraneous and irrelevant information. The Court should constrain Plaintiff to the 10-page limit. L.R. 7.1(c)(2).

The local rules require "[a] filer filing a redacted exhibit [to] contemporaneously serve a version of the exhibit upon all counsel . . . that is either unredacted or that contains only those redactions authorized in connection with producing a document to another party in discovery." L.R. 5.4(f)(1)(A). To date, Plaintiff has not complied. Suppl. Brettler Decl. ¶ 5. Instead, Plaintiff argues that because she elected to file redacted declarations under Local Rule 5.3(b)(1), she is somehow excused from the requirements of subsection (f) of the Local Rule and contends that Bonnell "has no right to receive the unredacted documents at this time." *Id.* Ex. B. Plaintiff provides no support for this contention. At a minimum, Bonnell should be permitted to know the identities of the purported witnesses who are providing testimony against him.

Further, Plaintiff's reliance on Rule 26(c)(1) of the Federal Rules of Civil Procedure and 15 U.S.C. § 6851 is entirely misplaced, as those authorities have no bearing on her Motion To File Under Seal. Rule 26 pertains to seeking a protective order in connection with discovery. Fed. R. Civ. P. 26(c)(1). The Code section provides that "the court may grant injunctive relief maintaining the confidentiality of a plaintiff using a pseudonym." 15 U.S.C. § 6851(b)(3)(B). Neither is applicable here.

For the foregoing reasons, Bonnell requests that the Court deny Plaintiff's Motion To File Under Seal and order Plaintiff to file unredacted versions of the declarations [ECF Nos. 49-2, 49-4, 49-5], or strike them from the record.

Dated: May 9, 2025

Respectfully submitted,

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580
Fax: (305) 374-7593

By: /s/ *Robert L. Raskopf*
Robert L. Raskopf, Esq.
Florida Bar No.: 1040022
rraskopf@bilzin.com
Patricia M. Patino, Esq.
Florida Bar No.: 1007702
ppatino@bilzin.com

*and*

**BERK BRETTLER LLP**
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel: (310) 278-2111

By: /s/ *Andrew B. Brettler*
Andrew Brad Brettler, Esq.
California Bar No.: 262928
abrettler@berkbrettler.com
Jake A. Camara, Esq.
California Bar No.: 305780
jcamara@berkbrettler.com
(admitted *pro hac vice*)

*Counsel for Steven K. Bonnell I*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 9, 2025, a true and correct copy of the foregoing was served on all parties via transmission of Notices of Electronic Filing generated by CM/ECF and via electronic transmission to counsel of record for these parties.

By:   /s/ *Robert L. Raskopf*
Attorney