UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:25-cv-20757-JB/Torres

JANE DOE, Plaintiff,

v.

STEVEN K. BONNELL II,

Defendant.

_____/

**<u>PLAINTIFF JANE DOE'S REPLY TO OPPOSITION TO MOTION TO FILE DECLARATIONS UNDER SEAL</u>**

**SANCHEZ-MEDINA, GONZALEZ, QUESADA,**
**LAGE, GOMEZ & MACHADO, LLP**
CARLOS A. GARCIA PEREZ
Florida Bar No. 106895
GUSTAVO LAGE
Florida Bar No. 972551
201 Alhambra Circle, Suite 1205
Coral Gables, Florida, 33134
Tel.: (305) 377-1000
Primary E-Mail: cgarciaperez@smgqlaw.com
Secondary E-Mail: angie@smgqlaw.com

JSP LAW, LLC
Joan Schlump Peters (admitted *pro hac vice*)
4819 W. Blvd. Ct.
Naples, Florida 34103
Tel.: 305-299-4759
Email: petersjoan@bellsouth.net

Counsel for Plaintiff

**COMES NOW** Plaintiff Jane Doe, and by and through undersigned counsel, and files her Reply to Defendant Steven Bonnell II's Opposition to Motion to File Declarations Under Seal, and as grounds therefor states as follows:

1. Plaintiff's Motion For Leave to File Declarations under Seal ("Motion")(Dkt. 48) seeks to have the unredacted declarations of three witnesses filed under seal in order to protect their identities. Pursuant to Local Rule 5.4(b)(1), Plaintiff attached the redacted versions of the three declarations to her simultaneously filed Reply to the Opposition to the Motion for Preliminary Injunction ("Reply"). (Dkt.45). The portions of the declarations that are redacted are only those that would serve to identify the witnesses—the substantive content is not redacted.

2. Defendant Bonnell opposes the Motion on three purported grounds: i) Plaintiff's failure to meet and confer; ii) Plaintiff's refusal to identify the names of the declarants; and iii) the rule upon which Plaintiff relies is not applicable. (Opp., Dkt. 72, p. 2.). For the reasons set forth below, Defendant's arguments are unavailing. Furthermore, it bears noting that Defendant fails to address the merits of the Motion and the critical need to have the identity of these declarants protected.

*a. Meet and Confer*

3. Plaintiff did *not* fail to meet and confer. Plaintiff made efforts to meet and confer but was unable to obtain Defendant's position prior to the deadline for filing. *See* Plaintiff's Notice Submitting Amended Certificate of Conferral (Dkt. 65). Plaintiff then continued with her efforts to confer with Defendant and resolve the issues raised, but Plaintiff's efforts proved fruitless. *Id*. *See also* Dkt. 72-3 (meet and confer emails). Plaintiff complied with both the letter and the spirit of Local Rule 7.1(a)(2). Moreover, it is apparent from Defendant's Opposition that he was

completely unwilling to reach any reasonable resolution of the issue. Thus, Defendant's first ground for denying leave to file under seal is without basis in law or fact.

### b. Plaintiff's Refusal to Identify the Names

4.      Defendant's second purported ground for denying the Motion is also without merit. Plaintiff's refusal to identify the names of the declarants *prior* to the Court's ruling on the Motion is not a *reason* to deny the Motion. Rather it is merely a nonsensical demand by Defendant.[1] The precise purpose of the Motion is to protect the identities of the declarants. These declarations contain highly sensitive, private, and confidential information regarding the nonconsensual distribution of sexually explicit materials and related communications involving the witnesses, Plaintiff and other individuals. Defendant's insistence that he be prematurely provided with the names of the declarants prior to the Court's ruling on the Motion would defeat the very purpose of the Motion.

### c. Local Rule 5.4(b)(1) is the Only Applicable Rule

5.      Moreover, Defendant's demand for the names of the declarants and/or the unredacted versions of the declarations prior to the Court's ruling on the Motion is not supported by the applicable Local Rule governing the process for filing documents under seal. Local Rule 5.4(b)(1) provides, in relevant part, "If, prior to the issuance of a ruling on the motion to file under seal, the moving party *elects* or is required to publicly file a pleading, motion, memorandum, or other document that attaches or reveals the content of the proposed sealed material, then the moving party must redact from the public filing all content that is the subject of the motion to file

---

[1] Defendant's Opposition misleads the Court by failing to disclose that he is *already* aware of the legal identity of witness Abbymc, as evidenced by a recent discovery request from Defendant using the witness' legal name, as well as notice of Defendant's subpoena that he intends to serve on witness Abbymc which includes her legal name and home address.

under seal." (emphasis supplied). Thus, the rule specifically allows the filer to publicly file a redacted version of the document if feasible, and simultaneously submit a motion to file under seal the unredacted version. This is the process that was followed by Plaintiff. Local Rule 5.4(b)(1) does **NOT** require movant to provide opposing counsel with the unredacted version before the Court rules on the sealing motion as that would defeat the purpose of the Rule.

