UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Miami Division

**JANE DOE**,                                                                 Case No:   1:25-cv-20757-JB/Torres

      Plaintiff,

vs.

**STEVEN K. BONNELL II**,

      Defendant.

_____/

### PLAINTIFF JANE DOE'S MOTION FOR PROTECTIVE ORDER GOVERNING DISCOVERY

COMES NOW Plaintiff JANE DOE, by and through undersigned counsel, and respectfully moves the Court pursuant to Federal Rule of Civil Procedure 26(c) and the Court's inherent authority, for entry of a protective order pertaining to discovery. In support, Plaintiff states as follows:

**I. INTRODUCTION**

This action involves the non-consensual disclosure of intimate images under the federal statute commonly known as "CARDII", 15 U.S.C. § 6851, as well as the publication of private messages violating Plaintiff's right to privacy. The parties have exchanged discovery requests, and responses and document production are due on June 4, 2025. These requests require both parties to disclose information of the utmost intimacy. The vast majority of the documents requested to be produced by both parties contain private, sexually explicit content that should not be made public. If these documents were publicly disclosed the Plaintiff, as well as other non-party individuals, witnesses and potential witnesses whose information is included in these documents, would be

subjected to embarrassment, humiliation and harassment. Relevant hereto, this Court has already acknowledged the sensitive nature of these proceedings by entering a protective order protecting Plaintiff's identity (Dkt. 7), as well as protecting the identity of Plaintiff's witnesses by allowing their declarations to be filed under seal (Dkt. 75).

Moreover, Defendant has notified his intent to serve one of Plaintiff's witnesses with a subpoena to produce documents. The documents requested contain intimate personal information which if publicly disclosed would subject the witness to embarrassment, humiliation and harassment. Also, Plaintiff served a subpoena on Kiwi Farms, the website where the Video of Plaintiff was published, requesting the production of documents. Kiwi Farms would only agree to provide documents to Plaintiff if she agreed that it would be for attorney's eyes only due to the confidential and sensitive nature of the documents.

Not only does the subject matter of this case warrant a protective order governing discovery, but the actions of the Defendant further exacerbate the need for a protective order. Defendant Steven Bonnell II ("Defendant" or "Bonnell") is a prominent online content creator and live-streamer with over 840,000 followers. Since the initiation of this lawsuit, Defendant has repeatedly discussed the details of the litigation on his public platforms. He discusses and displays the pleadings, counsel communications from meet and confers, and even the content of settlement negotiations, as well as harassing, disparaging, and intimidating the Plaintiff, witnesses, potential witnesses and the undersigned counsel. *See* Dkt. 73, pp. 4-6.

Thus, there is good cause for Plaintiff's request that a blanket protective order allowing either party to designate discovery as confidential be entered prior to the commencement of document production. Based on the Defendant's pattern of conduct to date, if a protective order is

not entered, the documents produced by either party will be made public on his streaming platform.[1]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(c) specifically authorizes the Court "for good cause" to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon the Plaintiff's motion. The Court has "broad discretion.. .to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36 (1984). In *Seattle Times*, the Supreme Court upheld a protective order restricting dissemination of discovery materials in order to prevent "annoyance, embarrassment and even oppression" and found it did not implicate the First Amendment. In language directly applicable herein, the Court held:

> It is clear from experience that pretrial discovery by depositions and interrogatories has a significant potential for abuse. This abuse is not limited to matters of delay and expense; discovery also may seriously implicate privacy interests of litigants and third parties. The Rules do not distinguish between public and private information. Nor do they apply only to parties to the litigation, as relevant information in the hands of third parties may be subject to discovery.
> *There is an opportunity, therefore, for litigants to obtain -- incidentally or purposefully -- information that not only is irrelevant but if publicly released could be damaging to reputation and privacy. The government clearly has a substantial interest in preventing this sort of abuse of its processes.*

*Id*. at 34-36 (emphasis supplied).

The 11th Circuit has deemed "discovery material, for which there is no common-law right of access, …[as] neither public documents nor judicial records", and thus entitled to

---

[1] The undersigned counsel met and conferred with counsel for Defendant to try to reach an accord on a stipulated confidentiality agreement and protective order, but no consensus could be reached. Counsel for Defendant would not agree to any confidentiality protection for any witnesses, and only limited protection for the Plaintiff.

confidentiality. *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.,* 263 F.3d 1304, 1311 (11th Cir. 2001). This District Court has also recognized that protective orders are appropriate where dissemination could chill participation or compromise the fairness of proceedings. *See Consumer Fin. Prot. Bureau v. Ocwen Fin. Corp.*, No. 9:17-CV-80495-MARRA/MATTHEWMAN, 2018 U.S. Dist. LEXIS 105620, at *8 (S.D. Fla. June 25, 2018)(finding that confidentiality and protective orders have become standard practice in many civil cases, and holding that "the common-law right of access does not extend to information collected through discovery which is not a matter of public record").

Specifically, "'[b]lanket protective orders serve the interests of a just, speedy, and less expensive determination of complex disputes by alleviating the need for and delay occasioned by extensive and repeated judicial intervention. In view of increasingly complex cases and the existing workload of the trial courts, '[b]lanket protective orders are essential to the functioning of civil discovery. [A]bsent [such orders], discovery would come to a virtual standstill....'" *Hudson v. Army Fleet Support*, No. 1:07cv1050-WKW, 2009 U.S. Dist. LEXIS 154730, at *4-5 (M.D. Ala. Mar. 11, 2009). Such blanket orders "allow the parties to make full disclosure in discovery without fear of public access to sensitive information and without the expense and delay of protracted disputes over every item of sensitive information, thereby promoting the overriding goal of the Federal Rules of Civil Procedure, 'to secure the just, speedy, and inexpensive determination of every action.'" *Id.*, quoting *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990) (citations omitted).

