**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Miami Division

**JANE DOE**,                                                    Case No:   1:25-cv-20757-JB/Torres

      Plaintiff,

vs.

**STEVEN K. BONNELL II**,

      Defendant.

_____/

**[PROPOSED] PROTECTIVE ORDER GOVERNING DISCOVERY**

      This matter is before the Court on Plaintiff Jane Doe's Motion for Protective Order Governing Discovery dated 5/23/2025 ("Motion"). The Court has considered the record, as well as the facts and arguments in support of the Motion, and finding good cause shown, pursuant to Federal Rule of Civil Procedure 26(c), Local Rule 5.4 and the Court's inherent authority, the Court grants the Motion and enters this Protective Order ("Order") to limit the disclosure and use of confidential and sensitive information produced during discovery in this action. The nature of the claims involves the non-consensual dissemination of intimate images and related personal matters, requiring heightened protection of the parties' and non-parties' privacy. There is good cause to enter this Order to protect the parties and non-party witnesses from annoyance, embarrassment, oppression, harassment or retaliation due to the disclosure of confidential and sensitive information produced during discovery.

      The Parties are engaged in pretrial discovery and certain discovery, including but not limited to documents that are produced, responses to interrogatories, responses to requests for admissions, and deposition testimony, may contain confidential, private, or other sensitive

information. The disclosure of such confidential information could, among other things, violate the privacy interests of a Party or a Non-Party, and cause them humiliation, embarrassment or retaliation.

Accordingly, it is ORDERED and ADJUDGED that the Motion is granted and the following Protective Order is entered, as follows:

1. This Order shall govern all documents, information, materials, and discovery produced, disclosed, or obtained in this action ("Discovery Materials"), including but not limited to interrogatory responses, deposition transcripts, and any copies, summaries, or abstracts thereof.

2. All documents produced by plaintiff or defendant, or by a non-party pursuant to subpoena, that are designated as "Confidential" by the producing party or non-party, or by the non-producing party, shall be treated as such by all persons to whom such documents are disclosed. Such protected documents shall be used exclusively in this action and for no other purpose, including any public dissemination or commentary. Any document designated as "Subject to Protective Order" pursuant to this Order may not be disclosed wholly, in part, or in substance to persons not parties to this lawsuit except as set forth below. Counsel shall designate information as "Subject to Protective Order" only after a review of the information and based on a good faith belief that it is confidential or otherwise entitled to protection.

3. If any protected document is used during any deposition, relevant portions of the transcript (as designated by agreement of counsel) shall be treated as subject to this protective order in accordance with paragraph 2, *supra*.

4. Any document or deposition transcripts designated by plaintiff or defendant as Confidential under this Order shall, if filed with the court, be clearly marked "Subject to Protective Order," sealed, and opened only by authorized court personnel.

5.      Documents and deposition transcripts designated by plaintiff, defendant or a non-party as Confidential pursuant to the terms of this Order may be used only in connection with this case and may be disclosed only to counsel, the parties, employees or professional assistants of counsel (including experts) who have a need to review the information or contents of the documents to aid effectively in the preparation of the case. Notwithstanding the foregoing, documents or deposition transcripts designated as Confidential pursuant to this Order may be disclosed to potential witnesses for plaintiff or defendant only on an as-needed basis subject to plaintiff's or defendant's counsel, as appropriate, first informing each such witness of the terms of this Protective Order, and the witness agreeing to be bound by it.

6.      The party seeking discovery shall have the right to challenge any document designated by the opposing party as Confidential and thus subject to this Protective Order by seeking an appropriate order from this Court. The party seeking discovery will treat all materials or information designated as Confidential in accordance with the requirements of this Order during the pendency of such motion. Before seeking any relief from the Court under this paragraph, counsel for plaintiff and defendant are required to make a good faith effort to resolve any disputes concerning the confidential treatment of such documents. On a challenge to confidentiality the burden is on the party seeking protection to establish good cause for the designation.

7.      After the final termination of this litigation, all documents or other materials afforded confidential treatment pursuant to this Order and in the possession of plaintiff or defendant or their counsel shall, upon request of the producing party, be returned promptly to the party that produced the document(s).

8.      The provisions of this Order shall not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in open court, except as directed by separate order entered for good cause shown.

**DONE AND ORDERED** by the Court on _____, 2025.


_____
HONORABLE JACQUELINE BECERRA
U.S. DISTRICT COURT JUDGE