## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### Case No.: 1:25-cv-20757-JB/Torres

JANE DOE,

      Plaintiff,

v.

STEVEN K. BONNELL II,

      Defendant.

_____/

### DEFENDANT STEVEN K. BONNELL'S OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF ORDER TO COMPEL LOLCOW LLC TO REMOVE VIDEOS

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
ROBERT L. RASKOPF
Florida Bar No.: 1040022
PATRICIA M. PATINO
Florida Bar No.: 1007702
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580
Fax: (305) 374-7593
Email: rraskopf@bilzin.com;
ppatino@bilzin.com

*-and-*

**BERK BRETTLER LLP**
ANDREW B. BRETTLER
California Bar No.: 262928
JAKE A. CAMARA
California Bar No.: 305780
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel: (310) 278-2111
Email: abrettler@berkbrettler.com;
jcamara@berkbrettler.com
(admitted *pro hac vice*)

*Counsel for Steven K. Bonnell II*

## I.     <u>INTRODUCTION</u>

While Bonnell has no objection to non-party Lolcow LLC voluntarily removing the Video from its website called KiwiFarms—after all, Bonnell did not publish the Video to that website—Plaintiff's motion seeking a court order *compelling* Lolcow to do anything is improper and must be denied for several reasons. *First*, as raised in Bonnell's Answer and explained in his opposition to Plaintiff's pending motion for preliminary injunction, this Court lacks subject matter jurisdiction because the federal statute under which Plaintiff seeks relief was not in effect at the time of the alleged dissemination of the Video. *Second*, Lolcow, a Texas-based corporation, is not a party to this case. Lolcow is free to voluntarily remove any content from its site without a court order. *Third*, the requested relief is arbitrary and will not prevent the future dissemination or republication of the Video on KiwiFarms, or any other website. *Finally*, even if the Court compels Lolcow to remove selective content, there is no legal basis to award attorneys' fees or costs to Plaintiff.

## II.     <u>FACTUAL BACKGROUND</u>

Steven Bonnell is a live streamer and political commentator known online as "Destiny." (Bonnell Decl., dated Apr. 25, 2025 [ECF No. 42-1] ¶ 3.) Plaintiff also is an online streamer who uses the screen name "Pxie." (*Id.* ¶ 4.) Bonnell and Plaintiff met online in late 2019, developed a friendship and began exchanging sexually explicit videos of themselves with their respective partners. (*Id.* ¶ 5.) In March 2020, Plaintiff suggested that Bonnell meet her in person to "make some videos together." (*Id.* ¶ 6.). On or about September 12, 2020, Plaintiff and Bonnell met and agreed to record a sexual encounter together (i.e., the "Video"). (*Id.* ¶ 7.) Plaintiff did not object to Bonnell showing the Video to his then-fiancée, or to anyone else. (*Id.*)

On April 9, 2022, without identifying Plaintiff, Bonnell transmitted the Video to an individual named "Rose," whom he met on online. Apart from sending the Video to Rose in April

2022, Bonnell has not sent the Video to anyone else.  (Bonnell Decl. [ECF 42-1] ¶¶ 8-10.)  More than two years later, on November 29, 2024, Bonnell learned that he was the victim of revenge pornography when a trove of his personal correspondence with third parties, and sexually explicit content of his, including the Video, was published without his permission or consent to a website called KiwiFarms.  Bonnell does not know the identity of the person or persons who leaked and unlawfully published his content on KiwiFarms.  (*Id.* ¶ 12.)  Regardless, Plaintiff published a lengthy statement on her Substack page, in which she falsely accused Bonnell of intentionally distributing the Video.  She also posted about the Video on her social media accounts and created a GiveSendGo page to raise money to pursue this lawsuit against Bonnell.  (*Id.* ¶¶ 23-24, 26-28.)

