**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(MIAMI DIVISION)**

JANE DOE,                             CASE NO: 1:25-cv-20757-JB/Torres

      Plaintiff,

v.                                 **<u>NOTICE OF SUBPOENA</u>**

STEVEN BONNELL II,

      Defendant.

_____/

PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure 45, the

Plaintiff, JANE DOE, intends to serve a Subpoena Duces Tecum, a copy of which is attached

hereto, to the below entities on April 15, 2025, or as soon thereafter as service may be

effectuated.

    1.  Lolcow LLC, Custodian of Records of behalf of Kiwifarms.

DATED April 15, 2025.

| | |
|---|---|
| **JSP LAW, LLC** | **SANCHEZ-MEDINA GONZALEZ QUESADA** |
| Joan Schlump Peters | **LAGE GOMEZ & MACHADO, LLP** |
| (admitted *pro hac vice*) | CARLOS A. GARCIA PEREZ |
| 4819 W. Blvd. Ct. | Florida Bar No. 106895 |
| Naples, FL 34103 | GUSTAVO D. LAGE |
| Tel. 305-299-4759 | Florida Bar No.  972551 |
| Email: petersjoan@bellsouth.net | 201 Alhambra Circle, Suite 1205 |
| Counsel for Plaintiff JANE DOE | Coral Gables, Florida, 33134 |
| | Tel.: (305) 377-1000 |
| | Primary E-Mail: cgarciaperez@smgqlaw.com |
| | Primary E-Mail: glage@smgqlaw.com |
| | Counsels for Plaintiff JANE DOE |

                                 */s/ Carlos A. Garcia Perez*
By:_____
                              CARLOS A. GARCIA PEREZ
                              Attorney for Plaintiff

DOE v BONNELL
Case No,  CASE NO: 1:25-cv-20757 JB
Page 2

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was emailed on April 14, 2025, to the below counsel of record.

*/s/ Carlos A. Garcia Perez*

By:_____

CARLOS A. GARCIA PEREZ
Attorney for Plaintiff

BILZIN SUMBERG BAENA PRICE & AXELROD LLP
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580
Fax: (305) 374-7593
Robert L. Raskopf, Esq. Florida Bar No.: 1040022 rraskopf@bilzin.com
Patricia M. Patino, Esq. Florida Bar No.: 1007702 ppatino@bilzin.com
Counsel for Defendant STEVEN K. BONNELL II

BERK BRETTLER LLP
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel: (310) 278-2111
Andrew B. Brettler, Esq. California Bar No.: 262928 abrettler@berkbrettler.com
Jake A. Camara, Esq. California Bar No.: 305780 jcamara@berkbrettler.com
Counsel for Defendant STEVEN K. BONNELL II

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| JANE DOE | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1:25-cv-20757-BECERRA |
| | ) | |
| STEVEN BONNELL II | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Lolcow LLC, Custodian of Records on behalf of Kiwifarms, c/o Matthew Hardin, Esq., Hardin Law Office, 101 Rainbow Drive, #11506, Livingston, TX 77399

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

Please see Exhibit A attached below for more details.

| Place: Veritext Legal Solutions on behalf of Sanchez-Medina Gonzalez Quesada Lage Gomez & Machado, LLP, 300 Throckmorton, Suite 1600, Ft Worth, TX 76102 | Date and Time: May 1, 2025 at 10:00AM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     April 15, 2025

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | *Cu A. Su Per* |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Jane Doe (Plaintiff)
_____ , who issues or requests this subpoena, are:

Carlos A. Garcia Perez, 201 Alhambra Circle Suite 1205 Coral Gables, FL 33134, cgarciaperez@smgqlaw.com
305.377.1000 Ext. 145.

