UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Miami Division

**JANE DOE**,

 Plaintiff,

vs.

**STEVEN K. BONNELL II**,

 Defendant.

_____/

Case No:   1:25-cv-20757-JB/Torres

### PLAINTIFF JANE DOE'S MOTION FOR PROTECTIVE ORDER GOVERNING PUBLIC COMMENTARY BY TRIAL PARTICIPANTS

 COMES NOW Plaintiff, JANE DOE, by and through undersigned counsel, and respectfully moves the Court pursuant to Federal Rule of Civil Procedure 26(c), Local Rule 77.2 and the Court's inherent authority, for entry of a protective order restricting all trial participants, including the Defendant, from making harassing, intimidating and derogatory public extrajudicial statements about the parties, the witnesses, and counsel, and from publicizing confidential attorney communications. In support, Plaintiff states as follows:

**I. INTRODUCTION**

 This action involves the non-consensual disclosure of intimate images under the federal statute commonly known as the "CARDII" law, 15 U.S.C. § 6851. Defendant Steven Bonnell II ("Defendant" or "Bonnell") is a prominent online content creator and live-streamer with over 840,000 followers. Since the initiation of this lawsuit, Defendant has repeatedly discussed and published the details of the litigation on his public platforms, including the pleadings, counsel communications in meet and confers, the names and home addresses of counsel, and even settlement discussions. He has also made derogatory and intimidating statements about the

Plaintiff, her counsel, Plaintiff's witnesses and her prospective witnesses. *See* Dkt. 73, pp. 4-6. Indeed, several witnesses, including those that provided declarations in support of Plaintiff's Motion for Preliminary Injunction, have expressed fear of being publicly targeted or doxxed[1] by Defendant and/or his followers and have indicated they are unwilling to participate in discovery or testify unless their identities remain confidential. *See* Plaintiff's Declaration, attached hereto as **Exhibit A.** For this reason, the witness declarations were filed under seal. (See Dkts. 49-2, 49-4, 49-5).

Plaintiff is requesting that the Court enter the narrowly tailored proposed protective order, attached hereto as **Exhibit B**, to protect the integrity of these proceedings and prevent a chilling effect on evidence gathering and testimony. This order would apply equally to all trial participants, and serve to prevent further public doxxing, harassment, intimidation and misinformation. Without a protective order, Defendant's continuous extrajudicial comments on his streaming platforms to over 840,000 followers has a substantial likelihood of materially prejudicing this proceeding. *See* Exhibit A

## II. RELEVANT FACTS

Defendant has publicly threatened physical harm to individuals that have spoken out against him and in support of Plaintiff: "For Jstlk and Kuihman I'd kill them if I could. I'd show up to their fucking house and do it…. **I do want someone to kill Jstlk though, or Lav, or Mr. Girl or Kuihman**. All those people can go die." Dkt. 72-3 (emphasis added). Each of these individuals are potential witnesses in this action due to their knowledge of the facts and related interactions with the Defendant. Indeed, Lav is included in the Defendant's Initial Disclosures as an individual likely to have discoverable information. The Defendant has tried to doxx both

---

[1] The term "doxx" or "doxxing" means to publicly identify or publish private information about someone as a form of harassment or revenge.

Kuihman and JSTLK on his platforms. *See* https://drive.google.com/file/d/1a0MyKmioK49vyb0gXO_dUthL5O2wPPR9y/view. *See also*, https://x.com/ShamooYT/status/1893470989565952455 .

Defendant regularly streams on his YouTube channel the details of this case (including confidential details from meet and confers held between counsel). After Plaintiff's Reply to the Opposition to Motion for Preliminary Injunction (Dkt. 45) was filed, he streamed about the filings, showing them on his screen, reading excerpts aloud, and providing vitriolic and defamatory commentary for over an hour. https://www.youtube.com/watch?v=baWIPMMooWs. This video has been viewed 120,000 times to date.  In it, Defendant accuses Plaintiff of "extorting" and "blackmailing" him (minutes 56:12, 1:00:49), of "insane lies" (minute 58:49); of a "total lie." (minute 1:02:53).

