UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(MIAMI DIVISION)

JANE DOE,

      CASE NO: 1:25-cv-20757-JB/Torres

    Plaintiff,

v.

STEVEN K. BONNELL II,

    Defendant.

_____/

### PLAINTIFF'S MOTION FOR LEAVE TO FILE
### JANE DOE'S DECLARATION UNDER SEAL

Pursuant to Local Rule 5.4(b)(1) of the Southern District of Florida and 15 U.S.C. §6851, Plaintiff Jane Doe (the "Plaintiff"), by and through her undersigned counsel, respectfully moves this Court for leave to file under seal the Declaration of Jane Doe in support of her Motion for Protective Order Governing Public Commentary by Trial Participants (D.E. 84-1), along with the exhibits attached as (D.E. 84-2, 84-3 and 84-4):

On this same date, Plaintiff has filed a Motion for Protective Order Governing Public Commentary by Trial Participants ("Motion"). In support of this Motion, and in accordance with Local Rule 5.4(b)(1), Plaintiff submitted as Exhibit A, a redacted version of Jane Doe's Declaration and its exhibits, which detail and provide evidence of the fear Defendant has instilled amongst potential witnesses. Plaintiff now moves to file the unredacted version of Exhibit A under seal. These documents need to be provided under seal because they contain the identities or identifying factors of individuals who are expressing their unwillingness to testify on behalf of

Plaintiff due to the Defendant's harassment, public humiliation, doxing, and even threats of violence.

**Exhibit A:** Some of these individuals have communicated to Plaintiff that they would be willing to testify only if their identities were protected. This exhibit contains sensitive information including the identity of the individuals as well as their specific fears.

**Exhibit B:** This exhibit contains sensitive information which details personal feelings of the declarant regarding Defendant's public harassment of individuals involved with this case.

**Exhibit C:** This exhibit contains sensitive information including the individual's fear of retaliation and confirming that Defendant has publicly called for their death and attempted to doxx them several times.

The exhibits are essential to Plaintiff's motion and attest to the Defendant actively harassing and intimidating potential witnesses in this case. Jane Doe's declaration provides corroboration that Defendant has been using his public following, most of which take every word he says as the truth, as an audience to attack any individual which has shown support for Plaintiff. Defendant uses his social media accounts as platforms to humiliate and intimidate those who make statements against him in this case. The damage and risk to the privacy interest of declarant becomes even more heightened because of Defendant's followers joining and attempting to do the same. Sealing is necessary to protect the substantial privacy interests of the Plaintiff as well as the potential witnesses, whose identities and intimate details risk further public exposure and threatened retribution by Defendant and/or his followers. No less onerous alternative exists to protect their privacy while allowing the Court to review the evidence.

Plaintiff requests that the seal remain in place for the duration of the litigation, including any appeals, to ensure ongoing protection of the identities of the witnesses. This duration is consistent

with the need to prevent further emotional and psychological harm to Plaintiff and the individuals referenced in her declaration, as supported by *Doe Williams v. Williams*, 2024 U.S. Dist. (S.D. Miss. May 31, 2024), which noted that §6851's purpose is to protect against the publicization of intimate matters.

The Eleventh Circuit recognizes a "presumptive common law right to inspect and copy judicial records," but this right is not absolute and may be overcome by a showing of good cause. *Romero v. Drummond Co.*, 480 F.3d 1234, 1245-46 (11th Cir. 2007). Courts balance the public's right of access against the party's interest in confidentiality, considering factors such as "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, … and the availability of a less onerous alternative to sealing the documents." *Romero*, 480 F.3d at 1246; *See Jankula v. Carnival Corp.*, 2019 WL 8051719 at *2 (S.D. Fla. September 5, 2019).

In the instant case, good cause for sealing the Plaintiff's declaration and the supporting exhibits, which contains the identities of witnesses and potential witnesses and their private information, is unequivocally established, as the declaration was made to show that Plaintiff and these witnesses and potential witnesses have been the victims of harassment and intimidation at the hands of Defendant. The very purpose of submitting these exhibits is to show the Court the chilling effect of Defendant's on-going public commentary about the litigation. Some of these potential witnesses are still willing to testify if their identity is protected but others have decided that the risk is altogether too great to even come forward anymore.

Unlike cases where sealing was denied for lack of specificity, *see Paycargo, LLC v. Cargosprint LLC*, 576 F.Supp.3d 1306 (S.D. Fla. Apr. 1, 2021), Plaintiff provides detailed justifications tied to the sensitive content of the documents and the harm of disclosure of the identities. The public's interest in knowing the identities of the witnesses/potential witnesses is minimal compared to the privacy interests at stake, and sealing will not impair court functions, as the Court and Defendant can review the unredacted documents once submitted under seal.

Attached hereto as **Exhibit A** is a proposed order granting this motion.

The person authorized to retrieve any sealed, tangible items is: Carlos A. Garcia Perez Sanchez-Medina, Gonzalez, Quesada, Lage, Gomez & Machado, LLP 201 Alhambra Circle, Suite1205 Coral Gables, Florida 33134 Telephone: (305) 377-1000 Email: cgarciaperez@smgqlaw.com

**WHEREFORE**, Plaintiff respectfully requests that this Court grant leave to file unredacted versions of Jane Doe's Declaration and its exhibits, under seal, to remain sealed for the duration of the litigation, including any appeals, and enter an order directing the Clerk to maintain these documents under seal.

(LEFT BLANK INTENTIONALLY)

## CERTIFICATE OF CONFERRAL PURSUANT TO LOCAL RULE 7.1(a)(2)

WE HEREBY CERTIFY that the undersigned counsel for movant made meet and confer efforts via email on June 1 and June 2, 2025 to confer with opposing counsel regarding the relief sought in this motion but was unable to reach a resolution.

Dated: June 2, 2025.

| | |
|---|---|
| **JSP LAW, LLC**<br>Joan Schlump Peters<br>(admitted *pro hac vice*)<br>4819 W. Blvd. Ct.<br>Naples, FL 34103<br>Tel. 305-299-4759<br>Email: petersjoan@bellsouth.net<br>Counsel for Plaintiff JANE DOE | **SANCHEZ-MEDINA GONZALEZ QUESADA LAGE GOMEZ & MACHADO, LLP**<br>CARLOS A. GARCIA PEREZ<br>Florida Bar No. 106895<br>GUSTAVO D. LAGE<br>Florida Bar No. 972551<br>201 Alhambra Circle, Suite 1205<br>Coral Gables, Florida, 33134<br>Tel.: (305) 377-1000<br>Primary E-Mail: cgarciaperez@smgqlaw.com<br>Primary E-Mail: glage@smgqlaw.com<br>Counsels for Plaintiff |

By: _____*/s/ Carlos A. Garcia Perez*_____
    CARLOS A. GARCIA PEREZ
    Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 2, 2025 a true and correct copy of the foregoing was served on all parties via the CM/ECF filing portal to all counsel of record.

By: */s/ Carlos A. Garcia Perez*

CARLOS A. GARCIA PEREZ
Attorney for Plaintiff