UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Miami Division

**JANE DOE**,  Case No:   1:25-cv-20757-JB/Torres

    Plaintiff,

vs.

**STEVEN K. BONNELL II**,

    Defendant.

_____/

**PLAINTIFF'S MOTION TO FILE REDACTED EVIDENCE
IN SUPPORT OF THE DECLARATION OF ABBYMC [ECF NO. 49-2],
AND FOR LEAVE TO FILE UNDER SEAL**

    Pursuant to Local Rule 5.4(b)(1) of the Southern District of Florida and 15 U.S.C. §6851, Plaintiff Jane Doe (the "Plaintiff"), by and through her undersigned counsel, respectfully moves this Court for leave to submit evidence in redacted form, and for leave to file under seal the unredacted evidence, in support of the Declaration of Abbymc which was filed on May 2nd, 2025, as follows:

    1)    Plaintiff filed her Reply to Opposition to Motion for Preliminary Injunction on May 2nd, 2025. *See* Dkt. 45. Along with this filing, Plaintiff filed her Motion for Leave to File Declarations Under Seal followed by the redacted versions of these declarations. *See* Dkts. 48, 49-2, 49-4 and 49-5. Plaintiff now seeks the court's permission to file redacted evidence in support of the Declaration of Abbymc as well as for leave to file the unredacted evidence under seal - as **Exhibit A** of said declaration. *See* Dkt. 49-2.

Doe vs Bonnell
Case No:   1:25-cv-20757-JB/Torres
Page 2

    2)    **Exhibit A:** This evidence is in direct support of paragraph 7 of Abbymc's Declaration. *Id*. Paragraph 7 references a text chat thread in which witness Abbymc informs her friend that, *inter alia,* the Defendant had just sent her a sexually explicit video of the Plaintiff. The evidence submitted here as Exhibit A directly corroborates the testimony of Abbymc in paragraph 7 of her Declaration. Accordingly, Plaintiff moves to submit this evidence in redacted format in support of the Declaration.

    3)    Plaintiff also requests that the Court allow the unredacted version to be submitted under seal. The exhibit contains the identity or information that can be used to identify the declarant as well as other individuals. The declaration itself was included in a previous Motion for Leave to File Under Seal, which the court has already granted. *See* Dkts. 48, and 75. Due to the sensitive nature of the identity of the declarant, and topics discussed within the proposed exhibit, such as the nonconsensual sharing of sexually explicit videos, we request that the court allow us to file said supplemental filing under seal.

    4)    Sealing is necessary to protect the substantial privacy interests of the declarants, whose identities and intimate details risk further public exposure and threatened retribution by Defendant and/or his followers. Federal Rule of Civil Procedure 26 permits courts, upon motion of either party, to enter a protective order that requires a trade secret, confidential research, or commercial information to remain confidential or to be revealed only in a specific manner through the course of the litigation. *See* Fed. R. Civ. P. 26(c)(1)(G).

    5)    Plaintiff requests that the seal remain in place for the duration of the litigation, includingany appeals, to ensure ongoing protection of the identities of the declarants. This duration is consistent with the need to prevent further emotional and psychological harm to Plaintiff and

the declarants, as supported by *Doe Williams v. Williams*, 2024 U.S. Dist. (S.D. Miss. May 31, 2024), which noted that §6851's purpose is to protect against the publicization of intimate matters.

6) The Eleventh Circuit recognizes a "presumptive common law right to inspect and copy judicial records," but this right is not absolute and may be overcome by a showing of good cause. *Romero v. Drummond Co.*, 480 F.3d 1234, 1245-46 (11th Cir. 2007). Courts balance the public's right of access against the party's interest in confidentiality, considering factors such as "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, … and the availability of a less onerous alternative to sealing the documents." *Romero*, 480 F.3d at 1246; *See Jankula v. Carnival Corp.*, 2019 WL 8051719 at *2 (S.D. Fla. September 5, 2019).

