UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:25-cv-20757-JB/Torres

JANE DOE,

    Plaintiff,

v.

STEVEN K. BONNELL II,

    Defendant.
_____/

# DEFENDANT STEVEN K. BONNELL'S OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER GOVERNING DISCOVERY

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
ROBERT L. RASKOPF
Florida Bar No.: 1040022
PATRICIA M. PATINO
Florida Bar No.: 1007702
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580
Fax: (305) 374-7593
Email: rraskopf@bilzin.com;
ppatino@bilzin.com

*-and-*

**BERK BRETTLER LLP**
ANDREW B. BRETTLER
California Bar No.: 262928
JAKE A. CAMARA
California Bar No.: 305780
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel: (310) 278-2111
Email: abrettler@berkbrettler.com;
jcamara@berkbrettler.com
(admitted *pro hac vice*)

*Counsel for Steven K. Bonnell II*

I.      **INTRODUCTION & FACTUAL BACKGROUND**

Plaintiff's Motion for Protective Order is the first in a series of motions she has filed recently to limit access to public court filings and public hearing transcripts, and to prevent Defendant Steven Bonnell from even discussing the federal lawsuit that Plaintiff filed against him. Meanwhile, Plaintiff continues to solicit public donations for her purported legal fund and continues to litigate her case in the court of public opinion, including on social media. While Bonnell does not object to the entry of a reasonable and narrowly tailored protective order, he objects to any order that permits Plaintiff to unilaterally designate a witness's identity as confidential, relief that the witnesses themselves do not even seek. Witnesses' identities are *not* inherently confidential, and Plaintiff has failed to demonstrate that the names and/or identities of witnesses or potential witnesses in this case should be given special treatment. Plaintiff's proposed blanket protective order goes too far, violates well-established authority governing the treatment of publicly filed court documents and proceedings, and severely prejudices Bonnell's access to exculpatory evidence.

Also of concern is Plaintiff's failure to adequately meet and confer prior to filing this Motion. On May 14, 2025, Plaintiff's counsel provided the undersigned with a draft stipulated confidentiality agreement and protective order. (Declaration of Andrew B. Brettler, dated June 5, 2025 ¶ 3 & Ex. A.) After receiving Plaintiff's draft order, the undersigned provided comments in redline format reflecting Defendant's proposed revisions to the draft order. (*Id.* ¶ 4 & Ex. B.) As reflected in Exhibit B to the Brettler Declaration, Bonnell's proposed revisions to the draft order were intended to omit the loophole that Plaintiff created by unilaterally allowing her to shield the identities of non-party witnesses and/or potential witnesses. (*Id.*) While Plaintiff's counsel acknowledged that "witness identities [sic] are not inherently confidential," (*Id.* ¶ 5 & Ex. C),

2

Plaintiff nonetheless insisted upon including language in the draft protective order that would permit her to unilaterally mask the identities of her witnesses and/or potential witnesses. (*Id.* ¶ 5.). Thereafter, Plaintiff filed her Motion. [ECF No. 82.] However, the draft protective order that Plaintiff filed with her Motion bears little resemblance to the proposed order Plaintiff shared with Bonnell during the meet and confer process. (*Compare* Brettler Decl. Ex. A *with* Mot. Ex. A [ECF No. 82-1]). Such gamesmanship should not be tolerated or rewarded.

## II. ARGUMENT

### A. There Is No Legal Basis To Shield Witnesses' Identities from Disclosure.

Plaintiff's Motion seeking a blanket protective order that permits her to conceal the identities of non-party witnesses and/or potential witnesses, at her sole election, lacks any legal foundation and contradicts well-established Eleventh Circuit precedent. Witnesses' identities are not inherently confidential, nor is there a recognized exception under Federal Rule of Civil Procedure 26(c) that entitles a non-party witness to anonymity. As the Eleventh Circuit held in *Doe v. Frank*, "[l]awsuits are public events." 951 F.2d 320, 324 (11th Cir. 1992). The presumption of openness extends to the identities of witnesses, especially where those witnesses are providing substantive declarations or testimony to support a party's claims. *See Doe*, 951 F.2d at 323 (holding that the proponent of the protective order must establish "a substantial privacy right [that] outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings.") (internal citations and quotation marks omitted).

