UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:25-cv-20757-JB/Torres

JANE DOE,

    Plaintiff,

v.

STEVEN K. BONNELL II,

    Defendant.
_____/

**PLAINTIFF JANE DOE'S REPLY TO OPPOSITION TO MOTION
FOR ENTRY OF ORDER TO COMPEL LOLCOW LLC TO REMOVE VIDEOS**

**COMES NOW** Plaintiff Jane Doe, and by and through undersigned counsel, files her Reply to Defendant Steven Bonnell II's Opposition to Motion to For Entry of Order to Compel Lolcow, LLC to Remove Videos, and as grounds therefor states as follows:

1. Plaintiff's Motion for Entry of Order to Compel Lolcow, LLC to Remove Videos ("Motion") (Dkt. No. 80) seeks to have Lolcow, LLC, the owner of the Kiwifarms website, remove the sexually explicit videos of Plaintiff, originally shared by the Defendant, which were uploaded to the Kiwifarms website as a direct result of Defendant's nonconsensual sharing of said video.

2. Defendant opposes the Motion on four purported grounds: i) the Court's lack of subject matter jurisdiction; ii) the Court's lack of jurisdiction over nonparty Lolcow, LLC; iii) Defendant's claim that the requested relief is arbitrary; and iv) Defendant's claim that there is no basis upon which to award attorney's fees.

        *a.* *Subject Matter Jurisdiction*

Defendant erroneously states that this court lacks subject matter jurisdiction over the claims involved in this action which arise out of federal statute, 15 U.S.C. § 6851, Civil Action Relating to Disclosure of Intimate Images Act ("CARDII"). The Defendant takes this misguided position based on his claim that the one and only time he shared this video was prior to the statute being enacted. Plaintiff has presented this Court with competent evidence that directly rebuts and disproves Defendant's assertion.

The Court has subject matter jurisdiction because the claims arise under 15 U.S.C. § 6851. The burden of proof to establish subject matter jurisdiction is on the Plaintiff to support their claims with regards to jurisdiction by competent proof. See *Thomson v. Gaskill*, 315 U.S. 442, 446, 62 S. Ct. 673, 675 (1942) (finding that if a plaintiff's allegations of jurisdictional facts are challenged by the defendant, the plaintiff bears the burden of supporting the allegations by competent proof).

> In a factual challenge, the defendant tests the accuracy of the allegations by establishing facts that contradict the allegations and show a lack of subject matter jurisdiction. Thus, a factual challenge requires the court to look beyond the pleadings and review other evidence such as testimony and affidavits. In a factual challenge, the defendant has the burden to produce evidence to contradict the plaintiff's allegations. If the burden is met, the allegations do not carry a presumption of truthfulness. The ultimate burden to prove that subject matter jurisdiction exists generally lies with the plaintiff.

*Mantz v. Saul*, No. 19-81599-Civ, 2020 U.S. Dist. LEXIS 193110, at *4 (S.D. Fla. Oct. 15, 2020)

The statute, which became law on October 1, 2022, allows for an individual to file a federal civil suit against anyone who discloses intimate visual depictions without the consent of the person depicted. Disclosure is defined as an act "to transfer, publish, distribute, or make accessible." 15 U.S.C. § 6851. "This is a broad definition" and "[i]n construing a statute [the Court] must begin,

and often should end as well, with the language of the statute itself." *Doe v. McCoy,* No. 1:23-cv-3169-MLB, 2024 U.S. Dist. LEXIS 33901, at *6 (N.D. Ga. Feb. 28, 2024) (quoting *Merritt v. Dillard Paper Co.*, 120 F.3d 1181, 1185 (11th Cir. 1997). "Publish means to disseminate to the public; distribute [*7] means to give out or deliver, especially to members of a group; and to make something accessible means to make something capable of being reached . . . or seen." *Id.*

    i.    Paragraph 23 of the Complaint

The Defendant has admitted he did disclose such an image, yet claims this court lacks subject matter jurisdiction because the actual action of sending the link containing the intimate depiction was done prior to the statute's taking effect. [ECF 42]. The Complaint [ECF No. 1] alleges that not only did Defendant share the video with an individual who goes by the screenname "Rose" but in paragraph 23 it also states that the Defendant shared the video with another individual just a couple months prior to this lawsuit. In the Defendant's answer, this allegation is denied due to "lack of information and-or belief." [ECF No. 17]. This denial, and the lack of any evidence which contradicts the claim made in paragraph 23, is insufficient with regards to making a showing that counters the claims in the Complaint and fails to establish the Defendant's position that this Court lacks subject matter jurisdiction.

