**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 1:25-cv-20757-JB/Torres**

JANE DOE,

    Plaintiff,

v.

STEVEN K. BONNELL II,

    Defendant.
_____/

**PLAINTIFF JANE DOE'S REPLY TO RESPONSE TO MOTION FOR PROTECTIVE ORDER GOVERNING DISCOVERY**

    Plaintiff, Jane Doe, by and through undersigned counsel, hereby respectfully replies to Defendant Steven K. Bonell II's ("Bonnell") Response to her Motion for Entry of a Protective Order Pertaining to Discovery.

**I.    Plaintiff's Motion for Protective Order Is Effectively Unopposed.**

    Bonnell does not dispute that a protective order is appropriate in this case, DE92, at 2 ("Bonnell does not object to the entry of a reasonable and narrowly tailored protective order"), nor does he actually challenge the standard language of the proposed protective order Plaintiff submitted, DE82-1. Rather, astonishingly, Bonnell wastes the Court's time in focusing on a single provision of a prior draft protective order Plaintiff had submitted to Bonnell's counsel, and he does so by blatantly misrepresenting to this Court its proposed language, while concealing the distinguishing factors in the authorities he relies on.

    Specifically, Bonnell's opposition boils down to an objection to the request of Plaintiff's fact witnesses to remain anonymous, referring to language that appeared in a prior draft proposed protective order—not in the broader standard language contained in the final proposed protective

DOE vs BONNELL
CASE NO: 1:25-cv-20757-JB/Torres
Page 2

order. As such, Plaintiff's Motion is effectively unopposed. However, in an abundance of caution, Plaintiff will address each of Bonnell's arguments.

## II. Plaintiff Does Not Seek to Shield Discoverable Information from Bonnell.

Bonnell misconstrues Plaintiff's positions in suggesting that Plaintiff seeks to shield as undiscoverable certain information from *Bonnell*, such as witness identities. That is false. The standard language of the proposed protective order simply seeks to protect sensitive information from public disclosure, which is standard practice in cases such as the case at bar.[1] As such, Bonnell's arguments and case citations, including to *Hubbard v. Bankatlantic Bancorp, Inc.,* No. 07-61542-CIV, 2009 WL 3856458 (S.D. Fla. Nov. 17, 2009), are highly misleading. Not only was the plaintiff's position in *Hubbard* that witness identities are undiscoverable, despite the fact that "the identities of confidential witnesses in securities fraud class actions are discoverable" as a matter of law, but the *Hubbard* plaintiff also incorrectly insisted that the identities of witnesses are "work product" and failed to seek "any type of protective order…." *Id*., at *3, 5. Bonnell's feigned confusion over the scope of the proposed protective order is easily refuted by its plain language.

## III. Bonnell's Contentions About Requests for Anonymity Are Refuted by the Record.

Even if Plaintiff's proposed protective order constituted an "order that permits Plaintiff to unilaterally designate a witness's identity as confidential"[2] (it does not), Bonnell fails to disclose to this Court that the prior draft order proposed entirely appropriate language to the effect that "[t]he name or identifying information of non-party witnesses *who wish to keep their identity private*" shall remain confidential. DE92-2, at ¶ 2(c) (emphasis added). This stands in direct conflict to Bonnell's protestation that "the witnesses themselves do not even seek" to remain

---

[1] *See,* authorities collected in section IV, *infra*.
[2] DE92, at 2.

anonymous. DE92, at 2. Also contrary to Bonnell's contentions is the fact that Plaintiff's witnesses already explained under oath that they wish to stay anonymous and that, due to the sensitive nature of their testimony, the contents thereof should not be publicly accessible. DEs 77-79; *see also*, DE77 (Abbymc Declaration), at ¶10 (setting forth the reasons for wishing to remain anonymous).[3] This Court already agreed and permitted for these witnesses to remain anonymous. DE75.

### IV. Bonnell's Frivolous Standing Challenge and the Right of Third-Party Witnesses to Remain Anonymous in this Cyber Harassment Action

