UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:25-cv-20757-JB/Torres

JANE DOE,

    Plaintiff,

v.

STEVEN K. BONNELL II,

    Defendant.

_____/

**DEFENDANT STEVEN K. BONNELL'S OPPOSITION TO PLAINTIFF'S MOTION TO FILE REDACTED EVIDENCE IN SUPPORT OF THE DECLARATION OF ABBYMC [ECF NO. 49-2], AND FOR LEAVE TO FILE UNDER SEAL**

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
ROBERT L. RASKOPF
Florida Bar No.: 1040022
PATRICIA M. PATINO
Florida Bar No.: 1007702
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580
Fax: (305) 374-7593
Email: rraskopf@bilzin.com;
ppatino@bilzin.com

-and-

**BERK BRETTLER LLP**
ANDREW B. BRETTLER
California Bar No.: 262928
JAKE A. CAMARA
California Bar No.: 305780
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel: (310) 278-2111
Email: abrettler@berkbrettler.com;
jcamara@berkbrettler.com
(admitted *pro hac vice*)

*Counsel for Steven K. Bonnell II*

## I. INTRODUCTION

In acknowledging the glaring weakness of the evidence presented in support of her Motion for Preliminary Injunction (the "Motion"), Plaintiff belatedly attempts to submit new purported evidence to establish subject matter jurisdiction where none exists. Plaintiff's Motion has been fully briefed for over a month and a half. The evidentiary hearing on Plaintiff's Motion already occurred. Now, on the eve of the Court issuing a ruling on her Motion, Plaintiff seeks to submit new and untimely evidence in support of her Motion, depriving Bonnell of an opportunity to respond, or to challenge the declarant in open court.

Specifically, in a last-minute attempt to establish subject matter jurisdiction, Plaintiff seeks to submit a purported text message from Abbymc, wherein Abbymc claims Bonnell sent her a video of Plaintiff at an unknown time. Plaintiff had every opportunity to submit such "evidence" with her Reply brief, or at minimum, at the evidentiary hearing on June 3, 2025. Plaintiff did neither. In fact, Abbymc failed altogether to appear or testify at the hearing on the Motion, thereby depriving Bonnell the opportunity to cross-examine her.

Even if the Court were to consider Plaintiff's untimely evidence (it should not), the new evidence is unauthenticated, constitutes inadmissible hearsay, and fails establish, or in any way support, the Court having subject matter jurisdiction over this case. Pursuant to well-established federal law, the Court should decline to consider Plaintiff's "new evidence" and strike it from the record.

## II. FACTUAL BACKGROUND

On April 3, 2025, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction. (Mot. for Prelim. Inj. [ECF No. 21].) On April 4, 2025, the Honorable Jacqueline Becerra conducted a status conference to address the timing of Plaintiff's Motion. (Paperless Order

[ECF No. 31].) At that conference, Judge Becerra ruled that because this case had been pending since February 18, 2025, there did not appear to be any exigent circumstances, nor a need for "emergency" relief. (Declaration of Andrew B. Brettler, dated April 25, 2025 [ECF No. 42-11] ¶ 4 & Ex. A.) Accordingly, the Court denied Plaintiff's request for a TRO and referred the remainder of Plaintiff's Motion to the Magistrate Judge to issue a report and recommendation. (Order [ECF No. 32].)

On April 25, 2025, Bonnell filed his Opposition to Plaintiff's Motion for Preliminary Injunction. (Def.'s Opp'n Br. [ECF No. 42].) Among other arguments, Bonnell opposed Plaintiff's Motion on the grounds that the Court lacks subject matter jurisdiction over this action because Plaintiff has submitted no admissible evidence that Bonnell transmitted the Video *after* the effective date of CARDII (October 1, 2022). (*Id.* at pp. 13-15.) In other words, because the alleged date of transmission precedes the effective date of the CARDII statute, Bonnell contends that there is no basis for federal question jurisdiction here. (*Id.*)

