## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### Case No.: 1:25-cv-20757-JB/Torres

JANE DOE,

      Plaintiff,

v.

STEVEN K. BONNELL II,

      Defendant.

_____/

### DEFENDANT STEVEN K. BONNELL'S OPPOSITION TO PLAINTIFF'S MOTION TO HAVE JUNE 3RD, 2025 EVIDENTIARY HEARING TRANSCRIPT FILED UNDER SEAL

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
ROBERT L. RASKOPF
Florida Bar No.: 1040022
PATRICIA M. PATINO
Florida Bar No.: 1007702
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580
Fax: (305) 374-7593
Email: rraskopf@bilzin.com;
ppatino@bilzin.com

-and-

**BERK BRETTLER LLP**
ANDREW B. BRETTLER
California Bar No.: 262928
JAKE A. CAMARA
California Bar No.: 305780
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel: (310) 278-2111
Email: abrettler@berkbrettler.com;
jcamara@berkbrettler.com
(admitted *pro hac vice*)

*Counsel for Steven K. Bonnell II*

## I.   <u>INTRODUCTION</u>

Plaintiff improperly seeks a blanket sealing of the transcript of a public proceeding that occurred nearly three weeks ago, with individuals in the gallery observing. Despite having chosen to litigate this case in federal court, as well as in the court of public opinion—including by publicizing this case through her Substack posts, social media commentary, and crowdfunding campaigns—Plaintiff now seeks to retroactively seal the entire public transcript of a judicial hearing at which she never requested confidentiality. Further, Plaintiff has not identified any purportedly sensitive or private testimony that was elicited during that hearing that warrants sealing. Indeed, there was no such testimony. Plaintiff's legal name was not even used at the hearing—she was referred to as "Jane Doe" or "Ms. Doe" throughout the proceeding. Plaintiff's Motion is procedurally improper, legally unsupported, and contrary to the strong presumption of public access to court proceedings.

Plaintiff's two-page motion fails to make any showing, let alone a showing of good cause, to rebut the strong presumption of public access to court proceedings. She fails to identify or cite to any specific portions of the transcript that are of purported concern, and she has submitted no evidence whatsoever, not even a declaration, to establish how public access to the transcript would cause her specific harm.

Further, Plaintiff waived her right to the requested relief. She made no attempt—either before or during the preliminary injunction hearing—to request closure of the courtroom or to invoke confidentiality protections. The hearing was conducted in open court, without restriction to public access. In fact, members of the public were present in the gallery during the proceeding. At no point did Plaintiff move to designate the transcript confidential or seek *in camera* treatment of any portion of her testimony. Plaintiff's *post hoc* sealing request should be denied accordingly.

## II.   **FACTUAL BACKGROUND**

On April 3, 2025, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction. (Mot. for Prelim. Inj. [ECF No. 21].) At a status conference the following day, Judge Becerra denied the request for a TRO, finding no exigent circumstances to justify emergency relief. (Declaration of Andrew B. Brettler, dated Apr. 25, 2025 [ECF No. 42-11] ¶ 4 & Ex. A [ECF No. 42-12].) The case proceeded on Plaintiff's motion for preliminary injunction, which the Court referred to the Magistrate Judge to issue a report and recommendation. (Order [ECF No. 32].)

On June 3, 2025, the Court held a hearing on the preliminary injunction motion. (Paperless Min. Order, dated June 3, 2025 [ECF No. 87].) The hearing was open to the public. Members of the public attended the hearing, took notes, and later discussed the proceeding online and in various public forums.[1] At no time during the hearing did Plaintiff request that the courtroom be closed, nor did she request that the Court seal the transcript or any portion thereof.

Nevertheless, Plaintiff now seeks a blanket seal of the entire transcript. (Mot. to Seal [ECF No. 88].) However, in her Motion, Plaintiff offers no reasonable justification for her request, and she fails to identify or cite to any specific portions of the transcript that purportedly warrant protection. Instead, she asks the Court to impose a sweeping seal over the full record of a public hearing—without any meaningful showing of good cause.

