UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Miami Division

**JANE DOE**,

    Plaintiff,

vs.

**STEVEN K. BONNELL II**,

    Defendant.

_____/

Case No:   1:25-cv-20757-JB/Torres

**PLAINTIFF JANE DOE'S REPLY IN SUPPORT OF MOTION TO FILE REDACTED EVIDENCE IN SUPPORT OF THE DECLARATION OF ABBYMC AND FOR LEAVE TO FILE UNDER SEAL**

COMES NOW Plaintiff Jane Doe, by and through undersigned counsel, and hereby submits her Reply in Support of her Motion to File Redacted Evidence in Support of the Declaration of Abbymc [ECF 49-2] and For Leave to File Under Seal ("Motion")(ECF 86), and respectfully states as follows:

**I. INTRODUCTION**

Defendant's attempt to strike the evidence corroborating the declaration of Abbymc reeks of desperation. See Defendant's Opposition to Plaintiff's Motion ("Opposition") (ECF 100). For months Defendant has been gloating on his platforms to his hundreds of thousands of followers that despite his heinous acts he will not be held accountable because he allegedly shared the Video prior to the effective date of CARDII. Indeed, to date Defendant's entire defense has hung its hat on this alleged lack of subject matter jurisdiction. But despite Defendant's harassing and threatening commentary intended to prevent witnesses from coming forward on Plaintiff's behalf (see ECF Nos. 82, 84, 98, 104), a brave witness did come forward and provided a declaration

1

evidencing that Defendant shared the Video with her after the effective date of CARDII, thereby defeating Defendant's only defense.[1]

Defendant's Opposition relies on false and misleading statements, a mischaracterization of the evidence, and inapplicable case law in its futile attempt to strike the corroborating evidence. <u>The very premise of the Opposition is false</u>: "The evidentiary hearing on Plaintiff's Motion already occurred. Now, on the eve of the Court issuing a ruling on her Motion, Plaintiff seeks to submit new and untimely evidence in support of her motion, depriving Bonnell of an opportunity to respond, or to challenge the declarant in open court." Opp. p. 1. See also, p. 5. The actual facts are that i) Abbymc's Declaration was submitted on May 2, 2025 in support of Plaintiff's Reply to Opposition to Motion for Preliminary Injunction [ECF 49-2]; ii) the Declaration specifically referenced and quoted a text chat thread in which Abbymc told her friend that she had just received a sexually explicit video of Plaintiff from Bonnell (id. at ¶ 7); iii) the evidence is *not* new, but rather is evidence corroborating Abbymc's Declaration in the form of a screenshot of the referenced and precisely quoted text chat thread; iv) the evidence was submitted *before* the June 3, 2025 preliminary injunction hearing; and v) Bonnell could have subpoenaed Abbymc to testify at the hearing, but he did not – thereby waiving any objection to her Declaration or the corroborating evidence. Defendant's Opposition should be denied as frivolous.

## II. <u>THE EVIDENCE AT ISSUE IS NOT NEW AND WAS TIMELY SUBMITTED</u>

Defendant mischaracterizes the corroborating evidence submitted as "new" and "untimely." In reality, the text message Plaintiff seeks to submit was explicitly referenced in Paragraph 7 of the Declaration of Abbymc (Dkt. 49-2), which was filed on May 3, 2025—well before the

---

[1] Even without the Abbymc testimony and evidence, however, there are strong legal grounds for finding subject matter jurisdiction under, *inter alia*, the on-going distribution doctrine. See ECF 94.

evidentiary hearing held on June 3, 2025. The evidence is therefore not a belated submission, but rather documentation corroborating a declaration already in the record.

