UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Miami Division

**JANE DOE**,

    Plaintiff,

vs.

**STEVEN K. BONNELL II**,

    Defendant.

_____/

Case No:   1:25-cv-20757-JB/Torres

**PLAINTIFF JANE DOE'S REPLY IN SUPPORT OF MOTION TO HAVE JUNE 3RD, 2025 EVIDENTIARY HEARING TRANSCRIPT FILED UNDER SEAL**

COMES NOW Plaintiff Jane Doe, by and through undersigned counsel, and hereby submits her Reply in Support of her Motion to Have June 3rd, 2025 Evidentiary Hearing Transcript Filed Under Seal, and respectfully states as follows:

## I.    INTRODUCTION

Defendant's Opposition (ECF 101) distorts both the record and the applicable legal standards, and reveals that his only interest in opposing sealing is financial and performative, not rooted in any public right. Plaintiff does not seek to shield herself from embarrassment or scrutiny, as Defendant suggests. (*Id*. at 3). Rather, she seeks to protect deeply private, sexually explicit, and mental health-related testimony from being broadcast to over one million online followers by a political streamer who has a documented pattern of weaponizing public proceedings for harassment, monetization, and spectacle. Defendant has, throughout the case, used his platform to publicly attack Plaintiff, her counsel, and even third-party witnesses. See ECF Nos. 73, 82, 84, 98, 104, 105.  If the transcript is unsealed, it is all but certain that it will be publicly read, mocked, and

monetized online in ways that will inflict real and irreparable harm. Indeed, *Defendant has already explicitly stated that he will read the transcript out loud on his platform if it is unsealed*. [1]

Magistrate Judge Torres, who presided over the June 3rd hearing, and heard the testimony, readily granted Plaintiff's Motion to Seal the transcript. ECF 91. Defendant has provided no legitimate reason to unseal the transcript, nor is there any.

## II. PLAINTIFF'S PRIVACY INTERESTS OUTWEIGH THE PUBLIC INTEREST THUS THERE IS GOOD CAUSE FOR SEALING THE TRANSCRIPT

The common law right of access may be overcome by a showing of good cause, which requires "balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential." *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304 (11th Cir. 2001)(vacating lower court's order unsealing documents because it erred by applying the heightened standard of a "compelling interest,[2]" rather than merely good cause, to have documents sealed). The content of this transcript, combined with the Defendant's highly unusual use of his public platform, meets this standard easily. Courts are especially protective of sexual privacy and mental health testimony—two topics directly implicated in the transcript. Here, Plaintiff's claims

---

[1] https://www.youtube.com/watch?v=cLqgOumO0AE at minute 12:09. This hour and a half video is solely about the June 3rd Hearing. It was filmed on June 3rd and was posted on June 4, 2025 and to date has 353,981 views.
[2] The Defendant conflates the applicable standard and relies on inapposite precedent. The Opposition asserts that "heightened scrutiny" and a "compelling governmental interest" are necessary (Opp. p. 4), relying on *Globe Newspaper Co. v. Super. Ct.*, 457 U.S. 596, 606-07 (1982), but that was a criminal case, and the standard is not applicable to a civil case. Defendant also erroneously contends that records should not be sealed "absent extraordinary circumstances." Opp. p. 4. Defendant relies on *Doe v. Ga. Dep't of Corr.*, No. 24-11382, 2024 WL 5200055, at *3 (11th Cir. Dec. 23, 2024) for this contention, but *Doe* says no such thing. Moreover, *Doe* is distinguishable because it is "a case pertaining to conditions of prisoner confinement and it is undeniable that the public has a powerful interest in the non-identifying information involved in these proceedings." *Id.* at 10. There is no such powerful public interest in the private sexual and mental health information of Plaintiff.

are based on her right to privacy, and as the Defendant is well aware, the transcript at issue includes testimony about Plaintiff's private mental health history; details that could lead to her identity; intimate sexual communications shared in confidence; and testimony about sexually explicit content unrelated to the statutory liability issues.[3]

### ~*The subject matter of the transcript is traditionally considered private, not public.*

"In determining the weight to be accorded an assertion of a right of privacy, courts should first consider the degree to which the subject matter is traditionally considered private rather than public. Financial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public." *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)(reversing judgment releasing redacted version of sealed document, and ordering that it be resealed because it contained little meaningful information to the public and would subject the party to public harassment). "Foremost among the competing concerns that a court weighing disclosure must consider is 'the privacy interest of the person resisting disclosure.'" *Mirlis v. Greer*, 952 F.3d 51, 61 (2d Cir. 2020), *citing Amodeo*, 71 F.3d at 1050.

