UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Miami Division

**JANE DOE**,

    Plaintiff,

vs.

**STEVEN K. BONNELL II**,

    Defendant.

_____/

Case No: 1:25-cv-20757-JB/Torres

**PLAINTIFF JANE DOE'S MOTION FOR LEAVE
TO FILE AMENDED COMPLAINT**

COMES NOW Plaintiff Jane Doe, by and through undersigned counsel, and hereby moves to amend her Complaint pursuant to Fed. R. Civ. P. 15(a)(2) and 28 U.S.C. § 1653, and respectfully states as follows:

### I.    INTRODUCTION

Plaintiff filed her Complaint on February 18, 2025. [ECF 1]. Defendant has contested whether Plaintiff has established subject matter jurisdiction. [ECF 42]. Plaintiff now seeks leave to amend her Complaint pursuant to Fed. R. Civ. P. 15(a)(2) and 28 U.S.C. § 1653 in order to expand upon her jurisdictional allegations and cure any purported deficiency. Specifically, Plaintiff seeks to add allegations in further support of federal question jurisdiction for her claim under CARDII, 15 U.S.C. §6851. Plaintiff's proposed Amended Complaint is attached hereto as Exhibit A.

## II. LEAVE TO FILE AN AMENDED COMPLAINT SHOULD BE GRANTED UNDER THE APPLICABLE LEGAL STANDARD

Rule 15(a)(2) provides that a plaintiff may amend its complaint "once as a matter of course" within twenty-one days of serving the complaint or within twenty-one days of service of a responsive pleading or motion under Federal Rules of Civil Procedure 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). In all other cases, a plaintiff "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). *"The court should freely give leave when justice so requires."* *Id.* (emphasis supplied). Absent a "specific, significant reason for denial . . . such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party . . . [or] futility of amendment," leave to amend pleadings "should, as the rules require, *be freely given.*" *Spanish Broad. Sys. of Fla., Inc. v. Clear Channel Commc'ns, Inc.*, 376 F.3d 1065, 1077 (11th Cir. 2004) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)(emphasis supplied)). Given Rule 15's liberal amendment standard, "district courts should generally exercise their discretion in favor of allowing amendments to reach the merits of a dispute." *Pinnacle Adver. & Mktg. Grp. Inc. v. Pinnacle Adver. & Mktg. Grp., LLC*, 7 F.4th 989, 1000 (11th Cir. 2021)(citation omitted).

Additionally, 28 U.S.C.A. § 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C.A. § 1653. The Eleventh Circuit has held that "a defective allegation of jurisdiction ... can be corrected at any time pursuant to 28 U.S.C. § 1653." *Brandenburg v. Bd. of Regents of Univ. Sys. of Georgia*, 518 F. App'x 628, 631 (11th Cir. 2013). Thus, "leave to amend should be freely granted when necessary to cure a failure

to allege jurisdiction properly." *Majd-Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 903 n.1 (11th Cir. 1984).

Here, the record does not indicate the presence of any countervailing factors. There has been no undue delay because discovery has barely even commenced.[1] Moreover, the Court's case management order [ECF 23] set today as the deadline for filing a motion to amend the complaint, thus this motion is timely. There is also no evidence of bad faith, dilatory motive or a repeated failure to cure deficiencies on the part of the Plaintiff. There can be no prejudice to Defendant because i) this motion is timely; ii) Defendant has contested subject matter jurisdiction [ECF 42]; and iii) the proposed amended allegations have been previously alleged by Plaintiff in various filings, and thus the Defendant has been well aware of these allegations and has responded to them. [See ECF Nos. 45, 49-2, 86-1, 92]. *See Mobile Nursing Operations, LLC v. Kopelowitz*, No. 1:22-00263-KD-B, 2023 U.S. Dist. LEXIS 73365, at *5-6 (S.D. Ala. Apr. 27, 2023)(granting motion for leave to amend complaint to "more fully allege … subject matter jurisdiction" and finding no prejudice to defendant where the motion was filed prior to the court's case management deadline to file motions to amend the pleadings). Finally, as will be further detailed below, the proposed amendment serves to more fully allege subject matter jurisdiction and thus is not futile. *Id*. Accordingly, leave to file the proposed Amended Complaint should be granted.

### III. THE PROPOSED AMENDMENTS ARE NOT FUTILE

Defendant contends that Plaintiff lacks subject matter jurisdiction because the disclosure of the Video to Rose purportedly took place in April 2022, not October 2022, and thus preceded the October 1, 2022 effective date of the CARDII statute. [ECF 42, at pp. 13-15]. Despite

---

[1] The parties have only exchanged written discovery requests. The parties then agreed to freeze discovery pending the Court's ruling on Plaintiff's Motion for a Protective Order Governing Discovery [ECF 82].

Defendant's lack of corroborating evidence for this contention, in an abundance of caution, Plaintiff seeks leave to amend the Complaint to provide allegations that show that i) even if the disclosure to Rose took place prior to October 1, 2022, Bonnell uploaded the Video to his Google drive and that link was shared and thus publicly accessible, thereby constituting continuous disclosure after the October 1 effective date; and ii) Bonnell also shared the Video sometime after March 2023 to Abbymc via a link to his Google drive. These additional allegations provide further support for Plaintiff's claim of subject matter jurisdiction under CARDII, and provide the death knell to Defendant's contention that there is a lack of subject matter jurisdiction.

