## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### Case No.: 1:25-cv-20757-JB/Torres

JANE DOE,

   Plaintiff,

v.

STEVEN K. BONNELL II,

   Defendant.

_____/

### DEFENDANT STEVEN K. BONNELL'S OPPOSITION
### TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

**BILZIN SUMBERG BAENA
PRICE & AXELROD LLP**
ROBERT L. RASKOPF
Florida Bar No.: 1040022
PATRICIA M. PATINO
Florida Bar No.: 1007702
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580
Fax: (305) 374-7593
Email: rraskopf@bilzin.com; ppatino@bilzin.com

-and-

**BERK BRETTLER LLP**
ANDREW B. BRETTLER
California Bar No.: 262928
JAKE A. CAMARA
California Bar No.: 305780
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel: (310) 278-2111
Email: abrettler@berkbrettler.com;
jcamara@berkbrettler.com
(admitted *pro hac vice*

I.      **INTRODUCTION**

This Court lacks subject matter jurisdiction over this dispute and should dismiss the Complaint, accordingly.   Yet, despite having already burdened the Court with *five pending motions*, Plaintiff now has filed a sixth motion, this time seeking leave to amend her Complaint, which on its face, fails to adequately plead subject matter jurisdiction.   Conceding this failure, Plaintiff seeks leave to amend the Complaint purportedly to "expand upon" the defective jurisdictional allegations therein.   (Mot.  for Leave To Amend [Dkt.  No.  107] 1.) However, Plaintiff's proposed amendments do nothing to cure the fatal jurisdictional defect.   Indeed, any amendment would be futile.   In the five months since filing her lawsuit, Plaintiff has had multiple opportunities, including at the June 3, 2025 hearing on her Motion for a Preliminary Injunction, to demonstrate, through admissible evidence, that defendant Bonnell transmitted the Video at issue to a third party after the effective date of the CARDII statute.   Plaintiff has failed to do so.

In fact, the admissible evidence in the record demonstrates just the opposite:   Bonnell transmitted the Video on just one occasion—April 10, 2022—nearly six months before CARDII's effective date, thereby removing any purported basis for federal question jurisdiction over Plaintiff's claims.   Further, Bonnell did not publish the Video to the Internet, nor did he distribute the Video via a Google Drive link or otherwise to anyone at any time *after* April 10, 2022.   Nothing in Plaintiff's proposed amended pleading changes those facts.   Because the proposed amended complaint would not survive a Rule 12 motion, Plaintiff's Motion for Leave To Amend should be denied.

## II.    <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 15(a) provides that courts "should freely give leave [to amend] when justice so requires."  However, a proposed amendment is properly denied as futile when "the complaint as amended would necessarily fail." *St. Charles Foods, Inc. v. Am.'s Fav. Chicken Co.*, 198 F.3d 815, 822-23 (11th Cir. 1999).  The futility inquiry is equivalent to the standard governing motions to dismiss under Rule 12.  *See id.* (futility is a "legal conclusion" that the amended complaint could not survive dismissal); *Amick v. BM & KM, Inc.*, 275 F. Supp. 2d 1378, 1381 (N.D. Ga. 2003) ("In the Eleventh Circuit, a proposed amendment is futile when the allegations of the proffered complaint would be unable to withstand a motion to dismiss" (citations omitted)); *Fla. Power & Light Co. v. Allis Chalmers Corp.*, 85 F.3d 1514, 1520 (11th Cir. 1996) (same).  If a proposed amendment fails to state a plausible claim under Rule 12, it is legally futile and must be denied.  *See Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) (futility found where amended complaint "is still subject to dismissal"); *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004) (same); *see also Mason v. McPhillips, Shinbaum & Gill*, 454 F. App'x 758, 760 (11th Cir. 2011) (affirming denial of leave to amend based on futility).

Critically, courts routinely deny leave to amend where the alleged conduct cannot plausibly have occurred *after* the effective date of the applicable statute.  *See K.T. v. Place for Rover*, No. 23-02859, 2024 WL 1356221, at *3, *5 (E.D. Pa. Mar. 29, 2024) (denying leave to amend a CARDII claim where the plaintiff could not plausibly allege that the conduct predated CARDII's effective date); *Denmon v. Runyon*, 151 F.R.D. 404, 406 (D. Kan. 1993) (denying leave to amend on grounds that alleged conduct predated effect date of the Civil Rights Act of 1991); *Norton v. Tallahassee Mem'l Hosp.*, No. TCA 76-163, 1979 WL 15426, at *1 (N.D. Fla. Mar. 5, 1979) (same result in a case alleging pre-effective date Title VII violations).

