## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Miami Division

**JANE DOE**,                                                           Case No:   1:25-cv-20757-JB/Torres

      Plaintiff,

vs.

**STEVEN K. BONNELL II**,

      Defendant.

_____/

### PLAINTIFF JANE DOE'S REPLY TO OPPOSITION TO MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

COMES NOW Plaintiff Jane Doe, by and through undersigned counsel, and hereby responds to Defendant's Opposition ("Opposition") [ECF 109] to Plaintiff's Motion for Leave to File Amended Complaint ("Motion") [ECF 107], and respectfully states as follows:

### INTRODUCTION

Defendant's Opposition does not provide *any* valid reason for the Court to deny Plaintiff's Motion for leave to amend the complaint. Defendant opposes Plaintiff's motion solely on futility grounds, arguing the amended complaint fails to establish federal question jurisdiction under CARDII. However, this argument misapplies the futility standard and seeks premature resolution of contested legal and factual issues.

### DEFENDANT MISSTATES THE FUTILITY STANDARD

Leave to amend should only be denied if the proposed amendment is "*clearly insufficient or frivolous on its face.*" *United States Sugar Corp. v. Commerce & Indus. Ins. Co.,* No. 22-cv-21737-Scola/Goodman, 2024 U.S. Dist. LEXIS 147497, at *26-27 (S.D. Fla. Aug. 19, 2024)(emphasis supplied), citing *Van Cleve v. Ross*, No. 20-23611-CIV, 2020 U.S. Dist. LEXIS

264243, 2020 WL 13413755, at *1 (S.D. Fla. Dec. 28, 2020) (Scola, J.)) *See also*, *Wilhelm v. Atlas Fin. Advisors, Inc.,* No. 6:24-cv-982-WWB-EJK, 2024 U.S. Dist. LEXIS 201011, at *2-3 (M.D. Fla. Nov. 5, 2024) ("[L]eave to amend should only be denied on the ground of futility when the proposed amendment is *clearly insufficient or frivolous* on its face.'")(citation omitted). Here, Plaintiff's allegations concerning jurisdiction "clear the low hurdle of 'clear insufficiency' or 'frivolity' on the face of the pleading[.]" *United States Sugar Corp.,* 2024 U.S. Dist. LEXIS 147497, at *26-27. Indeed, the only frivolity here is Defendant's Opposition.[1]

Plaintiff's Motion cannot be denied on futility grounds unless the Court determines that the amended complaint would "*necessarily fail*" and could not survive a motion to dismiss. *Vibo Corp., Inc. v. U.S. Flue-Cured Tobacco Growers, Inc.*, No. 17-22034-CV, 2018 WL 11149757, at *4-5 (S.D. Fla. Jan. 23, 2018)(emphasis provided). The *Vibo* court granted leave to amend despite defendant's claim of futility because the Court could not "determine with *incontrovertible certainty*" that a motion to dismiss would have been granted and "[o]nly that level of certainty allows a district court to deny an amendment on futility grounds." *Id.* *2 (emphasis supplied)[2]. Here, accepting the well-pleaded facts in the Plaintiff's proposed amended complaint as true,

---

[1] Defendant attempts to gaslight the Court by asserting that Plaintiff has "already burdened the Court with five pending motions." Opp. at p. 2. But the only reason Plaintiff has had to "burden" the Court is because of Defendant's refusal to cooperate with even the simplest of meet and confer requests, such as for a brief extension of time for a filing deadline. Instead, Defendant litigates in bad faith by opposing every single meet and confer request, including for a protective order governing discovery, which is standard in any case involving confidential private information. And of course, none of the pending motions would have needed to be filed but for Defendant's unlawful disclosure of intimate images of Plaintiff, and his on-going vilification, harassment and intimidation of Plaintiff, her witnesses and potential witnesses, and her counsel on his public streaming channel. The only party that has "burdened" the Court is the Defendant with his frivolous oppositions.

