## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Miami Division

JANE DOE,                                                    Case No:   1:25-cv-20757-JB/Torres

     Plaintiff,

vs.

STEVEN K. BONNELL II,

     Defendant.

_____/

## PLAINTIFF JANE DOE'S MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANT SHOULD NOT BE HELD IN CONTEMPT, AND REQUEST FOR SANCTIONS AND INJUNCTIVE RELIEF

COMES NOW Plaintiff Jane Doe, by and through undersigned counsel, and hereby moves for an order requiring Defendant to show cause why he should not be held in civil contempt for willfully violating this Court's Order sealing the transcript of the June 3rd, 2025 preliminary injunction hearing, and respectfully states as follows:

### I.     INTRODUCTION

Plaintiff respectfully moves for an order requiring Defendant to show cause why he should not be held in civil contempt for willfully violating this Court's Order sealing the transcript of the June 3rd, 2025 preliminary injunction hearing ("Order") (ECF 91). **Despite the Court's clear directive that the transcript remain sealed due to the highly sensitive and sexually explicit nature of the testimony, Defendant has publicly read from and discussed the sealed transcript during a live broadcast on his streaming channel. He also showed the sealed transcript to the individual he was interviewing so she could read it.** Defendant's willful conduct brazenly

DOE v BONNELL
1:25-cv-20757-JB/Torres

undermines the authority of the Court, violates Plaintiff's privacy rights, and causes irreparable

harm. Defendant's bad faith violation of this Court's Order should be sanctioned.

## II.     RELEVANT BACKGROUND

On June 3, 2025, Magistrate Judge Torres presided over a preliminary injunction hearing

in this matter. Due to the nature of the testimony, which involved detailed and sexually explicit

descriptions central to Plaintiff's claim of non-consensual disclosure of intimate images, as well

as mental health testimony, Plaintiff moved to seal the transcript. (ECF 88). On June 6, 2025, the

Magistrate Judge granted the motion and directed the Clerk of the Court "to maintain the transcript

at D.E. 90 as *fully sealed*, pending further Order of the Court." ("Order")(ECF 91)(emphasis

supplied). Despite that Plaintiff's motion to seal had already been granted, and without providing

any valid reason to unseal the transcript, Defendant Bonnell filed an opposition. (ECF 101).

Plaintiff's Reply demonstrated the frivolity of Defendant's opposition. (ECF 106). Plaintiff's

Reply also highlighted Defendant's declared intent and eagerness to read the transcript out loud to

his million plus followers on his streaming platform. (Id., p. 1[1]).

On August 12, 2025, in willful violation of the Court's Order, Defendant discussed the

sealed hearing and *read aloud portions of the sealed transcript* during a live broadcast on his

---

[1] https://www.youtube.com/watch?v=cLqgOumO0AE at minute 12:09. This hour and a half video is solely about the June 3rd Hearing. It was livestreamed by the Defendant on June 3rd and then posted on June 4, 2025.

DOE v BONNELL
1:25-cv-20757-JB/Torres

streaming channel. [2]  He then posted the video on YouTube. The following is the relevant portion

of the Defendant's livestream transcript:

4:23:20:
"Oh my god, bro. Dude, that transcript is, when I get to read that, there's no shot that it's going to be sealed forever."

4:24:01 - 4:25:49:
"I'm just recalling I'm just recalling some things from my very very good memory. Okay. I'm recalling from my very very good memory. ███████████████████

███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████   ████ ██████

_____

[2] This testimony was apparently elicited from Plaintiff for the purpose of showing implied consent, but implied consent is not relevant to any of Plaintiff's claims. CARDII, 15 U.S.C. § 6851(a)(2), specifically requires that any

DOE v BONNELL
1:25-cv-20757-JB/Torres



The italicized portion above is Bonnell reading *verbatim* from the sealed hearing transcript, See ECF 90, p. 40, lines 3 to 22. Bonnell makes a farcical pretense of recalling the testimony from his memory by interjecting, "I'm just recalling some things from my very very good memory," or "I think my lawyer said…," or "I think she said something like…," but a comparison of the hearing transcript with what Bonnell said reveals that it is verbatim. Id. Thus, despite his admitted awareness that the transcript is sealed and that he should not be disclosing the testimony, he proceeds to read it aloud in a flagrant mockery of the Court's Order.

