UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:25-cv-20757-JB/Torres

JANE DOE,

    Plaintiff,

v.

STEVEN K. BONNELL II,

    Defendant.

_____/

## DEFENDANT STEVEN K. BONNELL'S OPPOSITION TO PLAINTIFF'S MOTION FOR AN OSC RE: CONTEMPT AND SANCTIONS

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
ROBERT L. RASKOPF
Florida Bar No.: 1040022
PATRICIA M. PATINO
Florida Bar No.: 1007702
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580
Fax: (305) 374-7593

Email: rraskopf@bilzin.com;
ppatino@bilzin.com

-and-

**BERK BRETTLER LLP**

ANDREW B. BRETTLER
California Bar No.: 262928
JAKE A. CAMARA
California Bar No.: 305780
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel: (310) 278-2111
Email: abrettler@berkbrettler.com;
jcamara@berkbrettler.com
(admitted *pro hac vice*)

1

I.        **INTRODUCTION**

In burdening the Court with her seventh motion in just a few months, Plaintiff now moves for an order seeking to hold Defendant Steven K. Bonnell ("Bonnell") in contempt of an order that the Court has not made. The Court has neither issued an injunction nor gag order against Bonnell, yet by way of her frivolous motion, Plaintiff seeks to impose a prior restraint on speech without any legal, factual, or evidentiary basis. Plaintiff's Motion should be denied in its entirety and Plaintiff and her counsel should be responsible for paying the legal fees that Bonnell was forced to incur in connection with opposing this Motion.

Notwithstanding that Plaintiff herself has publicly discussed this case and its subject matter *ad nauseam* on a variety of online platforms, on June 2, 2025, she filed a Motion for Protective Order Governing Public Commentary by Trial Participants [ECF No. 84], seeking to place a blanket gag order on Bonnell and enjoin him from publicly discussing the lawsuit that Plaintiff filed against him. Critically, the Court has not yet ruled on that motion, and has made no order enjoining, or otherwise imposing any restraint on Bonnell's right to discuss the allegations against him.

On June 3, 2025, the Court held a hearing on Plaintiff's Motion for a Preliminary Injunction [ECF No. 21], whereby Plaintiff testified in open court. Members of the public attended the hearing, and the media reported on it. Multiple individuals unaffiliated with the parties were present in the courtroom gallery, some of whom took contemporaneous notes and later published detailed summaries online. Critically, Plaintiff never moved to seal the courtroom at any time prior to or during the hearing, nor did she even object to the presence of the public in the gallery. Instead, a day after the hearing, Plaintiff filed a Motion To Seal the Transcript [ECF No. 88]. The Court has not yet issued its final order on that motion. However, on June 6, 2025, the Court issued a

paperless order, directing the Clerk to provisionally seal the June 3 hearing transcript, pending further order of the Court [ECF No. 91].

Nothing in the Court's provisional order can be construed to impose a prior restraint or injunction on Bonnell's ability to discuss the claims asserted against him. To be clear, Bonnell never published the June 3 hearing transcript online, nor did he otherwise file the transcript in violation of the Court's provisional sealing order. The purported video on which Plaintiff relies does not demonstrate otherwise—on August 12, 2025, Bonnell appeared as a guest on a third party's podcast wherein he generally discussed the case and the June 3 hearing, which he is legally entitled to do. At best, the purported video is ambiguous, and at worst, it demonstrates nothing even close to sanctionable conduct. Moreover, federal law is well-settled that an order sealing a particular document does not operate as a gag order or an injunction over the substance or subject matter of the case, the claims, or even the sealed document itself. In her ten-page Motion, Plaintiff has not directed the Court to *any* authority holding otherwise.

Yet, even if the Court's provisional sealing order operated as a blanket gag order enjoining Bonnell from discussing the claims against him, Plaintiff failed to meet the high burden necessary for the Court to award the extraordinary relief Plaintiff seeks. Indeed, Plaintiff has failed to submit *any* evidence, let alone clear and convincing evidence, of a willful violation of a court order. Plaintiff has failed to submit a single declaration or exhibit in support of her claims, and she failed even to authenticate the purported "evidence" on which she relies, none of which demonstrates that Bonnell violated a court order. In any event, Plaintiff's so-called "evidence" constitutes inadmissible hearsay, lacks foundation, and fails to substantiate a finding of contempt as a matter of law.

