**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

Case No.: 1:25-cv-20757-JB/Torres

JANE DOE,

    Plaintiff,

v.

STEVEN K. BONNELL II,

    Defendant.

_____/

## DECLARATION OF ANDREW B. BRETTLER IN SUPPORT OF DEFENDANT STEVEN K. BONNELL'S OPPOSITION TO PLAINTIFF JANE DOE'S MOTION FOR AN OSC RE: CONTEMPT AND SANCTIONS

I, Andrew B. Brettler, declare, pursuant to 28 U.S.C. § 1746 as follows:

1. I am an attorney admitted to practice *pro hac vice* in the above-captioned action. I am a partner at the law firm Berk Brettler LLP in West Hollywood, California. Along with our local counsel Bilzin Sumberg Baena Price & Axelrod LLP, we represent Defendant Steven K. Bonnell II. I have personal knowledge of the matters contained herein and if called upon to testify could offer competent testimony thereto.

2. I submit this Declaration in support of Defendant's Opposition to Plaintiff's Motion for Order to Show Cause re Contempt and Sanctions [ECF No. 113] (the "Motion").

3. On August 18, 2025, Ms. Peters sent me an email, wherein she accused Bonnell of a "flagrant violation" of the Court's provisional Sealing Order and informed me that she intended to file a motion seeking an order "i) holding Defendant in contempt of Court; ii) ordering Defendant to cease and desist from further violations of the sealing order; iii) ordering Defendant to pay Plaintiff's legal fees incurred due to his violation of the sealing order; and iv) requesting appropriate sanctions, including a monetary fine payable to the Court in an amount no less than

$10,000.00." Ms. Peters further stated that absent Bonnell's stipulation to such orders, or absent a "reasonable solution" by Bonnell, *i.e.* an offer of money, Plaintiff will seek such relief from the Court. In response, I requested that Ms. Peters provide the evidence on which Plaintiff intended to rely to substantiate her threatened motion.

4. The next day, Ms. Peters sent a follow-up email containing an assortment of links to irrelevant and unauthenticated posts by third parties on social media, namely, on Reddit and KiwiFarms, none of which demonstrated the violation of a court order by Bonnell. Ms. Peters then arbitrarily threatened that they "will proceed with the filing of [Plaintiff's] motion unless we hear back from you by 5 pm EST today."

5. Just a few hours later, I emailed Ms. Peters requesting that she allow sufficient time to consult with my client about Plaintiff's allegations, and I warned Ms. Peters that her failure to do so will leave Bonnell no choice but to seek sanctions against her and her client. In response, Ms. Peters wrote, "Our efforts to meet and confer will end tomorrow (August 20, 2025) at noon EST."

6. Prior to Ms. Peters's arbitrary deadline, I emailed Ms. Peters asking for further clarification regarding the purported evidence supporting Plaintiff's proposed Motion, as well as for clarification regarding Plaintiff's grounds for an arbitrary sanctions award of $10,000. Ms. Peters did not respond to my email, and Plaintiff filed her Motion the next morning without further comment.

7. Attached hereto as **Exhibit A** is a true and correct copy of my August 18–20, 2025 email correspondence with Ms. Peters.

8. At the April 4, 2025 hearing on Plaintiff's Motion for a TRO, which the Court denied, Judge Becerra previously warned Plaintiff's counsel about her failure to adequately meet

2

and confer prior to engaging in motion practice. Attached hereto as **Exhibit B** is a true and correct copy of excerpts from the transcript of the April 4, 2025 hearing on Plaintiff's Motion for TRO.

      I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

                                                               /s/ *Andrew B. Brettler*
                                                            Andrew B. Brettler