UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-20757-CIV-BECERRA/TORRES

JANE DOE,

    *Plaintiff,*

v.

STEVEN K. BONNELL II,

    *Defendant.*

_____/

## ORDER ON MOTION
## FOR LEAVE TO AMEND COMPLAINT

This matter is before the Court on Plaintiff Jane Doe's Motion for Leave to File Amended Complaint. [D.E. 107]. Defendant timely responded [D.E. 109] and Plaintiff timely replied [D.E. 110]. After careful consideration of the Motion, Response, Reply, relevant authority, and for the reasons discussed below, Plaintiff's motion for leave to amend her complaint is **GRANTED**.

### I. BACKGROUND

This case stems from what Plaintiff alleges is Defendant's wrongful dissemination of a video of a sexual nature (the "Video") involving both Ms. Doe and Mr. Bonnell. Defendant, for his part, alleges that the situation was more complex in that both Plaintiff and Defendant repeatedly shared similar materials (involving third parties) with each other, and that practice, in effect, extended to other individuals. [D.E. 42 at 8–9]. It was then one of those other individuals, "Rose," whose Discord account was allegedly hacked, which resulted in the leak of several

1

videos of a sexual nature involving Defendant, including the Video. *Id.* at 9; [D.E. 42-1]. Presumptively due to the nature of the case, the Parties—and their counsel—have proceeded to throw the proverbial kitchen sink at one another. This has resulted in a litany of briefing before the Court.

Of particular focus here is Plaintiff's Motion for Leave to File Amended Complaint [D.E. 107]. In so filing, Plaintiff is seeking to preemptively address what Defendant characterizes as a lack of subject matter jurisdiction. In terms of briefing, Defendant has never proactively filed a motion challenging the Court's subject matter jurisdiction over the case but, instead, has raised it in response to several of Plaintiff's motions. *See, e.g.*, [D.E. 42 at 14]; [D.E. 109 at 4]. Defendant's argument as to the lack of subject matter jurisdiction is as follows: Plaintiff made the "understandable" mistake of misinterpreting evidence regarding a Discord chat where Defendant shared the Video with another individual as showing that the conversation took place in October 2022, when it actually took place in April 2022. [D.E. 42 at 14]. The singular federal law under which Plaintiff is claiming federal question subject matter jurisdiction (15 U.S.C. § 6851, "Civil action relating to disclosure of intimate images," or, "CARDII") only went into effect on October 1, 2022, and is not one that applies retroactively. [D.E. 109 at 4]. Hence, says Defendant, CARDII cannot be invoked here, and there is no remaining federal claim giving rise to this Court's jurisdiction. *Id.* at 4–5. Therefore, any amendment to the operative Complaint would be futile for want of jurisdiction. *Id.* at 5–7.

In response and though not conceding that such an "understandable mistake" took place, Plaintiff now seeks to preemptively address any possible jurisdictional deficiency by amending her operative Complaint to add allegations regarding the wider dissemination of the Google Drive where Defendant is alleged to have kept a trove of videographic material of a sexual nature, including the Video. [D.E. 107 at 3–4] (this, in addition to a prior allegation from May 2025 that Defendant also sent the Video to "Abbymc," *see* [D.E. 48]). And because, says Plaintiff, the Google Drive was consistently available to many individuals and that availability continued through the period where CARDII took effect, CARDII indeed applies; this Court has jurisdiction to hear the case; and amendment is not futile. [D.E. 107 at 3–4].

## II.     APPLICABLE PRINCIPLES AND LAW

### A. *The Jurisdiction of Federal Courts*

Federal courts are courts of limited jurisdiction, meaning they only have the power to provide a forum for some, not all, disputes. *See Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1260–61 (11th Cir. 2000) ("Federal courts have limited subject matter jurisdiction, or in other words, they have the power to decide only certain types of cases."). "A district court can hear a case only if it has at least one of three types of subject matter jurisdiction: (1) jurisdiction under specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (citations and internal quotations omitted). "A federal court not only has the power but also the obligation at any time

3

to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Johansen v. Combustion Eng'g, Inc.*, 170 F.3d 1320, 1328 n.4 (11th Cir. 1999). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Beavers v. A.O. Smith Elec. Prods. Co.*, 265 F. App'x 772, 777 (11th Cir. 2008) (citations omitted).

### B. *Amendments to Pleadings*

Federal Rule of Civil Procedure 15(a) governs amendments to pleadings. A party may amend any pleading once as a matter of right before a responsive pleading has been filed or within twenty-one (21) days after serving the pleading if no responsive pleading is allowed. *See* Fed. R. Civ. P. 15(a)(1). In all other situations, the amending party must obtain written consent from the opposing party or leave of the court to amend the pleading. *See* Fed. R. Civ. P. 15(a)(2). The rule declares that leave to amend "shall be freely given when justice so requires." *Id.* If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. *See Foman v. Davis,* 371 U.S. 178, 182 (1962).

