UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Miami Division

**JANE DOE**,　　　　　　　　　　　　　　　　Case No:　1:25-cv-20757-JB/Torres

　　　　Plaintiff,

vs.

**STEVEN K. BONNELL II**,

　　　　Defendant.

_____/

**PLAINTIFF JANE DOE'S REPLY IN SUPPORT OF HER MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANT SHOULD NOT BE HELD IN CONTEMPT AND FOR SANCTIONS**

　　　　Plaintiff Jane Doe, by and through the undersigned counsel, submits this Reply in Support of her Motion for Order to Show Cause Why Defendant Should Not Be Held in Contempt and for Sanctions, and respectfully states as follows:

**I. INTRODUCTION**

　　　　Defendant Bonnell openly violated this Court's Sealing Order [ECF 91] by reading aloud from and displaying the sealed June 3, 2025, hearing transcript during a livestream broadcast. Defendant's Opposition [ECF 118] disingenuously and audaciously purports to contend that such conduct did not violate the Sealing Order, because the Sealing Order "*merely…prohibits the parties from publicly filing the transcript on the Court docket*." Opp. p. 6 (emphasis supplied). This grossly distorted interpretation of what the Sealing Order proscribes is not supported by *any* legal authority. Defendant would have this Court hold that even though a document or transcript

is sealed by the Court, a party can read the document or transcript aloud to thousands of people. This nonsensical interpretation would render this Sealing Order and all sealing orders meaningless.

Defendant also purports to claim that his actions were constitutionally protected "commentary." This baseless argument does not withstand scrutiny either.

The Sealing Order sealed the transcript in its entirety, including its contents. Courts in this Circuit and the Supreme Court have made clear that litigants must obey such orders unless and until modified. Bonnell's unilateral decision to defy the Court's directive warrants a finding of contempt and meaningful sanctions to deter future misconduct.

## II. PLAINTIFF CLEARLY AND CONVINCINCINGLY ESTABLISHED DEFENDANT'S VIOLATION OF THE COURT ORDER

A finding of civil contempt must be supported by clear and convincing evidence. *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1296 (11th Cir. 2002). Here, the evidence presented by Plaintiff, *ie*. the actual video of Bonnell reading aloud from the hearing transcript, is clear and convincing.

The evidence must establish that: (1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order. *Riccard*, 307 F.3d at 1296. Here, the Sealing Order is valid and unlawful (despite Defendant's disagreement with it, see below), the Order was clear and unambiguous, and Bonnell had the ability to comply (but simply chose not to). Indeed, Bonnell does not dispute that the Order was valid,[1] or that it was clear and unambiguous, or that he had the ability to comply. On this basis alone, a finding of civil contempt should be made.

---

[1] Although Defendant refers to the Sealing Order as a "provisional order," and "not a final order," this is in no way a claim or basis of invalidity. Opp. p. 7. Defendant also reiterates his

Moreover, the absence of willfulness is not a defense to a charge of civil contempt, and substantial, diligent, or good faith efforts are not enough; the only issue is compliance. *See, e.g., McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191, 69 S. Ct. 497, 499, 93 L. Ed. 599 (1949); *Combs v. Ryan's Coal Co.*, 785 F.2d 970, 984 (11th Cir. 1986). Although willfulness is not necessary to establish, here Bonnell's deliberate reading aloud of the transcript can only be seen as willful. "We do not focus 'on the subjective beliefs or intent of the alleged contemners in complying with the order, but whether in fact their conduct complied with the order at issue.'" *FTC v. Leshin*, 618 F.3d 1221, 1232-33 (11th Cir. 2010) (upholding contempt sanctions for violating court order). Bonnell did *not* in fact comply with the Sealing Order, and his "subjective beliefs," as set forth in the Opposition, that he purportedly complied with the Order should be disregarded as farcical.

### A. <u>THE COURT'S ORDER SEALED THE CONTENTS OF THE TRANSCRIPT</u>

The Sealing Order unambiguously ordered that the transcript at D.E. 90 be "fully sealed, pending further order." [ECF No. 91]. Defendant, in a blatant attempt to gaslight the Court,

---

arguments that were set forth in his Opposition to Plaintiff's Motion to Seal the June 3, 2025 Hearing Transcript [ECF 101], but that motion is not before the Court. Defendant has not presented any reason to undermine the validity of the Sealing Order. Even if Bonnell had contested the validity of the Sealing Order (he did not), the Supreme Court has held that, "It is for the court of first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either by itself or by a higher court, its orders based on its decision are to be respected, and disobedience of them is contempt of its lawful authority, to be punished." *Walker v. Birmingham*, 388 U.S. 307, 314, 87 S. Ct. 1824, 1828 (1967). The remedy for perceived overbreadth was to seek modification, not to defy the order in a public broadcast. Bonnell's conduct falls squarely within the type of sanctionable disobedience this case addresses.

contends this directive merely barred public access to the PDF on the docket. Opp. p. 5. That deliberately distorted reading ignores both the plain meaning and purpose of the Order.

Sealing orders are designed to protect sensitive information from public disclosure. To suggest Defendant remained free to broadcast the same contents orally or by screenshot would render sealing meaningless. *See Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1302 (11th Cir. 1991) (civil contempt appropriate where party disclosed discovery materials contrary to protective order). *See also, Romano v. SLS Residential, Inc.*, 298 F.R.D. 103, 110-11 (S.D.N.Y. 2014)(**"**Moreover, the evident purpose of [a sealing] order is to limit public access to those records…"). Defendant's conduct directly subverted the Court's directive.

Moreover, the Opposition's feigned ignorance of what the Sealing Order proscribes is belied by Defendant's own public statements acknowledging that he could not read the transcript out loud due to the Sealing Order.[2] Thus Bonnell was well aware of what was proscribed by the Sealing Order despite his counsel's deliberately obtuse misinterpretation set forth in the Opposition.

**B. PLAINTIFF IS NOT SEEKING TO HOLD DEFENDANT IN CONTEMPT FOR "PUBLICLY DISCUSSING THE LAWSUIT"**

The simple issue before the Court is whether or not Defendant violated the Sealing Order by reading aloud from the transcript on a livestream. Defendant attempts to obfuscate the issue by

---

[2] See ECF 113 at p. 3: Bonnell: "Dude, that transcript is, when I get to read that, there's no shot that it's going to be sealed forever." See also ECF 113 at p. 2, and FN1. See also:

Destiny Revived_Mearry I think they've known for a while now that their case is dead
Destiny I can't read it straight from the transcript, but they admitted in court that the Abby evidence is a lie
Destiny Which means the court has no subject matter jurisdiction which means the whole thing will be dismissed on summary judgment

asserting that "Plaintiff contends that the [Sealing Order] operates to silence and enjoin Bonnell from publicly discussing the lawsuit filed against him." Opp. p. 5. Plaintiff made no such contention. Although Bonnell publicly discusses the lawsuit on a daily basis on his livestream, including an hour and thirty-minute livestream solely about the June 3rd hearing[3], that is not the subject of the instant Motion for Contempt. Perhaps Defendant is confusing the instant Motion for Contempt with Plaintiff's Motion for a Protective Order Governing Public Commentary [ECF 84] which addresses Bonnell's vitriolic and threatening attacks on Plaintiff, her counsel and her witnesses, as well as complete fabrications of the evidence (see FN 2). But that is not before the Court at this time and thus Defendant's arguments pertaining to alleged "gag orders" and Bonnell's First Amendment rights have absolutely no relevance to the issue at hand. See Opp. pp. 5-6.

Indeed, the First Amendment provides no defense for contempt, and Defendant's reliance on it is misplaced. Defendant insists he had a constitutional right to "comment" on this case. But the issue at hand is not his general commentary—it is his violation of a sealing order.

## C. **THE EVIDENCE IS ADMISSIBLE AND ESTABLISHES A WILLFUL VIOLATION**

Defendant, without providing any legal support, dismisses the livestream recording as "inadmissible." Opp. pp. 8-9. But courts routinely accept video and transcript comparisons as competent proof in contempt proceedings. The video recording shows Defendant reading *verbatim* from the sealed transcript, pausing to instruct another streamer not to display what he was showing. Under Federal Rule of Evidence 801(d)(2), the video is admissible as a party-opponent admission and thus is not hearsay. These admissions supply clear and convincing evidence that he possessed

---

[3] See https://www.youtube.com/watch?v=cLqgOumO0AE.

and disseminated the transcript in defiance of the sealing order. Under Federal Rule of Evidence 901, the video is authenticated by comparing the voice and appearance of Bonnell to that of Bonnell in the video recording. Indeed, the Defendant has *not* denied that he is the person in the Youtube video reading aloud from the transcript, nor can he, nor does he contend the video was altered in any way. Incredibly though, Defendant instead contends that he merely "spoke briefly and vaguely about the case." Opp. p. 9. Defendant's position is akin to denying the sun at noon – *ie.*, a refusal to acknowledge what is in plain sight. This absurd denial warrants sanctions in and of itself.

### III. <u>**PLAINTIFF SATISFIED CONFERRAL REQUIREMENTS**</u>

Defendant's accusation that Plaintiff failed to confer is unfounded. Plaintiff's counsel notified Defendant's counsel of the violation of the Sealing Order on the morning of August 18, 2025. See Dkt. 118-2. Plaintiff's counsel asked Defendant's counsel if they would stipulate to the violation and appropriate remedies, or if they had "*any reasonable solution that would obviate our need to seek relief from the Court while ensuring that your client does not continue to repeat this type of conduct*." Id.  Counsel for Defendant, Mr. Brettler, did not bother responding until the next day, August 19th. Id. When Mr. Brettler finally deigned to respond, he categorically denied any wrongdoing by Bonnell. Id. Mr. Brettler also requested any evidence that Plaintiff had of Bonnell's violation, which Plaintiff's counsel promptly provided. Id.  A few hours later, not having received any response from Mr. Brettler, Plaintiff's counsel asked Mr. Brettler for a response by the end of the day. Id. Mr. Brettler replied that he needed "sufficient time to consult with our client and revert to you." Despite the fact that more than sufficient time had already been accorded, in good faith Plaintiff's counsel gave him more time to "consult" with Bonnell and revert back. Id. Plaintiff

waited until August 21, 2025 before filing the Motion for Contempt, however, Mr. Brettler **never** responded. Mr. Brettler's categorical denial of any violation by Bonnell, and lack of response, rendered further conferral *futile*. Local Rule 7.1 requires good faith effort, not endless dialogue when the opposing party refuses to engage in a meaningful way. If any party failed to confer in good faith, it was Defendant, not Plaintiff.

## IV. SANCTIONS ARE NECESSARY TO DETER FUTURE VIOLATIONS

Incredulously, Bonnell has the boldfaced temerity to assert that he is entitled to Rule 11 sanctions. Opp. pp. 13-14. This temerity, along with Bonnell's temerity in brazenly defying the Sealing Order, and then absurdly denying that he did so, only highlights the need for serious sanctions. Absent meaningful sanctions, he will continue to disregard the Court's orders. Plaintiff respectfully requests that the Court:

1. Hold Defendant in civil contempt;
2. Order immediate removal of any content quoting or displaying the sealed transcript;
3. Direct Defendant to cease and desist from further disclosure of sealed materials; and
4. Impose monetary sanctions, including Plaintiff's attorneys' fees and a fine sufficient to deter future violations.[4]

## V. CONCLUSION

**WHEREFORE**, for all the above reasons, and those set forth in Plaintiff's Motion, Plaintiff respectfully requests that the Court grant her Motion, hold Defendant in contempt, and impose the sanctions described above.

---

[4] See Exhibit A hereto for Proposed Order Granting Plaintiff's Motion for Order to Show Cause and Imposing Sanctions.

DOE v BUNNELL
1:25-cv-20757-JB/Torres

Dated: September 11, 2025.

                                              Respectfully submitted,

| | |
|---|---|
| **JSP LAW, LLC** | **SANCHEZ-MEDINA GONZALEZ A** |
| Joan Schlump Peters | **LAGE GOMEZ & MACHADO, LLP** |
| (admitted *pro hac vice*) | CARLOS A. GARCIA PEREZ |
| 4819 W. Blvd. Ct. | Florida Bar No. 106895 |
| Naples, FL 34103 | GUSTAVO D. LAGE |
| Tel. 305-299-4759 | Florida Bar No. 972551 |
| Email: petersjoan@bellsouth.net | 201 Alhambra Circle, Suite 1205 |
| | Coral Gables, Florida, 33134 |
| | Tel.: (305) 377-1000 |
| | Primary E-Mail: cgarciaperez@smgqlaw.com |
| | Primary E-Mail: glage@smgqlaw.com |
| | Counsels for Plaintiff |

By: _____
      CARLOS A. GARCIA PEREZ

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 11, 2025 a true and correct copy of the foregoing was served on all parties via the CM/ECF filing portal to all counsel of record.

By: _____
      CARLOS A. GARCIA PEREZ
      Attorney for Plaintiff