UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**JANE DOE,**

    Plaintiff,
v.                                                                          CASE NO: 1:25-cv-20757-JB/Torres

**STEVEN K. BONNELL II,**

    Defendant.
_____/

**PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE
TO FILE EXHIBITS UNDER SEAL**

Pursuant to Local Rule 5.4 of the Southern District of Florida, and 15 U.S.C. §6851, Plaintiff Jane Doe, by and through her undersigned counsel, respectfully moves this Court for leave to file under seal the unredacted version of Exhibits B and C to Plaintiff's Opposition to Defendant's Motion to Dismiss Amended Complaint (ECF No. 139). In support of this good cause motion, Plaintiff states as follows:

Exhibits B and C contain sensitive, confidential and identifying information regarding Rose, one of the individuals to whom Defendant disclosed sexually explicit materials involving Plaintiff. Exhibit B is a Department of Motor Vehicles certified driving record of Rose. Exhibit B contains highly sensitive information such as Rose's legal name, address, date of birth, personal description, and driver's license number. Exhibit C is excerpts of a chat thread between Defendant and Rose that was produced by Defendant and designated by Defendant as "CONFIDENTIAL" pursuant to the Court's Protective Order (ECF 116).   Sealing is necessary to protect the substantial privacy interests of Rose, particularly because she was a minor during the time period relevant to the allegations of the Amended Complaint.

1

Plaintiff requests that the seal remain in place for the duration of the litigation, including any appeals, to ensure ongoing protection of Rose's identity. This duration is consistent with the need to protect against the publicization of intimate matters. *See Doe Williams v. Williams*, 2024 U.S. Dist. (S.D. Miss. May 31, 2024).

The Eleventh Circuit recognizes a "presumptive common law right to inspect and copy judicial records," but this right is not absolute and may be overcome by a showing of good cause. *Romero v. Drummond Co.*, 480 F.3d 1234, 1245-46 (11th Cir. 2007). Courts balance the public's right of access against the party's interest in confidentiality, considering factors such as "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, … and the availability of a less onerous alternative to sealing the documents." *Id.* at 1246; *see also Jankula v. Carnival Corp.*, 2019 WL8051719 at *2 (S.D. Fla. September 5, 2019).

In the instant case, good cause for sealing Exhibits B and C is unequivocally established, as the documents contain highly sensitive details identifying Rose. Public disclosure of her identity would expose Rose to harassment and humiliation. The public's interest in knowing the identity of Rose is minimal compared to the privacy interests at stake, and sealing will not impair court functions, as the Court can review the unredacted documents.

Moreover, regarding Exhibit C, which Defendant marked as "Confidential," pursuant to the Court's Protective Order "[a]ny Party seeking to use documents, excerpts of documents, transcripts or other materials containing or reflecting Confidential Information shall file a motion or an application for an order sealing the specific record sought to be filed or lodged with the Court, to the extent permitted and/or required." (ECF 116, ¶12). Thus, Exhibit C should be filed under seal to prevent disclosure to the public and accordingly abide by the Court's Protective Order.

Plaintiff has attached hereto as **Exhibit A** a proposed order granting this motion, in accordance with Administrative Order 2018-71 and the CM/ECF Administrative Procedures of the Southern District of Florida. The person authorized to retrieve any sealed, tangible items is: Carlos A. Garcia Perez, Sanchez-Medina, Gonzalez, Quesada, Lage, Gomez & Machado, LLP 201 Alhambra Circle, Suite 1205 Coral Gables, Florida 33134 Telephone: (305) 377-1000 Email: cgarciaperez@smgqlaw.com.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant leave to file the unredacted versions of Exhibits B and C under seal, to remain sealed for the duration of the litigation, including any appeals, and enter an order directing the Clerk to maintain these documents under seal.

### CERTIFICATE OF CONFERRAL PURSUANT TO LOCAL RULE 7.1(a)(2)

WE HEREBY CERTIFY that the undersigned counsel conferred with counsel for Defendant and certifies that Defendant has no objection the relief requested in this Motion.

Dated: October 3, 2025.

Respectfully submitted,

**SANCHEZ-MEDINA, GONZALEZ, QUESADA, LAGE, GOMEZ & MACHADO, LLP**

*/s/Carlos A. Garcia Perez*
CARLOS A. GARCIA PEREZ
Florida Bar No. 106895
GUSTAVO D. LAGE, ESQ.
Florida Bar No. 972551
201 Alhambra Circle, Suite 1205
Coral Gables, Florida, 33134
Tel.: (305) 377-1000
Primary E-Mail:
cgarciaperez@smgqlaw.com

Secondary E-Mail:
angie@smgqlaw.com

JSP LAW, LLC
*/s/ Joan Schlump Peters*
Joan Schlump Peters (admitted *pro hac vice*)
4819 W. Blvd. Ct.
Naples, Florida 34103
Tel.: 305-299-4759
Email: petersjoan@bellsouth.net

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system and copies were electronically sent to all counsel of records via the same.

By: */s/Carlos A. Garcia Perez*
Attorney for Plaintiff