**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 25-20757-CIV-BECERRA/TORRES

Jane Doe,

    *Plaintiff*,

v.

Steven K. Bonnell, II,

    *Defendant*.

_____/

**ORDER ON PLAINTIFF'S MOTION FOR ENTRY OF**
**ORDER TO COMPEL LOLCOW LLC TO REMOVE VIDEOS**

This matter is before the Court on Plaintiff Jane Doe's Motion for Entry of Agreed Order to Compel Lolcow LLC to Remove Videos. [D.E. 80]. Defendant timely responded [D.E. 83], to which Plaintiff timely replied [D.E. 94]. Plaintiff also filed on the docket a stipulation between Plaintiff and Nonparty Lolcow, LLC ("Kiwi Farms") regarding limited submission to jurisdiction. [D.E. 93]. Accordingly, Plaintiff's motion is ripe for disposition. After careful review of the Motion, Response, Reply, relevant authority, and for the reasons discussed below, Plaintiff's Motion is **DENIED**.

***I.   BACKGROUND***

This case stems from what Plaintiff alleges is Defendant's wrongful dissemination of a video of a sexual nature (the "Video") involving both Ms. Doe and

Mr. Bonnell. Defendant, for his part, alleges that the situation was more complex in that both Plaintiff and Defendant repeatedly shared similar materials (involving third parties) with each other, and that practice, in effect, extended to other individuals. [D.E. 42 at 8–9]. It was then one of those other individuals, "Rose," whose Discord account was allegedly hacked, which resulted in the leak of several videos of a sexual nature involving Defendant, including the Video. *Id.* at 9; [D.E. 42-1].

The Video, in the form of what appears from Plaintiff's proposed order to be several iterations of uploads [D.E. 126], is now on a multiplicity of websites hosting content of a sexual nature—among them, Kiwi Farms. [D.E. 120 at 4]. While Plaintiff alleges that Defendant's conduct caused the Video to end up on Kiwi Farms and other sites [D.E. 94 at 7], the Parties appear to agree that Defendant did not himself upload the Video to Kiwi Farms. *See, e.g.*, [D.E. 120 at 4–5] ("[The Video] was uploaded on to the website Kiwifarms by an individual with the screen name Solotinyleaks. . . . Solotinyleaks stated online that he accessed the videos that he posted on Kiwi Farms from links to Bonnell's Google drive."); [D.E. 42 at 9] ("A number of his communications and sexually explicit videos were published to a website called KiwiFarms.[] Bonnell does not know who leaked and unlawfully published his content online[.]").

The Video as originally uploaded remained live on KiwiFarms from the time when it was first uploaded until just after this lawsuit was filed. [D.E. 80 at 1–2]. At that time, Kiwi Farms intervened to "'put[] the videos behind a registration

2

barrier'"—citing concerns about the impact on certain individuals involved. *Id.* at 2 (citing a letter uploaded to the Kiwi Farms site by its custodian).

But reuploads of the Video remain on Kiwi Farms and Plaintiff now asks the Court to compel Kiwi Farms to remove all those currently identified. *Id.* at 1–2. Plaintiff has garnered some cooperation from Kiwi Farms in this endeavor, in the form of a "limited submission to jurisdiction" and "reasonable understanding" of what the site is to do [D.E. 93 at 2–3], were we to enter the "agreed proposed order" [D.E. 80-1] (redacted)/[D.E. 126] (unredacted). Still, Kiwi Farms apparently will not do so unless ordered. [D.E. 80 at 3]. Defendant, for his part, contends that, not only would such an order be futile because individuals can simply reupload the Video anew, but also that Plaintiff's request is an injunction in motion-to-compel clothing, and is thus impermissible. [D.E. 83 at 5–7].

## II.  ANALYSIS

We begin at the end, which is to say by looking at what exactly Plaintiff is asking the Court to order. The "agreed proposed order" to which Plaintiff repeatedly refers[1] in her briefing seeks the following:

> LOLCOW, LLC is hereby ordered to permanently remove from its website Kiwi Farms the following URLs which contain or link to a non-consensual intimate image/video of Plaintiff[.]

---

[1] *See, e.g.*, [D.E. 80 at 1 ("[Plaintiff] respectfully requests that the Court enter an agreed proposed order to compel . . . ."), 3 ("Lolcow LLC has reviewed the proposed order, attached hereto in redacted form as **Exhibit A**, and has stated that it will not object and will comply once the order is entered by the Court.") (emphasis in original)]; [D.E. 93 at 1] ("Plaintiff has requested that Nonparty acknowledge and agree to the Court's jurisdiction for the limited purpose of complying with the Proposed Order[.]").

3

[D.E. 80-1 at 1]; *see also* [D.E. 80 at 1, 3] (same). The proposed order then proceeds to list a number of URLs that all begin: "https://kiwifarms.net/threads/."

Because it bears on what Plaintiff ultimately seeks, it merits noting that Plaintiff's proposed order reflects a misunderstanding about how URLs function. There is no "permanent[] remov[al]" of a URL from a website in the manner the proposed order seems to suggest. A URL is, basically, a pathway to get somewhere on a given site. Here, "kiwifarms.net" is the domain—the "google.com," to use a more common example. Then, trailing that, "/threads," is a pathway within the site. For each of the URLs Plaintiff lists, what follows "/threads" appears to be a unique identifier—each belonging to (and thus routing to) an iteration of the Video on the Kiwi Farms site.

In other words, the URLs Plaintiff lists are nothing more than functions of how the site directs to, stores, and receives information—a given URL itself cannot be "permanently remove[d]" in the sense she suggests. You could, for instance, reroute anyone trying to access a specific page back to the site's home page or to a "404 not found" page. You could also delete information from a database, so that a given resource is no longer accessible. But, in any event, the desired manipulation would have to occur by way of the underlying mechanics of Kiwi Farms—a change that may

4

or may not be reflected (as contemplated) in the URL. Plaintiff's desired result is, by its text, misplaced.[2]

Additionally, and to the Court's knowledge, while both Parties separately allege that the Video was *uploaded* to Kiwi Farms without either of their consent (*see, e.g.*, [D.E. 42 at 9]; [D.E. 120 at 4–5]), neither Party is alleging that the subject of the Video itself, or the recording thereof, was without consent (*see, e.g.*, [D.E. 42 at 9, Exhibit B]; [D.E. 120 at 3]). Without further context, the statement that "the following URLs[] contain or link to a non-consensual intimate image/video of Plaintiff" [D.E. 80-1 at 1], could well suggest different allegations than those in the pleadings. For this and the reasons enumerated above, Plaintiff needs to be more specific with the relief she requests of this Court. Despite asking the Court time and again to refer specifically to the "agreed proposed order" as the crux of the relief requested, [D.E. 80-1] reads as little more than an afterthought. And even beyond the proposed order, Plaintiff's motion concludes in similar fashion. [D.E. 80 at 3].

But in any event, Plaintiff is ultimately asking the Court to force Kiwi Farms to take *some kind of action* to either delete or otherwise make inaccessible any identified iterations of the Video, as enumerated in her proposed order. [D.E. 126] (unredacted); [D.E. 80-1] (redacted). Plaintiff fashions this request as one "for entry

---

[2] Plaintiff does later characterize Kiwi Farms' supposed understanding of the proposed order as including that it will "remov[e] the content hosted at the enumerated URLs from the Kiwi Farms website." [D.E. 93 at 2]. While that is more specific, Plaintiff nonetheless consistently points back to her "agreed proposed order" that was workshopped with Kiwi Farms as the ultimate relief being sought.

of agreed order to compel Lolcow LLC to remove videos"—a quasi-motion to compel. [D.E. 80 at 1] (all caps omitted). We will proceed to analyze it as such.

Importantly, Kiwi Farms is not a party to this action; no "limited submission to jurisdiction" changes that fact. [D.E. 93 at 2] (all caps omitted). With good reason, the power of federal courts over such nonparties is limited.

Federal Rules of Civil Procedure 37 and 45 both regard situations where nonparties can be compelled to participate in litigation:

> If the person is a non-party, production of documents can be compelled only by a subpoena duces tecum issued under Rule 45(d)(1). . . . The purpose of Rule 37 is to provide the mechanism by which Rules 26 and 36 can be made effective . . . . It is of limited application when applied to non-parties. It can only be used to order a non-party to answer written and oral questions under Rules 30 and 31. It has no application to a non-party's refusal to produce documents.

*Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1341 (8th Cir. 1975).

Rule 37, moreover, "authorizes the basic motion for enforcing discovery obligations," and under which conditions, including failures under various other discovery-related Federal Rules. § 2285 Motion for Order Compelling Discovery—In General, 8B Fed. Prac. & Proc. Civ. § 2285 (3d ed.). And Federal Rule 45, governing subpoenas to nonparties, regards "the proper functioning of the discovery rules," in instances where "a subpoena is necessary to compel someone who is not a party to appear for the taking of a deposition or for the production of various material things and electronic information." *Id.* § 2452; *see also TIC Park Centre 9, LLC v. Cabot*, No. 16-24569-CIV, 2017 WL 9988745 (S.D. Fla. June 9, 2017) ("To be clear, 'a Rule 45 subpoena is a discovery vehicle to be used against non-parties to, among other things,

6

obtain documents relevant to a pending lawsuit.'") (citing *Hatcher v. Precoat Metals*, 271 F.R.D. 674, 675 (N.D. Ala. 2010)).

But Plaintiff is not seeking a deposition or information; instead she is asking us to issue an order forcing a nonparty to take an action as to its own website—its own business. By the necessity of what Kiwi Farms would have to do because of any such order (i.e., in some manner, removing or hiding the identified iterations of the Video), we can only construe Plaintiff's motion as asking this Court to issue an injunction requiring Kiwi Farms to act. And that we cannot do.

"'Courts of equity have long observed the general rule that a court may not enter an injunction against a person who has not been made a party to the case before it.'" *E.A. Renfroe & Co., Inc. v. Moran*, 338 F. App'x 836, 838–39 (11th Cir. 2009) (citing *Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*, 96 F.3d 1390, 1394 (Fed. Cir. 1996)). Thus, "it is axiomatic that courts may only enjoin parties before the court[.]" *Id.* at 838. To that end, Federal Rule of Civil Procedure 65 is explicit as to persons who may be bound by an injunction: "(A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)." Fed. R. Civ. P. 65 (d)(2)(A)–(C).

Kiwi Farms is neither a party, nor an "officer[], agent, servant[], employee[ or] attorney[]" of either Plaintiff or Defendant. *See id.* Kiwi Farms is also not in "active concert or participation with" either Plaintiff or Defendant. *See id.* As for Defendant, he contends that "[a] number of his communications and sexually explicit videos were

7

published to a website called KiwiFarms," and that he "does not know who leaked and unlawfully published his content online." [D.E. 42 at 9]. And as for Plaintiff, notwithstanding any halfway cooperation from Kiwi Farms on a proposed order, the very fact that Plaintiff is moving to force Kiwi Farms to, in whatever manner, revoke public access to the Video is inherently adversarial. Thus, nonparty Kiwi Farms is beyond the reach of this Court's injunctive power at least based on the nature of the pending action.[3]

Accordingly, Plaintiff's motion to compel is **DENIED**.

### III.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Plaintiff's Motion for Entry of Agreed Order to Compel Lolcow LLC to Remove Videos is **DENIED**. [D.E. 80].

**DONE AND ORDERED** in Chambers at Miami, Florida this 6th day of October, 2025.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

---

[3] This is, of course, to say nothing of the fact that mandatory injunctions, "sought to force another party to act, rather than simply maintain the status quo," have a heightened pleading standard. *Dotson v. Dixon*, No. 5:22-479-CIV, 2025 WL 1697127, at *2 (M.D. Fla. June 17, 2025). Or, that the proposed order falls far below the standard of what would be required under Rule 65 for the (even suggested) contents of such an injunction. Fed. R. Civ. P. 65(d)(1)(A)–(C) (requiring specific terms and "reasonable detail" as to "the act or acts restrained or required"); *see Schmidt v. Lessard*, 414 U.S. 473, 476 ("The Rule was designed to prevent uncertainty and confusion on the part of those faced with injunctive orders, and to avoid the possible founding of a contempt citation on a decree too vague to be understood.").