UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

**JANE DOE**,

      Plaintiff,

v.

CASE NO: 1:25-cv-20757-JB/Torres

**STEVEN K. BONNELL II**,

      Defendant.

_____/

**PLAINTIFF JANE DOE'S MOTION FOR LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE TO COMPEL DISCOVERY FROM MELINA CHATARINA EMMY GÖRANSSON IN SWEDEN PURSUANT TO THE HAGUE CONVENTION**

Plaintiff Jane Doe, by and through the undersigned counsel, hereby respectfully files this Unopposed Motion for the issuance of a Letter of Request to serve a subpoena to testify and produce documents on Melina Chatarina Emmy Göransson, a resident of Sweden, pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, 23 U.S.T. 2555, T.I.A.S. No. 7444. In support thereof, Plaintiff states as follows:

**Legal Standard**

A letter of request, also known as a letter rogatory, is a "document issued by one court to a foreign court, requesting that the foreign court (1) take evidence from a specific person within the foreign jurisdiction or serve process on an individual or corporation within the foreign jurisdiction and (2) return the testimony or proof of service for use in a pending case." *Letter of Request*, Black's Law Dictionary (11th ed. 2019) (citing Fed. R. Civ. P. 28). Letters of request "are the means by which a court in one country requests a court of another country to assist in the production of evidence located in the foreign country." *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F.3d 1255,

1273 (11th Cir. 2015). *See also*, Fed. R. Civ. P. 28(b) (permitting federal courts to issue letters of request to foreign countries). Obtaining evidence includes deposing non-party witnesses in a foreign country. *See* Fed. R. Civ. P. 28(b) (providing that "[a] deposition may be taken in a foreign country ... under a letter of request, whether or not captioned a "letter rogatory").

Both the issuance and enforcement of letters rogatory "rest entirely upon the comity of courts toward each other ..." 22 C.F.R. § 92.54 (2020). Comity is "the recognition which one nation allows within its territory to the ... acts of another nation, having due regard both to international duty and convenience, and to the ... persons who are under the protection of its laws." *Hilton v. Guyot*, 159 U.S. 113, 163-64 (1895). When considering traditional notions of comity, the Supreme Court reasoned that the court is "responsib[le] ... to base its [comity] analysis on ... five factors" when considering a discovery request abroad. *Societe Nationale Industrielle Aerospatiale v. United States Dist. Court for S. Dist.*, 482 U.S. 522, 544 (1987). The five factors are as follows: (1) the importance to the litigation of the documents or other information requested; (2) the degree of specificity of the request; (3) whether the information originated in the United States; (4) the availability of alternative means of securing the information; and (5) the extent to which noncompliance would undermine important interests of the United States, or compliance would undermine important interests of the state where the information is located. *Id.* at 544 nn.27-28.

In addition, courts apply the discovery principles contained in Federal Rule of Civil Procedure 26. *See, Roche Diagnostics Corp. v. Priority Healthcare Corp.*, No. 218CV01479KOBHNJ, 2019 WL 4687016, at *4 (N.D. Ala. June 6, 2019). Parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim ... and proportional to the needs of the case ..." Fed. R. Civ. P. 26(b)(1).

DOE v BONNELL
CASE NO: 1:25-cv-20757-JB/Torres

**Relevant Factual Background**

This action involves the non-consensual disclosure of intimate images under the federal statute commonly known as "CARDII", 15 U.S.C. § 6851, as well as a claim for violation of § 784.049, Fla. Stat., for sexual cyber-harassment, intentional infliction of emotional distress, and invasion of privacy. More specifically, Plaintiff alleges that multiple times Bonnell non-consensually disseminated through electronic means a video of Plaintiff and him engaging in sexual conduct. The video was later obtained from one of these recipients and uploaded on to the website Kiwifarms by an individual with the screen name Solotinyleaks, and was then disseminated on multiple other pornography websites. The video has been viewed more than 78,000 times and was discussed on several platforms. Additionally, videos posted on social media about the video were viewed over 90,000 times. The viral leak made Plaintiff feel depressed, humiliated, and suicidal. DE 120.

**Relevant Procedural Background**

On February 18, 2025, Plaintiff filed her initial Complaint against Bonnell. DE 1. On February 19, 2025, the Court granted Plaintiff's request to proceed under a pseudonym, due to the sensitive nature of her allegations. DEs 6-7. On April 4, 2025, the Court entered an Order Setting Trial, Calendar Call, Reference to Magistrate Judge, Pretrial Deadlines, and Pretrial Procedures, setting, *inter alia*, discovery cutoff of December 16, 2025, and a trial date of May 18, 2026. DE23. On September 2, 2025, the Court granted Plaintiff's Motion for a Protective Order. DE116. On September 5, 2025, Plaintiff filed—with leave of Court—an Amended Complaint ("AC"). DE120.

3

## ARGUMENT

### I. The Need for International Discovery

The sought-after discovery from Melina Chatarina Emmy Göransson ("Göransson") is relevant to the claims in this action, will likely prove highly material to the prosecution of this action, lead to admissible relevant evidence, and is proportional to the needs of this case:

Göransson is the former spouse of the Defendant, Steven K. Bonnell II ("Bonnell" or "Defendant"), and is uniquely positioned to provide evidence of the conduct complained of in the AC, as well as similar conduct that she was a witness to. By way of example, Göransson is the recipient of certain sexually explicit materials involving Plaintiff. Göransson is expected to corroborate Plaintiff's allegations, including those allegations regarding Bonnell's lack of consent to disclose the Video. Moreover, Göransson is—or is believed to be—another victim of Bonnell's unlawful conduct. Finally, Göransson would testify to Bonnell's character, as it is relevant to this case. Indeed, Göransson is expressly mentioned in the Amended Complaint as a relevant witness. DE120, at ¶ 34. *See, e.g., Wight v. Bluman*, No. 20-81688-CIV, 2021 WL 8999538, at *2 (S.D. Fla. May 6, 2021) (granting plaintiff's motion for letter of request in concluding that the sought-after discovery is relevant to plaintiff's claims and "may prove material to the prosecution of th[e] action or lead to material evidence").

### II. Alternative Means of Obtaining the Sought-After Evidence Are Unavailable.

Moreover, this evidence cannot be obtained by alternative means, because Göransson's knowledge of facts relevant to this case is unique and central to Plaintiff's allegations. However, even if it were available by alternative means, for the sake of argument, "the mere fact [of] an alternative method for obtaining the documents is not proof that it is necessarily an effective, or

efficient, method for doing so in this case." *Roche Diagnostics Corp.,* 2019 WL 4687016, at *7 (citing *In re Air Cargo Shipping Servs. Antitrust Litig.*, 278 F.R.D. 51, 53 (E.D.N.Y. 2010)).

### III. The Hague Convention

The United States and Sweden are signatories to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, 23 U.S.T. 2555, T.I.A.S. No. 7444.

### IV. Balance of Interests Among Nations

Plaintiff is not aware of any evidence to suggest that the interests of the Swedish government would so outweigh those of the United States government to bar the issuance of the proposed letter of request in this action.

### V. Proposed Letter of Request

A proposed Letter of Request, in the form recommended by the Hague Conference on Private International Law, is attached hereto as Exhibit A. A certified Swedish translation by a translator authorized by Kammarkollegiet, Sweden's Legal, Financial, and Administrative Services Agency, as required, will be provided to the Court upon approval of this Motion.

### CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(2), undersigned counsel hereby certifies that counsel for Plaintiff has conferred with Defendant's counsel in a good faith effort to resolve the issues raised in the motion, and that counsel for Defendant represented that Defendant does not oppose this motion.

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court approve, date, sign, and seal the proposed Letter Rogatory to the Central Authority of Sweden to serve a subpoena on Melina Chatarina Emmy Göransson to testify and produce documents in accordance with the

DOE v BONNELL
CASE NO: 1:25-cv-20757-JB/Torres

Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, which is submitted concurrently herewith, and for the Clerk to authenticate the Court's signature by affixing the Court's seal thereto, and that the Letter Rogatory.

### CERTIFICATE OF CONFERRAL PURSUANT TO LOCAL RULE 7.1(a)(2)

WE HEREBY CERTIFY that the undersigned counsel conferred with counsel for Defendant and certifies that Defendant stated that he takes no position as to the relief requested in this Motion.

Date: October 7, 2025

**JSP LAW, LLC**
Joan Schlump Peters
(admitted *pro hac vice*)
838 Neapolitan Way, #91
Naples, Florida 34103
Tel.: 305-299-4759
Email: petersjoan@bellsouth.net

Respectfully Submitted,

**SANCHEZ-MEDINA, GONZALEZ, LAGE GOMEZ & MACHADO LLP**
CARLOS A. GARCIA PEREZ
Florida Bar No. 106895
GUSTAVO D. LAGE, ESQ.
Florida Bar No. 972551
201 Alhambra Circle, Suite 1205
Coral Gables, Florida, 33134
Tel.: (305) 377-1000
Primary E-Mail Addresses:
cgarciaperez@smgqlaw.com;
glage@smgqlaw.com

By: *s/ Carlos A. Garcia Perez*
CARLOS A. GARCIA PEREZ

DOE v BONNELL
CASE NO: 1:25-cv-20757-JB/Torres

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 7, 2025 a true and correct copy of the foregoing was served on all parties via the CM/ECF filing portal to all counsel of record.

By: *s/ Carlos A. Garcia Perez*
CARLOS A. GARCIA PEREZ
Attorney for Plaintiff JANE DOE