UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

**JANE DOE**,

     Plaintiff,    CASE NO: 1:25-cv-20757-JB/Torres

v.

**STEVEN K. BONNELL II**,

     Defendant.
_____/

**LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE TO THE MINISTRY OF JUSTICE – DIVISION FOR CRIMINAL CASES AND INTERNATIONAL JUDICIAL COOPERATION – SWEDEN, FOR THE TAKING OF <u>EVIDENCE FROM MELINA CHATARINA EMMY GÖRANSSON</u>**

**LETTER OF REQUEST**

**Pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters**

    **I.**      **Sender (Requesting Authority in the U.S.)**

        Ch. Magistrate Judge Edwin G. Torres
        James Lawrence King Federal Justice Building
        99 N.E. Fourth Street
        Courtroom #5, Chambers 1027
        Miami, Florida 33132
        United States of America
        Office: 305-523-5750
        Email: edwin_g_torres@flsd.uscourts.gov

        [**or:** Judge Jacqueline Becerra
        Wilkie D. Ferguson, Jr. United States Courthouse
        400 North Miami Avenue
        Chambers 11-4
        Miami, Florida 33128
        United States of America]

 **II.** **Central Authority of the Requested State**

 Ministry of Justice – Division for Criminal Cases and International Judicial Cooperation
 SE-103 33 Stockholm
 SWEDEN

 **III.** **Person to Whom the Executed Request Should Be Returned**

 Carlos A. Garcia Perez
 Florida Bar No. 106895
 SANCHEZ-MEDINA, GONZALEZ, QUESADA, LAGE, GOMEZ & MACHADO, LLP
 201 Alhambra Circle, Suite 1205
 Coral Gables, Florida, 33134
 Tel.: (305) 377-1000
 cgarciaperez@smgqlaw.com

**IV. Specification of the Date by Which the Requesting Authority Requires Execution**

 This Court asks that receipt of the response to the Letter of Request be returned to Plaintiffs' counsel, Carlos A. Garcia Perez, identified in No. III above, as soon as practicable.

 **IV.** **Requesting Judicial Authority**

 a. <u>Requesting judicial authority (article 3(a))</u>

 James Lawrence King Federal Justice Building
 99 N.E. Fourth Street
 Courtroom #5, Chambers 1027
 Miami, Florida 33132
 United States of America

 b. <u>To the competent authority of (article 3(a))</u>

 Ministry of Justice, Division for Criminal Cases and International Judicial Cooperation, SE-103 33 Stockholm, Sweden

 c. <u>Name of the case and any identifying number.</u>

 *Jane Doe v. Steven K. Bonnell II;* Case No.: 1:25-cv-20757-JB/Torres

 **V.** **Parties and Representatives**

 **A. Plaintiff:**

 Jane Doe, a.k.a. Pxie

Represented by:

| | |
|---|---|
| **JSP LAW, LLC**<br>Joan Schlump Peters<br>(admitted *pro hac vice*)<br>838 Neapolitan Way, #91<br>Naples, Florida 34103<br>Tel.: 305-299-4759<br>Email: petersjoan@bellsouth.net<br>Counsel for Plaintiff JANE DOE | **SANCHEZ-MEDINA, GONZALEZ,**<br>**LAGE, GOMEZ & MACHADO, LLP**<br>CARLOS A. GARCIA PEREZ<br>Florida Bar No. 106895<br>GUSTAVO D. LAGE, ESQ.<br>Florida Bar No. 972551<br>201 Alhambra Circle, Suite 1205<br>Coral Gables, Florida, 33134<br>Tel.: (305) 377-1000<br>cgarciaperez@smgqlaw.com;<br>glage@smgqlaw.com |

B. **Defendant:**

Steven K. Bonnell II

Represented by:

**Andrew B. Brettler**
Berk Brettler LLP
9119 Sunset Blvd.
West Hollywood, CA 90069
(310) 278-2111
Email: abrettler@berkbrettler.com
*PRO HAC VICE*

**Jake A. Camara**
Berk Brettler LLP
9119 W. Sunset Blvd.
West Hollywood, CA 90069
(310) 278-2111
Email: jcamara@berkbrettler.com
*PRO HAC VICE*

**Patricia Marie Patino**
Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue
23rd Floor
Miami, FL 33131
305-350-7347
Fax: 305-351-2144
Email: ppatino@bilzin.com

**Robert L. Raskopf**
Bilzin Sumberg Baena Price and Axelrod LLP
1450 Brickell Avenue
Suite 2300
Miami, FL 33131
(305) 350-2417
Fax: (305) 351-2163
Email: rraskopf@bilzin.com

### VI. Nature of the Proceedings

This action involves the non-consensual disclosure of intimate images under the federal statute commonly known as "CARDII", 15 U.S.C. § 6851, as well as a claim for violation of § 784.049, Fla. Stat., for sexual cyber-harassment, intentional infliction of emotional distress, and invasion of privacy. The witness has knowledge of facts central to the issues in dispute.

### VII. Evidence to Be Obtained

The Requesting Authority respectfully requests the assistance of the Swedish authorities in obtaining **oral testimony** and **documentary evidence** from the following individual:

**Name of Witness:**

**Melina Chatarina Emmy Göransson**

**Address:**

Wennerbergsgatan 1, Apartment 1206
112 58 Stockholm
SWEDEN

### VIII. Questions to Be Asked / Subject Matter of Testimony

Ms. Göransson will be asked questions regarding her personal knowledge of the facts alleged in Plaintiff's Amended Complaint, including her receipt or knowledge of certain video footage and her communications with the Defendant regarding explicit materials involving Plaintiff. *See also*, Schedule A hereto.

### IX. Documents or Other Property to Be Produced

Please request that the witness bring with her the following:

*See* Schedule B.

### X.   Form of Examination

This Court requests that the witness agree to testify under oath and penalty of perjury pursuant to the laws of the United States pursuant to 28 U.S.C. 1746, and Federal Rule of Civil Procedure 30, and upon stipulation of the parties to this action.

### XI.   Language

The Request is submitted in **English**, with an accompanying **Swedish translation**.

### XII.   Fees and Costs

The requesting party agrees to pay any reasonable costs incurred in executing this request, including translation and transcription fees.

### XIII.   Special Method or Procedure

This Court requests that Plaintiff's counsel be allowed to take the witness testimony via remote videoconference as provided by Fed. R. Civ. P. 30, and that designated counsel for Defendant then be permitted to further examine the witness. In this manner, the testimony should be recorded by stenographic means and with the assistance of an interpreter.

### XIV.   Confidentiality

Please handle all information confidentially to the extent permitted by Swedish law and pursuant to the Protective Order entered in this case at Docket Entry 116.

### XV.   Signature and Seal

Date: _____, 2025

_____
Ch. Magistrate Judge Edwin G. Torres
James Lawrence King Federal Justice Building
99 N.E. Fourth Street
Courtroom #5, Chambers 1027
Miami, Florida 33132
United States of America

# SCHEDULE A

## Topics about which Plaintiff's Counsel Seeks to Examine Witness

I. **Background Information on Witness**

    a. Name

    b. Age

    c. Education

    e. Employment history

II. **Relationship with Defendant**

    a. Nature of Relationship

    b. Duration of Marriage

    c. Character of Defendant

    d. Communications with Defendant Pertaining to Issues of Consent and Privacy

III. **Explicit Materials Involving Plaintiff**

    a. Possession, Receipt, and/or Viewing of Explicit Materials Involving Plaintiff

    b. Communications with Defendant Regarding Explicit Materials Involving Plaintiff

    c. Social Media Activity Regarding Explicit Materials Involving Plaintiff

    d. Knowledge of Plaintiff's Communications Pertaining to Issues of Consent and Privacy

IV. **Explicit Materials Involving the Witness**

    a. Knowledge of Explicit Materials Involving the Witness

    b. Communications Regarding Explicit Materials Involving the Witness

    c. Social Media Activity Regarding Explicit Materials Involving the Witness

V. **Explicit Materials Involving Other Witnesses**

    a. Knowledge of Explicit Materials Involving Other Witnesses

    b. Communications Regarding Explicit Materials Involving Other Witnesses

    c. Social Media Activity Regarding Explicit Materials Involving Other Witnesses

## SCHEDULE B

Documents to be Produced by the Witness

### DEFINITIONS

1. "You" and "Your" shall refer to Melina Chatarina Emmy Göransson, her attorneys, agents, employees, representatives and any other person acting or purporting to act on her behalf.

2. "Action" shall mean the civil action styled *Jane Doe v. Steven K. Bonnell II*, Case No.1:25-cv-20757-JB/Torres, pending in the United States District Court for the Southern District of Florida.

3. "Plaintiff" shall refer to Plaintiff Jane Doe in this Action, also known under her social media profile name, Pxie.

4. "Defendant" means the Defendant Steven K. Bonnell II in this Action, also known under his social media profile name, Destiny, his attorneys, agents, employees, representatives and any other person acting or purporting to act on his behalf.

5. "Person(s)" shall mean without limitation, any natural person, corporation, partnership, limited partnership, association, group, organization or entity, any federal, state or local government or any governmental, administrative or regulatory agency, office, bureau, department or body, and shall include all of that person's principles, employees, agents, attorneys, consultants, and other representatives.

6. "Document(s)" is used in these requests in the broad liberal sense and includes originals and all copies unless identical, regardless of the origin or location, of written, recorded, and graphic matter, however produced or reproduced, formal or informal, electronic or

    hard copy, including, but not limited to, correspondence, memoranda, drafts, reports, financial statements, notes, records, letters, envelopes, telegrams, telephone logs, diaries, journals, transcriptions, voicemails, messages (including reports, notes, and memoranda of personal or other telephone conversations and conferences), contracts, agreements, summaries, photographs, phonographs, electronic mail ("e-mail"), video, audio or digital tapes or other recordings, disks, data sales, drums, printouts, and other data compilations from which information can be obtained (translated, if necessary, through detection devices onto usable form), and other writings or documents of whatever description or kind including attachments or other matters affixed thereto, and including all electronically stored information, in the possession, custody, or control of You, Your counsel, or any other Person acting on Your behalf.

7. "Communication(s)," including its various forms, such as "communicated" or "communicate," shall refer to any exchange of information, whether oral, written, or electronic, including but not limited to emails, text messages, phone calls, letters, meetings, and social media messages. It shall also include any Document which abstracts, digests, transcribes, memorializes, constitutes or records any such Communications. It shall also include all intimate images, videos, or other media uploaded, shared or transmitted via any social media or digital platform, or website. Provide all metadata, including but not limited to timestamps, file origins, IP addresses, and modification history, for such media.

8. "Social Media" shall include, but is not limited to, all online or mobile platforms or services used to share content or communications publicly or privately, including Instagram, Facebook, X (formerly Twitter), Snapchat, YouTube, TikTok, Reddit, Discord, and similar platforms. The term Social Media shall mean an electronic service or account,

or electronic content, including, but not limited to, videos, still photographs, blogs, video blogs, podcasts, instant and text messages, email, online services or accounts, or internet web site profiles or locations, pursuant to its ordinary meaning and usage in civil discovery. shall include, but is not limited to, all online or mobile platforms or services used to share content or communications publicly or privately, including Instagram, Facebook, X (formerly Twitter), Snapchat, YouTube, TikTok, Reddit, Discord, and similar platforms.

9. "Video" shall refer to the video recording referenced in Paragraphs 11-12 of the Amended Complaint, *Jane Doe v. Steven K. Bonnell II*, Case No. 1:25-cv-20757-JB/Torres, ECF 120, which depicts Plaintiff and Defendant engaged in a sex act.

10. "Refers" or "Relates," including its various forms, such as "referring to" or "relating to," means: consist of, refer to, reflect, or be in any way, logically or factually, connected with the matter discussed.

11. "Explicit Material(s)" means any writings, images, videos, audio recordings, digital files, or communications that depict or describe, in whole or in part:

    (a) Sexually explicit conduct, including but not limited to nudity, sexual acts, or simulated sexual activity;

    (b) Obscene, lewd, lascivious, or indecent content as those terms are understood under applicable federal or state law;

    (c) Graphically violent, threatening, or abusive depictions, including but not limited to depictions of physical harm, severe injury, or death; and

    (d) Any material reasonably understood to be intended to humiliate, harass, intimidate, or degrade a person through graphic or explicit imagery.

12. "Leaked Material" shall refer to the Video, and Explicit Materials involving other individuals and the Defendant, referenced in Paragraph 16 of the Amended Complaint, *Jane Doe v. Steven*

9

*K. Bonnell II*, Case No. 1:25-cv-20757-JB/Torres, ECF 120, which were uploaded on to the KiwiFarms website on or about November 29, 2024.

13. "Consent" means an affirmative, conscious, and voluntary authorization made by the individual free from force, fraud, misrepresentation, or coercion.

14. "Disclose," "disclosed" or "disclosure" means to transfer, publish, distribute, or make accessible, in or affecting interstate or foreign commerce or using any means or facility of interstate or foreign commerce, and through electronic means.

15. As used herein, the words "and" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual construction will serve to bring within the scope of these Requests any Document which would otherwise not be brought within their scope.

**DOCUMENT REQUESTS**

1. Produce ALL nonprivileged Communications between You and Defendant that Refer or Relate to Plaintiff from January 1, 2020 through the present.

2. Produce ALL Communications to which You were a party that Refer or Relate to Plaintiff from November 15, 2024 through the present.

3. Produce ALL Communications to which You were a party that Refer or Relate to Explicit Material involving Plaintiff from January 1, 2020 through the present.

4. Produce ALL Communications to which You were a party that Refer or Relate to the Leaked Material from November 15, 2024 through the present.

5. Produce ALL Communications between You and Defendant that Refer or Relate to Explicit Materials involving You and the issue of Consent and Disclosure from January 1, 2020 through the present.