UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

(MIAMI DIVISION)

**JANE DOE,**

    Plaintiff,

CASE NO: 1:25-cv-20757-JB/Torres

v.

**STEVEN K. BONNELL II,**

Defendant.

_____/

**<u>AMENDMENT TO DECLARATION OF JESUS PENA</u>**

1.  It has come to my attention that in paragraphs 17 and 18 of my October 3, 2025 declaration (Dkt 139-1) I made a conclusion of tampering based on *Defendant's incomplete and faulty document production.* These documents were produced by Defendant on September 12, 2025 in response to Plaintiff's requests for documents. Certain of these documents were also submitted to the Court in support of Defendant's Motion to Dismiss (Dkt. 132).

2.  The issue addressed in paragraphs 17 and 18 pertained to a Discord Direct Message from Rose on April 9, 2022, 8:33 PM (Eastern) stating that Rose had viewed the Video which Defendant did not send to her until 3 minutes later (8:36 PM), thus, physically not possible. The message was one of two displayed with a single timestamp of 8:33 PM, with the first message acknowledging that Rose would love to see the Video. See supporting images below:





3.	What occurred is that Rose received the Video at 8:36 PM, and viewed it, and sent Defendant the second message sometime between 8:37 PM and 8:39 PM and it was timestamped with the correct time. However, on the Discord viewer and exported HTML messages – the Defendant used Discord Chat Exporter -- its timestamp by design, was hidden (timestamp grouped) and combined with the first message's timestamp of 8:33 PM, which again, led to the sign of potential tampering. The timestamp grouping occurs when a user sends multiple messages in a small window of time (about 7 minutes), and in Discord (and the exported messages to HTML) one can display the timestamps of the subsequent messages by simply hovering over each message. Below is an illustration of the sample messages where times are revealed upon hovering as seen from the Discord web interface and the HTML export:

Discord Web Interface





Discord Chat Exporter (HTML version)





4



4.     It is important to note that the exported Discord messages produced by Defendant (in response to Plaintiff's document requests, and the ones submitted as exhibits in support of his Motion to Dismiss) that fell into the category of timestamp grouping, are ALL missing the child[1] message timestamps – key metadata. The Defendant produced a single PDF document with approximately 2,400 Bates stamped pages (S.B.000001 – S.B.002430) along with attachments but did so without a standard e-discovery load file that would contain the images, natives, extracted text, and metadata (DAT,OPT files) *which would have included the child timestamps*. Bates stamping HTML documents is not a standard e-discovery workflow when producing documents; thus, Defendant's counsel produced the single PDF document from the HTML version Defendant provided to them: "The chat files… are PDFs created from the HTML exports that Mr. Bonnell sent us for production."  See Exhibit 1 herein, (Letter from Andrew Brettler to Joan Peters, Carlos Garcia-Perez, September 22, 2025)

*Again, the only issue is that it stripped the child timestamps from the grouped messages, and the Plaintiff is missing the important chronology metadata.*

---

[1] In grouped messaging, "child" refers to any message underneath the first (or parent) within the group

5. The concern now is that Plaintiff has a failed production which cannot be relied upon and/or remedied and presents an ongoing issue with respect to further discovery reliant on any data from what the Defendant "preserved" UNLESS Defendant can demonstrate that he generated a digital fingerprint of the "preserved" exported messages (and any other preserved ESI) <u>at the TIME of preservation</u>. The Defendant stated in his declaration ¶ **21 (Dkt 42-1)** that *after* preserving, he deleted the Video and "unauthorized published content." Thus, any attempt to go back to any original sources containing said deleted content would equate to working with spoliated data and not reliable. Moreover, working with the exported "preserved" data that was not digitally fingerprinted at the outset, can not be authenticated and validated because running a cryptographic hash algorithm would produce a value corresponding to today's date NOT the date at which the data was collected. Therefore, there is no way of determining if the data was altered AFTER the preservation.

6. This amendment only affects paragraphs 17 and 18 of my original declaration. The remainder of my October 3, 2025 declaration remains the same.

Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true to the best of my knowledge and belief.

Dated: October 8, 2025.

*/s/ Jesus Pena*

Jesus Pena

**EXHIBIT 1**



BLAIR BERK
ANDREW B. BRETTLER*
*ADMITTED IN CA, NY AND NJ

JAKE A. CAMARA
REGINA PETER
TOM JONES·
JOEL SICHEL
· ADMITTED IN CA, ENGLAND AND WALES

September 22, 2025

**VIA EMAIL:**
petersjoan@bellsouth.net

Joan S. Peters, Esq.
JSP Law, LLC
838 Neapolitan Wy., #91
Naples, FL 34103

**VIA EMAIL:**
cgarciaperez@smgqlaw.com

Carlos A. Garcia Perez
Sanchez-Medina, Gonzalez, Quesada,
Lage, Gomez & Machado, LLP
201 Alhambra Cir., Ste. 1205
Miami, FL 33134

Re: *Doe v. Bonnell*,
S.D. Fla. Case No. 25-cv-20757-JB/Torres

Dear Joan and Carlos:

Reference is made to Joan's email, dated September 18, 2025, at 4:26 p.m. EDT, and her follow-up message from 4:29 p.m. EDT that day, regarding "Defendant's Document Production" and Plaintiff's demand for a forensic examination of Mr. Bonnell's "computers and mobile devices."

Mr. Bonnell does not agree to your proposal regarding the retention of a third-party forensic expert to examine his device, nor does he agree that a forensic examination is warranted or appropriate. Mr. Bonnell has produced all non-privileged documents in his possession, custody or control that are responsive to the requests for production that Plaintiff served. Case law demonstrates the high burden Plaintiff would need to meet before she would be entitled to a forensic examination under the circumstances. *See, e.g.*, *Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2014 WL 11498061, at *3 (S.D. Fla. Dec. 30, 20214) (denying motion to compel forensic examination and holding "courts do not require a forensic analysis in the absence of consent unless there has been significant non-compliance with discovery obligations . . . . Requiring a forensic analysis of ESI is an unusual and 'drastic' remedy and is therefore the 'exception and not the rule.' . . . Framed by these principles, courts compel a party to turn over its

abrettler@berkbrettler.com
+1.310.278.2111 | 9119 Sunset Blvd. West Hollywood, CA 90069

7

Joan S. Peters, Esq.
Carlos A. Garcia Perez, Esq.
Re: Doe v. Bonnell
September 22, 2025
Page 2

---

computers for a forensic ESI analysis only where there is a strong showing that the party (1) intentionally destroyed evidence, or (2) intentionally thwarted discovery.")

Here, there has been no showing—let alone a "strong showing" that Mr. Bonnell destroyed evidence or thwarted discovery. Indeed, his document production demonstrates just the opposite. Your demand is well-beyond what is necessary and proportional to the case and impermissibly seeks to invade Mr. Bonnell's privacy rights. *See In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 19-MD-2885, 2020 WL 6140469, at *7 (N.D. Fal. Oct. 15, 2020) (denying motion to compel forensic examination of electronic device where moving party failed to demonstrate relevancy or proportionality); *Garrett v. Univ. of S. Fla. Bd. of Trs.*, No. 17-CV-2894-T-23AAS, 2018 WL 4383054, at *2 (M.D. Fla. Sept. 14, 2019) (denying motion to compel forensic examination and holding, "When determining whether to permit forensic examinations into electronic devices, including computers and cell phones, courts consider the privacy interests of the party whose devices are to be examined.").

We would hope that after you review the legal precedent with your client that you will choose not to pursue a forensic examination. To the extent you are not persuaded and nevertheless intend to pursue a motion to compel, the cost associated with any forensic examination, if ultimately ordered by the Court, shall be borne entirely by Plaintiff. *See Wynmoor Cmty. Council, Inc. v. QBE Ins. Corp.*, 280 F.R.D. 681, 688 (S.D. Fla. 2012) (holding that the moving party shall be responsible for advancing all costs of a forensic examination, subject only to reassessment if the examination reveals improper deletion); *Bank of Mong. v. M&P Glob. Fin. Servs., Inc.*, 258 F.R.D. 514, 521 (S.D. Fla. 2009) (same); *see also Procaps*, 2014 WL 11878435, at *5 (S.D. Fla. May 5, 2014) ("the prevailing party in this litigation may *seek* to recover its e-discovery costs").

Next, your contention that Mr. Bonnell's document production is "missing . . . at least 345 . . . responsive documents that are being withheld by one of []our attorneys" and your accusation that we somehow engaged in a "serious discovery violation," is wildly inaccurate and entirely baseless. The chat logs Joan attached to her email of Sept. 18 are not files stored on our attorney's computer. Rather, they are PDFs created from the HTML exports that Mr. Bonnell sent us for production. When saving the HTML exports as PDFs, the software automatically

abrettler@berkbrettler.com
+1.310.278.2111 | 9119 Sunset Blvd. West Hollywood, CA 90069

Joan S. Peters, Esq.
Carlos A. Garcia Perez, Esq.
Re: <u>Doe v. Bonnell</u>
September 22, 2025
Page 3

---

links the attachments in the PDF viewer to a temporary path from where the files had been downloaded. It seems that the automatically generated temporary files are the basis for your unfounded concern. However, those temporary files have nothing to do with the actual source or location of the documents that Mr. Bonnell produced. Importantly, every single image and video attachment referenced in the chat logs has been produced to Plaintiff in response to her discovery demands.

     Finally, we note (again) that your client's document production is still incomplete and her amended responses to the requests for production that Mr. Bonnell served are late. Per our correspondence from over the weekend, please advise when we can expect Plaintiff's supplemental document production and amended responses.

Sincerely,

ANDREW B. BRETTLER

cc:     All counsel of record

abrettler@berkbrettler.com
+1.310.278.2111 | 9119 Sunset Blvd. West Hollywood, CA 90069

9