UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:25-cv-20757-JB/Torres

JANE DOE,

    Plaintiff,

v.

STEVEN K. BONNELL II,

    Defendant.

_____/

## DEFENDANT STEVEN K. BONNELL'S REPLY IN SUPPPORT OF MOTION TO DISMISS AMENDED COMPLAINT

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
ROBERT L. RASKOPF
Florida Bar No.: 1040022
PATRICIA M. PATINO
Florida Bar No.: 1007702
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580
Fax: (305) 374-7593

Email: rraskopf@bilzin.com;
ppatino@bilzin.com

-and-

**BERK BRETTLER LLP**

ANDREW B. BRETTLER
California Bar No.: 262928
JAKE A. CAMARA
California Bar No.: 305780
JOEL A. SICHEL
California Bar No.: 361148
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel: (310) 278-2111
Email: abrettler@berkbrettler.com;
jcamara@berkbrettler.com
(admitted *pro hac vice*)

## I. INTRODUCTION

This Court lacks subject matter jurisdiction over this dispute, and Plaintiff's Opposition offers no evidence whatsoever to cure that fatal defect. Indeed, in the Court's October 6, 2025 Order denying Plaintiff's Motion for Preliminary Injunction, Magistrate Judge Torres warned that "if Plaintiff cannot show in due course that the conduct alleged is indeed covered by the statute... it is possible that we do not have subject matter jurisdiction over Plaintiff's case." [ECF No. 143 at 13.] Plaintiff's opportunity to establish jurisdiction has come and gone.

The burden rests on her to establish jurisdiction, yet since filing the Complaint in February 2025, Plaintiff has failed to produce any evidence to demonstrate that Bonnell transmitted the Video after the effective date of the CARDII statute. The record demonstrates that Bonnell sent the Video on a single occasion to a person named Rose in April 2022—months before CARDII took effect. Despite having nearly eight months to conduct discovery, Plaintiff has failed to proffer any evidence to the contrary. Notably, in just the last few weeks, and with the discovery deadline looming, Plaintiff is scrambling to establish subject matter jurisdiction—engaging in a frantic fishing expedition, including by seeking relief under the Hague Convention to obtain wholly irrelevant documents from Bonnell's ex-wife in Sweden. Plaintiff should have established subject matter jurisdiction before filing her lawsuit in federal court, rather than desperately seeking evidence of jurisdiction eight months later. Having failed to meet her burden, Plaintiff's claims must be dismissed.

Plaintiff submits with her Opposition a declaration from a purported expert, Jesus Peña, who falsely opines that Bonnell has tampered with evidence in this case. Shockingly, however, Mr. Peña's testimony is not even his own—he plagiarized his sworn testimony by copying and pasting, *verbatim*, from a third-party's post on KiwiFarms, the same website that published the

1

Video in November 2024. Worse, Mr. Peña unsuccessfully attempted to conceal this fact. Then, just two days ago, on October 8, 2025, without even attempting to meet and confer with Bonnell's counsel, Plaintiff filed an untimely motion seeking to "amend" Mr. Peña's declaration, *disavowing and retracting* many of his baseless conclusions of evidence tampering. The Court should disregard the Peña Declaration entirely.

## II. PLAINTIFF HAS FAILED TO ESTABLISH SUBJECT MATTER JURISDICTION.

Where, as here, a defendant mounts a meritorious factual challenge to jurisdiction under Rule 12(b)(1), the burden shifts to the plaintiff to establish jurisdiction by competent proof. *See Cohan v. Tex. Roadhouse Holdings LLC*, 635 F. Supp. 3d 1341, 1346-47 (S.D. Fla. 2022) (dismissing complaint where plaintiff failed to offer affidavits or testimony after notice of a factual jurisdictional challenge). Plaintiff must respond to a jurisdictional challenge with *admissible evidence*—not speculation—to sustain jurisdiction. *Coca-Cola Foods v. Empresa Comercial Int'l de Frutas S.A.*, 941 F. Supp. 1175, 1178 (M.D. Fla. 1996) (quoting *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 929 (6th Cir. 1974) ("The non-moving party may not rest merely upon allegations . . . in the pleadings, but must set forth specific facts showing the court has jurisdiction.")). Despite having been on notice of a jurisdictional defect since the beginning of the case, Plaintiff has failed to submit *any evidence* of Bonnell's alleged post-CARDII transmission of the Video.

### A. Dismissal Is Warranted Pursuant to Rule 12(b)(1).

In her Opposition, Plaintiff relies on *Lawrence v. Dunbar*, 919 F.2d 1529 (11th Cir. 1990), to argue that dismissal under Rule 12(b)(1) is precluded because the jurisdictional facts are "intertwined with the merits" of Plaintiff's claims. They are not; and, in any event, *Lawrence* expressly holds that federal courts have the inherent authority to resolve factual challenges to subject-matter jurisdiction under Rule 12(b)(1) unless the factual challenge "implicates an *element*

2

*of the cause of action.*" *Id.* at 1529 (emphasis added). *Lawrence*, 919 F.2d at 1529. Further, the Eleventh Circuit has declined to make such determinations where the disputed fact—e.g., the date of transmission of the Video—is merely a threshold question as to the applicability of a federal statute. *See Odyssey Marine Expl., Inc. v. Unidentified Shipwrecked Vessel*, 657 F.3d 1159, 1170 (11th Cir. 2011) ("Although [plaintiff] contends the motion to dismiss implicates the merits of the underlying claim, that a lack of subject matter jurisdiction bars a party's claim does not mean the jurisdictional question is itself related to the cause of action."); *Bierer-Carter v. United States*, 806 F. Supp. 2d 1245, 1249 (S.D. Fla. 2011) (holding that the court could weigh evidence under Rule 12(b)(1) because whether the defendant's actions fell within Flood Control Act immunity "has no bearing on whether the [defendant] acted negligently"). Because the timing of the April 2022 transmission has "no bearing" on whether Bonnell's alleged conduct meets each element of CARDII, Rule 12(b)(1) governs, and dismissal is proper.

**B.  Alternatively, Dismissal Is Warranted Pursuant to Rule 56, as Plaintiff Has Failed To Establish a Genuine Dispute of Material Fact.**

Even if jurisdictional facts were intertwined with the merits, Plaintiff still cannot survive dismissal under a summary judgment standard. *Odyssey Marine*, 657 F.3d at 1169 (holding that when the jurisdictional basis of a claim is intertwined with its merits, the court should treat a Rule 12(b)(1) motion as one for summary judgment under Rule 56). Plaintiff cites no evidence establishing a genuine dispute of material fact and, critically, under Rule 56, a non-moving party's failure to submit any evidence establishing a dispute of material fact warrants summary judgment and dismissal. *See Seventh Chakra Films, LLC v. Alesse*, 666 F. Supp. 3d 1250, 1257 (S.D. Fla. 2023) ("[The non-moving party] has failed to establish a genuine issue of material fact because she has failed to cite a single piece of record evidence in her Response . . . .").

> 1. *There is no dispute that the transmission of the Video to Rose preceded the effective date of CARDII.*

The evidentiary record—including Rose's leaked Discord communications log—conclusively establishes that the Video was transmitted to her in April 2022, nearly six months *before* CARDII took effect. Plaintiff has submitted no evidence to dispute that fact. Rose's side of her communications with Bonnell was accessed and leaked by a third party who, being located in a European time zone, downloaded the messages such that the timestamps are reflected in the European day/month/year format. (Bonnell Decl., dated Sept. 19, 2025 [ECF No. 132-1] ¶ 3.) The leaked Discord log shows the message dated "10/04/22," meaning April 10, 2022.[1] *Id.* Bonnell's own logs confirm the Video was sent April 9, 2022. *See id.* ¶ 4 & Ex. B [ECF No. 132-3]. In her Opposition, Plaintiff submits no evidence to the contrary.

> 2. *Plaintiff's ever-evolving "continuous disclosure" theory fails as a matter of law.*

In her Amended Complaint, Plaintiff alleges—without any factual or legal basis—that Bonnell transmitted the Video to Rose via a Google Drive link, and that such a transmission somehow constituted an "ongoing dissemination" or "continuous disclosure" of the Video, sufficient to establish subject matter jurisdiction. (Am. Compl. [ECF No. 120] ¶¶ 13, 45.) Now that the record affirmatively demonstrates that Bonnell never sent the Video using Google Drive (*see*, *e.g.*, Bonnell Decl. ¶ 6 & Ex. D [ECF No. 132-5]), Plaintiff has abruptly modified her theory. In her Opposition, she now concedes that Bonnell transmitted the Video on one occasion via Discord in April 2022, but she asserts that even a private, one-time media attachment constitutes a "continuous disclosure" under CARDII. Plaintiff's ever-evolving theory is entirely unsupported by law.

---

[1] Indeed, the leaked communication logs showing Bonnell's subsequent communications with Rose reinforce the evidence that Rose's chat logs were converted into European day-month formatting. *See id.* ¶ 5 & Ex. C (communication exhibiting a date stamp of "14/04/2022."). *See generally* Exhibit C to the Bonnell Declaration [ECF No. 132-4] for further examples.

Critically, federal courts have repeatedly rejected similar arguments. In *Wray v. Greenburg*, 646 F. Supp. 3d 1084, 1115 (D. Ariz. 2022), the court held that "[e]mailing a public link to a shared drive to a single person" where "no facts . . . suggest the link was . . . widely disseminated" could not, as a matter of law, constitute an ongoing or public disclosure. The court in the companion case, *Greenburg v. Wray*, No. CV-22-00122-PHX-DLR, 2022 WL 2176499, at *2 (D. Ariz. June 16, 2022), reached the same conclusion. Plaintiff's attempt to rebrand a single, private Discord message as a "continuous dissemination" is baseless and should be rejected.

Moreover, Plaintiff's reliance on *Doe v. McCoy*, No. 23-CV-3169-MLB, 2024 WL 843908 (N.D. Ga. Feb. 28, 2024) and *Doe v. Unknown Party*, No. CV-24-00252-PHX-DLR, 2024 WL 492231 (D. Ariz. Feb. 7, 2024) is of no consequence. Unlike the public postings in *McCoy* and *Unknown Party*, Bonnell neither uploaded, nor publicly displayed the Video online or in a public forum. Nothing in *McCoy* or *Unknown Party*, suggests that a private Discord attachment amounts to an ongoing "disclosure" by the original sender. Indeed, no court has ever held that a one-to-one message—especially one sent before the statute's effective date—constitutes an ongoing disclosure under § 6851.

> 3. *Plaintiff fails to submit any evidence that Bonnell ever transmitted the Video to Abbymc.*

Plaintiff likewise offers no credible evidence that Bonnell transmitted the Video to Abbymc at any time, let alone evidence that could establish a genuine dispute of material fact as to such a transmission. Indeed, Bonnell's preserved logs show every file he sent to Abbymc, none of which contain the Video. (*See* Bonnell Decl. ¶¶ 7, 8 & Ex. E [ECF No. 132-6].) While Plaintiff merely alleges Bonnell transmitted the Video to Abbymc "sometime" after March 2023 via a

5

"Google drive link" (Am. Compl. ¶ 14), the evidence conclusively establishes such a transmission never occurred.[2]

Bonnell's communication logs with Abbymc demonstrate that the only Google Drive links he shared, on November 3, 2023, contained videos of another individual, "Peach," who has confirmed the content as her own. Plaintiff's contrary allegation rests on speculation, not evidence.[3] (*See* Bonnell Decl. ¶¶ 7-9 & Exs. E-F [ECF No. 132-6; 132-7].) Plaintiff's failure to provide any evidence to support her allegations is fatal to her Amended Complaint. *See Seventh Chakra Films*, 666 F. Supp. 3d at 1257 ("[the non-moving party] has failed to establish a genuine issue of material fact because she has failed to cite a single piece of record evidence").

C. **Plaintiff Has Had Nearly Eight Months To Conduct Discovery.**

Plaintiff's untimely and improper plea for further discovery cannot salvage jurisdiction and avoid dismissal. Courts deny such fishing expeditions where a plaintiff had months to develop the record yet fails to identify the specific evidence expected to emerge. *See In re Takata Airbag Prods. Liab. Litig.*, 396 F. Supp. 3d 1101, 1156 (S.D. Fla. 2019) (quoting *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1216 (11th Cir. 2007) (courts should not "reserve ruling on [a pending] motion to dismiss in order to allow the plaintiff to look for what [she] should have had—but did not—before coming through the courthouse doors.")); *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 n.7 (11th Cir. 1999) (affirming denial of jurisdictional discovery where plaintiffs took no action in eight months and "failed to specify what they thought could or should be discovered"); *see also*

---

[2] Plaintiff speculates that Bonnell sent the Video to Abbymc via a Google Drive link but offers no evidence to support that claim. In fact, no evidence exists that Bonnell ever transmitted the Video to *anyone* through Google Drive.

[3] Plaintiff's claim that the Google Drive links sent to Abbymc and Peach "do not match" is incorrect. The single-character difference (a lowercase letter "l" instead of the number "1") is a routine artifact of text-to-PDF conversion required for ECF filing, not evidence of any substantive discrepancy. Plaintiff's purported "expert" should know better.

*Wolf v. Celebrity Cruises, Inc.*, 683 F. App'x 786, 792 (11th Cir. 2017) (affirming denial of a "general request for jurisdictional discovery" raised months after the filing of the complaint and lacking specificity); *Davis v. Se. QSR LLC*, No. 23CV930-TKW-HTC, 2024 WL 3943390, at *6 (N.D. Fla. Aug. 6, 2024) (granting summary judgment where nonmovant failed to specify "what discovery [was] missing . . . why any such discovery was relevant," or why it had not been timely pursued.)

Plaintiff cannot now avoid dismissal due to her own lack of diligence. Apart from issuing a subpoena to KiwiFarms early on in the case, Plaintiff has done very little in an effort to establish jurisdiction—she has failed to take a single deposition, or even elicit testimony from her purported star witness, Abbymc.[4] Moreover, given that Bonnell has already produced all responsive documents in his possession, Plaintiff has failed to articulate what further discovery she supposedly still needs. With the discovery deadline looming, Plaintiff is now scrambling in an attempt to establish subject matter jurisdiction. In just the last few weeks, Plaintiff has begun noticing depositions, retaining purported experts, and even trying to obtain irrelevant materials from Bonnell's ex-wife who now resides in Sweden through the Hague Convention.[5] Plaintiff's lack of diligence is fatal to her claims.[6]

---

[4] In fact, Plaintiff has obstructed Bonnell's access to Abbymc. Despite that Plaintiff's attorneys also represent Abbymc, they refused to accept service of a subpoena on her behalf and refused to provide her current contact information. (*See* Brettler Decl. ¶¶ 9-11 [ECF No. 132-9].)

[5] While Plaintiff took "no position" with respect to the procedure Plaintiff seeks to use to materials from a non-party in Sweden, Bonnell disputes that any materials sought from his ex-wife have any bearing on Plaintiff's claims and objects on relevancy grounds.

[6] Plaintiff's reliance on *Jones v. Waffle House, Inc.*, No. 15-cv-1637-Orl-37DAB, 2016 WL 3231298, at *5-7 (M.D. Fla. June 13, 2016); *Castro v. BM Roofing LLC*, No. 24-cv-21433, 2024 WL 3916652, at *2, *5 (S.D. Fla. Aug. 21, 2024); *In re Mednax Servs., Inc., Customer Data Sec. Breach Litig.*, 603 F. Supp. 3d 1183, 1206-08 (S.D. Fla. 2022); and *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729-31 (11th Cir. 1982) is misplaced. In each of these cases, the motion to dismiss was filed at the outset of the case and before the plaintiffs had *any* meaningful chance to obtain discovery. These cases do nothing to excuse Plaintiff's eight months of inactivity.

D. **Plaintiff's Baseless Allegation of Evidence Spoliation Has Been Repeatedly Rejected by the Court, and the Peña Declaration Should Be Stricken.**

Rather than submit evidence to establish subject matter jurisdiction, Plaintiff instead filed a declaration from a purported expert who falsely accuses Bonnell of evidence tampering. The Court has already rejected such a contention on multiple occasions. (*See, e.g.*, Brettler Decl., dated Apr. 25, 2025, Ex. A at 12:9-10 [ECF No. 42-12]; Order denying Motion To Compel, dated Oct. 6, 2024 [ECF No. 143 at 9].) As Judge Becerra instructed Plaintiff's counsel at the April 4, 2025 status conference, the proper channel to seek sanctions for alleged evidence spoliation is by noticed motion pursuant to Rule 37(e) of the Federal Rules of Civil Procedure. [ECF No. 42-12 at 9:10-17; 12:9-11.] As the Court recently noted, "[i]t is now October of 2025 and there is no such motion on the docket." [ECF No. 143 at 9.]

That Plaintiff believes expert testimony is required to establish subject matter jurisdiction is telling. A party should not need an expert—even a qualified one—to determine whether her claims are properly before this Court. Indeed, subject matter jurisdiction is a threshold issue that should be established conclusively before a plaintiff even files suit. Regardless, Plaintiff's purported expert does nothing to establish jurisdiction here.

In fact, in giving his "expert" opinion and accusing Bonnell of tampering with evidence, Mr. Peña plagiarized his sworn testimony—indeed, he *copied and pasted* portions of his expert opinion directly from a third party's post on KiwiFarms, the very website that published the Video online. Specifically, portions of Paragraph 20 of the Peña Declaration are copied, *verbatim*, from the below post by "Code Cave" on Kiwi farms, which was published on September 20, 2025, weeks before Mr. Peña submitted his sworn declaration:

8



Worse, while Mr. Peña attempted to conceal his actions by removing the hyperlink destination on one of the embedded images in his declaration, he failed to take the same measures for the plagiarized embedded image on page 13 of his declaration, which still contains the hyperlink destination to the KiwiFarms post above. *See Henderson v. Lockheed Martin Corp.*, 723 F. Supp. 3d 1147 (M.D. Fla. 2024) (holding that plagiarism in expert's report warranted exclusion of expert who "pass[ed] off others' work as his own, demonstrating an unreliable methodology as a whole").[7] Moreover, just two days ago on October 8, 2025, Plaintiff filed an untimely motion (without even attempting to meet and confer with Bonnell's counsel first) seeking to "amend" the Peña Declaration, wherein she informed the Court that Paragraphs 17 and 18 of the Declaration were "no longer supported." [ECF No. 147.] [8] Mr. Peña submitted an "amended" declaration

---

[7] Bonnell objects to the entirety of the Peña Declaration on the grounds that the witness is not qualified to testify as an expert. Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588 (1993).

[8] Local Rule 7.1(a)(2) provides that a failure to meet and confer "may be cause for the Court to . . . deny the motion and impose on counsel an appropriate sanction . . . ."

*disavowing and retracting* certain meritless conclusions of evidence spoliation, particularly as it pertained to transmission of the Video to Rose [ECF No. 147-1]. The Peña Declaration must be stricken and disregarded accordingly.

### IV.     CONCLUSION

For these reasons, and the reasons set forth in Bonnell's Motion, Bonnell respectfully requests that the Motion to Dismiss be granted in its entirety.

Dated: October 10, 2025

Respectfully submitted,

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580
Fax: (305) 374-7593

By: /s/ *Patricia M. Patino*
Florida Bar No.: 1040022
rraskopf@bilzin.com
Patricia M. Patino, Esq.
Florida Bar No.: 1007702
ppatino@bilzin.com

and

**BERK BRETTLER LLP**
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel: (310) 278-2111

By: /s/ *Andrew B. Brettler*
Andrew B. Brettler, Esq.
California Bar No.: 262928
abrettler@berkbrettler.com
Jake A. Camara, Esq.
California Bar No.: 305780
jcamara@berkbrettler.com
Joel Sichel
California Bar No.: 361148
(admitted pro hac vice)

*Counsel for Steven K. Bonnell II*

10

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 10, 2025, a true and correct copy of the foregoing document is being served this day on all counsel of record, including those listed in the below Service List, via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Patricia M. Patino*
Attorney

**SERVICE LIST**

*Jane Doe v. Steven K. Bonnell II*
*Case No.: 1:25-cv-20757-JB/Torres*

Carlos A. Garcia Perez, Esq.
Sanchez-Medina, Gonzalez, Quesada, Lage, Gomez & Machado, LLP
201 Alhambra Circle, Suite 1205
Coral Gables, Florida, 33134
Email: cgarciaperez@smgqlaw.com

Joan Schlump Peters, Esq.
JSP LAW, LLC
838 Neapolitan Way, #91, Naples, FL 34103
Email: petersjoan@bellsouth.net

*Counsel for Plaintiff Jane Doe*