**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

MIAMI DIVISION

**JANE DOE**,                                                    CASE NO: 1:25-cv-20757-JB/Torres

       Plaintiff,

v.

**STEVEN K. BONNELL II**,

       Defendant.

_____/

**PLAINTIFF JANE DOE'S REPLY TO RESPONSE TO MOTION FOR LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE TO COMPEL DISCOVERY FROM MELINA CHATARINA EMMY GÖRANSSON IN SWEDEN PURSUANT TO THE HAGUE CONVENTION**

Plaintiff Jane Doe ("Plaintiff"), by and through the undersigned counsel, hereby submits her Reply to Defendant, Steven K. Bonnell II's ("Defendant") Response to her Motion for the issuance of a Letter of Request to serve a subpoena to testify and produce documents on Melina Chatarina Emmy Göransson, a resident of Sweden, pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, 23 U.S.T. 2555, T.I.A.S. No. 7444.

**Introduction**

Defendant's Opposition relies on two perfunctory and undeveloped arguments: i) the relevance of the materials Plaintiff seeks; and ii) a speculative claim of delay. Neither of these arguments present any reason to deny Plaintiff's Motion.

**Defendant Fails to Refute Plaintiff's Showing of Relevance**

Defendant's fleeting conclusory objection based on relevance fails to rebut Plaintiff's detailed showing of the relevance of the discovery sought, or that the evidence sought from Ms.

Göransson via letter rogatory is the exclusive mechanism by which Plaintiff could obtain this specific evidence. *See*, DE145, section I; DE145-1, Schedule A (sections III-V), and Schedule B. *Compare, e.g., Cole v. Carnival Corp.,* No. 23-CV-60532-RAR, 2023 WL 5846832, at *3 (S.D. Fla. Sept. 11, 2023) (rejecting relevance objections and "conclud[ing] [that] the sought-after discovery from [the witness via letter rogatory] is undeniably relevant to the claims in this action; that it may prove material to the resolution of this action or otherwise lead to material evidence; and that it is proportional to the needs of this case given [the witness'] unique position"); *In re Application of Mesa Power Group, LLC*, 878 F. Supp. 2d 1296, 1305 (S.D. Fla. 2012) (finding, over opposing party's relevance objection, that "[t]he [discovery sought by letters rogatory] still carry sufficient relevance and evidentiary value").

## The Federal Rules of Civil Procedure Strongly Favor Full Discovery Whenever Possible

It is well-settled that, "even if the information sought [in a proposed letter rogatory] is ultimately determined to be inadmissible, … '[i]nformation within [the] scope of discovery need not be admissible in evidence to be discoverable.'" *Med. Properties Tr., Inc. v. Viceroy Research,* No. 2:23-CV-00408-RDP, 2024 WL 150502, at *7 (N.D. Ala. Jan. 12, 2024) (rejecting opposing party's relevance objection to letter rogatory) (citing Fed. R. Civ. P. 26(b)(1); *Lorenzano v. Systems, Inc.*, 2018 WL 3827635, at n.3 (M.D. Fla. 2018)). "Instead, it must only be relevant to any party's claim and proportional to the needs of the case." *Id.* "Relevance in the context of discovery 'has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Id.* (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Much like in *Viceroy Research*, Plaintiff demonstrated that the evidence sought "undoubtedly bears on this dispute,." *id*., and Defendant's conclusory claim to the contrary is

unpersuasive. In sum, because "the Federal Rules of Civil Procedure strongly favor full discovery whenever possible," *id.* (citing *Farnsworth v. Proctor & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985)), Defendant's bald objection is incapable of refuting Plaintiff's showing that the evidence sought "bears on, or that reasonably could lead to other matter that could bear on, an[] issue that is or may be in the case." *Id.*

## <u>Defendant Waived His Objections</u>

During the meet-and-confer process in connection with Plaintiff's Motion, Defense counsel never raised the two objections Defendant now raises for the first time and without elaboration. In response to Plaintiff's meet and confer email, Counsel for Defendant merely stated: "We take no position with respect to this motion." Defendant has therefore arguably waived his objections. By way of example, a further meet and confer might have led to a reasonable agreement that Plaintiff could secure the testimony ahead of trial (*see*, discussion at section IV, *infra*). "Local Rule 7.[1](b) serves an important purpose that would be undermined if a party could assert objections after the fact that they could and should have raised during the conferral process." *Fernau v. Enchante Beauty Products, Inc.,* No. 18-CV-20866, 2021 WL 1520755, at *9 n.11 (S.D. Fla. Mar. 11, 2021), *report and recommendation adopted,* No. 18-20866-CIV, 2021 WL 1152835 (S.D. Fla. Mar. 26, 2021), *on reconsideration in part,* No. 18-20866-CIV, 2021 WL 1923285 (S.D. Fla. May 13, 2021). As such, untimely objections may be disregarded. *Id. See also, Classic Soft Trim, Inc. v. Albert*, No. 618CV1237ORL78GJK, 2020 WL 6730924, at *3 (M.D. Fla. Aug. 18, 2020) (opposing party "waived any objection … in meet and confers without raising the issue").

Defendant also waived both of his objections for failure to present *any* developed or substantiated argument. For this reason alone, the Court should not address either argument. *See U.S. Steel Corp. v. Astrue*, 495 F.3d 1272, 1287 n.13 (11th Cir. 2007) (refusing to address a

party's "perfunctory and underdeveloped argument") (citing *Flanigan's Enterprises, Inc. v. Fulton County*, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (holding that "fail[ure] to elaborate or provide any citation of authority in support [of an argument]" results in waiver)).

<u>**Motions for Letters Rogatory Are Timely So Long as the
Testimony Sought Is Secured Before Trial**</u>

Another objection Defendant raises for the first time that he could have raised during the meet and confer is that Plaintiff's Motion may be untimely. But as courts in this Circuit have recognized, testimony secured by a letter rogatory is timely so long as it is secured before trial, if the testimony is used only at trial. In other words, even if Plaintiff could not, for the sake of argument, secure the evidence she seeks before the discovery cutoff, she may still secure it for purposes of trial.

The case of *Giraldo v. Drummond Co., Inc.,* No. 2:09-CV-1041-RDP, 2012 WL 1565829 (N.D. Ala. Apr. 26, 2012) is instructive. In *Giraldo*, "Defendants oppose[d] the issuance of additional letters rogatory ***over a year*** after the deadline for issuing such letters has passed." *Id.*, at *1 (emphasis added). Much like in the case at bar, the plaintiff's investigation only recently uncovered the underlying facts that the witness is expected to testify to. *Id*. The court agreed that the deadline for "final witness lists to be filed" could be construed as the deadline to take the deposition by letter rogatory. *Id*. The court observed that "the testimony sought is for trial purposes only, and that "the Eleventh Circuit (as well as other courts in this Circuit) approves of a district court's use of identical timing for discovery and trial depositions….." *Id.,* at **1-2. The court granted plaintiff's motion, holding that "[t]he letters rogatory process will afford Defendants the opportunity to depose these witnesses prior to trial." *Id*., at *3.

In short, Plaintiff's Motion should not be denied as untimely, even if Plaintiff, *arguendo*, will ultimately be unable to secure the evidence she seeks prior to the discovery cutoff.

4

Wherefore, Plaintiff respectfully requests that her Motion be granted.

Dated: October 16, 2025.

Respectfully submitted,

**JSP LAW, LLC**
Joan Schlump Peters
(admitted *pro hac vice*)
838 Neapolitan Way, #91
Naples, FL 34103
Tel. 305-299-4759
Email: petersjoan@bellsouth.net
Counsel for Plaintiff JANE DOE

**SANCHEZ-MEDINA GONZALEZ
LAGE GOMEZ & MACHADO, LLP**
CARLOS A. GARCIA PEREZ / Fla Bar 106895
GUSTAVO D. LAGE / Fla Bar 972551
201 Alhambra Circle, Suite 1205
Coral Gables, Florida, 33134
Tel. (305) 377-1000
Primary E-Mail: cgarciaperez@smgqlaw.com
Primary E-Mail: glage@smgqlaw.com
Counsels for Plaintiff JANE DOE

By:_____
        CARLOS A. GARCIA PEREZ

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 27, 2025 a true and correct copy of the foregoing was served on all parties via the CM/ECF filing portal to all counsel of record.

By: _____
        CARLOS A. GARCIA PEREZ
        Attorney for Plaintiff