UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

(MIAMI DIVISION)

**JANE DOE,**  CASE NO: 1:25-cv-20757-JB/Torres

    Plaintiff,

v.

**STEVEN K. BONNELL II,**

    Defendant.
_____/

**PLAINTIFF'S REPLY TO OPPOSITION TO MOTION SUBMITTING AMENDMENT TO DECLARATION IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS AMENDED COMPLAINT**

Plaintiff Jane Doe, by and through the undersigned counsel, submits this Reply in support of her Motion Submitting Amendment to Declaration in Support of Opposition to Motion to Dismiss Amended Complaint ("Motion")(ECF No. 147), and in response to Defendant's Opposition (ECF No. 153).

## Introduction

The only arguments presented by Defendant are that the Motion was i) untimely, and ii) Plaintiff failed to meet and confer. Neither of these arguments present any reason to deny Plaintiff's Motion.

### 1. Local Rule 7.1(a)(3) Did Not Require Conferral for the Corrective Motion

Defendant's procedural objection fails because Local Rule 7.1(a)(3)'s meet-and-confer requirement does not apply to Plaintiff's corrective filing. The rule expressly exempts motions to dismiss and related submissions from the conferral requirement. Plaintiff's motion did not seek substantive relief from the Court or raise any new dispute—it simply corrected two factual

paragraphs in the Peña Declaration, an exhibit submitted in opposition to Defendant's Motion to Dismiss. Because this filing was ancillary to an exempt submission, *no* conferral obligation arose. The purpose of Rule 7.1(a)(3) is to prevent unnecessary motion practice—not to penalize parties for promptly correcting inadvertent factual errors. Requiring pre-filing conferences for such ministerial corrections would produce needless delay and procedural gamesmanship, contrary to the rule's intent.

### 2. Plaintiff's Motion Was Timely and Filed in the Interest of Accuracy

Defendant's claim that the motion was "untimely" mischaracterizes both the timing and the nature of the filing. The correction was submitted on October 8, 2025—five days after the opposition (ECF No. 139) and before Defendant's reply was due (October 10, 2025). The purpose was to ensure that Defendant and the Court had the most accurate version of the expert's analysis before any reply was filed.

Nothing in the Federal Rules or Local Rules bars a party from submitting a correction or supplemental declaration prior to a reply deadline—particularly where the correction does not alter the substantive arguments.

Accordingly, Plaintiff's filing was not "untimely"; it was a diligent and responsible act to preserve the accuracy of the record. Defendant has not and cannot claim any prejudice because he proceeded to timely file his Reply and address Mr. Peña's Declaration, as amended. (See ECF 149).

### 3. The Amendment Does Not "Change" the Expert's Opinions in Any Material Way

Defendant's suggestion that the amended Declaration "walks back considerable portions" of Mr. Peña's opinions misrepresents the scope of the correction. The amendment affects only two paragraphs of Mr. Peña's twenty-two-paragraph, thirteen-page Declaration. It removes certain

2

DOE vs BONNELL
CASE NO: 1:25-cv-20757-JB/Torres

interpretations that Mr. Peña determined were unsupported upon further review of the forensic data; it does not introduce new theories, or expand the evidentiary record. The amendment merely narrows the scope of Mr. Peña's prior conclusions to ensure accuracy and candor.

### 4. Even If Conferral Were Required, Any Omission Was Harmless and in Good Faith

Even assuming arguendo that Local Rule 7.1(a)(3) applied, any failure to confer was harmless and in good faith. Plaintiff's counsel promptly filed the corrective motion to maintain the integrity of the record, without intent to circumvent procedure. Defendant had full notice and ample opportunity to address the amended Declaration, and suffered no prejudice. Defendant's Opposition is therefore baseless.

### 5. The Interests of Accuracy and Judicial Economy Favor Granting the Motion

Allowing the corrected declaration ensures the Court evaluates the pending motion on an accurate record. The amendment is limited, timely, and intended solely to prevent an acknowledged inaccuracy from misleading the Court. Judicial efficiency and fairness overwhelmingly favor granting the motion.

**WHEREFORE**, Plaintiff respectfully requests that the Court grant her Motion to Amend Expert Declaration (ECF No. 147), deem the corrected declaration filed, and reject Defendant's Opposition.

Dated: October 16, 2025.

DOE vs BONNELL
CASE NO: 1:25-cv-20757-JB/Torres

Respectfully submitted,

| | |
|---|---|
| **JSP LAW, LLC** | **SANCHEZ-MEDINA GONZALEZ** |
| Joan Schlump Peters | **LAGE GOMEZ & MACHADO, LLP** |
| (admitted *pro hac vice*) | CARLOS A. GARCIA PEREZ / Fla Bar 106895 |
| 838 Neapolitan Way, #91 | GUSTAVO D. LAGE / Fla Bar 972551 |
| Naples, FL 34103 | 201 Alhambra Circle, Suite 1205 |
| Tel. 305-299-4759 | Coral Gables, Florida, 33134 |
| Email: petersjoan@bellsouth.net | Tel. (305) 377-1000 |
| Counsel for Plaintiff JANE DOE | Primary E-Mail: cgarciaperez@smgqlaw.com |
| | Primary E-Mail: glage@smgqlaw.com |
| | Counsels for Plaintiff JANE DOE |

By:_____
    CARLOS A. GARCIA PEREZ

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 27, 2025 a true and correct copy of the foregoing was served on all parties via the CM/ECF filing portal to all counsel of record.

By: _____
    CARLOS A. GARCIA PEREZ
    Attorney for Plaintiff

4