UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:25-cv-20757-JB/Torres

JANE DOE,

    Plaintiff,

v.

STEVEN K. BONNELL II,

    Defendant.

_____/

# DEFENDANT STEVEN K. BONNELL'S OPPOSITION TO PLAINTIFF'S MOTION TO SUBMIT AUDIO FILES CONVENTIONALLY

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
PATRICIA M. PATINO
Florida Bar No.: 1007702
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580
Fax: (305) 374-7593
Email: ppatino@bilzin.com

- and -

**BERK BRETTLER LLP**

ANDREW B. BRETTLER
California Bar No.: 262928
JAKE A. CAMARA
California Bar No.: 305780
JOEL A. SICHEL
California Bar No.: 361148
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel: (310) 278-2111
Email: abrettler@berkbrettler.com;
jcamara@berkbrettler.com
jsichel@berkbrettler.com
(admitted *pro hac vice*)

1

I.      INTRODUCTION

Plaintiff seeks leave to re-file purported exhibits that were never properly authenticated, never attached to any sworn declaration, and not otherwise admissible under the Federal Rules of Evidence. Because Plaintiff failed to establish a foundation for any of the so-called exhibits, she should not be permitted to re-file them in any format. Moreover, nothing in the Court's October 6, 2025 Order requires the parties to re-file documents to bring them into compliance with the Court's instruction against the use of "random links" in future pleadings. Plaintiff's attempt to use that Order as a vehicle to re-introduce unauthenticated and inadmissible evidence is unfounded and should be denied.

II.     **PLAINTIFF'S EXHIBITS WERE NOT AUTHENTICATED AND ARE NOT ADMISSIBLE.**

Plaintiff seeks leave to file conventionally the random hyperlinks she inserted into her Opposition to Bonnell's pending motion to dismiss for lack of subject matter jurisdiction, dated October 3, 2025 [ECF No. 139 at 13.] Those links to random YouTube videos are no longer "live." Indeed, anyone attempting to follow the links now receives the error message, "Video unavailable. Video has been removed by the uploader." Accordingly, neither Bonnell nor the Court has the ability to determine whether Plaintiff's proposed "conventional filing" of the videos would even be the same videos cited in Plaintiff's Opposition brief. With her Motion, Plaintiff provides no chain of custody, metadata, or sworn declaration to attest to their origin or accuracy. Plaintiff never authenticated these materials in her original filing, nor did she support them with any affidavit or declaration as required by Federal Rule of Civil Procedure 56(c)(4) and Local Rule 7.1. She cannot cure those defects now, after the links have been removed by whoever uploaded the videos to YouTube.

Courts within this Circuit consistently reject such filings. *See Org. of Prof'l Aviculturists, Inc. v. Kershner*, 564 F. Supp. 3d 1238, 1249 (S.D. Fla. 2021) (citing Federal Rule of Evidence 901 and holding that letters and memoranda "lack authentication" where they were not supported by an affidavit from a competent witness); *Pohl v. MH Sub I, LLC*, 332 F.R.D. 713, 721 (N.D. Fla. 2019) (granting motion in limine where plaintiff "failed to provide evidence sufficient to show that the screenshots are what he claims them to be"). Authenticity requires the proponent to "make out a prima facie case that the proffered evidence is what it purports to be." *United States v. Caldwell*, 776 F.2d 989, 1001-02 (11th Cir. 1985); *see also Calhoun v. Walmart Stores E., LP*, 818 F. App'x 899, 904 (11th Cir. 2020) (affirming exclusion of purported exhibits where plaintiff "provided no evidence whatsoever to demonstrate that the documents were what she claimed they were").

Accordingly, Defendant objects to the admissibility of these materials in their entirety and does not consent to their re-filing, whether conventionally or otherwise.

### III. THE OCTOBER 6 ORDER DOES NOT REQUIRE RETROACTIVE RE-FILING.

Plaintiff's Opposition brief containing the hyperlinks at issue was filed three days before the Court issued its October 6 Order. The Court's instruction in that Order imposed no duty, nor granted any right, to re-file materials previously submitted to the Court, or to append new, unauthenticated materials to its prior pleadings. The Order expressly stated that "on a going forward basis," the Court would not open "any links to images or online documents" contained within filings and directed that such materials be included as exhibits instead of random links that could be modified or deleted, as is the case here. [ECF No. 143 at 15.] By its plain terms, the Court's directive was prospective, intended to govern future filings—not to reopen or permit amendment of pleadings already on the docket.

Nothing in the October 6 Order invites or authorizes parties to re-file prior submissions. To the contrary, Local Rule 7.1 requires that "[a]ll materials in support of any motion, response, or reply, including affidavits and declarations, shall be served with the filing." S.D. Fla. L.R. 7.1(a)(1).[1] Allowing Plaintiff to append new, unauthenticated materials to her prior filings would effectively permit an untimely supplementation of the record with unsworn, inadmissible evidence, contrary to both the Court's Order and the Local Rules.

### IV. CONCLUSION

Plaintiff's request is procedurally improper and substantively unsupported. The exhibits she seeks to re-file remain unauthenticated, inadmissible, and irrelevant to any pending motion. The Court's October 6 Order does not authorize the relief sought.

For these reasons, Defendant respectfully requests that the Court deny Plaintiff's Motion to Submit Files Conventionally in its entirety.

Dated: October 28, 2025

Respectfully submitted,

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580
Fax: (305) 374-7593

By: /s/ *Patricia Patino*
Patricia M. Patino
Florida Bar No.: 1007702
ppatino@bilzin.com

- *and* -

---

[1] Indeed, this is not the first time Plaintiff has attempted to submit untimely "evidence." *See* Pl.'s Mot. To File Redacted Evid. in Support of the Decl. of Abbymc, dated June 2, 2025 [ECF No. 86] (filed nearly a month after the preliminary injunction motion had been fully briefed); Pl.'s Mot. To File/Submit Amend. to Expert Decl. in Opp'n to Mot. To Dismiss Am. Compl., dated Oct. 8, 2025 [ECF No. 147] (filed five days after opposition papers were due).

**BERK BRETTLER LLP**
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel: (310) 278-2111

By: /s/ *Andrew B. Brettler*
Andrew B. Brettler, Esq.
California Bar No.: 262928
abrettler@berkbrettler.com
Jake A. Camara, Esq.
California Bar No.: 305780
jcamara@berkbrettler.com
Joel Sichel
California Bar No.: 361148
jsichel@berkbrettler.com
(admitted pro hac vice)

*Counsel for Steven K. Bonnell II*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 28, 2025, a true and correct copy of the foregoing document was served this date on all counsel of record, including those listed in the below Service List, via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ *Patricia M. Patino*

5

**SERVICE LIST**
*Jane Doe v. Steven K. Bonnell II*
*Case No.: 1:25-cv-20757-JB*

Carlos A. Garcia Perez, Esq.
Sanchez-Medina, Gonzalez, Quesada, Lage,
Gomez & Machado, LLP
201 Alhambra Circle, Suite 1205
Coral Gables, Florida, 33134
Email: cgarciaperez@smgqlaw.com

Joan Schlump Peters, Esq.
JSP LAW, LLC
838 Neapolitan Way, #91
Naples, Florida 34103
Email: petersjoan@bellsouth.net

*Counsel for Jane Doe*