**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Miami Division

**JANE DOE**,   Case No:  1:25-cv-20757-JB/Torres

     Plaintiff,

vs.

**STEVEN K. BONNELL II**,

     Defendant.

_____/

### PLAINTIFF JANE DOE'S NOTICE OF LOCAL RULE 7.1(B)(4) EXPIRATION AND SUPPLEMENTAL EVIDENCE IN FURTHER SUPPORT OF MOTION FOR PROTECTIVE ORDER GOVERNING PUBLIC COMMENTARY

COMES NOW Plaintiff JANE DOE, by and through undersigned counsel, and respectfully submits this Notice pursuant to Local Rule 7.1(b)(4) that more than ninety (90) days have elapsed since the submission of Plaintiff's Motion for Protective Order Governing Public Commentary by Trial Participants ("Motion")(ECF 84). In addition, Plaintiff respectfully provides the below detailed supplemental evidence to apprise the Court of an egregious new incident of online harassment and doxxing by Defendant that further demonstrates the need for the requested protective order. This filing is intended solely to supplement the evidentiary record and support the previously filed motion; it does not seek to expand or modify the relief originally requested. In support, Plaintiff states as follows:

#### I. PROCEDURAL POSTURE

On June 2, 2025, Plaintiff filed her Motion (ECF 84). On June 16, 2025, defendant filed his Opposition. (ECF 99). Plaintiff filed her Reply on June 23, 2025. (ECF 104). As of the date of this filing the Motion has been fully briefed for more than ninety (90) days.

## II. SUPPLEMENTAL EVIDENCE OF CONTINUED HARASSMENT, DOXXING, AND VIOLATION OF THE PROTECTIVE ORDER (ECF 7)

Plaintiff's Motion seeks a narrowly tailored protective order to curb the ongoing harassment, doxxing, and intimidation that threatens the integrity of these proceedings and is causing further harm to Plaintiff. In support of the Motion, Plaintiff submitted evidence of Defendant's online harassment and doxxing of Plaintiff, Plaintiff's witnesses and potential witnesses, and Plaintiff's counsel. See ECF nos. 84, 84-1, 84-2, 84-3, 84-4, 104.

Defendant has recently engaged in additional online conduct that underscores the necessity of the requested protective order. Specifically, on October 29, 2025, Defendant published on the social media platform X (formerly Twitter) a post *identifying Plaintiff's spouse by her legal name*, accompanied by a screenshot from an Instagram post depicting Plaintiff and her spouse, along with a private chat thread between Defendant and Plaintiff from October 2023 (Defendant only included the messages from Plaintiff and omitted his own responses). See Exhibit A hereto (redacted).[1]

The spouse's social media account is *not* in her legal name, but instead under a pseudonym. Defendant nevertheless deliberately identified her by her legal name in his public post, thereby linking Plaintiff's pseudonym in this litigation to her spouse's true identity and effectively disclosing identifying information that this Court's Protective Order (ECF No. 7) was designed to safeguard.

The Defendant then *falsely* and maliciously accused Plaintiff of having "committed a green card marriage fraud." See Exh. A. As of today, the post has been viewed 498,000 times and received 179 replies. One of the replies includes the link to an ICE Tip Form, encouraging

---

[1] A Motion for Leave to File Under Seal the unredacted version of Exhibit A is being filed herewith.

Defendant's followers to report Plaintiff's spouse in order to have her deported. Id. Defendant's followers have also used Plaintiff's spouse's legal name to track down identifying information about Plaintiff, and another reply to Defendant's post has *posted Plaintiff's legal name and other identifying information*. Id.

Immediately upon being made aware of Defendant's post on October 29, the undersigned counsel, Joan S. Peters, contacted Defendant's counsel via email at 10:56 a.m. See Exhibit B hereto, Declaration of Joan S. Peters. Ms. Peter's email included the screenshot of the post, and asked counsel to instruct their client to immediately remove the post since it violated the Court's Protective Order at docket 7 by publishing "information that identifies Plaintiff or her family members." Despite the time sensitive nature of the matter, Defendant's counsel, Mr. Brettler, did not substantively respond until 4:51 pm.

Mr. Brettler's response asserts that the post did not violate the Protective Order because it only pertains to "documents filed with the Court," and not to social media posts. Moreover, Mr.Brettler contends that because the Court has not yet ruled on Plaintiff's pending Motion (ECF 84), there is no restriction on Defendant's public commentary. See Exh. B. Mr. Brettler's narrow interpretation of the Court's Protective Order is both hyper-technical and contrary to the Order's purpose, which explicitly prohibits any disclosure "that identifies Plaintiff or her family members, directly or indirectly." (ECF 7).

Furthermore, the Protective Order requires that "under no circumstances shall any person disclose Plaintiff's name to the media without consent of Plaintiff's counsel." Id. Defendant's deliberate disclosure of the spouse's legal identity — a family member whose identity is necessarily tied to Plaintiff — constitutes an intentional breach of the Order's confidentiality

mandate and a continuation of the very harassment Plaintiff sought to prevent through the pending Motion.

This new posting exemplifies Defendant's ongoing campaign to publicly expose and disparage Plaintiff and those associated with her, further justifying the need for the broader protective measures requested in the pending Motion. This incident mirrors the type of conduct that the Motion seeks to prevent and further demonstrates the ongoing risk of prejudice to the integrity of these proceedings and to Plaintiff's safety and well-being.

### III.  RELIEF REQUESTED

Plaintiff respectfully requests that the Court (1) take notice under Local Rule 7.1(b)(4) that more than 90 days have passed since the submission of the pending Motion, and (2) consider the attached exhibits and this supplemental evidence in ruling upon the Motion, which remains necessary to prevent further harm and interference with these proceedings.

**WHEREFORE,** for the foregoing reasons, Plaintiff respectfully requests that the Court take notice of the expiration under Local Rule 7.1(b)(4) and grant the pending Motion for Protective Order in light of the continuing and escalating conduct described herein.

### LOCAL RULE 7.1 CERTIFICATE OF CONFERRAL

WE HEREBY CERTIFY that, pursuant to Local Rule 7.1(a)(2), the undersigned counsel conferred via email on October 29, 2025 with counsel for Defendant in a good-faith effort to resolve the issues raised in this motion pertaining to Defendant's offending post and were unable to reach an agreement on resolving or further narrowing the issues. Defendant refused to remove the post. There is no meet and confer requirement for filing a Local Rule 7.1(b)(4) notification.

Dated: October 30, 2025.

| | |
|---|---|
| **JSP LAW, LLC** | **SANCHEZ-MEDINA GONZALEZ** |
| Joan Schlump Peters | **LAGE GOMEZ & MACHADO, LLP** |
| (admitted *pro hac vice*) | CARLOS A. GARCIA PEREZ |
| 4819 W. Blvd. Ct. | Florida Bar No. 106895 |
| Naples, FL 34103 | GUSTAVO D. LAGE |
| Tel. 305-299-4759 | Florida Bar No. 972551 |
| Email: petersjoan@bellsouth.net | 201 Alhambra Circle, Suite 1205 |
| Counsel for Plaintiff JANE DOE | Coral Gables, Florida, 33134 |
| | Tel.: (305) 377-1000 |
| | Primary E-Mail: cgarciaperez@smgqlaw.com |
| | Primary E-Mail: glage@smgqlaw.com |
| | Counsels for Plaintiff |

             */s/ Carlos A. Garcia Perez*
By:_____
            CARLOS A. GARCIA PEREZ
            Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 30, 2025 a true and correct copy of the foregoing was served on all parties via the CM/ECF filing portal to all counsel of record.

By: */s/ Carlos A. Garcia Perez*

CARLOS A. GARCIA PEREZ
Attorney for Plaintiff