**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
(MIAMI DIVISION)

**JANE DOE,**

CASE NO: 1:25-cv-20757-JB/Torres

Plaintiff,

v.

**STEVEN K. BONNELL II,**

Defendant.
_____/

**UNSWORN STATEMENT UNDER PENALTY OF PERJURY OF**
**JOAN SCHLUMP PETERS PURSUANT TO 28 U.S.C. § 1746**

I, Joan Schlump Peters, declare as follows:

 1. I am an attorney admitted to practice *pro hac vice* in the above captioned action. I have personal knowledge of the matters contained herein and if called upon to testify could offer competent testimony thereto.

 2. I am submitting this statement in support of Plaintiff's Notice of Local Rule 7.1(b)(4) Expiration and Supplemental Evidence in Further Support of Motion for Protective Order Governing Public Commentary ("Notice").

 3. On October 29, 2025, at 10:56 a.m., I sent an email to Defendant's counsel, as follows: "The Court's Protective Order (Dkt 7), specifically protects any '*information that identifies Plaintiff or her family members*.' Your client has violated the Court's Order by posting the name of Plaintiff's spouse at 2:53 am today. He has also defamed Plaintiff by falsely claiming that she 'committed a green card marriage fraud.' The post has already amassed 202.6k views. The post must be deleted immediately, otherwise we will seek relief from the Court. Your client also

needs to make a public apology for his reprehensible post. Please advise immediately." I included a screenshot of the post.

4. At 4:50 p.m. Mr. Brettler responded via a letter which asserted that the post did not violate the Protective Order because it only pertains to "documents filed with the Court," and not to social media posts. Moreover, Mr. Brettler asserted that because the Court has not yet ruled on Plaintiff's pending Motion (ECF 84), there is no restriction on Defendant's public commentary.

5. Mr. Brettler further asserted that "Mr. Bonnell merely re-posted what [Plaintiff's spouse] previously published on her own social media pages." This assertion however is false because Plaintiff's spouse's Instagram account is not in her own name but under a pseudonym. Also, Mr. Brettler's reference and link to another account which is under the same name as the spouse's name is an imposter account and does not contain the photo that Defendant posted. That photo was taken from the spouse's actual account which does not contain her legal name.

6. The post and replies that are included in Exhibit A (to be filed under seal) to the Notice are true and correct copies of public posts observed on X on October 29, 2025.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that, to the best of my knowledge and understanding, the foregoing is true and correct.

Executed in Naples, Florida, this 30th day of October, 2025.

*s/ Joan Schlump Peters*

Joan Schlump Peters
