UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:25-cv-20757-JB/Torres

JANE DOE,

    Plaintiff,

v.

STEVEN K. BONNELL II,

    Defendant.

_____/

**DEFENDANT STEVEN K. BONNELL'S RESPONSE TO PLAINTIFF'S UNTIMELY NOTICE AND UNAUTHORIZED SUR-REPLY**

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
PATRICIA M. PATINO
Florida Bar No.: 1007702
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580
Fax: (305) 374-7593

Email: ppatino@bilzin.com

-and-

**BERK BRETTLER LLP**

ANDREW B. BRETTLER
California Bar No.: 262928
JAKE A. CAMARA
California Bar No.: 305780
JOEL A. SICHEL
California Bar No.: 361148
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel: (310) 278-2111
Email: abrettler@berkbrettler.com;
jcamara@berkbrettler.com
(admitted *pro hac vice*)

On October 30, 2025, Plaintiff Jane Doe filed an untimely "Notice of Expiration" and unauthorized sur-reply brief, styled "Supplemental Evidence in Further Support" of Plaintiff's pending motion for a gag order against Defendant Steven K. Bonnell II. [ECF No. 160.] Plaintiff filed her motion for a gag order nearly five months ago, and her transparent attempt to use Local Rule 7.1 as a pretext for filing her unauthorized sur-reply brief should not be permitted. The Court should strike Plaintiff's pleadings [ECF No. 160, 160-1, 160-2] in their entirety.

First, Local Rule 7.1 imposes a burden on a moving party to file "*within fourteen (14) days*" of the ninety-day expiration date a "Notification of Ninety Days Expiring." L.R. 7.1(b)(4)(B) (emphasis added). Plaintiff filed her motion seeking a gag order against Bonnell on June 2, 2025 [ECF No. 84.] Bonnell filed his opposition on June 16 [ECF. No. 99.] Plaintiff filed her reply on June 23. [ECF No. 104.] The Court did not schedule a hearing on the motion. Accordingly, the 90-day period expired on September 21, 2025—*40 days ago*. Plaintiff is just now getting around to complying with the Court's Local Rule.

Second, Local Rule 7.1 requires the noticing party to provide specific information pertaining to the fully-briefed motion, including the "title and docket number of any and all responses or opposing memoranda." L.R. 7.1(b)(4)(B)(ii). In her so-called "Notice," Plaintiff failed to provide the requisite information, further demonstrating that the true purpose of filing her Notice, nearly a month after it was due, was to give Plaintiff an opportunity to submit an unauthorized sur-reply.

Substantively, Plaintiff seeks to draw and benefit from public assistance, while pursuing her lawsuit anonymously and seeking to muzzle Bonnell at the same time. Indeed, while seeking to silence Bonnell with a gag order, Plaintiff continues to promote and associate herself (and her online persona "Pxie") with her allegations against Bonnell while also seeking to keep her legal

1

name confidential. Plaintiff has repeatedly attacked and maligned Bonnell online, including through her Substack posts, social media updates, pleas for additional witnesses to come forward, and solicitations for donations to her legal fund, all of which have been viewed collectively more than 1.5 million times. In fact, this Court has already noted Plaintiff's substantial public commentary about this case. (*See* Order Denying Mot. Prel. Inj. [ECF No. 143] at 10) ("*Both* Plaintiff and Defendant have engaged in online commentary regarding this case, including as to their version of events and/or purposes.") (emphasis in original). Plaintiff cannot have it both ways.

Moreover, Plaintiff's counsel's representation regarding counsel's meet and confer efforts is grossly misleading and inaccurate. Attached as Exhibit A to the Declaration of Andrew B. Brettler, dated October 31, 2025, and filed concurrently herewith, is a true and correct (partially redacted) copy of the letter, dated October 29, 2025, that Bonnell's counsel sent to Plaintiff's counsel in response to Plaintiff's false contention that Bonnell violated the Protective Order entered in this case. Throughout her Notice and her attorney's supporting declaration, Plaintiff misstates and omits key portions of Bonnell's October 29 letter addressing Plaintiff's allegations. Rather than burdening the Court with further unnecessary pleadings, Bonnell respectfully directs the Court to Exhibit A of the Brettler Declaration, wherein the facts and legal arguments are laid out concisely.

Dated: October 31, 2025

Respectfully submitted,

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580
Fax: (305) 374-7593

By: /s/ *Patricia M. Patino*
Patricia M. Patino
Florida Bar No.: 1007702
ppatino@bilzin.com

2

- and -

**BERK BRETTLER LLP**
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel: (310) 278-2111

By: /s/ *Andrew B. Brettler*
Andrew B. Brettler
California Bar No.: 262928
abrettler@berkbrettler.com
Jake A. Camara
California Bar No.: 305780
jcamara@berkbrettler.com
Joel Sichel
California Bar No.: 361148)
(admitted *pro hac vice*)
*Counsel for Steven K. Bonnell II*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 31, 2025, a true and correct copy of the foregoing document was served this date on all counsel of record, including those listed in the below Service List, via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Patricia M. Patino

## SERVICE LIST
*Jane Doe v. Steven K. Bonnell II*
*Case No.: 1:25-cv-20757-JB*

Carlos A. Garcia Perez, Esq.
Sanchez-Medina, Gonzalez, Quesada, Lage,
Gomez & Machado, LLP
201 Alhambra Circle, Suite 1205
Coral Gables, Florida, 33134
Email: cgarciaperez@smgqlaw.com

Joan Schlump Peters, Esq.
JSP LAW, LLC
838 Neapolitan Way, #91, Naples, FL 34103
Email: petersjoan@bellsouth.net

*Counsel for Plaintiff Jane Doe*