# EXHIBIT A



BLAIR BERK
ANDREW B. BRETTLER*
*ADMITTED IN CA, NY AND NJ

JAKE A. CAMARA
REGINA PETER
TOM JONES▵
JOEL SICHEL
▵ADMITTED IN CA, ENGLAND
AND WALES

October 29, 2025

<u>VIA EMAIL</u>:
petersjoan@bellsouth.net

Joan S. Peters, Esq.
JSP Law, LLC
838 Neapolitan Wy., #91
Naples, FL 34103

<u>VIA EMAIL</u>:
cgarciaperez@smgqlaw.com

Carlos A. Garcia Perez
Sanchez-Medina, Gonzalez, Quesada,
Lage, Gomez & Machado, LLP
201 Alhambra Cir., Ste. 1205
Miami, FL 33134

**Re:**   <u>*Doe v. Bonnell*, S.D. Fla. Case No. 25-cv-20757-JB/Torres</u>

Dear Joan and Carlos:

We write in response to Joan's emails from 7:56 a.m., 10:21 a.m. and 1:13 p.m. PDT today, in which she baselessly accused Mr. Bonnell of violating the Protective Order, dated February 20, 2025, by "posting the name of Plaintiff's spouse" on social media and repeatedly demanded that Mr. Bonnell immediately delete his post and publicly apologize to Plaintiff. He is not obligated to do so.

Nothing in Mr. Bonnell's social media post violates the terms of the Protective Order. The Protective Order governs "documents filed with the Court." [ECF No. 7 ¶ 1.] Conveniently, Joan omitted this qualifier in the portion of the Order she quoted in her first email this morning. The Protective Order does not restrict public commentary, nor does it impose any general confidentiality obligations on the parties. Plaintiff's motion seeking to impose a gag order on Mr. Bonnell [ECF No. 84] has *not* been granted. Indeed, in Plaintiff's motion seeking to hold Mr. Bonnell in contempt for discussing the June 3, 2025 hearing on social media (the transcript of which was recently unsealed), Plaintiff advanced a similarly frivolous argument to the one she asserts here, in that she accused Mr. Bonnell of violating a then—and still—nonexistent court order. [ECF No. 113 at 1, 7.] Mr. Bonnell opposed that motion precisely on those grounds, among others. [ECF No. 118 at 2.]

Further, notwithstanding that the Protective Order does not govern Mr. Bonnell's privileged speech, he did not publish any new, previously

abrettler@berkbrettler.com

+1.310.278.2111 | 9119 W. Sunset Blvd. West Hollywood, CA 90069

Joan S. Peters, Esq.
Carlos A. Garcia Perez, Esq.
Re: *Doe v. Bonnell*
October 29, 2025
Page 2

undisclosed, or "Confidential" information on social media, or anywhere else. Mr. Bonnell merely re-posted what ███████ previously published on her own social media pages. *See, e.g.,* ████████████████████████████████████████████████████████████. ███████'s social media accounts remain active and accessible and include photographs of both her and Plaintiff. In fact, the post Joan embedded in her email from early this morning was taken from ███████'s Instagram page. Prior to Joan sending her email, ███████ had tagged Plaintiff in that post. ███████ has since removed the tag, likely because tagging Plaintiff in a public post does not fit the narrative Plaintiff is putting forward here.

Finally, the contention that Mr. Bonnell "defamed Plaintiff" in his post by suggesting that she engaged in "green card marriage fraud" is unfounded. Plaintiff admitted in correspondence she produced in this case that she was marrying ███████ because she wanted ███████ to stay in the United States. Plaintiff further expressed her concern about the "affidavits" and "interviews" that she would need to provide to establish a bona fide marriage. Given that truth is a complete defense to a claim for defamation, nothing in Mr. Bonnell's post rises to the level of an actionable claim. In any event, if Plaintiff were to assert such a claim, it would be subject to Florida's anti-SLAPP law. Plaintiff would be exposed to significant liability, including, but not limited to paying Mr. Bonnell's legal fees in connection with having to defend against any such claim.

All rights reserved.

Sincerely,

ANDREW B. BRETTLER

cc:    All counsel of record

abrettler@berkbrettler.com

+1.310.278.2111 | 9119 W. Sunset Blvd. West Hollywood, CA 90069