**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

Case No.: 1:25-cv-20757-JB/Torres

JANE DOE,

    Plaintiff,

v.

STEVEN K. BONNELL II,

    Defendant.

_____/

# STEVEN K. BONNELL II'S MOTION FOR A PROTECTIVE ORDER TO COORDINATE DEPOSITION SCHEDULING

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
PATRICIA M. PATINO
Florida Bar No.: 1007702
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580
Fax: (305) 374-7593
Email: ppatino@bilzin.com

- and -

**BERK BRETTLER LLP**
ANDREW B. BRETTLER
California Bar No.: 262928
JAKE A. CAMARA
California Bar No.: 305780
JOEL SICHEL
California Bar No.: 361148
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel: (310) 278-2111
Email: abrettler@berkbrettler.com;
jcamara@berkbrettler.com;
jsichel@berkbrettler.com
(admitted *pro hac vice*)

*Counsel for Steven K. Bonnell II*

Defendant Steven K. Bonnell II ("Bonnell"), by and through undersigned counsel, respectfully moves under Federal Rules of Civil Procedure 26(c) for a protective order directing that the parties' respective depositions be coordinated and conducted during the same week to avoid unnecessary burden and expense. In support thereof, Bonnell states as follows:

## I.     INTRODUCTION

Bonnell regrets to have to seek Court intervention here, but Plaintiff's recalcitrance has left him with no choice. On November 3, 2025, Plaintiff failed and refused to appear for her duly noticed deposition in Miami, Florida. Counsel for Bonnell spent significant time and resources preparing for the deposition, traveling across the country, and appearing for the deposition, as noticed. Neither Plaintiff nor her counsel bothered to show up, and Plaintiff further failed to seek a protective order to prevent her deposition from going forward. Despite Plaintiff's refusal to appear for her own deposition, and despite that Bonnell has made every effort to accommodate Plaintiff's availability and minimize travel costs, Plaintiff ignored a valid deposition notice. At the same time, Plaintiff seeks to force Bonnell to appear for his deposition on November 6, 2025. Plaintiff cannot have it both ways.

For the reasons stated herein, Bonnell respectfully requests that the Court issue a protective order directing that the depositions of Plaintiff and Bonnell be conducted during the same week—preferably November 24 and 25, 2025, respectively—in Miami, Florida. Indeed, Plaintiff and her counsel previously represented that they are available for deposition on those dates.

## II.    FACTUAL BACKGROUND

On September 17, 2025, attorney Joan S. Peters, on behalf of Plaintiff, inquired about scheduling Bonnell's deposition, in Miami, between October 22, 2025 and November 19, 2025. (*See* Brettler Decl., dated November 4, 2023, ¶ 3 & Ex. A.) On September 22, 2025, the

undersigned responded to Ms. Peters, writing that Bonnell was generally available during the first week of November and suggested that the parties schedule Plaintiff's deposition for the same week. (*Id.* ¶ 4 & Ex. B.) On September 26, 2025, Ms. Peters indicated that Plaintiff would like to take Bonnell's deposition on November 5 or 6, 2025, but claimed that Plaintiff would not be available for deposition during the entire month of November because she was going to be out of state. (*Id.* ¶ 5 & Ex. C.) In response, counsel for Bonnell agreed to *hold* November 6, 2025 for Bonnell's deposition in Miami. (*Id.* ¶ 6 & Ex. D.) However, given Plaintiff's counsel's representation that their client was not available for a deposition in Miami during the entire month of November, counsel for Bonnell asked Plaintiff's counsel to provide her availability in October. (*Id.*)

In response, on September 29, 2025, Plaintiff's counsel noticed Bonnell's deposition for November 6, 2025, and despite Ms. Peters's previous representation that Plaintiff would be out of state for the entire month of November, Plaintiff's counsel offered a single date, November 21, 2025, for Plaintiff's deposition in Miami. (*Id.* ¶ 7 & Ex. E.) The undersigned promptly advised Ms. Peters of a conflict on November 21, 2025, due to a previously scheduled mediation in Los Angeles that day. (*Id.* ¶ 8 & Ex. F.) The undersigned again inquired about Plaintiff's availability to sit for a deposition in Miami anytime in October. (*Id.*)

The next day, on September 30, 2025, Ms. Peters offered additional availability for Plaintiff's deposition in November, stating that "Plaintiff can also be available to be deposed in Miami on November 24 or 25." (*Id.* ¶ 9 & Ex. G.) On October 2, 2025, in light of Plaintiff's newly offered availability at the end of November, the undersigned suggested in an email to Plaintiff's other attorney of record, Carlos A. Garcia Perez, that both Plaintiff's and Bonnell's depositions be conducted in Miami on November 24 and 25, respectively, to avoid having to make multiple trips

3

to Miami only a couple weeks apart. (*Id.* ¶ 10 & Ex. H.) On October 3, 2025, Mr. Garcia Perez rejected the proposal and insisted that Bonnell's deposition proceed on November 6. (*Id.* ¶ 11 & Ex. I.)

In the afternoon on the same day, the undersigned requested a telephonic meet and confer conference with Plaintiff's counsel to discuss the apparent stalemate in scheduling both depositions during the week of November 3, 2025, or both during the week of November 24 to minimize unnecessary travel and reduce expenses. (*Id.* ¶ 12 & Ex. J.) In response to the meet and confer request, on October 7, Mr. Garcia Perez attempted to limit the scope of the conference to the scheduling of Plaintiff's deposition. (*Id.* ¶ 13 & Ex. K.) Mr. Garcia Perez once again insisted that Bonnell's deposition proceed on November 6, writing, "We do not agree to change or cancel your client's deposition date." (*Id.*) Over the course of several emails, counsel summarized their respective arguments regarding the deposition scheduling issue. (*Id.* ¶ 14 & Ex. L.)

At 9:00 a.m. PDT on October 7, 2025, all counsel of record met and conferred telephonically to discuss the dispute over deposition scheduling. (*Id.* ¶ 15.) To further accommodate Plaintiff and her counsel, the undersigned agreed to permit Bonnell's deposition to proceed first, on November 24, to be followed by Plaintiff's deposition on November 25. (*Id.*) Plaintiff's counsel rejected that proposal, too, and maintained that Bonnell's deposition would proceed on November 6 regardless of when Plaintiff's deposition would be taken. (*Id.*) Accordingly, following the parties' meet and confer conference call, Bonnell noticed Plaintiff's deposition for November 3. (*Id.* ¶ 16 & Ex. M.)

On October 8, 2025, Ms. Peters sent the undersigned an email demanding to know what "Defendant's position is about Plaintiff's anticipated Motion for Protective Order" to prevent Plaintiff's deposition from proceeding on November 3, 2025, as noticed. (*Id.* ¶ 17 & Ex. N.) In her

4

email, Ms. Peters falsely speculated that Bonnell's desire to have both parties' depositions occur close in time was for "strategic reasons." (*Id.*) She further falsely claimed that "Defendant insists on first deposing Plaintiff." (*Id.*)

In response to Ms. Peter's baseless assertions, the undersigned informed Ms. Peters that Bonnell had "no objection" to his deposition proceeding first so long as both depositions could be scheduled close in time to avoid unnecessary travel and expense: "The parties' respective depositions can either be conducted during the week of Nov. 3, or on Nov. 24-25, in any order Plaintiff wants." (*Id.*)

On October 10, 2025, Ms. Peters indicated in an email to the undersigned that the reason Plaintiff will not agree to conduct Bonnell's deposition on November 24 or 25 is because she and her co-counsel "are not *both* available" on those dates. (*Id.* ¶ 18 & Ex. O (emphasis added).) Previously, Plaintiff's counsel indicated otherwise. (*Id.* ¶ 9 & Ex. G.)

After hearing nothing from Plaintiff's counsel for several weeks, on October 27, 2025, Ms. Peters emailed the undersigned reiterating her objection to Plaintiff's deposition proceeding as noticed on November 3. (*Id*. ¶ 19, Ex. P.) The undersigned responded to Ms. Peters indicating the intent to proceed with Plaintiff's deposition as noticed on November 3, unless Plaintiff sought a protective order from the Court, or agreed to coordinate the parties' deposition scheduling, as the undersigned had repeatedly offered. (*Id.*) Later that day—and not withstanding Plaintiff's counsel's prior inquiry into Bonnell's position with respect to Plaintiff's contemplated motion for a protective order (*id.* ¶ 17 & Ex. N)—Plaintiff's counsel replied, "We will not waste the Court's time, or Plaintiff's resources, by filing a motion for a protective order . . . ." The undersigned responded indicating that if Plaintiff failed to appear for her noticed deposition on November 3, then Bonnell would ask the court reporter to record a certificate of non-appearance for the record

and proceed according before this Court. (*Id.* ¶ 20 & Ex. Q.)

Notwithstanding the foregoing correspondence, and the fact that Plaintiff still had not filed a motion seeking a protective order, on October 29, 2025, Plaintiff's counsel sent an email inquiring about the attendees at Bonnell's deposition. (*Id.* ¶ 21 & Ex. R.) The undersigned responded to Plaintiff's counsel by email on October 30, reiterating that unless Plaintiff appeared for her noticed deposition on November 3, Bonnell would not be appearing for deposition on November 6. (*Id.*)

On November 3, 2025, the undersigned appeared in Miami, Florida for Plaintiff's noticed deposition, at 10:00 a.m. EST. (*Id.* ¶ 22.) The undersigned was prepared to take Plaintiff's deposition, but neither she, nor any of her counsel of record, appeared, pursuant to the notice. (*Id.* ¶ 22 & Ex. S.) The undersigned waited until 10:30 a.m. before concluding. (*Id.*) At no time prior to the commencement of Plaintiff's noticed deposition did she file a motion seeking a protective order. (*Id.*) Indeed, Plaintiff's counsel previously indicated that they would not waste time or resources doing so. (*Id.* ¶ 20 & Ex. Q.)

### III.  A PROTECTIVE ORDER COORDINATING THE PARTIES' DEPOSITIONS IS WARRANTED.

Pursuant to Rule 26(c), "A party or any person from whom discovery is sought may move for a protective order . . . specifying terms, including time and place" of a deposition. The Court has the inherent authority to issue an order specifying the time, place, and sequence of depositions to protect a party from undue burden or expense. *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) (recognizing "the authority of the district court to control the pace of litigation before it," and that "district courts have broad discretion over the management of pre-trial activities, including discovery and scheduling"); *Feingold v. Cardinale*, No. 22-CV-20375, 2022 WL 22951438, at *2 (S.D. Fla. Oct. 18, 2022) ("[C]ourts retain discretion to control the

6

timing of discovery for the parties' and witnesses' convenience and in the interests of justice."); *Mitnor Corp. v. Club Condominiums*, 339 F.R.D. 312, 316 (N.D. Fla. 2021) ("Because depositions typically occur extra-judicially, the participants . . . are entrusted with the responsibility of conducting depositions efficiently, orderly, and courteously.") Moreover, the Federal Rules of Civil Procedure authorize the Court to compel a party's deposition where that party fails to cooperate in scheduling or appears unwilling to proceed in good faith. *See* Fed. R. Civ. P. 37.

Indeed, courts here routinely exercise their discretion to coordinate depositions occurring in the same location or involving overlapping issues. *See Smith v. Royal Caribbean Cruises, Ltd.*, 302 F.R.D. 688, 692 (S.D. Fla. 2014) ("The Federal Rules of Civil Procedure expressly confer very broad and comprehensive discretion by district courts over the management of all pre-trial activities, especially discovery and scheduling."); *Partecipazioni Bulgari, S.p.A. v. Meige*, No. 86-2516-CIV-RYSKAMP, 1988 WL 113346, at *1 (S.D. Fla. May 23, 1988) (recognizing the court's authority to consider "the convenience of all parties in the general interest of judicial economy when determining the proper place for deposition").

There is also a strong presumption that a plaintiff must sit for deposition in the forum where she chose to file suit. *Otto Candies, LLC v. Citigroup, Inc.*, 963 F.3d 1331, 1344 (11th Cir. 2020) ("plaintiffs are required to make themselves available for examination in the district in which they bring suit"); *Morgan v. Ferguson*, No. 22-CV-10035, 2022 WL 17736227, at *2 (S.D. Fla. Dec. 16, 2022) ("Absent a showing of good cause, the Court will apply the general rule, and the plaintiff will be deposed in the forum where the action is pending"); *Culhane v. MSC Cruises (USA), Inc.*, 290 F.R.D. 565, 566 (S.D. Fla. 2013) ("A plaintiff in an action should expect to be deposed in the forum where the action is pending."); *Levick v. Steiner Transocean, Ltd.*, 228 F.R.D. 671, 672

(S.D. Fla. 2005) ("The general rule is that a plaintiff who brings suit in a particular forum may not avoid appearing for examination in that forum.").

Critically, when Plaintiff refused to reschedule the depositions, Plaintiff and her counsel had two choices: (i) appear for her noticed deposition; or (ii) seek a protective order. Plaintiff did neither. *See Inspirations Nev. LLC v. Med Pro Billing, Inc.*, No. 20-CV-60268, 2020 WL 6581602, at *2 (S.D. Fla. Nov. 10, 2020) (citations omitted) (a party's "failure to appear for [her] duly-noticed deposition, without obtaining (let alone seeking) a protective order was not substantially justified. Under the circumstances, reasonable people could not differ as to the need to at least seek a protective order, particularly when the deposition notices were received several weeks in advance").

Here, both Plaintiff and her counsel of record failed to appear for her deposition, as noticed, on November 3, 2025. Further, Plaintiff failed to seek a protective order at any time prior to the commencement of the scheduled deposition. (*See* Brettler Decl. ¶ 22 & Ex. S.) Counsel for Bonnell spent significant time and resources preparing for the deposition, traveling across the country, and scheduling a court reporter. (*Id.*) Despite Plaintiff's recalcitrance, she now seeks to force Bonnell to appear for his own deposition on November 6. In the interest of fairness, judicial economy, and the convenience of all parties and their counsel, the Court should issue a protective order directing that the deposition of Plaintiff and Defendant be conducted during the same week—preferably November 24 and 25, 2025, respectively—in Miami, Florida. Indeed, Plaintiff has already represented that she is available for deposition on those dates. (*See* Brettler Decl. ¶ 9 & Ex. G ("Plaintiff can also be available to be deposed in Miami on November 24 or 25.").)

## IV. BONNELL IS ENTITLED TO REASONABLE ATTORNEYS' FEES AND COSTS.

Pursuant to Rules 26(c) and 37(a)(4) of the Federal Rules of Civil procedure, this Court has discretion to impose sanctions in the form of attorneys' fees and costs associated with bringing the instant motion against Plaintiff and/or her counsel for (i) their failure to coordinate scheduling of the depositions in this case; and (ii) their failure to appear for Plaintiff's duly noticed deposition on November 3, 2025. The Court should issue an award of sanctions accordingly.

The Eleventh Circuit has explained that "Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and ensure the integrity of the discovery process." *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). The determination of appropriate sanctions lies within the district court's sound discretion, and permissible purposes include "(1) compensating the court and other parties for the added expense caused by the abusive conduct; (2) compelling discovery; (3) deterring others from engaging in similar conduct; and (4) penalizing the guilty party or attorney." *Carlucci v. Piper Aircraft Corp.*, 775 F.2d 1440, 1453 (11th Cir. 1985). Indeed, courts in this Circuit routinely impose monetary sanctions under Rule 37 where, as here, a party's refusal to cooperate in discovery necessitates judicial intervention. *See BankAtl. v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1049 (11th Cir. 1994) (noting that willfulness or bad faith is not required for monetary sanctions under Rule 37); *In re Seroquel Prods. Liab. Litig.*, 244 F.R.D. 650, 665 (M.D. Fla. 2007) (granting sanctions where a party's discovery conduct "that might have been considered 'merely' discourteous at an earlier point in the litigation, may well breach a party's duties to its opponent and to the court . . . .").

Sanctions are warranted here. Plaintiff's conduct has forced Bonnell to incur significant legal fees and costs in preparing for, traveling to, and appearing for Plaintiff's deposition. Bonnell has incurred attorneys' fees and costs in excess of $10,875 in connection with Plaintiff's failure to

9

appear for deposition and having to file the instant Motion and supporting documents. (Brettler Decl. ¶ 23.) Bonnell respectfully requests that the Court issue sanctions against Plaintiff for her misuse of the discovery process.

## V.     CONCLUSION

For the foregoing reasons, Bonnell respectfully requests that the Court issue a protective order directing that the depositions of Plaintiff and Defendant be conducted during the same week—preferably November 24 and 25, 2025, respectively—in Miami, Florida. Bonnell further respectfully requests that the Court award Bonnell his reasonable attorneys' fees and costs incurred in bringing the instant Motion.

### CERTIFICATE OF CONFERRAL PURSUANT TO LOCAL RULE 7.1(a)(2)

**WE HEREBY CERTIFY** that the undersigned counsel for movant made meet and confer efforts via telephone on October 7, 2025, to confer with opposing counsel regarding the relief sought in this motion but was unable to reach a resolution.

Dated: November 4, 2025  Respectfully submitted,

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580
Fax: (305) 374-7593

By: /s/ *Patricia M. Patino*
Patricia M. Patino
Florida Bar No.: 1007702
ppatino@bilzin.com

*and*

**BERK BRETTLER LLP**
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel: (310) 278-2111

By: /s/ *Andrew B. Brettler*
Andrew Brad Brettler
California Bar No.: 262928
abrettler@berkbrettler.com
Jake A. Camara
California Bar No.: 305780
jcamara@berkbrettler.com
Joel Sichel
California Bar No: 361148
jsichel@berkbrettler.com
(admitted *pro hac vice*)

*Counsel for Steven K. Bonnell I*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 4, 2025, a true and correct copy of the foregoing document was served this date on all counsel of record, including those listed in the below Service List, via transmission of Notices of Electronic Filing generated by CM/ECF.

By:  /s/ *Patricia M. Patino*
     Attorney

11

**SERVICE LIST**
*Jane Doe v. Steven K. Bonnell II*
*Case No.: 1:25-cv-20757-JB*

Carlos A. Garcia Perez, Esq.
Sanchez-Medina, Gonzalez, Quesada, Lage,
Gomez & Machado, LLP
201 Alhambra Circle, Suite 1205
Coral Gables, Florida, 33134
Email: cgarciaperez@smgqlaw.com

Joan Schlump Peters, Esq.
JSP LAW, LLC
838 Neapolitan Way, #91, Naples, FL 34103
Email: petersjoan@bellsouth.net

*Counsel for Jane Doe*