UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:25-cv-20757-JB/Torres

JANE DOE,

    Plaintiff,

v.

STEVEN K. BONNELL II,

    Defendant.

_____/

**DECLARATION OF ANDREW B. BRETTLER**

I, Andrew B. Brettler, declare, pursuant to 28 U.S.C. § 1746, as follows:

1. I am an attorney admitted to practice *pro hac vice* in the above-captioned action. I am a partner at the law firm Berk Brettler LLP in West Hollywood, California. Along with our local counsel at Bilzin Sumberg Baena Price & Axelrod LLP, we represent Defendant Steven K. Bonnell II. I have personal knowledge of the matters contained herein and if called upon to testify could offer competent testimony thereto.

2. I submit this Declaration in support of Mr. Bonnell's Motion for a Protective Order To Coordinate Deposition Scheduling, filed concurrently herewith.

3. On September 17, 2025, Joan S. Peters, on behalf of Plaintiff Jane Doe, inquired about scheduling Mr. Bonnell's in-person deposition, in Miami, Florida, between October 22, 2025 and November 19, 2025. Attached hereto as **Exhibit A** is a true a correct copy of Ms. Peters' email to me, dated September 19, 2025 at 2:34 p.m. PDT.

4. On September 22, 2025, I responded to Ms. Peters, writing that Mr. Bonnell was generally available during the first week of November and, for logistical reasons, suggested that

the parties schedule Plaintiff's deposition for the same week. Attached hereto as **Exhibit B** is a true and correct copy of my response to Ms. Peters, dated September 22, 2025 at 7:45 a.m. PDT.

5. On September 26, 2025, Ms. Peters indicated that Plaintiff wanted to take Mr. Bonnell's deposition on November 5 or 6, 2025, but claimed that Plaintiff would not be available for deposition during the entire month of November because she was going to be out of state. Attached hereto as **Exhibit C** is a true and correct copy of Ms. Peters' email to me dated, September 26, 2025 at 7:53 a.m. PDT.

6. Within a couple hours, I responded to Ms. Peters and agreed to *hold* November 6, 2025 for Mr. Bonnell's deposition. Given Plaintiff's counsel's representation that their client was not available for an in-person deposition in Miami during the entire month of November, I asked Plaintiff's counsel to provide her availability in October. Attached hereto as **Exhibit D** is a true and correct copy of my email to Ms. Peters, dated September 26, 2025 at 9:20 a.m. PDT.

7. On September 29, 2025, Plaintiff's counsel noticed Mr. Bonnell's deposition for November 6, 2025 and offered a single date, November 21, 2025, for Plaintiff's deposition in Miami; notwithstanding that Plaintiff was supposed to be out of state during the entire month of November. (Ex. C.) Attached hereto as **Exhibit E** is a true and correct copy of Ms. Peters' cover email to me, dated September 29, 2025 at 12:39 p.m. PDT, enclosing Plaintiff's Notice of Deposition of Mr. Bonnell.

8. I promptly advised Ms. Peters that my colleagues and I had a conflict on November 21, 2025 due to a previously scheduled mediation in Los Angeles, California that day. I again inquired about Plaintiff's availability to sit for a deposition in Miami anytime in October. Attached hereto as **Exhibit F** is a true and correct copy of my email to Ms. Peters, dated September 29, 2025 at 12:59 p.m. PDT.

9. On September 30, 2025, Ms. Peters offered additional availability for Plaintiff's deposition in November, "Plaintiff can also be available to be deposed in Miami on November 24 or 25." Attached hereto as **Exhibit G** is a true and correct copy of Ms. Peters' email to me, dated September 30, 2025 at 1:50 p.m. PDT.

10. On October 2, 2025, in light of Plaintiff's newly offered availability at the end of November, I suggested in an email to Plaintiff's other attorney of record, Carlos A. Garcia Perez, that both Plaintiff's and Mr. Bonnell's depositions be conducted in Miami on November 24 and 25, respectively, to avoid having to make multiple trips to Miami only a couple weeks apart. Attached hereto as **Exhibit H** is a true and correct (partially redacted) copy of my email to Mr. Garcia Perez, dated October 2, 2025 at 8:24 a.m. PDT.

11. On October 3, 2025, Mr. Garcia Perez rejected my proposal and insisted that Mr. Bonnell's deposition proceed on November 6. Attached hereto as **Exhibit I** is a true and correct (partially redacted) copy of Mr. Garcia Perez's email to me, dated October 3, 2025 at 1:46 a.m. PDT.

12. In the afternoon on October 3, 2025, I requested a telephonic meet and confer conference with Plaintiff's counsel to discuss the apparent stalemate in scheduling both depositions during the week of November 3, or both during the week of November 24, to minimize unnecessary travel and reduce expenses. Attached hereto as **Exhibit J** is a true and correct copy of my email to Mr. Garcia Perez, dated October 3, 2025 at 3:23 p.m. PDT.

13. Prior to our meet and confer conference, on October 7, 2025, Mr. Garcia Perez attempted to limit the scope of the conference to the scheduling of Plaintiff's deposition. He once again insisted that Mr. Bonnell's deposition proceed on November 6, writing, "We do not agree to change or cancel your client's deposition date." Attached hereto as **Exhibit K** is a true and correct

(partially redacted) copy of Mr. Garcia Perez's email to me, dated October 7, 2025 at 4:43 a.m. PDT.

14. Over the course of several emails, counsel summarized their respective arguments regarding the deposition scheduling issue. Attached hereto as **Exhibit L** is a true and correct (partially redacted) copy of that October 7, 2025 correspondence.

15. Beginning at 9:00 a.m. PDT on October 7, 2025, counsel of record for the respective parties met and conferred telephonically to discuss the dispute over deposition scheduling. To further accommodate Plaintiff and her counsel, I agreed to proceed with Mr. Bonnell's deposition, on November 24, to be followed by Plaintiff's deposition on November 25. Plaintiff's counsel rejected that proposal, too, and maintained that Mr. Bonnell's deposition would proceed on November 6 regardless of when Plaintiff's deposition occurred.

16. Following the meet and confer call, Mr. Bonnell noticed Plaintiff's deposition for November 3, 2025. Attached hereto as **Exhibit M** is a true and correct copy of my cover email to Plaintiff's counsel, dated October 7, 2025 at 10:35 a.m., enclosing the Notice of Deposition.

17. On October 8, 2025, Ms. Peters sent me an email demanding to know what "Defendant's position is about Plaintiff's anticipated Motion for Protective Order" to prevent Plaintiff's deposition from proceeding on November 3, 2025, as noticed. In her email, Ms. Peters falsely speculated that Mr. Bonnell's desire to have both parties' depositions occur close in time was for "strategic reasons." She further falsely claimed that "Defendant insists on first deposing Plaintiff." As explained in my response to Ms. Peter, Mr. Bonnell had "no objection" to his deposition proceeding first so long as both depositions could be scheduled close in time to avoid unnecessary travel and expense: "The parties' respective depositions can either be conducted during the week of Nov. 3, or on Nov. 24-25, in any order Plaintiff wants." Attached hereto as

**Exhibit N** is a true and correct copy of the email correspondence I exchanged with Ms. Peters, dated October 8, 2025 at 12:54 p.m. and 1:29 p.m. PDT.

18. On October 10, 2025, Ms. Peters indicated in an email to me that the reason Plaintiff will not agree to conduct Mr. Bonnell's deposition on November 24 or 25 is because she and her co-counsel "are not *both* available" on those dates. (Emphasis added.) Previously, Plaintiff's counsel indicated otherwise. (*See* Ex. G (indicating Plaintiff's availability on November 24 or 25).) Attached hereto as **Exhibit O** is a true and correct copy of Ms. Peters' email to me, dated October 10, 2025 at 7:50 a.m. PDT.

19. We heard nothing from Plaintiff's counsel for weeks. Then, on October 27, 2025, Ms. Peters emailed me objecting to Plaintiff's deposition proceeding, on November 3. I responded to Ms. Peters, indicating that we intended to proceed with Plaintiff's deposition, as noticed, unless Plaintiff sought a protective order, or agreed to coordinate the parties' deposition scheduling, as Mr. Bonnell had repeatedly offered. Attached hereto as **Exhibit P** is a true and correct copy of my correspondence with Ms. Peters, dated October 27, 2025 at 10:50 a.m. and 10:54 a.m. PDT.

20. Later on October 27, 2025, Plaintiff's counsel replied to the undersigned, "We will not waste the Court's time, or Plaintiff's resources, by filing a motion for a protective order . . . ." I responded at 2:30 p.m. making it clear that if Plaintiff failed to appear for her noticed deposition on November 3, then Mr. Bonnell would ask the court reporter to record a notice of non-appearance for the record. Attached hereto as **Exhibit Q** is a true and correct copy of my correspondence with Ms. Peters, dated October 27, 2025 at 2:21 p.m. and 2:30 p.m. PDT.

21. Notwithstanding the foregoing correspondence, and the fact that Plaintiff still had not filed a motion seeking a protective order, on October 29, 2025, Plaintiff's counsel sent an email inquiring about the attendees at Mr. Bonnell's deposition. I responded to Plaintiff's counsel by

5

email on October 30, reiterating that unless Plaintiff appeared for her noticed deposition on November 3, Mr. Bonnell would not be appearing for deposition on November 6. Attached hereto as **Exhibit R** is a true and correct copy of my email to Ms. Peters, dated October 30, 2025 at 7:10 a.m. PDT.

22. On November 3, 2025, I appeared for Plaintiff's noticed deposition, at 10:00 a.m. EST. I waited until 10:30 a.m. I was prepared to take Plaintiff's deposition, but neither she, nor her counsel, appeared. At no time prior to the commencement of Plaintiff's noticed deposition did she file a motion seeking a protective order. Indeed, Plaintiff's counsel previously indicated that they would not waste time or resources doing so. (*See* Ex. Q; *but see* Fed. R. Civ. P. 26(c).) Attached hereto as **Exhibit S** is a true and correct copy of the notice of non-appearance, dated November 3, 2025, prepared by the certified deposition officer.

23. I estimate that the unnecessary costs Bonnell incurred as a result of Plaintiff's non-appearance at her deposition exceeds $10,875. I spent one hour attending Plaintiff's deposition. I spent 3 hours preparing this Declaration in support of Bonnell's Motion for a Protective Order. My hourly rate is $1,100. In addition, I spent approximately $3,500 on airfare, hotel, and ground transportation to the deposition site. My associate, Jake Camara, spent approximately 4 hours preparing the Motion for a Protective Order. His hourly rate is $675. The court reporter charged $275 to appear for deposition and record a certificate of non-appearance.

I declare, under penalty of perjury, that the foregoing is true and correct. Executed on November 4, 2025.

                                                              s/ *Andrew B. Brettler*
                                                                 Andrew B. Brettler