# EXHIBIT Q

**From:** Andrew Brettler abrettler@berkbrettler.com
**Subject:** Re: Unilaterally Noticed Deposition of Plaintiff
**Date:** October 27, 2025 at 2:30 PM
**To:** petersjoan petersjoan@bellsouth.net
**Cc:** Carlos Garcia Perez cgarciaperez@smgqlaw.com, Angie Velando angie@smgqlaw.com, Gustavo D. Lage glage@smgqlaw.com, Jake Camara jcamara@berkbrettler.com, Patricia M. Patino ppatino@bilzin.com, Robert "Bob" L. Raskopf rraskopf@bilzin.com, Joel Sichel jsichel@berkbrettler.com, Regina Peter rpeter@berkbrettler.com

Joan:

If Plaintiff fails to appear for her deposition on November 3, we will ask the court report to record a notice of non-appearance and proceed accordingly.

All rights reserved.

Sincerely,

**Andrew B. Brettler** | BERK BRETTLER LLP
9119 W. Sunset Blvd. | West Hollywood, CA 90069
O: +1.310.278.2111 | M: +1.917.620.2726

> On Oct 27, 2025, at 2:21 PM, petersjoan <petersjoan@bellsouth.net> wrote:
>
> Andrew,
>
> We will not waste the Court's time, or Plaintiff's resources, by filing a motion for protective order due to your unilaterally scheduled notice of deposition. You were fully advised prior to sending your notice of deposition that Plaintiff is not available to be deposed on Nov 3rd, and you have since been fully advised that Plaintiff will not be appearing on Nov 3rd. Unilateral scheduling of depositions, particularly where the deponent previously notified her unavailability and provided alternative dates, are frowned upon by this Court.
>
> Regards,
> Joan

On Monday, October 27, 2025, 01:54:56 PM EDT, Andrew Brettler <abrettler@berkbrettler.com> wrote:

Joan:

We intend to proceed with Plaintiff's deposition on Nov. 3, as noticed, unless you file a motion for a protective order. If you'd like to agree, as we've been urging for quite some time, to schedule both Plaintiff and Mr. Bonnell's deposition during the last week of November, we remain amenable to doing so.

Sincerely,

**Andrew B. Brettler** | BERK BRETTLER LLP
9119 W. Sunset Blvd. | West Hollywood, CA 90069
O: +1.310.278.2111 | M: +1.917.620.2726

> On Oct 27, 2025, at 10:50 AM, petersjoan <petersjoan@bellsouth.net> wrote:
>
> Counsel:
>
> On Oct 7, we held a meet and confer regarding Plaintiff's deposition date. During, and prior to, that meet and confer, we informed you that Plaintiff was unavailable to be deposed in Miami in-person during the week of Nov. 3rd. We offered in-person dates of Nov. 21, 24 and 25, as well as several earlier remote deposition dates. Immediately following our meet and confer, and despite knowing Plaintiff's unavailability, you sent a notice of deposition for Plaintiff on Nov. 3rd. On Oct 8th, we again informed you that Plaintiff was unavailable on Nov 3rd and would not be appearing. On October 10, 2025, Defendant's counsel stated by email that "we will leave it up to the Court to decide." The noticed deposition date of November 3, 2025 remains a date on which Plaintiff previously advised she is unavailable. Plaintiff continues to stand

ready to appear on any of the three alternative dates previously provided, ie. Nov, 21, 24, or 25. Please promptly confirm one of these available dates so that we can plan accordingly and reserve the date. Otherwise we will proceed to open our calendars to other matters for those dates.

Thank you,
Joan

On Friday, October 10, 2025, 10:52:33 AM EDT, Andrew Brettler <abrettler@berkbrettler.com> wrote:

Plaintiff's position is unreasonable. We will leave it up to the Court to decide.

Sincerely,

**Andrew B. Brettler** | BERK BRETTLER LLP
9119 W. Sunset Blvd. | West Hollywood, CA 90069
O: +1.310.278.2111 | M: +1.917.620.2726

On Oct 10, 2025, at 7:48 AM, petersjoan <petersjoan@bellsouth.net> wrote:

Thank you for your response. As we informed you prior to your noticing Plaintiff's deposition for Nov. 3rd, she is not available in Miami (or remote) on that date and will not be appearing. She is available on Nov 21, 24, and 25 in Miami. We plan on proceeding with the agreed and noticed deposition of Defendant on Nov 6th. And while we understand you might be inconvenienced by having to travel twice to Miami, the fact remains that this matter is pending in Miami, Defendant resides in Miami, and Defendant has local counsel in Miami. You have not presented any good cause reason to change an agreed deposition date or to insist that both depositions take place during the same week. Carlos and I are not both available on the 24 and 25th and thus we cannot agree to moving Defendant's deposition to one of those days.

Regards,
Joan

On Wednesday, October 8, 2025, 04:29:44 PM EDT, Andrew Brettler <abrettler@berkbrettler.com> wrote:

Joan:

No objection to you deposing Mr. Bonnell first (even though it's customary for a plaintiff's deposition to be taken before a defendant's). I tried to make that clear during the call yesterday, but I was continually interrupted.

The *only* issue is coordinating the scheduling of the two depositions so they occur during the same week. We'll even leave it up to you and your client: The parties' respective depositions can either be conducted during the week of Nov. 3, or on Nov. 24-25, in any order Plaintiff wants.

Your offer that Defendant can depose Plaintiff remotely is not acceptable. Plaintiff filed a federal lawsuit in Miami, Florida. Defendant is entitled to take her deposition there. "The general rule is that a plaintiff who brings suit in a particular forum may not avoid appearing for examination in that forum." *Morgan v. Ferguson*, No. 22-CV-10035, 2022 WL 17736227, *2 (S.D. Fla. Dec. 16, 2022)

(quoting *Levick v. Steiner Transocean Ltd.*, 228 F.R.D. 671, 672 (S.D. Fla. 2005)). "In accordance with this general rule, 'a plaintiff must make herself available for deposition in the judicial district in which she filed suit.'" *Id.* (quoting *Sarac v. Univ. of S. Fla. Bd. of Trs.*, No. 18-cv-02485, 2020 WL 97782, at *2 (M.D. Fla. Jan. 8, 2020)); *see also Watson v. Lemongrass RPP LLC*, 345 F.R.D. 247, 248 (S.D. Fla. 2023) (denying motion for protective order for deposition to occur via Zoom).

We hope Plaintiff will reconsider her position. Thank you.

Sincerely,

**Andrew B. Brettler** | BERK BRETTLER LLP
9119 W. Sunset Blvd. | West Hollywood, CA 90069
O: +1.310.278.2111 | M: +1.917.620.2726

On Oct 8, 2025, at 12:54 PM, petersjoan <petersjoan@bellsouth.net> wrote:

Counsel:

Pursuant to Local Rule 7.1(a)(3), please advise what Defendant's position is about Plaintiff's anticipated Motion for Protective Order pursuant to Rule 26(c) in connection with the unilaterally noticed deposition of Plaintiff on November 3rd, despite knowing of her unavailability.

To summarize Plaintiff's position, we believe that your claim that you are unable to come to an agreement with us about a reasonable date of deposition of Plaintiff is unreasonable and disingenuous and does not justify your unilateral noticing of the deposition, especially after Plaintiff courteously agreed to depose Defendant at a date of his choosing. This professional courtesy was clearly not returned because you wish to depose Plaintiff prior to Defendant's deposition for strategic reasons. We have no reason to believe otherwise because we have offered numerous dates during the month of November—well before the discovery cutoff—for Plaintiff to make herself available for deposition. This included: November 7 (remote), November 14 (remote), November 21 (in-person), November 24 (in-person), and November 25 (in-person). It is difficult to conceive that no lawyer at your firm is available on any of these proposed dates, and you never explained your refusal to agree to any of these dates. You, in fact, confirmed that you are available on November 24 and 25 but insisted that Defendant's already noticed deposition be moved to November 25, clearly because Defendant insists on first deposing Plaintiff. These positions are unreasonable, and depositions may only be unilaterally noticed if the noticing attorney acted reasonably.

Moreover, your position that Defendant's counsel would be inconvenienced by having to travel to Miami twice if Plaintiff's deposition were to be held on November 21, 24 or 25, and Defendant's on Nov 6th has no validity. Your travel preferences are not good cause under Rule 26(c) to reschedule Defendant's properly noticed and agreed deposition, or insist that Plaintiff's deposition be in the same week, particularly where local counsel are available.

Should Plaintiff's deposition not be moved to Nov 21, 24 or 25 in-person, or alternatively November 7 or 14 remote, as proposed by Plaintiff, Plaintiff will request, in the same Motion, leave to attend her Nov 3rd noticed deposition remotely, given Defendant's position that it would be inconvenient for Defense counsel to travel to Miami twice. Should you refuse to agree to such a remote deposition, please articulate your reasons, such as any asserted prejudice, for your refusal.

> Since the parties have already attended one telephonic meet and confer on this dispute, we believe that any further meet and confer is likely futile. Nevertheless, we are still reaching out in good faith in an attempt to resolve this dispute without the need of Court intervention.
>
> Thank you,
> Joan