UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

JANE DOE,                        CASE NO: 1:25-cv-20757-JB/Torres

     Plaintiff,

v.

STEVEN K. BONNELL II,

     Defendant.
_____/

## PLAINTIFF'S MOTION TO SUBMIT AUDIO FILES CONVENTIONALLY IN CONNECTION WITH OPPOSITION TO MOTION TO DISMISS

Plaintiff Jane Doe, by and through her undersigned counsel, respectfully submits this Reply in further support of her Motion for Leave to Submit Audio Files Conventionally ("Motion")(ECF No. 153) and in response to Defendant's Opposition (ECF No. 159), and states as follows:

1. Defendant's Opposition contends that: i) the original video links cited in Plaintiff's Opposition to Motion to Dismiss (ECF No. 139) were not authenticated, and thus neither can the audio files be authenticated, and ii) the Court's Order does not require "retroactive re-filing". Neither contention provides any basis to deny the Motion.

2. Defendant's Reply [ECF 149] to Plaintiff's Opposition to Motion to Dismiss did not raise *any* objection as to the authenticity or admissibility of the two video links that were included in the Opposition, and thus any such objection is *waived*. Accordingly, the issue of authentication is not before the Court.

3. Alternatively, assuming *arguendo* that Defendant's objection on authentication grounds is not waived, attached hereto as **Exhibit A** is the Declaration of Joan S. Peters, Esq.,

attesting to the authenticity of the video links and the two audio files. This Declaration properly authenticates the audio files pursuant to Fed. R. Civ. P. 901, and resolves any purported objection by Defendant.

4. Nor does Plaintiff's Motion seek to "retroactively re-file" exhibits. Far from attempting to "reopen" or "re-file" prior submissions, Plaintiff is attempting to preserve the integrity of her Opposition by submitting the same content in an accessible format. Plaintiff's Motion does not seek to supplement the record or introduce new evidence; it simply requests leave to conventionally submit two short audio clips that were already cited in her Opposition to the Motion to Dismiss (ECF No. 139). Indeed, if the video links had not been deliberately privatized by one of Defendant's followers solely in order to thwart the Plaintiff and prevent the Court's access, it would not be necessary to submit them conventionally.

5. Moreover, submitting the audio files conventionally complies with the Court's instruction that links should be included as exhibits rather than URLs. See ECF 143, p.15. Plaintiff's motion is procedural and corrective—not substantive.

6. Finally, allowing Plaintiff to conventionally submit the two short clips on a USB drive imposes no burden or prejudice on Defendant. To the contrary, it ensures both parties and the Court have equal access to the materials cited in the briefing. Courts within this District routinely grant leave to conventionally file materials that cannot be uploaded through CM/ECF, including video and audio recordings. Indeed, the Court previously granted Defendant's own Motion for Leave to Submit Audio Exhibit Conventionally [ECF No. 131]. *See* Order, ECF No. 134. Plaintiff did not oppose that motion and, in good faith cooperation, expressly consented to the relief Defendant sought. Defendant, however, has refused to extend the same courtesy to Plaintiff. Throughout this litigation, Defendant has opposed even routine matters that normally

would be resolved through professional cooperation— including courtesy extensions and ministerial procedural filings—despite Plaintiff's repeated willingness to accommodate Defendant's requests. Defendant's current Opposition is therefore yet another example of unnecessary obstruction over a purely administrative issue. In short, the relief requested here is routine and administrative, and Defendant has presented no reason to deny it.

Wherefore, for the foregoing reasons, Plaintiff respectfully requests that the Court grant her Motion for Leave to Submit Audio Files Conventionally [ECF No. 153], and authorize submission of the two short audio clips cited in her Opposition via a USB drive, ensuring compliance with the Court's October 6, 2025 Order [ECF 143] and preservation of the record.

Dated: November 4, 2025.

Respectfully submitted,

| | |
|---|---|
| **JSP LAW, LLC** | **SANCHEZ-MEDINA GONZALEZ LAGE GOMEZ & MACHADO, LLP** |
| Joan Schlump Peters | CARLOS A. GARCIA PEREZ / Fla Bar 106895 |
| (admitted *pro hac vice*) | GUSTAVO D. LAGE / Fla Bar 972551 |
| 838 Neapolitan Way, #91 | 201 Alhambra Circle, Suite 1205 |
| Naples, FL 34103 | Coral Gables, Florida, 33134 |
| Tel. 305-299-4759 | Tel. (305) 377-1000 |
| Email: petersjoan@bellsouth.net | Primary E-Mail: cgarciaperez@smgqlaw.com |
| Counsel for Plaintiff JANE DOE | Primary E-Mail: glage@smgqlaw.com |
| | Counsels for Plaintiff JANE DOE |

By:_____
CARLOS A. GARCIA PEREZ

DOE v BONNELL
CASE NO: 1:25-cv-20757-JB/Torres

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this same day a true and correct copy of the foregoing was served on all parties via the CM/ECF filing portal to all counsel of record.

By: _____
CARLOS A. GARCIA PEREZ
Attorney for Plaintiff