UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-207567-Civ-BECERRA/TORRES

JANE DOE,

    *Plaintiff*,

v.

STEVEN K. BONNELL II,

    *Defendant*.

_____/

**ORDER GRANTING MOTION FOR LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE TO COMPEL DISCOVERY FROM MELINA CHATARINA EMMY GÖRANSSON IN SWEDEN <u>PURSUANT TO THE HAGUE CONVENTION</u>**

This mater is before the Court on Plaintiffs' Motion for the Court to Issue Request for International Judicial Assistance Pursuant to the Hague Evidence Convention (Letters of Request) [DE 145]. The Motion seeks for the Court to issue a letter of request, also known as letter rogatory, for judicial assistance from the Ministry of Justice – Division for Criminal Cases and International Judicial Cooperation – Sweden, in aid of discovery from a Swedish individual, pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention"), 28 U.S.C. § 1781, and Federal Rule of Civil Procedure 28(b). For the following reasons, the Motion is GRANTED.

### I. *Relevant Factual Background*

This action involves the non-consensual disclosure of intimate images under the federal statute commonly known as "CARDII", 15 U.S.C. § 6851, as well as a claim for violation of § 784.049, Fla. Stat., for sexual cyber-harassment, intentional infliction of emotional distress, and invasion of privacy. More specifically, Plaintiff alleges that, unbeknownst to Plaintiff at the time, Bonnell disseminated, through electronic means a video of Plaintiff and him engaging in sexual conduct. Plaintiff alleges that the video was later uploaded on to the website Kiwifarms by an individual with the screen name Solotinyleaks, and was then disseminated on multiple other pornography websites. This allegedly violates CARDII and Florida law, which entitles Plaintiff to judicial relief.

### II. *Relevant Procedural Background*

On February 18, 2025, Plaintiff filed her initial Complaint against Bonnell. [DE 1]. On February 19, 2025, the Court granted Plaintiff's request to proceed under a pseudonym, due to the sensitive nature of her allegations. [DE 6-7]. On April 4, 2025, the Court entered an Order Setting Trial, Calendar Call, Reference to Magistrate Judge, Pretrial Deadlines, and Pretrial Procedures, setting, inter alia, discovery cutoff of December 16, 2025, and a trial date of May 18, 2026. [DE 23]. On September 5, 2025, Plaintiff filed—with leave of Court—a First Amended Complaint ("FAC"). [DE 120].

### III. *Analysis*

A letter of request, also known as a letter rogatory, is a "document issued by one court to a foreign court, requesting that the foreign court (1) take evidence from

a specific person within the foreign jurisdiction or serve process on an individual or corporation within the foreign jurisdiction and (2) return the testimony or proof of service for use in a pending case." Letter of Request, Black's Law Dictionary (11th ed. 2019) (citing Fed. R. Civ. P. 28). Letters of request "are the means by which a court in one country requests a court of another country to assist in the production of evidence located in the foreign country." *Yellow Pages Photos, Inc. v. Ziplocal, LP,* 795 F.3d 1255, 1273 (11th Cir. 2015). Both the issuance and enforcement of letters rogatory "rest entirely upon the comity of courts toward each other ..." 22 C.F.R. § 92.54 (2020). Comity is "the recognition which one nation allows within its territory to the ... acts of another nation, having due regard both to international duty and convenience, and to the ... persons who are under the protection of its laws." *Hilton v. Guyot,* 159 U.S. 113, 163-64 (1895).

When considering traditional notions of comity, the Supreme Court reasoned that the court is "responsib[le] ... to base its [comity] analysis on ... five factors" when considering a discovery request abroad. *Societe Nationale Industrielle Aerospatiale v. United States Dist. Court for S. Dist.,* 482 U.S. 522, 544 (1987). The five factors are: (1) the importance to the litigation of the documents or other information requested; (2) the degree of specificity of the request; (3) whether the information originated in the United States; (4) the availability of alternative means of securing the information; and (5) the extent to which noncompliance would undermine important interests of the United States, or compliance would undermine important interests of the state where the information is located. *Id.* at 544 nn. 27-28.

Private parties, including corporations and natural persons, may seek the issuance of letters rogatory for use in underlying lawsuits. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 248 n.1 (2004) ("[A] letter rogatory is the request by a domestic court to a foreign court to take evidence from a certain witness."); *Roche Diagnostics Corp. v. Priority Healthcare Corp.*, No. 2:18-cv-01479-KOB-HNJ, 2019 WL 4687016, at *3 (N.D. Ala. June 6, 2019). Obtaining evidence includes deposing non-party witnesses in a foreign country. *See* Fed. R. Civ. P. 28(b) (providing that "[a] deposition may be taken in a foreign country ... under a letter of request, whether or not captioned a 'letter rogatory' ").

The discovery requests here from Melina Chatarina Emmy Göransson ("Göransson") is relevant to the claims in this action, will likely prove material to the prosecution of this action, may lead to admissible relevant evidence, and is proportional to the needs of this case. Plaintiff proffers that Göransson is the former spouse of the Defendant, Steven K. Bonnell, II, and is believed to have evidence of the conduct complained of in the FAC, as well as similar conduct that she is a witness to. Plaintiff alleges that Göransson received certain sexually explicit materials involving Plaintiff, which if true may corroborate Plaintiff's allegations. She may also have other evidence that is relevant to or supportive of the allegations of unlawful conduct raised here. She is also referred to by name in the FAC. [DE 120, at ¶ 34]. These type of allegations support the issuance of a letter of request. *See, e.g., Wight v. Bluman,* No. 20-81688-CIV, 2021 WL 8999538, at *2 (S.D. Fla. May 6, 2021) (granting plaintiff's motion for letter of request in concluding that the sought-after

discovery is relevant to plaintiff's claims and "may prove material to the prosecution of th[e] action or lead to material evidence").

Moreover, the evidence Plaintiff seeks cannot be obtained by alternative means, because Göransson's knowledge of facts, and in particular her knowledge of this Defendant, are relevant to this case is unique and central to Plaintiff's allegations.

Finally, the Court is not aware of any evidence to suggest that the interests of the Swedish government would so outweigh those of the United States government to bar the issuance of the proposed letter of request in this action. Nonetheless, just as a United States court enforcing a letter of request issued by a foreign court might limit enforcement of the discovery device where appropriate, the Swedish Ministry of Justice, charged with enforcing Plaintiff's letter of request, may also limit enforcement of the discovery device where appropriate. *See Roche Diagnostics*, 2019 WL 4687016, at *7 (citations omitted); *Cole v. Carnival Corp.*, No. 23-CV-60532-RAR, 2023 WL 5846832, at *3 (S.D. Fla. Sept. 11, 2023) (granting motion for issuance of letters rogatory).

### IV.  *CONCLUSION*

Based on the foregoing, the Court ORDERS AND ADJUDGES that Plaintiffs' Motion for the Court to Issue Request for International Judicial Assistance Pursuant to the Hague Evidence Convention (Letter of Request) [DE 145] is GRANTED.

In accordance with this Order, the Clerk of Court shall issue the attached Letter of Request seeking the assistance of the Ministry of Justice – Division for Criminal Cases and International Judicial Cooperation – Sweden, in obtaining the

production of documents from Melina Chatarina Emmy Göransson, and in taking her deposition testimony upon oral examination as a witness in this action, and to produce documents.

The Clerk of Court is, further, directed to return the original copies of the issued Letter of Request to Plaintiff's counsel for transmittal to the appropriate representatives for processing. It is further ordered that Defendant shall have the right to obtain copies of any documents that are produced and to participate in any discovery that the Swedish Ministry of Justice permits.

DONE AND ORDERED in Chambers at Miami-Dade County in the Southern District of Florida, this 5th day of November, 2025.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge