UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Miami Division

**JANE DOE**,

    Plaintiff,

vs.

**STEVEN K. BONNELL II**,

    Defendant.

_____/

Case No:  1:25-cv-20757-JB/Torres

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S NOTICE OF NINETY DAYS EXPIRING AND SUPPLEMENTAL EVIDENCE**

Plaintiff, Jane Doe, by and through undersigned counsel, submits this Reply in further support of her Notice of Local Rule 7.1(b)(4)'s Expiration and Supplemental Evidence in Further Support of Motion for Protective Order Governing Public Commentary ("Notice") [ECF No. 160] and in response to Defendant's Opposition [ECF No. 162], and respectfully states as follows:

**Introduction**

Defendant's Opposition offers no valid basis to deny Plaintiff's Notice. What is most striking, however, is not what Defendant argues—but what he fails to address. The Opposition entirely ignores the serious and substantiated allegations of Defendant's ongoing and recent misconduct and his disregard for this Court's authority. Defendant has blatantly violated the Court's Protective Order [ECF No. 7] by publicly disclosing the legal name of Plaintiff's family member and then refusing to remove the malicious post even after the violation was brought to his attention. Rather than confronting his own misconduct, Defendant attempts to divert attention

Doe vs Bonnell
Case No:   1:25-cv-20757-JB/Torres

through immaterial procedural arguments that lack any merit. Moreover, with complete impunity and since the filing of the Notice, the Defendant has doubled down on his public harassment of Plaintiff and disclosure of identifying information. The undisputed evidence underscores that a protective order governing Defendant's public commentary remains both critical and urgent to prevent further and potentially more severe harm to Plaintiff.

### Defendant's Additional Egregious Public Disclosure of Identifying Information and Harassment of Plaintiff

Demonstrating his complete impunity and utter disregard for the integrity of these proceedings and the Court's authority, on November 4, 2025 the Defendant *again* publicly posted identifying information about Plaintiff's spouse. See Declaration of Joan S. Peters, Esq., Exhibit A hereto. It is more than apparent that Defendant's incorrigible behavior, motivated by retaliation and condoned by his counsel [see ECF 162-2], will not stop without the intervention of the Court and sanctions.

### Plaintiff's Filing Was Proper Under Local Rule 7.1(b)(4)

Defendant's assertion that Plaintiff's 90-Day Notice is procedurally improper is without merit. Local Rule 7.1(b)(4)(B) merely provides that when a motion has been pending for more than ninety (90) days, "the movant shall promptly file and serve a notice of that fact." The Rule neither sets a rigid deadline nor limits the Court's ability to consider supplemental materials related to an unresolved motion.

Plaintiff's October 30, 2025 filing complied fully with the Rule's purpose—to notify the Court that her Motion for Protective Order Governing Public Commentary [ECF No. 84] has remained pending for more than ninety days. Moreover, Defendant's assertion that Plaintiff failed

2

Doe vs Bonnell
Case No:   1:25-cv-20757-JB/Torres

to provide Rule 7.1 (b)(4)(B)'s requisite information is outright false. (See Notice, p. 1, "procedural posture" with requisite details).

### **The Filing Was Not an Improper "Sur-Reply," but Notice of Post-Briefing Conduct**

Defendant mischaracterizes Plaintiff's notice as an "unauthorized sur-reply." Plaintiff did not reargue prior briefing; she brought forward *new evidence of post-briefing conduct*—including Defendant's recent online harassment and disclosures of Plaintiff's spouse's identity and private imagery—that occurred months after briefing closed. Such evidence is inherently outside the scope of the original motion papers and therefore cannot be precluded as an unauthorized sur-reply.

### **Defendant's Recent Conduct Confirms the Need for Protective Relief**

Defendant's own counsel's letter [ECF No. 162-2]) *concedes* that Defendant publicly posted the legal name of Plaintiff's spouse as well as a false and unsupported accusation of "green card marriage fraud." Moreover, Counsel's insistence that Plaintiff's spouse's name was publicly available is patently *false.* As fully detailed in the Notice and supporting Declaration [ECF Nos. 160, 160-2], the legal identity of Plaintiff's spouse was NOT publicly available or known before Defendant's post broadcast it to thousands of viewers.

Defendant's disclosure violates both the spirit and letter of the Court's Protective Order [ECF No. 7]. That Order prohibits any dissemination of personally identifying information relating to Plaintiff or her family. Defendant's conduct—independently "unmasking" a nonparty spouse and publicizing her identity and likeness—squarely violates that restriction and reignites precisely the harm the Protective Order sought to prevent. It also reignites the critical need for the requested Protective Order Governing Public Commentary.

Doe vs Bonnell
Case No:   1:25-cv-20757-JB/Torres

Plaintiff's counsel's declaration [ECF No. 160-2] further establishes that these disclosures triggered renewed online harassment and doxxing directed at Plaintiff and her spouse. Defendant's dismissive attitude toward these consequences only underscores the need for judicial intervention.

### **Defendant's "Public Commentary" Justification Is Irrelevant and Disingenuous**

Defendant's response again relies on the argument that Plaintiff's benign and limited public commentary somehow excuses Defendant's egregious conduct. That argument is unsupported and immaterial. There is NO evidence that Plaintiff has publicly harassed or threatened Defendant or his witnesses, or violated any protective order. The Protective Order [ECF No. 7] and pending Motion for Protective Order [ECF No. 84] address the parties' duty to refrain from targeted, identifying disclosures, and from harassing, threatening commentary—not Plaintiff's right to seek redress or speak generally about her experience.

Plaintiff has never disclosed her spouse's legal name or published personal imagery of her spouse. Defendant, however, exploited private information to retaliate against Plaintiff's litigation activities. That conduct constitutes deliberate harassment and a violation of the Protective Order. Furthermore, this is not the first time the Defendant has thumbed his nose at the Court's orders. See Plaintiff's Motion for Order to Show Cause Why Defendant Should Not Be Held In Contempt and Request for Sanctions [ECF No. 113].

### **Conclusion**

Plaintiff's filing was procedurally proper, substantively relevant, and essential to a complete record on the pending Motion for Protective Order. Defendant's opposition seeks only to distract from his own continued misconduct. The Court should accept Plaintiff's Notice and Supplemental Evidence and consider the new information in resolving the pending motion.

Doe vs Bonnell
Case No:   1:25-cv-20757-JB/Torres

**WHEREFORE,** Plaintiff respectfully requests that this Court:

1. Accept and consider Plaintiff's Notice of Ninety Days Expiring and Supplemental Evidence [ECF No. 160];

2. Reject Defendant's request to strike the filing;

3. Consider Defendant's recent online disclosures as further support for granting the pending Motion for Protective Order Governing Public Commentary [ECF No. 84]; and

4. Warn Defendant that continued violations of the Protective Order [ECF 7] will result in sanctions or additional restrictions.

Dated: November 5, 2025.                        Respectfully submitted,

**JSP LAW, LLC**                                **SANCHEZ-MEDINA GONZALEZ QUESADA**
Joan Schlump Peters                             **LAGE GOMEZ & MACHADO, LLP**
(admitted *pro hac vice*)                       CARLOS A. GARCIA PEREZ
838 Neapolitan Way, #91                         Florida Bar No. 106895
Naples, FL 34103                                GUSTAVO D. LAGE
Tel. 305-299-4759                               Florida Bar No.  972551
Email: petersjoan@bellsouth.net                 201 Alhambra Circle, Suite 1205
Counsel for Plaintiff                           Coral Gables, Florida, 33134
                                                Tel.: (305) 377-1000
                                                Primary E-Mail: cgarciaperez@smgqlaw.com
                                                Primary E-Mail: glage@smgqlaw.com
                                                Counsel for Plaintiff

                                                        */s/ Carlos A. Garcia Perez*
                                                By:_____
                                                    CARLOS A. GARCIA PEREZ
                                                    Attorney for Plaintiff

Doe vs Bonnell
Case No:   1:25-cv-20757-JB/Torres

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was emailed on November 5, 2025, to the below counsel of record.

By: */s/ Carlos A. Garcia Perez*
_____
CARLOS A. GARCIA PEREZ
Attorney for Plaintiff