UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(MIAMI DIVISION)

**JANE DOE,**

Plaintiff,

v.

**STEVEN K. BONNELL II,**

Defendant.

_____/

CASE NO: 1:25-cv-20757-JB/Torres

## DECLARATION OF JOAN S. PETERS

I, Joan S. Peters, declare as follows:

1. I am an attorney admitted to practice *pro hac vice* in the above captioned matter. I have personal knowledge of the matters contained herein and if called upon to testify could offer competent testimony thereto.

2. I am submitting this Declaration in support of Plaintiff's Response to Defendant's Motion for Protective Order, filed concurrently herewith.

3. I have made good faith efforts to accommodate the schedules and convenience of all counsel and the parties in scheduling depositions in this matter.

4. After Defendant's deposition was confirmed for November 6, 2025, Mr. Brettler repeatedly requested dates in October for Plaintiff's deposition. (See Ecf 163- 5, 163-7, 163-9). On September 30, I emailed Mr. Brettler and offered the dates of October 24, November 7 or 14 (remote or Illinois), and November 21, 24 or 25 (Miami).

5. On September 30, Mr. Brettler rejected all offered dates: "We asked for dates in October for an in-person deposition in Miami. Please provide Plaintiff's availability to sit for

1

deposition, in person, in Miami, Fla., in October, or we will unilaterally notice her deposition for a date and time that works for Mr. Bonnell and his counsel. It cannot be that your client is not available for an in-person deposition any days in October and her only availability in November is the week of Thanksgiving. If that is the case, she will need to make other arrangements in order to comply with her discovery obligations in the lawsuit that she filed." Attached hereto as **Exhibit A** is a true and correct copy of the email I received from Mr. Brettler.

6. After my September 30th email offering the date of October 24 for Plaintiff's deposition in Illinois, the deposition of a non-party witness was scheduled for October 23rd in Illinois. Two of Defendant's California based counsel attended the deposition in Illinois.

7. During counsel's meet and confer on October 7, I told Mr. Brettler that Carlos and I were not both available in Miami on November 24 or 25 and for this reason we were only offering those dates for Plaintiff's deposition. I also communicated this to Mr. Brettler via email on October 10: "Carlos and I are not both available on the 24 and 25th and thus we cannot agree to moving Defendant's deposition to one of those days." (ECF 163-16).

8. I will be travelling outside of Miami on November 21 through November 30 for personal matters, including attending a family wedding in Atlanta and spending the Thanksgiving holidays with family in Massachusetts. I committed to these plans over four months ago, prior to any requests for the scheduling of depositions in this matter.

9. When I offered the dates of November 21, 24 and 25 for Plaintiff's deposition in Miami, it was with the understanding that Mr. Garcia would defend the deposition in person, and I would assist remotely. I never offered those dates for the deposition of Defendant because I knew I would not be in Miami. For this reason I planned to take the Defendant's deposition in Miami on November 6.

10. The dates proposed in Plaintiff's Response to the Motion for Protective Order for the depositions of Plaintiff and Defendant, two non-party witnesses and Plaintiff's expert reflect my continued intent to cooperate and advance discovery consistent with Rule 26 and the Court's scheduling order.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that, to the best of my knowledge and understanding, the foregoing is true and correct.

Executed in Miami, Florida, this 12th day of November, 2025.

*s/ Joan Schlump Peters*

Joan S. Peters

# EXHIBIT A

Andrew Brettler
To: me, Cc: Carlos, and 9 others · Tue, Sep 30 at 4:56 PM

Dear Joan:

We asked for dates in October for an in-person deposition in Miami. Please provide Plaintiff's availability to sit for deposition, in person, in Miami, Fla., in October, or we will unilaterally notice her deposition for a date and time that works for Mr. Bonnell and his counsel.
It cannot be that your client is not available for an in-person deposition any days in October and her only availability in November is the week of Thanksgiving. If that is the case, she will need to make other arrangements in order to comply with her discovery obligations in the lawsuit that she filed.

All rights reserved.

Sincerely,
**Andrew B. Brettler** | BERK BRETTLER LLP
9119 W. Sunset Blvd. | West Hollywood, CA 90069
O: +1.310.278.2111 | M: +1.917.620.2726