UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

**JANE DOE**,

        Plaintiff,

v.

**STEVEN K. BONNELL II**,

        Defendant.

_____/

CASE NO: 1:25-cv-20757-JB/Torres

**DECLARATION OF CARLOS A. GARCIA PEREZ**

I, Carlos A. Garcia Perez, declare:

1. I have personal knowledge of the following facts and, if called to testify, I could and would competently testify thereto based on my personal knowledge.

2. I am a partner at Sanchez-Medina, Gonzalez, Quesada, Lage, Gomez & Machado, LLP, counsel of record for Plaintiff, Jane Doe, in the above-captioned matter.

3. I submit this Declaration in support of Plaintiff's Response to Defendant's Motion for Protective Order, filed concurrently herewith.

4. I have made good faith efforts to accommodate the schedules and convenience of all counsel and the parties in scheduling depositions in this matter.

5. Between September 22 and September 30, I spoke with my client Jane Doe numerous times regarding her available dates to be deposed in this matter. She informed me that based on her current class schedule at her school in Illinois she could only be available for an all-day deposition remotely on October 24, November 7 or 14. She also told me that based on her class schedule, she could travel to Miami and be available for her deposition on November 21, 24 or 25.

1

6. My client told me she could not appear for a deposition in Miami in October or the first week of November, because she had a full class schedule. She explained that attending a deposition in Miami would necessitate missing three full days of classes, since it would take a full day of travel each way. In addition to the time and the disruptive impact on her studies, it would be burdensome due to the high expense of travelling to Miami and back for a deposition. Since she was already planning on travelling to Miami for the Thanksgiving holiday, scheduling her deposition on November 21, 24 or 25 would not conflict with her class schedule and would significantly reduce her burden and expense.

7. I communicated Plaintiff's availability to appear in Miami on November 21, 24 or 25, and her unavailability and the unnecessary burden it would impose on her to appear in Miami in October or first week of November, via emails to Mr. Brettler on October 2nd and 3rd (ECF 163-9, 10), and again during our October 7th meet and confer.

8. After Defendant unilaterally noticed Plaintiff's deposition for November 3rd despite her stated unavailability, we again repeatedly informed him that she was not available on that date due to her class schedule and the undue burden it would impose on her to miss three days of classes and have to travel to Miami twice. (ECF 163-15, 16, 17, 18).

9. November 3rd was also not a viable option because I had to travel to Rochester, Minnesota. that day for a medical appointment at the Mayo Clinic at 8 am on November 4th.

10. I have health issues which have necessitated recent medical procedures. On October 7th, during the meet and confer with Defendant's counsel, I generally raised my health issues and constraints. The recent procedures have affected my ability to speak for extended periods, and for this reason I am not personally able to conduct the Defendant's deposition. I can, however, attend and defend Plaintiff's deposition, with the remote assistance of my co-counsel, Ms. Peters.

2

11. Based on my voice limitations and Plaintiff's schedule, and despite Ms. Peter's in-person unavailability, we in good faith offered the dates of November 21, 24 or 25 for Plaintiff's deposition in Miami.

12. The dates proposed in Plaintiff's Response to the Motion for Protective Order for the depositions of Plaintiff and Defendant, two non-party witnesses and Plaintiff's expert reflect my continued intent to cooperate and advance discovery consistent with Rule 26 and the Court's scheduling order.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that, to the best of my knowledge and understanding, the foregoing is true and correct.

Executed in Miami, Florida on November 12, 2025.

*s/Carlos A. Garcia Perez*
Carlos A. Garcia Perez