UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:25-cv-20757-JB/Torres

JANE DOE,

    Plaintiff,

v.

STEVEN K. BONNELL II,

    Defendant.

_____/

**<u>DEFENDANT STEVEN K. BONNELL'S AUTHORIZED SUR-REPLY IN FURTHER
SUPPORT OF MOTION TO DISMISS</u>**

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
PATRICIA M. PATINO
Florida Bar No.: 1007702
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580
Fax: (305) 374-7593

Email: ppatino@bilzin.com

-and-

**BERK BRETTLER LLP**

ANDREW B. BRETTLER
California Bar No.: 262928
JAKE A. CAMARA
California Bar No.: 305780
JOEL A. SICHEL
California Bar No.: 361148
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel: (310) 278-2111
Email: abrettler@berkbrettler.com;
jcamara@berkbrettler.com
(admitted *pro hac vice*)

Pursuant to the Court's Paperless Order, dated November 5, 2025 [ECF No. 165], Defendant Steven K. Bonnell II ("Bonnell") hereby submits the following sur-reply brief in further support of his Motion To Dismiss [ECF No. 132], specifically to address the changes that Plaintiff's expert witness, Jesús F. Peña ("Peña") made to his expert declaration [ECF No. 139-1] to correct certain "errors in the record" that he identified.

## I.      INTRODUCTION

Plaintiff's "corrective" filing confirms and resolves the central fact precluding subject matter jurisdiction in this case. In his amended declaration, Plaintiff's own expert now expressly concedes that Bonnell's transmission of the Video to "Rose" occurred on April 9, 2022—nearly six months *before* the effective date of the CARDII statute and consistent with the testimony of other witnesses in this case. Mr. Peña's admission resolves the only jurisdictional question underpinning Plaintiff's federal claim—whether Bonnell sent the Video *after* the effective date of the CARDII statute. He did not. Despite Plaintiff's continued attempts to obfuscate this straightforward issue before the Court, the remainder of Mr. Peña's amended declaration does nothing to change that fact. Bonnell's sole transmission of the Video occurred *prior* to the effective date of the CARDII statute, and his Motion To Dismiss should be granted accordingly.

## II.     MR. PEÑA NOW CONFIRMS THAT BONNELL'S TRANSMISSION OF THE VIDEO PRECEDED THE EFFECTIVE DATE OF CARDII.

Mr. Peña's amended declaration eliminates any ambiguity: He now concedes that Bonnell's transmission of the Video to "Rose" via Discord occurred on April 9, 2022. [ECF No. 147-1 ¶ 2.] Mr. Peña's new conclusion is consistent with the substantial evidence in the record, including from the non-party deponent whose ex-boyfriend impersonated her in Discord correspondence he was having with Bonnell while pretending to be "Rose", as well as Plaintiff's own acknowledgment that she could not "conclusively determine[]" that Bonnell's transmission of the Video to "Rose" occurred after October 1, 2022. (*See* Am. Compl. [ECF No. 120 at n.1];

1

*see also* Hr'g Tr., dated June 3, 2025 [ECF No. 90 at 14:9-14; 57:18-25-58:3] ("I don't know the exact date…[Bonnell asserts] the dates were reversed, it's actually – it's European time or something. It was actually April [10], 2022…So I don't really know, like, we would have to verify that information.").)

Moreover, Mr. Peña has also retracted his accusation of that Bonnell engaged in evidence "spoliation." In paragraphs 7, 17, and 18 of his original declaration [ECF No. 139-1], Mr. Peña asserted and concluded that Bonnell's Discord chat export had been "tampered with," that Bonnell had deleted or altered messages, and therefore Bonnell's evidence of the April 2022 transmission of the Video to "Rose" is "not reliable" and "would require further discovery."[1] In his amended declaration, Mr. Peña concedes that his initial conclusions were incorrect, and he admits that Discord's time-grouping design feature explains the supposed inconsistencies he highlighted in his declaration. [*Id.* ¶¶ 1-3.] Mr. Peña now withdraws his prior claim of "evidence tampering" and no longer asserts that Bonnell manipulated the data demonstrating the April 2022 transmission of the Video to "Rose." [ECF No. 147-1 ¶¶ 1-4.] Plaintiff herself acknowledges that the paragraphs of her Opposition predicated on those now-withdrawn statements "are no longer supported, and should be disregarded by the Court." [*Id.* ¶¶ 1-2.]

Mr. Peña's amendment corroborates Bonnell's positions since the outset of this case: The Discord log export reflecting Bonnell's correspondence with "Rose" is accurate, the message thread with "Rose" is intact, and Bonnell's transmission of the Video occurred in April 2022, preceding the effective date of CARDII by nearly six months.

### III. MR. PENA'S EXPERT TESTIMONY IS UNRELIABLE AND FAILS TO ESTABLISH SUBJECT MATTER JURISDICTION.

Rather than submit admissible evidence to conclusively establish subject matter jurisdiction here, Plaintiff instead relies on a purported expert's testimony to obfuscate Plaintiff's

---

[1] Plaintiff's contention that additional discovery is needed to establish subject matter jurisdiction is belied further by her failure and refusal to appear for her duly noticed deposition on November 3, 2025. (*See* Bonnell's Motion for Protective Order [ECF No. 163].) Plaintiff cannot have it both ways.

2

fatal jurisdictional defect. Worse still, Mr. Peña was retained to assess alleged tampering of Discord messages, yet his core accusation was based on a basic misreading and/or misunderstanding of Discord's own interface. Such a fundamental misunderstanding of the platform confirms that no actual forensic analysis was performed; his conclusions were the product of unfamiliarity with the very system on which he claims expertise.

To be clear, Mr. Peña's retraction confirms that no tampering or fabrication occurred and exposes the unreliability of the very opinions upon which Plaintiff relies. Even now, Mr. Peña only speculates that Bonnell's evidence is "unreliable" unless "digitally fingerprinted," but he identifies no actual alteration, loss, or destruction of data. Instead, Mr. Peña relies entirely on a negative inference that the absence of a "cryptographic hash" somehow renders the production "unreliable." [ECF 147-1 ¶ 5.] Such speculation is not a forensic finding but a rhetorical attempt to manufacture ambiguity where none exists.

The date on which Mr. Bonnell transmitted the Video is the dispositive question. It is easily resolved from the face of the Discord chat log, the evidence in the record, as well as by Plaintiff's own expert's admission. No specialized computer-forensics knowledge is required to read a date stamp. Plaintiff's continuing effort to reframe the transmission of the Video on Discord as a complex "continuous disclosure" is nothing more than an attempt to obscure the record and preserve a theory that her own expert cannot substantiate.

## IV.  CONCLUSION

For the reasons stated herein and in Bonnell's moving papers, Bonnell respectfully requests that the Court grant the Motion To Dismiss for Lack of Subject Matter Jurisdiction.

Dated: November 13, 2025

Respectfully submitted,

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580
Fax: (305) 374-7593

By: /s/ *Patricia M. Patino*
Patricia M. Patino, Esq.
Florida Bar No.: 1007702
ppatino@bilzin.com

- and -

**BERK BRETTLER LLP**
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel: (310) 278-2111

By: /s/ *Andrew B. Brettler*
Andrew B. Brettler, Esq.
California Bar No.: 262928
abrettler@berkbrettler.com
Jake A. Camara, Esq.
California Bar No.: 305780
jcamara@berkbrettler.com
Joel Sichel
California Bar No.: 361148
(admitted pro hac vice)

*Counsel for Steven K. Bonnell II*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on November 13, 2025, a true and correct copy of the foregoing document was served this date on all counsel of record, including those listed in the below Service List, via transmission of Notices of Electronic Filing generated by CM/ECF.

                                                          */s/ Patricia M. Patino*

## SERVICE LIST
*Jane Doe v. Steven K. Bonnell II*
*Case No.: 1:25-cv-20757-JB*

Carlos A. Garcia Perez, Esq.
Sanchez-Medina, Gonzalez, Quesada, Lage,
Gomez & Machado, LLP
201 Alhambra Circle, Suite 1205
Coral Gables, Florida, 33134
Email: cgarciaperez@smgqlaw.com

Joan Schlump Peters, Esq.
JSP LAW, LLC
838 Neapolitan Way, #91, Naples, FL 34103
Email: petersjoan@bellsouth.net

*Counsel for Plaintiff Jane Doe*