**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 1:25-cv-20757-JB/Torres**

JANE DOE,

    Plaintiff,

v.

STEVEN K. BONNELL II,

    Defendant.

_____/

## DEFENDANT STEVEN K. BONNELL II'S REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
PATRICIA M. PATINO
Florida Bar No.: 1007702
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580
Fax: (305) 374-7593
Email: ppatino@bilzin.com

- and -

**BERK BRETTLER LLP**
ANDREW B. BRETTLER
California Bar No.: 262928
JAKE A. CAMARA
California Bar No.: 305780
JOEL SICHEL
California Bar No.: 361148
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel: (310) 278-2111
Email: abrettler@berkbrettler.com;
 jcamara@berkbrettler.com;
 jsichel@berkbrettler.com
(admitted *pro hac vice*)

*Counsel for Steven K. Bonnell II*

## I.   **INTRODUCTION**

On November 5, 2025, Magistrate Judge Torres ordered Plaintiff to explain "why a timely motion for protective order was not filed when knowledge of a dispute materialized" and to demonstrate "good cause . . . nunc pro tunc to excuse Plaintiff's non-attendance at her deposition (including sworn evidence from Plaintiff justifying her unavailability)." [ECF No. 167]. Plaintiff's Opposition does neither.

Rather than move for a protective order as required under Federal Rule of Civil Procedure 26(c), Plaintiff contends, after-the-fact, that she should not have been required to appear in Miami for her deposition, as doing so would have conflicted with her university classes and she would incur travel expenses. These excuses fall far below the standards for substantial justification under Rule 37(d) and do not come close to establishing the good cause required by the Court's November 5 Show Cause Order.[1]

Indeed, Plaintiff fails altogether to explain her refusal to move for a protective order in the first instance. During the Parties' meet and confer efforts, Plaintiff's counsel expressly stated they "will not waste the Court's time, or Plaintiff's resources" by seeking such relief. (Brettler Decl., dated Nov. 4, 2025 [ECF No. 163-1], ¶ 20 & Ex. Q [ECF No. 163-18.]) Only now does Plaintiff claim a "good-faith reliance" on *Iguana, LLC v. Lanham*, No. 7:08-CV-9 CDL, 2011 WL 5154062, at *3 (M.D. Ga. Oct. 28, 2011), a nonbinding 2011 decision from the Middle District of Georgia, to excuse her non-appearance. But Plaintiff never cited or referenced *Iguana* in any of the Parties' meet and confer correspondence, and, critically, *Iguana* does not hold that a party may refuse to

---

[1] Notably, in addition to refusing to appear for her noticed deposition, Plaintiff and her counsel continue to obstruct Bonnell's access to witnesses in this case, including Plaintiff's purported star witness Abbymc, Lauren Hayden, and Plaintiff's own expert, Jesus Peña. Plaintiff and her counsel refuse to provide Abbymc's and Ms. Hayden's most recent contact information, and they further refuse to produce Mr. Peña for deposition until after the Parties' depositions.

attend a properly noticed deposition without first seeking protection under Rule 26(c). Indeed, courts within the Southern District of Florida have held precisely the opposite. Plaintiff's after-the-fact reliance on an inapposite, non-binding decision cannot cure her failure to comply with the Federal Rules.

Plaintiff has not shown why she failed to seek a protective order when the dispute arose, nor has she carried her burden to demonstrate good cause to excuse her nonappearance. The Motion for Protective Order should be granted, and sanctions should issue accordingly.

## II.    PLAINTIFF'S FAILURE TO SEEK A PROTECTIVE ORDER WARRANTS SANCTIONS.

Plaintiff's refusal to cooperate in rescheduling her deposition left her with just two options: (i) appear for her duly noticed deposition; or (ii) seek a protective order. She did neither. The Federal Rules of Civil Procedure impose a bright-line requirement: a party who objects to the timing or manner of a duly noticed deposition must seek a protective order, and a deponent's unilateral refusal to attend is improper. *Melvin v. United States*, No. 22-CV-393-GAP-PRL, 2024 WL 167258, at *2 (M.D. Fla. Jan. 16, 2024) (Under Rule 37(d)(2), a party's failure to appear for a duly noticed deposition "is not excused . . . unless the party failing to act has a pending motion for a protective order under Rule 26(c)."). Put differently, a protective order is the exclusive mechanism for challenging a deposition notice. Under Rule 37(d)(2), Plaintiff's failure to do so ends the inquiry.

Indeed, courts within this Circuit apply this rule strictly. In *Inspirations Nevada LLC v. Med Pro Billing, Inc.*, No. 20-CV-60268, 2020 WL 6581602 (S.D. Fla. Nov. 10, 2020), the court explained that the deponent "should have moved for a protective order rather than simply failing to appear at the depositions of which they had plainly adequate notice." *Id.*, at *2. The court held that the deponents' "failure to appear for their duly-noticed depositions, without obtaining (let

alone seeking) a protective order was not substantially justified," because "reasonable people could not differ as to the need to at least seek a protective order, particularly when the deposition notices were received several weeks in advance." *Id.* The same rule applies here. Plaintiff had several weeks' notice of her deposition, rejected Bonnell's proposed accommodation, refused to reschedule, and failed to file a protective order.

Courts in this Circuit have held that a deponent's failure to appear for deposition, without first seeking a protective order, warrants sanctions. *See Kartagener v. Carnival Corp.*, 380 F. Supp. 3d 1290, 1296 (S.D. Fla. May 17, 2019) ("A failure described in Rule 37(d)(1)(A) is not excused . . . unless the party failing to act has a pending motion for a protective order."); *Sihler v. Glob. E-Trading, LLC*, No. 23-CV-1450-VMC-LSG, 2024 WL 4534218, at *4 (M.D. Fla. Oct. 21, 2024) (issuing sanctions where, as here, "instead of seeking relief from the Court, [deponent] simply took it upon herself to ignore her discovery obligations because she preferred a later date for her deposition"); *Inspirations Nevada*, 2020 WL 6581602 at *2 (imposing sanctions where the deponents "failed to appear without seeking a protective order").

Plaintiff's recalcitrance constitutes sanctionable conduct as a matter of law. Plaintiff unilaterally refused to attend a properly noticed deposition, insisted on an alternative schedule convenient only to her, and refused to pursue the sole lawful remedy available under Rule 26(c). Even if she genuinely believed she had scheduling or financial constraints, the law required her to seek protective relief accordingly. Her failure to do so renders her nonappearance improper and entitles Bonnell to sanctions. Afterall, Plaintiff chose to file a federal lawsuit in this district. Accordingly, it is her responsibility to comply with the Federal Rules of Civil Procedure and sit for a duly noticed deposition unless otherwise excused.

In her Opposition, Plaintiff's feigned reliance on *Iguana, LLC v. Lanham*, 2011 WL 5154062, at *3, provides her no refuge. As already noted, *Iguana* does not stand for the proposition that a party may simply refuse to attend a duly noticed deposition without seeking Rule 26(c) protection. And even on its own terms, *Iguana* involved materially different circumstances: There, the deposition date had never been finalized, multiple alternative dates were offered, and the noticing party refused to adjust the witness's deposition date even though every other participant was attempting to accommodate scheduling. *Id*. at *2-3. Here, by contrast, Plaintiff received a firm, timely deposition notice, had ample opportunity to arrange travel, offered no meaningful alternatives outside of Thanksgiving week, and nevertheless refused to appear or to seek a protective order. Nothing in *Iguana* excuses—let alone authorizes—such conduct.

Similarly, one of Plaintiff's two lawyers asserted after-the-fact that the noticed November 3 deposition was "not a viable option" because he needed to travel for a medical appointment on November 4. (Garcia Perez Decl., dated Nov. 12, 2025 [ECF 177-2] ¶ 9.) This belated excuse is of no consequence. First, Plaintiff is represented by two sets of lawyers; only one of whom allegedly was unavailable on November 3. Second, Plaintiff's counsel never disclosed this information prior to November 3, and even if he had, it would not excuse Plaintiff's obligation to seek a protective order. *See Happy Tax Franchising LLC v. Hill*, No. 19-24539-CIV, 2022 WL 17583543, at *6 (S.D. Fla. Nov. 1, 2022) (issuing sanctions where deponent did not move for a protective order to be excused from sitting for duly noticed deposition for health reasons).

## III.   REGARDLESS, PLAINTIFF LACKS GOOD CAUSE JUSTIFYING HER FAILURE TO APPEAR AT HER DEPOSITION.

Even if Plaintiff had moved for a protective order as required, Plaintiff's excuses for refusing to appear—costly travel, personal obligations, and alleged scheduling conflicts—fail to provide an adequate basis to avoid her discovery obligations in this case. Indeed, courts in this

Circuit repeatedly hold that personal obligations, scheduling inconvenience, and financial burden do not constitute good cause for refusing to be deposed in the forum where the plaintiff filed suit.

As an initial matter, Plaintiff's claim that appearing for the properly noticed November 3, 2025 deposition would have required her to miss "three full days of classes" is disingenuous. (Opp'n [ECF 177] at 4; Decl. Jane Doe [ECF 177-3], ¶ 6.] November 3 was a Monday. Plaintiff could have traveled to Miami over the weekend—without missing any class—and although Plaintiff seemingly refuses to indicate where she is studying, a cursory review of flights from multiple Illinois airports confirms numerous return flights she could have taken after her deposition, limiting her absence to a single day.

Furthermore, that Plaintiff preferred to sit for her deposition only when she "had planned to be in Miami" for Thanksgiving week is irrelevant. *See Sihler*, 2024 WL 4534218, at *5 (explaining that there is no basis for a party's failure to appear at a properly noticed deposition simply because "that witness believes she has figured out an alternate schedule that would be more efficient and less costly"). Plaintiff's preference to be deposed during Thanksgiving week does not excuse her non-appearance at her deposition.

To be clear, Plaintiff filed suit in this forum, and her paltry offering of three dates limited to Thanksgiving week as the only dates she would agree to appear for an in-person deposition falls substantially short of her obligations to this case, to Bonnell and his counsel, and to this Court. The governing law is unequivocal: Plaintiffs must make themselves available for examination in the district in which they bring suit. *See Otto Candies, LLC v. Citigroup, Inc.*, 963 F.3d 1331, 1344 (11th Cir. 2020) ("plaintiffs are required to make themselves available for examination in the district in which they bring suit"); *see also Morgan v. Ferguson*, No. 22-CV-10035, 2022 WL 17736227, at *2 (S.D. Fla. Dec. 16, 2022) ("Absent a showing of good cause, the Court will apply

the general rule, and the plaintiff will be deposed in the forum where the action is pending."). Personal preferences and scheduling conveniences do not justify refusing to appear for deposition in the chosen forum, and "claims of blanket unavailability are patently unreasonable." *Id.*

Aside from the fact that Plaintiff is obligated by law to sit for her deposition in the forum where she filed suit, Plaintiff's assertion that she could not attend the deposition due to travel expenses is equally unavailing. Even if Plaintiff were indigent, which she implies but has not expressly stated, indigence does not constitute good cause to avoid an in-person deposition in the forum where the plaintiff chose to litigate. Courts in this Circuit consistently reject cost-of-travel arguments as a basis for nonappearance. *See LIVN Worldwide, Ltd. v. Olympusat Holdings, Inc.*, No. No. 23-CV-81515, 2024 WL 4745694, at *2 (S.D. Fla. Nov. 8, 2024) (rejecting plaintiff's argument that travel costs justified avoiding an in-person deposition); *Watson v. Lemongrass RPP LLC*, 345 F.R.D. 247, 248 (S.D. Fla. 2023) (holding that claims of inconvenience and travel expense do not constitute good cause absent a "particular and specific demonstration of fact" showing hardship beyond "the ordinary inconvenience that any deposition necessarily entails").

Moreover, Plaintiff failed to meet and confer in good faith. In her Opposition, Plaintiff falsely asserts that she offered "multiple reasonable in-person dates" for her deposition. In reality, Plaintiff insisted she was unavailable for *any* in-person deposition for the entire month of November. (Brettler Decl., dated Nov. 4, 2025 [ECF No. 163-1], ¶¶ 5-6.) Only after repeated requests from Bonnell did Plaintiff provide additional dates; yet nearly all of those dates were conditioned on the deposition occurring remotely, or in Illinois, options crafted solely for her convenience. (*Id*. ¶¶ 7-9.) Every date Plaintiff proposed was designed to prioritize her class schedule over the lawsuit she chose to file in this District.[2] None of these proposals satisfied her

---

[2] Plaintiff offered October 24 and November 7 and 14 (all Fridays) for a remote or Illinois-based

fundamental obligation to make herself available for an in-person deposition in the forum she selected. Offering noncompliant alternatives is not cooperation, and it does not excuse her refusal to appear on November 3.

The Middle District of Florida's recent decision in *Melvin* is instructive here. There, the plaintiff insisted that she could not appear for deposition in the forum district due to work obligations, childcare issues, and travel burdens. *Melvin*, 2024 WL 167258, at *1. In rejecting the plaintiff's excuses, the court held "there is simply no authority to support these requests." *Id*. at *2. The court further held that "Plaintiff filed this lawsuit and is required to participate in it. The proceedings in this case—including trial, depositions, or hearings—will necessarily occur during the workweek. Plaintiff's claims of blanket unavailability are patently unreasonable." *Id*. Plaintiff's arguments here—chiefly that she has university classes and would prefer not to travel to the forum she selected—are far weaker than the excuses rejected in *Melvin*.

Plaintiff's reliance on *Chavez* and *Karakis* is misplaced. In *Chavez*, the court found the noticing party acted improperly by scheduling a deposition on a date when the defendant was "obviously unavailable to appear" because she was out of the country, and where discovery was nearly a year from closing—making the insistence on early dates unreasonable. *Chavez v. Arancedo*, No. 17-20003-CIV, 2017 WL 3025841, at *4 (S.D. Fla. July 17, 2017). Here, Plaintiff was in Illinois—not abroad—had more than a month of notice, and never offered competent evidence that she could not travel; and unlike in *Chavez*, delaying her deposition would have prejudiced Bonnell given that discovery closes in six-weeks. Plaintiff also made no effort to "accommodate the calendars of opposing lawyers," offering only three dates tied to her personal

---

deposition, and only three dates—November 21, 24, and 25—for an in-person deposition in Miami. (Brettler Decl., dated Nov. 4, 2025 [ECF 163-1], ¶¶ 5-9.)

holiday travel. *Karakis* is equally inapposite. The admonition against "unilateral scheduling" there was directed at a lawyer with a documented pattern of repeatedly noticing depositions without coordination, resulting in numerous "unnecessary motions." *Karakis v. Foreva Jens Inc.*, No. 08-61470-CIV-COHN, 2009 WL 113456, at *6 (S.D. Fla. Jan. 19, 2009). Here, Bonnell did nothing of the sort. He noticed Plaintiff's deposition only after she rejected all reasonable alternatives, and insisted she would only appear during Thanksgiving week. (Brettler Decl., dated Nov. 4, 2025 [ECF 163-1], ¶¶ 5-16).  Neither case excuses Plaintiff's refusal to appear or her failure to seek Rule 26(c) relief.

## IV.    PLAINTIFF'S RECALCITRANCE HAS FORCED BONNELL TO INCUR SIGNIFICANT, ALBEIT AVOIDABLE, LEGAL FEES AND COSTS.

Plaintiff's refusal to uphold her discovery obligations has resulted in significant legal fees and costs to Bonnell, all of which could have been avoided. Counsel for Bonnell spent significant time and resources preparing for the deposition, traveling across the country, and scheduling a court reporter. Bonnell had been forced to expend significant additional legal fees in bringing the instant Motion. Now, in an attempt to avoid responsibility for the significant costs incurred by Bonnell's counsel in traveling to Florida and preparing for a deposition in which Plaintiff refused to attend, Plaintiff contends that counsel for Bonnell was already in Miami "for another matter" during the week of November 3, 2025. (Opp'n [ECF No. 177] at 5, 10.) Plaintiff's assertion is false. (Brettler Reply Decl., dated Nov. 17, 2025 ¶ 3.)

The only reason counsel for Bonnell traveled to Miami during the week of November 3, 2025 was for the party depositions noticed in this case. (*Id.*) Plaintiff's counsel cites to an email undersigned counsel sent on September 22, 2025, in which the undersigned referred to having a "court hearing in another matter" on November 4. (Opp'n [ECF No. 177] at 10.) At the time the undersigned sent that email, the undersigned had a *video teleconference* hearing scheduled on

November 4 for a case pending in the District of Hawaii, not in Miami. (Brettler Reply Decl., dated Nov. 17, 2025 ¶ 4.)

## V.     <u>CONCLUSION</u>

For the reasons stated herein, Bonnell respectfully requests that the Court issue a protective order directing that the depositions of Plaintiff and Defendant be conducted during the same week—preferably November 24 and 25, 2025, respectively—in Miami, Florida. Bonnell further respectfully requests that the Court award Bonnell his reasonable attorneys' fees and costs incurred in bringing the instant Motion.

Dated: November 17, 2025

Respectfully submitted,

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580
Fax: (305) 374-7593

By: <u>/s/ *Patricia M. Patino*</u>
Patricia M. Patino
Florida Bar No.: 1007702
ppatino@bilzin.com

and

**BERK BRETTLER LLP**
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel: (310) 278-2111

By: /s/ *Andrew B. Brettler*
Andrew Brad Brettler
California Bar No.: 262928
abrettler@berkbrettler.com
Jake A. Camara
California Bar No.: 305780
jcamara@berkbrettler.com
Joel Sichel
California Bar No: 361148
jsichel@berkbrettler.com
(admitted *pro hac vice*)

*Counsel for Steven K. Bonnell I*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 17, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system, including counsel listed in the below service list.

By:      /s/ *Patricia M. Patino*
            Attorney

**<u>SERVICE LIST</u>**
*Jane Doe v. Steven K. Bonnell II*
*Case No.: 1:25-cv-20757-JB*

Carlos A. Garcia Perez, Esq.
Sanchez-Medina, Gonzalez, Quesada, Lage,
Gomez & Machado, LLP
201 Alhambra Circle, Suite 1205
Coral Gables, Florida, 33134
Email: cgarciaperez@smgqlaw.com

Joan Schlump Peters, Esq.
JSP LAW, LLC
838 Neapolitan Way, #91, Naples, FL 34103
Email: petersjoan@bellsouth.net

*Counsel for Jane Doe*