# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:25-cv-20757-JB/Torres

JANE DOE,

    Plaintiff,

v.

STEVEN K. BONNELL II,

    Defendant.

_____/

## DEFENDANT STEVEN K. BONNELL'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
PATRICIA M. PATINO
Florida Bar No.: 1007702
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580
Fax: (305) 374-7593
Email: ppatino@bilzin.com

-and-

**BERK BRETTLER LLP**

ANDREW B. BRETTLER
California Bar No.: 262928
JAKE A. CAMARA
California Bar No.: 305780
JOEL SICHEL
California Bar No.: 361148
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel: (310) 278-2111
Email: abrettler@berkbrettler.com;
jcamara@berkbrettler.com;
jsichel@berkbrettler.com
(admitted *pro hac vice*)

I.  **INTRODUCTION**

In her October 3, 2025 Opposition to Defendant's pending Motion To Dismiss, and for the sole purpose of causing harm to Defendant Steven K. Bonnell II, Plaintiff falsely asserted that he exchanged sexually explicit material with a minor. Specifically, Plaintiff claimed to have identified "Rose" as ▇▇▇▇, the purported recipient of the Video Bonnell allegedly transmitted in April 2022. Based on Plaintiff's purported investigation, she alleged that Ms. ▇▇ was a minor at the time she supposedly received the Video, and falsely concluded that Bonnell had exchanged sexually explicit material with someone who was under 18. Not only is Plaintiff's allegation knowingly and demonstrably false, but also the age of the purported recipient of the Video is irrelevant to Plaintiff's claims, and has no bearing whatsoever on whether this Court has subject matter jurisdiction here.

As an initial matter, Plaintiff and her counsel have been on notice of the falsity of their allegation since at least October 23, 2025, the date of Ms. ▇▇'s deposition. At the deposition, Ms. ▇▇ testified that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Rather, Ms. ▇▇ testified that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Bonnell did not share any sexually explicit material with Ms. ▇▇ or any other minor. In light of this testimony, Bonnell demanded that Plaintiff file a notice of errata and corrected Opposition without the false and defamatory allegation included therein. Despite this demand, Plaintiff and her counsel have failed and/or refused to do so, in violation of their obligations under Rule 11. The Court should impose appropriate sanctions.

II. **FACTUAL BACKGROUND**

On September 19, 2025, Bonnell filed a motion to dismiss the operative complaint on the

1

grounds that the Court lacks subject matter jurisdiction over this dispute because the date of the alleged transmission of the Video preceded the effective date of the federal statute, which forms the basis of Plaintiff's claims. [ECF No. 132.] On October 3, Plaintiff filed an opposition to the motion (the "Opposition"). [ECF No. 139.] In the Opposition, Plaintiff falsely asserted that Bonnell exchanged sexually explicit material with a minor. Specifically, in a wholly irrelevant footnote, Plaintiff falsely stated:

> After finally ascertaining Rose's legal identity, Plaintiff has obtained evidence that Rose's date of birth is October 30, 2004. *Thus when Bonnell was exchanging pornographic content with Rose between March of 2022 and until October 30, 2022, Rose was a minor.*

(*Id.* at 7, n.2) (emphasis in original).

To support her baseless claim, Plaintiff identified ▮ as the individual referred to in her pleadings as "Rose," and to demonstrate that Ms. ▮ was a minor at the time of the events alleged, Plaintiff filed a copy of Ms. ▮'s "Official Certification of Department of Motor Vehicles Driving Record," as Exhibit B to the Opposition. [ECF No. 139-2.]

On October 23, 2025, Plaintiff deposed Ms. ▮ in Rockford, Illinois. At her deposition, Ms. ▮ testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮:



(Brettler Decl., dated December 1, 2025, Ex. A at 64:17-23; *see also id.* at 51:2-4 ("Q. ▮ ? A. ▮."); 56:3-10 ("Q.

2

▉ ? A. ▉

▉"); 67:13-16 ("Q. ▉ ? A. ▉"); 67:21-24 (Q. ▉ ? A. ▉");

67:25-68:3-11 (Q. ▉ ? A. ▉")). Ms. ▉ also testified that ▉

▉:

Q. ▉
A. ▉
Q. ▉
A. ▉
Q. ▉
A. ▉
Q. ▉
A. ▉
Q. ▉
A. ▉
Q. ▉
A. ▉

(*Id.* at 68:3-18.)

In fact, Ms. ▉ testified that ▉

▉ (*Id.* at 23:13-15 (Q. ▉ ? A. ▉); 24:13-18 ("Q. ▉ ? A. ▉ ); 68:19-21 (Q. ▉ ? A. ▉")).

3



. (*Id.* at 71:20-72:1.) 

. (*Id.* at 35:18-20.) 

. (*Id.* at 84:10-21.)

Further, Ms. ▮ testified that ▮ . (*Id.* at 17:8-17, 24-25.) Ms. ▮ also testified that ▮ . (*Id.* at 18:2-7.) ▮ . Bonnell did not share any "pornographic content" with Ms. ▮ or any other minor. Plaintiff and her attorneys know this now.

On October 30, 2025, counsel for Bonnell sent a letter to Plaintiff's counsel demanding that Plaintiff file a notice of errata and corrected pleading to retract Plaintiff's knowingly false allegation in her Opposition. (Brettler Decl. ¶ 4 & Ex. B.) To date, Plaintiff's counsel has not provided a substantive response to the letter, nor have they taken the corrective action requested. *Id.*

III.   **ARGUMENT**

Rule 11 of the Federal Rules of Civil Procedure provides, in pertinent part:

> (b)   By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney . . . certifies that to the best of the person's knowledge, information, and belief . . . :
>
> (1)   it is not being presented for any improper purpose, such as to harass. . . ;
>
> (2)   the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument . . . ;

(3) the factual contentions have evidentiary support . . .

Fed. R. Civ. P. 11(b). Critically, Rule 11 imposes a continuing duty to ensure the accuracy of representations made to the court and to correct them once found false. *See Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997) (holding Rule 11 requires litigants "to make reasonable inquiries into the veracity of information filed before the court and to advise the court of any changes"); *Turner v. Sungard Bus. Sys., Inc.*, 91 F.3d 1418, 1422 (11th Cir. 1996) (noting the "continuing nature" of Rule 11, which includes a duty to withdraw or correct positions "after learning that they cease to have any merit"); *see also Battles v. City of Ft. Myers*, 127 F.3d 1298 (11th Cir. 1997) ("Rule 11 emphasizes an attorney's continuing obligation to make inquiries, and thus the rule allows sanctions when an attorney continues insisting upon a position after it is no longer tenable."); *Mittenthal v. Fla. Panthers Hockey Club, Ltd.*, 472 F. Supp. 3d 1211, 1221 (S.D. Fla. 2020) ("[Rule 11] obligation[s] continue[] throughout the pendency of the litigation. Indeed, if evidentiary support is not obtained after a reasonable opportunity for further investigation or discovery, the *party has a duty under the rule not to persist with that contention*" (emphasis in original)).

Under Rule 11(c), monetary and non-monetary "[s]anctions authorized under the court's inherent powers include the striking of frivolous pleadings or defenses, disciplining lawyers, punishing for contempt, assessment of attorney's fees, and outright dismissal of a lawsuit." *Allapattah Servs., Inc. v. Exxon Corp.*, 372 F. Supp. 2d 1344, 1373 (S.D. Fla. 2005) (collecting cases). Indeed, courts in this Circuit ruling on Rule 11 motions have the discretion to impose (and regularly do impose) severe sanctions including, but not limited to, dismissing an action, striking arguments in motions, and requiring the party to pay reasonable attorney's fees and litigation expenses resulting from bringing the motion for sanctions and any supplemental briefing. *Peer v.*

5

*Lewis*, 571 F. App'x 840, 845 (11th Cir. 2014) ("Rule 11 provides for a range of penalties, including payment by the offending attorney of 'part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.'").

Here, Plaintiff's false allegation that Bonnell exchanged pornographic material with a minor was included for an improper purpose—namely, to publicly humiliate and harass Bonnell and sway the Court's opinion of him. Critically, the age of the purported recipient of the Video has no bearing whatsoever on Plaintiff's claims in this action, nor does it have any bearing on whether the Court has subject matter jurisdiction in this case, which is the threshold issue *sub judice*. Moreover, Plaintiff and her lawyers have been on notice of the falsity of their allegation since at least October 23, 2025, yet they have failed and/or refused to correct their knowingly false and unsupported contention in the Opposition. Plaintiff and her counsel's refusal to correct this egregious and intentionally inflammatory misstatement warrants Rule 11 sanctions.

### IV.    CONCLUSION

For the reasons stated herein, Bonnell respectfully requests that the Court sanction Plaintiff and her counsel, jointly and severally, pursuant to Rule 11 including, but not limited to, (i) awarding monetary sanctions to be paid into the registry of the Court; (ii) striking Footnote 2 of the Opposition; (iii) awarding Bonnell his attorney's fees and costs in preparing the instant Motion and supporting documents; and (iv) awarding any further relief this Court deems just and proper.

Dated: December 1, 2025

Respectfully submitted,

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580
Fax: (305) 374-7593

By: /s/ *Patricia M. Patino*
Patricia M. Patino
Florida Bar No.: 1007702
ppatino@bilzin.com

*and*

**BERK BRETTLER LLP**
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel: (310) 278-2111

By: /s/ *Andrew B. Brettler*
Andrew B. Brettler
California Bar No.: 262928
abrettler@berkbrettler.com
Jake A. Camara
California Bar No.: 305780
jcamara@berkbrettler.com
Joel Sichel
California Bar No.: 361148
jsichel@berkbrettler.com
(admitted pro hac vice)

*Counsel for Steven K. Bonnell II*

7

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 1, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system, including counsel listed in the below service list.

By: /s/ *Patricia M. Patino*
Attorney

## SERVICE LIST
*Jane Doe v. Steven K. Bonnell II*
*Case No.: 1:25-cv-20757-JB*

Carlos A. Garcia Perez, Esq.
Sanchez-Medina, Gonzalez, Quesada, Lage, Gomez & Machado, LLP
201 Alhambra Circle, Suite 1205
Coral Gables, Florida, 33134
Email: cgarciaperez@smgqlaw.com

Joan Schlump Peters, Esq.
JSP LAW, LLC
838 Neapolitan Way, #91, Naples, FL 34103
Email: petersjoan@bellsouth.net

*Counsel for Jane Doe*