# EXHIBIT B



| | |
|---|---|
| BLAIR BERK | JAKE A. CAMARA |
| ANDREW B. BRETTLER* | REGINA PETER |
| *ADMITTED IN CA, NY AND NJ | TOM JONES^ |
| | JOEL SICHEL |
| | ^ ADMITTED IN CA, ENGLAND AND WALES |

October 30, 2025

**VIA EMAIL**:
petersjoan@bellsouth.net

Joan S. Peters, Esq.
JSP Law, LLC
838 Neapolitan Wy., #91
Naples, FL 34103

**VIA EMAIL**:
cgarciaperez@smgqlaw.com

Carlos A. Garcia Perez
Sanchez-Medina, Gonzalez, Quesada,
Lage, Gomez & Machado, LLP
201 Alhambra Cir., Ste. 1205
Miami, FL 33134

Re:   <u>Doe v. Bonnell</u>, S.D. Fla. Case No. 25-cv-20757-JB/Torres

Dear Joan and Carlos:

    Reference is made to Plaintiff's Opposition to Mr. Bonnell's Motion To Dismiss for Lack of Subject Matter Jurisdiction, dated October 3, 2025 [ECF No. 139] (the "Opposition"). Specifically, in a gratuitous and wholly irrelevant footnote in that Opposition, Plaintiff falsely concluded that "Bonnell was exchanging pornographic content with Rose between March of 2022 and until October 30, 2022, Rose was a minor [sic]." (Opp'n at 7 n.2 (emphasis removed).) We demand that you file a notice of errata and a corrected brief to omit this knowingly false statement from the Opposition. Failure to do so promptly will expose Plaintiff and/or her counsel to Rule 11 sanctions.

    Plaintiff previously identified ▮▮▮▮▮ as the individual referred to in her pleadings as "Rose." On October 23, 2025, Plaintiff deposed Ms. ▮▮▮ in Rockford, Illinois. At her deposition, Ms. ▮▮▮ testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. She further testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Accordingly, Mr. Bonnell did not share any "pornographic content" with Ms. ▮▮▮, or any other minor.

    Plaintiff and her counsel are now aware of this reality and are obligated to correct their October 3 filing. *See* Fed. R. Civ. P. 11(b) ("By presenting to the court a

Joan S. Peters, Esq.
Carlos A. Garcia Perez, Esq.
Re: *Doe v. Bonnell*
October 30, 2025
Page 2

pleading, written motion, or other paper . . . an attorney . . . certifies that . . . it is not being presented for any improper purpose, such as to harass . . . [and] the factual contentions have evidentiary support."). Rule 11 imposes a continuing duty to ensure the accuracy of representations made to the court and to correct them once found false. *See Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997) (holding Rule 11 requires litigants "to make reasonable inquiries into the veracity of information filed before the court and to advise the court of any changes"); *Turner v. Sungard Bus. Sys., Inc.*, 91 F.3d 1418, 1422 (11th Cir. 1996) (noting the "continuing nature" of Rule 11, which includes a duty to withdraw or correct positions "after learning that they cease to have any merit").

Should you fail and/or refuse to correct your intentionally inflammatory and knowingly false pleading, you and/or your client will be subject to appropriate sanctions. Fed. R. Civ. P. 11(c); *see Johnson v. 27th Ave. Caraf, Inc.*, 9 F.4th 1300, 1315 (11th Cir. 2021) (affirming an award of sanctions for a "knowing factual misrepresentation"); *Turner*, 91 F.3d at 1422 (affirming an award of sanctions for failing to correct a false contention after learning it was meritless).

Please advise by close of business on Friday, October 31, 2025, whether Plaintiff wishes to avoid a Rule 11 motion and file a notice of errata and corrected pleading. Thank you.

In the interim, we must reserve all of our client's rights and remedies.

Sincerely,

ANDREW B. BRETTLER

cc:   All counsel of record