UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

**JANE DOE**,

    Plaintiff,

v.

CASE NO: 1:25-cv-20757-JB/Torres

**STEVEN K. BONNELL II**,

    Defendant.

_____/

### **PLAINTIFF JANE DOE'S MOTION TO MODIFY THE SCHEDULING ORDER**

Plaintiff, Jane Doe ("Plaintiff"), by and through the undersigned counsel, and pursuant to Federal Rule of Civil Procedure 16, the Court's February 19, 2025, Paperless Order Regarding Procedures (DE4), and Southern District of Florida Local Rule 7.1, hereby respectfully moves the Court for a modification of the Scheduling Order (DE23). More specifically, Plaintiff respectfully requests an extension of the discovery cutoff of 60 days, which would place the new discovery cutoff date on February 17, 2026,[1] with a proposed new deadline for dispositive motions of March 16, 2026, and a pretrial motions deadline of April 18, 2026, with the current trial date of May 18, 2026 remaining in place, unless the Court finds a brief continuance of the trial date to be appropriate.

**I.    Preliminary Statement**

The active discovery period in this matter did not commence until the Protective Order Governing Discovery was issued on September 2, 2025. This leaves no more than 3.5 months for

---

[1] The Court is closed for President's Day on February 16, 2026, making the next available calendar day February 17.

1

the parties to conduct discovery under the current Scheduling Order. As of today, and further detailed below, the following discovery has not yet been completed: i) written discovery has been exchanged but there are unresolved objections to Defendant's document production; ii) the depositions of Plaintiff and Defendant have not been re-scheduled, despite Plaintiff's good faith efforts to do so (*see* DEs 82, 177, and Exhibits A and B hereto); and iii) the deposition of non-party witness Melina Goransson has not yet been scheduled (*see infra*).

Furthermore, while Plaintiff diligently sought and participated in discovery since the issuance of the Protective Order, Defendant's production of documents has been demonstrably deficient and tardy. *See*, Declaration of Carlos A. Garcia Perez ("Garcia Decl."), Exh. A hereto. Plaintiff engaged in a meet and confer with defense counsel which resulted in supplemental productions of documents, including the most recent production on November 25th, but Plaintiff contends that the production is still deficient and thus anticipates filing a motion to compel. Plaintiff will also require adequate time to investigate her forensic expert's findings of potential spoliation and tampering of evidence by Defendant (DE139-1, 147-1), which Plaintiff could not have anticipated.

In view of the incomplete discovery, and the looming discovery cut-off date, Plaintiff's counsel proposed that the parties file a joint motion to extend the deadlines, and suggested dates for the depositions of Plaintiff and Defendant in Miami during the same week in early January. *See*, Exh. B. Defendant's refusal to agree to a reasonable modification of certain deadlines smacks of bad faith and gamesmanship, and an ulterior motive to prevent the Defendant's deposition from taking place. *See*, Exh. B. Even the moderate request of a 60-day continuance Plaintiff proposed would make it difficult to allow the parties to reasonably conduct discovery and resolve any

discovery disputes, given that it would set an active discovery period spanning less than six months.[2]

It would be highly prejudicial to Plaintiff to be unable to take the deposition of Defendant or complete other discovery in this matter. Courts have routinely extended the discovery cutoff in "the interests of fairness" to allow the parties to complete the discovery process, *DeCurtis LLC v. Carnival Corp.*, No. 20-22945-CIV, 2021 WL 7502569 (S.D. Fla. Dec. 10, 2021) (Torres, M.J.), especially when a motion to amend scheduling order is brought prior to the discovery cutoff and no prior such motion was brought, as is the case here.

## II.     Relevant Factual Background

This action involves the non-consensual disclosure of intimate images under the federal statute commonly known as "CARDII", 15 U.S.C. § 6851, as well as a claim for violation of § 784.049, Fla. Stat., for sexual cyber-harassment, intentional infliction of emotional distress, and invasion of privacy. More specifically, Plaintiff alleges that multiple times Bonnell non-consensually disseminated through electronic means a video of Plaintiff and him engaging in sexual conduct. The video was later obtained from one of these recipients and uploaded on to the website Kiwifarms by an individual with the screen name Solotinyleaks and was then disseminated on multiple other pornography websites. The video has been viewed more than 78,000 times and was discussed on several platforms. Additionally, videos posted on social media about the video were viewed over 90,000 times. DE 120.

---

[2] Additional grounds for extending the discovery cutoff are discussed in the Argument section, *infra*.

### III.     Relevant Procedural Background

On February 18, 2025, Plaintiff filed her initial Complaint against Bonnell. DE 1. On April 4, 2025, the Court entered a Scheduling Order wherein it set, *inter alia*, a discovery cutoff date of December 16, 2025. (DE23.)

On June 2, 2025, Plaintiff filed a Motion for a Protective Order Governing Discovery (DE82), which the Court granted on September 2, 2025. DE116 ("Protective Order"). The parties agreed that no written discovery responses would be provided by Plaintiff or Defendant and their depositions would not be noticed prior to the Court's issuance of a protective order in this matter. DE82, at 2. Since the Protective Order was issued, Plaintiff diligently conducted and participated in discovery. *See*, Garcia Decl. On September 12, 2025, Defendant made his first production of documents, which Plaintiff objected to as being deficient, whereafter Defendant made an additional production on November 12, which Plaintiff again objected to and conducted a meet and confer on November 19, 2025. *Id.* As a result of the meet and confer, Defendant agreed to make a further production of documents, which occurred on November 25, however, Plaintiff still believes the production to be deficient and is in the process of presenting these issues to the Court pursuant to the Court's Order Setting Discovery Procedures. *Id.*

On September 4, 2025, the Court granted Plaintiff's Motion to file a First Amended Complaint ("FAC"), which was filed on September 5, 2025. DEs 119, 120.

On September 19, 2025, Defendant filed a Motion to Dismiss FAC, *inter alia* raising therein factual claims, which were refuted by Plaintiff, including via expert testimony. DEs 132, 139, 147, 149, 165.

On November 5, 2025, this Court granted Plaintiff's Motion for Issuance of Letter of Request to depose a witness in Sweden. DE166. The original version directed to be mailed to counsel was received some two weeks later. *See*, Garcia Decl.

On November 5, 2025, the Court stayed the deposition of Defendant scheduled for November 11 pending resolution of Defendant's motion for protective order. DE167. Plaintiff filed a Response wherein she explained, *inter alia*, that the purported reasons for and manner in which Defendant unilaterally set Plaintiff's deposition was improper; that Defense counsel refused to notice Plaintiff's deposition for dates Defense counsel previously conceded he was available; that Plaintiff's counsel attempted in good faith to cooperate with Defense counsel, who proved to be less than accommodating; and that Defense counsel's reliance on the fact that they are not based in Florida does not permit Defendant to dictate the scheduling of depositions for his own convenience, when it was Defendant's choice not to retain Florida counsel, despite the fact that he himself is a Florida resident. DE177.

## IV.     Legal Standard

Federal Rule of Civil Procedure 16 provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The good cause standard required to modify a scheduling order precludes modification unless the schedule 'cannot be met despite the diligence of the party seeking the extension.'" *De Varona v. Disc. Auto Parts, LLC*, 285 F.R.D. 671, 672 (S.D. Fla. 2012) (quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998)).

Furthermore, the Court's Order Regarding Procedures provides, in pertinent part:

> Requests for extensions of time, including unopposed motions, will only be granted by the Court upon an appropriate motion showing good cause why the deadline cannot be met. Absent an emergency, motions for extensions of time must be filed no later than three business days prior to

> the deadline from which relief is being sought. All requests for extensions of time must include: (1) the conferral statement required under Local Rule 7.1; (2) a list of any prior motions for extension of time; (3) a specific statement regarding the circumstances necessitating the requested relief; and (4) a statement as to whether the request impacts the deadline to file a dispositive motion or trial date.

DE4 (emphasis omitted). The instant request would impact the deadline to file a dispositive motion, but would not impact the trial date.

## V.  ARGUMENT

### A. Good Cause Exists to Amend the Scheduling Order.

Good cause exists to modify the Scheduling Order for several reasons. First, as noted, discovery was on hold until the Protective Order was issued approximately three months ago. Three-and-a-half months of discovery do not provide sufficient time to adequately conduct discovery in this complex matter. *See*, Garcia Decl. Additionally, as delineated in detail in section III, *supra*, because Defendant has not complied with his discovery obligations, Plaintiff will be required to bring a motion to compel. As a result of (a) Defendant's dilatory conduct and the timing of the issuance of the Protective Order and commencement of the active discovery phase, such a motion could not have been brought sooner. Plaintiff has also uncovered cause for a possible spoliation claim based on her forensic expert's recent discovery of issues with Defendant's document production, necessitating additional discovery and potentially related motions, at no fault of her own but as a result of Defendant's seeming misconduct. DE139-1, 147-1.

Furthermore, as the Court might already be aware, the original version of the letter rogatory this Court ordered to be issued on November 5, 2025, was unfortunately misplaced and ultimately not mailed to Plaintiff for some time until after inquiries were made with the Clerk of this Court. The original arrived at the office of Plaintiff's counsel on or about November 26, 2025; and was

not actually received or opened until December 1 due to the Thanksgiving holidays, which somewhat delayed Plaintiff's ability to proceed with the letter rogatory. *See*, Garcia Decl.

Additionally, both Defendant and Plaintiff have yet to sit for their deposition as of the date of this Motion. Defendant's noticed deposition was stayed by this Court based on what Plaintiff contends is Defendant's mischaracterization of what occurred in the process of the parties' attempts to schedule the depositions of Defendant and Plaintiff respectively. DEs 167, 177. Additional time is warranted to resolve these disputes and proceed with the depositions of Defendant and Plaintiff, which are unquestionably critical to the allegations and defenses in this action. Defendant's deposition might also shed additional light on Plaintiff's spoliation claims, which might result in additional motion practice.

"District courts have 'unquestionable' authority to control their own dockets." *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (citation omitted). "This authority includes 'broad discretion in deciding how best to manage the cases before them.'" *Id.* (citation omitted). Modifications of scheduling orders are routinely granted to provide the parties with "sufficient time to conduct discovery," even when "the discovery period is already over." *Underwriters at Interest v. All Logistics Group, Inc.*, No. 1:19-CV-21889-KMM, 2019 WL 13167713, at *2 (S.D. Fla. Dec. 23, 2019).[3] By way of further example, this Court granted, in part, a motion to amend scheduling order in *DeCurtis LLC*, 2021 WL 7502569, where the parties respectively contended that the respective document productions suggested that not all responsive, non-privileged documents were produced by either party. *Id.*, at *1. The Court found that reopening

---

[3] While a pending motion to dismiss generally does not constitute good cause to modify a scheduling order, it bears noting that Defendant's Motion to Dismiss has not yet been ruled upon, and the procedural posture of the case can be taken into consideration. *See, id.* (finding good cause to continue the trial and modify scheduling order where motions to dismiss had only recently been filed and not yet been disposed of).

discovery served "the interests of fairness," even though the discovery deadline had passed at the time and the scheduling order had already been modified before. *Id*. Additionally, the Court found good cause to reopen discovery for purposes of addressing the plaintiff's spoliation assertions, despite also expressly finding "that [the defendant] has [not] intentionally thwarted discovery." *Id.*, at *3. *See also*, *KB Oreo, LLC v. Winnerman*, No. 20-80921-CV, 2020 WL 13267386, at *1 (S.D. Fla. Oct. 22, 2020) (finding plaintiff made the requisite "compelling showing" of good cause under the more stringent standard when the discovery deadline already passed where plaintiff encountered "difficulty of conducting discovery"); *United Surgical Assistants, LLC v. Aetna Life Ins. Co.*, No. 8:14-CV-211-T-30JSS, 2016 WL 398083, at *1 (M.D. Fla. Feb. 2, 2016) (extending discovery deadline based on "Defendants' delay in discovery").

Unlike in *Underwriters*, *DeCurtis*, and *KB Oreo*, the discovery cutoff has not yet passed in the case at bar. As such, a lower burden applies, though Plaintiff can easily meet the more stringent good-cause standard, given the short discovery period following the issuance of the Protective Order, the lack of legitimate prejudice to Defendant from a reasonable extension of the discovery cutoff, and the procedural posture of the case. Indeed, courts have found good cause to amend a scheduling order where a much less compelling showing of good cause was made by the movant. *See, e.g., Cooper-Levy v. City of Miami*, No. 22-CV-21939, 2023 WL 4105531, at *4 (S.D. Fla. June 21, 2023) (finding good cause to extend deadlines due to counsel's "involvement in other trials").

### B. List of Prior Motions to Modify Scheduling Order

This Court's Standing Order on Procedure requires Plaintiff to "list of any prior motions for extension of time." DE4. No prior motions to modify the Scheduling Order have been filed in this case.

### C. Statement as to Whether the Request Impacts the Deadline to File a Dispositive Motion or Trial Date

The Court's Order on Procedure also requires Plaintiff to provide a statement as to whether the request impacts the deadline to file a dispositive motion or trial date. DE4. As a result of an extension of the discovery deadline, if granted, Plaintiff respectfully proposes that the dispositive motion deadline be moved from January 30 to March 16, 2026, and the pretrial motions deadline be moved from March 30 to April 18, 2026, and suggests that the trial date of May 18, 2026, could remain in place.

### Local Rule 7.1(a)(3) Certificate

On December 2, 2025, counsel for Plaintiff conferred with counsel for Defendant about the relief requested by Plaintiff via e-mail. *See* Exh. B. On December 3, 2025, Defense counsel responded that Defendant opposes the proposed amendments to the Scheduling Order, falsely accusing Plaintiff of not diligently engaging in discovery or causing delays. These claims are demonstrably false. Plaintiff will prove them to be false, should Defendant raise these frivolous arguments in response to this Motion. The parties were unable to reach any agreement as to the relief requested.

### CONCLUSION

Wherefore, the Court is respectfully requested to grant the proposed modification of the Scheduling Order.

Date: December 4, 2025

Respectfully Submitted,

**JSP LAW, LLC**
Joan Schlump Peters
(admitted *pro hac vice*)
838 Neapolitan Way, #91
Naples, Florida 34103
Tel.: 305-299-4759
Email: petersjoan@bellsouth.net

**SANCHEZ-MEDINA, GONZALEZ, QUESADA, LAGE, GOMEZ & MACHADO, LLP**
CARLOS A. GARCIA PEREZ
Florida Bar No. 106895
GUSTAVO D. LAGE, ESQ.
Florida Bar No. 972551

        201 Alhambra Circle, Suite 1205
        Coral Gables, Florida, 33134
        Tel.: (305) 377-1000
        Primary E-Mail Addresses:
        cgarciaperez@smgqlaw.com;
        glage@smgqlaw.com

     By: *s/ Carlos A. Garcia Perez*
        CARLOS A. GARCIA PEREZ

10

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 4, 2025 a true and correct copy of the foregoing was served on all parties via the CM/ECF filing portal to all counsel of record.

By: *s/ Carlos A. Garcia Perez*
CARLOS A. GARCIA PEREZ
Attorney for Plaintiff JANE DOE
