UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

**JANE DOE**,

      Plaintiff,

v.

**STEVEN K. BONNELL II**,

      Defendant.

_____/

CASE NO: 1:25-cv-20757-JB/Torres

### DECLARATION OF CARLOS A. GARCIA PEREZ

I, Carlos A. Garcia Perez, declare:

1. I have personal knowledge of the following facts and, if called to testify, I could and would competently testify thereto based on my personal knowledge.

2. I am a partner at Sanchez-Medina, Gonzalez, Quesada, Lage, Gomez & Machado, LLP, counsel of record for Plaintiff, Jane Doe, in the above-captioned matter.

3. I submit this Declaration in support of Plaintiff's Motion for a Modification of the Scheduling Order ("Motion") pursuant to Fed. R. Civ. P. 16, filed concurrently herewith.

4. Attached to the Motion as Exhibit B is a true and correct copy of an email exchange between counsel for Plaintiff and counsel for Defendant regarding the relief Plaintiff seeks in the Motion to Modify Scheduling Order.

5. The parties agreed that no written discovery responses would be provided by Plaintiff or Defendant and their depositions not noticed prior to the Court's issuance of a protective order in this matter. Consequently, such discovery between Plaintiff and Defendant effectively did not begin until September of 2025. After the Protective Order Governing Discovery was issued in September of 2025, Plaintiff's counsel was the first to request a date for deposition of Defendant—

1

before Defendant requested dates for Plaintiff's deposition. Plaintiff has diligently conducted and participated in discovery, whereas Defendant failed to make a full production of documents, which dispute Plaintiff is currently attempting to resolve without Court intervention, however, a motion to compel Defendant to comply with his discovery obligations might be required. More specifically, after Defendant made his first production of documents on September 12, 2025, Plaintiff objected to his deficient production, whereafter Defendant made an additional production on November 12, which Plaintiff again objected to and conducted a meet and confer on November 19, 2025. As a result of the meet and confer, Defendant agreed to make a further production of documents, which occurred on November 25, however, Plaintiff still believes the production to be deficient and is in the process of addressing this with the Court.

6. Three-and-a-half months of discovery are insufficient for Plaintiff to complete discovery in this complex matter, especially after Plaintiff's forensic expert discovered issues with Defendant's document production and Defendant was tardy in producing responsive documents. (ECF No. 147-1.) Additionally, the deposition of Defendant might lead to additional discovery disputes and motions.

7. To the best of my knowledge, the original version of the letter rogatory this Court ordered to be issued on November 5, 2025 (ECF No. 166) was received in the mail by my office on or about November 26, 2025, however, my staff was not in that day due to the Thanksgiving holidays, so the mail containing the original letter rogatory was not opened until December 1, 2025. This occurred after my office called the clerk in mid-November to inquire about the status of the mailing of the original letter rogatory pursuant to the Order issued on November 5 directing the Clerk to mail it to the undersigned counsel, who then advised my staff that the original will be issued shortly.

I declare under penalty of perjury under the laws of the United States of America and the State of Florida that I read the foregoing declaration and that the facts stated therein are true and correct.

Dated: December 4, 2025

*s/Carlos A. Garcia Perez*
CARLOS A. GARCIA PEREZ
