UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

**JANE DOE**,

      Plaintiff,

v.

CASE NO: 1:25-cv-20757-JB/Torres

**STEVEN K. BONNELL II**,

      Defendant.

_____/

### PLAINTIFF JANE DOE'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11

Plaintiff Jane Doe ("Plaintiff"), by and through the undersigned counsel, hereby respectfully opposes Defendant Steven K. Bonnell II's ("Bonell" or "Defendant") Motion for Rule 11 Sanctions.[1]

### INTRODUCTION

Bonnell's Rule 11 Motion constitutes a textbook example of a frivolous sanctions motion brought for the sole purpose of harassing and intimidating Plaintiff into withdrawing meritorious claims, and/or testing the factual strength or legal sufficiency of Plaintiff's claims. Such a tactical Rule 11 motion is itself subject to Rule 11 sanctions under well-settled Eleventh Circuit precedent.

The strategic yet frivolous nature of Bonnell's Motion is substantiated by several factors:

*First,* Bonnell declined to raise his objections in his Reply to the fraction of the Response to the Motion to Dismiss he now attacks. *Second*, Bonnell's protestations are belied by the evidence

---

[1] On November 13, 2025, Plaintiff served on Defense counsel a Cross-Motion for Rule 11 Sanctions for serving a frivolous Rule 11 Motion on Plaintiff. Nevertheless, Defendant proceeded with filing the frivolous Rule 11 Motion. Consequently, concurrently with this Response, Plaintiff brings a Cross-Motion for Rule 11 Sanctions on December 4, 2025, after expiration of the safe-harbor period.

1

adduced to date and even by the fact that Bonnell himself referred to the exchanges described in the disputed footnote in the identical manner in which Plaintiff did. *Third,* Bonnell's objections are patently premature. By way of example, as of the time Bonnell's Rule 11 Motion was served, Bonnell had yet to sit for deposition, including to testify about the events in question. At most, Bonnell might opt to raise his objections in a motion for summary judgment or motion in limine at the appropriate juncture, or he could have moved to strike. *Fourth*, Rule 11 is not designed to resolve a disputed factual issue raised in a single footnote of a response, which would unnecessarily increase the cost of litigation. *Fifth*, Bonnell's Rule 11 Motion is devoid of any legal discussion about the relevance of similar acts by Bonnell. Coupled with the unsupportable nature of his factual contentions, Bonnell's arguments amount to no more than conclusory and misleading contentions.

Rule 11 sanctions are warranted to deter repetition of Bonnell's improper stratagem.

## **LEGAL STANDARD**

"Rule 11 is intended to deter claims with *no* factual or legal basis at all; creative claims, coupled even with ambiguous or inconsequential facts, may merit dismissal, but not punishment." *Davis v. Carl*, 9106 F.2d 533, 538 (11th Cir. 1990) (emphasis in original). Rule 11 sanctions are proper "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996) (quoting *Jones v. International Riding Helmets, Ltd.*, 49 F.3d 692, 694 (11th Cir. 1995)). Federal Rules of Civil Procedure 11(b)(1) and 11(b)(3) state:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such

> as to harass, cause unnecessary delay, or needlessly increase the cost of litigation ... (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery....Fed. R. Civ. Pro. 11(b)(1), 11(b)(3).

Additionally, Federal Rule of Civil Procedure 11(c)(1) states the following:

> If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.

Fed. R. Civ. Pro. 11(c)(1).

> In this circuit, a court confronted with a motion for Rule 11 sanctions first determines whether the party's claims are objectively frivolous—in view of the facts or law—and then, if they are, whether the person who signed the pleadings should have been aware that they were frivolous; that is, whether he would've been aware had he made a reasonable inquiry. If the attorney failed to make a reasonable inquiry, then the court must impose sanctions despite the attorney's good faith belief that the claims were sound. The reasonableness of the inquiry 'may depend on such factors as how much time for investigation was available to the signer; whether he had to rely on a client for information as to the facts underlying the [violative document]; ... or whether he depended on forwarding counsel or another member of the bar.

*Worldwide Primates, Inc.*, 87 F.3d at 695 (quoting *Mike Ousley Productions, Inc. v. WJBF-TV*, 952 F.2d 380, 382 (11th Cir. 1992)).

"[T]he filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions." Fed.R.Civ.P. 11 advisory committee's note (1993 Amendments).

## ARGUMENT

I. **Bonnell's Rule 11 Motion Is an Improper Attempt to Convert Factual Disputes Over the Merits of Her Claims into a Sanctions Dispute.**

A. **Bonnell's Characterization of the Facts Is Misleading.**

As an initial matter, it should be noted that Bonnell does not actually dispute that ▮▮▮ (screen name Rose) (hereinafter referred to as "Rose") was a minor when pornographic materials were exchanged prior to her October 2022 birthday, just as Plaintiff accurately noted in

3

the footnote. DE183, at 1, 6 (Defendant arguing, rather, that Rose's age is immaterial). Indeed, Bonnell was apparently concerned enough about Rose having been a minor at the time that he raised the issue at her deposition—a fact Bonnell fails to disclose in his Rule 11 Motion. Exhibit A to the Declaration of Carlos Garcia Perez, filed concurrently herewith (to be filed under seal), at 74(7-10). Moreover, in his Reply to Plaintiff's Motion to Dismiss, Bonnell *himself* generally refers to exchanges of such materials between Bonnell and Rose in the same manner Plaintiff did in the footnote, and, tellingly, raised no such objection to the footnote therein. DE149, at 1, 4, 10. It is patently clear that Bonnell's argument boils down to an objection to the relevance of Rose's age at the time, and he bases this objection on representations to this Court which are, however, anything but undisputed.

Specifically, Bonnell posits that the fact that Rose was a minor is irrelevant because (i) Rose's then-boyfriend, Solo, was catfishing Bonnell; (ii) Rose was not directly operating the social media account through which the pornographic materials were exchanged; and (iii) Rose did not see any of Plaintiff's materials. DE183, at 1, 3-4. Despite the fact that it is patently improper to force Plaintiff to litigate these highly disputed factual issues at this stage of the case for the reasons set forth in sections II & III, *infra*, Plaintiff addresses why Bonnell's contentions are problematic:

Bonnell omits, for example, that Rose also testified that Solo shared with her materials Bonnell sent to Rose over the "impostor" account. *See,* Exhibit A, at 35(12-16); 36(5-10); and at 36(11-15) (Rose admitting she was shown "a handful of videos that Destiny sent" via the "impostor" account). Rose also testified that Solo shared with her the Discord messages exchanged with Bonnell, *id*., 81 (5-8), and that she knew that the explicit images and videos that she took of herself (and with other individuals) would be provided to Bonnell, *id*., 81-82.

4

Rose further testified that she does not know the Plaintiff. *Id*., at 36(19-21). This is important because, if Rose does not know the Plaintiff, she could not know one way or another whether one of the "handful of videos that Destiny sent" depicted Plaintiff. Based on these facts, the question whether Rose ever saw Plaintiff's materials is anything but undisputed. Rule 11 sanctions *against* Bonnell "are warranted [for] exhibit[ing] a 'deliberate indifference to obvious facts.'" *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1294 (11th Cir. 2002) (citation omitted).

Furthermore, Rose's testimony also reveals that, because (a) she was aware of Bonnell being catfished through the "impostor" account and that sexually explicit materials of her would be shared with Bonnell; (b) Bonnell was making requests for explicit materials; and that (c) materials were being shared in this manner and then, at times, shown to her, she was at least indirectly communicating with Bonnell. *Id*., at 52(10)-55(1); 64(24)-65(5). Thus, the footnote stating that Bonnell was exchanging material with a minor is not incorrect – the fact that Solo acted as a go-between does not alter this assertion. The fact remains that Bonnell requested explicit material of a minor and that the minor provided it for him, and he received it and viewed it.

And, while Rose repeatedly testified that she did not "message" directly with Bonnell she also testified that she did not recall whether she ever spoke to him via other means. *Id*., at 56(7-10) (Rose: "I honestly don't remember if I ever called [Bonnell]"); *id*., at 67(23-24) (same). Moreover, Bonnell produced in this case his communications with an individual with the screen name Straighterade, which included a message on November 29, 2024, in which he states that he "had decent-length phone calls with [Rose] multiple times about both of our personal things, never had a problem, issue, fight over literally anything ever." *See* Exhibit C hereto (to be filed under seal). As such, Bonnell's claim that he never communicated with Rose, including when she was a minor is misleading and belied by the record.

5

The evidence shows that Rose was also victimized by Bonnell through doxxing, *id*., at 43(1-8); and that, despite suspecting that Rose was a minor, *see* Exhibit B hereto (to be filed under seal), he "tried to send a group of guys to find [her] because he wanted to talk to [her]." *Id*., at 42(5-12). *See also, id.,* at 43(19-23) (Rose: "[T]here was like a Discord chat that [Bonnell] put together and wanted to find Rose, which was me, I guess; and basically these people found out all kinds of information on me as possible.").

While it is understandable that Bonnell seeks to have these disturbing facts stricken from the record, his Rule 11 Motion represents a transparent attempt to intimidate Plaintiff into withdrawing her meritorious allegations. Such bad faith tactics warrant sanctions *against* Bonnell and his counsel.

### B. Rule 11 Prohibits Conversion of Factual Disputes into a Sanctions Dispute.

Courts have routinely held that a Rule 11 motion targeting a factual dispute "represents an improper attempt to convert a dispute over the factual allegations and legal arguments in Plaintiff's complaint into a sanctions dispute." *Boigris v. EWC P&T, LLC*, No. 19-21148-CIV, 2020 WL 1692009, at *2 (S.D. Fla. Feb. 10, 2020) (Torres, M.J.) (finding that "Defendants' motion is an alternative remedy to seek disposition on the merits of this case via Rule 11. Yet, a Rule 11 motion is not an avenue to seek judgment on the merits of a case."). *See also, Almeida v. Bennet Auto Supply, Inc.*, 335 F.R.D. 463, 465–66 (S.D. Fla. 2020) (same, and noting that "a Rule 11 motion is not an avenue to either seek repleading under Rule 12 or to seek judgment on the merits of a case under Rule 56.") (citing *Bigford v. BESM, Inc.*, 2012 WL 12886184, at *2 (S.D. Fla. Oct. 12, 2012) (" 'Rule 11 should not be used to raise issues as to the legal sufficiency of a claim or defense that more appropriately can be disposed of by a motion to dismiss, a motion for judgment on the pleadings, a motion for summary judgment, or a trial on the merits.'")).

6

Bonnell's Rule 11 tactic in the case at bar is particularly telling for several reasons: (a) again, Bonnell did not even raise his objection in his Reply to the Motion to Dismiss;[2] (b) this case is still at the pleading stage, and (c) the issue is, at most, an objection he may raise in a motion in limine at the appropriate juncture. Indeed, as of the date Bonnell served his Rule 11 Motion, *Bonnell himself has yet to sit for deposition*, which further highlights the calculated and misleading nature of his premature Rule 11 Motion.

## II. **Bonnell's Rule 11 Motion Is Designed to Harass Plaintiff and Pressure Her into Abandoning Relevant Claims.**

Rule 11 sanctions against Bonnell and his counsel of record are warranted because the purpose of Bonnell's Rule 11 Motion is clearly to harass Plaintiff and pressure her into abandoning claims against him by voluntarily striking them from her Opposition, thereby demanding that she waive her right to raise these issues. As noted, a careful review of his Rule 11 arguments reveals that Bonnell does *not*, in fact, dispute that Rose was a minor when pornographic materials were exchanged. The question whether this fact is relevant has yet to be litigated,[3] and Bonnell cannot escape that reality by bullying Plaintiff with baseless Rule 11 threats. As such, Bonell's Motion was filed for an "improper purpose," including "to harass" Plaintiff and "needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). As the Advisory Committee to Rule 11 admonished, Rule 11 motions

---

[2] While Bonnell is expected to argue that Rose's testimony was adduced after the briefing on the Motion to Dismiss was completed, this does not render his conduct in bringing his Rule 11 Motion any less egregious. Bonnell's objection is that these allegations against him are false, which he could have—but declined to—contest by submitting a declaration. But the underlying timeliness issue also further underscores that Rule 11 was not designed to threaten sanction every time some evidence is adduced during discovery that one party can attempt to frame a certain way. If that were permitted, litigants would bring hundreds of Rule 11 motions on a rolling basis.

[3] However, *see* section V, *infra*, for a preliminary discussion as to relevance. Nevertheless, at the motion-to-dismiss stage, it is well within this Court's ability to determine which arguments are relevant, and to ignore any arguments it deems irrelevant. In any event, Bonnell did not argue that the footnote is not relevant in his Reply (DE149).

7

> should not be employed as a discovery device or to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes. Nor should Rule 11 motions be prepared to emphasize the merits of a party's position, to exact an unjust settlement, *to intimidate an adversary into withdrawing contentions that are fairly debatable*, to increase the costs of litigation, to create a conflict of interest between attorney and client, or to seek disclosure of matters otherwise protected by the attorney-client privilege or the work-product doctrine.

Fed. R. Civ. P. 11, Advisory Committee Notes, 1993 Amendments (emphasis added).

### III. Irrespective of the Veracity of Bonnell's Factual Contentions, Rule 11 Is Not the Proper Vehicle for Resolving a Disputed Footnote Remark.

Plaintiff was unable to find a single case in this Circuit where Rule 11 sanctions were awarded for a factual contention contained in a footnote, let alone for the alleged failure to voluntarily strike a footnote remark that is factually disputed. Even if the note could be deemed a type of "violation" (it demonstrably cannot), it would not be subject to Rule 11 sanctions. *Compare, e.g., Zinman v. Nova Se. Univ., Inc.*, No. 21-CV-60723, 2021 WL 4025722, at *22 (S.D. Fla. Aug. 30, 2021), *report and recommendation adopted sub nom. Zinman v. Nova Se. Univ.,* No. 21-CIV-60723-RAR, 2021 WL 4226028 (S.D. Fla. Sept. 15, 2021), *aff'd sub nom. Zinman v. Nova Se. Univ., Inc.*, No. 21-13476, 2023 WL 2669904 (11th Cir. Mar. 29, 2023) (holding that the rule 11 motion "concern[s] largely trivial statements that should have been addressed in briefing (if at all) and not through a Rule 11 motion," that "Rule 11 motions should not be made or threatened for minor, inconsequential violations," and that the "Motion for Sanctions in this case appears to represent nothing more than an improper strong-arm tactic."); *Weissman v. Williams*, No. 1:15-CV-40(WLS), 2018 WL 9439691, at *8 (M.D. Ga. Jan. 29, 2018) ("Rule 11 motion should not be made or threatened for minor, inconsequential violations."); *Smith v. Psychiatric Sols., Inc.,* 750 F.3d 1253, 1261 (11th Cir. 2014) (affirming denial of Rule 11 motion addressing a "minor, inconsequential violations" brought "at least in part as an improper combative tool").

8

After declining to address the footnote in his Reply, Bonnell now seeks to expand the briefing by presenting 6 pages of arguments about a single footnote, which unquestionably improperly increases the cost of litigation in violation of Rule 11(b)(1).

**IV.   Bonnell's Rule 11 Motion Is Premature and/or Constitutes an Inadequate Vehicle for Challenging the Merits of Plaintiff's Claims.**

"As the Eleventh Circuit has found, Rule 11 sanctions are ordinarily not determined until the *end* of a case:

> Although the timing of sanctions rests in the discretion of the trial judge, it is anticipated that in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation, and in the case of motions at the time when the motion is decided or shortly thereafter.

*Boigris,* 2020 WL 1692009, at *3 (citing *Donaldson v. Clark*, 819 F.2d 1551, 1555 (11th Cir. 1987)).

"The Eleventh Circuit's position is consistent with the Rules Advisory Committee that 'anticipated that in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation....'" *Id.* (citing Fed. R. Civ. P. 11 (Advisory Committee Notes, 1983 Amendment)). "Applying that test is not feasible at this stage of the litigation, as it is not possible to determine on this record if the allegations" in the complaint "are objectively frivolous in view of the law and facts, whether Plaintiff and its counsel should have been aware that the allegations were frivolous after making a reasonable inquiry, and whether [Plaintiff's complaint] is baseless." *Id.* (citing *KB Home v. Smith*, 2014 WL 12621583, at *2 (M.D. Fla. May 7, 2014)).

As argued, *supra*, because Bonnell is invoking Rule 11 to "emphasize the merit's of [his] position," *Riccard,* 307 F.3d at 1294 (citing Advisory Committee Notes, 1993 Amendments), the Motion is at least premature, in addition to being factually and legally unsupportable.

9

V.     **The Relevance of Bonnell's Misconduct**

Plaintiff also briefly addresses the question of relevance of similar instances of Bonnell's misconduct to this case, though, again, this question would be more appropriate addressed through other vehicles after the close of discovery. First, there is no dispute that Bonnell's conduct surrounding Rose is squarely alleged in the Complaint and thus highly relevant to Plaintiff's allegations. DE120, at ¶¶ 12-13, 15, 26, 31, 39. To the extent Bonnell disputes the relevance of Bonnell's conduct towards another victim who is not a plaintiff, such evidence is equally relevant so long as Plaintiff does not utilize evidence of similar wrongful acts to prove his character or propensity to act in conformity therewith, and Bonnell has not asserted that Plaintiff did attempt to make such a showing. More specifically,

> Rule 404(b)(1) provides that while evidence of crimes, wrongs, or other acts is not admissible to prove the character of a person in order to show action in conformity therewith, it may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident….

§ 404:5 Rule 404(b)(2): *crimes, wrongs or other acts*, 3 Handbook of Fed. Evid. § 404:5 (9th ed.) (citing Fed. R. Evid. 404(b)(2)).

"This list is not intended to be exhaustive for the range of relevancy outside the ban is almost infinite." *Id*. (footnote, citations, and internal quotation marks omitted). "Nor are the stated categories mutually exclusive" and include, for example, a showing of "consciousness of guilt,"

10

and "to corroborate crucial testimony….." *Id*. In this context, "a showing of clear and convincing evidence is *not* necessary." *Id*. (emphasis in original).[4]

Additionally, under the statute Plaintiff invokes in the case at bar, prior instances of sexual cyberharassment are plainly relevant. *See*, § 784.049(3)(b), Fla. Stat. Ann. ("A person who has one prior conviction for sexual cyberharassment and who commits a second or subsequent sexual cyberharassment commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.").

While Bonnell never disputed any of the foregoing in his conclusory Rule 11 Motion, if he ever chooses to do so, e.g., in a motion for limine, it is equally well-settled that a curative instruction ordinarily resolves any concerns of prejudice. § 404:5 Rule 404(b)(2): *crimes, wrongs or other acts*, 3 Handbook of Fed. Evid. § 404:5 (9th ed.) (citing Rules 105, 103(e)). The fact that Bonnell's Rule 11 Motion fails to address these issues further highlights the improper purpose of the Motion.

## VI.   **Plaintiff Cross-Moves for Rule 11 Sanctions.**

By separate Motion, Plaintiff will seek Rule 11 sanctions for forcing her to respond to Defendant's frivolous Rule 11 Motion filed for an improper purpose. Rule 11 authorizes a court to sanction a party who submits a pleading for an improper purpose. Fed.R.Civ.P. 11(b)(1). As such, "the filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to

---

[4] *Cf., State v. Carson*, 460 P.3d 54, 62 (N.M. Ct. App. 2019) (evidence of prior acts served to show defendant's "pattern of recruiting and subjecting victims to commercial sexual activity" and was admissible because "[i]ntent can rarely be proved directly and often is proved by circumstantial evidence."); *United States v. Rodriguez–Berrios*, 573 F.3d 55, 65 (1st Cir.2009) (other acts evidence relevant to show defendant's motive, given his claim of innocence); and *see*, § 404:5 Rule 404(b)(2): *crimes, wrongs or other acts*, 3 Handbook of Fed. Evid. § 404:5, at n.8 (9th ed.) (noting that a history of sex crimes involving children "provide[s] a particularly clear example" of admissible prior acts) (citing Fed.R.Evid. 414, 413 and 415).

sanctions." Fed.R.Civ.P. 11 advisory committee's note (1993 Amendments). While the Eleventh Circuit held that, "[o]rdinarily, this does not require a cross-motion for sanctions, since a court is authorized to award fees to a party that successfully opposes a Rule 11 sanctions motion," *Smith v. Psychiatric Sols., Inc.,* 750 F.3d 1253, 1260 (11th Cir. 2014), and that, "[t]hus, when a party files a Rule 11 motion for an improper purpose, the court may award fees to the target of the motion," *id.*,[5] other courts have required the filing of a separate motion and compliance with Rule 11's safe-harbor requirement. *See, In re BankAtlantic Bancorp, Inc. Sec. Litig.*, 851 F. Supp. 2d 1299, 1323 (S.D. Fla. 2011), *aff'd sub nom. Hubbard v. BankAtlantic Bancorp, Inc.*, 503 Fed. Appx. 677 (11th Cir. 2012). Plaintiff thus makes this request for Sanctions by separate Motion in full compliance with Rule 11's safe-harbor rule.

In sum, if "a party files a Rule 11 motion for an improper purpose, the court may award fees to the target of the motion." *Plantation Open MRI, LLC v. Infinity Auto Ins. Co.*, 818 F. App'x 891, 893 (11th Cir. 2020). As demonstrated in sections I-V, *supra*, Bonnell's representations to this Court are not only misleading, but he brings his Rule 11 Motion for a patently improper purpose: to harass and intimidate Plaintiff, obtain a premature adjudication on the merits of harsh allegations against him; and belatedly brief issues he failed to address in his Reply to Plaintiff's Response to the Motion to Dismiss.

---

[5] *See also, e.g., Zinman v. Nova Se. Univ., Inc.,* No. 21-CV-60723, 2021 WL 4025722, at *20 (S.D. Fla. Aug. 30, 2021), *report and recommendation adopted sub nom. Zinman v. Nova Se. Univ.,* No. 21-CIV-60723-RAR, 2021 WL 4226028 (S.D. Fla. Sept. 15, 2021), *aff'd sub nom. Zinman v. Nova Se. Univ., Inc.*, No. 21-13476, 2023 WL 2669904 (11th Cir. Mar. 29, 2023) ("No cross-motion for sanctions is required for a court to render such an award" for the filing of a frivolous Rule 11 motion); *Claudet v. First Fed. Credit Control, Inc.,* No. 614CV2068ORL41DAB, 2015 WL 7984410, at *3 (M.D. Fla. Nov. 17, 2015) (same).

## CONCLUSION

Wherefore, Defendant's Rule 11 Motion should be denied and the Court should impose Rule 11 sanctions against Bonnell and his counsel of record for bringing a frivolous Rule 11 Motion for an improper purpose.

Date: December 4, 2025

**JSP LAW, LLC**
Joan Schlump Peters
(admitted *pro hac vice*)
838 Neapolitan Way, #91
Naples, Florida 34103
Tel.: 305-299-4759
Email: petersjoan@bellsouth.net

Respectfully Submitted,

**SANCHEZ-MEDINA, GONZALEZ, QUESADA, LAGE, GOMEZ & MACHADO, LLP**
CARLOS A. GARCIA PEREZ
Florida Bar No. 106895
GUSTAVO D. LAGE, ESQ.
Florida Bar No. 972551
201 Alhambra Circle, Suite 1205
Coral Gables, Florida, 33134
Tel.: (305) 377-1000
Primary E-Mail Addresses:
cgarciaperez@smgqlaw.com;
glage@smgqlaw.com

By:  *s/ Carlos A. Garcia Perez*
       CARLOS A. GARCIA PEREZ

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on December 4, 2025 a true and correct copy of the foregoing was served on all parties via the CM/ECF filing portal to all counsel of record.

                              By:  *s/Carlos A. Garcia Perez*
                                       CARLOS A. GARCIA PEREZ
                                       Attorney for Plaintiff JANE DOE