UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

**JANE DOE**,

        Plaintiff,

v.

CASE NO: 1:25-cv-20757-JB/Torres

**STEVEN K. BONNELL II**,

        Defendant.

_____/

**[PROPOSED] ORDER
GRANTING PLAINTIFF JANE DOE'S MOTION FOR SANCTIONS**

This matter is before the Court on Plaintiffs' motion for sanctions filed under Fed. R. Civ. P. 11 [D.E. __]. Defendant responded in opposition and Plaintiff replied. Therefore, Plaintiff's motion is now ripe for disposition. After careful consideration of the motion, response, and relevant authority, and for the reasons discussed below, Plaintiff's motion is **GRANTED.**

**I.    LEGAL STANDARD**

"Rule 11 is intended to deter claims with *no* factual or legal basis at all; creative claims, coupled even with ambiguous or inconsequential facts, may merit dismissal, but not punishment." *Davis v. Carl*, 9106 F.2d 533, 538 (11th Cir. 1990) (emphasis in original). Rule 11 sanctions are proper "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996) (quoting *Jones v. International Riding Helmets, Ltd.*, 49 F.3d 692, 694 (11th Cir. 1995)). Federal Rules of Civil Procedure 11(b)(1) and 11(b)(3) state:

1

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation ... (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery....Fed. R. Civ. Pro. 11(b)(1), 11(b)(3).

Additionally, Federal Rule of Civil Procedure 11(c)(1) states the following:

> If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.

Fed. R. Civ. Pro. 11(c)(1).

> In this circuit, a court confronted with a motion for Rule 11 sanctions first determines whether the party's claims are objectively frivolous—in view of the facts or law—and then, if they are, whether the person who signed the pleadings should have been aware that they were frivolous; that is, whether he would've been aware had he made a reasonable inquiry. If the attorney failed to make a reasonable inquiry, then the court must impose sanctions despite the attorney's good faith belief that the claims were sound. The reasonableness of the inquiry 'may depend on such factors as how much time for investigation was available to the signer; whether he had to rely on a client for information as to the facts underlying the [violative document]; ... or whether he depended on forwarding counsel or another member of the bar.

*Worldwide Primates, Inc.*, 87 F.3d at 695 (quoting *Mike Ousley Productions, Inc. v. WJBF-TV*, 952 F.2d 380, 382 (11th Cir. 1992)).

"[T]he filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions." Fed.R.Civ.P. 11 advisory committee's note (1993 Amendments).

## II. ANALYSIS

### A. Background

Defendant brought a Rule 11 Motion wherein he disputes the veracity of a footnote in Plaintiff's Response to Defendant's Motion to Dismiss, which asserts that "Bonnell was

2

exchanging pornographic content with Rose between March of 2022 and until October 30, 2022, Rose was a minor." (D.E. 139, at 2 n7.) Defendant bases his objection on testimony provided by Rose after the parties' briefing on the Motion to Dismiss was completed. (D.E. __.) Plaintiff moved for Rule 11 sanctions directed at Defendant's Rule 11 Motion, arguing that Defendant's representations are inaccurate and misleading and that the Rule 11 Motion was brought for an improper purpose. (D.E.__.)

### B. Defendant's Rule 11 Motion Was Brought for an Improper Purpose.

The Court finds that Rule 11 is not an appropriate vehicle for resolving the factual dispute raised by Defendant. Defendant's Rule 11 Motion "represents an improper attempt to convert a dispute over the factual allegations and legal arguments in Plaintiff's complaint into a sanctions dispute." *Boigris v. EWC P&T, LLC*, No. 19-21148-CIV, 2020 WL 1692009, at *2 (S.D. Fla. Feb. 10, 2020). "Rule 11 should not be used to raise issues as to the legal sufficiency of a claim or defense that more appropriately can be disposed of by a motion to dismiss, a motion for judgment on the pleadings, a motion for summary judgment, or a trial on the merits." *Bigford v. BESM, Inc.*, 2012 WL 12886184, at *2 (S.D. Fla. Oct. 12, 2012) (citations and internal quotation marks omitted).

> As the Advisory Committee to Rule 11 provides, Rule 11 motions
>
>> should not be employed as a discovery device or to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes. Nor should Rule 11 motions be prepared to emphasize the merits of a party's position, to exact an unjust settlement, to intimidate an adversary into withdrawing contentions that are fairly debatable, to increase the costs of litigation, to create a conflict of interest between attorney and client, or to seek disclosure of matters otherwise protected by the attorney-client privilege or the work-product doctrine.

Fed. R. Civ. P. 11, Advisory Committee Notes, 1993 Amendments.

Moreover, "Rule 11 motions should not be made or threatened for minor, inconsequential violations," and that the "Motion for Sanctions in this case appears to represent nothing more than an improper strong-arm tactic." *Zinman v. Nova Se. Univ., Inc.*, No. 21-CV-60723, 2021 WL 4025722, at *22 (S.D. Fla. Aug. 30, 2021), *report and recommendation adopted sub nom. Zinman v. Nova Se. Univ.,* No. 21-CIV-60723-RAR, 2021 WL 4226028 (S.D. Fla. Sept. 15, 2021), *aff'd sub nom. Zinman v. Nova Se. Univ., Inc.*, No. 21-13476, 2023 WL 2669904 (11th Cir. Mar. 29, 2023); *Smith v. Psychiatric Sols., Inc.,* 750 F.3d 1253, 1261 (11th Cir. 2014) (affirming denial of Rule 11 motion addressing a "minor, inconsequential violations" brought "at least in part as an improper combative tool").

### C. Defendant's Rule 11 Motion Is Premature.

"As the Eleventh Circuit has found, Rule 11 sanctions are ordinarily not determined until the *end* of a case:

> Although the timing of sanctions rests in the discretion of the trial judge, it is anticipated that in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation, and in the case of motions at the time when the motion is decided or shortly thereafter.

*Boigris,* 2020 WL 1692009, at *3 (citing *Donaldson v. Clark*, 819 F.2d 1551, 1555 (11th Cir. 1987)).

"The Eleventh Circuit's position is consistent with the Rules Advisory Committee that 'anticipated that in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation....'" *Id.* (citing Fed. R. Civ. P. 11 (Advisory Committee Notes, 1983 Amendment)). "Applying that test is not feasible at this stage of the litigation, as it is not possible to determine on this record if the allegations" in the complaint "are objectively frivolous in view of the law and facts, whether Plaintiff and its counsel should have been aware that the allegations were frivolous after making a reasonable inquiry, and whether [Plaintiff's

4

complaint] is baseless." *Id*. (citing *KB Home v. Smith*, 2014 WL 12621583, at *2 (M.D. Fla. May 7, 2014)). The Court finds that Defendant's Rule 11 Motion is also premature.

### D. Plaintiff Is Entitled to Rule 11 Sanctions.

Rule 11 authorizes a court to sanction a party who submits a pleading for an improper purpose. Fed.R.Civ.P. 11(b)(1). As such, "the filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions." Fed.R.Civ.P. 11 advisory committee's note (1993 Amendments). If "a party files a Rule 11 motion for an improper purpose, the court may award fees to the target of the motion." *Plantation Open MRI, LLC v. Infinity Auto Ins. Co.*, 818 F. App'x 891, 893 (11th Cir. 2020).

The Court finds that Defendant's attempt to litigate a factual dispute under the guise of Rule 11 was improper, premature, and unnecessarily increased the cost of litigation. Therefore, the Court finds that Plaintiff is entitled to reasonable attorney fees and costs for responding to Defendant's Motion for Sanctions pertaining to Rule 11 sanctions, to be awarded against Defendant, Steven K. Bonell, II, and his counsel of record, Patricia M. Patino, of Bilzin Sumberg Baena Price & Axelrod LLP, and Andrew B. Brettler, of Berk Brettler LLP. Plaintiff may supplement her request and requested amount of attorney fees **no later than fourteen (14) days after entry of this Order.** Defendant may file his response **no later than fourteen (14) days after Plaintiff's supplementation,** and Plaintiff may reply thereto **no later than seven (7) days after Defendant files his response**.

DONE AND ORDERED in Chambers at Miami-Dade County in the Southern District of Florida, this ____ day of ____, 2025.

_____
EDWIN G. TORRES
United States Magistrate Judge