UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

**JANE DOE**,

    Plaintiff,

v.

CASE NO: 1:25-cv-20757-JB/Torres

**STEVEN K. BONNELL II**,

    Defendant.

_____/

**PLAINTIFF'S MOTION TO SEAL CERTAIN DOCUMENTS**

Pursuant to Local Rule 5.4(b)(1) of the Southern District of Florida, Plaintiff Jane Doe ("Plaintiff"), by and through her undersigned counsel, respectfully moves this Court for leave to file under seal the unredacted version of Plaintiff's Response to Defendant's Motion for Sanctions ("Response") [DE185], Plaintiff's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 ("Motion for Sanctions") [DE186], and Declaration of Carlos A. Garcia Perez in support of the aforementioned filings ("Garcia Declaration") [DEs 185-1, 186-1], as well as Exhibits A and B thereto respectively [DEs 185-2, 185-3, 186-2, and 186-3].

**ARGUMENT**

**I.     The Documents Plaintiff Proposes to Be Sealed**

The Response, Motion for Sanctions, and Garcia Declaration in support thereof contains the name of a witness which has been redacted, which witness is referred to by both parties as "Rose" and who will, hereinafter, be referred to as "Rose." Exhibit A constitutes the full transcript of the deposition of Rose designated as "Confidential" pursuant to the Protective Order (DE116), with the express non-objection of Defendant's counsel. DE185-2 (Exhibit A proposed to be filed

1

under seal), at 5:1-4. Exhibit B is a chat communication produced by Rose, marked as "Confidential" pursuant to the Protective Order, wherein Bonnell questions Rose's age but still continues to engage in inappropriate communications with her.

## II. Grounds for Sealing

As to the Response, Motion for Sanctions, and Declaration, an order sealing the unredacted version of these filings would be consistent with this Court's prior Order, given that good cause to seal the witness' identity of similar victims of Bonnell's conduct, DEs 75, 7, 123-25, and Defendant Steven K. Bonnell II ("Defendant" or "Bonnell") does not oppose the redaction of her identity.

Good cause also exists to seal Exhibits A and B in full. At Rose's deposition, Plaintiff designated the transcript and all exhibits used as "Confidential" pursuant to the Protective Order. DE185-2 (Exhibit A proposed to be filed under seal), at 6:14-16. The Protective Order expressly deems as "Confidential" any "document, data, material, or testimony that contains private, sensitive, or identifying information of the Plaintiff or any non-party," including such "[p]rivate information of an intimate or sexual nature that[,] if disclosed to the public[,] could cause harassment, embarrassment, or retaliation." DE116, at 2. Defense counsel expressly stated to Plaintiff's counsel" "You're welcome to designate this transcript as confidential pursuant to the parties' protective order in this case. We have no objection to that." DE185-2 (Exhibit A proposed to be filed under seal), at 5:1-4.

There is no legitimate dispute that the witness was a minor when Defendant started engaging in inappropriate conversations and exchanging explicit materials with what he believed to be this witness herself, under the user name "Rose." As Plaintiff argues in her filings, Bonnell omits the pertinent facts, including that Rose did effectively communicate with Bonnell, even if she did so indirectly. DE185, at 3-6.

Shielding from public disclosure sensitive information involving an alleged victim of sexual misconduct is consistent with public policy and aims at safeguarding "against the invasion of privacy, potential embarrassment and sexual stereotyping….." *United States v. Allmond,* 817 Fed. Appx. 887, 892 (11th Cir. 2020) (citing Fed. R. Evid. 412(c)(2) (providing that sensitive information involving the victim of an alleged sexual offense must remain sealed when its relevance is disputed)).[1] This protection applies with special force when a minor is involved. Sealing sensitive information involving minors is "part of an effort to prevent the re-victimization" of the minor victim involved. *Survivor v. Our Kids of Miami-Dade/Monroe, Inc.*, No. 11-CIV-24611, 2016 WL 950952, at *12 (S.D. Fla. Mar. 7, 2016) (finding party in contempt of seal orders).

Whether the victim has since reached majority is immaterial. *See, United States v. Lewis*, No. CR415-196, 2017 WL 750456, at *5 (S.D. Ga. Feb. 27, 2017) (noting that "clos[ing] the courtroom for a minor's testimony, and tak[ing] any other measure that may be necessary to protect the minor [is crucial] if exposure would be detrimental. This protection applies even when victims are no longer underage.") (citing *Lebowitz v. United States*, 2015 WL 630394, at *14 n.13 (N.D. Ga. 2015) (citing *Luttrell v. McDonald's Corp.,* 2004 WL 2750244, at *6 (S.D. Ind. 2004) ("[T]he protection of [a minor's] privacy will mean little if the cloak protecting that privacy disappears simply upon reaching the age of majority.")).

Rose's testimony predominantly revolves around highly sensitive materials and conversations, the publication of which would be detrimental to her. Even if not every single sentence contained in the transcript is confidential, redacting the transcript would be unfeasible and unduly burdensome under the circumstances. Moreover, even if this Court did not agree, for

---

[1] Fla. R. Jud. Admin. 2.420(c)(7) makes federal law applicable to Florida state courts in this context. *Id*.

the sake of argument, that the entire transcript is sealable, the transcript would nevertheless have to be redacted to seal the names of the witness and of Plaintiff, along with all identifying information, as well as all private, sensitive testimony disclosed by the witness regarding her actions, with an unredacted version to be filed under seal. As such, Plaintiff respectfully submits that sealing the entire transcript would be the safer and more efficient approach.

Finally, the witness *relied* on the fact that both parties agreed to have her testimony deemed confidential at the outset of her deposition. To allow her testimony to be made publicly available after that agreement on the record, would certainly undermine any confidence in the Court's protection for other witnesses who have not yet been deposed. It would also be a gross injustice to Rose to have been misled by counsel for Defendant into testifying freely about matters in which she might have objected or refused to testify due to their highly personal and intimate nature. If the transcript is not sealed, it will unquestionably be read out loud by the Defendant on his streaming platform, causing significant harm to Rose.

### III.   **Proposed Duration of the Sealing**

Pursuant to Local Rule 5.4(b)(1), Plaintiff respectfully proposes that these documents to be sealed remain sealed indefinitely.

### **Local Rule 7.1(a)(3) Certificate**

On December 4, 2025, counsel for Plaintiff conferred with counsel for Defendant about the relief requested by Plaintiff via e-mail. Counsel for Defendant responded on December 4, 2025, that, "[a]part from [the witness'] identifying information, we object to any portion of [her] deposition testimony being filed under seal, for the reasons set for in our prior correspondence," referring to a November 21 , 2025 email wherein Defense counsel asserted that "nothing in her testimony qualifies as 'Confidential Information,' under the terms of the Court's Order," to which

4

Plaintiff's counsel responded that Defendant stated his non-objection to the designation at the deposition, and referred to paragraph 2 of the Protective Order in place in this action.

## CONCLUSION

Wherefore, the Court is respectfully requested to permit Plaintiff to file under seal the unredacted version of her Response to Defendants' Sanctions Motion, her Motion for Sanctions pursuant to Rule 11, the Garcia Declaration in support of thereof, and Exhibits A and B thereto.

Date: December 5, 2025

Respectfully Submitted,

**JSP LAW, LLC**
Joan Schlump Peters
(admitted *pro hac vice*)
838 Neapolitan Way, #91
Naples, Florida 34103
Tel.: 305-299-4759
Email: petersjoan@bellsouth.net

**SANCHEZ-MEDINA, GONZALEZ, QUESADA, LAGE, GOMEZ & MACHADO, LLP**
CARLOS A. GARCIA PEREZ
Florida Bar No. 106895
GUSTAVO D. LAGE, ESQ.
Florida Bar No. 972551
201 Alhambra Circle, Suite 1205
Coral Gables, Florida, 33134
Tel.: (305) 377-1000
Primary E-Mail Addresses:
cgarciaperez@smgqlaw.com;
glage@smgqlaw.com

By:  *s/ Carlos A. Garcia Perez*
     CARLOS A. GARCIA PEREZ

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 5, 2025 a true and correct copy of the foregoing was served on all parties via the CM/ECF filing portal to all counsel of record.

By: *s/ Carlos A. Garcia Perez*
CARLOS A. GARCIA PEREZ
Attorney for Plaintiff JANE DOE