UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

**JANE DOE**,

       Plaintiff,

v.

CASE NO: 1:25-cv-20757-JB/Torres

**STEVEN K. BONNELL II**,

       Defendant.

_____/

**PLAINTIFF JANE DOE'S SUPPLEMENT TO MOTION TO MODIFY THE SCHEDULING ORDER**

Plaintiff, Jane Doe ("Plaintiff"), by and through the undersigned counsel, respectfully submits this Supplement to Plaintiff's Motion to Modify the Scheduling Order (DE 184), to apprise the Court of recent developments that further support Plaintiff's showing of good cause for a modification of the Scheduling Order and which arose after Plaintiff filed her Motion to Modify Scheduling Order.

      **I.**      **The Court's Authority to Consider this Supplement**

It is well within this Court's authority to consider this Supplement to Plaintiff's Motion to Modify Scheduling Order in the interest of justice. *See, generally*, *KEG Kanalreinigungstechnik, GmbH v. Laimer*, No. 1:11-CV-01948-ELR, 2015 WL 11123311, at *12 (N.D. Ga. Mar. 24, 2015) (noting that movants properly supplemented their motion "to apprise the Court of recent, relevant, and potentially dispositive" intervening authority or pertinent facts, which the Court considered as "highly relevant"). Plaintiff could not have raised this issue in her Motion, given that these disputes arose after the Motion was filed. Nor would Defendant be prejudiced by this Supplement. Defendant can easily address his position in his Response to Motion to Modify Scheduling Order.

1

## II.   Defendant's Counsel Previously Confirmed Availability for a December 18 Discovery Hearing

As detailed in Plaintiff's Motion (DE 184) and supporting correspondence, the parties conducted a meet and confer on November 19, 2025, concerning Defendant's deficient document production. During that conference, defense counsel *expressly confirmed availability* for a discovery calendar hearing before Magistrate Judge Torres on *December 11 or December 18*, the last two dates the Court indicated were available for discovery hearings at that time. Plaintiff memorialized this in writing immediately after the call. (Declaration Joan S. Peters, and Exh. A).

The parties agreed that Plaintiff would postpone seeking the Court's intervention pending Defendant's promised supplemental production. Defendant made that production on November 25. However, as Plaintiff advised defense counsel in writing on December 4, the supplemental production did not cure the deficiencies identified in Plaintiff's four deficiency letters served on September 18, October 17, October 24, and November 18. (Peters Decl., and Exh. B).  (Id.).

Consistent with Magistrate Judge Torres's Order Setting Discovery Procedures—which expressly requires the moving party to contact chambers to obtain discovery-calendar availability—on December 3, Plaintiff contacted chambers for hearing slots. The Court advised that December 18 was the *only* remaining discovery-calendar date available in December.

## III. Defense Counsel Now Refuses to Honor His Previously Confirmed Availability

On December 4, when Plaintiff sought confirmation of which available slot on December 18 defense counsel preferred (id.), defense counsel, Mr. Brettler, abruptly asserted that he was no longer available on December 18. (Id.). When Plaintiff's counsel inquired whether any of the other three defense counsel of record were available, Mr. Brettler responded that they were all otherwise

2

engaged, and further accused Plaintiff's counsel of engaging in improper "*ex-parte*" communications with chambers—despite the fact that Judge Torres's Discovery Procedure Order *requires* the moving party to contact chambers to obtain available hearing times. (Id.).

All four defense counsel's sudden unavailability for December 18—the last possible date for a discovery hearing under the current Scheduling Order—effectively prevents Plaintiff from obtaining judicial resolution of Defendant's discovery deficiencies, despite Plaintiff's diligence and despite Defendant's failure to cure deficiencies in three successive productions.

This conduct further evidences a pattern of obstruction and supports Plaintiff's showing of good cause for the requested extension of the discovery deadline.

**IV. Defense Counsel's Conduct Reinforces the Need for the Requested Extension**

As described in Plaintiff's Motion (DE 184), discovery has been significantly delayed due to:

- the timing of the issuance of the Protective Order,
- Defendant's repeated failure to provide complete and compliant productions,
- the need for motion practice regarding Plaintiff's and Defendant's deposition, and
- recent evidence of possible spoliation requiring further investigation.

Defense counsels' refusal to honor their availability for the December 18 hearing further impedes Plaintiff's ability to obtain timely relief from the Court and underscores that the Scheduling Order "cannot be met despite the diligence of the party seeking the extension." *See* DE 184 at 5–8 (citing authorities).

It is respectfully submitted that, absent modification of the Scheduling Order, Plaintiff will be deprived of the ability to obtain necessary Court intervention on outstanding discovery disputes solely because the four defense counsel of record refuse to attend the only available discovery-calendar hearing date under the current schedule, and/or will be deprived of a meaningful

opportunity to conduct discovery. *See, generally, Hickman v. Taylor*, 329 U.S. 495, 501 (1947) (noting that parties should be given the opportunity "to obtain the fullest possible knowledge of the issues and facts before trial" by conducting pre-trial discovery); *Paul Rock Produced, LLC v. Evergreen Media Holdings, LLC*, No. CV214499FTMPAMMRM, 2018 WL 1858198, at *1 (M.D. Fla. Feb. 22, 2018) ("Litigation is the search for the truth and discovery exists to uncover that truth.")

For the reasons stated above, the Court is respectfully requested to take into consideration the new facts disclosed herein when ruling on Plaintiff's Motion to Modify Scheduling Order.

### Local Rule 7.1(a)(3) Certificate

On December 4, 5 and 7, 2025, counsel for Plaintiff conferred with counsel for Defendant about the dispute discussed herein via e-mail. *See* Exh. B. Defense counsel indicated that Defendant disagrees with Plaintiff's position.

Date: December 8, 2025

Respectfully Submitted,

**JSP LAW, LLC**
Joan Schlump Peters
(admitted *pro hac vice*)
838 Neapolitan Way, #91
Naples, Florida 34103
Tel.: 305-299-4759
Email: petersjoan@bellsouth.net

**SANCHEZ-MEDINA, GONZALEZ, QUESADA, LAGE, GOMEZ & MACHADO, LLP**
CARLOS A. GARCIA PEREZ
Florida Bar No. 106895
GUSTAVO D. LAGE, ESQ.
Florida Bar No. 972551
201 Alhambra Circle, Suite 1205
Coral Gables, Florida, 33134
Tel.: (305) 377-1000
Primary E-Mail Addresses:
cgarciaperez@smgqlaw.com;
glage@smgqlaw.com

By: *s/ Carlos A. Garcia Perez*
       CARLOS A. GARCIA PEREZ

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 8, 2025 a true and correct copy of the foregoing was served on all parties via the CM/ECF filing portal to all counsel of record.

By: *s/ Carlos A. Garcia Perez*
CARLOS A. GARCIA PEREZ
Attorney for Plaintiff JANE DOE
