UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(MIAMI DIVISION)

**JANE DOE,**

Plaintiff,

v.

**STEVEN K. BONNELL II,**

Defendant.
_____/

CASE NO: 1:25-cv-20757-JB/Torres

## DECLARATION OF JOAN S. PETERS

I, Joan S. Peters, declare as follows:

1. I am an attorney admitted to practice *pro hac vice* in the above captioned action. I have personal knowledge of the matters contained herein and if called upon to testify could offer competent testimony thereto.

2. I am submitting this declaration in support of Plaintiff's Supplement to Motion to Modify the Scheduling Order.

3. On November 19, 2025, I held a meet and confer conference via telephone with Andrew Brettler and other counsel of record. Among other matters, we discussed Plaintiff's objections to Defendant's document production as detailed in four deficiency letters dated September 18, October 17, October 24, and November 18. I informed Mr. Brettler that we were going to seek relief from the Court's at a discovery hearing before Magistrate Torres, and asked him for his availability on subsequent Thursdays. Mr. Brettler confirmed his availability on Thursday December 11 or 18 for the hearing.

4. Mr. Brettler then proposed that we hold off on moving forward with scheduling the hearing because Defendant had additional documents to produce that might resolve Plaintiff's objections. We agreed that Defendant would make an additional production no later than November 26 and then Plaintiff would determine if a hearing was still necessary.

5. On November 20, I sent an email to Defendant's counsel with a recap of our conversation, as follows in relevant portion: "During our November 19th meet and confer we discussed issues with Defendant's document production and Plaintiff's potential motion to compel. You agreed to review the stated deficiencies and provide additional responsive documents on November 24th or no later than November 26th. We will review the additional documents and determine if there is still need for the courts intervention. We also confirmed your availability for a hearing on the matter on Magistrate Torres' discovery calendar on either December 11 or 18." **Exhibit A** attached hereto is a true and correct copy of my email (identifying information of non-party witnesses that is not pertinent to the issue at hand have been redacted). Defendant's counsel did not reply to the email.

6. On November 25, Defendant made an additional document production. The additional production did not resolve Plaintiff's objections or cure the deficiencies.

7. On December 3, 2025, I called Magistrate Torres' chambers and asked for the next available date on the discovery hearing calendar to address this matter. The clerk informed me that the only available date was December 18, and provided available time slots on that date. On December 4, I emailed Defendant's counsel and informed them that we were moving forward with requesting the Court's intervention. I requested that they provide their availability for the different time slots on December 18th. Mr. Brettler responded that "We are no longer available on December

18 for a hearing." **Exhibit B** attached hereto is a true and correct copy of my December 4th email, and the subsequent exchanges on December 4, 5 and 7.

       8.      On December 5, I responded as follows: "The discovery deadline is Dec 16th, and this is the last date the Court will provide unless and until the Court grants Plaintiff's motion to modify the scheduling order. Until the court decides otherwise, we must all comply with the current deadline. In our meet and confer on Nov 19th you stated your availability for a hearing on Dec. 18th. At that time we agreed to *temporarily* hold off on seeking the Court's intervention because you agreed to provide additional documents that might possibly resolve Plaintiff's objections. But it was understood that if your additional production did not resolve the objections we would move forward on Dec. 18th, which was the date you had provided as available. It certainly smacks as bad faith that you then scheduled a deposition on that same date. Moreover, although you now have a conflict on the 18th, you failed to explain why your co-counsel, Jake, Joel, and/or Patricia, cannot attend the hearing. Please advise the availability of co-counsel for the hearing on the 18th." (Id.).

       9.      After following up again, Mr. Brettler responded that evening that all three of his co-counsel were also unavailable on December 18. He then accused me of having *ex parte* communications chambers: "You also should stop have [sic] *ex parte* communications with chambers. It is not appropriate and will be brought to the Court's attention if it continues." Id.

      10.     On December 7, I replied as follows: "Your accusation that I engaged in inappropriate "ex parte communications" with chambers is unfounded, inappropriate, and reflects a misunderstanding of the Court's standing orders. Magistrate Judge Torres's standing discovery procedures affirmatively **require** the moving party to contact chambers to schedule a discovery-calendar hearing. I suggest you familiarize yourself with the Magistrate's standing orders before

making any other frivolous accusations. As for timeliness, your assertion that any motion (or hearing request) would be "untimely" is incorrect. Judge Torres's Order requires only that discovery disputes be raised within the Local Rule 26.1(g)(2) window and be resolved *before the discovery cutoff*. We served our objections and deficiency letters well within the permitted period, and the disputes remain ongoing due to Defendant's continuing failure to correct the deficiencies. Nothing in the Court's Order or the Local Rules bars us from setting a discovery calendar hearing at this stage — on the contrary, the Order requires us to do so for unresolved disputes, and indeed, the Court offered the December 18th date for this purpose. Your repeated claim that Plaintiff or her witnesses have caused delay is inconsistent with the actual discovery record. Defendant refused to appear for his own confirmed deposition on November 6, served deficient productions, refused to provide required metadata, hash values, attachments, Discord data, and other plainly responsive documents, and has delayed scheduling. These issues have been documented extensively in our deficiency letters and in our submissions to the Court. Even more concerning, during our November 19 meet-and-confer, you expressly confirmed your availability for a discovery hearing on December 11 or December 18. You did so knowing that: 1) The current discovery cutoff is December 16; and 2) December 18 is the last discovery calendar the Court has available under the existing schedule. In other words, when you confirmed your availability for December 18, you did so with full awareness that missing that date would prevent Plaintiff from obtaining timely Court intervention on ongoing discovery deficiencies before the current discovery deadline expires. That is precisely why we reserved the date. As noted in my prior recap email, we agreed to postpone seeking Court intervention pending your supplemental production. We received that supplemental production on November 25, and it failed to cure the deficiencies -- as you knew it would. Given this context, your sudden, last-minute withdrawal of availability for December 18—after

confirming it—serves only to obstruct discovery and prevent Plaintiff from obtaining relief the Rules entitle her to pursue. Defendant's ongoing refusal to provide complete and compliant productions, followed by this abrupt unavailability on the sole remaining feasible hearing date, reflects a pattern of the same discovery tactics we have repeatedly had to address. We will be bringing this to the Court's attention and seeking the appropriate relief." (Id.).

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that, to the best of my knowledge and understanding, the foregoing is true and correct.

Executed in Naples, Florida, this 8th day of November, 2025.

*s/ Joan Schlump Peters*

Joan Schlump Peters
