# EXHIBIT B

| | |
|---|---|
| **From:** | Andrew Brettler |
| **To:** | petersjoan |
| **Cc:** | Gustavo D. Lage; Carlos Garcia Perez; Angie Velando; Jake Camara; Joel Sichel; Patricia M. Patino; Rasika Reichardt; Maria Favela; Regina Peter |
| **Subject:** | Re: Hearing for Motion to Compel |
| **Date:** | Sunday, December 7, 2025 7:23:36 PM |
| **Attachments:** | Mag. Torres" DISCOVERY PROCEDURE - Global Mar2022 TORRES" discovery calendar order.pdf |

SECURITY NOTE: *This email has originated from OUTSIDE of SMGQ Law. Please exercise caution with attachments and links *

I never confirmed my availability for 12/18. We are not available then, and it is after the discovery deadline in any event. Your accusation that Bonnell failed to appear for his deposition is absurd given that the Court stayed his deposition on Nov. 5 in response to our motion for a protective order after your client blew off her properly noticed deposition. Once again, your client has no one to blame but herself, her lawyers, and the witnesses—who you represent—who also have been actively avoiding discovery in this case. Your own paralegal acknowledged Plaintiff's fault in writing.

Joan, your Sunday night protestations are tiresome. We reserve all of our client's rights and remedies.

Sincerely,

**Andrew B. Brettler** | BERK BRETTLER LLP
9119 W. Sunset Blvd. | West Hollywood, CA 90069
O: +1.310.278.2111 | M: +1.917.620.2726

On Dec 7, 2025, at 6:55 PM, petersjoan <petersjoan@bellsouth.net> wrote:

Andrew:
Your accusation that I engaged in inappropriate "ex parte communications" with chambers is unfounded, inappropriate, and reflects a misunderstanding of the Court's standing orders. Magistrate Judge Torres's standing discovery procedures affirmatively **require** the moving party to contact chambers to schedule a discovery-calendar hearing. I suggest you familiarize yourself with the Magistrate's standing orders before making any other frivolous accusations.

As for timeliness, your assertion that any motion (or hearing request) would be "untimely" is incorrect. Judge Torres's Order requires only that discovery disputes be raised within the Local Rule 26.1(g)(2) window and be resolved *before the discovery cutoff*. We served our objections and deficiency letters well within the permitted period, and the disputes remain ongoing due to Defendant's continuing failure to correct the deficiencies. Nothing in the Court's Order or the Local Rules bars us from setting a discovery calendar hearing at this stage — on the contrary, the Order requires us to do so for unresolved disputes, and indeed, the Court offered the December 18th date for this purpose.

Your repeated claim that Plaintiff or her witnesses have caused delay is inconsistent with the actual discovery record. Defendant refused to appear for his own confirmed deposition on November 6, served deficient productions, refused to provide required metadata, hash values, attachments, Discord data, and other plainly responsive documents, and has delayed scheduling. These issues have been documented extensively in our deficiency letters and in our submissions to the Court.

Exhibit B

Even more concerning, during our November 19 meet-and-confer, you expressly confirmed your availability for a discovery hearing on December 11 or December 18. You did so knowing that:

1. The current discovery cutoff is December 16;
2. December 18 is the last discovery calendar the Court has available under the existing schedule.

In other words, when you confirmed your availability for December 18, you did so with full awareness that missing that date would prevent Plaintiff from obtaining timely Court intervention on ongoing discovery deficiencies before the current discovery deadline expires. That is precisely why we reserved the date. As noted in my prior recap email, we agreed to postpone seeking Court intervention pending your supplemental production. We received that supplemental production on November 25, and it failed to cure the deficiencies -- as you knew it would.

Given this context, your sudden, last-minute withdrawal of availability for December 18—after confirming it—serves only to obstruct discovery and prevent Plaintiff from obtaining relief the Rules entitle her to pursue. Defendant's ongoing refusal to provide complete and compliant productions, followed by this abrupt unavailability on the sole remaining feasible hearing date, reflects a pattern of the same discovery tactics we have repeatedly had to address. We will be bringing this to the Court's attention and seeking the appropriate relief.

Regards,
Joan

On Friday, December 5, 2025 at 09:09:47 PM EST, Andrew Brettler <abrettler@berkbrettler.com> wrote:


Dear Joan:

We are not available on Dec. 18. I will be in deposition in another matter (opposing counsel unilaterally noticed the deposition last week), and have an arbitration hearing earlier that morning (set by the arbitrator last week) in yet another matter with my colleagues at Berk Brettler LLP. Our law firm is lead counsel in this case. Regardless of whether our local counsel is available that day, we are not. But, Ms. Patino also confirmed today that she already has a hearing scheduled that morning in another matter and is not available either.

In any event, your motion is untimely. Discovery closes on Dec. 16, as you correctly noted in your last email. Plaintiff has no one but herself, her obstructionist witnesses, and her attorneys to blame for any delay in the prosecution of her case, or her failure to diligently and timely conduct discovery.

You also should stop have *ex parte* communications with chambers. It is not appropriate and will be brought to the Court's attention if it continues.

All rights reserved.

**Andrew B. Brettler** | BERK BRETTLER LLP
9119 W. Sunset Blvd. | West Hollywood, CA 90069
O: +1.310.278.2111 | M: +1.917.620.2726


> On Dec 5, 2025, at 7:20 AM, petersjoan <petersjoan@bellsouth.net> wrote:
>
> Andrew,
> The discovery deadline is Dec 16th, and this is the last date the Court will provide unless and until the Court grants Plaintiff's motion to modify the scheduling order. Until the court decides otherwise, we must all comply

with the current deadline. In our meet and confer on Nov 19th you stated your availability for a hearing on Dec. 18th. At that time we agreed to *temporarily* hold off on seeking the Court's intervention because you agreed to provide additional documents that might possibly resolve Plaintiff's objections. But it was understood that if your additional production did not resolve the objections we would move forward on Dec. 18th, which was the date you had provided as available. It certainly smacks as bad faith that you then scheduled a deposition on that same date. Moreover, although you now have a conflict on the 18th, you failed to explain why your co-counsel, Jake, Joel, and/or Patricia, cannot attend the hearing. Please advise the availability of co-counsel for the hearing on the 18th.
Regards,
Joan


On Thursday, December 4, 2025 at 04:01:56 PM EST, Andrew Brettler <abrettler@berkbrettler.com> wrote:


We are no longer available on December 18 for a hearing. We now have depositions scheduled in another case pending in the C.D. Cal. that day.

**Andrew B. Brettler** | BERK BRETTLER LLP
9119 W. Sunset Blvd. | West Hollywood, CA 90069
O: +1.310.278.2111 | M: +1.917.620.2726

> On Dec 4, 2025, at 12:59 PM, petersjoan <petersjoan@bellsouth.net> wrote:
>
> Counsel:
>
> On September 18, October 17, October 24, and November 18 we advised you of our objections to, and deficiencies in, Defendant's responses to RFP Set One. On November 19 we held a meet and confer regarding the objections/deficiencies. We agreed to put a hold on moving forward with seeking the intervention of the Court pending your submission of additional responsive documents. We received your additional production on November 25. Your additional production failed to resolve our objections or the deficiencies. We intend to move forward seeking the Court's intervention. The Court has availability on December 18th at 10:30 or 11:30 am. Please advise as to your availability.
>
> Thank you,
> Joan