UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:25-cv-20757-JB/Torres

JANE DOE,

    Plaintiff,

v.

STEVEN K. BONNELL II,

    Defendant.

_____/

**DEFENDANT STEVEN K. BONNELL'S REPLY TO PLAINTIFF JANE DOE'S
OPPOSITION TO MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11**

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
PATRICIA M. PATINO
Florida Bar No.: 1007702
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580
Email: ppatino@bilzin.com

-and-

**BERK BRETTLER LLP**
ANDREW B. BRETTLER
California Bar No.: 262928
JAKE A. CAMARA
California Bar No.: 305780
JOEL SICHEL
California Bar No.: 361148
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel: (310) 278-2111
Email: abrettler@berkbrettler.com;
jcamara@berkbrettler.com;
jsichel@berkbrettler.com
(admitted *pro hac vice*)

I. **INTRODUCTION**

Despite Plaintiff's attempt to obfuscate the record, Bonnell's Motion for Rule 11 sanctions is straightforward and warranted as a matter of law. In a pleading filed publicly on October 3, 2025, Plaintiff falsely accused Bonnell of transmitting sexually explicit material to a minor. Since at least October 23, Plaintiff and her attorneys have known that the allegation was categorically false. Despite having ample opportunity to withdraw the false allegation and file a corrected pleading, Plaintiff refuses to do so. Indeed, in her Opposition, Plaintiff bends over backwards trying to justify her refusal, only further highlighting her true motivation—i.e., using a public forum to falsely cast Bonnell as a sexual predator. Simultaneously, Plaintiff has the audacity to argue that sanctions for her conduct would be inappropriate because the false allegation she made about Bonnell constitutes nothing more than a "minor, inconsequential violation." (Opp'n [ECF No. 185] at 8.)

Plaintiff's outrageous accusation against Bonnell is knowingly and demonstrably false, is not referenced anywhere in Plaintiff's operative complaint, and is contradicted by the evidence in the record, namely the deposition testimony of ▮▮▮▮▮ a/k/a "Rose." Critically, Plaintiff's gratuitous and false allegation has no bearing on whether she can establish subject matter jurisdiction (i.e., the subject of a pending motion to dismiss); nor is it relevant to any of Plaintiff's causes of action. Its only function is to inject an inflammatory and baseless insinuation of criminal conduct into the case in an effort to prejudice the Court and/or the jury.[1] Rule 11 does not permit a party to manufacture a false accusation of this gravity and preserve it for strategic effect.

Equally troubling, after refusing to withdraw the allegation and file a corrected pleading during the safe harbor period, Plaintiff instead filed a retaliatory Rule 11 motion against Bonnell

---

[1] Bonnell contends that the case should be dismissed prior to a jury trial because the Court lacks subject matter jurisdiction. *See* Mot. To Dismiss, dated Sept. 19, 2025 [ECF No. 132].

and the undersigned counsel. (Pl.'s Mot. for Sanctions [ECF No. 186].) Such conduct falls squarely within the category of abuses Rule 11 is designed to prevent. Plaintiff did not merely refuse to retract her false and wholly irrelevant allegation—she doubled down. Now, Plaintiff improperly seeks sanctions against Bonnell for merely demanding that Plaintiff withdraw and/or correct her false pleading.[2] Plaintiff knowingly advanced and then maintained a false and irrelevant allegation implying that Bonnell engaged in criminal wrongdoing, refused to withdraw the allegation despite knowing of its falsity, and then seeks to punish Bonnell and his lawyers for seeking to enforce the law. Sanctions are warranted.

## II.     ARGUMENT

Rule 11 imposes a continuing duty to ensure the accuracy of representations made to the court and to correct them once found false. *See Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997) (holding Rule 11 requires litigants "to make reasonable inquiries into the veracity of information filed before the court and to advise the court of any changes"); *Turner v. Sungard Bus. Sys., Inc.*, 91 F.3d 1418, 1422 (11th Cir. 1996) (noting the "continuing nature" of Rule 11, which includes a duty to withdraw or correct positions "after learning that they cease to have any merit"); *see also Battles v. City of Ft. Myers*, 127 F.3d 1298, 1300 (11th Cir. 1997) (Rule 11 "emphasizes an attorney's continuing obligation to make inquiries, and thus the rule allows sanctions when an attorney continues 'insisting upon a position after it is no longer tenable.'"); *Mittenthal v. Fla. Panthers Hockey Club, Ltd.*, 472 F. Supp. 3d 1211, 1221 (S.D. Fla. 2020) ("[Rule 11] obligation[s] continue[] throughout the pendency of the litigation. Indeed, 'if evidentiary support is not obtained after a reasonable opportunity for further investigation or discovery, the party has a duty under the rule not to persist with that contention.'").

---

[2] Bonnell will respond to Plaintiff's retaliatory Rule 11 motion in a separate pleading due on or before December 18, 2025.

### A. Plaintiff's Allegation Is Knowingly False and Irrelevant to Her Claims.

In a tortured attempt to justify her refusal to retract the knowingly false allegation that Bonnell exchanged sexually explicit material with a minor, Plaintiff seeks to recast it as a "highly disputed factual issue" that is "highly relevant to Plaintiff's allegations." (Opp'n at 4, 10.) Whether Bonnell transmitted the Video to a minor is *neither* disputed, *nor* relevant to *any* of Plaintiff's claims.

First, there is no dispute that Bonnell *never* transmitted the Video to Ms. ▮▮▮. Indeed, Ms. ▮▮▮ testified that (i) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Brettler Decl., dated Dec. 1, 2025, Ex. A [ECF No. 183-2] at 64:17-23; 56:3-10; 67:21-24; 67:25-68:3-11); (ii) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*id*. at 68:17-18); (iii) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*id*. at 68:12-16); and (iv) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*id*. at 68:3-11). Indeed, Ms. ▮▮▮ further testified ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*Id.* at 68:19-21; 34:18-23.) Finally, Ms. ▮▮▮ further testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. (*Id.* at 35:23.)

Second, whether Bonnell transmitted the Video to a minor (he did not) is entirely irrelevant to the claims Plaintiff asserts here. For instance, a claim under 15 U.S.C. § 6851 ("CARDII") requires only that (i) defendant knowingly disclosed or knowingly threatened to disclose an intimate visual depiction; (ii) the depiction was created under circumstances where plaintiff had a reasonable expectation of privacy; and (iii) the disclosure caused or was likely to cause harm. *See Diaz v. Hernandez*, No. 24-81151-CIV, 2024 WL 5341743, at *3 (S.D. Fla. Oct. 29, 2024). The statute does *not* require proof that the recipient was a minor, that the disclosure involved a minor, or that the defendant allegedly believed the recipient was a minor. Indeed, the age of the purported recipient has no bearing on Plaintiff's CARDII claim, nor does it affect the Court's subject matter

3

jurisdiction analysis. Plaintiff and her lawyers have been aware of the falsity of their accusation since at least October 23, 2025 when Ms. ▮ testified at deposition. Their refusal to correct the record, by withdrawing the allegation, demonstrates malicious intent and warrants Rule 11 sanctions.

The authorities on which Plaintiff relies are of no consequence. In *Boigris v. EWC P&T, LLC*, the court declined to impose sanctions because it was "impossible to determine" whether counsel knew the challenged statement was baseless. No. 19-21148-CIV, 2020 WL 1692009, at *3 (S.D. Fla. Feb. 10, 2020) (denying sanctions as premature where the undeveloped record made it impossible to assess whether the allegations in the complaint were frivolous or known to be baseless.) Here, by contrast, as of October 23, 2025, Plaintiff and her counsel knew, based on Ms. ▮'s deposition testimony and other discovery, that ▮▮▮▮▮▮▮▮▮▮ but that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. ▮—not Ms. ▮—was the one who received the Video from Bonnell in April 2022, prior to the effective date of the CARDII statute.

Plaintiff's reliance on *Almeida v. Bennett Auto Supply, Inc.*, 335 F.R.D. 463 (S.D. Fla. 2020) and *Zinman v. Nova Southeastern University, Inc.*, No. 21-CV-60723, 2021 WL 4025722 (S.D. Fla. Aug. 30, 2021), is similarly misplaced. In *Almeida*, the plaintiff filed sexual harassment claim against the defendant. 335 F.R.D. at 464. In response to the complaint, the defendant filed a motion for Rule 11 sanctions, asserting that because "the complaint is vague with very little description of the facts" and because the complaint "makes certain baseless factual representations as to evidence," it was not "plausible that [plaintiff] was subjected to sexual harassment." On that basis, defendant contended that the court should issue Rule 11 sanctions. *Id.* In denying the motion, the court held that the plaintiff's motion "represents an improper attempt to convert a dispute over

4

the factual allegations and legal arguments in Plaintiff's complaint into a sanctions dispute." 335 F.R.D. at 465. Specifically, the court held that a Rule 11 motion "is not an avenue to either seek repleading under Rule 12 or to seek judgment on the merits of a case under Rule 56," and therefore the "particular relief [requested] under the guise of a Rule 11 motion" must be denied. *Id.* Here, unlike in *Almeida*, Bonnell's Motion does no such thing. Bonnell does not seek relief or adjudication as to the merits of the case. In fact, Bonnell contends just the opposite – the false allegation in Plaintiff's Opposition bears no relevance to the merits of the case whatsoever. Whether Bonnell transmitted the Video to a minor (he did not) is entirely irrelevant to the claims Plaintiff asserts here.

    *Zinman* does not help Plaintiff either. In *Zinman*, the plaintiff alleged that the defendant university's COVID-19 mask mandates discriminated against him on the basis of religion. 2021 WL 4025722, at *2. Plaintiff thereafter filed a frivolous Rule 11 sanctions motion against defendant based solely on the *legal arguments* defendant asserted in legal filings responding to the complaint, namely, (i) that plaintiff "failed to state a claim"; (ii) that plaintiff failed to allege discriminatory intent; (iii) that plaintiff failed to allege that he was denied access to accommodations; and (iv) that "plaintiff fail[ed] to identify an injury." *Id.* at *21. In denying the Rule 11 motion, the court found plaintiff's motion to be "completely meritless." *Id.* at *22. Specifically, the court held that the aforementioned legal arguments asserted by defendant were non-frivolous, valid defenses, and that defendant's legal arguments did not in any sense constitute "clear misrepresentations of material facts." *Id.* The court further noted that plaintiff filed a similarly frivolous Rule 11 motion in another case, and such conduct was a "gross misuse" of Rule 11. *Id.* The facts here are not even comparable to those in *Zinman*. Unlike that in *Zinman*, Bonnell's Motion is not based on any garden-variety legal argument asserted by Plaintiff, but rather a

5

knowingly and demonstrably false allegation of criminal conduct against Bonnell that is entirely irrelevant to Plaintiff's claims and contradicted by the undisputed deposition testimony of Ms. ███.

Rule 11 expressly applies to "every pleading, written motion, and other paper," and this Circuit has made clear that the "filing of a document containing scandalous language is one form of harassment prohibited by Rule 11." *See Gould v. Fla. Atl. Univ. Bd. of Trs.*, No. 10-81210-CIV, 2011 WL 13227873, at *4-5 (S.D. Fla. Nov. 15, 2011) (imposing Rule 11 sanctions where plaintiff repeatedly re-inserted baseless accusations that a university official was "anti-Semitic" after the court had already struck them as "malicious" and "irrelevant," and again striking the allegations as "mean-spirited" and "scandalous"); *see also Pigford v. Veneman*, 215 F.R.D. 2, 3-4 (D.D.C. 2003) (sanctioning counsel for inserting unsupported, "malicious" accusations of racism and anti-Semitism against opposing counsel in a response brief where the charges lacked evidentiary support and bore no relevance to the issues presented).

Indeed, Eleventh Circuit courts have held that counsel and litigants violate Rule 11 by advancing accusations for an improper purpose—particularly where the accusations are made "with complete disregard for the information known" and used in a "combative effort" to deflect from a party's own deficiencies. *Bernal v. All Am. Inv. Realty, Inc.*, 479 F. Supp. 2d 1291, 1330 (S.D. Fla. 2007) (holding that sanctions were warranted where counsel repeatedly facilitated false discovery responses, advanced a fabricated "bombshell" affidavit without investigation, made knowingly false representations to the court, threatened baseless Rule 11 sanctions, and authored a "mean-spirited" Rule 11 letter whose personal attacks confirmed he was using Rule 11 as a tool of harassment) (citing *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1294 (11th Cir. 2002)). Here, Plaintiff's false allegation is precisely the kind of scandalous, harassing allegation that courts like

*Gould*, *Pigford*, and *Bernal* have recognized as sanctionable—especially given that Plaintiff continues to advance the narrative after learning it was false. Plaintiff's knowingly false accusation against Bonnell is included in her pleading for no other reason than to publicly humiliate and harass Bonnell. Sanctions pursuant to Rule 11 are therefore warranted.

      **B.**    **<u>Plaintiff Offers No Reasonable Justification for Refusing To Withdraw Her False Allegation</u>.**

In her Opposition, Plaintiff fails to explain, let alone justify, how her conduct complies with Rule 11(b)(1), which requires that all factual contentions be "reasonable under the circumstances." Her reliance on evidentiary concepts and Rule 404(b) is irrelevant; none of it addresses whether she had, or now has, evidentiary support for the accusation. She identifies no reason why it was "reasonable" to inject an incendiary, irrelevant allegation in a footnote—contradicted by her own pleadings and unsupported by discovery—and then *repeat it* after learning it was false.

Critically, Rule 11 does not permit a litigant to preserve a contention by speculation or conjecture while turning a "blind eye" to the evidence and information in the record. *See Trump v. Clinton*, 640 F. Supp. 3d 1321, 1327-29 (S.D. Fla. 2022), *aff'd*, No. 22-13410, 2025 WL 3290254 (11th Cir. Nov. 26, 2025) (issuing Rule 11 sanctions against plaintiff and his attorneys after continued advancement of demonstrably false and salacious rumors about defendant, despite being "warned about the lack of foundation for their factual contentions," having "turned a blind eye" to the evidence and information in the record, and having thereafter "*doubled down on this falsehood in their response to the [Rule 11] motion . . .* based on nothing but conjecture, speculation, and guess work") (emphasis added).

Further, the Eleventh Circuit has specifically held that once a party learns that the factual premise of its contention is false, it cannot continue to advance or rely on it. *See Gulisano v.*

7

*Burlington, Inc.*, 34 F.4th 935, 942 (11th Cir. 2022) ("an attorney's obligations with respect to the contents of pleadings or motions are not measured solely as of the time when the pleading or motion is initially filed with the court, but also at the time when the attorney, having learned the claims lack merit, reaffirms them to the court"); *see also MSPA Claims 1, LLC v. Liberty Mut. Fire Ins. Co.*, No. 17-22539-CV-WILLIAMS/TORRES, 2025 WL 643208, at *4 (S.D. Fla. Feb. 25, 2025) (holding that a "party has a continuing obligation throughout the case to assure that a legal and factual basis for a claim or defense remains" and that Rule 11 sanctions are warranted when "an attorney continues insisting upon a position after it is no longer tenable . . . . [T]he *party has a duty under the rule not to persist with that contention*.") (emphasis in original); *Turner*, 91 F.3d at 1422 (11th Cir. 1996) (issuing Rule 11 sanctions due to a litigant's "continued advocacy" of a false allegation, even after a third-party deposition confirmed that the litigant "had to know" that the allegation "was without factual basis").

Here, Plaintiff's refusal to file a corrected brief despite that she "should have known, and seemingly did know," that accusing Bonnell of such outrageous misconduct was "objectively and patently frivolous," warrants the imposition of Rule 11 sanctions. *MSPA*, 2025 WL 643208, at *5. Instead of retracting her false allegation, and filing a corrected pleading, Plaintiff seeks to obfuscate the record. She cites to misleading, cherry-picked excerpts of Ms. ▆'s deposition testimony wherein she asserts that ▆▆▆▆ and therefore *speculates* that Ms. ▆ *may* yet have been an indirect recipient of the Video (Opp'n at 5). To the contrary, Ms. ▆ repeatedly testified that ▆▆▆—directly or indirectly. (*See* Brettler Decl., dated Dec. 1, 2025, Ex. A [ECF No. 183-2] at 35:18-23; 36:19-21, 37:16-21, 68:3-18 ("▆

8

███████████████").) Plaintiff's reliance on mere speculation to maintain such a false allegation, despite overwhelming contradictory evidence and ample notice of its falsehood, warrants Rule 11 sanctions as a matter of law.

Plaintiff's Opposition gives the Court no assurance that she will cease advancing this false accusation against Bonnell. Instead, it confirms a willingness to preserve a demonstrably false allegation of criminal conduct and a total disregard for the evidentiary record. To add insult to injury, Plaintiff wields her own retaliatory Rule 11 motion as a threat rather than a safeguard. *See Bernal*, 479 F. Supp. 2d at 1330 (holding that a retaliatory Rule 11 threat lacking evidentiary support—and made in "complete disregard" of obvious facts—constituted an "improper purpose, as prohibited by Rule 11"). The Eleventh Circuit has made clear that sanctions are appropriate where a party exhibits "deliberate indifference to obvious facts" and a pattern of abusive tactics. *Riccard*, 307 F.3d at 1294. Such is the case here.

### C. **Plaintiff's Contention That Bonnell "Waived" His Right to Relief Is Without Merit.**

In her Opposition, Plaintiff falsely contends that because Bonnell "declined to raise his objections in his Reply" to Bonnell's Motion to Dismiss, he somehow waived his right to seek to correct of Plaintiff's knowingly false allegation in her pleadings. (Opp'n at 1.) Such a position is absurd. Bonnell filed his Reply in support of his Motion To Dismiss on October 10, 2025. [ECF No. 149.] Ms. ███'s deposition did not occur until October 23—nearly two weeks later. Given that Ms. ███'s testimony categorically established the falsity of Plaintiff's allegation, and given that such allegation has no bearing on Plaintiff's claims, Bonnell notified Plaintiff in writing, on October 30, of her continuing duty to correct the record, pursuant to Rule 11. (Brettler Decl., dated Dec. 1, 2025, Ex. B [ECF No. 183-3.]

9

### III.  CONCLUSION

For the reasons stated herein and in the Motion, Bonnell respectfully requests that the Court sanction Plaintiff and her counsel, jointly and severally, pursuant to Rule 11 including, but not limited to (i) awarding monetary sanctions to be paid into the registry of the Court; (ii) striking footnote 2 of the Opposition; (iii) awarding Bonnell his attorney's fees and costs in preparing the instant Motion and supporting documents; and (iv) awarding any further relief this Court deems just and proper.

Dated: December 11, 2025

Respectfully submitted,

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580

By: /s/ *Patricia M. Patino*
Patricia M. Patino
Florida Bar No.: 1007702
ppatino@bilzin.com

- *and* -

**BERK BRETTLER LLP**
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel: (310) 278-2111

By: /s/ *Andrew B. Brettler*
Andrew B. Brettler
California Bar No.: 262928
abrettler@berkbrettler.com
Jake A. Camara
California Bar No.: 305780
jcamara@berkbrettler.com
Joel Sichel
California Bar No.: 361148
jsichel@berkbrettler.com
(admitted pro hac vice)

*Counsel for Steven K. Bonnell II*

10

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 11, 2025, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record, including those listed in the below Service List, via transmission of Notices of Electronic Filing generated by CM/ECF.

                                        */s/ Patricia M. Patino*
                                             Attorney

## SERVICE LIST

*Jane Doe v. Steven K. Bonnell II*
*Case No.: 1:25-cv-20757-JB*

Carlos A. Garcia Perez, Esq.
Sanchez-Medina, Gonzalez, Quesada, Lage, Gomez & Machado, LLP
201 Alhambra Circle, Suite 1205
Coral Gables, Florida, 33134
Email: cgarciaperez@smgqlaw.com

Joan Schlump Peters, Esq.
JSP LAW, LLC
838 Neapolitan Way, #91, Naples, FL 34103
Email: petersjoan@bellsouth.net

*Counsel for Plaintiff Jane Doe*