UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:25-cv-20757-JB/Torres

JANE DOE,

    Plaintiff,

v.

STEVEN K. BONNELL II,

    Defendant.

_____/

**DEFENDANT STEVEN K. BONNELL'S OPPOSITION TO PLAINTIFF JANE DOE'S MOTION TO MODIFY THE SCHEDULING ORDER**

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
PATRICIA M. PATINO
Florida Bar No.: 1007702
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580
Email: ppatino@bilzin.com

-and-

**BERK BRETTLER LLP**
ANDREW B. BRETTLER
California Bar No.: 262928
JAKE A. CAMARA
California Bar No.: 305780
JOEL SICHEL
California Bar No.: 361148
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel: (310) 278-2111
Email: abrettler@berkbrettler.com;
jcamara@berkbrettler.com;
jsichel@berkbrettler.com
(admitted *pro hac vice*)

I.  **INTRODUCTION**

By order of this Court, discovery has concluded. Yet on the eve of the discovery cut-off, Plaintiff filed an untimely motion seeking a blanket extension and modification of the Court's Scheduling Order—not because she diligently pursued discovery and was thwarted by circumstances beyond her control, but because she failed to act diligently in conducting discovery, failed to prosecute the case within the Court-ordered deadlines, and failed to promptly seek the relief she now belatedly seeks. Plaintiff has had ten months to conduct discovery in this case; any failure to obtain necessary discovery is a crisis of Plaintiff's own making. Indeed, Plaintiff's lack of diligence is nothing new – at the early stages of this case, this Court previously admonished Plaintiff for her lack of diligence in seeking timely relief. Moreover, it is particularly troubling that while Plaintiff seeks an extension of the discovery deadline, the Court is currently considering, on its own motion, whether to sanction Plaintiff and her attorneys for misuse of the discovery process due to Plaintiff's failure and refusal to appear for her duly noticed deposition on November 3, 2025. (*See* Paperless Order [ECF No. 167].) Plaintiff cannot have it both ways. Rule 16 does not reward a moving party's recalcitrance with additional time.

Plaintiff has the burden of establishing good cause to obtain the relief she requests here. Yet, Plaintiff does not come close to meeting that standard in her Motion. While Plaintiff now asserts that certain discovery matters, never previously brought before the Court, warrant an extension, Plaintiff fails to explain why she waited until the close of discovery to raise her purported concerns. Despite threatening to do so for months, Plaintiff never filed any motion to compel the production of documents or things. Likewise, despite accusing Bonnell of spoliation at the very first hearing before Judge Becerra, Plaintiff never filed a motion seeking sanctions for any alleged spoliation of evidence. Most concerning, however, is that Plaintiff failed and refused

1

to appear for her own deposition, the current subject of a motion for protective order and motion for sanctions [ECF No. 163]. Plaintiff provides no basis, let alone a justification, for her failure to seek relief within the deadlines imposed by this Court. As a matter of law, Plaintiff's failure to act diligently is fatal to her Motion. The Motion should be denied.

**II.     NO GOOD CAUSE EXISTS TO EXTEND DISCOVERY.**

A scheduling order may be modified "only for good cause," and good cause requires a showing that the schedule could not be met despite the movant's diligence. Fed. R. Civ. P. 16(b)(4); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418-19 (11th Cir. 1998) (The "good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension"); *Hayes Healthcare Servs., LLC v. Meacham*, 331 F.R.D. 441, 442 (S.D. Fla. 2019) (same). The party seeking modification of the scheduling order "has the burden of proving that the scheduling deadline could not have been met despite the movant's diligent efforts to do so." *John Morrell & Co. v. Royal Caribbean Cruises Ltd.*, 243 F.R.D. 699, 701 (S.D. Fla. 2007). Absent a showing of diligence, courts "may hold litigants to the clear terms of [the] scheduling order[]." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1307 (11th Cir. 2011). Indeed, a finding of lack of diligence on the part of the party seeking modification "ends the good cause inquiry." *Compass iTech, LLC v. eVestment All., LLC*, No. 14-81241-CIV, 2017 WL 1290849, at *3 (S.D. Fla. Mar. 24, 2017).

The Eleventh Circuit has repeatedly affirmed denials of discovery extensions where the moving party delayed in pursuing discovery or failed to explain why discovery could not have been completed earlier. *See, e.g.*, *Pyatt v. AECOM Tech. Servs., Inc.*, No. 20-13422, 2021 WL 4147091, at *5 (11th Cir. Sept. 13, 2021) (affirming denial of extension where the movant failed to explain why discovery could not be completed before deadlines and did not address diligence);

*Ashmore v. Sec'y, Dep't of Transp.*, 503 F. App'x 683, 686 (11th Cir. 2013) (affirming denial of extension where the plaintiff delayed in beginning discovery); *Josendis*, 662 F.3d at 1307 (holding that even where a court has authority to grant a *post hoc* extension, it is not required to do so); *Artistic Entm't, Inc. v. City of Warner Robins*, 331 F.3d 1196, 1202-03 (11th Cir. 2003) (affirming denial of discovery extension where the issues could have been addressed earlier).

### A. Plaintiff's Lack of Diligence Precludes Modification of the Scheduling Order As a matter of law.

Plaintiff's failure to conduct the necessary discovery is a crisis of her own making, and the requested relief is precluded as a matter of law. Indeed, courts in this district have repeatedly rejected attempts to extend discovery where the delay is attributable to a party's own lack of diligence rather than any external impediment. For example, *Budget Truck Rental, LLC v. Dalpra*, No. 15-cv-23024-UU, 2016 WL 6496669, at *1 (S.D. Fla. Mar. 21, 2016) is particularly instructive. In *Budget Truck*, like here, the plaintiff sought a sixty-day extension of the discovery cut-off date, arguing that the defendant had failed to cooperate in discovery, that discovery responses were "completely inadequate," and that the initial seven-month discovery period was "incredibly short," notwithstanding plaintiff's claimed diligence. *Id.* at *2.

In denying the plaintiff's motion, the *Budget Truck* court held that "[f]or the parties to argue that a seven month discovery period is 'incredibly short' . . . is preposterous" and "[t]he fact that both parties have conducted themselves in a litigious manner throughout the duration of this case is not sufficient reasoning for the Court to extend any deadlines in the trial order." *Id.*; *see also Pyatt*, 2021 WL 4147091 at *5 (holding that discovery extensions are improper where a party invokes incomplete discovery without explaining why it could not have been completed within the existing schedule or explain why such efforts were not undertaken earlier); *Wen Liu v. Univ. of Miami Sch. of Med.*, 693 F. App'x 793, 800-01 (11th Cir. 2017) (affirming denial of motion to

3

extend discovery, recognizing that the plaintiff had already conducted significant discovery and movant failed to identify "any evidence that she hoped to obtain during additional discovery, much less explain how such evidence was crucial to her case"); *Myhre v. TLFO, LLC*, No. 14-81036-CIV, 2015 WL 1722866, at *4 (S.D. Fla. Apr. 15, 2015) (denying extension where plaintiff waited until days before the discovery cutoff to pursue key evidence, failed to explain why the need for discovery could not have been identified earlier, and concluding that plaintiff "simply did not consider what sorts of evidence he would need to support his claim until late in the day," which "illustrat[ed] a lack of diligence").

This case has been pending for nearly a year, and Plaintiff's apparent failure to conduct necessary discovery is a result of her own lack of diligence. As an initial matter, Plaintiff's contention that the "active discovery period" lasted just "3.5 months" is absurd. (Mot. [ECF No. 184] at 1-2.) Similarly absurd is her claim that discovery was "on hold" for any period of time. *Id.* at 6. Specifically, in her Motion, Plaintiff falsely contends that discovery did not commence or was "on hold" until entry of the Protective Order on September 2, 2025, leaving "no more than 3.5 months" before the December 16, 2025 discovery cutoff. (*Id.*) Not so. First, the parties never agreed to stay discovery, nor did the Court ever issue an order staying discovery in the case.[1] Even assuming that discovery was stayed while Plaintiff's motion for a protective order was pending—it was not—Plaintiff entirely ignores the fact that she did not even move for a protective order until

---

[1] Plaintiff concedes that only the *Parties'* written discovery was deferred by attorney stipulation, admitting that "[t]he parties agreed that no written discovery responses would be provided by Plaintiff or Defendant and their depositions would not be noticed prior to the Court's issuance of a protective order." (Mot. [ECF No. 184] at 4 (quoting DE 82 at 2).) That agreement does not excuse Plaintiff's failure to pursue third-party discovery in earnest—including foreign discovery, which she now claims to desperately need. If anyone has stymied discovery in this case, it is Plaintiff. Plaintiff's counsel represents four of the witnesses identified and subpoenaed in this case, and counsel has repeatedly obstructed Bonnell's access to those clients for discovery, including Plaintiff's purported star witness, Abbymc, who has failed and refused to respond to a properly served subpoena.

June 2, 2025, nearly *four months* after she filed the Complaint. In the nearly four months after filing the Complaint, Plaintiff did nothing to advance discovery in this case. Despite her eleventh-hour plea that the discovery period has been insufficient, Plaintiff has had seven months to conduct discovery in this case, and any failure to complete discovery is a result of Plaintiff's and her counsel's lack of diligence since the outset of this case. *Budget Truck*, 2016 WL 6496669 at \*2 ("For [a party] to argue that a seven month discovery period is 'incredibly short' . . . is preposterous").

Moreover, even ignoring the nearly four months of inactivity prior to seeking a protective order, Plaintiff's purported constraint would have been apparent the moment the Protective Order was entered on September 2, 2025. If Plaintiff believed the discovery schedule was not feasible, she could have—and should have—moved promptly to seek additional time. She did not. *See, e.g., Fisher v. SP One, Ltd.*, 559 F. App'x 873, 878-79 (11th Cir. 2014) (affirming denial of discovery extension where the movant "gave the court no indication that he would be seeking an extension until the day that discovery was scheduled to close," and holding that last-minute requests fail Rule 16's diligence requirement); *Howard v. Client Servs., Inc.*, No. 17-cv-62425-UU, 2018 WL 10345279, at \*1 (S.D. Fla. June 18, 2018) (denying extension of discovery where plaintiff "advanced no reason" the schedule could not be met with diligence and waited more than three months to notice defendant's deposition on the last day of discovery). Instead, Plaintiff here waited until December 4, 2025—*twelve days* before the discovery cut-off—to seek a broad extension. [ECF No. 184 at 1.] Plaintiff offers no explanation for why relief was not sought in September, October, or even November.[2]

---

[2] As this Court has already noted, Plaintiff's lack of urgency is nothing new. For example, as early as the April 4, 2025 status conference, Judge Becerra admonished Plaintiff for her lack of diligence in seeking emergency relief long after the relevant facts were known, observing that "there is nothing that's happening today that wasn't happening when you filed the suit or even a month

**B.      Plaintiff's Purported Bases for Extension of Discovery Are Without Merit.**

In her Motion, Plaintiff contends that an extension is warranted for three reasons, none of which have merit, and all of which highlight Plaintiff's own lack of diligence in conducting discovery. Specifically, Plaintiff contends that an extension is warranted because "i) written discovery has been exchanged but there are unresolved objections to Defendant's document production; ii) the depositions of Plaintiff and Defendant have not been re-scheduled . . . ; and iii) the deposition of non-party witness Melina Goransson has not yet been scheduled." [ECF No. 184 at 2.] None of Plaintiff's purported grounds for extension of the discovery period establish good cause as a matter of law.

> 1.  *Plaintiff's failure to timely file discovery motions does not constitute good cause to extend discovery.*

Plaintiff's contention that purported "unresolved objections" to Bonnell's multiple document productions warrants an extension is without merit. *See Budget Truck*, 2016 WL 6496669 at *2 ("inadequate" discovery responses and "[t]he fact that both parties have conducted themselves in a litigious manner throughout the duration of [the] case is not sufficient reasoning for the Court to extend any deadlines in the trial order"). Critically, despite that Plaintiff now contends that Bonnell's production and discovery responses are inadequate, Plaintiff has had several months to file a motion to compel yet she has failed to do so. (*See* Mot. at 2) ("Plaintiff contends that the production is still deficient and thus *anticipates* filing a motion to compel") (emphasis added). Plaintiff's Motion does not explain why she failed to move to compel within the discovery period. Plaintiff's failure to timely seek relief from the Court does not establish good cause to modify the scheduling order. If anything, it establishes Plaintiff's lack of diligence over a

---

before," and concluding that the TRO request appeared "stale." (Apr. 4, 2025 Hr'g Tr. [ECF No. 42-12] at 5:19-25; 9:18-21.)

6

ten-month period.

Similarly, Plaintiff's contention that an extension is warranted to allow "adequate time" to investigate "potential spoliation" by Bonnell is equally meritless. (*Id.*)  Since at least the April 4, 2025 status conference, Plaintiff has asserted that evidence spoliation is an "ongoing issue," yet no spoliation motion has ever been filed. Indeed, for nearly an entire year, Plaintiff has repeatedly invoked alleged spoliation without ever filing a motion seeking such relief. (*See* Mot. for Temp. Restr. Order and Prelim. Inj. [ECF No. 21] at 13-14; Opp'n to Mot. To Dismiss [ECF No. 139] at 2, 6, 12, 14; Mot. re Audio Files [ECF No. 150] at 1.) In fact, in the Court's October 6, 2025 Order Denying Plaintiff's Motion for Preliminary Injunction, the Court put it succinctly: "It is now October of 2025 and there is no such [spoliation] motion on the docket." [ECF No. 143 at 9.] As of today's date, no such spoliation motion has been filed. Plaintiff offers no explanation why, if she had a good faith basis to accuse Bonnell of spoliation, she could not have filed such a motion earlier. Plaintiff's failure to engage in timely motion practice only highlights her lack of diligence in this case, and such a failure "ends the good cause inquiry." *Compass iTech, LLC,* 2017 WL 1290849 at *3.

> 2. *Plaintiff's failure to appear for her own deposition does not constitute good cause to extend discovery.*

In her Motion, Plaintiff has the audacity to assert that because party depositions have not been completed due to Bonnell's alleged failure to "cooperate," Plaintiff is entitled to an extension of the discovery period. (Mot. at 2.)  Plaintiff blatantly disregards the record as well as this Court's prior order concerning party depositions. Any delay in party depositions is the fault of Plaintiff's own recalcitrance. Her Motion should be denied accordingly.

To be clear, Plaintiff failed to appear for her noticed deposition on November 3, 2025, and she did not seek a protective order or any other timely judicial relief to excuse her nonappearance.

7

(Def.'s Mot. for Protective Order [ECF No. 163] at 5-6.) On November 5, this Court ordered Plaintiff to show cause "why a timely motion for protective order was not filed when knowledge of a dispute materialized, why sanctions should not be entered under Rule 37, or alternatively why good cause exists nunc pro tunc to excuse Plaintiff's non-attendance at her deposition" (Paperless Order [ECF No. 167].) Due to Plaintiff's failure to appear for her own deposition without Court authorization, the Court ordered Bonnell's deposition stayed pending further order of the court. (*Id.*)

Plaintiff cannot rely on her own failure to appear for deposition to justify her purported need for an extension of the discovery period. Ironically, while Plaintiff seeks an extension of the discovery period, the Court is currently deciding, on its own motion, whether to sanction Plaintiff and her attorneys for misuse of the discovery process, i.e. her unexcused failure to appear for deposition. Moreover, had Plaintiff either appeared for her deposition as noticed, or sought timely protective relief, the party depositions could have—and would have—proceeded, as scheduled, over a month ago. Courts do not accept such dilatory conduct as good cause to extend the discovery period. *See e.g.*, *Delgado v. Magical Cruise Co., Ltd.*, No. 15-cv-2139-Orl-41TBS, 2017 WL 3131443, at *2 (M.D. Fla. July 24, 2017) (denying discovery extension where plaintiff "had an adequate opportunity for discovery" and finding no good cause where plaintiff "had a year in which to depose Defendant" but waited until "the waning days of discovery" to notice the deposition).

> 3. *Plaintiff's failure to conduct timely foreign discovery under the Hague Convention does not constitute good cause to extend discovery.*

Plaintiff's belated request for additional time to conduct foreign discovery constitutes nothing more than a fishing expedition with no bearing or relevance to Plaintiff's claims. Still desperate to establish subject matter jurisdiction where none exists, Plaintiff contends that she must

8

depose Bonnell's ex-wife, Ms. Göransson, in Sweden. Plaintiff argues that because she failed to timely seek this foreign discovery, she should be entitled to an extension. Nonsense. Nothing prevented Plaintiff from seeking to subpoena Ms. Göransson much earlier in this case. In fact, Plaintiff's own document production confirms that Plaintiff communicated extensively with Ms. Göransson about this lawsuit months before filing it. Yet Plaintiff waited until October 7, 2025—nearly *eight* months after filing suit—to seek a Letter of Request for International Judicial Assistance. (Hague Mot. [ECF No. 145] at 1.) Plaintiff's unjustified delay highlights her lack of diligence in obtaining discovery, and such a delay cannot constitute good cause to extend discovery on that basis.

Notably, in Bonnell's Opposition to Plaintiff's Hague Motion, Bonnell specifically asserted that he does not agree to any discovery extension or delay due to Plaintiff's last-minute request for relief under the Hague Convention. (*See* Opp'n to Hague Motion [ECF No. 152] at 2) ("Bonnell objects to Plaintiff's Motion . . . to the extent it will cause any delay in the case . . . [and] does not agree to extend the discovery cut-off date or otherwise postpone any of the other deadlines the Court previously set.")). Plaintiff, for her part, acknowledged in reply that even if the evidence sought cannot be secured before the discovery cutoff, she may attempt to secure it for trial. (*See* Reply to Hague Motion [ECF No. 156] at 4). That posture underscores the problem: despite previously acknowledging that her delay in requesting foreign discovery may prevent her from obtaining such information prior to the discovery cut-off, Plaintiff nevertheless moves to extend the discovery deadline on that basis.

**C.   Plaintiff's Failure To Establish Subject Matter Jurisdiction Does Not Justify an Extension of Discovery.**

As Bonnell has maintained from the outset of this case, this Court lacks subject matter jurisdiction here, and Plaintiff's failure to produce evidence establishing subject matter jurisdiction

9

cannot justify an extension of discovery in hopes of curing that defect. Plaintiff has had ten months to do so, yet she has repeatedly failed to produce competent evidence of any transmission of the Video after the CARDII statute's effective date. (Mot. To Dismiss [ECF No. 132] at 1, 7-17.)

Rather than demonstrating diligence within the existing schedule, Plaintiff's motion seeks to extend discovery in order to continue searching—through speculative third-party and foreign discovery—for facts that she hypothesizes might salvage jurisdiction. That is not a proper basis for modifying a scheduling order. Rule 16 does not permit a party to expand discovery deadlines so that it may keep "digging" for jurisdictional facts that could—and should—have been pursued earlier. *See Sosa*, 133 F.3d at 1418-19 (rejecting schedule modification where counsel "left to chance a critical component of subject matter jurisdiction," delayed pursuing information available before suit, and sought relief only after deadlines expired, warning that excusing such conduct would "render scheduling orders meaningless").

Discovery certainly should not be expanded while Bonnell's jurisdictional challenge—already fully briefed—remains pending. (*See* Mot. To Dismiss [ECF No. 132].) Allowing Plaintiff to prolong discovery in hopes of manufacturing jurisdiction where none exists would contravene Rule 16's core purpose of enforcing diligence and orderly case management. *See Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270, 1277-78 (M.D. Fla. 2002) (explaining that scheduling orders exist so parties may rely on fixed deadlines for discovery and dispositive motions, and that "absent a showing of diligence on the part of a party seeking to extend deadlines . . . the court-ordered schedule should not be disturbed"). Plaintiff's Motion should be denied.

### D. Plaintiff's Purported Authorities Are Inapposite.

Plaintiff's reliance on *DeCurtis LLC v. Carnival Corp.*, No. 20-22945-CIV, 2021 WL 7502569 (S.D. Fla. Dec. 10, 2021) (Torres, Mag. J.), is misplaced. In fact, this Court in *DeCurtis*

10

expressly rejected the very type of blanket extension Plaintiff seeks here. There, the Court expressly held that plaintiff failed to establish diligence and that "[n]othing in [plaintiff's] motion persuasively demonstrates good cause for why the current Scheduling Order should be materially changed." *Id*. at *1. In *DeCurtis*, plaintiff's motion was *unopposed*, and yet the court emphasized that—other than limited, case-specific relief—it "remain[ed] the case that the current Order should continue to govern and bring the discovery phase to a close." *Id.*

Plaintiff's reliance on *Underwriters at Interest v. All Logistics Group, Inc.*, No. 19-CV-21889-KMM, 2019 WL 13167713 (S.D. Fla. Dec. 23, 2019), fares no better. In *Underwriters*, the court modified the schedule in a procedurally unique posture—where the parties jointly sought an extension and newly added third-party defendants had been brought into the case only two months before discovery was set to close, leaving them with virtually no opportunity to participate in discovery at all. *Id*. at *1–2. Here, unlike in *Underwriters*, Plaintiff initiated this case nearly a year before the discovery cutoff, Bonnell opposes any extension, and Plaintiff's claimed time constraints are not the product of late-added parties or expired discovery periods, but rather Plaintiff's own lack of diligence.

Nor does *KB Oreo, LLC v. Winnerman*, No. 20-80921-CV, 2020 WL 13267386 (S.D. Fla. Oct. 22, 2020), support Plaintiff's position. There, the court extended only interim discovery deadlines—not the discovery cutoff itself—after advising the parties it would entertain such adjustments due to delayed appearances following vacatur of a default party. *Id.* at *1-2. Here, by contrast, no comparable circumstances exist. Plaintiff seeks to extend the discovery cutoff itself, without any prior indication from the Court that such relief would be entertained, and without any comparable circumstances that drove the result in *KB Oreo*.

Plaintiff's other cited authorities reflect only the general proposition that courts possess

11

discretion to modify schedules in appropriate circumstances.[3] They do not establish that an extension is warranted where the movant had ample opportunity to seek relief earlier and did not, or where the requested extension is tied to an effort to prolong discovery on tangential matters (including foreign discovery) to rehabilitate a disputed jurisdictional theory. None of Plaintiff's authorities supports extending the discovery cutoff where the movant repeatedly delayed conducting discovery, failed to timely file discovery motions, and failed to appear for her own deposition without reason or justification.

## III.  CONCLUSION

For these reasons stated herein, Bonnell respectfully requests that the Court deny Plaintiff's Motion to Modify the Scheduling Order in its entirety.

Dated: December 17, 2025

Respectfully submitted,

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580
Fax: (305) 374-7593

By: /s/ *Patricia M. Patino*
Patricia M. Patino, Esq.
Florida Bar No.: 1007702
ppatino@bilzin.com

*and*

**BERK BRETTLER LLP**
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel: (310) 278-2111

By: /s/ *Andrew B. Brettler*
Andrew B. Brettler, Esq.

---

[3] *See United Surgical Assts., LLC v. Aetna Life Ins. Co.*, No. 14-cv-211-T-30JSS, 2016 WL 398083 (M.D. Fla. Feb. 2, 2016); *Cooper-Levy v. City of Miami*, No. 22-cv-21939, 2023 WL 4105531 (S.D. Fla. June 21, 2023). (Mot. at 3, 7-8.)

        California Bar No.: 262928
        abrettler@berkbrettler.com
        Jake A. Camara, Esq.
        California Bar No.: 305780
        jcamara@berkbrettler.com
        Joel Sichel
        California Bar No.: 361148
        jsichel@berkbrettler.com
        (admitted *pro hac vice*)

        *Counsel for Steven K. Bonnell II*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 17, 2025, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record, including those listed in the below Service List, via transmission of Notices of Electronic Filing generated by CM/ECF.

        */s/ Patricia M. Patino*
        Attorney

## SERVICE LIST

*Jane Doe v. Steven K. Bonnell II*
*Case No.: 1:25-cv-20757-JB*

Carlos A. Garcia Perez, Esq.
Sanchez-Medina, Gonzalez, Quesada,
Lage, Gomez & Machado, LLP
201 Alhambra Circle, Suite 1205
Coral Gables, Florida, 33134
Email: cgarciaperez@smgqlaw.com

Joan Schlump Peters, Esq.
JSP LAW, LLC
838 Neapolitan Way, #91, Naples, FL 34103
Email: petersjoan@bellsouth.net

*Counsel for Plaintiff Jane Doe*

13