UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:25-cv-20757-JB/Torres

JANE DOE,

    Plaintiff,

v.

STEVEN K. BONNELL II,

    Defendant.

_____/

**DEFENDANT STEVEN K. BONNELL'S OPPOSITION TO PLAINTIFF JANE DOE'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11**

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
PATRICIA M. PATINO
Florida Bar No.: 1007702
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580
Email: ppatino@bilzin.com

-and-

**BERK BRETTLER LLP**
ANDREW B. BRETTLER
California Bar No.: 262928
JAKE A. CAMARA
California Bar No.: 305780
JOEL A. SICHEL
California Bar No.: 361148
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel: (310) 278-2111
Email: abrettler@berkbrettler.com;
jcamara@berkbrettler.com;
jsichel@berkbrettler.com
(admitted *pro hac vice*)

I.  **INTRODUCTION**

Plaintiff's Motion is nothing more than a retaliatory, knee-jerk pleading filed for an improper purpose in violation of Rule 11. In an opposition brief filed publicly on October 3, 2025, Plaintiff falsely accused Bonnell of transmitting sexually explicit material to a minor, incorrectly identified by Plaintiff as ▮▮▮▮. Since at least October 23, however, Plaintiff and her attorneys have known that the allegation was categorically false based on the deposition testimony of Ms. ▮▮, who testified that ▮▮▮▮▮▮▮▮▮▮▮▮, that ▮▮▮▮▮▮▮▮▮▮, and that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Rather than withdraw the false allegation and file a corrected pleading during the safe harbor period, Plaintiff doubled down and filed a Rule 11 Motion against Bonnell and the undersigned counsel in retaliation. In doing so, Plaintiff wields her Rule 11 motion as a threat rather than a safeguard, i.e., she knowingly advanced and then maintained a false and irrelevant accusation of criminal conduct against Bonnell, refused to withdraw the allegation despite knowing of its falsity, and now seeks to punish Bonnell and his lawyers for seeking to enforce the law.

Worse still, Plaintiff's Motion is a carbon copy of her previously filed Opposition to Bonnell's Motion for Rule 11 Sanctions (*see* Opp'n [ECF No. 185] at 2-13), adds nothing new to the record, and burdens the Court with yet another frivolous pleading.[1] Plaintiff's conduct falls squarely within the category of abuses Rule 11 is designed to prevent. The Motion should be denied in its entirety.

---

[1] The Introduction section to Plaintiff's Motion contains a list of purported bases for Rule 11 sanctions (*See* Mot. at 1-2), yet Plaintiff apparently abandoned those arguments in the body of her Motion, as Plaintiff's Argument section makes no mention of those purported bases and instead re-submits, *verbatim*, her previously filed Opposition to Bonnell's Motion for Rule 11 Sanctions. (*See id.* at 3-12.)

## II.   ARGUMENT

### A.   Plaintiff's Motion is Retaliatory and Wastes Judicial Resources.

Plaintiff improperly seeks sanctions against Bonnell for merely demanding that Plaintiff withdraw and/or correct her knowingly false pleading. Such conduct falls squarely within the category of abuses Rule 11 is designed to prevent. Upon receipt of Bonnell's Rule 11 Motion, Plaintiff had two straightforward options: (i) withdraw the false allegation; or (ii) file a corrected pleading within the safe harbor period. Plaintiff did neither. Instead, Plaintiff knowingly advanced, and then maintained, the false and irrelevant allegation that Bonnell engaged in criminal wrongdoing, refused to withdraw the allegation despite knowing of its falsity, and now seeks sanctions against Bonnell and his lawyers for seeking a correction. Plaintiff's Motion is nothing more than a knee-jerk, retaliatory pleading filed for an improper purpose, and the Court should deny the Motion in its entirety and impose additional sanctions against Plaintiff and her attorneys of record.

Critically, the Eleventh Circuit and the district courts within it have condemned the use of Rule 11 motion as a retaliatory tool. *See Petrano v. Old Republic Nat'l Title Ins. Co.*, 590 F. App'x 927, 929 (11th Cir. 2014) (affirming an award of sanctions under Rule 11 against a party for "repeated frivolous claims and motions for sanctions that were devoid of merit, frivolous, and retaliatory and vexatious in nature"); *Bernal v. All Am. Inv. Realty, Inc.*, 479 F. Supp. 2d 1291, 1330 (S.D. Fla. 2007) (holding that a retaliatory Rule 11 threat lacking evidentiary support—and made in "complete disregard" of obvious facts—constituted an "improper purpose, as prohibited by Rule 11"); *Diaz v. Sunny Isles Mart, Inc.*, No. 06-23036-CIV, 2008 WL 11412105, at *1 (S.D. Fla. Mar. 11, 2008) (denying "an apparent retaliatory motion for sanctions" and holding that such "requests for sanctions are—to be kind—'a day late and a dollar short.' They smack of nothing

2

more than pure retaliation—apparently for [non-movant] seeking attorney's fees").

Moreover, Rule 11 motions should conserve—not squander—judicial resources. *See Didie v. Howes*, 988 F.2d 1097, 1104 (11th Cir. 1993) ("Rule 11 sanctions are designed to discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses.") (citations omitted); *Moeck v. Pleasant Valley Sch. Dist.*, 844 F.3d 387, 391 n.9 (3d Cir. 2016) (quoting *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 99 (3d Cir. 1988)) (holding that Rule 11 motions should not result in a "waste of judicial resources" or operate to "clog[] the docket"). Here, Plaintiff's motion is indistinguishable from her previously filed Opposition to Bonnell's Motion for Rule 11 Sanctions (*see* Opp'n [ECF No. 185] at 2-13), adds nothing new to the record, and burdens this Court with yet another frivolous pleading, all of which could have been avoided by Plaintiff's simple retraction and correction of her knowingly false allegation. Plaintiff's Motion should be denied for that reason alone.

**B.     Bonnell's Rule 11 Motion Is Neither Frivolous Nor Filed in Bad Faith.**

To succeed on her Motion, Plaintiff bears the burden of establishing that Bonnell's Rule 11 Motion [ECF No. 183] was filed in bad faith or for an improper purpose—such as harassment, delay, or needless escalation. *See Alburquerque v. De Moya Grp.*, No. 22-CV-22343-KMM, 2024 WL 1446100, at *9 (S.D. Fla. Feb. 2, 2024), *R&R adopted by* 2024 WL 1267916 (S.D. Fla. Mar. 26, 2024) (denying cross-motion for sanctions where the movants failed to meet their burden of showing that the original Rule 11 motion was filed for an improper purpose, and holding that conclusory assertions of harassment were insufficient to warrant sanctions); *Smith v. Tampa Bay Emergency Physicians, LLC*, No. 21-CV-2715-JSM-AEP, 2022 WL 19226185, at *2 (M.D. Fla. Aug. 1, 2022) (denying Rule 11 sanctions where the movant failed to meet her burden of showing that the challenged filing was frivolous or made for an improper purpose such as harassment or

3

intimidation, and holding that disagreement with a nonfrivolous motion does not establish bad faith).

Plaintiff has failed to meet her burden—which is hardly surprising, given that she has made no meaningful effort to present a standalone Rule 11 motion satisfying the governing standard. Instead, her filing repackages—almost *verbatim*—the arguments raised in her Opposition to Bonnell's Rule 11 motion. (*Compare* Opp'n [ECF No. 185] at 2-13 *with* Mot. at 2-13.) Indeed, none of the arguments Plaintiff advances in her Motion demonstrates deliberate frivolity, bad faith, or abuse of Rule 11 by Bonnell. Bonnell's Rule 11 Motion was not speculative, retaliatory, or strategic—it was filed in response to Plaintiff's abject refusal to retract her false allegation of criminal sexual conduct in light of deposition testimony that eliminated any reasonable basis for continuing to assert it. In contrast, Plaintiff's present Motion represents an improper effort to retaliate against Bonnell's Rule 11 filing rather than to engage with the substantive issues it raises.

1. *Plaintiff's contention that Bonnell "waived" his right to relief is without merit.*

In an attempt to construe Bonnell's Rule 11 Motion as frivolous, Plaintiff falsely contends that because Bonnell "declined to raise his objections in his Reply" in support of Bonnell's Motion to Dismiss, he somehow waived his right to seek to correct of Plaintiff's knowingly false allegation in her pleadings. (Mot. at 1.) Such a position is absurd. To be clear, Rule 11 imposes a continuing obligation to correct false factual contentions *once they are known to be false*. See *Gulisano v. Burlington, Inc.*, 34 F.4th 935, 942 (11th Cir. 2022) (emphasis added) ("an attorney's obligations with respect to the contents of pleadings or motions are not measured solely as of the time when the pleading or motion is initially filed with the court, but also at the time when the attorney, having learned the claims lack merit, reaffirms them to the court"); *see also MSPA Claims 1, LLC v. Liberty Mut. Fire Ins. Co.*, No. 17-22539-CV-WILLIAMS/TORRES, 2025 WL 643208, at *4 (S.D. Fla. Feb. 25, 2025) (holding that a "party has a continuing obligation throughout the case to

4

assure that a legal and factual basis for a claim or defense remains" and that Rule 11 sanctions are warranted when "an attorney continues insisting upon a position after it is no longer tenable . . . . [T]he party has a duty under the rule not to persist with that contention.") (emphasis in original); *Turner v. Sungard Bus. Sys., Inc.,* 91 F.3d 1418, 1422 (11th Cir. 1996) (affirming Rule 11 sanctions due to a litigant's "continued advocacy" of a false allegation, even after a third-party deposition confirmed that the litigant "had to know" that the allegation "was without factual basis").

Here, Bonnell filed his Reply in support of his Motion To Dismiss on October 10, 2025. [ECF No. 149.] Ms. ▮'s deposition did not occur until October 23—nearly two weeks later. Bonnell could not have raised objections based on testimony that did not yet exist. Given that Ms. ▮'s testimony categorically established the falsity of Plaintiff's allegation and, given that such an inflammatory allegation has no bearing on Plaintiff's claims, Bonnell notified Plaintiff in writing, on October 30, of her duty to correct the record, pursuant to Rule 11. (Brettler Decl., dated Dec. 1, 2025, Ex. B [ECF No. 183-3.]. Instead of withdrawing her false allegation or otherwise correcting the record within the safe-harbor period, Plaintiff doubled down in her Opposition— which she repackages here—as her retaliatory and frivolous Rule 11 Motion against Bonnell.

*2. Plaintiff's allegation is knowingly false and irrelevant to Plaintiff's claims.*

In a tortured attempt to assert that Bonnell's Rule 11 Motion is frivolous, Plaintiff seeks to recast her knowingly false allegation that Bonnell exchanged sexually explicit material with a minor as a "highly disputed factual issue" that is "highly relevant to Plaintiff's allegations." (Mot. at 4, 10.) Plaintiff contends that Bonnell's Rule 11 Motion is therefore an "improper attempt to convert factual disputes over the merits of [Plaintiff's] claims into a sanctions dispute." (*Id.* at 3.) On that basis, Plaintiff contends she is entitled to Rule 11 sanctions. Plaintiff's assertion is demonstrably false and belied by the record. Indeed, whether Bonnell transmitted the Video to a

5

minor is *neither* disputed, *nor* relevant to *any* of Plaintiff's asserted claims.

First, there is no dispute that Bonnell *never* transmitted the Video to Ms. ▉. Indeed, Ms. ▉ testified that (i) ▉▉▉ (Brettler Decl., dated Dec. 1, 2025, Ex. A [ECF No. 183-2] at 64:17-23; 56:3-10; 67:21-24; 67:25-68:3-11); (ii) ▉▉▉ (*id*. at 68:17-18); (iii) ▉▉▉ (*id*. at 68:12-16); and (iv) ▉▉▉ (*id*. at 68:3-11). Indeed, Ms. ▉ further testified ▉▉▉ (*Id.* at 68:19-21; 34:18-23.) Finally, Ms. ▉ testified that ▉▉▉. (*Id.* at 35:23.)

Second, whether Bonnell transmitted the Video to a minor (he did not) is entirely irrelevant to the claims Plaintiff asserts here. For instance, a claim under 15 U.S.C. § 6851 ("CARDII") requires only that (i) defendant knowingly disclosed or knowingly threatened to disclose an intimate visual depiction; (ii) the depiction was created under circumstances where plaintiff had a reasonable expectation of privacy; and (iii) the disclosure caused or was likely to cause harm. *See Diaz v. Hernandez*, No. 24-81151-CIV, 2024 WL 5341743, at *3 (S.D. Fla. Oct. 29, 2024). The statute does *not* require proof that the recipient was a minor, that the disclosure involved a minor, or that the defendant allegedly believed the recipient was a minor. Indeed, the age of the purported recipient has no bearing on Plaintiff's CARDII claim, nor does it affect the Court's subject matter jurisdiction analysis. Plaintiff and her lawyers have been aware of the falsity of their accusation since at least October 23, 2025 when Ms. ▉ testified at deposition. Their refusal to correct the record, by withdrawing the allegation, demonstrates malicious intent and warrants Rule 11 sanctions.

Further demonstrating Plaintiff's malicious intent—and in a specious attempt to justify her refusal to retract her false allegation—Plaintiff's Motion seeks to obfuscate the record. She cites to misleading, cherry-picked excerpts of Ms. ▇'s deposition testimony wherein she asserts that ▇ and therefore *speculates* that Ms. ▇ *may* yet have been an indirect recipient of the Video (Mot. at 4). To the contrary, Ms. ▇ testified that ▇ — directly *or indirectly*. (*See* Brettler Decl., dated Dec. 1, 2025, Ex. A [ECF No. 183-2] at 35:18-23; 36:19-21, 37:16-21, 68:3-18 ("▇").) Plaintiff's reliance on mere speculation to maintain such a false allegation, despite overwhelming contradictory evidence and ample notice of its falsehood, only further supports the denial of Plaintiff's Motion and the issuance of sanctions against Plaintiff here.

Moreover, because Plaintiff's Motion does not advance an independent Rule 11 analysis, but instead recycles the arguments from her Opposition to Bonnell's Rule 11 Motion, the authorities she cites are inapposite and stand for the proposition that Rule 11 sanctions are *not* warranted. (*See* Mot. at 6, 8.) To the extent Plaintiff contends that her cited authorities support denial of Bonnell's Rule 11 motion, those authorities are readily distinguishable and have already been addressed in Bonnell's Reply in support of his Motion for Sanctions (*See* Reply [ECF No. 192] at 4-5.) Plaintiff does not, and cannot, explain how her cited authorities support a basis for sanctions against Bonnell.

### 3. Bonnell's Rule 11 Motion is not premature.

In a throw-away argument, Plaintiff contends, without any support, that Bonnell's motion was "premature" because Bonnell had not yet been deposed. [Mot. at 2.] By order of this Court,

7

discovery concluded as of December 16, 2025. Critically, Plaintiff's failure to timely depose Bonnell is a crisis of her own making. Plaintiff failed to appear for her noticed deposition on November 3, 2025, and she did not seek a protective order or any other timely judicial relief to excuse her nonappearance. (Def.'s Mot. for Protective Order [ECF No. 163] at 5-6.) On November 5, this Court ordered Plaintiff to show cause "why a timely motion for protective order was not filed when knowledge of a dispute materialized, why sanctions should not be entered under Rule 37, or alternatively why good cause exists nunc pro tunc to excuse Plaintiff's non-attendance at her deposition" (Paperless Order [ECF No. 167].) Due to Plaintiff's unexcused absence from her own deposition, the Court stayed Bonnell's deposition. (*Id.*)

Regardless, Rule 11 is neither constrained nor conditioned by deposition sequencing, and once a party knows that a factual allegation lacks evidentiary support—or has been affirmatively disproven—Rule 11 imposes a duty to withdraw or correct it. *See Gulisano*, 34 F.4th at 942; *MSPA*, 2025 WL 643208, at *4. Bonnell was not required to wait for his own deposition before seeking correction of Plaintiff's false allegation. Plaintiff cites no authority suggesting otherwise.

Nor was Bonnell required to wait "to raise his objections in a motion for summary judgment." [Mot. at 2.] As stated above, Plaintiff's false allegation is not relevant to any claim or defense in this action and therefore would have no proper place in a summary judgement motion in the first instance. Even assuming otherwise, Rule 11 does not require a party to delay seeking relief until later stages of litigation. To the contrary, Rule 11 contemplates prompt action once a violation becomes apparent. *See Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 99 (3d Cir. 1988) (explaining that Rule 11 violations should be addressed promptly because "[s]eldom should it be necessary to wait for the district court or the court of appeals to rule on the merits of an underlying question of law," and that prompt filing deters further Rule 11 violations during the litigation).

8

"The [movant] must file its Rule 11 motion promptly." *Pitts v. Geovera Specialty Ins. Co.*, No. 8:21-CV-2033-VMC-CPT, 2023 WL 4669598, at *6 (M.D. Fla. July 5, 2023), *R&R adopted by* 2023 WL 4661966 (M.D. Fla. 2023). "The [Rule 11] motion should be served promptly. . .[A] party cannot delay serving its Rule 11 motion until conclusion of the case." *Peer v. Lewis*, 606 F.3d 1306, 1313 (11th Cir. 2010).

*4. Plaintiff's Rule 11 obligations apply to any pleading or motion.*

Plaintiff's contention that Bonnell's Rule 11 Motion is frivolous because "Rule 11 is not designed to resolve a disputed factual issue raised in a single footnote of a response" is equally meritless and contrary to law (Mot. at 2.) To be clear, Rule 11 expressly applies to "every pleading, written motion, and other paper," and this Circuit has held that the "filing of a document containing scandalous language is one form of harassment prohibited by Rule 11." *See Gould v. Fla. Atl. Univ. Bd. of Trs.*, No. 10-81210-CIV, 2011 WL 13227873, at *4-5 (S.D. Fla. Nov. 15, 2011) (imposing Rule 11 sanctions where plaintiff repeatedly re-inserted baseless accusations that a university official was "anti-Semitic" after the court had already struck them as "malicious" and "irrelevant," and again striking the allegations as "mean-spirited" and "scandalous"); *see also Pigford v. Veneman*, 215 F.R.D. 2, 3-4 (D.D.C. 2003) (sanctioning counsel for inserting unsupported, "malicious" accusations of racism and anti-Semitism against opposing counsel in a response brief where the charges lacked evidentiary support and bore no relevance to the issues presented).

That Plaintiff included her false allegation in a footnote only underscores its irrelevance to Plaintiff's claims, further justifying Bonnell's requested relief. Plaintiff's false allegation, having no nexus to *any* of Plaintiffs causes of action, was included in a pleading for no other purpose than to harass and humiliate Bonnell. As in *Gould* and *Pigford*, Rule 11 sanctions are appropriate when

9

a party embeds scandalous or inflammatory allegations within briefs for the purpose of harassment rather than to advance a legitimate claim. Plaintiff's frivolous Rule 11 Motion should be denied.

### III.    CONCLUSION

For the reasons stated herein, Bonnell respectfully requests that Plaintiff's Motion be denied in its entirety.

Dated: December 18, 2025

Respectfully submitted,

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580

By: /s/ *Patricia M. Patino*
Patricia M. Patino
Florida Bar No.: 1007702
ppatino@bilzin.com

*- and -*

**BERK BRETTLER LLP**
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel: (310) 278-2111

By: /s/ *Andrew B. Brettler*
Andrew B. Brettler
California Bar No.: 262928
abrettler@berkbrettler.com
Jake A. Camara
California Bar No.: 305780
jcamara@berkbrettler.com
Joel A. Sichel
California Bar No.: 361148
jsichel@berkbrettler.com
(admitted pro hac vice)

*Counsel for Steven K. Bonnell II*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 18, 2025, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record, including those listed in the below Service List, via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Patricia M. Patino*
Attorney

## **SERVICE LIST**

*Jane Doe v. Steven K. Bonnell II*
*Case No.: 1:25-cv-20757-JB*

Carlos A. Garcia Perez, Esq.
Sanchez-Medina, Gonzalez, Quesada,
Lage, Gomez & Machado, LLP
201 Alhambra Circle, Suite 1205
Coral Gables, Florida, 33134
Email: cgarciaperez@smgqlaw.com

Joan Schlump Peters, Esq.
JSP LAW, LLC
838 Neapolitan Way, #91, Naples, FL 34103
Email: petersjoan@bellsouth.net

*Counsel for Plaintiff Jane Doe*