# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:25-cv-20757-JB/Torres

JANE DOE,

    Plaintiff,

v.

STEVEN K. BONNELL II,

    Defendant.

_____/

## DEFENDANT STEVEN K. BONNELL'S OPPOSITION TO PLAINTIFF JANE DOE'S MOTION TO SEAL CERTAIN DOCUMENTS

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
PATRICIA M. PATINO
Florida Bar No.: 1007702
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580
Fax: (305) 374-7593

Email: ppatino@bilzin.com

-and-

**BERK BRETTLER LLP**

ANDREW B. BRETTLER
California Bar No.: 262928
JAKE A. CAMARA
California Bar No.: 305780
JOEL A. SICHEL
California Bar No.: 361148
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel: (310) 278-2111
Email: abrettler@berkbrettler.com;
jcamara@berkbrettler.com
jsichel@berkbrettler.com
(admitted *pro hac vice*)

## I. INTRODUCTION

Plaintiff improperly seeks to impose a blanket seal on an entire judicial record while a less restrictive, alternative means is available. Consistent with well-established Eleventh Circuit authority, Plaintiff's overbroad and unsubstantiated request must be denied.

Without the particularized showing required by law, Plaintiff asks this Court to take the extraordinary step of sealing an entire deposition transcript of non-party ▇▇▇ (Ex. A to Garcia Decl., dated Dec. 4, 2025 [ECF No. 186-2]) (the "▇▇▇ Transcript"). Rather than specify particular portions of the transcript to be redacted in connection with an articulated privacy interest, Plaintiff instead seeks to seal the entirety of the ▇▇▇ Transcript without reason or justification. Indeed, Plaintiff's Motion seeks far more than the narrow protection of Ms. ▇▇▇ personally identifying information, which Bonnell does not oppose. Instead, she requests a blanket sealing that would suppress non-confidential testimony, deprive the public of access to a judicial record, and unfairly limit Bonnell's ability to respond to Plaintiff's mischaracterizations of that testimony.[1] Worse, Plaintiff has already publicly filed excerpts of the very transcript she now seeks to seal.[2]

Plaintiff's requested relief is neither narrowly tailored nor warranted as a matter of law. Plaintiff has not and cannot meet her burden of good cause justifying such sweeping relief. Her Motion relies on conclusory assertions, ignores readily available and less restrictive alternatives,

---

[1] Plaintiff continues to falsely identify Ms. ▇▇▇ as "Rose" in her court filings, not only in the instant Motion to Seal, but also in her frivolous Motion for Rule 11 Sanctions ([ECF No. 186] at 4-5) and her Opposition to Bonnell's Rule 11 Motion ([ECF No. 185] at 4-5). As the ▇▇▇ Transcript itself confirms, Ms. ▇▇▇▇▇▇▇▇▇▇▇. She ▇▇▇▇▇▇▇▇▇, she ▇▇▇▇▇▇▇▇▇▇▇, and she ▇▇▇▇▇▇▇▇▇. Plaintiff's continued misidentification of Ms. ▇▇▇ as "Rose" is deliberately misleading and intended to confuse the public, further supporting the need for transparency and public access here.

[2] Plaintiff also seeks to seal portions of her Rule 11 filings [ECF Nos. 285, 286] that quote from, or refer to the ▇▇▇ Transcript.

and disregards the express terms of the Parties' Protective Order. Plaintiff's Motion should be denied in its entirety.

## II. NO GOOD CAUSE EXISTS TO JUSTIFY A BLANKET SEALING OF THE ▓▓▓ TRANSCRIPT.

The Eleventh Circuit recognizes a "presumptive common law right to inspect and copy judicial records," grounded in the principle that civil proceedings should be conducted openly. *United States v. Rosenthal*, 763 F.2d 1291, 1293 (11th Cir. 1985); *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). That presumption exists not for the benefit of litigants, but for the public—"an absent third party"—which has standing to challenge improper sealing even where the parties do not. *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992).

Because judicial records are presumptively public, the party seeking to seal them bears the burden of showing good cause. *Romero v. Drummond Co.*, 480 F.3d 1234, 1245-46 (11th Cir. 2007) (holding that materials filed in connection with substantive pretrial motions are subject to the public right of access). Good cause requires more than "stereotyped and conclusory statements," and it demands a balancing of the asserted interests against the public's right of access. *Id.* That showing requires identification of a legitimate privacy or proprietary interest and a concrete demonstration of how disclosure would cause harm. *Id.*; *Consejo de Defensa Del Estado de La Republica de Chile v. Espirito Santo Bank*, No. 09-20613-CIV-GRAHAM, 2010 WL 2712093, at *1 (S.D. Fla. July 7, 2010) (holding that good cause is required both under Rule 26(c) and S.D. Fla. Local Rule 5.4 to maintain materials under seal, emphasizing that the party seeking sealing bears the burden because court proceedings and filings are presumptively public); *Gunson v. BMO Harris Bank*, N.A., 300 F.R.D. 581, 584-85 (S.D. Fla. 2014) (explaining that although

2

umbrella protective orders may confer temporary protection, the designating party must make a particularized showing once challenged).

Further, the Local Rules of the Southern District of Florida mandate the procedure to follow when a party seeks to make a filing under seal and that a motion to seal (i) "sets forth the factual and legal basis for departing from the policy that Court filings be public" and (ii) "describes the proposed sealed filing with as much particularity as possible without revealing the confidential information." Local Rule 5.4(b)(1). Plaintiff does neither here. Indeed, after Bonnell's counsel challenged the improper blanket designation of the ▮ Transcript and warned Plaintiff's counsel that they must file a motion within 30 days if they intended to maintain the confidential designation, Plaintiff's counsel responded: "[W]e have no obligation to raise your . . . re-designation attempt with the Court." Plaintiff counsel concluded, "The confidentiality designation stands . . . ." (Brettler Decl., dated Dec. 19, 2025 ¶ 5 & Ex. B.) This abuse of the discovery process and complete disregard for the terms of the governing Protective Order should not be tolerated.

    A.    **<u>Plaintiff's Blanket Sealing of the ▮ Transcript Is Prohibited, as a Matter of Law</u>**.

No good cause exists to justify a blanket sealing of the entire ▮ Transcript. Critically, courts in this Circuit "routinely deny motions to seal entire deposition transcripts when the designating party hasn't identified specific portions of the depositions that should be kept confidential." *Mad Room, LLC v. City of Miami*, No. 21-CV-23485, 2023 WL 4571157, at *5-6 (S.D. Fla. July 18, 2023) (denying motion to seal an entire deposition transcript, holding that a party designating entire deposition transcripts as confidential bears the burden of demonstrating that every portion warrants protection, and affirming unsealing where that burden was not met); *In re Zantac (Ranitidine) Prods. Liab. Litig.*, No. 20-MD-2924, 2022 WL 17480932, at *2 (S.D. Fla. Dec. 6, 2022) (finding no good cause to seal a deposition transcript in its entirety because,

3

while parts of the transcript included confidential information, other parts did not); *BMO Harris Bank, N.A. v. Richard Funding, LLC*, No. 15-CV-03886, 2018 WL 11348035, at *2 (M.D. Ga. Feb. 22, 2018) ("[W]hile the Court agrees that a party has an interest in keeping certain information confidential, the Court does not agree that entire transcripts should be sealed simply because there exists good cause to seal or redact certain portions of the transcript. The Court is not inclined to seal an entire deposition transcript unless the parties can show good cause for doing so.")

Moreover, the express terms of the Parties' Protective Order prohibit the blanket sealing of the ▮ Transcript. Indeed, the Protective Order mandates precision rather than blanket protection:

> Each Party that designates information or items for protection under this Order must take care to limit any such designation to *specific material* that qualifies under the appropriate standards. Each Party must take care to designate for protection *only those parts* of material, documents, items, or oral or written communications that qualify as Confidential information.

(Order, dated Sept. 2, 2025 [ECF No. 116] at ¶ 4) (emphasis added). Plaintiff fails to meet her burden here. Rather than identifying "specific portions" of the transcript that are deserving of protection, Plaintiff instead seeks to seal the entirety of the 85-page transcript without reason or justification. *Mad Room*, 2023 WL 4571157 at *5.

Indeed, Plaintiff's Motion makes no showing whatsoever beyond "stereotyped and conclusory statements" to justify a blanket sealing of the ▮ Transcript. *Romero*, 480 F.3d at 1247. Specifically, to justify this Court's sealing of the entire transcript, Plaintiff merely concludes that ▮ testimony "*predominantly* revolves around highly sensitive materials and conversations, the publication of which would be detrimental to [▮]." (Mot. at 3) (emphasis added.) While seemingly admitting that the entirety of the ▮ Transcript is not, in fact, confidential, Plaintiff's conclusory statement comes nowhere close to establishing good cause as a matter of law. Regardless, other than Ms. ▮ personally identifying information, which

Bonnell expressly agrees should remain sealed, nothing in the ▮ Transcript rises to the level of testimony deserving of confidential treatment. Ms. ▮ did not disclose private facts, "intimate images or videos," or "psychological, medical, or counsel records." (*See* Order, [ECF No. 116] at ¶ 2.) The Motion must be denied on that basis alone.

In a failed attempt to establish some basis for the extraordinary relief requested, Plaintiff relies on a series of inapposite criminal cases that have no relevance whatsoever to the relief requested here. (*See* Mot. at 3.) For example, Plaintiff's principal reliance on *United States v. Allmond*, 817 F. App'x 887 (11th Cir. 2020), is particularly misplaced. In *Allmond*, the court merely addressed the evidentiary limits on introducing a victim's prior sexual history in a criminal trial. *Id.* at 892-93. *Allmond* does not even address public access to judicial records or the sealing of the deposition testimony of a non-party witness.

Plaintiff's remaining authorities fare no better. *United States v. Lewis*, No. CR415-196, 2017 WL 750456, at *5 (S.D. Ga. Feb. 27, 2017), involved a criminal sex-trafficking prosecution, and the court's discussion concerned statutory protections governing the *identities* of minor victims at trial. *Id. Lewis* provides Plaintiff no support whatsoever for her blanket designation. Similarly inapposite, *Lebowitz v. United States*, No. 07-CR-0195-RWS-JFK, 2015 WL 630394, at *14 n.13 (N.D. Ga. 2015), and *Luttrell v. McDonald's Corp.*, No. 04-CV-00117-JDT-WG, 2004 WL 2750244, at *6 (S.D. Ind. Nov. 2, 2004), addressed only whether sexual-assault victims—who were minors at the time of the events—could be publicly named in pleadings or proceedings. Neither case supports the blanket sealing of judicial records and, critically, Bonnell does not object to the sealing of Ms. ▮ identifying information and will continue to maintain confidentiality over her name and any other identifying information disclosed at her deposition.

Notwithstanding Plaintiff's irrelevant authorities, blanket designations of confidentiality

5

are treated with similar scrutiny to that in cases involving minors. Courts in this district have held that generalized allegations of harm and conclusory assertions of confidentiality are insufficient to override the strong presumption of public access, especially where less restrictive alternatives are available. *Gipson v. Jones*, No. 16-CIV-24057, 2017 WL 11510284, at *2 (S.D. Fla. Feb. 8, 2017) (denying a "wholesale sealing" of court filings and holding that while "there is a need to protect the identities of the minor victim, . . . *redacting the victim's name and any other identifying information [] is a less restrictive alternative*, and Respondent has made no allegation or showing that this course would be too onerous in the instant case.") (emphasis added).

### B. Plaintiff's Contention That Bonnell "Waived" His Objection Fails as a Matter of Law.

In an effort to skirt her obligation to establish good cause justifying the requested relief, Plaintiff instead contends that Bonnell's "non-objection" to Plaintiff's designation of the ▮ Transcript as confidential, *prior to the commencement of the deposition itself*, somehow waives Bonnell's right to oppose the blanket sealing thereof. (Mot. at 1.) Plaintiff's contention is unsupported, contrary to law, and ignores the express language of the Parties' Protective Order.

As an initial matter, Plaintiff designated the ▮ Transcript as confidential *prior* to the commencement of the deposition. That Bonnell had no objection to Plaintiff's designation at that time is of no consequence. Indeed, "the right to file a document under seal does not automatically follow a confidentiality designation during discovery." *Reed v. CRST Van Expedited, Inc.*, No. 17-CV-199-T-27CPT, 2018 WL 5077179, at *2 (M.D. Fla. Apr. 17, 2018). Once Ms. ▮ testimony was complete, a determination could be made as to whether any portion of the ▮ Transcript should remain sealed. In fact, even the "parties' mutual agreement to keep documents confidential or to seal materials is 'immaterial' to a court's decision regarding the public's right of access." *Boullosa v. Equifax Info. Serv., LLC*, No. 22-CV-2642-CEH-CPT, 2024 WL 3673566, at *3 (M.D.

6

Fla. Aug. 6, 2024). "[S]ealing is not authorized by a confidentiality agreement, a protective order, a designation of confidentiality, or a stipulation" alone. *Zap Aviation, LLC v. Nxt Jet, Inc.*, No. 23-CV-1149-RBD-LHP, 2025 WL 81342, at *4 (M.D. Fla. Jan. 13, 2025).

Moreover, the terms of the Parties' Protective Order expressly preclude any such waiver due to any failure to object to Plaintiff's confidential designation:

> This Protective Order shall be without prejudice to the right of any Party or non-Party to bring before this Court *at any time* the question of whether . . . any particular document or information should or should not be designated as "CONFIDENTIAL" in accordance with the terms of this Protective Order. *Neither any Party's failure to object to any designation of information as being 'CONFIDENTIAL,' nor anything contained in this Protective Order, shall be construed as a waiver of any rights and/or defenses by any Party, including a claim that such information is not confidential.*"

(Order [ECF No. 116] at ¶ 15) (emphasis added). That Bonnell did not raise an objection to Plaintiff's designation prior to the conclusion of ▇ deposition testimony does not relieve Plaintiff of her obligation to establish good cause. Plaintiff's failure to make any such showing is fatal to her Motion.

### C. The Requested Relief Is Inconsistent with Plaintiff's Own Conduct.

Plaintiff's purported concern regarding Ms. ▇ confidentiality is undermined by her own public filings which contain unredacted, verbatim excerpts from the very documents her Motion seeks to seal. Courts routinely deny motions to seal where the movant has already publicly disclosed the purportedly confidential material. *See Mann v. DAL Glob. Servs., LLC*, No. 20-CV-02957-CAP-LTW, 2021 WL 11719793, at *3 (N.D. Ga. Nov. 9, 2021) (unsealing a pleading where plaintiff had already publicly filed the confidential material she sought to protect); *Gubarev v. BuzzFeed, Inc.*, 365 F. Supp. 3d 1250, 1257 (S.D. Fla. 2019) (holding that "if information is or already has been out in the public domain, sealing is unwarranted").

7

Here, in her Opposition to Defendant's Rule 11 Motion, Plaintiff *quoted from and discussed* portions of the ▮ Transcript without regard for her own confidentiality designation. (*See* Opp'n [ECF No. 185] at 4-5.) Plaintiff did the same in her Rule 11 Motion, again publicly quoting the very transcript she now seeks to seal. (*See* Mot. Rule 11 Sanctions [ECF No. 186] at 4-5.) Simultaneously, Plaintiff showed similar disregard for Bonnell's confidentiality designations, having quoted verbatim from Bonnell's confidential discovery communications in those same filings. (Opp'n [ECF No. 185] at 4-5; Mot. Rule 11 Sanctions [ECF No. 186] at 4-5.) Plaintiff's selective disclosure highlights the unfairness of the relief she seeks: she has publicly filed excerpts supporting her narrative while attempting to seal the remainder to avoid public scrutiny.

### D.  In Any Event, Pursuant to the Parties' Protective Order, Plaintiff's Confidential Designation of the ▮ Transcript Expires on December 21, 2025.

Absent a timely motion pursuant to the Protective Order, Plaintiff's confidentiality designation of the ▮ Transcript cannot be maintained. The Parties' Protective Order sets forth a mandatory procedure for resolving disputes over such designations:

> If at *any time* a Party wishes for any reason to dispute a designation of discovery material as confidential, such Party will notify the designating Party of such dispute in writing. . . If the Parties are unable to amicably resolve the dispute, the proponent of confidentiality may apply by motion to the Court for a ruling as to whether the designated material may. . . properly be treated as confidential, provided such motion is made *within thirty (30) days*. . . *The designating Party shall have the burden of proof on such motion to establish the propriety of its confidentiality designation*.

(Order [ECF No. 116] at ¶ 17) (emphasis added).

Here, Bonnell complied with the aforementioned procedure and formally disputed Plaintiff's blanket confidentiality designation of the ▮ Transcript, in writing, on November 21,

8

2025. (*See* Brettler Decl., dated Dec. 19, 2025, ¶ 2 & Ex. A.) From that point forward, the mandated procedure set forth in paragraph 17 of the Protective Order placed the burden squarely on Plaintiff—as the proponent of confidentiality—to seek judicial approval of her designation within thirty days if the dispute could not be resolved informally. (Prot. Order [ECF No. 116] at ¶ 17.)

Plaintiff's thirty-day deadline expires on December 21, 2025. (Brettler Decl. ¶ 4.) As of the filing of this Opposition, Plaintiff has not filed any motion seeking to sustain or justify her blanket confidentiality designation. (*Id.* ¶ 6.) Indeed, on December 5, 2025, Plaintiff's counsel expressly indicated that they had no obligation to file any such motion with the Court. (Brettler Decl. ¶ 5 & Ex. B.) Plaintiff cannot therefore rely on the instant Motion to sidestep the Protective Order's express procedures. Absent a timely motion with the requisite showing, Plaintiff cannot invoke the Protective Order as a basis for sealing, and should Plaintiff fail to file the requisite motion by December 21, 2025, her confidentiality designation will be waived by operation of its terms. Plaintiff's Motion should be denied on that independent basis.

### III.   CONCLUSION

For the reasons stated herein, Bonnell respectfully requests that the Court deny Plaintiff's Motion to Seal in its entirety.

9

Dated: December 19, 2025                                Respectfully submitted,

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580
Fax: (305) 374-7593

By: /s/ *Patricia M. Patino*
Patricia M. Patino, Esq.
Florida Bar No.: 1007702
ppatino@bilzin.com

- and -

**BERK BRETTLER LLP**
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel: (310) 278-2111

By: /s/ *Andrew B. Brettler*
Andrew B. Brettler, Esq.
California Bar No.: 262928
abrettler@berkbrettler.com
Jake A. Camara, Esq.
California Bar No.: 305780
jcamara@berkbrettler.com
Joel A Sichel
California Bar No.: 361148
jsichel@berkbrettler.com
(admitted pro hac vice)

*Counsel for Steven K. Bonnell II*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 19, 2025, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record, including those listed in the below Service List, via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ *Patricia M. Patino*
Attorney

## SERVICE LIST

*Jane Doe v. Steven K. Bonnell II*
*Case No.: 1:25-cv-20757-JB*

Carlos A. Garcia Perez, Esq.
Sanchez-Medina, Gonzalez, Quesada,
Lage, Gomez & Machado, LLP
201 Alhambra Circle, Suite 1205
Coral Gables, Florida, 33134
Email: cgarciaperez@smgqlaw.com

Joan Schlump Peters, Esq.
JSP LAW, LLC
838 Neapolitan Way, #91, Naples, FL 34103
Email: petersjoan@bellsouth.net

*Counsel for Plaintiff Jane Doe*