UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:25-cv-20757-JB/Torres

JANE DOE,

    Plaintiff,

v.

STEVEN K. BONNELL II,

    Defendant.

_____/

### DECLARATION OF ANDREW B. BRETTLER IN SUPPORT OF DEFENDANT STEVEN K. BONNELL'S OPPOSITION TO PLAINTIFF JANE DOE'S MOTION TO SEAL CERTAIN DOCUMENTS

I, Andrew B. Brettler, declare, pursuant to 28 U.S.C. § 1746 as follows:

1. I am an attorney admitted to practice *pro hac vice* in the above-captioned action. I am a partner at the law firm Berk Brettler LLP in West Hollywood, California. Along with our local counsel Bilzin Sumberg Baena Price & Axelrod LLP, we represent defendant Steven K. Bonnell II. I have personal knowledge of the matters contained herein and if called upon to testify could offer competent testimony thereto.

2. On November 21, 2025, following Plaintiff's blanket "Confidential" designation of the deposition transcript of non-party witness ▇▇▇▇▇▇, and pursuant to paragraph 17 of the Court's Protective Order [ECF No. 116], I emailed Plaintiff's counsel, Joan Schlump Peters, challenging Plaintiff's blanket designation of the entire transcript. A true and correct copy of my November 21 correspondence is attached hereto as **Exhibit A**.

3. In that correspondence, I expressly invoked Paragraph 17 of the Protective Order and requested that Plaintiff de-designate Ms. ▇▇▇▇ deposition transcript, except as to narrowly-tailored portions of the transcript containing ▇▇▇▇▇▇ personally identifying information.

4. I further notified Ms. Peters that to the extent Plaintiff does not consent to the proposed de-designation, Plaintiff must file a motion pursuant to Paragraph 17 of the Protective Order within thirty days, *i.e.* December 21, 2025.

5. Plaintiff refused to withdraw or narrow her blanket confidentiality designation in response to my request. Indeed, on December 5, 2025, Plaintiff's counsel, Joan Schlump Peters, responded to my email indicating that Plaintiff had "no obligation to raise [Bonnell's] re-designation attempt with the Court." Plaintiff's counsel concluded on her own that, "[t]he confidentiality designation stands." A true an correct copy of Ms. Peters' response is attached hereto as **Exhibit B**.

6. As of the date this Declaration, Plaintiff has not filed any motion pursuant to Paragraph 17 of the Court's Protective Order seeking a ruling from the Court to sustain or justify her blanket confidentiality designation of the ████ deposition transcript.

I declare, under penalty of perjury, that the foregoing is true and correct. Executed on December 19, 2025.

/s/ *Andrew B. Brettler*
Andrew B. Brettler