# Exhibit B

**From:** petersjoan petersjoan@bellsouth.net
**Subject:** Re: Doe v. Bonnell
**Date:** December 5, 2025 at 9:12 AM
**To:** Carlos A. Garcia Perez cgarciaperez@smgqlaw.com, Gustavo D. Lage glage@smgqlaw.com, Andrew Brettler abrettler@berkbrettler.com
**Cc:** Patricia M. Patino ppatino@bilzin.com, Jake Camara jcamara@berkbrettler.com, Joel Sichel jsichel@berkbrettler.com, Regina Peter rpeter@berkbrettler.com, Amanda Morris amorris@berkbrettler.com



Counsel:

Defendant has waived any right to object to the confidentiality designation of ▓▓▓▓▓'s deposition. At the start of the deposition, Mr. Camara stated: "You are welcome to designate this transcript as confidential pursuant to the parties' protective order in this case. We have no objection to that." Dep. Tr. p. 5. I then designated "the entire transcript and all exhibits as confidential," pursuant to the Court's protective order. Id. p. 6. No objection was made. The witness, Ms. ▓▓▓, then relied on this designation of confidentiality to testify regarding her private, intimate matters. Paragraph 2 of the Protective Order provides protection to non-party witnesses and allows evidence to be designated as Confidential if it contains private and/or sensitive information, including but not limited to: "Private information of an intimate or sexual nature that if disclosed to the public could cause harassment, embarrassment, or retaliation." ▓▓▓▓▓▓'s testimony certainly comes within this definition of Confidential, since she discusses intimate sexual activities which primarily occurred while she was a minor. For this reason, we do not consent to your "proposed de-designation" of the transcript. Your motivation for such a request is also suspect and can only be motivated by your client's desire to read the transcript aloud to his followers, thereby causing further and significant harm to Ms. ▓▓▓.
Because you explicitly waived any objection to the designation, and in fact expressly agreed to such designation, we have no obligation to raise your belated re-designation attempt with the Court. The confidentiality designation stands and any violation of that designation by the Defendant will result in sanctions.

Regards,
Joan

On Friday, November 21, 2025, 03:45:13 PM EST, Andrew Brettler <abrettler@berkbrettler.com> wrote:


Dear counsel:

We are writing pursuant to paragraph 17 of the Protective Order Governing Discovery, dated Sept. 2, 2025 [ECF No. 116] (the "Order"). Mr. Bonnell disputes and contests Plaintiff's blanket "Confidential" designation of ▓▓▓▓▓▓'s deposition transcript. Apart from protecting Ms. ▓▓▓'s personal identifying information, nothing in her testimony qualifies as "Confidential Information," under the terms of the Court's Order. *See* Order, ¶ 2.

To the extent Plaintiff does not consent to the proposed de-designation of the transcript, she must file a motion within 30 days justifying her "Confidential" designation. *Id.* ¶ 17.

Please advise whether motion practice will be necessary. Thank you.

Sincerely,

**Andrew B. Brettler** | BERK BRETTLER LLP
9119 W. Sunset Blvd. | West Hollywood, CA 90069
O: +1.310.278.2111 | M: +1.917.620.2726