**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

MIAMI DIVISION

**JANE DOE**,                                                        CASE NO: 1:25-cv-20757-JB/Torres

      Plaintiff,
v.

**STEVEN K. BONNELL II**,

      Defendant.
_____/

**PLAINTIFF JANE DOE'S REPLY IN SUPPORT OF
MOTION TO MODIFY THE SCHEDULING ORDER**

      Plaintiff Jane Doe respectfully submits this Reply in further support of her Motion to Modify the Scheduling Order (DE 184) and Supplement thereto, and in response to Defendant's Opposition (DE 196).

      Defendant's Opposition relies heavily on rhetoric, selective chronology, and mischaracterizations of the record, but it does not rebut the central showing required under Rule 16(b)(4): that the current discovery schedule could not reasonably be met despite Plaintiff's diligence, and that a modest, finite extension is necessary to permit completion of core discovery and resolution of pending discovery disputes.

      **I. Defendant Misstates the Record Concerning the Timing and Scope of Discovery**

      Defendant's argument rests on *multiple false* statements. First, he asserts that Plaintiff had "ten months" of unfettered discovery and simply failed to act. (Opp. p. 2). That premise is patently *false*. In fact, Defendant himself demonstrates that falsity by later asserting that Plaintiff "had seven months to conduct discovery." (Id. p. 6). But this is yet one more false statement by Defendant. The record is clear that the discovery period was only 3 ½ months (when the Protective

Order was entered on September 2nd until December 16th). Moreover, on November 5th, the Court entered an order staying the November 6th deposition of Defendant pending resolution of the Defendant's motion for a protective order. (See Order, DE 167). Thus, pursuant to the Court's Order, Plaintiff could not take Defendant's deposition after November 5th and thus Plaintiff only had **two months** to conduct written discovery *and* take Defendant's deposition (September 2nd to November 5th).

Second, Defendant states that there were "*four* months of inactivity prior to [Plaintiff] seeking a protective order," (Opp. p. 6), but this is *false* because Plaintiff began seeking a protective order within *one* month of the entry of the Court's scheduling order on April 4 (DE 23). On May 8, Plaintiff's counsel requested a "meet and confer to discuss a proposed stipulated confidentiality agreement and protective order." Decl. J. S. Peters, and Exh. A thereto. Defendant's counsel, Mr. Brettler was not available until May 12, four days later. After the meet and confer, Plaintiff's counsel drafted a proposed agreement and sent it on May 14. (Id.). Mr. Brettler delayed his response until May 16, and then arbitrarily insisted that the clauses protecting the identity of non-party witnesses should be deleted, despite the undisputed and on-going harassment, intimidation and doxxing of non-party witnesses by the Defendant. (Id.). Defendant's unreasonable refusal to protect the identities of non-party witnesses had no legitimate basis, and left Plaintiff with no choice but to file her Motion for a Protective Order Governing Discovery. The Defendant then further delayed the proceedings in this matter by opposing Plaintiff's Motion.

Third, Defendant *falsely* states that "the parties never agreed to stay discovery." (Opp. p. 5). Defendant once again contradicts his own falsehood by conceding, in a footnote, that the parties expressly agreed that written discovery responses and depositions would not proceed prior to the issuance of the Protective Order, which was not entered until September 2, 2025. In fact, it was

Defendant that requested that discovery be stayed, and asked that it be stayed until two weeks after the entry of the Court's Order. See Decl. J. S. Peters, and Exh. B thereto. Plaintiff, however, only agreed to a stay until 3 days after entry of the Order. Id. Defendant now attempts to falsely deny that agreement while simultaneously benefiting from it.

Thus, the basis for Defendant's opposition to the Motion rests on falsehoods and a distortion of the record.

## II. Defendant's Obstructionist Litigation Tactics Have Delayed Discovery

Once the Protective Order issued, Plaintiff promptly engaged in discovery, including written discovery, meet-and-confers regarding deficient productions, expert review of produced materials, non-party witness depositions, and efforts to schedule party depositions. Indeed, the delays in discovery and the progress of this case are directly attributable to Defendant, not Plaintiff. For example, on September 5th, three days after the entry of the Protective Order, Plaintiff timely produced her responses to written discovery and over three thousand documents. Defendant however, failed to produce any documents until over a week later. Decl. J.S. Peters.

Despite Plaintiff's meet and confer efforts to resolve multiple discovery issues and other issues, Defendant has unreasonably obstructed and opposed at every opportunity, starting with opposing the protective order governing discovery which of course is standard in a CARDII action involving intimate sexual details. Even simple requests to file a document under seal have been opposed without any valid basis. See DE 72. Indeed, Defendant's refusal to cooperate has forced Plaintiff to file unnecessary motions, to which Defendant has filed 15 oppositions to date. See DE 42, 43, 83, 92, 99, 100, 101, 109, 118, 152, 159, 162, 196, 197, 198.

DOE v BONNELL
CASE NO: 1:25-cv-20757-JB/Torres
Page 4

This is not a case where Plaintiff sat idle and then sought relief on the eve of the deadline. Rather, the record reflects active discovery following the Protective Order, followed by discovery disputes that could not reasonably be resolved before the cutoff without Court intervention.

### III. Plaintiff's Failure to File a Motion to Compel Earlier Does Not Defeat Diligence

Defendant repeatedly argues that Plaintiff's failure to file a motion to compel earlier is dispositive. Courts in this District have rejected that rigid approach where, as here, the parties were engaged in ongoing meet-and-confer efforts and supplemental productions were being promised and made.

Plaintiff documented deficiencies, conferred in good faith, and postponed motion practice in reliance on Defendant's representations that additional productions would cure the issues. When those productions failed to do so, Plaintiff timely sought Court intervention — only to be thwarted by defense counsel's refusal to appear on the Court's last available discovery-calendar date, as detailed in Plaintiff's Supplement [DE 190].

Rule 16 does not require a party to prematurely file motions to compel at the expense of cooperative discovery. Nor does it reward a party who delays or obstructs discovery and then argues that the resulting time pressure is fatal to the opposing party's request for relief.

### IV. Defendant's Reliance on Plaintiff's Deposition Dispute Is Misplaced

Defendant devotes substantial attention to Plaintiff's deposition dispute, characterizing it as recalcitrance. That issue is currently before the Court and should not be prejudged in the context of a scheduling motion.

More importantly, Defendant's argument proves too much: if the pendency of a deposition dispute were sufficient to foreclose any extension of discovery, then any party could manufacture

prejudice simply by generating motion practice near the discovery cutoff. Rule 16 does not operate that way.

The fact remains that neither party has been deposed, through no lack of effort by Plaintiff, and those depositions are central to the claims and defenses in this case. A brief extension will allow those depositions to proceed in an orderly manner once the Court resolves the pending issues.

### V. The Requested Extension Is Narrow, Finite, and Non-Prejudicial

Plaintiff does not seek a "blanket" or open-ended extension. She seeks a single, 60-day extension, with no prior extensions having been requested, and with the trial date proposed to remain in place.

Defendant identifies no concrete prejudice that would result from such an extension, beyond a generalized desire to foreclose discovery. That is not a cognizable basis to deny relief under Rule 16, particularly where the extension would facilitate resolution on the merits rather than by procedural default.

### VI. Defendant's Jurisdictional Arguments Are Irrelevant to the Scheduling Inquiry

Finally, Defendant's repeated invocation of his pending jurisdictional challenge does not defeat Plaintiff's Motion. Discovery schedules are routinely modified while dispositive motions remain pending, and Defendant cites no authority holding that a disputed jurisdictional defense bars discovery — particularly where factual issues remain contested.

Whether Defendant ultimately prevails on jurisdiction is a separate question. At this stage, Plaintiff is entitled to a fair opportunity to complete discovery authorized by the Court's existing orders.

## VII. Conclusion

The record reflects that Plaintiff acted diligently under the circumstances, that discovery disputes and procedural obstacles arose through no fault of her own, and that a modest extension is necessary to permit completion of essential discovery and resolution of pending issues.

For these reasons, Plaintiff respectfully requests that the Court grant her Motion to Modify the Scheduling Order.

Date: December 29, 2025

| | |
|---|---|
| **JSP LAW, LLC**<br>Joan Schlump Peters<br>(admitted *pro hac vice*)<br>4819 W. Blvd. Ct.<br>Naples, FL 34103<br>Tel. 305-299-4759<br>Email: petersjoan@bellsouth.net<br>Counsel for Plaintiff JANE DOE | **SANCHEZ-MEDINA GONZALEZ**<br>**LAGE GOMEZ & MACHADO, LLP**<br>CARLOS A. GARCIA PEREZ<br>Florida Bar No. 106895<br>GUSTAVO D. LAGE<br>Florida Bar No. 972551<br>201 Alhambra Circle, Suite 1205<br>Coral Gables, Florida, 33134<br>Tel.: (305) 377-1000<br>Primary E-Mail: cgarciaperez@smgqlaw.com<br>Primary E-Mail: glage@smgqlaw.com<br>Counsels for Plaintiff<br><br>   */s/ Carlos A. Garcia Perez*<br>By:_____<br>  CARLOS A. GARCIA PEREZ<br>  Attorney for Plaintiff |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 29, 2025 a true and correct copy of the foregoing was served on all parties via the CM/ECF filing portal to all counsel of record.

By: */s/ Carlos A. Garcia Perez*

CARLOS A. GARCIA PEREZ
Attorney for Plaintiff