UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(MIAMI DIVISION)

**JANE DOE,**

Plaintiff,

CASE NO: 1:25-cv-20757-JB/Torres

v.

**STEVEN K. BONNELL II,**

Defendant.

_____/

**DECLARATION OF JOAN S. PETERS PURSUANT TO 28 U.S.C. § 1746**

I, Joan S. Peters, declare as follows:

1. I am an attorney admitted to practice *pro hac vice* in the above captioned action. I have personal knowledge of the matters contained herein and if called upon to testify could offer competent testimony thereto.

2. I am submitting this declaration in support of Plaintiff's Reply to Opposition to Motion to Modify Scheduling Order.

3. On May 8, 2025, I emailed counsel for Defendant and requested a meet and confer "to discuss a proposed stipulated confidentiality agreement and protective order." See **Exhibit A** hereto, a true and correct copy of my email, and Defendant's counsel's responses. Defendant's counsel, Mr. Brettler was not available until May 12, four days later. Id.

4. After the meet and confer, I drafted a proposed agreement and sent it to opposing counsel on May 14. (Id.). Mr. Brettler delayed his response until May 16, and then arbitrarily insisted that the clauses protecting the identity of non-party witnesses should be deleted, despite the undisputed and on-going harassment, intimidation and doxxing of non-party witnesses by the

Defendant. (Id.). Defendant's unreasonable refusal to protect the identities of non-party witnesses had no legitimate basis, and left Plaintiff with no choice but to file her Motion for a Protective Order Governing Discovery.

5. On May 28, 2025, I received the following email from Mr. Brettler: "The parties' respective discovery responses are due next week. Given that Plaintiff's Motion for a Protective Order is pending and that Bonnell opposes the Motion, we propose mutually extending the parties' discovery response deadlines until two weeks after the Court rules on Plaintiff's Motion." See **Exhibit B** hereto, a true and correct copy of Mr. Brettler's email and my response. I responded that we could only agree to an extension up to three days after the Court ruled on Plaintiff's motion. Id.

6. The Court entered the Protective Order on September 2nd, and on September 5th, Plaintiff timely produced her responses to written discovery and over three thousand documents. Defendant however, failed to produce any documents until over a week later.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that, to the best of my knowledge and understanding, the foregoing is true and correct.

Executed in Naples, Florida, this 29th day of December, 2025.

*s/ Joan Schlump Peters*

Joan Schlump Peters