6. Defendant's reliance on Local Rule 5.4(f)(1)(A) is misplaced. This rule is *not* applicable to redacted filings *accompanied* by a sealing motion. The only applicable rule in the instant situation is Rule 5.3(b)(1), which does not require disclosure prior to the Court's ruling on the Motion. Thus, Defendant's third and last ground for opposing the Motion is also baseless.

*d. the Critical Need to Protect the Identities of the Witnesses*

7. Defendant's Opposition completely ignores the substantive basis for the Motion: i) good cause for sealing the identities is established since the declarations contain sensitive and private intimate details; and ii) public disclosure of the identities of these witnesses would expose the witnesses to harassment, embarrassment, possible harm and retaliation. *See* Motion, Dkt. 48. As set forth in exhibit 3 to Defendant's Opposition, Defendant has publicly threatened physical harm to individuals that have spoken out against him and in support of Plaintiff: "For Jstlk and Kuihman I'd kill them if I could. I'd show up to their fucking house and do it…. I do want someone to kill Jstlk though, or Lav, or Mr. Girl or Kuihman. All those people can go die." Dkt. 72-3.

8. Defendant regularly streams on his YouTube channel the details of this case (including confidential details from meet and confers held between counsel). After the Reply and the Motion were filed, he streamed about the filings, showing them on his screen, reading excerpts aloud, and providing vitriolic and defamatory commentary. https://www.youtube.com/watch?v=baWIPMMooWs This video has been viewed 115,803 times

to date. In it, Defendant accuses Plaintiff of "extorting" and "blackmailing" him (minutes 56:12, 1:00:49), of "insane lies" (minute 58:49); of a "total lie." (minute 1:02:53). Defendant accuses witness Abbymc (see Declaration, Dkt. 49-2) of lying and "perjury" (minute 28:17- 28:31). He refers to the undersigned counsel as "disgusting fucks" (minute 30:51); and repeatedly accuses the undersigned counsel of "grabbing random people to perjure themselves (minute 35:56 – 36:09). Apparently all of this commentary is approved by Defendant's counsel: "I pass everything that I publish by my lawyers first." (minute 59:55).[2]

9. Furthermore, despite the protective order entered by this Court (Dkt. 7) to protect Plaintiff Jane Doe's identity, Defendant publicly disclosed Plaintiff Jane Doe's legal name on his social media platform. *See* https://www.youtube.com/watch?v=XbP83RJMZ94&t=479s (minute 7:58). This video has been viewed over 130,000 times. In this same video Defendant posts Plaintiff's private messages to him about her emotional distress and suicidal thoughts due to his non-consensual sharing of the Video and then mocks and ridicules her. He then tells his 183,000 subscribers that Plaintiff's emotional distress was contrived solely for the purpose of extorting him (minutes 7:43- 8:28).

10. It is readily apparent that the three declarants, Abbymc and witnesses A and B, need the Court to seal their identities in order to protect them from the public intimidation, retaliation and psychological harm relentlessly perpetrated by Defendant. Further relief may be required given Defendant's continued efforts to dox and intimidate both the Plaintiff and the witnesses in this matter.

---

[2] Tellingly, not once during the meet and confer process did Defendant's counsel offer to maintain the confidentiality of the names of the declarants pending the Court's ruling on the Motion.

WHEREFORE, Plaintiff's Motion, Reply, and exhibits having been considered, Plaintiff prays that her Motion for Leave to File Declarations Under Seal be granted, and Plaintiff further prays for such other and general relief as the Court deems necessary and proper.

Dated: May 16, 2025.

                              Respectfully submitted,

**SANCHEZ-MEDINA, GONZALEZ, QUESADA, LAGE, GOMEZ & MACHADO, LLP**
*/s/Carlos A. Garcia Perez*
CARLOS A. GARCIA PEREZ
Florida Bar No. 106895
GUSTAVO LAGE
Florida Bar No. 972551
201 Alhambra Circle, Suite 1205
Coral Gables, Florida, 33134
Tel.: (305) 377-1000
Primary E-Mail: cgarciaperez@smgqlaw.com
Secondary E-Mail: angie@smgqlaw.com

JSP LAW, LLC
*/s/ Joan Schlump Peters*
Joan Schlump Peters (admitted *pro hac vice*)
4819 W. Blvd. Ct.
Naples, Florida 34103
Tel.: 305-299-4759
Email: petersjoan@bellsouth.net

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system and copies were electronically sent to all counsel of records via the same.

                              By:  */s/Carlos A. Garcia Perez*
                                    Attorney