### III. ARGUMENT

**A Protective Order is Necessary to Protect the Privacy of Plaintiff and Witnesses**

The requests for production served by both parties in this action require the production of intimate images and videos of the parties as well as of non-parties; private information of an intimate or sexual nature of the parties as well as of non-parties; psychological, medical or counseling records of Plaintiff; identifying information of Plaintiff and/or witnesses who wish to keep their identity private; and other confidential and sensitive communications the disclosure of which is likely to cause injury to the individual implicated, whether a party or a non-party. For example, Defendant has requested that Plaintiff produce all communications between her and the Defendant, as well as between Plaintiff and twelve non-party witnesses, including the three witnesses who have submitted declarations under seal. The majority of these individuals have been intimately involved with the Defendant and have already expressed that they do not want their legal identities known or their private intimate information disclosed. Thus, a protective order allowing the parties to designate documents and other discovery material as confidential is fully warranted.

Here, the Plaintiff's privacy interests outweigh any general presumption of open records, particularly Plaintiff's substantial right to privacy under 15 U.S.C. § 6851, the federal statute upon which this claim is based. The privacy rights of non-party witnesses and individuals, whose information would be disclosed in response to requests for production of documents on the parties, are also at stake here.

The Court may enter a blanket protective order to protect parties and non-parties from embarrassment, humiliation or harassment. Such orders "allow the parties to make full disclosure in discovery without fear of public access to sensitive information and without the expense and delay of protracted disputes over every item of sensitive information, thereby promoting the overriding goal of the Federal Rules of Civil Procedure, 'to secure the just, speedy, and inexpensive

determination of every action.'" *Frost v. N. Am. Capacity Ins. Co.*, No. 3:17-cv-344-WKW-SRW, 2019 U.S. Dist. LEXIS 233721, at *2 (M.D. Ala. Jan. 25, 2019), citing *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990). S*ee also Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1307-08 (11th Cir. 2001); *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356-57 (11th Cir. 1987).

The proposed protective order, attached as **Exhibit A** hereto, allows either party, and/or a non-party subject to subpoena, to designate documents as confidential. A protective order that only allows the producing party to designate specific documents as confidential would not be sufficient to protect Plaintiff's privacy interests because Defendant could then produce documents without any confidentiality designation, and these could and most likely would then be made public by Defendant, thereby further harming Plaintiff.

The proposed protective order provides an appropriate procedure by which the confidential designation may be challenged.  The proposed protective order requires that counsel designate information as confidential only after a review of the information and based on a good faith belief that it is confidential or otherwise entitled to protection. The proposed order also provides that upon a challenge to confidentiality the burden is on the party seeking protection to establish good cause. *See In re Alexander Grant & Co. Litigation*, 820 F.2d at 356 ("Under the provisions of umbrella orders, the burden of proof justifying the need for the protective order remains on the movant; only the burden of raising the issue of confidentiality with respect to individual documents shifts to the other party.").

The reasons for entry of a blanket protective order covering both parties and non-parties include judicial efficiency, reduced litigation costs, and expediency resulting from not having to repeatedly come to this Court for multiple individual protective orders or motions to compel with

regard to each third-party subpoena and discovery request. The proposed order serves to protect the privacy interests of both parties and of non-parties whose confidential and sensitive information may be produced. Accordingly, Plaintiff requests that the proposed protective order be entered. *See Hudson*, 2009 U.S. Dist. LEXIS 154730, at *4 (approving similar protective order).

**WHEREFORE,** for the foregoing reasons, Plaintiff respectfully requests that this Court enter the proposed protective order attached as Exhibit A and award any other relief the Court deems just and proper.

### LOCAL RULE 7.1 CERTIFICATE OF CONFERRAL

I HEREBY CERTIFY that, pursuant to Local Rule 7.1(a)(2), the undersigned counsel conferred via email with counsel for Defendant in a good-faith effort to resolve the issues raised in this motion and have been unable to do so.

Dated: May 23, 2025                                        Respectfully submitted,

| | |
|---|---|
| **JSP LAW, LLC** | **SANCHEZ-MEDINA GONZALEZ QUESADA LAGE GOMEZ & MACHADO, LLP** |
| Joan Schlump Peters | CARLOS A. GARCIA PEREZ |
| (admitted *pro hac vice*) | Florida Bar No. 106895 |
| 4819 W. Blvd. Ct. | GUSTAVO D. LAGE |
| Naples, FL 34103 | Florida Bar No. 972551 |
| Tel. 305-299-4759 | 201 Alhambra Circle, Suite 1205 |
| Email: petersjoan@bellsouth.net | Coral Gables, Florida, 33134 |
| Counsel for Plaintiff JANE DOE | Tel.: (305) 377-1000 |
| | Primary E-Mail: cgarciaperez@smgqlaw.com |
| | Primary E-Mail: glage@smgqlaw.com |
| | Counsels for Plaintiff |

                                                                    */s/ Carlos A. Garcia Perez*
                                        By:_____
                                                CARLOS A. GARCIA PEREZ
                                                Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 23, 2025 a true and correct copy of the foregoing was served on all parties via the CM/ECF filing portal to all counsel of record.

By: */s/ Carlos A. Garcia Perez*

CARLOS A. GARCIA PEREZ
Attorney for Plaintiff