On May 10, 2024, Plaintiff served a subpoena on Lolcow LLC, a Texas-based company that runs and operates the KiwiFarms website.  (Brettler Decl., dated May 29, 2025, ¶ 3 & Ex. A; Pl.'s Mot., dated May 21, 2025 [ECF No. 80] ¶ 2.)  According to Plaintiff, Lolcow "has cooperated with Plaintiff's request to produce documents, and has expressed its willingness to remove all specified URLs which link to the Video upon receipt of an order from this Court."  (Pl.'s Mot. ¶ 3.)  To date, Plaintiff has failed and refused to provide Bonnell with copies of any of the documents that Lolcow produced in response to the subpoena.  Plaintiff's attorney, Joan S. Peters, indicated that Lolcow "has restricted the production of these documents to attorney's eyes only."  (Brettler Decl., ¶ 4 & Ex. B.)  Without any protective order in place or any legal basis for the unilateral "highly confidentiality" designation, Plaintiff has taken the position that she "can only share the KiwiFarms production upon [Bonnell's] explicit agreement that it is for attorney's eyes only." (*Id.*)

Further, in response to Plaintiff's meet and confer efforts in connection with the instant Motion, Bonnell inquired whether the Motion was sufficient to prevent the republication of the

Video.  (Brettler Decl. ¶ 5 & Ex. C.)  Bonnell explained that the Video was published on

KiwiFarms in response to other sexually explicit videos featuring Bonnell having nothing to do

with Plaintiff.  (*Id.*)  For that reason, Bonnell proposed that Plaintiff include in her Motion and

Proposed Order 26 additional URLs that link to sexually explicit content.  (*Id.*)  Plaintiff refused

to include the links Bonnell identified unless he agreed to pay her.  (*Id.*)

## III.   ARGUMENT

### A.   The Court Does Not Have Subject Matter Jurisdiction.

Plaintiff alleges the Court has subject matter jurisdiction because her claims arise under

federal law, namely, 15 U.S.C. § 6851, Civil Action Relating to Disclosure of Intimate Images Act

("CARDII"). (Compl. ¶ 3.)  Critically, CARDII took effect on October 1, 2022. 15 U.S.C. § 6851.

CARDII provides remedies for conduct occurring only as of the effective date of the statute. A

court must not "give retroactive effect to statutes burdening private rights unless Congress had

made clear its intent." *Landgraf v. USI Film Prods.*, 511 U.S. 244, 270 (1994). No such legislative

intent for retroactive application exists here.

Here, Bonnell's sole transmission of the Video preceded the effective date of CARDII by

nearly six months.  (Bonnell Decl. [ECF 42-1] ¶¶ 8-10.) There is no admissible evidence in the

record that Bonnell transmitted the Video after the effective date of the statute.[1]  Because the date

of transmission precedes the effective date of the statute, there is no federal question jurisdiction.

---

[1] In connection with filing her reply papers in support of her motion for preliminary injunction,
Plaintiff submitted a declaration from a purported witnesses known as "Abbymc."  In her
declaration, Abbymc claims that Bonnell sent her the Video "on or about November 3, 2023."
(Decl. of Abbymc, dated Apr. 30, 2025 [ECF No. 42-2] ¶ 6.)  However, Abbymc provided no
support for this baseless contention and failed to attach any exhibits reflecting the alleged
transmission of the Video.  For these reasons and others, Bonnell objected to the declaration.
(Def.'s Evid. Objs., dated May 5, 2025 [ECF No. 66] ¶¶ 27-31.) The Court should sustain
Bonnell's objections and exclude the declaration in its entirety.

(*See generally* Def.'s Opp'n to Pl.'s Mot. for Prelim. Inj., dated Apr. 25, 2025 [ECF No. 42] at 13-15.) For this reason alone, the Court cannot grant the requested relief.

### B.   Lolcow Is Not a Party in the Case; A Court Order Is Unnecessary.

Plaintiff served non-party Lolcow with a subpoena in Texas.  (Brettler Decl. Ex. A.) According to Plaintiff's counsel, Lolcow produced documents in response to the subpoena.  (*Id.* Ex. B.)  Notwithstanding that there is no protective order in this case, Lolcow supposedly unilaterally designated its document production for "Attorneys' Eyes Only."  (*Id.*)  As such, Plaintiff impermissibly refuses to provide Bonnell with copies of Lolcow's production.  (*Id.*)  Also, according to Plaintiff's counsel, Lolcow is willing to remove specifically identified content pursuant to a court order.  However, Plaintiff fails and/or refuses to explain why a court order is necessary, or how an order from this Court would be binding on or enforceable against non-party Lolcow.

Plaintiff has not cited a single authority supporting an order compelling a non-party website operator to remove online content.  Whether styled as a "motion to compel" under Rule 37 or Rule 45 of the Federal Rules of Civil Procedure, there is no provision in either Rule that permits a court to issue a mandatory takedown order against a non-party. Plaintiff has not alleged that Lolcow is acting in concert with Bonnell.  Yet, she seeks relief that is plainly injunctive in nature, without satisfying any of the procedural or jurisdictional requirements of Rule 65.  The Motion is, in substance, a veiled request for injunctive relief against a non-party and must be denied.

Federal courts lack jurisdiction to impose injunctive relief against persons who are not parties to the lawsuit or shown to be "in active concert" with a party.  *Zenith Radio Corp. v. Hazeltine Res., Inc.*, 395 U.S. 100, 112 (1969) (holding that the district court erred in enjoining a non-party not shown to be in active concert with the defendant); *In re Infant Formula Antitrust*

*Litig.*, 72 F.3d 842, 842–43 (11th Cir. 1995) (affirming denial of injunctive relief against a non-party for lack of subject matter jurisdiction); *Jackson v. Baisden*, No. 21-13004-J, 2022 WL 610314, at *1 (11th Cir. Feb. 16, 2022) (holding that a district court lacked subject matter jurisdiction to enjoin non-party prison officials). Rule 65(d)(2) of the Federal Rules of Civil Procedure strictly limits the reach of injunctive orders to parties, their agents, or those acting in concert with them who have actual notice.  Plaintiff has made no such showing here. Her request to compel content removal from Lolcow is not only procedurally improper—it seeks relief this Court has no power to grant.

### C.    The Requested Relief Is Arbitrary; It Will Not Prevent Reposting of the Video.

Plaintiff identified a handful of URLs that she is asking the Court to order Lolcow to remove from its website KiwiFarms.  Yet, Plaintiff has failed to explain or justify how such an order would prevent the republication of the Video on the KiwiFarms site or anywhere else online. Indeed, Plaintiff's request is arbitrary and is not designed to prevent any alleged future harm. Plaintiff's cherry-picked URLs exclude links to sexually explicit content that Bonnell identified for removal in connection with the meet and confer efforts over this Motion.  Ultimately, Plaintiff refused to include the links to the content Bonnell identified unless he agreed to pay her to do so. (Brettler Decl. Ex. C.)

The relief Plaintiff seeks is not only procedurally improper but also substantively futile. Lolcow has already demonstrated its willingness to remove the identified URLs voluntarily, making a court order unnecessary. *See Reich v. Occupational Safety & Health Review Comm'n*, 102 F.3d 1200, 1201 (11th Cir. 1997) (injunctive relief may be moot where interim relief or events have completely and irrevocably eradicated the effects of the alleged violation (citing *Los Angeles*

*Cnty. v. Davis*, 440 U.S. 625, 631 (1979)). Moreover, Plaintiff's request does not address the core concern, namely, that the Video can be reposted elsewhere at any time. The Eleventh Circuit has consistently held that injunctions must be forward-looking, specific, and capable of enforcement. *See Strickland v. Alexander*, 772 F.3d 876, 883 (11th Cir. 2014) ("injunctions regulate future conduct only; they do not provide relief for past injuries already incurred and over with"); *see also AA Suncoast Chiropractic Clinic, P.A. v. Progressive Am. Ins. Co.*, 938 F.3d 1170, 1175 (11th Cir. 2019) ("an injunction must be geared toward preventing *future* harm").

Plaintiff fails to articulate how the requested relief would prevent alleged future harm. Indeed, the content has already been published online and can be republished on KiwiFarms or any other website regardless of whether the Court enters the order Plaintiff seeks here. Injunctions do not redress past harm or supervise diffuse, uncontrollable future conduct. *See Strickland*, 772 F.3d at 883; *see also Glass v. Anderson*, 704 So. 2d 697, 699 (Fla. 4th DCA 1997) ("courts will not grant injunctions requiring certain types of future performance because of the inability of courts to supervise that performance").

### D.      There Is No Basis To Award Attorneys' Fees or Costs to Plaintiff.

Plaintiff argues that she is entitled to recover her attorneys' fees and costs from Bonnell in connection with this Motion, pursuant to 15 U.S.C. § 6851(b)(3)(A)(i). Plaintiff provides no authority whatsoever for her position. Indeed, the undersigned has not found a single case in which attorneys' fees or costs were awarded under similar circumstances. A final judgment has not been entered in the case—and certainly not one in Plaintiff's favor. The Court denied Plaintiff's application for a TRO [ECF No. 32] and has not yet ruled on Plaintiff's motion for preliminary injunction [ECF No. 21], nor has the Court addressed the threshold issue of subject matter jurisdiction, as raised in Bonnell's affirmative defenses [ECF No. 17] and in opposition to the

pending preliminary injunction motion [ECF No. 42].  For all of these reasons, Plaintiff's request for fees and costs must be denied. *See Clark v. Hous. Auth.*, 971 F.2d 723, 724 (11th Cir. 1992) (attorney's fee requests must be made after entry of final judgment); *Arceneaux v. Merrill Lynch*, 767 F.2d 1498, 1503 (11th Cir. 1985) (a request for fees under a prevailing party statute cannot be made until it is determined who prevailed); *Gordon v. Heimann*, 715 F.2d 531, 535 (11th Cir. 1983) (a party must wait until judgment to see who prevails before requesting fees).

Separately, the Court should deny Plaintiff's request for fees because she failed to meet and confer prior to seeking the requested relief.  Outrageously, Plaintiff's counsel provided the undersigned with a different draft of this Motion than the one she ultimately filed.  Nowhere in the draft motion that Plaintiff's counsel provided, nor anywhere in the meet and confer correspondence did Plaintiff's counsel ever mention that Plaintiff would be seeking attorneys' fees and costs. (Brettler Decl. ¶ 6 & Ex. D.)  Bonnell would have objected to the Motion had it included a demand that he pay Plaintiff's legal fees and costs in connection therewith.  For Plaintiff to sandbag Bonnell by seeking fees and costs without ever raising the issue as required by Local Rule 7.1(a)(2), smacks of bad faith and provides an alternative basis to deny the fee request.

## IV.  <u>CONCLUSION</u>

While Bonell does not object to the voluntary removal of the Video or other sexually explicit content in which he and/or Plaintiff are depicted, because (i) the Court lacks subject matter jurisdiction over this dispute; (ii) Lolcow is not a party to the case; (iii) the requested order is arbitrary and will not prevent republication of the Video; and (iv) Plaintiff is not entitled to attorneys' fees or costs, the Court should deny the Motion.

Dated: May 30, 2025

Respectfully submitted,

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580
Fax: (305) 374-7593

By: /s/ *Robert L. Raskopf*
Robert L. Raskopf, Esq.
Florida Bar No.: 1040022
rraskopf@bilzin.com
Patricia M. Patino, Esq.
Florida Bar No.: 1007702
ppatino@bilzin.com

and

**BERK BRETTLER LLP**
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel: (310) 278-2111

By: /s/ *Andrew B. Brettler*
Andrew Brad Brettler, Esq.
California Bar No.: 262928
abrettler@berkbrettler.com
Jake A. Camara, Esq.
California Bar No.: 305780
jcamara@berkbrettler.com
(admitted *pro hac vice*)

*Counsel for Steven K. Bonnell II*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 30, 2025, a true and correct copy of the foregoing was served on all parties via transmission of Notices of Electronic Filing generated by CM/ECF and via electronic transmission to counsel of record for these parties.

By:     /s/ *Robert L. Raskopf*
Attorney