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:25-cv-20757-BECERRA

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Print     Save As...     Add Attachment          Reset

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

   **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

   **(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

   **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

   **(2) *Command to Produce Materials or Permit Inspection.***
   **(A) *Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B) *Objections.*** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

   **(3) *Quashing or Modifying a Subpoena.***
   **(A) *When Required.*** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B) *When Permitted.*** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C) *Specifying Conditions as an Alternative.*** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

   **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A) *Documents.*** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B) *Form for Producing Electronically Stored Information Not Specified.*** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C) *Electronically Stored Information Produced in Only One Form.*** The person responding need not produce the same electronically stored information in more than one form.
   **(D) *Inaccessible Electronically Stored Information.*** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

   **(2) *Claiming Privilege or Protection.***
   **(A) *Information Withheld.*** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B) *Information Produced.*** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit A**
**DEFINITIONS**

1. "Kiwi Farms", "You", and "Your" shall refer to Lolcow, LLC., including all of its affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

2. "Kiwi Farms Platform" means the online forum and website accessible at https://kiwifarms.net.

3. "Plaintiff" or "Pxie" means the Plaintiff Jane Doe in Civil Case Number: 1:25-cv-20757 JB pending in the United States District Court, Southern District of Florida, Miami Division. Pxie is Plaintiff's screen name on the Kiwi Farms Platform.

4. "Defendant" or "Destiny" means the Defendant Steven Bonnell II in Civil Case Number: 1:25-cv-20757 JB pending in the United States District Court, Southern District of Florida, Miami Division. Destiny is Defendant's screen name on the Kiwi Farms Platform.

5. "Allegations" means the allegations in the Complaint at Docket 1 in Civil Case Number: 1:25-cv-20757 JB pending in the United States District Court, Southern District of Florida, Miami Division, concerning Destiny's sharing of the Intimate Image (defined below) of Pxie, and the publication of the Intimate Image on the Kiwi farms Platform on or about November 29, 2024.

6. "Intimate Image" means any image or audiovisual recording, regardless of format, length, or method of dissemination, that includes the image, voice, likeness, or identifiable reference to Plaintiff. This includes original uploads, embedded media, reuploads, edited versions, or linked video files.

7. "Upload" or "Uploaded" means the act of transferring or placing video content onto any portion of the Kiwi Farms Platform, including but not limited to posts, threads, replies, user profiles, or hosted media storage locations, whether public or private.

8. "Share" or "Sharing" includes any activity in which a user links, embeds, reposts, or otherwise makes the Video accessible to other users on the platform, including through hyperlinks, file attachments, cross-posting, or quotations from external platforms (e.g., Google Drive, YouTube, BitChute).

9. "User Account" or "Account" means any user anonymous or with a Kiwi Farms registered profile on the platform through which any activity described in this subpoena was conducted, including the associated username, display name, user ID, registration email address, and IP login history.

10. "Solotinyleaks" refers to the screen name of the Kiwi Farms Platform user who upon information and belief disseminated or published the Intimate Image on the Kiwi Farms Platform.

11. "Rose" refers to the screen name of the Kiwi Farms Platform user who upon information and belief is involved in the dissemination or publication of the Intimate Image on the Kiwi Farms Platform.

12. "Post" means any user-generated content on Kiwi Farms Platform, including but not limited to chat threads, messages, replies, comments, or media submissions, whether created under a registered account or anonymously.

13. Administrative Action means any moderation, restriction, or flagging of content or user accounts by Kiwi Farms Platform administrators or automated tools.

14. "Metadata" refers to any system-generated data associated with a file or post, including but not limited to upload timestamps, IP addresses, device identifiers, edit history, and content source URLs.

15. "Relevant Time Period" means the period from November 1, 2024 through the present or such other dates reasonably calculated to encompass the events relating to the sharing, uploading, or discussion of the Intimate Image.

16. All defined terms shall have the same meaning regardless of their capitalization.

## **INSTRUCTIONS**

Production of documents requested herein shall be made via secure electronic transmission (e.g., encrypted email, secure FTP, or cloud-based file sharing service). If electronic production is not feasible or agreeable, documents may be delivered to at the offices of **Veritext Legal Solutions on behalf of Sanchez-Medina, Gonzalez, Quesada, Lage, Gomez & Machado, LLP., 300 Throckmorton, Suite 1600, Fort Worth, Texas 76102**. For purposes of this request for documents, the following instructions shall apply:

1. These requests shall include all documents that are in your possession, custody, or control, or in the possession, custody, or control of your present or former agents, representatives, or attorneys, or any and all persons acting on your behalf or on behalf of your present or former agents, representatives, or attorneys.

2. These requests include the production of electronically stored information ("ESI"), including all metadata associated with the ESI.

3. If any responsive records were, but are no longer, in your possession; were, but are no longer, subject to your control; or were, but are no longer, in existence, state whether it: a) is missing or lost; b) has been deleted or destroyed; c) has been transferred, voluntarily or involuntarily, to others; or d) has been otherwise disposed of. In each instance, explain the circumstances surrounding any authorization for such disposition, including the date of such disposition; the person(s) responsible for such disposition; the identity of the person, if any, to whom the records were transferred; the policy, procedure, rule, order, guideline, other authority by, under or pursuant to which such disposition was made; and potential recovery methods.

4. If a privilege is claimed, identify each matter as to which the privilege is claimed, the nature of the privilege and the legal and factual basis for each such claim if such claim of privilege relates to a document, identify the author, addressee, and all recipients of copies of the document, setting forth the date and general subject matter thereof and state the basis for the claim of privilege.

5. If a refusal to respond to a request is based on the grounds that the request is overly burdensome, identify the number and nature of documents needed to be searched.

6. If you are unable to produce documents fully responsive to a request, produce to the extent possible and specify the reasons for your inability to provide a complete production. These requests for production are continuing, and should you acquire any additional information responsive to these requests, the responses shall be supplemented to provide the additional information in accordance with the applicable federal and local court rules.

7. The use of the singular includes the plural, and the use of the plural includes the singular, so as to be inclusive of any documents that may otherwise be excluded from production.

8. The use of the present tense includes the past tense, and the use of the past tense includes the present tense, so as to be inclusive of any documents that otherwise may be excluded from production.

9. Documents should be provided in a searchable electronic format (e.g., PDF, CSV, or native format) and transmitted securely via a secure file transfer protocol (SFTP).

10. These requests should be deemed continuing, and supplemental production should be provided as additional documents become available.

11. The relevant time period for these requests, except as otherwise stated in a particular request, is from November 1, 2024 to the present.

## **REQUESTS FOR DOCUMENTS**

1. Any and all direct messages, communications or server messages between users on the Kiwi Farms Platform that is at all relevant to the disclosure of the Intimate Images of pxie since November 1, 2024 to date.

2. Any and all Posts on the Kiwi Farms platform since November 1, 2024, concerning or referencing:

   a. The sharing, posting, or distribution of any Intimate Images of pxie.

   b. Solotinyleaks and his posting or sharing of the Intimate Images.

   c. Destiny and his involvement with the Intimate Images.

   d. Rose and her involvement with the Intimate Images.

    e.   The  Allegations of the Complaint.

    f.   Any actions taken or discussions regarding the removal, deletion, or concealment of the Intimate Images.

3. Server logs, channel messages, and administrative actions taken on any Kiwi Farms platform specifically concerning:

    a.   Pxie and the Intimate Image shared by Solotinyleaks and/or any other user who may have shared or reposted the Intimate Image.

    b.   Moderator discussions or decisions regarding content moderation actions related to the above.

4. All logs, metadata, or records reflecting the deletion or modification of messages, chat threads, or other communications by Solotinyleaks and/or Destiny since November 29, 2024 to date, including but not limited to i) deletion logs or any audit logs showing when and where messages were deleted, including timestamps; ii) metadata records indicating message edits or deletions; iii) any records showing bulk message deletions in private DMs or public channels; iv) administrative or moderation actions taken on the account that resulted in message removals; v) server audit logs that reflect message deletions in any server or channel associated with the user.

5. Server logs and all metadata that provide information as to how and when the Intimate Image was uploaded or shared on or about November 29, 2024 and the username, screen name, email address, IP address, and any other identifying information about the user and the user's account that shared/uploaded it.

6. All metadata and account information associated with the Kiwi Farms account Solotinyleaks including but not limited to:

    a.   User IDs, email addresses, and IP addresses used to access the account during the relevant timeframe.

    b.   Login history and device information associated with these accounts.

7. All site data regarding the viewership metrics and website traffic of the Kiwi Farms Platform on November 29, 2024 and the five subsequent days.

8. All site data regarding the viewership metrics and website traffic of the Kiwi Farms Platform on January 20, 2025 and  the  five subsequent days.