In this same video, Defendant accuses Plaintiff's witness Abbymc (see Declaration, dkt. 49-2) of lying and "perjury" (minute 28:17- 28:31). He refers to the undersigned counsel as "disgusting fucks" (minute 30:51); and repeatedly accuses the undersigned counsel of "grabbing random people to perjure themselves (minute 35:56 – 36:09). Defendant accuses Plaintiff's counsel of "bad faith arguments," "explicit lying," and "abuse of the court system" (minute 3:28). He spends a full thirty minutes telling his followers that Plaintiff's counsel has no understanding of the Federal Rules of Civil Procedure because they allegedly did not adhere to proper procedures by filing redacted declarations of the witnesses (Dkts. 49-2, 49-4, 49-5) along with the Motion to File Under Seal (dkt. 48) the unredacted versions. Defendant of course is wrong since the Court granted Plaintiff's Motion to File under Seal (See Order, Dkt. 75). This type of misinformation about the litigation on his platform is rampant, and based on the thousands of comments on the YouTube video, is accepted as gospel by his followers. Disturbingly, all of this extrajudicial

commentary is approved by Defendant's counsel: "I pass everything that I publish by my lawyers first." (minute 59:55).

The Defendant has told his followers on Kiwi Farms that witness Abbymc is "crazy" and "insane/unhinged." [Steven Bonnell II / Destiny / Destiny.gg | Page 1558 | Kiwi Farms](#). He also informed his community of the name of Abbymc's prior boyfriend. Id.

The Defendant has also publicly doxed and attacked Lauren Hayden ("laurendelaguna"), a friend and potential witness of Plaintiff's. Lauren is listed as an individual likely to have discoverable information on Defendant's Initial Disclosures. The Defendant has spread lies about Lauren and talked about how he would like to get her disbarred because she has been supportive of Plaintiff. See https://drive.google.com/file/d/1emc7Wm4D6wXgHa9XzeCkAtzrsp8a_krC/.

Furthermore, despite the protective order entered by this Court (dkt. 7) to protect Plaintiff Jane Doe's identity, **Defendant publicly disclosed Plaintiff Jane Doe's legal name on his YouTube platform**. See https://www.youtube.com/watch?v=XbP83RJMZ94&t=479s (minute 7:58). After Plaintiff brought this to the attention of the Court in her Reply to the Opposition to Motion for Preliminary Injunction, Docket 73, p. 5, the Defendant removed the reference to Plaintiff's legal name. However, Defendant did not delete another reference he made to her name at minute 11:34. Moreover, in the chat thread that accompanies this video, after minute 7:58 **his followers then repeatedly referred to Plaintiff's name.** Defendant did not remove those comments containing Plaintiff's name and so they are still public. These actions are meant to defeat the protections afforded to Plaintiff of filing as Jane Doe. This video has been viewed over 130,000 times. In this same video Defendant posts Plaintiff's private messages to him about her emotional distress and suicidal thoughts due to his non-consensual sharing of the Video and then mocks and ridicules her. He then tells his followers that Plaintiff's emotional distress was contrived solely for the purpose of extorting him (minutes 7:43- 8:28).

Numerous individuals initially contacted Plaintiff with information pertinent to this action but have refused to provide testimony due to fear of retaliation and/or doxing by Defendant. *See* Exhibit A. Besides the three witnesses who have provided declarations under seal, out of the original multitude of individuals who initially contacted Plaintiff, there are now only three with whom Plaintiff still has contact because the majority deleted their accounts after Destiny posted his video on YouTube entitled "Destiny Addresses His Lawsuit" on February 20th, 2025. *Id.* The three individuals with whom Plaintiff still has contact have told her they are afraid of speaking out or testifying against the Defendant because of his likely retaliation and harassment. *Id*.

### III. <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 26(c) specifically authorizes the Court "for good cause" to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon motion. The Court has "broad discretion ...to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36 (1984).

The Supreme Court has "expressly contemplated that the speech of *those participating before the courts* could be limited." *Gentile v. State Bar of Nevada*, 501 U.S. 1030, 1075 (1991)(emphasis in original)(upholding restrictions on attorney's speech having a likelihood of materially prejudicing that proceeding). *See also Sheppard v. Maxwell*, 384 U.S. 333, 363, 86 S. Ct. 1507, 16 L. Ed. 2d 600 (1966) ("The courts must take such steps by rule and regulation that will protect their processes from prejudicial outside interferences. Neither prosecutors, counsel for defense, the accused, witnesses, court staff nor enforcement officers coming under the jurisdiction of the court should be permitted to frustrate its function."). The *Sheppard* Court urged lower courts handling publicized cases to "censure" trial participants. *Id.* at 363. By proscribing "extrajudicial statements by any lawyer, party, witness, or court official which divulged prejudicial matters,"

the *Sheppard* Court remarked that a gag order on trial participants "might well have prevented the divulgence of inaccurate information, rumors, and accusations ...." *Id.* at 361-62.

Relying on *Gentile* and *Sheppard*, the 11th Circuit has upheld court orders that prohibit extrajudicial statements by trial participants. *See, e.g., News-Journal Corp. v. Foxman*, 939 F.2d 1499, 1500 (11th Cir. 1991)(upholding lower court's order that prohibited extrajudicial statements by trial participants prior to the commencement of trial); *In re Subpoena to Testify Before Grand Jury*, 864 F.2d 1559, 1564 (11th Cir. 1989) (upholding a district court's order restraining counsel, parties, witnesses, and the clerk of court from disclosing information and testimony from an ongoing grand jury investigation, when the court had determined that there was a "compelling necessity" for the order.).

This District Court has also upheld orders restricting trial participants' communications. *See United States v. Hernandez*, No. 98-0721-CR-LENARD/DUBÉ, 2001 U.S. Dist. LEXIS 27679, at *11 (S.D. Fla. Feb. 16, 2001). "'The Supreme Court and other Courts of Appeals have recognized a 'distinction between participants in the litigation and strangers to it,' pursuant to which gag orders on trial participants are evaluated under a less stringent standard than gag orders on the press.'" *Id*. (citations omitted). The *Hernandez* Court set forth the criteria for restricting the speech of trial participants:

    i)    finding a "substantial likelihood" of prejudice to the proceedings, *Gentile*, 501 U.S. at 1072;

    ii)    the order must be sufficiently narrow in scope "to eliminate substantially only that speech having a meaningful likelihood of materially impairing the court's ability to conduct a fair trial," *United States v. Brown*, 218 F.3d 415, 429 (5th Cir. 2000); and

  iii)  the order must be "the least restrictive means" of eliminating potential prejudice, *In re Subpoena to Testify before Grand Jury*, 864 F.2d 1559, 1564 (11th Cir. 1989).

*Hernandez*, 2001 U.S. Dist. LEXIS 27679, at *13-18.

The Court also has inherent power to control the conduct of litigation and protect the integrity of judicial proceedings. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). "'Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates.'" *Id*. (citations omitted).

### IV. <u>ARGUMENT</u>

#### A. Defendant's Public Statements Regarding the Case Pose a Substantial Likelihood of Prejudice to a Fair Trial

The First Amendment does not protect speech that interferes with the fair administration of justice. *See Gentile*, 501 U.S. 1030 at 1075. Here, Defendant has used his public platform to make continuous extrajudicial statements that:

- Disparage, harass and intimidate the Plaintiff, the witnesses, potential witnesses and Plaintiff's counsel;
- Publicize sensitive allegations and private details;
- Disclose confidential settlement discussions which are protected under Fed. R. Civ. P. 408, or any meet and confer communications between counsel;
- Identify the Plaintiff or speculate about witnesses, often in derogatory terms;
- Mischaracterize legal filings and court orders.

*See ante*, Relevant Facts.

This conduct presents a substantial likelihood of material prejudice to the proceedings and deters witnesses from cooperating. A narrowly tailored restriction on extrajudicial statements relating to

the litigation is warranted. *See Brown*, 218 F.3d 415 at 427 (upholding gag order). The proposed order, attached hereto as Exhibit B, is narrowly tailored to achieve the ends of justice.

### B. The Proposed Order Is Sufficiently Narrow in Scope

The proposed order is sufficiently narrow in scope "to eliminate substantially only that speech having a meaningful likelihood of materially impairing the court's ability to conduct a fair trial." *Id.* at 429. Here, the proposed order specifies the prohibited statements as those that: i) disparage, harass, threaten, or intimidate the parties, witnesses, potential witnesses, or either party's counsel; ii) publicize or repeat any sensitive personal allegations or private details underlying the claims in this action; iii) publicly identify the Plaintiff or witnesses whose declarations have been filed under seal, or speculate about the identity of witnesses or potential witnesses, particularly in derogatory, demeaning, or inflammatory terms; iv) protect settlement discussions; and v) misrepresent or mischaracterize the content of legal filings, discovery, court orders, or the positions of any party or attorney in this litigation. Thus the proposed order provides "sufficient guidance regarding the nature of the prohibited comments," and is sufficiently narrow in scope. *Id*.

### C. The Proposed Order is the Least Restrictive Means of Eliminating Potential Prejudice

In order to prevent potential prejudice, Courts have considered various options besides a restrictive order on public commentary, including "'change of venue, jury sequestration, 'searching' voir dire, and 'emphatic' jury instructions.'" *Hernandez*, 2001 U.S. Dist. LEXIS 27679, at *18 (citations omitted). Here, restricting trial participants' public commentary with a narrowly tailored scope is the least restrictive means of eliminating potential prejudice to the fairness of these proceedings. *See id*.

**WHEREFORE,** for the foregoing reasons, Plaintiff respectfully requests that this Court grant this Motion and enter the proposed protective order attached as Exhibit B, and award any other relief the Court deems just and proper.

### LOCAL RULE 7.1 CERTIFICATE OF CONFERRAL

WE HEREBY CERTIFY that, pursuant to Local Rule 7.1(a)(2), the undersigned counsel conferred via email between April 14 – 17, 2025 with counsel for Defendant in a good-faith effort to resolve the issues raised in this motion and were unable to reach an agreement on resolving or further narrowing the issues.

Dated: June 2, 2025.

| | |
|---|---|
| **JSP LAW, LLC** | **SANCHEZ-MEDINA GONZALEZ QUESADA LAGE GOMEZ & MACHADO, LLP** |
| Joan Schlump Peters | CARLOS A. GARCIA PEREZ |
| (admitted *pro hac vice*) | Florida Bar No. 106895 |
| 4819 W. Blvd. Ct. | GUSTAVO D. LAGE |
| Naples, FL 34103 | Florida Bar No. 972551 |
| Tel. 305-299-4759 | 201 Alhambra Circle, Suite 1205 |
| Email: petersjoan@bellsouth.net | Coral Gables, Florida, 33134 |
| Counsel for Plaintiff JANE DOE | Tel.: (305) 377-1000 |
| | Primary E-Mail: cgarciaperez@smgqlaw.com |
| | Primary E-Mail: glage@smgqlaw.com |
| | Counsels for Plaintiff |

　　　　　　　　　　　*/s/ Carlos A. Garcia Perez*
By:_____
　　　　CARLOS A. GARCIA PEREZ
　　　　Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 2, 2025 a true and correct copy of the foregoing was served on all parties via the CM/ECF filing portal to all counsel of record.

By: */s/ Carlos A. Garcia Perez*

CARLOS A. GARCIA PEREZ
Attorney for Plaintiff