7) In the instant case, good cause for sealing Exhibit A is unequivocally established, as the exhibit contains highly sensitive details of private sexually explicit acts, implicating the substantial privacy rights of the declarant and other individuals under 15 U.S.C. § 6851. Public disclosure of their identities would expose the declarant to harassment and retaliation. Additionally, Exhibit A helps establish Defendant's violations of 15 U.S.C. § 6851, supporting Plaintiff's case and her request for relief.

8) As held in *Doe v. Ghiorso*, 2024 WL 3511641 at *2 (S.D. Ga. July 23, 2024), disclosing the identity in a 15 U.S.C. § 6851 case "could link her to factual details about her intimate image and its unauthorized distribution, further threatening the rights 15 U.S.C. § 6851 seeks to protect." Similarly, the Court in *Doe v. McCoy*, 2024 WL 843908 (N.D. Ga. Feb. 28, 2024), concluded that disclosure would "plainly compound the harm" suffered. *See also Doe Williams v. Williams*, 2024 WL 2805642 (S.D. Miss. May 31, 2024), emphasized that 15 U.S.C. § 6851 protects against publicization of intimate matters.

9) Unlike cases where sealing was denied for lack of specificity, *see Paycargo, LLC v. Cargosprint LLC*, 576 F.Supp.3d 1306 (S.D. Fla. Apr. 1, 2021), Plaintiff provides detailed justifications tied to the sensitive content of the document and the harm of disclosure of the identities. The public's interest in knowing the identities of the declarant is minimal compared to the privacy interests at stake, and sealing will not impair court functions, as the Court can review the unredacted document.

10) Plaintiff has attached hereto as **Exhibit B** a proposed order granting this motion.

11) The person authorized to retrieve any sealed, tangible items is: Carlos A. Garcia Perez, Sanchez-Medina, Gonzalez, Quesada, Lage, Gomez & Machado, LLP 201 Alhambra Circle, Suite 1205, Coral Gables, Florida 33134; Telephone: (305) 377-1000 Email: cgarciaperez@smgqlaw.com.

**WHEREFORE**, Plaintiff respectfully requests that this Court accepts the redacted version of Exhibit A hereto as support for the Declaration of Abbymc, and grants leave to file the unredacted version of Exhibit A under seal, to remain sealed for the duration of the litigation, including any appeals, and enter an order directing the Clerk to maintain these documents under seal.

(LEFT BLANK INTENTIONALLY)

## LOCAL RULE 7.1 CERTIFICATE OF CONFERRAL

WE HEREBY CERTIFY that, pursuant to Local Rule 7.1(a)(2), the undersigned counsel conferred via email on June 2, 2025, with counsel for Defendant in a good-faith effort to resolve the issues raised in this motion and were unable to reach an agreement on resolving or further narrowing the issues.

Dated: June 2, 2025.

| | |
|---|---|
| **JSP LAW, LLC**<br>Joan Schlump Peters<br>(admitted *pro hac vice*)<br>4819 W. Blvd. Ct.<br>Naples, FL 34103<br>Tel. 305-299-4759<br>Email: petersjoan@bellsouth.net<br>Counsel for Plaintiff JANE DOE | **SANCHEZ-MEDINA GONZALEZ QUESADA LAGE GOMEZ & MACHADO, LLP**<br>CARLOS A. GARCIA PEREZ<br>Florida Bar No. 106895<br>GUSTAVO D. LAGE<br>Florida Bar No. 972551<br>201 Alhambra Circle, Suite 1205<br>Coral Gables, Florida, 33134<br>Tel.: (305) 377-1000<br>Primary E-Mail: cgarciaperez@smgqlaw.com<br>Primary E-Mail: glage@smgqlaw.com<br>Counsels for Plaintiff<br><br>            */s/ Carlos A. Garcia Perez*<br>By:_____<br>            CARLOS A. GARCIA PEREZ<br>            Attorney for Plaintiff |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 2, 2025 a true and correct copy of the foregoing was served on all parties via the CM/ECF filing portal to all counsel of record.

By: */s/ Carlos A. Garcia Perez*

CARLOS A. GARCIA PEREZ
Attorney for Plaintiff