While certain materials obtained through discovery may be subject to confidentiality protections, *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001), that principle does *not* extend to the mere identities of witnesses. Disclosure of a witness's name, standing alone, is not inherently private simply because it arises during discovery. *See Hubbard v.*

3

*Bankatl. Bancorp, Inc.*, No. 07-61542-CIV, 2009 WL 3856458, at *3 (S.D. Fla. Nov. 17, 2009) (granting motion to compel answers to interrogatories identifying confidential witnesses alleged in complaint; "The identities of witnesses are discoverable.") In *Hubbard*, the court compelled plaintiffs to disclose the names of confidential witnesses identified in their complaint, rejecting arguments based on work product, privacy, and public interest. *Id.* The court emphasized that where plaintiffs rely heavily on confidential witnesses to support their allegations, "it would be unfair to permit [them] to rely so heavily in their Complaint on the confidential witnesses, yet allow [them] to keep their identities from Defendants during discovery." *Id.* at 4. The court further held that "[t]here is no public interest privilege that precludes lawful discovery of confidential witnesses in this case." *Id.* (citing *Higgenbotham v. Baxter Int'l, Inc.*, 495 F.3d 753, 756-57 (7th Cir. 2007), for the proposition that there is no "informer's privilege" in civil litigation.) *Id.*

   **B.**  **<u>Plaintiff Has Not Met her Burden Under Rule 26(c)</u>.**

Critically, Plaintiff has not met her burden of establishing "good cause" under Federal Rule of Civil Procedure 26(c) to justify restricting public access to the identities of her non-party witnesses. The Eleventh Circuit has made clear that "good cause" under Rule 26(c) requires a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *See In re Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1251–52 (11th Cir. 2020) (affirming denial of protective order seeking anonymity where plaintiffs failed to show a concrete harm that outweighed the presumption of openness in judicial proceedings); *see also Or. Socialist Workers 1974 Campaign Comm. v. Paulus*, 432 F. Supp. 1255, 1259 (D. Or. 1977) (finding that anonymous affidavits were improper despite affiants' alleged fear of harassment and holding that "our system of justice does not contemplate the judicial resolution of disputes based on secret testimony"); *KeyView Labs, Inc. v. Barger*, No. 20-cv-2131, 2020 WL 8224618, at *6 (M.D. Fla. Dec. 22, 2020), *R&R adopted*, 2021 WL 510295 (Feb. 11, 2021) (citing *Or. Socialist Workers*, 432 F. Supp. at 1259). Plaintiff has not submitted any evidence in the form of a declaration or

4

otherwise from any witness or potential witnesses asserting a particularized fear of harm.[1]  Nor has Plaintiff made any showing that any witness would face the type of stigma or physical danger required to justify a departure from the presumptive openness of judicial proceedings.  Plaintiff's Motion is based entirely on speculation, and as such, fails under the Eleventh Circuit's "exceptional case" standard.  *Doe*, 951 F.2d at 324.

C. **Non-Party Witnesses Have Not Sought Anonymity.**

To date, no third party or non-party witness in this case has sought any form of protection from the Court.  Plaintiff's attempt to extend her own "Doe" status to non-parties is procedurally improper and substantively unsupported.  *See Doe*, 951 F.2d at 322 (noting that the public has a "legitimate interest in knowing all the facts involved" in a lawsuit).  The limited cases in which courts have permitted anonymity involved *parties* who established a legally cognizable interest, typically a cause of action or defense, sufficient to implicate their personal privacy rights.  Here, by contrast, the *non-party* witnesses have not demonstrated any such interest—either directly or indirectly.  That Plaintiff has initiated public litigation and is relying on anonymous third-party declarations to support her claims does not entitle those individuals to bypass the ordinary requirements of disclosure, particularly where their statements are being used as a sword in the litigation.  *See Sony Computer Entm't Am. Inc. v. NASA Elecs. Corp.*, 249 F.R.D. 378, 383-84 (S.D. Fla. 2008) (rejecting proposed confidentiality provision that would have restricted use of information and imposed a burden-shifting requirement; holding that parties could not use a protective order as both a sword and a shield by asserting third-party-based defenses while seeking

---

[1] One of Plaintiff's witnesses, an online streamer known as "jstlk," is repeatedly cited in Plaintiff's filings as allegedly fearful of harassment and doxing. (*See* Mot. for Protective Order [ECF No. 84] at 2; Pl.'s Decl. Ex. B [ECF No. 84-3]. In support of her Motion, Plaintiff submitted a screenshot from jstlk that redacted his screen name but left his distinctive avatar plainly visible. Despite the claim of fear, jstlk later livestreamed a segment in which he mocked Plaintiff's failure to properly redact the exhibit and openly identified himself as the supposedly "anonymous" witness. *See* https://kick.com/username/videos/20f08039-47a4-4927-83e2-db5e40b1fa13?t=4635.   This conduct directly undermines any claim that jstlk genuinely fears identification. To the contrary, his public embrace of the role, ridicule of Plaintiff's Motion, and display of the exhibit to his audience underscore that Plaintiff cannot meet her burden to show "good cause" under Rule 26(c).

to block access to and use of that same information to test those defenses); *see also KeyView Labs,* 2020 WL 8224618, at *6 (rejecting anonymous declaration and emphasizing that "Defendants therefore cannot even attempt to contradict or explain the assertions made in Jane Doe's declaration," and citing *Goldberg v. Kelly*, 397 U.S. 254, 269 (1970), for the principle that "[i]n almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses").

### D. Permitting Anonymous Witness Testimony Is Unfair and Prejudicial.

Granting Plaintiff the unilateral ability to shield the identities of her witnesses and/or potential witnesses, while publicly litigating this case (Compl., dated Feb. 18, 2025 [ECF No. 1]), posting about it online (Bonnell Decl., dated Apr. 25, 2025 [ECF No. 42-1] ¶ 23), and publicly fundraising to support her lawsuit (*Id.* ¶ 26 & Ex. H), among other things, is demonstrably unfair and creates a serious imbalance of the equities. The prejudice to Bonnell is particularly evident where, as here, Plaintiff's counsel has made a habit of filing sealed and/or redacted declarations without providing the undersigned with the unsealed or unredacted versions of those filings. (*See, e.g.*, Pl.'s Mot. to File Decls. Under Seal, dated May 2, 2025 [ECF No. 48]; Redacted Decl. of Abbymc, dated Apr. 30, 2025 [ECF No. 49-2]; Anonymous Decl., dated May 2, 2025 [ECF No. 49-4]; Anonymous Decl., dated May 1, 2025 [ECF No. 49-5].)[2]

---

[2] Under Plaintiff's flawed interpretation of Local Rule 5.4(b)(1), she is permitted to file redacted and/or entirely sealed declarations, without providing Bonnell with the unredacted or unsealed versions of those declarations until the Court grants Plaintiff's sealing motions. Under Plaintiff's theory, if the Court denies a motion to seal, Plaintiff need not ever provide the unredacted or unsealed documents to Bonnell. The purpose of permitting redacted and/or sealed filings is to prevent the *public* disclosure of purportedly confidential information. It is *not* to prevent the opposing party and/or their counsel from viewing the materials. *See Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1235-36 (11th Cir. 2013) (noting that sealing is intended to protect against illegitimate public uses of judicial records—such as scandal or competitive harm—not to restrict access by litigants or their counsel); *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (explaining that sealing is permitted to shield sensitive information from public view—not to withhold it from the opposing party); *see also Golubovych v. Saks 5th Ave., Inc.*, No. 22-CV-9923-MKV, 2025 WL 297452, at *1 (S.D.N.Y. Jan. 24, 2025) (ruling that when submitting an unredacted filing under seal, an unredacted copy must be provided to opposing counsel).

Defendant Bonnell has been publicly named in this lawsuit. (*See* Compl. [ECF No. 1] ¶¶ 7-8.) Plaintiff, meanwhile, solicits information and support from the public, including potential witness testimony, while simultaneously seeking to withhold the identities of her own witnesses from public scrutiny. (*See* Redacted Decl. of Abbymc, [ECF No. 49-2] ¶ 2; Anonymous Decl. [ECF No. 49-4] ¶ 7; Anonymous Decl. [ECF No. 49-5] ¶¶ 3-5; Motion for Protective Order Governing Public Commentary [ECF No. 84]; Motion for Leave to File Under Seal [ECF No. 85]; Motion for Leave to File Redacted Evidence [ECF No. 86]; Motion to Seal Transcript [ECF No. 88]). The public can therefore act as an investigative arm for Plaintiff but not for Bonnell, thereby restricting Bonnell's access to evidence concerning the anonymous witnesses' credibility and veracity. This asymmetry undermines core principles of fairness and due process. *See Sony Computer*, 249 F.R.D. at 383-84. Allowing Plaintiff to introduce anonymous witness declarations, shielded from any public vetting, while Bonnell remains fully exposed to public scrutiny, gives her an unfair litigation advantage. *See Doe*, 951 F.2d at 323-24 (rejecting anonymity in part because public accusations of serious misconduct should not proceed without identifying accusers).

### III.   CONCLUSION

For the foregoing reasons, the protective order that Plaintiff seeks is overly broad. The Court should decline to enter the requested order, or, at a minimum, should not permit Plaintiff to unilaterally shield witnesses' identities from public disclosure.

Dated: June 6, 2025                                Respectfully submitted,

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580
Fax: (305) 374-7593

By: /s/ *Robert L. Raskopf*
Robert L. Raskopf, Esq.
Florida Bar No.: 1040022
rraskopf@bilzin.com
Patricia M. Patino, Esq.
Florida Bar No.: 1007702
ppatino@bilzin.com

*and*

**BERK BRETTLER LLP**
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel: (310) 278-2111

By: /s/ *Andrew B. Brettler*
Andrew Brad Brettler, Esq.
California Bar No.: 262928
abrettler@berkbrettler.com
Jake A. Camara, Esq.
California Bar No.: 305780
jcamara@berkbrettler.com
(admitted *pro hac vice*)

*Counsel for Steven K. Bonnell II*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 6, 2025, a true and correct copy of the foregoing was served on all parties via transmission of Notices of Electronic Filing generated by CM/ECF and via electronic transmission to counsel of record for these parties.

By: /s/ *Robert L. Raskopf*
     Attorney