    ii.    Google and Discord links

Additionally, the evidence shows that the Defendant sent the video to Rose on Discord. It is Plaintiff's position, which is supported by evidence, that Defendant did so either as a media attachment on Discord or as a video linked to a Google Drive. If the video was shared on Discord, then the platform automatically creates a link and anyone with access to that link can access the video. Every video sent on discord automatically is embedded with a media attachment link. This link is a "live link," anyone with this link can view the video. Defendant has demonstrated

knowledge of this feature because he routinely shares discord media links in his public chat. The same analysis applies to both sharing the video through Discord or sharing the video as a Google Drive link.

The evidence clearly points to Defendant's predatory and abusive behavior, including his pattern of sharing videos of the same nature and in the same form – "I just throw stuff into Google Drive and link from there." [ECF 42-2]. Defendant admits that he kept these type of intimate depictions on his google drive and would share a link to share the content.

Defendant claims that the sole time he shared this link was on April 10, 2022. Defendant's evidence with regards to the initial disclosure does not sufficiently counter the claims that the disclosure was in October, to do that he would have to provide the subsequent logs until after the date change, which he has this far failed to do despite his claims that they are readily accessible and in his possession. Even if we were to believe this is true, Ms. Doe is not asking this Court to apply the statute retroactively. Given that Defendant's conduct in making the content continuously available through this link for years satisfies the statute and controls subject matter jurisdiction. Ms. Doe was not the only victim of the Defendant's nonconsensual sharing of videos, in facts others have alleged that the Defendant disseminated their videos through Google Drive links as well. The Defendant's use of google drive for this kind of content is well documented, and specifically mentioned by the individual who gained access to the videos which were leaked. The act of making this type of content accessible without the consent of the individual portrayed in the sexually explicit image or video is exactly what CARDII was enacted to prevent.

By hosting the content on these links, whether it be a Google link, or a Discord link, the Defendant was making the content accessible for years after the passing of the statute. Not only were the videos accessible through November 2024, when an individual by the screen name of

"Solotinyleaks" posted them on the internet, those links were active and accessible up to January of this year. (Dkt. No. 49-4). Thus, this Court has subject matter jurisdiction.

  iii. Declarations

Ms. Doe has provided this court with the declaration under penalty of perjury of a witness, which was filed under seal. [ECF No. 49-2]. This declaration states that on or about November 3, 2024, the Defendant shared the sexually explicit video depicting Plaintiff with the declarant. As a result of the Defendant deleting all his messages with declarant, the exact date of the sharing is unknown at this moment. However, we do know for certain that this could not have occurred before the year 2023 because, as Defendant has admitted, he did not meet declarant until 2023 – well after the statute became law.

Ms. Doe also provided this court with messages from November 3, 2024, between the same declarant and a friend. In these messages, the declarant tells her friend that Defendant did in fact share the video of Plaintiff with her [ECF No. 86-1]. The mass publication of the video, which occurred because of the Defendant continuously making this content accessible, occurred on November 29th, 2024, which means the declarant would not have known about the existence of these videos at the time she sent this message if it were not because the Defendant did in fact share the video with her. The evidence which has been submitted is more than sufficient to show that the Defendant shared the video with the declarant after the date in which the statute was enacted. The declaration and the evidence submitted in support thereof, serve as another avenue for the Court's subject matter jurisdiction over these claims.

  b. Jurisdiction over Nonparty Lolcow, LLC

Despite Defendant's claims of being continuously harmed by the publication of these videos on Kiwifarms, his alleged extraneous efforts to have these videos removed (which he was recently

forced to admit was his assistant sending a singular email to the website owner) and Lolcow, LLC is agreeing to remove these videos if directed by a court order, Defendant now takes up issue with Lolcow, LLC's status as a nonparty in this case based on an alleged lack of jurisdiction by this Court over the nonparty. Attached hereto as Exhibit A, is the stipulation of Lolcow, LLC to subject itself to this Court's jurisdiction in regards to the proposed court order. [ECF No. 80-1]. Thus, this court does have jurisdiction over Lolcow, LLC with regards to this specific proposed order. [ECF No. 80-1]

c. Requested Relief

Defendant claims that removing these videos is arbitrary relief, even though he contradictorily claims that he has tried to have them removed to no avail and continues to victimize himself with regards to the alleged damages he is now facing because this video was posted (despite him making this content continuously accessible). The need for these videos to be taken down is evident and the situation speaks for itself, the fact that Defendant requires an explanation as to how having these videos removed would constitute proper relief is truly appalling. The relief requested is but one step towards correcting the wrong caused by Defendant to Plaintiff. While Defendant may be comfortable with having this type of private content on the internet, Plaintiff is not and continues to suffer extreme emotional distress because of the publication of this video – a concept everyone but the Defendant seems to understand. Additionally, the Defendant has continuously ridiculed and mocked Ms. Doe after the video was leaked to his followers on his online platforms, including directing his followers to the Kiwifarms site. [ECF No. 52-2]. Granting this order would be proper as it would serve to prevent imminent irreparable harm to Plaintiff. The imminent irreparable harm is that of Ms. Doe's mental health and her quality of life. "An injury is 'irreparable' only if it cannot be undone through **monetary** remedies." *Barrett v. Walker Cnty. Sch.*

*Dist.*, 872 F.3d 1209, 1229 (11th Cir. 2017) (quoting *Deerfield Med. Ctr. v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir. Unit B 1981)).

D. Attorney's Fees

Defendant opposes the Plaintiff being awarded attorney's fees because he claims there was a failure to meet and confer. In fact, Defendant's own attachments show that there was an attempt by Plaintiff to reach a solution to this prior to presenting it to the court. Defendant was initially willing to agree to the motion, until Plaintiff informed them that the additional links they sent did not include any content which contained Ms. Doe and that Lolcow, LLC had only agreed to remove content of Plaintiff. Plaintiff's request for attorney's fees does not arise out of bad faith but out of the fact that Plaintiff spent a considerable amount of money in having her attorneys coordinate the removal of this video which was posted because of the Defendant's own actions.

WHEREFORE, Plaintiff's Motion, Reply, and exhibits having been considered, Plaintiff prays that her Motion for Entry of Order to Compel Lolcow, LLC to Remove Videos be granted, and Plaintiff further prays for such other and general relief as the Court deems necessary and proper.

Dated: June 6th, 2025.

(INTENTIONALLY LEFT BLANK)

| | |
|---|---|
| **JSP LAW, LLC** <br> Joan Schlump Peters <br> (admitted *pro hac vice*) <br> 4819 W. Blvd. Ct. <br> Naples, FL 34103 <br> Tel. 305-299-4759 <br> Email: petersjoan@bellsouth.net <br> Counsel for Plaintiff JANE DOE | **SANCHEZ-MEDINA GONZALEZ QUESADA LAGE GOMEZ & MACHADO, LLP** <br> CARLOS A. GARCIA PEREZ <br> Florida Bar No. 106895 <br> GUSTAVO D. LAGE <br> Florida Bar No. 972551 <br> 201 Alhambra Circle, Suite 1205 <br> Coral Gables, Florida, 33134 <br> Tel.: (305) 377-1000 <br> Primary E-Mail: cgarciaperez@smgqlaw.com <br> Primary E-Mail: glage@smgqlaw.com <br> Counsels for Plaintiff |

                 */s/ Carlos A. Garcia Perez*
By:_____
                CARLOS A. GARCIA PEREZ
                Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 6, 2025 a true and correct copy of the foregoing was served on all parties via the CM/ECF filing portal to all counsel of record.

                By: */s/ Carlos A. Garcia Perez*

                CARLOS A. GARCIA PEREZ
                Attorney for Plaintiff