Despite the foregoing reality, which entirely neutralizes Bonnell's challenges to the proposed protective order, Plaintiff addresses Bonnell's remaining arguments, including his inference that Plaintiff lacks standing to request that the identity of certain of her witnesses remain confidential. Courts routinely fashion protective orders for purposes of shielding sensitive information about third-party witnesses if so requested by a party to the action. *See, e.g., Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1548 (11th Cir. 1985) (affirming blanket protective order issued to protect, *inter alia*, identity of witnesses to avoid disclosure of highly personal and embarrassing information). After all, "Fed.R.Civ.P. 26(c) provides that a party may move for protective order to protect any non-party from annoyance, embarrassment, oppression, or undue burden or expense." *TLO, LLC v. Pruco Life Ins. Co.,* No. 13-80674-CIV, 2014 WL 12461352, at *1 (S.D. Fla. Jan. 15, 2014). *See also, HDSherer LLC v. Nat. Molecular Testing Corp.,* 292 F.R.D. 305, 307–08 (D.S.C. 2013) ("[u]nder Rule 26(c), a party may move for a protective order … regardless of whether the moving party is seeking to prevent disclosure of information by a nonparty….") (citation and internal quotation marks omitted). In fact, contrary

---

[3] Nor does Bonnell explain how a request for anonymity has purportedly been waived for the reason that one of the witness' "avatar [was] plainly visible." DE92, at 5 n.1.

to Bonnell's contention, courts have recognized that such protection applies especially to third-party witnesses, given that these witnesses have not "chosen to avail [themselves] of the public forum of the Court." *Heineke v. Santa Clara Univ.*, No. 17-CV-05285-LHK, 2017 WL 6026248, at *23 (N.D. Cal. Dec. 5, 2017). Much like in *Planned Parenthood Arkansas & E. Oklahoma v. Jegley*, No. 4:15-CV-00784-KGB, 2016 WL 7487914 (E.D. Ark. Feb. 1, 2016), for example, Plaintiff's prior draft protective order simply contemplates the type of umbrella protection often fashioned by courts with the opportunity for each witness to decide whether she/he wishes to disclose their identity. *Id*., at *3 (reasoning that "[t]hese [third-party witnesses are] not individuals who willingly sought to be involved in this lawsuit;" that "[t]hey are third party witnesses only;" and that, "[i]f any of these third party witnesses wish to make their identities known publicly, nothing in this Court's protective order prevents them from doing so").

Bonnell also overlooks that these protections apply with special force to cases calling for evidence of sexual-related activities, as in the case at bar. *See, e.g., Wheeles v. Human Res. Sys., Inc.*, 179 F.R.D. 635, 639 (S.D. Ala. 1998) (reversing order denying motion for protective order by party on behalf of third-party witnesses regarding sexual conduct). Indeed, the revised Rule 412 of the Federal Rules of Evidence now applies to all types of sexual misconduct cases and expressly extends to third-party witnesses. *See, Stalnaker v. Kmart Corp.*, No. CIV. A. 95-2444-GTV, 1996 WL 397563 (D. Kan. July 11, 1996)[4] (citing Fed.R.Evid. 412 advisory committee notes (1994 amend.)). *See also, Burger v. Litton Indus., Inc.*, No. 91 CIV. 0918(WK) AJP, 1995 WL 476712, at

---

[4] Noting that "[t]he revised rule applies in all cases involving sexual misconduct without regard to whether the alleged victim or person accused is a party to the litigation…. The rule aims to safeguard … against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the factfinding process. … [T]he rule also encourages victims of sexual misconduct to institute and to participate in legal proceedings against alleged offenders." *Id*., at *3.

DOE vs BONNELL
CASE NO: 1:25-cv-20757-JB/Torres
Page 5

*2 (S.D.N.Y. Aug. 10, 1995) ("There is no doubt that Rule 412 applies to non-party witnesses"). Under these safeguards, courts have held, for example, that third-party testimony about "romantic or sexual relationships" is highly sensitive in nature and that disclosure of the witness identities "within their communities [would] expos[e] them potentially to harassment, embarrassment, or stigma." *Voice of San Diego v. Naval Criminal Investigative Serv.,* 753 F. Supp. 3d 1069, 1105, 1107 (S.D. Cal. 2024).

Finally, there is no support to Bonnell's insistence that Plaintiff failed to meet her evidentiary burden to show good cause. As other courts have concluded under similar circumstances that third-party witnesses wish to remain anonymous based solely on their representations to that effect to the moving party. *See, e.g., Alaska Cmty. Action on Toxics v. Aurora Energy Services, LLC*, No. 3:09-CV-00255-TMB, 2012 WL 12537418, at *4 n.41 (D. Alaska May 7, 2012) (rejecting defendants' standing argument and "observ[ing] that the anonymous individuals here have indicated to [plaintiff's representative] that they wish to remain anonymous"). *See also, id.*, at *3 (noting that "[o]ther courts have entered protective orders barring the disclosure of the identities of individuals who submitted information anonymously[] and protecting the identities of individuals who would likely be subjected to harassment if their names were disclosed"); *id.*, at *4 (holding that "harassment and intimidation are not prerequisites for obtaining a protective order;" that "mere embarrassment or annoyance will suffice;" and that the record indicated that a "very controversial issue" was at play which would likely lead to "embarrassment or annoyance from being associated with the controversy" and concluding that "public interest weighs in favor of a protective order to ensure that [third-party witnesses,] who were promised confidentiality, are protected and not silenced"). In any event, sworn testimony directly from the witnesses has been submitted to the Court in the case at bar (DEs 77-79); however, to the extent the Court required

additional testimony, Plaintiff would promptly seek leave to submit such additional testimony under seal.

> V. **Bonnell's Challenges to the Meet and Confer Process Have Been Waived and Are, in any Event, Wholly Unsupportable.**

Further highlighting Bonnell's ill intentions, his Opposition raises two confusing challenges to the parties' meet and confer efforts: First, Bonnell essentially postulates that a prefiling conference could only have been proper if the movant had agreed with the non-movant's position. DE92, at 2-3. This position defies common sense, especially because no motion would be necessary, if all parties had agreed to the relief requested following the pre-filing conference.

Second, Bonnell complains about alleged discrepancies in the proposed protective orders, but he cites to no authorities for the proposition that a motion for protective order must be denied if the final proposed protective order is not identical to the version previously served. In any event, this argument has been waived for Bonnell's failure to adequately brief it. Bonnell did not even address it in the argument section of his response, fails to elaborate on his position, does not cite to any authorities in support thereof, and does not claim to be prejudiced by the alleged discrepancies in the draft protective orders. *See, Quevedo v. Iberia Lineas Aereas de Espana, Sociedad Anonima Operadora Co.*, No. 17-21168-CIV, 2019 WL 3804126, at *4 n.1 (S.D. Fla. Aug. 13, 2019), *aff'd,* 811 Fed. Appx. 559 (11th Cir. 2020) (arguments made in passing, not sufficiently briefed, and raised without citing to authorities are deemed waived); *cf., Hall v. Thomas*, 611 F.3d 1259, 1289 n.40 (11th Cir. 2010) ("[T]he law is by now well settled in this Circuit that a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.") (citing *Access Now, Inc. v. Sw. Airlines Co.,* 385 F.3d 1324, 1330 (11th Cir.2004)). To the contrary, the only party that is prejudiced here is Plaintiff

for being forced to brief an issue contained in a prior draft proposed order and which issue Bonnell mischaracterizes.

Irrespective of waiver, Bonnell's bold proposition that "[t]he Court should decline to enter the requested order," DE92, at 7, on the basis that a *prior* draft proposed order provides for anonymity of Plaintiff's witnesses, *if so requested by them*, is not only illogical and unsupportable, but smacks of bad faith and further buttresses the fear of Plaintiff and other victims of being further victimized Bonnell and of his intentions to continue to harass and threaten them in connection with this litigation.[5]

### VI.  Bonnell Fails to Cite to a Single Analogous Case.

Tellingly, none of Bonnell's cited cases involves allegations of sexual misconduct, such as cyber harassment. As such, each case Bonnell relies on is inapposite and unpersuasive. Bonnell's citations to the line of cases declining to permit anonymity cuts against his position, given that this Court has already found that this is that "exceptional case" where the Plaintiff may proceed under a fictious name, and her witnesses may submit declarations under seal without public disclosure of their identity. *See, Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992) (cited at DE92, at 3, 5, 7) (case involving allegations of discrimination on the basis of alcoholism); *In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1248, 1250 (11th Cir. 2020) (DE92, at 4) (in a case where, "[f]or over a decade, hundreds of plaintiffs have litigated this case under their true names, … nothing in the record suggest[ed] that they have faced paramilitary retaliation," and, unlike in this case (Sealed

---

[5] At no point has Bonnell disputed that he threatened Plaintiff and her witnesses with physical harm in retaliation to their allegations and testimony in this action, or that he publicly harassed and ridiculed Plaintiff's legal team. DE72-3. In light of the standard language of Plaintiff's proposed protective order, there can be no explanation for Bonnell's objections thereto other than that Bonnell intends to continue to threaten and harass Plaintiff, her fact witnesses, and her legal team.

DE77-79) "in neither instance did the appellants establish a sufficient nexus between the claimed threats and the disclosure of their identities").

Equally unpersuasive are Bonnell's remaining case citations, as none involved remotely analogous circumstances. *See*, *Oregon Socialist Workers 1974 Campaign Comm. v. Paulus,* 432 F. Supp. 1255, 1259 (D. Or. 1977) (cited at DE92, at 4) (anonymity not appropriate in action attacking the Oregon Campaign Disclosure Act, observing that, "[i]n our democracy, the voting public is entitled to know what special interests are behind a potential office holder"); *KeyView Labs, Inc. v. Barger*, No. 8:20-CV-2131-T-36AEP, 2020 WL 8224618, at *6 (M.D. Fla. Dec. 22, 2020) (DE92, at 4, 6) (involving different circumstances, *to wit*, whether anonymous affidavits were sufficient to support the plaintiff's trade secrets claim in summary judgment proceedings); *Sony Computer Entm't Am., Inc. v. NASA Elecs. Corp.,* 249 F.R.D. 378, 383 (S.D. Fla. 2008) (DE92, at 5, 7) (involving burden-shifting provision to protective order in trademark infringement action); and *Goldberg v. Kelly,* 397 U.S. 254 (1970) (DE92, at 6) (involving due process violations in terminating public assistance payments where welfare recipients were precluded from cross-examining witnesses).

By contrast, it is well-settled that, particularly in sexual harassment and other sexual misconduct cases, it is "entirely proper and common for a plaintiff to rely on confidential witnesses." *Eckhart v. Fox News Network, LLC,* No. 20-CV-5593 (RA), 2021 WL 4124616, at *26 (S.D.N.Y. Sept. 9, 2021) (noting also that the anonymous witness testimony would be relevant to plaintiff's claims (*id.*)). *See also, Heineke v. Santa Clara Univ.,* No. 17-CV-05285-LHK, 2017 WL 6026248, at *22, 23 (N.D. Cal. Dec. 5, 2017) (noting that "courts in the Ninth Circuit have found that allowing victims to proceed anonymously serves a strong public interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such

crimes;" noting the lack of prejudice to defendant especially where defendant had used the true names of the witnesses before; and finding that "that the public interest is served in allowing an alleged victim of sexual harassment to be sued under pseudonym to avoid deterring other victims from coming forward") (citation and internal quotation marks omitted).[6]

(INTENTIONALLY LEFT BLANK)

---

[6] Of course, these bedrock principles are not limited to sexual misconduct cases. *Compare, e.g., Nat'l Org. for Women, Inc. v. Scheidler*, No. 86 C 7888, 2001 WL 301143, at *1, 5 (N.D. Ill. Mar. 28, 2001) (finding to prejudice from anonymity of witnesses in RICO case involving claims of threats of physical violence and intimidation by anti-abortion groups, where "Defendants not only could have questioned the anonymous witness before her testimony, but also used the documents to cross-examine the anonymous witness at trial"). Here, as in *Scheidler*—and contrary to Bonnell's inferences—the proposed protective order would not actually preclude him from cross-examining Plaintiff's witnesses. Rather, the witnesses and evidence in this case would simply be subject to a carefully crafted protective order, as is common practice. *See also, generally, In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356–57 (11th Cir. 1987) (sanctioning the use of "umbrella" protective orders, and noting that "[h]istory has confirmed the tremendous saving of time effected by such an approach" and that "[t]he objective is to speed up discovery") (citing *Manual for Complex Litigation, Second,* § 21.431 (1985)).

## CONCLUSION

Wherefore, the Court should enter Plaintiff's proposed protective order.

Date: June 13, 2025

Respectfully Submitted,

**JSP LAW, LLC**
Joan Schlump Peters
(admitted *pro hac vice*)
4819 W. Blvd. Ct.
Naples, Florida 34103
Tel.: 305-299-4759
Email: petersjoan@bellsouth.net
Counsel for Plaintiff JANE DOE

**SANCHEZ-MEDINA, GONZALEZ, QUESADA, LAGE, GOMEZ & MACHADO, LLP**
CARLOS A. GARCIA PEREZ
Florida Bar No. 106895
GUSTAVO D. LAGE, ESQ.
Florida Bar No. 972551
201 Alhambra Circle, Suite 1205
Coral Gables, Florida, 33134
Tel.: (305) 377-1000
Primary E-Mail Addresses:
cgarciaperez@smgqlaw.com;
glage@smgqlaw.com

By:   *s/ Carlos A. Garcia Perez*
       CARLOS A. GARCIA PEREZ
       Attorney for Plaintiff JANE DOE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 13, 2025 a true and correct copy of the foregoing was served on all parties via the CM/ECF filing portal to all counsel of record.

By: */s/ Carlos A. Garcia Perez*

CARLOS A. GARCIA PEREZ
Attorney for Plaintiff