On May 2, 2025, Plaintiff filed her Reply in support of her Motion (Pl.'s Reply Br. [ECF No. 45]), and she filed the Abbymc Declaration and additional exhibits to her Reply a day late on May 3, 2025 [ECF Nos. 49-1, 49-2, 49-3, 49-4, 49-5]. With her Reply papers, in an attempt to establish subject matter jurisdiction over this action, Plaintiff belatedly filed the Declaration of Abbymc, dated April 30, 2025 [ECF No. 49-2], which purported to assert that Bonnell transmitted the Video to Abbymc within the statutory timeframe. (*Id.* ¶ 7.) Despite that Plaintiff's Motion was fully briefed, a *month later*, and on the day before the hearing on the Motion for Preliminary Injunction, Plaintiff filed the Motion to File Redacted Evidence in Support of the Declaration of Abbymc. [ECF No. 86.] Plaintiff seeks to submit new "evidence" to support the Abbymc Declaration, namely, a November 3, 2023 text message that Abbymc purportedly sent to an

2

unknown person stating, "I have videos of him f*cking cheiry and pxie like lmfao he just sent me another one haven't opened it." [ECF No. 86-1.] Plaintiff contends that this text message "directly corroborates" the testimony of Abbymc in her previously filed declaration. (Mot. [ECF No. 86] at p. 2.)

On June 3, 2025, the Court held a hearing on Plaintiff's Motion for Preliminary Injunction. [ECF No. 87.] Abbymc failed to appear to testify at the hearing, and Bonnell therefore had no opportunity to cross-examine Abbymc at the hearing.[1]

### III. PLAINTIFF'S "NEW EVIDENCE" IS UNTIMELY AND SHOULD BE DISREGARDED AND STRICKEN.

Realizing the weakness of the evidence Plaintiff has presented on the issue of subject matter jurisdiction, she now attempts to submit new evidence on the issue and deprive Bonnell an opportunity to respond. Plaintiff's new (and untimely submitted) "evidence" should be disregarded and stricken.

Courts routinely warn against the consideration of new or supplemental evidence in considering a motion for preliminary injunction. *See Butler v. Garland*, No. 1:24-CV-975-CLM, 2024 WL 5424418, at *10 (N.D. Ala. Nov. 4, 2024) ("[T]he interests of justice and judicial efficiency counsel against considering supplemental declarations in ruling on Plaintiffs' motion for preliminary injunction . . . Plaintiffs' request that the court consider the late filed supplemental declarations contradicts the very idea of a preliminary injunction, which is premised on the need for speedy and urgent action to protect a plaintiff's rights before a case can be resolved on the merits. . . . As Plaintiffs acknowledge, the court would need to allow Defendants to respond to the

---

[1] Notably, Plaintiff's counsel even informed counsel for Bonnel that they represented Abbymc at one point, yet they refused to accept service of a subpoena on her behalf. Abbymc has thus far avoided personal service.

3

supplemental declarations before considering them."); *In Dime We Tr., RLT v. Armadillo Distrib. Enters., Inc.*, No. 8:21-CV-1967-SDM-AAS, 2022 WL 4396392, at *2, n. 4 (M.D. Fla. Sept. 23, 2022) (holding that plaintiff's "attempt to submit new evidence after resting at the preliminary injunction hearing is rejected").

*Butler* is instructive here. After fully briefing their motion for preliminary injunction, and after the hearing on the motion, the *Butler* plaintiffs sought to submit new evidence, i.e. declarations, in support of their motion. *Butler*, 2024 WL 5424418 at *10. The court refused to consider the newly submitted declarations, noting that despite being given the opportunity, the declarants failed to testify at the preliminary injunction hearing and, therefore, defendant has been deprived of the opportunity to cross examine such witnesses. *Id.* at *11. Specifically, the Court held that consideration of new, untimely evidence "contradicts the very idea of a preliminary injunction" and "most importantly, the court gave Plaintiffs a chance to testify or present additional evidence at the preliminary injunction hearing" which plaintiffs declined to do. *Id.* at *10. "The court will thus not consider the Plaintiffs' supplemental declarations in ruling on the motion for preliminary injunction." *Id.*

Here, as in *Butler*, Plaintiff improperly attempts to submit new evidence over a month after her Motion was fully briefed, and without providing Bonnell the opportunity to test the veracity and credibility of the purported witness. Abbymc submitted a declaration in support of Plaintiff's Motion for Protective Order, yet Abbymc refused to appear or testify at the preliminary injunction hearing. Bonnell has been denied an opportunity to cross-examine Abbymc about the statements in her declaration or the exhibits annexed thereto. Accordingly, the purported evidence should be stricken.

Moreover, federal courts have indicated that where a plaintiff has notice of a jurisdictional challenge, it should present its evidence at a hearing where the issue is to be addressed ***or else risk waiving the right to present such evidence***. *See Shepherdson v. Local Union No. 401*, 823 F. Supp. 1245, 1248 (E.D. Pa. 1993) (emphasis added) (stating that plaintiff's opportunity to present facts supporting claim of jurisdiction "should occur after subject matter jurisdiction is challenged"); *Koch v. United States*, 814 F. Supp. 1221, 1226 (M.D. Pa. 1993) (emphasis added) (holding that dismissal for lack of jurisdiction is appropriate "if the record establishes that plaintiff had an opportunity to present facts by affidavit or deposition or in an evidentiary hearing after the jurisdictional challenge arose and either exercised or waived that opportunity").

Here, Plaintiff was on notice of Bonnell's jurisdictional challenge since Bonnell filed his Answer and Affirmative Defenses [ECF No. 17] and his Opposition to Plaintiff's Motion [ECF No. 42]. Plaintiff had every opportunity to submit her "new evidence" with her Reply brief, or at minimum, make Abbymc available to testify at the evidentiary hearing before Magistrate Judge Torres on June 3, 2025. Plaintiff did neither. Her attempt to submit new evidence weeks later should not be given any consideration by the Court.

### IV. PLAINTIFF'S "NEW EVIDENCE" IS UNAUTHENTICATED, INADMISSIBLE HEARSAY.

Even if the Court were to consider Plaintiff's untimely evidence (it should not), the new evidence is unauthenticated, constitutes inadmissible hearsay, and fails to establish or in any way support the Court's subject matter jurisdiction over this case. As stated in Bonnell's Opposition to Plaintiff's Motion for Preliminary Injunction, Bonnell's alleged transmission of the Video preceded the enactment of the federal statute and therefore cannot form the basis for subject matter jurisdiction. (Def.'s Opp'n [ECF No. 42] at pp. 13-15.) Plaintiff's new evidence purports to establish that the Video was transmitted on November 3, 2023, but it does no such thing.

Here, Plaintiff seeks to submit a text message from Abbymc to an unknown person on November 3, 2023 wherein Abbymc states the following: "I have videos of him f*cking cheiry and pxie like lmfao he just sent me another one haven't opened it." [ECF No. 86-1.] As an initial matter, the purported evidence does not establish that Bonnell transmitted a video of Plaintiff at all, let alone that Bonnell transmitted a video of Plaintiff on that date or at any time after October 1, 2022, the effective date of the CARDII statute. Plaintiff could have submitted proof of such a transmission, yet she has not done so (and for good reason, it never happened). The newly submitted evidence therefore does nothing to establish Plaintiff's likelihood of success on the merits of her Motion for Preliminary Injunction. *See In Dime We Tr., RLT*, 2022 WL 4396392, at *2, n. 4 (finding that additional evidence plaintiff requested to submit after preliminary injunction hearing nonetheless failed to establish a substantial likelihood of success of the merits).

At most, the proffered statement constitutes inadmissible hearsay, i.e. an out of court statement offered to prove the truth of the matter asserted, namely, that Bonnell indeed transmitted a video of Plaintiff after the CARDII statute went into effect. Fed. R. Civ. P. 801. Abbymc does not submit evidence of such a transmission, but instead submits a text message wherein she states she received a video of Plaintiff from an unknown person and at an unknown time. The newly submitted evidence should be stricken accordingly.

**V.     CONCLUSION**

For the reasons stated herein, Bonnell respectfully requests that the Court deny Plaintiff's Motion in its entirety.

Dated: June 16, 2025

Respectfully submitted,

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580
Fax: (305) 374-7593

By: /s/ *Robert L. Raskopf*
Robert L. Raskopf, Esq.
Florida Bar No.: 1040022
rraskopf@bilzin.com
Patricia M. Patino, Esq.
Florida Bar No.: 1007702
ppatino@bilzin.com

and

**BERK BRETTLER LLP**
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel: (310) 278-2111

By: /s/ *Andrew B. Brettler*
Andrew Brad Brettler, Esq.
California Bar No.: 262928
abrettler@berkbrettler.com
Jake A. Camara, Esq.
California Bar No.: 305780
jcamara@berkbrettler.com
(admitted *pro hac vice*)

*Counsel for Steven K. Bonnell I*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 16, 2025, a true and correct copy of the foregoing was served on all parties via transmission of Notices of Electronic Filing generated by CM/ECF and via electronic transmission to counsel of record for these parties.

By:   /s/ *Robert L. Raskopf*
      Attorney