Ironically, from the outset of this litigation, Plaintiff has publicly discussed this case and its subject matter through a variety of platforms—including Substack, X (formerly Twitter), and the fundraising website GiveSendGo, which is linked directly to her numerous public posts. (Declaration of Steven K. Bonnell, dated Apr. 25, 2025  [ECF No. 42-1] ¶ 23-26. at Ex. H [ECF

---

[1] *See, e.g.,* https://spilled.gg/pxie-admits-court-sharing-intimate-videos-ex-boyfriend-without-destinys-knowledge/

No. 42-9].) She has repeatedly posted online about this litigation, encouraged donations, and commented on the Court's rulings. (Declaration of Andrew B. Brettler, dated June 16, 2025 [ECF No. 99-1] ¶¶ 3-6 & Exs. A- D [ECF Nos. 99-2 to 99-5] Bonnell Decl., [ECF No. 42-1] ¶¶ 23–27 & Exs. F, H–I [ECF Nos. 42-7, 42-9, 42-10.)

## III.   <u>NO GOOD CAUSE EXISTS TO SEAL THE TRANSCRIPT</u>.

Court records and proceedings are presumptively public. *Chi. Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (The "common-law right of access to judicial proceedings" establishes a "general presumption" that "civil actions should be conducted publicly. . . [which] includes the right to inspect and copy public records and documents."); *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) ("material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right [of public access].") (citations and internal quotations omitted.)

Consistent with that presumption, the Eleventh Circuit has repeatedly held that sealing court records requires a showing of "good cause," under Rule 26 of the Federal Rules of Civil Procedure. *Romero*, 480 F.3d at 1247-48  (holding that good cause requires a greater showing than mere "conclusory statements" and that courts must "balance the asserted right of access against the other party's interest in keeping the information confidential"). Generalized claims of privacy or embarrassment are not enough. *See Strike 3 Holdings, LLC v. Doe*, No. 22-CV-307-JA-PRL, 2023 WL 113564, at *2 (M.D. Fla. Jan. 5, 2023) (holding "embarrassment alone fails to amount to good cause or compelling justification" to limit access to court records); *3376 Lake Shore, LLC v. Lamb's Yacht Ctr., Inc.*, No. 14-CV-632-J-34PDB, 2014 WL 12621574, at *2 (M.D. Fla. Aug. 25, 2014) ("The potential harm identified by the plaintiff is speculative and thus insufficient to outweigh the right to public access."); *Wilson v. Costco Wholesale Corp.*, No. 17-CV-81243-

DMM, 2018 WL 8200952, at *1 (S.D. Fla. Sept. 18, 2018) (holding privacy concerns over medical records did not override the public's interest in court access).

The Eleventh Circuit imposes heightened scrutiny where a litigant seeks to seal a judicial record. "[W]hen the [court] attempts to deny the right of access in order to inhibit the disclosure of sensitive information, it must be shown that the denial is necessitated by a compelling governmental interest, and is ***narrowly tailored*** to that interest." *Globe Newspaper Co. v. Super. Ct.*, 457 U.S. 596, 606-07 (1982) (emphasis added); *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985) (reversing sealing of trial record where no specific justification was offered); *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1015-16 (11th Cir. 1992) (same).

Courts addressing sealing requests have set a high bar.  Indeed, even where, as here, courts have permitted Plaintiff to proceed using a pseudonym, they have declined to keep the underlying court records sealed absent extraordinary circumstances. *Doe v. Ga. Dep't of Corr.*, No. 24-11382, 2024 WL 5200055, at *3 (11th Cir. Dec. 23, 2024) (per curium) (unsealing entire interlocutory record while preserving pseudonym status, noting "no sound reason" exists to keep the docket sealed).

### A.    Plaintiff's Request Is Neither Narrowly Tailored Nor Substantiated by the Requisite Showing.

In her Motion, Plaintiff seeks a blanket seal of the entire public court proceeding, without reason or justification. Plaintiff fails to identify or cite to any specific portions of the transcript that are of purported concern, and she has submitted no evidence whatsoever, not even her own declaration, to establish how public access to the transcript would cause her specific harm.[2]

---

[2] Plaintiff's reliance on *Doe v. Williams*, No. 24-CV-165-DPJ-ASH, 2024 WL 2805642 (S.D. Miss. May 31, 2024), is entirely misplaced. That case addressed whether a pseudonymous plaintiff could proceed under a "Jane Doe" designation, not whether transcripts of a public court proceeding could be sealed from public access. Indeed, that case did not involve a sealing motion at all. At most, that unreported decision from a Mississippi district court supports a litigant's right

Plaintiff has failed to make any showing to rebut the presumption of public access to court proceedings, let alone make the requisite showing to establish good cause. Plaintiff's mere desire to shield purportedly sensitive information does not override that public right.

Further, Plaintiff's Motion fails to satisfy the procedural and substantive requirements of Local Rule 5.4, which requires that a motion to seal must "set forth the factual and legal basis for departing from the policy that Court filings are public" and describe the "proposed sealed material" with as much particularity as possible. L.R. 5.4(a). The burden of making this showing rests with the party seeking to seal, and courts in this District have emphasized that "proceedings in the United States District Court are public and Court filings are matters of public record." *See, e.g.*, *Consejo de Defensa del Estado v. Espirito Santo Bank*, No. 09-20613-CIV, 2010 WL 2712093, at *1 (S.D. Fla. July 7, 2010); *see also Doe K.R. v. Choice Hotels*, No. 23-CV-1012-JSS-LHP, 2025 WL 1446285, at *1-2 (M.D. Fla. May 20, 2025) (applying similar requirements under M.D. Fla. L.R. 1.11 and finding motion to seal defective where party failed to link redacted content to particular harms or explain why redaction was insufficient).

Plaintiff improperly seeks an across-the-board seal of the transcript without identifying a single line, page, or excerpt of purported concern. This blanket approach is impermissible. Courts consistently require a narrowly tailored and specific justification to seal judicial records. *BMO Harris Bank, N.A. v. Richard Funding, LLC*, No. 1:15-CV-03886, 2018 WL 11348035, at *2 (N.D. Ga. Feb. 22, 2018) (denying motion to seal entire hearing transcript where movant failed to identify specific portions warranting sealing); *Doe v. Serpa*, No. 25-CV-0057-X, 2025 WL 975334, at *2 (N.D. Tex. Apr. 1, 2025) ("Before sealing, the Court must undertake a document-by-document,

---

to proceed anonymously, a status Plaintiff has already been granted in this case. (Paperless Order, dated Feb. 19, 2025 [ECF No. 6].)

line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure."). Plaintiff's failure to do so is fatal to her motion.[3]

**B.** **Plaintiff Waived Her Right to the Requested Relief.**

In addition to failing to make any evidentiary or factual showing to establish good cause for sealing the entirety of the June 3, 2025 hearing transcript, Plaintiff has waived her right to the relief requested. Eleventh Circuit law is clear that *post hoc* sealing is improper. *See Romero*, 480 F.3d at 1247-48  (reversing sealing order based on "conclusory and speculative" claims of harm, noting materials had already been publicized); *Am. Motors Corp.*, 759 F.2d at 1571 (holding that where trial proceedings were already public, sealing the entire record *after the trial* was an abuse of discretion); *Choice Hotels*, 2025 WL 1446285, at *2 (denying *post hoc* sealing of the record based on vague confidentiality claims and untimely arguments); *Kleiman v. Wright*, No. 18-cv-80176, 2022 WL 59676, at *2 (S.D. Fla. Jan. 6, 2022) (denying sealing of exhibits discussed "at length" or introduced in public trial); *Hepp v. Paul Revere Life Ins. Co.*, No. 13-cv-2836-T-17TBM, 2015 WL 4072101, at *4 (M.D. Fla. July 2, 2015) (rejecting post-trial sealing of exhibits introduced in open court and already disseminated publicly).

Critically, Plaintiff made no attempt—either before or during the preliminary injunction hearing—to request closure of the courtroom or to invoke confidentiality protections. The hearing was conducted in open court, without restriction on public access. At no point did Plaintiff move

---

[3] Moreover, Plaintiff's Motion disregards the process established by this Court and the Judicial Conference for requesting redactions in publicly filed transcripts. Under the policy adopted by the Southern District of Florida, when a transcript redaction is requested, it must be filed within 21 days of the transcript's filing, must identify the personal identifiers to be redacted with particularity (*e.g.*, page and line number), and must be limited to a narrow list of protected categories such as Social Security numbers, dates of birth, financial account numbers, and minors' names. *See* Admin. Order 2008-31, *Policy on Electronic Availability of Transcripts* (S.D. Fla. Sept. 30, 2008), at 4-5.

to designate the transcript confidential or seek *in camera* treatment of any portion of her testimony or exhibits used at the hearing. Courts consistently reject such *post hoc* attempts to seal judicial records, particularly where the requesting party knowingly allowed the proceeding to unfold publicly. *See In Spire, Inc. v. Cellular S., Inc.*, No. CV 17-00266-KD-N, 2017 WL 11512582, at *4 (S.D. Ala. Dec. 22, 2017) (reject a *post hoc* sealing request and holding that when no prior request to seal the proceeding was made, the transcript thereof is presumptively public and "no longer confidential").

Indeed, that the hearing was public was no mystery. Multiple individuals unaffiliated with the parties were present in the courtroom gallery, some of whom took contemporaneous notes and later published detailed summaries online. *See* fn. 1, *supra*. Plaintiff never objected to their presence. Having chosen to proceed publicly and without restriction, she cannot now recast the transcript as confidential simply because she regrets what was said on the record. *See Am. Motors*, 759 F.2d at 1571 (rejecting sealing attempt where the trial was "an open public proceeding" and the transcript already "part of the public record"); *Hepp*, 2015 WL 4072101, at *4 (rejecting post-trial sealing of exhibits introduced in open court and already disseminated publicly).

## IV.   **PLAINTIFF'S PUBLIC STATEMENTS UNDERMINE HER SEALING REQUEST.**

Even if Plaintiff could establish some limited privacy interest (she has not, and cannot), Plaintiff voluntarily forfeited that right by her own extensive public commentary on the lawsuit. As detailed in Bonnell's Opposition to Plaintiff's Motion for Protective Order [ECF No. 99 at 2-3], Plaintiff has repeatedly shared details of this case, including the same intimate facts she now seeks to suppress, on Substack, X (formerly Twitter), and other public platforms. *See, e.g.*, Bonnell Decl. [ECF No. No. 42-1] ¶¶ 23–27 & Exs. F, H–I [ECF Nos. 42-7, 42-9, 42-10]; Brettler Decl. [ECF No. 99-1] ¶¶ 3-6 & Exs. A-D [ECF Nos. 99-2 to 99-5].

Courts routinely deny sealing where the movant has already publicized the relevant material. In *Doe v. Roe*, No. 25-CV-249, 2025 WL 1431134, at *2 (M.D. Tenn. May 19, 2025), the court declined to seal filings reflecting "basic facts . . . already in the public domain," and emphasizing that "the interests in transparency and accountability are not outweighed by other factors." *Id.*; *Doe v. Rider Univ.*, No. CV 16-4882 (BRM), 2018 WL 3756950, at *8 (D.N.J. Aug. 7, 2018) (denying anonymity where plaintiff "willingly made statements to the press" and fairness required parties "to make their accusations publicly"); *Doe v. N.C. Cent. Univ.*, No. 98CV01095, 1999 WL 1939248, at *5 (M.D.N.C. Apr. 15, 1999) (finding it "unfair to Defendant to allow Plaintiff to make these charges publicly, through the media, while she hides 'behind a cloak of anonymity'"). Allowing Plaintiff to now seal the hearing transcript, after leveraging public sympathy and media coverage to field donations, recruit witnesses, and support her claims, would permit strategic gamesmanship that undermines the integrity of the judicial process.

Plaintiff's own conduct illustrates the point. She has repeatedly turned to social media platforms, including X, to broadcast inflammatory claims about Defendant, comment on the Court's rulings, and solicit both witnesses and financial support. For instance, she has publicly accused Bonnell of "twisting the narrative," has urged potential witnesses to come forward with the promise of anonymity, has publicly shared "court updates" celebrating the sealing of witness identities, and has repeatedly publicly solicited donations to her purported legal fund, stating that "every dollar counts" to "keep this case going." (Brettler Decl. [ECF No. 99-1] ¶¶ 3–6 & Exs. A-D [ECF Nos. 99-2 to 99-5].) On at least one occasion, Plaintiff posted Bonnell's legal filings on X, mischaracterized his legal arguments, and insisted that "Destiny is claiming his only issue was not having access to the redacted documents. This is extremely interesting . . . Destiny and his attorneys were told repeatedly that they would have access to the unredacted versions . . . giving

him access to the [witness's] names before the court could protect them would defeat the purpose of the seal." (*Id.* ¶ 6 & Ex. D.) These public-facing efforts, including Plaintiff's Substack and GiveSendGo crowdfunding campaigns, flatly contradict any claim that she is now entitled to a wholesale seal of courtroom proceedings.

## V.      15 U.S.C. § 6851 DOES NOT AUTHORIZE SEALING AND CANNOT OVERRIDE THE PRESUMPTION OF PUBLIC ACCESS.

Plaintiff's reliance on 15 U.S.C. § 6851 as a basis for blanket sealing of the hearing transcript is legally unfounded. The statute provides a private right of action for nonconsensual disclosure of intimate images. It does not contain any language authorizing courts to seal filings, transcripts, or other judicial records. Indeed, if Congress had intended § 6851 to authorize or require sealing, it would have so stated. *See, e.g.*, *T.K. v. K.N.*, No. 23 CV 5441 (ARR)(LB), 2024 WL 4796621, at *5 (E.D.N.Y. June 26, 2024) (rejecting joint motion to seal docket and explaining that § 6851 "only explicitly authorizes the preservation of plaintiff's anonymity"). Courts have routinely refused to read sealing powers into § 6851, particularly where doing so would infringe the public's constitutional and common-law rights of access. *See Doe v. Roe*, 2025 WL 1431134, at *2 (denying plaintiff's motion to file documents under seal under § 6851 and holding that "[t]he general public interest in open proceedings requires a heavy burden to overcome, and Plaintiff has not met that burden here," and "open litigation is the best way to ensure fair adjudication of the issues"). Plaintiff's argument would effectively turn § 6851 into a sweeping confidentiality statute that supersedes the First Amendment. That is not the law.

Nor does Plaintiff's "Jane Doe" status entitle her to sealing by default. Courts have made clear that pseudonym status does not confer a blanket right to confidentiality over all matters in the litigation. In *Doe v. Willis*, No. 23-CV-2171-REB-SBP, 2023 WL 6907100, at *2 (D. Colo. Sept. 22, 2023), the court rejected a similar request to prohibit any disclosure of identifying

information, holding that it "goes far beyond the authority which supports the availability of leave to proceed under a pseudonym and ventures instead into the realm of matters better addressed by a motion for protective order or injunctive relief." *Id.*

Finally, Plaintiff's Motion attempts to invoke the privacy interests of unnamed third-party witnesses without any evidentiary support. Those individuals have not sought protection from the Court, submitted declarations requesting privacy, or made any individualized showing of good cause. As courts have made clear, "Jane Doe" status does not operate as a blanket shield for any associated parties. *See Constand v. Cosby*, 229 F.R.D. 472, 479 (E.D. Pa. 2005) (rejecting request to cloak all "Jane Doe" witnesses in blanket anonymity where no individualized showing of harm was made and noting that "significant is the fact that the Jane Doe witnesses . . . have not requested a protective order in their own right"). Without such a showing, sealing based on speculative witness harm is both improper and contrary to law.

## VI.   <u>CONCLUSION</u>

For the foregoing reasons, Bonnell respectfully requests that the Court deny Plaintiff's Motion To Seal the June 3, 2025 Evidentiary Hearing Transcript in its entirety.

Dated: June 18, 2025

Respectfully submitted,

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580
Fax: (305) 374-7593

By: /s/ *Robert L. Raskopf*
Robert L. Raskopf, Esq.
Florida Bar No.: 1040022
rraskopf@bilzin.com
Patricia M. Patino, Esq.
Florida Bar No.: 1007702
ppatino@bilzin.com

and

**BERK BRETTLER LLP**
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel: (310) 278-2111

By: /s/ *Andrew B. Brettler*
Andrew B. Brettler, Esq.
California Bar No.: 262928
abrettler@berkbrettler.com
Jake A. Camara, Esq.
California Bar No.: 305780
jcamara@berkbrettler.com
(admitted *pro hac vice*)

*Counsel for Steven K. Bonnell I*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on June 18, 2025, a true and correct copy of the foregoing was served on all parties via transmission of Notices of Electronic Filing generated by CM/ECF and via electronic transmission to counsel of record for these parties.

By:     /s/ *Robert L. Raskopf*
                Attorney