Courts routinely allow such corroborative exhibits, especially where they support previously submitted declarations and relate directly to evidentiary matters under review. Unlike in *Butler v. Garland*, 2024 WL 5424418 (N.D. Ala. Nov. 4, 2024), Plaintiff is not attempting to reopen the evidentiary record or offer post-hearing supplemental declarations. Instead, Plaintiff merely filed corroborating material that reinforces previously submitted evidence already before the Court – all filed prior to the hearing. Defendant's reliance on *Butler* is misplaced since it has no relevance here where Abbymc's Declaration and corroborating evidence were submitted prior to the hearing.

Ironically, on May 30, 2025, Defendant objected to Abbymc's assertion in her Declaration that Defendant sent her the Video, because she "provided no support for this baseless contention and failed to attach any exhibits reflecting the alleged transmission of the Video." ECF 83, FN 1. See also ECF 66. In response, Plaintiff submitted the corroborating evidence of her text message.

Defendant further argues that because Plaintiff had "notice of a jurisdictional challenge," the evidence had to have been presented at the hearing "or else risk waiving the right to present such evidence." Opp. p. 5. This of course is nonsensical because the Court never said it would only consider evidence presented at the hearing – the briefs and supporting evidence submitted prior to the hearing are also part of the preliminary injunction record (see below for more). Also, neither of the cases relied on by Defendant for this proposition involved a hearing. *See Shepherdson v. Local Union No. 401*, 823 F. Supp. 1245, 1248 (E.D. Pa. 1993); *Koch v. United States*, 814 F. Supp. 1221, 1226 (M.D. Pa. 1993).

Thus, Defendant's contentions that the evidence is new and/or untimely is frivolous, and the evidence should not be stricken or disregarded.

### III. DEFENDANT'S EVIDENTIARY OBJECTIONS LACK MERIT

Defendant argues that the corroborating text message is inadmissible hearsay and unauthenticated. Opp. pp. 5-6. However, such evidentiary objections are premature and misapplied in this context. The Court may consider hearsay in preliminary injunction proceedings, particularly when it supports testimony already presented via declaration. Preliminary injunctions are "customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). All well-pleaded allegations in the moving party's complaint and uncontroverted affidavits filed in support of the preliminary injunction motion are taken as true. *See Elrod v. Burns*, 427 U.S. 347, 350 n.1 (1976). Furthermore, in reviewing a preliminary injunction motion, "a district court may rely on affidavits and hearsay materials which would not be admissible evidence for a permanent injunction, if the evidence is appropriate given the character and objectives of the injunctive proceeding." *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995) (internal citation and quotations omitted).

The exhibit is consistent with Abbymc's Declaration and includes metadata and contextual cues sufficient to support its probative value. The text message, dated November 3, 2023, directly corroborates paragraph 7 of the Declaration that Defendant transmitted a sexually explicit video of Plaintiff to her. Defendant's claim that this message lacks probative value is contradicted by his own recognition that it supports Plaintiff's jurisdictional arguments under the CARDII statute. Defendant has failed to present any valid reason for the Court to disregard or strike the Declaration or the corroborating evidence. Abbymc's Declaration and the corroborating text message are

4

properly before the Court for purposes of the preliminary injunction determination. *See, e.g., Id.; Defs. of Wildlife v. Boyles*, No. 2:22-cv-112-RMG, 2023 U.S. Dist. LEXIS 60416, at *4-6 (D.S.C. Apr. 4, 2023)(for purposes of the preliminary injunction hearing, the affidavit contains the indicia of reliability and is admissible).

### III. ABBYMC'S NON-TESTIMONY AT HEARING DOES NOT WARRANT EXCLUSION

Once again, Defendant is litigating in bad faith by deliberately distorting the facts. Defendant asserts that "Abbymc failed to appear to testify at the hearing" (Opp. p. 3), and that "Abbyc refused to appear or testify at the preliminary injunction hearing" (id. p. 4). But Defendant knows that neither he nor Plaintiff requested Abbymc to testify, and there is no evidence to support his spurious assertion that Abbymc "refused" or "failed" to appear.[2]

Plaintiff was under no obligation to call every declarant as a witness for the hearing. And the record is clear that Defendant did not seek to call Abbymc either. Defendant chose not to subpoena or depose Abbymc in advance, despite having notice of her identity and the substance of her Declaration a full month prior to the hearing. The Court's Order [ECF 76] scheduling the hearing did not state that all witnesses needed to testify in person or that the declarations and other evidence submitted would not be considered. Courts do not require personal testimony from every declarant where their written declaration and supporting evidence have been timely submitted. *See Levi Strauss & Co.*, 51 F.3d at 985 (although affidavits are ordinarily inadmissible at trials they are fully admissible in preliminary injunction proceedings).

---

[2] Defendant also deliberately attempts to mislead the Court by stating: "Plaintiff's counsel…refused to accept service of a subpoena on her behalf. Abbymc has thus far avoided personal service." Opp. p. 3, FN 1. Defendant did not provide any evidence in support of these spurious assertions, nor can he. This is because the referenced request was on May 15, 2025 for a subpoena to produce documents—**not** for Abbymc to testify at the hearing. Moreover, Plaintiff's counsel never refused to accept service – instead, less than 24 hours later and before counsel could respond, Defendant's counsel said he would proceed to serve Abbymc himself. Defendant has not provided any evidence of attempts to serve Abbymc, and there is certainly NO evidence that she is avoiding service.

## IV. DEFENDANT HAS WAIVED ANY OBJECTION BY FAILING TO SUBPOENA ABBYMC

Defendant's argument that he was denied the opportunity to cross-examine Abbymc is baseless. Defendant had over a month's notice of Abbymc's Declaration and its contents but failed to issue a subpoena, notice a deposition, or otherwise secure her attendance at the hearing. The corroborating evidence of the text message presented nothing not already in the Declaration, and thus does not change the fact that Defendant had a month's notice. Plaintiff was under no obligation to call every declarant, and Defendant's strategic choice not to compel Abbymc's testimony constitutes a waiver of any objection to the Court's consideration of her Declaration or the corroborating text message. Defendant did not object contemporaneously, nor did he move to strike the Declaration. His silence and inaction constitute waiver. A party cannot remain passive and then claim unfairness when the record closes.[3]

## V. CONCLUSION

The exhibit Plaintiff seeks to submit is not "new evidence," but is merely corroborative of a Declaration already before the Court, and in any event was timely submitted prior to the evidentiary hearing. Defendant's objections are procedurally and substantively without merit. For the above reasons, and those set forth in her Motion, Plaintiff respectfully requests that the Court grant her Motion to file the redacted version of the text message at Exhibit A and allow the unredacted version to be filed under seal.

---

[3] As a final matter, Plaintiff notes that Defendant has not objected to that portion of the Motion requesting that the unredacted version of the exhibit be filed under seal.

Respectfully submitted,

Dated: June 23, 2025.

| | |
|---|---|
| **JSP LAW, LLC** | **SANCHEZ-MEDINA GONZALEZ QUESADA LAGE GOMEZ & MACHADO, LLP** |
| Joan Schlump Peters | CARLOS A. GARCIA PEREZ / Fla Bar 106895 |
| (admitted *pro hac vice*) | GUSTAVO D. LAGE / Fla Bar 972551 |
| 838 Neapolitan Way, #91 | 201 Alhambra Circle, Suite 1205 |
| Naples, FL 34103 | Coral Gables, Florida, 33134 |
| Tel. 305-299-4759 | Tel. (305) 377-1000 |
| Email: petersjoan@bellsouth.net | Primary E-Mail: cgarciaperez@smgqlaw.com |
| Counsel for Plaintiff JANE DOE | Primary E-Mail: glage@smgqlaw.com |
| | Counsels for Plaintiff JANE DOE |

By:_____
        CARLOS A. GARCIA PEREZ

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 23, 2025 a true and correct copy of the foregoing was served on all parties via the CM/ECF filing portal to all counsel of record.

By: _____
      CARLOS A. GARCIA PEREZ
      Attorney for Plaintiff