Courts consistently recognize that sexual and mental health information is considered private and not public, justifying sealing, especially when public disclosure would serve no legitimate function but instead expose the party to stigma and harassment. *See, e.g., In re Sealed Case*, 237 F.3d 657, 667 (D.C. Cir. 2001)(reversing denial of motion to seal where strong privacy

---

[3] For instance, there was testimony elicited from Plaintiff for the purpose of showing implied consent, but implied consent is not relevant to any of Plaintiff's claims. CARDII, 15 U.S.C. § 6851(a)(2), specifically requires that any consent be <u>explicit</u>: "The term "consent" means an affirmative, conscious, and voluntary authorization made by the individual free from force, fraud, misrepresentation, or coercion." It further provides that "the fact that the individual disclosed the intimate visual depiction to someone else shall not establish that the person consented to the further disclosure of the intimate visual depiction by the [defendant]." 15 U.S.C. § 6851 (b)(2)(B). That makes the related testimony not only private but legally irrelevant, and certainly not material enough to justify public disclosure.

3

interests outweigh presumption in favor of public access); *United States v. Kravetz*, 706 F.3d 47, 63–64 (1st Cir. 2013)( privacy interests may outweigh the public's right to know, particularly when mental health, sexual matters, or highly personal communications are at issue); *Prospero v. Prescott*, No. 2:20-cv-110, 2023 U.S. Dist. LEXIS 177207, at *2-5 (S.D. Ga. Oct. 2, 2023)(granting motion to permanently seal records, where "the public's limited interest in viewing Plaintiff's health records or having access to [the doctor's] deposition transcript is outweighed by Plaintiff's right to keep those matters private."). Here, the testimony in the transcript "does not concern public officials, nor does it affect public concerns," thus there is limited public interest in allowing public access to the transcript, *id*. at *3, whereas Plaintiff's interest in sealing the transcript and protecting her private sexual and mental health information is high.

~*The nature and degree of the injury weighs in favor of sealing.*

"The nature and degree of injury must also be weighed. This will entail consideration not only of the sensitivity of the information and the subject but *also of how the person seeking access intends to use the information*. Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts, and personal vendettas similarly need not be aided." *Amodeo*, 71 F.3d 1044, 1051 (emphasis supplied). Defendant purports to be opposing the sealing of the transcript out of concern for the common law right of public access, but it is transparently obvious that he wants the transcript to be public only to serve his own personal interests. It is beyond any doubt that if the transcript is unsealed, Defendant will publish it on his live streams and also read it out loud for the merriment of his hundreds of thousands of followers. (See Fn 1).

~*Defendant's motives and likely use mandate sealing the transcript.*

4

Defendant's motives in having the transcript unsealed must be considered when balancing Plaintiff's privacy interests against the interests of public access. Courts may deny public access to judicial documents, such as the transcript, to ensure that judicial records do not "*become a vehicle for improper purposes*." *Nixon v. Warner Communs., Inc.*, 4435 U.S. 589, 598 (1978)(emphasis supplied). Here, Defendant has already publicly stated that he intends to read the transcript out loud on his platforms (see FN 1), and there has been ample evidence presented to the Court of his hours long discussions of the details of this case on his online platforms, including threats, harassment, and ridicule of Plaintiff, witnesses and counsel. The *Nixon* Court expressed particular concern about protecting from purely prurient interest the display or disclosure of otherwise embarrassing private or familial information obtained through the courts. *See id.* at 601. It explained that "the common-law right of inspection," although undoubtedly powerful and never lightly subordinated, must give way where records are sought merely "to gratify private spite or promote public scandal through the publication of the painful and sometimes disgusting details" of cases. *Id.* at 598; *accord Amodeo*, 71 F.3d at 1051 ("Courts have long declined to allow public access simply to cater to a morbid craving for that which is sensational and impure.").

The *Mirlis* court reversed the lower court's decision to unseal a judicial document precisely because the lower court failed to consider the motives of the party seeking to have the document unsealed. 952 F.3d 51, 62-65. "[C]ourts *should* consider personal motives (including an applicant's desire to pursue an "individual vendetta") at the third, balancing step of the inquiry, in connection with any asserted privacy interests, "based on an anticipated injury as a result of disclosure." *Id.* at 62. This information is relevant particularly when an individual, and not the press, seeks public access to sensitive information. *Id*.

5

Here, Defendant is not a typical litigant. He is a professional online streamer whose income is largely derived from publicly discussing controversial topics—including this lawsuit. Since the outset of this case, Defendant has repeatedly posted about it on his streaming platforms, mocked Plaintiff and her legal team, and weaponized court filings for online content. Defendant has also publicly ridiculed Plaintiff's mental health, sexual history, and witnesses who supported her case. This is not speculative; his pattern of commentary is well documented and includes livestreams, tweets, and reposts designed to stir harassment by his audience. See ECF Nos. 73, 82, 84, 98, 104, 105. Indeed, Defendant's only plausible reason for opposing sealing is his interest in continuing to exploit the transcript for personal profit and performative harassment. For this reason, the transcript must remain sealed to prevent further and additional harm to Plaintiff.

### III. <u>PLAINTIFF DID NOT WAIVE HER RIGHT TO HAVE THE TRANSCRIPT SEALED</u>

Defendant contends, without any legal authority, that Plaintiff waived her right to have the transcript sealed because i) there were "members of the public present," and ii) Plaintiff did not request sealing until the day after the hearing.

First, Defendant grossly overstates the "public" nature of the hearing. Defendant **falsely** asserts that ""[m]ultiple individuals unaffiliated with the parties were present in the courtroom gallery, some of whom took contemporaneous notes, and later published detailed summaries online." Opp. p. 7. And again: "Members of the public attended the hearing, took notes, and later discussed the proceeding online and in various public forums discussed the proceeding online and in various public forums." Opp. p. 2. But in fact, <u>*only one individual sat in the gallery—an associate of Defendant*</u> with the screen name Zip. *No* press were present. The proceeding was only discussed online by the Defendant and Zip on Defendant's streaming platform (see link at FN 1). The video stream makes it clear that Zip was the one taking the notes at the hearing so that

6

Defendant could rely on them for his live stream. The article referenced in the Opposition (p. 2, FN 1) as support for Defendant's false statements was based solely on Defendant's video stream and included a link to a portion of the stream. The author of the article has acknowledged that he was NOT in the courtroom, and that "the reporting is based explicitly on the video clip that is also attached in the article from Destiny himself." https://kiwifarms.st/threads/steven-bonnell-ii-destiny-destiny-gg.29205/page-1669#post-21765482  In fact, the article was later amended to reflect this fact, and the original line was changed to read, "Destiny recently shared that he learned through court proceedings that…". Defendant's deliberate attempts to mislead the Court should be sanctioned.

Second, Plaintiff's failure to move contemporaneously for sealing does not waive her rights, particularly where the emotional distress from the hearing's content and the anticipated misuse became apparent only after the hearing concluded. (FN 1). Post-hearing sealing is routinely granted in similar situations involving sensitive sexual or mental health testimony, particularly where the threat of misuse or online harassment is credible and imminent. *See, e.g., Mirlis*, 952 F.3d 51 (post trial sealing of judicial document, a video deposition, that was played for several hours during a public trial, where party opposing sealing motivated by ill will and intended to publish the video online). The *Mirlis* court found that the lower court erred by discounting the privacy interests of the person seeking sealing. The lower court's reasons, that i) the person's testimony had already been made publicly available, and ii) the person failed to request that the deposition be sealed at the time he sat for it, were specifically rejected by the appellate court. *Id*. at 65-67. Similarly, here the Court should reject the Defendant's baseless arguments.

### IV.   PLAINTIFF'S LIMITED PUBLIC STATEMENTS IN NO WAY UNDERMINE HER REQUEST

Defendant's reliance on Plaintiff's limited public advocacy (e.g., posts seeking legal funding) is a red herring. Discussing her case in broad, general terms does not waive her right to protect explicit details about her sexuality or mental health from being dissected in a monetized online video. Further, Plaintiff's modest online fundraising activity does not equate to "publicizing" her private testimony. The hypocrisy of Defendant's argument is glaring. Defendant, by contrast, is a professional content creator earning revenue by sensationalizing this case. He has mocked and doxxed Plaintiff's supporters and witnesses, ensuring that public disclosure of the transcript would lead to further harassment and harm. Indeed, right after the hearing concluded, Defendant was streaming on his platform and mocking the Plaintiff for having cried while she was testifying (see link at FN 1). In his chat thread on his personal platform, Defendant wrote to his followers that Plaintiff "had a big breakdown and started crying halfway through, we had to take a 10 min break. LOOOOOOOOOOL."[4] He also writes; "I'm gonna be honest I got really uncomfortable when she was on the stand and started getting upset because it started to look like I had hooked up with someone mentally ill." This disparaging comment is followed by a laughing emoji.[5] Defendant has provided no evidence of any similar publishing by Plaintiff, or of any similar pattern of conduct of using court documents to publicly harass and humiliate Defendant and his witnesses. Nor can he provide such evidence because only Defendant, and not Plaintiff, has engaged in such conduct. See ECF Nos. 73, 82, 84, 98, 104, 105.

---

[4]
> Destinygg  2025-06-03 | 23:54:59 (GMT+1)  **destiny:** Locknoxx she had a big breakdown and started crying halfway through, we had to take a 10 min break
> Destinygg  2025-06-03 | 23:54:31 (GMT+1)  **destiny:** LOOOOOOOOOOL

[5]
06:13  Destiny : TenkaMuso im gonna be honest i got really uncomfortable when she was giving testimony on the stand and started getting upset because it started to look like i had hooked up with someone mentally ill

06:13  Destiny

Accordingly, Plaintiff urges the Court to maintain the transcript under seal. Alternatively, in the event that the Court determines Plaintiff has not demonstrated good cause to have the entire transcript sealed, Plaintiff requests that she be allowed to designate portions of the transcript as confidential, and that the transcript only be unsealed in redacted form.

## V. CONCLUSION

Plaintiff respectfully requests that the Court reject Defendant's opposition and grant the Motion to Seal the June 3, 2025 hearing transcript. The public interest in having the testimony involving Plaintiff's sexual and mental health information, and identifying data be public is very low, and Plaintiff's interest in keeping this information private is very high. Unsealing the transcript would not serve judicial transparency—it would serve harassment, public humiliation, and online profiteering.

Respectfully submitted,

Dated: June 26, 2025.

| | |
|---|---|
| **JSP LAW, LLC**<br>Joan Schlump Peters<br>(admitted *pro hac vice*)<br>838 Neapolitan Way, #91<br>Naples, FL 34103<br>Tel. 305-299-4759<br>Email: petersjoan@bellsouth.net<br>Counsel for Plaintiff JANE DOE | **SANCHEZ-MEDINA GONZALEZ QUESADA LAGE GOMEZ & MACHADO, LLP**<br>CARLOS A. GARCIA PEREZ / Fla Bar 106895<br>GUSTAVO D. LAGE / Fla Bar 972551<br>201 Alhambra Circle, Suite 1205<br>Coral Gables, Florida, 33134<br>Tel. (305) 377-1000<br>Primary E-Mail: cgarciaperez@smgqlaw.com<br>Primary E-Mail: glage@smgqlaw.com<br>Counsels for Plaintiff JANE DOE<br><br>By:_____<br>CARLOS A. GARCIA PEREZ |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 26, 2025 a true and correct copy of the foregoing was served on all parties via the CM/ECF filing portal to all counsel of record.

By: _____
     CARLOS A. GARCIA PEREZ
     Attorney for Plaintiff