The new allegations regarding ongoing accessibility are included in paragraphs 13, 17 and 45 of the proposed Amended Complaint (Exh. A). These new allegations are supported by Defendant's admission that his *modus operandi* was to "just throw stuff," including his sexually explicit videos, "into Google drive and link from there." [ECF 42-2]. Also, Solotinyleaks, the individual who further distributed the Video on Kiwi Farms on November 29, 2024, publicly acknowledged that he obtained the videos that he distributed from links to Defendant's Google drive. See Exh. A, ¶ 17. And the fact that he was able to obtain them confirms that the links were continuously accessible after the initial share date. Google offers several privacy settings for shared links, allowing the owner to control who can access a file and what they can do with it. The privacy setting options include i) restricted; ii) anyone with the link; or iii) anyone in your organization. Bonnell chose the least restrictive privacy setting for his Google drive links: anyone with the link. This setting makes the sensitive material accessible indefinitely to any third party possessing that link. This on-going accessibility functionally equates to publicly posting explicit content online. Anyone with the link can view it—no Google account or sign-in is required, and it can be shared with anyone else. See Exh. A, ¶ 13.

CARDII defines "disclose" as "to transfer, publish, distribute, or make accessible." 15 U.S.C. § 6851(a)(4). This is "a broad definition". *Doe v. McCoy*, No. 1:23-cv-3169-MLB, 2024 U.S. Dist. LEXIS 33901, at *6 (N.D. Ga. Feb. 28, 2024). Although CARDII is a relatively new statute and there is little case law interpreting it, at least one court has upheld a continuous disclosure argument. *See Doe v. Unknown Party*, No. CV-24-00252-PHX-DLR, 2024 U.S. Dist. LEXIS 21835, at *5 n.3 (D. Ariz. Feb. 7, 2024). The *Doe* court found that, although the initial disclosure of certain videos was done prior to the effective date of CARDII, there is "a colorable argument that [defendant] continued to 'disclose' the recordings after the statute's effective date because he allegedly continued to make these videos accessible on the internet until [after the effective date]." Similarly here, where Defendant shared the Video via links to his Google drive, with the lowest privacy setting possible, he continued to disclose the Video after the statute's effective date. In fact these links were active and accessible up and through January 2025 when Defendant apparently removed them. [See ECF 49-4].

Moreover, Bonnell also disclosed the Video to Abbymc sometime after he met her in March 2023, thereby conclusively establishing jurisdiction under CARDII. (See Exh. A, ¶¶ 14 -16, 31, 33). (See also ECF 49-2). Plaintiff submitted to the Court corroborating evidence in the form of a text message dated November 3, 2023 from Abbymc to a friend of Abbymc's. [ECF 86-1]. In the message Abbymc tells her friend that Defendant shared a video with her and that she recognized the plaintiff (Pxie) in it. Note that this November 3, 2023 text message was sent over a full year before the Video was published on Kiwi Farms on November 29, 2024.

Thus, the proposed amended allegations serve to further bolster Plaintiff's jurisdictional allegations under CARDII and are not futile. Accordingly, pursuant to 28 U.S.C. §1653 and the

liberal amendment standard under Rule 15, Plaintiff should be granted leave to file the proposed Amended Complaint.

**WHEREFORE**, for all of the above reasons, and pursuant to Rule 15(a)(2) and 28 U.S.C. § 1653, Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Leave to File Amended Complaint and accept the proposed Amended Complaint tendered herewith as Exhibit A.

### LOCAL RULE 7.1 CERTIFICATE OF CONFERRAL

WE HEREBY CERTIFY that, pursuant to Local Rule 7.1(a)(2), the undersigned counsel conferred via email with counsel for Defendant in a good-faith effort to resolve the issues raised in this motion and have been unable to do so.

Dated: July 7, 2025.

Respectfully submitted,

| | |
|---|---|
| **JSP LAW, LLC** | **SANCHEZ-MEDINA GONZALEZ QUESADA LAGE GOMEZ & MACHADO, LLP** |
| Joan Schlump Peters | CARLOS A. GARCIA PEREZ / Fla Bar 106895 |
| (admitted *pro hac vice*) | GUSTAVO D. LAGE / Fla Bar 972551 |
| 838 Neapolitan Way, #91 | 201 Alhambra Circle, Suite 1205 |
| Naples, FL 34103 | Coral Gables, Florida, 33134 |
| Tel. 305-299-4759 | Tel. (305) 377-1000 |
| Email: petersjoan@bellsouth.net | Primary E-Mail: cgarciaperez@smgqlaw.com |
| Counsel for Plaintiff JANE DOE | Primary E-Mail: glage@smgqlaw.com |
| | Counsels for Plaintiff JANE DOE |

By:_____
      CARLOS A. GARCIA PEREZ

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 7, 2025 a true and correct copy of the foregoing was served on all parties via the CM/ECF filing portal to all counsel of record.

By: _____
CARLOS A. GARCIA PEREZ
Attorney for Plaintiff