III.    **THE COURT LACKS SUBJECT MATTER JURISDICTION.**

As a threshold matter, the case should be dismissed for lack of subject matter jurisdiction. Count I of the Complaint, for violation of 15 U.S.C. § 6851 ("CARDII"), is the sole basis for federal question jurisdiction, yet that claim is fatally flawed because the alleged violation preceded the effective date of the statute by nearly six months. Critically, CARDII took effect on October 1, 2022. *Id.* CARDII provides remedies for conduct occurring only *as of* the effective date of the statute. A court must not "give retroactive effect to statutes burdening private rights unless Congress had made clear its intent." *Landgraf v. USI Film Prods.*, 511 U.S. 244, 270 (1994). No such legislative intent for retroactive application exists here.

Indeed, a federal district court has held that CARDII cannot be applied retroactively. K.T, 2024 WL 1356221, at *5. In K.T., the plaintiff sought to amend her complaint to add a claim under CARDII for conduct allegedly occurring in March and April 2022. *Id.* at *3. In opposition, defendant asserted that CARDII did not go into effect until October 2022, and that because the newly alleged conduct occurred prior to that date, plaintiff's CARDII claim cannot lie as a matter of law. *Id.* The court applied the holding in *Landgraf* and denied plaintiff's motion for leave to amend, expressly holding, "Since there is no clear Congressional intent to apply the statute retroactively, this leads the Court to conclude that § 6851 should not be given retroactive application." *Id.* at *5.

Here, the evidentiary record and the testimony at the preliminary injunction hearing demonstrates that Bonnell transmitted the Video on just one occasion—April 10, 2022—nearly six months *before* CARDII's effective date. (*See, e.g.*, Bonnell Decl. [Dkt. 42-1] ¶ 9; *id.* Ex. C [Dkt 42-4].) Plaintiff has produced no admissible evidence to demonstrate otherwise. And because Congress did not expressly intend for courts to apply the CARDII statute retroactively, this Court lacks subject matter jurisdiction over the action. Until the Court rules on this threshold

issue Plaintiff's six pending motion, including her Motion for Leave To Amend, are premature and improper.[1]

## IV.   PLAINTIFF'S PROPOSED AMENDMENT IS FUTILE.

### A.   Plaintiff's Proposed Amended Allegations Regarding Abbymc Fail To Establish Subject Matter Jurisdiction and Contradict Abbymc's Prior Sworn Statement.

To establish subject matter jurisdiction where none exists, Plaintiff seeks to add allegations to her Complaint claiming that Bonnell supposedly transmitted the Video to Abbymc after the effective date of the CARDII statute.  The evidence in the record demonstrates otherwise, and that Abbymc failed to testify at the June 3, 2025 hearing before the magistrate judge calls this contention into question and further shows that amendment would be futile.

Federal courts have indicated that where a plaintiff has notice of a jurisdictional challenge, plaintiff should present its evidence at a hearing where the issue is to be addressed *or else risk waiving the right to present such evidence.  See Shepherdson v. Local Union No. 401*, 823 F. Supp. 1245, 1248 (E.D. Pa. 1993) (emphasis added) (stating that plaintiff's opportunity to present facts supporting claim of jurisdiction "should occur after subject matter jurisdiction is challenged"); *Koch v. United States*, 814 F. Supp. 1221, 1226 (M.D. Pa. 1993) (holding that dismissal for lack of jurisdiction is appropriate "if the record establishes that plaintiff had an opportunity to present facts . . . after the jurisdictional challenge arose and either exercised or waived that opportunity").

---

[1] Plaintiff's pending motions include: a motion for preliminary injunction [Dkt. No. 21]; motions to file several declarations under seal [Dkt. Nos. 48, 85], a motion to impose a gag order against Bonnell [Dkt. No 84], a motion to file new and redacted exhibits to the declaration of Plaintiff's primary witness, "Abbymc" [Dkt. 86], and a motion to seal the entire transcript of the public hearing on June 3, 2025 [Dkt No. 88].

Here, Plaintiff has had multiple opportunities to demonstrate, through admissible evidence, that Bonnell transmitted the Video *after* the effective date of the CARDII statute. She has repeatedly failed to do so. Plaintiff was on notice of Bonnell's jurisdictional challenge since Bonnell filed his Answer and Affirmative Defenses on March 14, 2025 [Dkt. No. 17] and his Opposition to Plaintiff's Motion for Preliminary Injunction on April 25, 2025 [Dkt. No. 42]. Plaintiff failed to submit any evidence of post-CARDII transmission with her Reply Brief in support of her Motion for Preliminary Injunction [*see* Dkt. No. 45], or have her star witness, Abbymc, testify at the June 3, 2025 evidentiary hearing, where Bonnell's counsel would have the opportunity to cross examine her and test the contentions in her declaration [Dkt. No. 49-2].[2] Plaintiff did neither. No documentary evidence of Bonnell transmitting the Video after the effective date was included with Plaintiff's reply papers, and Abbymc failed to appear at the evidentiary hearing. During Bonnell's cross-examination of Plaintiff at that June 3 hearing, Plaintiff acknowledged that she did not possess any documentary evidence of post-CARDII transmission of the Video, apart from Abbymc's uncorroborated—and still untested—declaration. Despite having every opportunity to do so, Plaintiff has submitted no admissible evidence to demonstrate that Bonnell transmitted the Video to Abbymc at all, let alone after the effective date of the statute.[3]

---

[2] Bonnell asserted objections to specific paragraphs in Abbymc's declaration on hearsay grounds, among others. (Def.'s Evid. Obj. [Dkt. No. 66] ¶¶ 27-31.) Bonnell also issued a subpoena to Abbymc. Notwithstanding that they claim to represent Abbymc, Plaintiff's counsel refused to accept service of the subpoena on behalf of Abbymc or provide current contact information for her. Bonnell has made multiple attempts to personally serve Abbymc with the subpoena, but to date, has not been able to effect service

Further, the proposed new allegations contradict Abbymc's prior sworn statement.   In support of her Motion for Preliminary Injunction, Plaintiff submitted a declaration from Abbymc, wherein Abbymc swore, unequivocally, that Bonnell transmitted the Video to her on November 3, 2023.  (Abbymc Decl. [Dkt. No. 49-2] ¶ 6.)  However, instead of providing evidence of the alleged transmission, *e.g.*, a screenshot of message in which Bonnell supposedly sent the Video, Plaintiff belatedly submitted a screenshot of a text message presumably from Abbymc to an unidentified third party in which Abbymc claims to have received the Video from Bonnell on an unspecified date.  [Dkt. No. 86-1.] Instead of demonstrating that the Video was transmitted on November 3, 2023, as Abbymc originally attested, the proposed amended complaint instead seeks to allege that Bonnell sent the Video to Abbymc "sometime" before November 3, 2023.  [Dkt. No. 107-1] ¶ 15). Plaintiff cannot have it both ways.

> **B.**      **The Proposed Allegations of Ongoing and Public Dissemination Via Google Drive Fail as a Matter of Law.**

In another attempt to skirt the effective date of the CARDII statute, Plaintiff's proposed amendment asserts that Bonnell transmitted the Video to Rose in April 2022 via a Google Drive link, and that the use of Google Drive constitutes a "continuous" and "public" disclosure of the Video, thereby establishing subject matter jurisdiction.  Specifically, Plaintiff seeks to allege that because "anyone with the link" could access the Video without a password, the Video is therefore "accessible indefinitely to any third party" and "equates to publicly posting explicit content

---

[3]Instead, Plaintiff requested permission to file a screenshot of a text message presumably from Abbymc to an unknown person on November 3, 2023, in which Abbymc claims that she received the Video from Bonnell on some unspecified date and time, but presumably after the CARDII statute went into effect. (Pl.'s Mot. To File Under Seal [Dkt. No. 86] ¶ 2.) Notably, this purported evidence has not been accepted by the Court, and, despite repeated requests, Bonnell *still* has not been provided with an unredacted version of the purported evidence.

online."  (Mot. for Leave To Amend [Dkt. No. 107] 4; Proposed Am. Compl. [Dkt. No. 107-1] ¶ 16.)

As an initial matter, there is no evidence that Bonnell transmitted the Video to Rose, or anyone else, via Google Drive.  In fact, the screenshot of the transmission shows that Bonnell sent the Video to Rose via a private Discord chat on April 10, 2022.  (Bonnell Decl. [Dkt. 42-1] ¶ 9; *id.* Ex. C [Dkt 42-4].) But even if Bonnell had transmitted the Video via Google Drive, courts have rejected Plaintiff's "continuous transmission" argument in similar cases.  In *Wray v. Greenburg*, 646 F. Supp. 3d 1084, 1115 (D. Ariz. 2022), the district court considered whether private material transmitted via a Google Drive link to a third party could constitute an ongoing transmission of such material to the public.  As here, the plaintiffs in Wray argued that the Goggle Drive was configured "so that it was viewable by anyone with a link" and did not require a password.  *Id.* at 1114.  In rejecting plaintiffs' assertion, the court held that "even assuming the link was public and thus theoretically accessible to anyone, there are no facts that suggest the link was in fact widely disseminated or placed in a location where anyone could access it . . . .  Emailing a public link to a shared drive to a single person is unlike publicizing information in a regional magazine or newspaper."  *Id.* at 115.

Similarly, in the parallel case, *Greenburg v. Wray*, No. CV-22-00122-PHX-DLR, 2022 WL 2176499, *1 (D. Ariz. 2022), the court expanded on its reasoning as applied to a violation of the federal computer fraud statute, 18 U.S.C. 1030(g).  There, the court rejected the assertion that materials sent via Google Drive can be considered a continuous distribution to the public:

> Plaintiff acknowledges that the portion of the Google Drive . . . was not password protected; Plaintiff had inadvertently enabled the setting that allowed anyone with the URL to access the site.  But, Plaintiff alleges that this setting did not per se render the Google Drive public, given that the URL was a string of 68 characters. What's more, the Google Drive was not indexed by any search engines . . . . Therefore, it wasn't just "anyone with a browser" who could stumble upon the

> Google Drive on a web search—the internet denizen wishing to access the Google
> Drive needed to obtain the exact URL into the browser. By the Court's eye,
> Plaintiff alleges that the Google Drive had limitations and thus persons attempting
> to access it needed authorization.

*Id.* at *2.

Here, even if Bonnell's transmission of the Video to Rose occurred via a Google Drive link, such conduct cannot constitute a continuous transmission to the public as a matter of law. Plaintiff has presented no legal authority to the contrary. Plaintiff's reliance on *Doe v. McCoy*, No. 23-CV-3169-MLB, 2024 WL 843908 (N.D. Ga. Feb. 28, 2024) and *Doe v. Unknown Party*, No. CV-24-00252-PHX-DLR, 2024 WL 492231 (D. Ariz. Feb. 7, 2024), is of no consequence. In *Unknown Party*, the defendant uploaded intimate recordings to the open Internet—not to an unlisted, privately shared file folder such as a Google Drive. The court explicitly emphasized that the disclosure was made widely via an Internet publication, not merely selective disclosure via a URL. *Unknown Party*, 2024 WL 492231, at *2. *McCoy* has nothing at all to do with the facts here. In *McCoy*, the court found there was "disclosure" after a video was displayed on a phone screen in a crowded public restaurant, exposing it to a real-time audience. 2024 WL 843908, at *3. Assuming Bonnell even sent the Video via a Google Drive link, neither case supports the proposition that sending a non-indexed, private URL to a single person—without publishing the URL to the Internet or to a general audience—constitutes a continuous disclosure under § 6851. Therefore, Plaintiff's proposed amendment is futile, as it fails to cure the fatal defect of lack of subject matter jurisdiction.

## V.   <u>CONCLUSION</u>

For the reasons stated herein, Bonnell respectfully requests that the Court deny Plaintiff's

Motion for Leave To Amend the Complaint.

Dated:  July 21, 2025:                                    Respectfully submitted,

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Tel.:  (305) 374-7580
Fax:  (305) 374-7593

*/s/ Robert L.  Raskopf*
Robert L.  Raskopf, Esq.
Florida Bar No.:  1040022
rraskopf@bilzin.com
Patricia M. Patino, Esq.
Florida Bar No.:  1007702
ppatino@bilzin.com

*and*

**BERK BRETTLER LLP**
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel:  (310) 278-2111

*/s/ Andrew B. Brettler*
Andrew B. Brettler, Esq.
California Bar No.:  262928
abrettler@berkbrettler.com
Jake A. Camara, Esq.
California Bar No.:  305780
jcamara@berkbrettler.com
(admitted pro hac vice)

*Counsel for Steven K. Bonnell II*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on July 21, 2025, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record, including those listed in the below Service List, via transmission of Notices of Electronic Filing generated by CM/ECF.

Dated:  July 21, 2025

*/s/ Robert L. Raskopf*
Attorney

## <u>SERVICE LIST</u>

Carlos A. Garcia Perez, Esq.
Sanchez-Medina, Gonzalez, Quesada,
Lage, Gomez & Machado, LLP
201 Alhambra Circle, Suite 1205
Coral Gables, Florida, 33134
Email:  cgarciaperez@smgqlaw.com

Joan Schlump Peters, Esq.
JSP LAW, LLC
4819 W.  Blvd. Ct.
Naples, Florida 34103
Email:  petersjoan@bellsouth.net

*Counsel for Jane Doe*