[2] In *Vibo*, the defendant opposed the plaintiff's motion to amend on futility grounds stemming from a statute of limitations defense. The court held that it could not determine with incontrovertible certainty that the complaint, as amended, would necessarily fail, and thus it would not deny the amendment. "Only that level of certainty allows a district court to deny an amendment on futility grounds. And that is especially true here where the thrust of the opposition arises from an affirmative defense." 2018 U.S. Dist. LEXIS 240224, *5-6. Similarly here, the thrust of Bonnell's Opposition arises from his affirmative defense of lack of jurisdiction, and there is no incontrovertible certainty, let alone any certainty, that it will succeed.

Defendant has not shown, with incontrovertible certainty, that Plaintiff's claims would fail. *See Lawrence v. United States*, 597 F. App'x 599, 604 (11th Cir. 2015)(accepting the facts as true in determining whether proposed amended complaint failed to state a claim).

In fact, courts routinely defer such futility arguments to the motion to dismiss stage. *See, e.g., Wilhelm*, 2024 U.S. Dist. LEXIS 201011, at *3-4 (citations omitted)(emphasis provided) ("*the merits of this [futility] argument, if any, should be addressed in a motion to dismiss, not a motion to amend the complaint*."); *Simon v. Pierre*, No. 24-CV-24469-Williams/Goodman, 2025 U.S. Dist. LEXIS 57968, at *3-4 (S.D. Fla. Feb. 26, 2025)(granting leave to amend because "any futility concerns would best be addressed at the motion to dismiss stage (if appropriate)"; *Acosta v. Smart Ala., LLC*, No. 1:22-CV-1209-TWT, 2023 WL 2447597, at *4 (N.D. Ga. Mar. 10, 2023) (granting leave to amend where futility arguments "would be best addressed in a fully briefed, renewed motion to dismiss"); *Taylor v. Fla. State Fair Auth.*, 875 F. Supp. 812, 815 (M.D. Fla. 1995) (finding that denial on the basis of futility is improper where determination of a complex factual inquiry is required); *Westchester Surplus Lines Ins. Co. v. ATA Fishville FL, LLC*, No. 2:19-cv-297-FtM-38NPM, 2020 WL336246, at *1 (M.D. Fla. Jan. 21, 2020) *(finding arguments opposing amendment were better suited for dispositive motions to permit both sides to fully develop and respond to arguments); United States Sugar Corp.*, 2024 U.S. Dist. LEXIS 147497, at *32-33 (defendant's futility challenge "is best addressed on a motion to dismiss or at the summary judgment stage (if appropriate).").

Tellingly, Defendant Bonnell has not moved to dismiss or for summary judgment for lack of subject matter jurisdiction because he knows the motion would fail. Instead, Defendant has argued his affirmative defense of lack of jurisdiction in his oppositions to every one of Plaintiff's

pending motions, including the instant Motion. But Bonnell's affirmative defense argument is *not* properly before the Court on this Motion for leave to amend. *Id.*

**PLAINTIFF HAS ADEQUATELY PLEADED A CLAIM UNDER CARDII**

Even if the Court were to reach Defendant's jurisdictional objections, they lack merit for multiple separate and independent reasons:

1. No Retroactivity Argument Exists

Bonnell's lead argument is that CARDII cannot be applied retroactively. Opp. p. 4. But Plaintiff has *never* contended that CARDII can or should be applied retroactively, nor does she now. And neither the complaint nor the proposed amended complaint contains allegations or assertions that CARDII should be applied retroactively. Thus, Bonnell's primary lack of jurisdiction/futility argument is not even applicable.

2. No Evidentiary Showing is Required

Bonnell repeatedly claims that Plaintiff has submitted *no admissible evidence* to demonstrate that Bonnell transmitted the Video after the effective date of CARDII. Opp. at pp. 1, 4, 6. **But Plaintiff does not need to submit *any* evidence in support of her Motion for leave to amend her complaint, let alone admissible evidence.** "Plaintiff does not yet need to plead [her] allegations with admissible evidence." *United States Sugar Corp.*, 2024 U.S. Dist. LEXIS 147497 at *26-27, citing *Muzzaffarr v. Ross Dress for Less*, *Inc.*, No. 12-61996-CIV, 2013 U.S. Dist. LEXIS 66160, *2 (S.D. Fla. May 7, 2013) ("[T]here is no rule against hearsay statements in pleadings. That's because pleadings, and the allegations within them, are not evidence…Pleadings set forth the allegations that frame the plaintiff's case; they need not prove her case.").

And here, just as in *United States Sugar Corp.*, "none of the cases cited by Defendant on the sufficiency of pleading [jurisdiction] concerned motions for leave to amend." 2024 U.S. Dist.

LEXIS 66160, *27. Instead, Bonnell's Opposition completely misses the mark by erroneously applying a summary judgment standard requiring Plaintiff to prove her case with 'admissible evidence,' rather than accepting all well-pleaded allegations as true. *Id.,* *26 (defendant's futility argument alleging the pleadings as amended were not based on admissible evidence "is not well taken…[because] [i]t did not concern a motion for leave to amend or even a motion to dismiss.)." Thus, the underlying thrust of Bonnell's lack of jurisdiction/futility argument is not even applicable at this leave to amend stage, and thus not relevant to this Motion.

      3.  <u>Plaintiff Did Not Waive Her Right to Present Testimony or Evidence</u>

Defendant's next argument is not only inapplicable, it is also nonsensical. He argues that because Abbymc did not testify at the preliminary injunction hearing, the Court should determine that the proposed amendment is futile. Opp. p. 5. Of course, Defendant does not, and cannot, provide any legal support for this absurdity. As set forth above, Plaintiff does not need to provide any evidentiary support for her Motion for leave to amend, let alone witness testimony. Along this same vein, Defendant further contends that Plaintiff has waived the right to present any evidence because she failed to present it at the hearing. Id. This argument is also of course inapplicable to this motion for leave to amend.[3]

      4.  <u>Defendant Mischaracterizes the Timeline</u>

Bonnell claims that the Motion should be denied because the "proposed new allegations contradict Abbymc's sworn statement." Opp. at p. 6. Again, this evidentiary argument, which goes beyond the face of the pleadings, is not even applicable at this leave to amend stage and should be disregarded on that basis alone. It should also be disregarded on the basis that it is meaningless:

---

[3] Even if it was applicable, the cases relied on by Defendant for this proposition are inapposite because they did not involve a hearing. *See Shepherdson v. Local Union No. 401*, 823 F. Supp. 1245, 1248 (E.D. Pa. 1993); *Koch v. United States*, 814 F. Supp. 1221, 1226 (M.D. Pa. 1993).

whether Bonnell made the Video accessible to Abbymc precisely on, or sometime before, November 3, 2023 is not material to the issue of jurisdiction. This is because the proposed new allegations establish that Bonnell and Abbymc did not even know each other or begin conversing with each other until March 2023 (dkt. 107-1, ¶ 14). Thus, Bonnell could *not* have disclosed the Video to Abbymc until well after the October 1, 2022 effective date of CARDII, and any purported "contradiction" in the date the Video was disclosed is meaningless.

     5.   <u>Disclosure to Rose Also Establishes Jurisdiction</u>

Bonnell's final futility argument pertains to the issue of his disclosure of the Video to Rose, and whether that disclosure falls within the effective date of CARDII. Opp. at pp. 7-9. As set forth above, the entirety of this argument should be disregarded because it is not properly before the Court on this Motion for leave to amend, and indeed could not even be addressed in a motion to dismiss because it goes beyond the face of the pleadings. It should also be disregarded because jurisdiction is unequivocally established on the face of the pleadings by the disclosure to Abbymc well after the October 1, 2022 effective date of CARDII. See Dkt. 107-1, ¶ 14. Thus it is not necessary to address the issue of the disclosure to Rose for the purposes of this Motion. But even if the Court did address the argument, the argument is without merit.

The CARDII statute provides a right of action to "an individual whose intimate visual depiction is *disclosed*…without the consent of the individual." 15 U.S.C. § 6851(b)(1)(A) (emphasis provided). CARDII defines "disclose" as meaning "to transfer, publish, distribute, or *make accessible*." 15 U.S.C. § 6851 (a)(4) (emphasis provided). So even if Bonnell's initial transfer of the Video to Rose took place prior to the effective date of CARDII as Defendant contends, because Bonnell's disclosure *made the Video accessible after the effective date* it is within the statutory definition. And here it is indisputable that the Video *was accessible* after the

effective date because otherwise Solotinyleaks would not have been able to access the Video from Rose in November 2024. See Dkt. 107-1, ¶ 17.

6. <u>Defendant's Caselaw is Inapposite</u>

The cases cited by Defendant do not involve CARDII and are factually and legally distinguishable. Defendant contends that "courts have rejected Plaintiff's 'continuous transmission' argument in similar cases." Opp. p. 8. But the two cases relied on by Defendant do not support this contention. *Wray v. Greenburg*, 646 F. Supp. 3d 1084, 1114-15 (D. Ariz. 2022) pertained to the issue on a motion to dismiss of whether a Google hyperlink disclosed in a private email exchange satisfied the requirement of "publicity" for purposes of the tort of false light invasion of privacy. This publicity analysis is <u>not</u> applicable here because *CARDII does not require publicity— it only requires disclosure to one individual*. The *Wray* plaintiff had to plead facts sufficient to show that emailing the hyperlink made the information "substantially certain to become one of public knowledge," but there is no such requirement in CARDII. Moreover, the *Wray* court did not, as Defendant claims, "reject" an on-going accessibility argument. Instead the *Wray* court <u>assumed</u> the argument was valid: "Even assuming the link was public and thus theoretically accessible to anyone, there are no facts that suggest the link was *in fact* widely disseminated…" *Id.* (emphasis in original).

The other case relied on by Defendant is also inapposite. *Greenburg v. Wray*, No. CV-22-00122-PHX-DLR, 2022 U.S. Dist. LEXIS 107770, at *1-7 (D. Ariz. June 16, 2022) involved claims under the Federal Wiretap Act and the Stored Communications Act, wherein Plaintiff needed to plausibly allege that Defendant had intentionally accessed a computer "without authorization or exceeding authorized access." *Id.* at *4. Defendant moved to dismiss the claims on the basis that the communications Plaintiff alleged Defendant collected from a Google Drive

URL were not private, but instead were "readily accessible to the general public" and thus exempted from the statute's protection. 18 U.S.C. § 2511(2)(g). The *Greenburg* court held that although it was a "close call," the plaintiff had sufficiently pled the requisite statutory elements because he had "inadvertently enabled the setting" on the Google Drive that allowed anyone to access it if they typed in the exact URL. The court held that plaintiff's inadvertent disclosure did not "per se grant authorization." *Greenburg*, 2022 U.S. Dist. LEXIS 107770, at *7.

The issues determined in *Greenburg* are materially different than those presented here. The *Greenburg* court was determining whether the defendant had accessed the information without authorization, and whether that information was "readily accessible to the general public." In contrast, here the only determination required under CARDII is whether the Video was "made accessible" to a single individual after the effective date. There is no issue here of authorization or accessibility to the general public, and thus, *Greenburg*'s analysis is not even applicable here.

Accordingly, Defendant failed to provide any support for his assertion that his disclosure of the Video to Rose did not make the Video accessible after CARDII's effective date "as a matter of law". Opp. p. 9. Here, whether Bonnell sent the Video to Rose via a Google Drive link or via a Discord message, the facts as plead show that the Video remained *accessible* to Rose, and also to Solotinyleaks, well past CARDII's effective date. Bonnell had the ability to revoke access or delete the message to Rose at any time but he did not, and thus the Video remained accessible within the plain meaning of CARDII.

7. Defendant's Disclosure Via a Discord Direct Message

Plaintiff does not need to prove any of her allegations at this time or for the purposes of this Motion. However, for the sake of clarity, if, as Defendant claims, the Video was disclosed to Rose via a direct message on the Discord platform, Plaintiff's accessibility argument pertaining to

the Google Drive is also applicable. This is because there is an important distinction between sending a video via email or a traditional SMS/MMS text message versus a transfer on Discord. If Bonnell had sent the Video to Rose via email or traditional text (he did not), once it was sent Bonnell would have no further control over it, thus it could be interpreted as a one-time transfer. In contrast, when a user sends a video file through a Discord direct message (DM), the file is not pushed directly to the recipient's device. Instead, the file is uploaded to Discord's cloud infrastructure (a CDN server) / Discord's servers.  The message sent to the recipient contains a reference (CDN link) to the hosted file, not the file itself.  Crucially, the sender retains the ability to delete the message at any time, which revokes the recipient's access to the file entirely. In short, Discord is an access-controlled, cloud-hosted communication platform, where the sender governs when access begins and ends. Thus, Bonnell's conduct here was not a "transfer", but instead was an act of making an intimate image accessible under the statute's plain meaning.

Even assuming, as Bonnell contends, that he uploaded Pxie's Video to Discord and sent it to Rose via DM in April 2022, he made the Video accessible well after October 1, 2022. The Video file was hosted on Discord's servers — not transferred to Rose's personal device. Rose could view (*i.e.*, access) the Video as long as the message was live and the CDN link remained valid, however Bonnell retained ongoing control — he could delete the message at any time, cutting off access.  But Bonnell did not revoke access until November 2024, meaning that pursuant to the statute's plain language, he made the Video accessible well beyond October 1, 2022. Accordingly, Bonnell's conduct falls squarely within the scope of CARDII, and there is no basis for Defendant's affirmative defense of lack of jurisdiction.

**CONCLUSION**

Plaintiff's proposed amendment is not futile and satisfies Rule 15(a)(2) and 28 U.S.C. § 1653. The Court should grant leave to amend.

**WHEREFORE**, for all the above reasons, and those set forth in Plaintiff's Motion, and pursuant to Rule 15(a)(2) and 28 U.S.C. § 1653, Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Leave to File Amended Complaint and accept the proposed Amended Complaint (Dkt. 107-1).

Dated: July 28, 2025.

Respectfully submitted,

**JSP LAW, LLC**
Joan Schlump Peters
(admitted *pro hac vice*)
838 Neapolitan Way, #91
Naples, FL 34103
Tel. 305-299-4759
Email: petersjoan@bellsouth.net
Counsel for Plaintiff JANE DOE

**SANCHEZ-MEDINA GONZALEZ QUESADA LAGE GOMEZ & MACHADO, LLP**
CARLOS A. GARCIA PEREZ / Fla Bar 106895
GUSTAVO D. LAGE / Fla Bar 972551
201 Alhambra Circle, Suite 1205
Coral Gables, Florida, 33134
Tel. (305) 377-1000
Primary E-Mail: cgarciaperez@smgqlaw.com
Primary E-Mail: glage@smgqlaw.com
Counsels for Plaintiff JANE DOE

By:_____
CARLOS A. GARCIA PEREZ

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 28, 2025 a true and correct copy of the foregoing was served on all parties via the CM/ECF filing portal to all counsel of record.

By:_____
CARLOS A. GARCIA PEREZ
Attorney for Plaintiff