Furthermore, right after reading the above portion of the transcript out loud, Bonnell also *showed the sealed transcript to the streamer* he was interviewing on his livestream, so that she could read it for herself: "Um wait. Okay. You know…don't show this [to the livestream viewers]. This is what I'm talking about. Do you understand?" [4]

Plaintiff was made aware of the above content on Defendant's livestream/ YouTube video on Friday, August 15, 2025. The undersigned counsel immediately commenced reviewing the

---

consent be underline:explicit: "The term "consent" means an affirmative, conscious, and voluntary authorization made by the individual free from force, fraud, misrepresentation, or coercion."

[4]                     See                     ████████████████████████

████████████████████████████████████████████████████████

DOE v BONNELL
1:25-cv-20757-JB/Torres

matter and determining the extent of the violation. On Monday morning, August 18, 2025, Plaintiff became aware that sometime on August 16 or 17, Defendant edited the YouTube video of his livestream in order to delete the portion quoted above. However, this belated effort does not in any way cure the violation given that the livestream video had already amassed four thousand views, and the harm to Plaintiff, and the authority of this Court, had already occurred. Moreover, an excerpt of the offending portion of the video was posted on Kiwi Farms[5] and it has probably been re-posted on multiple other social media sites.

Pursuant to Local Rule 7.1(a)(2), on Monday, August 18th, at 10 a.m., the undersigned counsel reached out to counsel for Defendant via email in an attempt to resolve this serious issue. Counsel for Defendant, Mr. Brettler, did not respond until the morning of the 19th, claiming that "we looked into the matter and could find no evidence of wrongdoing by Mr. Bonnell." The undersigned counsel responded by providing the same evidence submitted in the instant motion. This morning Mr. Brettler responded, blithely asserting that his client did not violate the Court's Order: "The magistrate judge's Paperless Order [Dkt. No. 91] merely directs the Clerk to seal the transcript of the June 3, 2025 hearing pending a further order of the Court. Mr. Bonnell never filed the transcript or any portions thereof on the public docket, nor did he publish a copy of the transcript online or elsewhere. Mr. Bonnell has a First Amendment right to discuss the lawsuit that your client filed against him. There also are no restrictions on Mr. Bonnell's right to discuss what happened at the June 3 hearing…"   As will be detailed below, Mr. Brettler's self-serving

---

[5] See ████████████████████████████████ (scroll to bottom):
"Apparently **Destiny shared the sealed court transcripts with literal** ███████████████████████
████████████████████
████████████████████████████████████

DOE v BONNELL
1:25-cv-20757-JB/Torres

interpretation of the Court's sealing Order is unsupported by federal legal principles and shows a lack of respect for the authority of the Court.

The clear and convincing evidence from the cited video links demonstrates that Defendant willfully, intentionally and in bad faith violated the letter and the spirit of the Court's Order, and he should be held accountable and deterred from further violations.

### III.    THE LEGAL STANDARD FOR FINDING CONTEMPT OF COURT

The Court has inherent power to enforce compliance with its lawful orders through civil contempt. *Shillitani v. United States*, 384 U.S. 364, 370, 86 S. Ct. 1531, 1535 (1966). "[C]ivil contempt occurs when a party disobeys a specific and definite court order by failing to take all reasonable steps within that party's power to comply with the order." *Gladden v. Procter & Gamble Distrib. LLC*, No. 1:19-CV-2938-CAP-JSA, 2020 U.S. Dist. LEXIS 256415, 2020 WL 10145958, at *4 (N.D. Ga. July 20, 2020)(citations omitted). District courts have "wide latitude" to determine if "there has been contemptuous defiance of its order." *Id.*

Furthermore, courts have inherent power to impose sanctions for failure to comply with a court order. *Kleiner v. First Nat'l Bank of Atlanta*, 751 F.2d 1193, 1209 (11th Cir. 1985). The Court's inherent power is derived from the Court's need "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S. Ct. 2123, 115 L.Ed.2d 27 (1991) (internal citations and quotation marks omitted).

To exercise its inherent power a court must find that the party acted in bad faith. *Id.* at 49. "One aspect of a court's inherent power is the ability to assess attorneys' fees and costs against the client or his attorney, or both, when either has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *McDonald v. Cooper Tire & Rubber Co.*, 186 F. App'x 930, 931 (11th Cir. 2006)(affirming sanctions against counsel for violating protective order by disclosing a deposition

DOE v BONNELL
1:25-cv-20757-JB/Torres

transcript marked as confidential to unauthorized persons), citing *Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001) (quotation marks omitted). *See also Losee v. Gebreyes*, No. 19-cv-80265, 2023 U.S. Dist. LEXIS 178486, at \*7-8 (S.D. Fla. Oct. 2, 2023)(finding that defendant acted in bad faith by disregarding orders, and imposing the sanction of striking defendants' pleadings and entering default). "Courts considering whether to impose sanctions under their inherent power should look for disobedience and be guided by the purpose of vindicating judicial authority." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1224-25 (11th Cir. 2017).  *See also Winslow v. Indiheartandmind, Inc.*, No. 21-cv-80800, 2021 U.S. Dist. LEXIS 248285, at \*13-14 (S.D. Fla. Dec. 30, 2021)(finding that defendants and their counsel acted in bad faith and willfully violated court orders, entering default judgment and an award of attorney fees and costs).

## IV.    DEFENDANT ACTED IN BAD FAITH BY WILLFULLY VIOLATING THE COURT'S SEALING ORDER AND SHOULD BE HELD IN CONTEMPT

The Court's Order sealing the transcript was clear and unambiguous. Defendant Bonnell's reading of the transcript in his livestream to all of his followers, and showing the transcript to his fellow streamer, unequivocally demonstrates bad faith defiance of the Order. Bad faith is also evidenced by Bonnell's explicit acknowledgement of the sealing Order right before he discusses the testimony and reads out loud from the transcript. It is also evidenced by his farcical comments that he purportedly has a "very, very good memory" enabling him to recite verbatim a full five minutes of testimony.  Bonnell had no legitimate reason for reading the transcript out loud. Rather, the only plausible reason for disclosing the testimony is his interest in continuing to exploit these proceedings for personal profit and performative harassment, embarrassment and oppression  of Plaintiff. Bonnell has made a deliberate and blatant mockery of the Court's authority, and accordingly should be found in contempt and sanctioned.

DOE v BONNELL
1:25-cv-20757-JB/Torres

## V.   DEFENDANT'S PURPORTED DEFENSE OF HIS CONDUCT HAS NO BASIS IN LAW OR FACT

As set forth above, counsel for Defendant has the temerity to contend that Defendant did not violate the sealing Order because he "never filed the transcript or any portions thereof on the public docket, nor did he publish a copy of the transcript online or elsewhere." This contention is belied by the clear and unambiguous facts and is completely unsupported by any legal precedent. There can be no question that by reading the transcript out loud to his thousands of followers and/or by showing it to his fellow streamer, Bonnell did in fact "publish" the transcript. A sealing order is not a mere administrative measure to keep a PDF off the docket. It is a directive of the Court that the **substance of the sealed document** is not to be publicly disseminated. To construe the seal as covering only the physical transcript while permitting public reading or display of its content renders the Order meaningless and an exercise in futility.

Counsel for Defendant also contends that "Bonnell has a First Amendment right to discuss the lawsuit…There are also no restrictions on Mr. Bonnell's right to discuss what happened at the June 3 hearing." Defendant's reliance on the First Amendment is misplaced. While parties may generally speak about their litigation, the First Amendment does not shield conduct that violates a valid court order. A sealing order is narrowly tailored to protect the integrity of judicial proceedings, the privacy of participants, and any other interests the Court deemed compelling. Defendant cannot cloak his violation of that order in Constitutional rhetoric. Asserting a First Amendment right to broadcast sealed testimony does not override the Court's Order protecting the integrity of sealed proceedings. Defendant's livestream disclosure frustrates the Court's directive and renders meaningless the very purpose of sealing.

## VI.   SANCTIONS ARE WARRANTED

DOE v BONNELL
1:25-cv-20757-JB/Torres

The dissemination of Plaintiff's testimony containing sexually explicit details compounds the harm Plaintiff has already suffered and which serve as the basis for her claims. By disregarding the Court's Order and its authority, Defendant has once again intentionally sought to inflict further emotional distress and reputational injury upon Plaintiff, and/or to shame her into abandoning her claims and deter witnesses from coming forward. The livestream video was viewed by more than 4,000 people, and has been reposted on other sites. Plaintiff urges the Court to order Defendant to i) immediately remove all video/audio/online content that references or quotes from the sealed transcript, and ii) cease and desist from any further disclosure or discussion of the sealed material in any forum. Plaintiff also requests that the Court enter an order finding the Defendant in contempt for his brazen violation of the Court's Order, and imposing appropriate sanctions including a substantial monetary fine and payment of Plaintiff's reasonable attorneys' fees and costs incurred in having to bring this motion. Clearly, without appropriate sanctions, Defendant will continue to disregard the orders of the Court and inflict further harm on Plaintiff.

Here, Defendant is not a typical litigant. He is a professional online streamer whose income is largely derived from publicly discussing and posting about controversial topics—including this lawsuit. Since the outset of this case, Defendant has repeatedly posted about the details of the case on his streaming platforms, mocked and insulted Plaintiff and her legal team, and weaponized court filings for online content. Defendant has also publicly ridiculed Plaintiff's mental health, sexual history, and her witnesses. This is not speculative; his pattern of commentary is well documented and includes livestreams, tweets, and reposts designed to stir harassment by his audience. See ECF Nos. 73, 82, 84, 98, 104, 105. For this reason, the monetary fine should be substantial in order to deter Defendant from further defiance of Court orders, and further mockery of these proceedings and the authority of the Court.

DOE v BONNELL
1:25-cv-20757-JB/Torres

## **CONCLUSION**

The Court's sealing Order encompasses not only the transcript document but also the testimony it records. Defendant's public broadcast of that testimony by reading from and displaying the sealed transcript was a direct violation of that Order. His conduct cannot be excused under the guise of "free speech", and the Court should impose sanctions to ensure its orders are complied with.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court hold Defendant in contempt of court; order Defendant to immediately remove all video/audio/online content that references or quotes from the sealed transcript; order Defendant to cease and desist from further disclosure or discussion of the sealed material in any forum or to anyone; order Defendant to pay Plaintiff's costs and fees incurred in connection with the disclosure of the transcript and in bringing this motion; impose appropriate sanctions, including a substantial monetary fine, for Defendant's willful violation of the Court's Order; and grant any other relief the Court deems just and proper.

Respectfully submitted on this 21st day of August, 2025,

| | |
|---|---|
| **JSP LAW, LLC** | **SANCHEZ-MEDINA GONZALEZ QUESADA** |
| Joan Schlump Peters | **LAGE GOMEZ & MACHADO, LLP** |
| (admitted *pro hac vice*) | CARLOS A. GARCIA PEREZ / Fla Bar 106895 |
| 838 Neapolitan Way, #91 | GUSTAVO D. LAGE / Fla Bar 972551 |
| Naples, FL 34103 | 201 Alhambra Circle, Suite 1205 |
| Tel. 305-299-4759 | Coral Gables, Florida, 33134 |
| Email: petersjoan@bellsouth.net | Tel. (305) 377-1000 |
| Counsel for Plaintiff JANE DOE | Primary E-Mail: cgarciaperez@smgqlaw.com |
| | Primary E-Mail: glage@smgqlaw.com |
| | Counsels for Plaintiff JANE DOE |

By:_____
              CARLOS A. GARCIA PEREZ

DOE v BONNELL
1:25-cv-20757-JB/Torres

## CERTIFICATE OF CONFERRAL PURSUANT TO LOCAL RULE 7.1(a)(2)

I HEREBY CERTIFY that on August 18, 19, and 20, 2025, counsel for movant made meet

and confer efforts via email to opposing counsel regarding the relief sought in this motion but were

unable to reach a resolution.

By: _____
        CARLOS A. GARCIA PEREZ
        Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 21, 2025 a true and correct copy of the foregoing

was served on all parties via the CM/ECF filing portal to all counsel of record.

By: _____
        CARLOS A. GARCIA PEREZ
        Attorney for Plaintiff