## II.     LEGAL STANDARD FOR CIVIL CONTEMPT

Civil contempt is an "extraordinary" remedy that is imposed sparingly and "with caution." *S.E.C. v. Life Partners, Inc.*, 912 F. Supp. 4, 11 (D.D.C. 1996). In light of the severity of the contempt sanction, courts should refrain from a finding of contempt "if there are any grounds for doubt as to the wrongfulness of the defendant's conduct." *Id.* To satisfy this high burden, the moving party must establish by *clear and convincing evidence* "(1) that the allegedly violated order was valid and lawful; (2) that the order was clear and unambiguous; and (3) that the alleged violator had the ability to comply with the order." *Ga. Power Co. v. NLRB*, 484 F.3d 1288, 1291 (11th Cir. 2007); *McGregor v. Chierico*, 206 F.3d 1378, 1383 (11th Cir. 2000) (holding that the moving party's failure to provide "clear and convincing proof" of a violation of a court order was fatal to moving party's contempt motion); *Newman v. Graddick,* 740 F.2d 1513, 1525 (11th Cir. 1984) (holding that the petitioning party bears the burden of establishing by clear and convincing proof that the underlying order was violated); *see Jordan v. Wilson*, 851 F.2d 1290, 1292 (11th Cir. 1988) (affirming that the standard for contempt "is more exacting than the preponderance of the evidence standard"). In other words, "the party seeking a finding of contempt must show, by clear and convincing evidence, that a court order *required certain conduct* and that the party facing contempt did not comply with that order." *S.E.C. v. Yun*, 208 F. Supp. 2d 1279, 1285 (M.D. Fla. 2002) (emphasis added) (citing *Citronelle–Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991); *Petroleos Mexicanos v. Crawford Enters.*, Inc., 826 F.2d 392, 401 (5th Cir. 1987).

Critically, when assessing compliance, an order "is subject to reasonable interpretation, *though it may not be expanded beyond the meaning of its terms absent notice and an opportunity to be heard.*" *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1296 (11th Cir. 2002) (emphasis

4

added). Any ambiguities or uncertainties in the order must be construed in favor of the alleged contemnor. *Ga. Power*, 484 F.3d at 1291.

### III. PLAINTIFF FAILS TO ESTABLISH A VIOLATION OF A COURT ORDER; THE MOTION MUST BE DENIED ACCORDINGLY.

#### A. The Court's Provisional Sealing Order Does Not Operate as a *de Facto* Gag Order Against Bonnell.

Plaintiff attempts to enforce a *de facto* gag order against Bonnell without any legal or factual justification. Indeed, the Court has yet to rule on Plaintiff's June 2, 2025 motion for a gag order [ECF No. 84]. Nevertheless, Plaintiff contends that the Court's June 6, 2025 paperless order directing the Clerk to provisionally seal the June 3, 2025 hearing transcript [ECF No. 91] operates to silence and enjoin Bonnell from publicly discussing the lawsuit filed against him. Unsurprisingly, Plaintiff fails to cite to a *single authority* for the proposition that a transcript sealing order operates to prohibit a party from speaking about what occurred at a public proceeding in open court. No such authority exists. In fact, federal courts have held just the opposite.

The law is clear: "sealing orders differ from gag orders," and a court's sealing of a particular document does not impose a gag order or injunction as to the substance of the sealed material. *See, e.g.*, *Covil Corp. ex rel. Protopapas v. U.S. Fid. & Guar. Co.*, 544 F. Supp. 3d 588, 603-04 (M.D.N.C. 2021) (holding that an order sealing a settlement agreement did not enjoin a party from revealing or disclosing the terms of the settlement agreement). Importantly, "the evident purpose of [a sealing] order is to limit public access to th[e] records [subject to the seal]" rather than to enjoin a party from disclosure. *Id.*

Indeed, a sealing order is not an injunction; it is merely a limit on public access to court documents. Unlike a simple sealing order, an order granting an injunction "must state the reasons why it issued, state its terms specifically, and describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Fed. R. Civ. P.

5

65(d)(1). No such order exists here. The Court's provisional sealing order does not operate to enjoin Bonnell's speech, or anyone else's. *See Armstrong v. Exec. Office of the President*, 830 F. Supp. 19, 23 (D.D.C. 1993) ("[A] limitation on the method of access to certain records is not synonymous with a prohibition on their future releases"); *Morgan v. U.S. Dep't of Justice*, 923 F.2d 195, 198 (D.C. Cir. 1991) (An order that is "designed only to prohibit [a party or the public] from obtaining [the records] from the court" is not a prohibition on disclosure).

To support a finding of contempt, Plaintiff must establish—by clear and convincing evidence—Bonnell's violation of a "clear and unambiguous" order. Plaintiff has not and cannot do so. The Court need look no further than the plain language of the provisional sealing order [ECF No. 91], on which Plaintiff purportedly relies, which merely states the following:

> PAPERLESS ORDER granting in part [88] Motion to Seal. We direct the Clerk to maintain the transcript at D.E. [90] as fully sealed, pending further Order of the Court.

As evident above, the Court's directive merely ordered the Clerk to file the hearing transcript under seal pursuant to Local Rule 5.4 (an administrative measure concerning public docket access) and prohibits the parties from publicly filing the transcript on the Court docket, pending further order of the Court. The Court has made no order restricting the speech of the parties, let alone a "clear and unambiguous" order granting injunctive relief and a prior restraint on speech protected by the First Amendment. *Ga. Power*, 484 F.3d at 1291. Nor has the Court imposed a duty of confidentiality on Bonnell or anyone else, with respect to Plaintiff's testimony in open court. On its face, the provisional sealing order does not prohibit or otherwise enjoin the parties from discussing what occurred at the public hearing, whether recalled from memory or observed by others in attendance. Plaintiff's Motion should be denied accordingly.

### B. The Provisional Sealing Order Does Not Enjoin Speech Concerning the Public Hearing, and It Is Not a Final Order.

Critically, the June 3, 2025 preliminary injunction hearing was conducted in open court. Members of the public attended, took notes, and later discussed the proceedings online.[1] Indeed, prior to the issuance of the Court's provisional sealing order, the media had already reported on Plaintiff's testimony from the June 3 hearing. (*See* Def.'s Opp'n to Motion To Seal Transcript [ECF No. 101 at 2, fn.1]). At the hearing, Plaintiff never asked to seal the courtroom, never objected to the presence of the public at the hearing, and was aware that her testimony, like that of any other witness at a public hearing, was subject to media scrutiny. Further, Plaintiff made no effort before or during the hearing to designate the transcript confidential or request *in camera* treatment of any of the exhibits referenced at the hearing. Having chosen to litigate openly, she cannot retroactively seek to cloak the substance of her testimony in secrecy because it might suit her to do so. *See Neb. Press Ass'n v. Stuart*, 427 U.S. 539, 568 (1976) ("[O]nce a public hearing [has] been held, what transpired there could not be subject to prior restraint.").

Underscoring Plaintiff's attempted overreach here, her Motion falsely and misleadingly accuses Bonnell of publicly discussing the "sealed hearing." [ECF No. 113 at 2.] As is evident on the face of the provisional sealing order, however, the Court did not seal the hearing at all—it was conducted in open court without objection or motion to limit public access. Rather, several days after the hearing, the Court provisionally sealed the hearing transcript, as maintained by the Clerk of Court. Plaintiff's effort to misleadingly characterize the hearing itself as "sealed" underscores her attempt to expand the Court's directive far beyond its text and intent. *See Riccard*, 307 F.3d at 1296 (in assessing compliance, an order "may not be expanded beyond the meaning of its terms").

---

[1] *See, e.g.*, Reddit, *Pxie testified in court that she sent 3 homemade sexual videos of her & Destiny to her ex-boyfriend, according to Destiny without his knowledge or explicit consent*, https://www.reddit.com/r/LivestreamFail/comments/1l4a9mn/comment/mw7bqbh/.

Notably, the Court has not yet issued its final ruling on Plaintiff's Motion to Seal the June 3, 2025 hearing transcript [ECF No. 88]. As argued in Bonnell's Opposition to that motion [ECF No. 101], it should be denied, as a matter of law, because it constitutes an improper *post hoc* sealing of a public proceeding. *See Romero v. Drummond Co.*, 480 F.3d 1234, 1247–48 (11th Cir. 2007) (reversing sealing where proceedings were already publicized); *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985) (trial records from open proceedings could not later be sealed); *Hepp v. Paul Revere Life Ins. Co.*, No. 13-cv-2836-T-17TBM, 2015 WL 4072101, at *4 (M.D. Fla. July 2, 2015) (same); *see also Spire, Inc. v. Cellular S., Inc.*, No. 17-00266-KD-N, 2017 WL 11512582, at *4 (S.D. Ala. Dec. 22, 2017) (rejecting *post hoc* sealing where no prior request was made); *Pfizer, Inc. v. Teva Pharms. USA, Inc.*, Nos. 08-1331 (DMC), 08-2137 (DMC), 2010 WL 2710566, at *3–4 (D.N.J. July 7, 2010) (refusing to seal transcript of open hearing where no closure was requested at the time, finding *post hoc* sealing inappropriate).

### C. Even if the Provisional Sealing Order Could Be Construed as a Gag Order, Plaintiff Has Submitted No Admissible Evidence of a Purported Violation.

Even if the provisional sealing order could operate as a blanket gag order or injunction (it cannot), Plaintiff has failed to submit any admissible evidence, let alone clear and convincing evidence, of a willful violation of a court order. Courts routinely reject attempts to prove contempt through speculation, conjecture, or unauthenticated online material. *See Howard Johnson*, 892 F.2d at 1516 (holding that a contempt determination must be based on actual compliance with the order, not speculation); *Newman*, 740 F.2d at 1525 (holding that the movant bears burden of clear and convincing proof). Plaintiff failed to submit a single declaration in support of her speculative claims, and she even failed to authenticate the purported "evidence" that she embedded within her brief, none of which demonstrates that Bonnell violated a court order.

Instead, Plaintiff's Motion relies on inadmissible hearsay, speculation, unauthenticated

8

screenshots, YouTube clips, and speculative third-party posts on KiwiFarms, a site notoriously hostile to Mr. Bonnell [ECF No. 113 at 2–5]. Specifically, Plaintiff contends, without any supporting evidence that Bonnell (i) "published" a YouTube video to his streaming channel on August 12, 2025, wherein he "discussed the sealed hearing and read aloud portions of the sealed transcript" [*id.* at 2.]; (ii) disseminated "Plaintiff's testimony containing sexually explicit details" [*id.* at 9]; and (iii) "edited" the video after the fact [*id.* at 4]. Plaintiff's allegations are demonstrably false.

To be clear, Bonnell neither published, displayed, transmitted, nor publicized the transcript from the June 3 hearing at any time. He did not publish any purported video to his streaming channel on August 12, 2025, nor did he edit any such video. Plaintiff has not and cannot submit any evidence to the contrary. Rather, Bonnell appeared as a guest on a third party's streaming channel ("Foodshop"), wherein he spoke briefly and vaguely about the case, which he is permitted by law to do. More importantly, even taking Plaintiff's allegations at face value, Bonnell did not disclose any personally identifying information about Plaintiff, nor did he disclose any personal or sexually explicit information to the public. To the extent that Plaintiff testified as to such sensitive matters, she did so herself in open court and without objection. Bonnell never even references that portion of her testimony during the Foodshop interview.

Plaintiff's allegations are particularly ironic, given that from the outset of this litigation, it is *Plaintiff* who has publicly discussed this case and its subject matter through a variety of platforms—including Substack, X (formerly Twitter), and the fundraising website GiveSendGo, which is linked directly to her numerous public posts. (Bonnell Decl., dated Apr. 25, 2025 [ECF No. 42-1] ¶ 23-26. at Ex. H [ECF No. 42-9].) Plaintiff has repeatedly posted online about this lawsuit, encouraged donations, and *commented on the Court's rulings*. (Brettler Decl., dated June

9

16, 2025 [ECF No. 99-1] ¶¶ 3-6 & Exs. A- D [ECF Nos. 99-2 to 99-5]; Bonnell Decl. [ECF No. 42-1] ¶¶ 23–27 & Exs. F, H–I [ECF Nos. 42-7, 42-9, 42-10].) In short, Plaintiff seeks to draw and benefit from public assistance and malign Bonnell online, while pursuing her lawsuit anonymously and seeking to muzzle Bonnell at the same time. Plaintiff cannot have it both ways.

### D. Plaintiff's Failure To Meet and Confer Adequately Serves as an Independent Basis To Deny Her Request for Sanctions.

Plaintiff failed altogether to demonstrate a violation of a court order, blatantly mischaracterized Bonnell's conduct, and failed to adequately meet and confer in good faith. Rather than engaging in a cooperative dialogue, Plaintiff's counsel imposed unilateral, arbitrary deadlines, threatened to immediately file the Motion, and demanded that Defendant stipulate to contempt and sanctions, including a payment of at least $10,000—a number that Plaintiff's counsel seemingly pulled out of thin air. Without providing admissible evidence of any violation, and instead of responding to Bonnell's request to further meet and confer, Plaintiff filed her Motion, thereby disregarding her statutory meet and confer obligations. Plaintiff's baseless request for attorneys' fees and sanctions should be denied.

Even if Plaintiff had provided a scintilla of evidence to demonstrate a violation of a court order (she has not), Plaintiff's failure to meet and confer in good faith is fatal to her otherwise baseless request for sanctions. Indeed, courts in this district repeatedly deny sanctions motions where counsel for the moving party failed to comply with their meet and confer obligations. *See Rensel v. Centra Tech, Inc.*, No. 17-CV-24500, 2020 WL 13536162, at *12 (S.D. Fla. Sept. 30, 2020) (Becerra, Mag. J.) (finding failure to comply with L.R. 7.1(a)(3) grounds to deny sanctions motion); *Club Madonna, Inc. v. City of Mia. Beach*, No. 13-23762-CIV, 2015 WL 5559894, at *9 (S.D. Fla. Sept. 22, 2015) (same, emphasizing that failure to confer waives sanctions request); *Whatley v. World Fuel Servs. Corp.*, No. 20-20993-CIV, 2020 WL 4818924, at *4 (S.D. Fla. Aug.

10

19, 2020) (Torres, Mag. J.) (denying sanctions motion for failure to meet and confer); *Latele Television, C.A. v. Telemundo Commc'ns Grp.*, No. 12-22539-CIV, 2015 WL 1412363, at *5 (S.D. Fla. Mar. 26, 2015) (same). Most recently the court in *Harris v. Virage Capital Management LP*, No. 23-23803-CIV, 2024 WL 2797400, at *6 (S.D. Fla. Mar. 27, 2024) (Torres, Mag. J.), reaffirmed that failure to comply with L.R. 7.1's conferral requirement is an independent basis to deny sanctions.

Notably, this Court has already admonished Plaintiff's counsel for failing to adequately meet and confer prior to filing motions with the Court, yet Plaintiff's counsel continues to shirk its meet and confer obligations under Local Rule 7.3. In accordance with well-established Eleventh Circuit authority, Plaintiff's Motion should be denied on that basis alone.

At the April 4, 2025 hearing on Plaintiff's Motion for a TRO, which the Court denied, Judge Becerra explicitly admonished Plaintiff's counsel for failure to adequately meet and confer with counsel for Bonnell prior to filing Plaintiff's motion, warning that such conduct will not be tolerated in the future:

> I mean it is a little odd, ma'am, I will just say. . . It's not a great way to start a case. . . You need to confer. . . And you need to confer a lot. . . [I]t does help to crystalize the issues if you at least talk to each other. . .[If] we want to go forward in a way that's productive going forward, I'm going to encourage you as best you can to talk to the lawyers. Keep talking to the defense lawyers. And I'm not telling you to agree with them, I'm just telling you that to work in good faith to try to bring things to the Court when they have been crystalized and when they have been vetted by both sides.

*See* Brettler Decl., dated Sept. 4, 2025, at Ex. B.

Here, Plaintiff's same attorney, Joan Peters, again failed to adequately meet and confer prior to filing the Motion. Specifically, on August 18, 2025, Ms. Peters sent a single email to counsel for Bonnell, wherein she accused Bonnell of a "flagrant violation" of the Court's provisional sealing order and informed counsel for Bonnell that Plaintiff intended to file a motion

11

seeking an order:

> i) holding Defendant in contempt of Court; ii) ordering Defendant to cease and desist from further violations of the sealing order; iii) ordering Defendant to pay Plaintiff's legal fees incurred due to his violation of the sealing order; and iv) requesting appropriate sanctions, including a monetary fine payable to the Court in an amount no less than $10,000.00.

*See* Brettler Decl., dated Sept. 4, 2025, ¶ 3 & Ex. A. Ms. Peters added that absent Bonnell's stipulation to the above terms, or a "reasonable solution" by Bonnell, i.e. an offer of money, Plaintiff will file her Motion with the Court. *Id.* In response, counsel for Bonnell requested that Ms. Peters provide the evidence on which Plaintiff intended to rely to substantiate her threatened motion. *Id.* The next day, Ms. Peters emailed counsel for Bonnell an assortment of links to irrelevant and unauthenticated posts by third parties on social media, namely, on Reddit and KiwiFarms, none of which demonstrated a violation of a court order by Bonnell. *Id.* at ¶ 4 & Ex. A. Ms. Peters then imposed an arbitrary deadline on Bonnell and threatened that she "will proceed with the filing of [Plaintiff's] motion unless we hear back from you by 5 pm EST today."[2] *Id.*

Just a few hours later, counsel for Bonnell emailed Ms. Peters, requesting that she allow sufficient time to consult with Bonnell about Plaintiff's allegations. *Id.* at ¶ 5 & Ex. A. Counsel for Bonnell further warned Ms. Peters that her failure to properly meet and confer will leave Bonnell no choice but to seek sanctions against her and her client. *Id.* In response, Ms. Peters tersely wrote, "Our efforts to meet and confer will end tomorrow (August 20, 2025) at noon EST." *Id.*

---

[2] Arbitrary deadlines are commonplace for Plaintiff's counsel in this case. In fact, in the Court's order on Plaintiff's Motion for Protective Order Governing Discovery, dated September 2, 2025, Magistrate Judge Torres noted Ms. Peter's arbitrary deadlines, including her demand that counsel for Bonnell respond "by noon tomorrow," and that when counsel for Bonnell was unable to substantively respond within just twelve hours, Ms. Peters abruptly concluded, "Based on your non-response, we consider our meet and confer efforts…to be exhausted." [ECF No. 116 at 2.] Ms. Peters has no interest in meeting and conferring in good faith.

Prior to Ms. Peters' arbitrary deadline, counsel for Bonnell sent an email to Ms. Peters asking for further clarification regarding the purported evidence supporting Plaintiff's proposed Motion, as well as for clarification regarding Plaintiff's grounds for an arbitrary sanctions award of $10,000. *Id.* at ¶ 6; Ex. A. Ms. Peters did not respond, and Plaintiff filed her Motion the next morning without further comment. *Id.* Plaintiff's request for sanctions should be denied accordingly.

### IV. PLAINTIFF'S FRIVOLOUS MOTION ENTITLES BONNELL TO AN AWARD OF SANCTIONS.

If any sanctions are to be imposed here, the Court should issue *sua sponte* Rule 11 sanctions against Plaintiff and her counsel. To date, Plaintiff has burdened the Court with *seven pending motions*, and the instant Motion is just the latest frivolous and "make work" motion filed by Plaintiff without legal, factual, or evidentiary basis. Enough is enough.

The Court has the inherent authority to issue Rule 11 sanctions *sua sponte*. *See ByoPlanet Int'l, LLC v. Johansson*, No. 25-CV-60630, 2025 WL 2091025, at *5 (S.D. Fla. July 17, 2025) (issuing *sua sponte* Rule 11 sanctions against an attorney who acted in bad faith for an improper purpose); *In re Engle Cases*, 283 F. Supp. 3d 1174, 1214 (M.D. Fla. 2017) (issuing *sua sponte* Rule 11 sanctions against plaintiff's counsel pursuant to the court's inherent authority). Rule 11 permits sanctions where a filing has no reasonable factual basis, rests on a legal theory with no chance of success, or is filed for an improper purpose. *Johnson v. 27th Ave. Caraf, Inc.*, 9 F.4th 1300, 1314 (11th Cir. 2021); *Gulisano v. Burlington, Inc.*, 34 F.4th 935, 941–42 (11th Cir. 2022). 28 U.S.C. § 1927 likewise authorizes sanctions against attorneys who unreasonably and vexatiously multiply proceedings. *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1242 (11th Cir. 2007). A party's bad faith may be inferred where recklessness is coupled with a frivolous argument, or where a meritorious claim is pursued for the improper purpose of harassment.

13

*Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1224 (11th Cir. 2017) ("There is nothing preventing a federal court from exercising its inherent power to sanction an attorney, a party, or a law firm for their subjective bad faith").

The instant Motion is precisely the type of frivolous filing that the Eleventh Circuit intends to prevent. On its face, Plaintiff's Motion seeks to punish Bonnell for the purported violation of an order that the Court has not made—i.e. an injunction and prior restraint on Bonnell's First Amendment rights. The Court has not yet ruled on Plaintiff's blanket request for a gag order prohibiting Bonnell from publicly discussing the lawsuit Plaintiff filed against him. The Court's provisional sealing of the hearing transcript does not change that fact. Bonnell cannot be held in contempt of an order that the Court has not made, and Bonnell is entitled to the reasonable attorneys' fees expended in opposing Plaintiff's frivolous Motion.

## V.   CONCLUSION

For the reasons stated herein, Bonnell respectfully requests that the Court deny Plaintiff's Motion in its entirety. Bonnell further requests that the Court award him his reasonable attorneys' fees and costs expended in opposing Plaintiff's frivolous Motion.

| | |
|---|---|
| Dated: September 4, 2025 | Respectfully submitted, |
| | **BILZIN SUMBERG BAENA PRICE & AXELROD LLP**<br>1450 Brickell Avenue, Suite 2300<br>Miami, Florida 33131<br>Tel.: (305) 374-7580<br>Fax: (305) 374-7593 |
| | By: /s/ *Robert L. Raskopf*<br>Florida Bar No.: 1040022<br>rraskopf@bilzin.com<br>Patricia M. Patino, Esq.<br>Florida Bar No.: 1007702<br>ppatino@bilzin.com |

and

**BERK BRETTLER LLP**
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel: (310) 278-2111

By: /s/ *Andrew B. Brettler*
Andrew B. Brettler, Esq.
California Bar No.: 262928
abrettler@berkbrettler.com
Jake A. Camara, Esq.
California Bar No.: 305780
jcamara@berkbrettler.com
(admitted pro hac vice)


*Counsel for Steven K. Bonnell II*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 4, 2025, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record, including those listed in the below Service List, via transmission of Notices of Electronic Filing generated by CM/ECF.

<u>/s/ Robert L. Raskopf</u><br>
Attorney

## SERVICE LIST
*Jane Doe v. Steven K. Bonnell II*
*Case No.: 1:25-cv-20757-JB*

Carlos A. Garcia Perez, Esq. Sanchez-Medina, Gonzalez, Quesada, Lage, Gomez & Machado, LLP 201 Alhambra Circle, Suite 1205 Coral Gables, Florida, 33134 Email: cgarciaperez@smgqlaw.com

Joan Schlump Peters, Esq. JSP LAW, LLC 4819 W. Blvd. Ct. Naples, Florida 34103 Email: petersjoan@bellsouth.net

*Counsel for Jane Doe*