Any amendments leading to a modification of the required pretrial scheduling order are subject to a "good cause standard of scrutiny." *See* Fed. R. Civ. P. 16(b)(4). That means that, after the deadline for amending pleadings set forth in a scheduling order has passed, the party seeking the amendment must show good cause on why leave to amend the complaint should be granted. *See, e.g.*, *Ray v. Equifax Info. Servs., LLC*, 2009 WL 977313, at *1 (11th Cir. 2009) (citing *Sosa v. Airprint Sys., Inc.*, 133

F.3d 1417, 1419 (11th Cir. 1998)). A district court need not allow an amendment where allowing the amendment would cause undue prejudice to the opposing party. *See Bryant v. Dupree,* 252 F.3d 1161, 1163 (11th Cir. 2001).

Of course, the grant or denial of an opportunity to amend is within the discretion of the district court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules. *Id.* In the absence of any apparent or declared reason the leave sought should, as the rules require, be "freely given." *Id.* Substantial reasons justifying a court's denial of a request for leave to amend include undue delay, bad faith, or dilatory motive on the part of the movant, and repeated failure to cure deficiencies by amendments previously allowed. *See, e.g.*, *Well v. Xpedx*, No. 8:05-2193-CIV, 2007 WL 1362717, at *1 (M.D. Fla. May 7, 2007) (citing *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999)).

Additionally, a district court may properly deny leave to amend when an amendment would be futile. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–263 (11th Cir. 2004); *see also Eveillard v. Nationstar Mortg. LLC*, No. 14-61786-CIV, 2015 WL 1191170, at *6 (S.D. Fla. Mar. 16, 2015) ("The law in this Circuit is clear that 'a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile.'") (quoting *Hall*, 367 F.3d at 1263). "When a district court denies the plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would

5

necessarily fail." *St. Charles Foods, Inc. v. Am.'s Favorite Chicken Co.*, 198 F.3d 815, 822 (11th Cir. 1999). This determination is akin to a finding that the proposed amendment would not survive a motion to dismiss. *See Christman v. Walsh*, 416 F. App'x 841, 844 (11th Cir. 2011) ("A district court may deny leave to amend a complaint if it concludes that the proposed amendment would be futile, meaning that the amended complaint would not survive a motion to dismiss.").

## III.   ANALYSIS

The question of whether we have subject matter jurisdiction is not so clear cut as the Parties would have us believe. Accordingly, each Party accuses the other of not producing any evidence to support their respective claims as to when Defendant disseminated the Video and to whom. [D.E. 107 at 4] ("Despite Defendant's lack of corroborating evidence for this contention . . ."); [D.E. 109 at 4] ("Plaintiff has produced no admissible evidence to demonstrate otherwise."). As to Plaintiff's allegations that Defendant "transmitted the Video to [another individual,] Abbymc[,] after the effective date of the CARDII statute," Defendant argues that Abbymc should have testified at an earlier, June 3, 2025, hearing before the Court that touched on, among other issues, subject matter jurisdiction. [D.E. 109 at 5].[1] Defendant, for his

---

[1] Defendant also argues that Plaintiff's current allegations re when Abbymc received the Video from Defendant and corresponding proposed amendment to the operative Complaint are contradictory. *Compare* [D.E. 48 at 1] ("Abbymc describes Defendant . . . as sharing a sexually explicit video of himself and the Plaintiff via a Google Drive link on November 3, 2023[.]") *with* [D.E. 107-1 ¶¶ 14 ("Sometime in March 2023, Bonnell began messaging with a fan of his on Instagram with the screen name Abbymc. Over the course of their ensuing relationship, Bonnell sent Abbymc multiple sexually explicit videos[, including the Video,] through his Google Drive link."), 15 ("Sometime after receiving the Video, Abbymc messaged a friend of hers and told her

part, leans on his declaration as to the date formatting of the Discord chat primarily at-issue:

> Plaintiff's mistake [as to the Discord chat having occurred on October 4, 2022] is understandable: In a screenshot of the transmission, the date of the communication appears as "10/04/22." *See* Bonnell Decl. ¶ 9 Ex. C. However, the date is reflected using the European time zone. *Id.*

[D.E. 42 at 14].

But Mr. Bonnell's declaration then states that:

> Based on information and belief, I have not sent the Video to anyone other than Rose. I certainly have not sent the Video to anyone *since* I sent the Video to Rose on April 9, 2022. Attached hereto as **Exhibit C**, is a true and correct copy of my Discord exchange with Rose, dated April 9, 2022, beginning at 8:06 p.m. EDT. On page 2 of the Exhibit, because it is a screenshot from Rose's side of the conversation, the date of the transmission is reflected in European format (i.e., day/month/year). The timestamps on page 2 of the Exhibit reflect that Rose was corresponding from a time zone five hours ahead of me in Miami, Florida. It was April 10, 2022, at 1:06 a.m. UTC (i.e., April 9, 2022[,] at 8:06 p.m. EDT), when Rose and I began corresponding regarding the Video.

---

friend that Bonnell had sent her a sexually explicit video of the streamer Pxie.") (referencing the exhibit text message at [D.E. 86-1])]. To that end, Defendant alleges that the proposed amended complaint now asserts, as a ploy to establish jurisdiction, that "'sometime' before November 3, 2023," Defendant sent the link to Abbymc. [D.E. 109 at 7]. It merits noting that Abbymc submitted a signed declaration attesting to the transmission of the Video occurring "on or about" November 3, 2023. [D.E. 77]; [D.E. 48]; [D.E. 76]. That *both* Plaintiff and Defendant at times mischaracterize Abbymc's "on or about" testimony as occurring "*on*" November 3, 2023, does not change her testimony, but does add necessary context. In other words, the alleged transmission of the Video and message to a friend could well have been two chronologically separate events that both align with Abbymc's "on or about" testimony. The text of the chat snippet at [D.E. 86-1], dated "11/3/23," is consistent with this: "btw destiny sends me sex tapes all the time and he thinks idk the girls in them but I have videos of him fucking cheiry and pxie like lmfao he just sent me another one haven't opened it let's see who he's fucking this time[.]" So, the alleged transmission of the Video could indeed have taken place "on *or about*" November 3, 2023, without making the allegations inherently incongruous.

7

[D.E. 42-1 ¶ 9] (emphasis in original). And for all of Defendant's protests that Abbymc should have testified at the hearing, noticeably absent from Defendant's arguments, generally, regarding subject matter jurisdiction is testimony *from Rose* that would corroborate Defendant's characterization of the Discord chat in his declaration—a characterization that incorporates in Exhibit C a screenshot from Rose's Discord account that Plaintiff could not have obtained on his own, from his side of the conversation. Thus, as it stands at this stage of the case, the evidence purportedly establishing a definitive timeline as to what Defendant did or did not do and when is murky at best.

In any event and under the circumstances, we need not reach a decision on jurisdiction today. "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653; *see Cohen v. Burlington, Inc.*, No. 12-13222, 2023 WL 4364499, at *3–4 (11th Cir. July 6, 2023) (assessing whether the Court of Appeals has subject matter jurisdiction and noting that plaintiffs are usually able to amend their complaint, even on appeal, when such jurisdiction is deficient). "This provision, like rule 15(a), should be liberally construed." *Miller v. Stanmore*, 636 F.2d 986, 990 (5th Cir. 1981). "[L]eave to amend should be freely granted when necessary to cure a failure to allege jurisdiction properly." *Majd-Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 903 n.1 (11th Cir. 1984). At this juncture, we need not reach an answer as to jurisdiction, because, even if Plaintiff's jurisdictional allegations were initially defective, "the proper course" in this instance would be to grant leave to amend. *Id.*

Based on the record before the Court, there is nothing to suggest Plaintiff's motion is the result of undue delay, dilatory motive, or is otherwise in bad faith. *See Well*, 2007 WL 1362717, at *1. It is worth noting that Plaintiff is incorrect that she timely filed her motion to amend, for which the deadline per [D.E. 23] was July 6, 2025. [D.E. 23 at 1]; [D.E. 107 at 3]. That said, Plaintiff filed on July 7, 2025, and we are loath to consider that single day as undue delay or dilatory motive. And it is true that Defendant has been raising the question of subject matter jurisdiction in various responses to Plaintiff's motions, and thus cannot be surprised at, and should not be unduly prejudiced by, Plaintiff's request for leave to amend. *See, e.g.*, [D.E. 42 at 14]. The Parties have even mutually elected to somewhat pause discovery pending the Court's resolution of Plaintiff's Motion for Protective Order [D.E. 82]. [D.E. 107 at 3 n.1]. Thus, as leave to amend should be "freely given" in the absence of substantial reason to deny leave, *Bryant*, 252 F.3d at 1163, Plaintiff's motion for leave to file her amended complaint is **GRANTED**.

Should Defendant believe, after the filing of Plaintiff's amended complaint, that this Court still does not have subject matter jurisdiction, Defendant is free to file a 12(b)(1) motion, or otherwise generally respond to Plaintiff's briefing, arguing as much.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiffs' motion for leave to amend is **GRANTED**. [D.E. 107]. Plaintiff shall promptly file her First Amended Complaint on the docket.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 4th day of September, 2025.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge