UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

**JANE DOE**,

    Plaintiff,

v.

CASE NO: 1:25-cv-20757-JB/Torres

**STEVEN K. BONNELL II**,

    Defendant.

_____/

**PLAINTIFF JANE DOE'S REPLY TO RESPONSE TO
MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11**

Plaintiff Jane Doe ("Plaintiff"), by and through the undersigned counsel, hereby respectfully replies to Defendant Steven K. Bonnell II's ("Bonell" or "Defendant") Response to her Motion for Rule 11 Sanctions.

**INTRODUCTION**

Instead of withdrawing his Rule 11 Motion, Bonnell doubles down on his frivolous positions and lack of candor, thereby further wasting this Court's judicial resources and needlessly multiplying these proceedings. Tellingly, Bonnell now argues that, even if Plaintiff is correct in her interpretation of Rose's testimony, the evidence is irrelevant to her allegations. However, Bonnell did not raise this argument in his Reply to Plaintiff's Response to the Motion to Dismiss (DE149), which argument is thus waived and reflects the disingenuous nature of Bonnell's evolving positions. Second, the argument was already refuted by Plaintiff. Third, by advancing this new position, Bonnell all but concedes that his Rule 11 Motion was brought for an improper purpose. Bonnell is unable to cite to a single analogous case where Rule 11 was found to have been properly invoked as a vehicle for launching ancillary litigation over a footnote based on one

1

party's skewed interpretation of mid-discovery deposition testimony. Because Rule 11 was designed to prevent precisely the type of tactic employed by Bonnell in this instance, Rule 11 sanctions should be imposed against Bonnell and his counsel to deter any such further misconduct.

## ARGUMENT

I. **Bonnell's Point About the Response Adding "Nothing New" to the Cross-Motion for Sanctions Defies Common Sense.**

Bonnell's protestation that Plaintiff's Rule 11 Motion is a carbon copy of her Opposition (DE197, at 1, 4) ignores Plaintiff's explanation that a separate Motion was filed in an abundance of caution, in light of the apparent split within this Circuit as to whether a separate Rule 11 motion should be filed under the circumstances. *Compare, e.g., Smith v. Psychiatric Sols., Inc.,* 750 F.3d 1253, 1260 (11th Cir. 2014) (cross-motion should not be mandatory when a party is forced to oppose a frivolous Rule 11 motion), with *In re BankAtlantic Bancorp, Inc. Sec. Litig.*, 851 F. Supp. 2d 1299, 1323 (S.D. Fla. 2011), *aff'd sub nom. Hubbard v. BankAtlantic Bancorp, Inc.*, 503 Fed. Appx. 677 (11th Cir. 2012) (requiring a standalone Motion) (cited at DE186:11-12). The fact that the Rule 11 Motion raises the same arguments as the Opposition is immaterial in this context:[1]

First, irrespective of whether Plaintiff filed a separate Rule 11 Motion, she was forced to respond to Bonnell's frivolous and disingenuous arguments, so she would be entitled to fees incurred in responding thereto because Bonnell should have never brought it in the first place.[2] It bears noting that, despite enjoying the benefit of evaluating Plaintiff's arguments prior to filing his Rule 11 Motion by virtue of Plaintiff's November 13 service of the Cross-Rule 11 Motion, Bonnell

---

[1] To the contrary, should the Court grant Plaintiff's Rule 11 Motion, Plaintiff would only be awarded for fees incurred in preparing her Opposition, which simplifies the process and would seem to be the fairer approach than "adding something new" to the Opposition, only to expect to be awarded fees for doing so, as Bonnell seems to suggest.

[2] Indeed, Bonnell had the benefit of evaluating Plaintiff's arguments prior to filing his Rule 11 Motion by virtue of Plaintiff's service of the Cross-Rule 11 Motion on November 13, 2025.

2

chose to continue going down this misguided path. Second, because "the filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions," Fed.R.Civ.P. 11 advisory committee's note (1993 Amendments), and the Motion and Opposition attack the same pleading, it would defy common sense for Plaintiff's Opposition to raise something "new" that is not also being raised in her related Rule 11 Motion. (Quoting DE197:1.)[3]

## II.     *Bonnell's* Conduct Is "Retaliatory"—Not Plaintiff's

Ironically, the cases Bonnell relies on for the proposition that Rule 11 should not be used as a retaliatory tool (DE197:2) squarely apply to *Bonnell*, rather than to Plaintiff. *See, e.g., Bernal v. All Am. Inv. Realty, Inc.*, 479 F. Supp. 2d 1291, 1330 (S.D. Fla. 2007) (cited by Bonnell at DE197:2) (finding that defendant used Rule 11 to launch a "'preemptive strike' … in a combative effort to minimize his clients' [conduct] and to divert this Court's attention to phantom misconduct by Plaintiff and her attorney" and "acted with an improper purpose—to harass and intimidate Plaintiff and her counsel")—conduct eerily similar to Bonnell's Rule 11 stratagem in the case at bar. It is Bonnell who initiated frivolous and strategic Rule 11 proceedings. By contrast, Rule 11 sanctions should be available to Plaintiff upon prevailing irrespective of whether such a request was made by separate motion.

Similarly, by launching premature litigation on a manufactured footnote dispute, it was *Bonnell's* decision to "squander … judicial resources." DE197:3. Again, no judicial resources are being wasted by Plaintiff's filings, given that Plaintiff must respond to Bonnell's improper Motion irrespective of the fashion in which she preserves her claim to Rule 11 sanctions.

---

[3] Bonnell goes on to baselessly argue that Plaintiff somehow "abandoned" the "bases for Rule 11 sanctions," DE197, at 1 n.1, which is directly refuted by the Plaintiff's detailed arguments. DE186.

### III. Bonnell's Explanation for Not Raising His Position in His Reply to Motion to Dismiss Is Illogical.

As Plaintiff predicted, Bonnell resorts to the peculiar argument that his Response to the Motion to Dismiss does not attack the footnote because "Bonnell could not have raised objections based on testimony that did not yet exist," DE197:4-5. As Plaintiff explained, the footnote directly addresses Bonnell's own conduct, as pertinent to the allegations against him in this action. Had Bonnell indeed harbored a legitimate intention of transforming a footnote into a summary judgment motion in purported good faith, he could have easily filed an affidavit with the Response attempting to refute the argument. Bonnell did not do so. This now unexplained omission further highlights the impropriety in Bonnell's strategy of concocting factual disputes about a footnote contained in a pleading-stage motion based on testimony later obtained, which testimony he attempts to distort to his favor. Again, if such a litigation strategy were freely available under Rule 11, federal dockets would be littered with frivolous Rule 11 motions every time a witness' deposition testimony is open to interpretation. Rule 11 was not designed for this purpose and Bonnell is well-aware of this, , given that as the cases he cited confirm this proposition.

### IV. Bonnell Fails to Refute Plaintiff's Showing of the Frivolity of the Factual Dispute He Attempts to Raise.

Unable to rebut Plaintiff's showing of Bonnell's lack of candor with this Court,[4] Bonnell newly advances the untenable position that, even if Plaintiff is correct, "whether Bonnell transmitted the Video to a minor … is entirely irrelevant to the claims Plaintiff asserts here." DE197:6. In making

---

[4] Again, contrary to Bonnell's claims, the evidence shows, *inter alia*, that (i) explicit materials were ultimately shared with Rose; (ii) Rose was aware of Bonnell being catfished through the "impostor" account and that sexually explicit materials of her would be shared with Bonnell; (iii) Bonnell was making requests for explicit materials despite strongly suspecting Rose was underage; and (iv) Rose could not have known one way or another whether it was Plaintiff who was depicted in the videos she received at the time (DE186:4-5).

this argument, Bonnell all but admits that he brought his Rule 11 Motion for an improper purpose: to attempt to prematurely dispose of issues in this case that he deems to be embarrassing and inconsequential. Again, Bonnell's alleged concern could have been addressed, e.g., by motion in limine, rather than under the inflammatory guise of Rule 11—a piecemeal strategy that is intended to intimidate Plaintiff and seeks to hastily resolve factual dispute, all the while wasting this Court's resources.[5] Moreover, Bonnell cannot escape the reality that his new position that the footnote accusation against him is "irrelevant" to this case could have been made when he filed his Reply to the Motion to Dismiss, yet he raised no such position.

Next, Bonnell's protestation that "[t]he [CARDII] statute does *not* require proof that the recipient was a minor, that the disclosure involved a minor, or that the defendant allegedly believed the recipient was a minor," DE197:6, ignores Plaintiff's detailed discussion about relevance and authorities she cited in support thereof, *see* DE186, section V; this is despite Bonnell having had more than the ordinary amount of time to respond thereto, since Plaintiff served her Rule 11 Motion on November 13. Bonnell thus misunderstands the distinction between what is "required" under CARDII and the type of evidence a plaintiff is *permitte*d to present.

The fact that the parties are accusing each other of "cherry picking" from the witness' testimony, DE186:4-6, DE197:7, only underscores the reality that Rule 11 is not a permissible vehicle for raising satellite disputes that would not withstand summary judgment scrutiny. *See, generally, Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("disputes over facts that

---

[5] Bonnell's reliance, for example, on *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90 (3d Cir. 1988) (DE197:8), for the proposition that his post-deposition Rule 11 strategy was justified misses the mark. The *Lingle* holding applies only to "valid [Rule 11] motions"—not to the repackaging of a Rule 11 motion for purposes of raising alleged factual disputes over a footnote arising from one party's self-serving characterization of mid-discovery deposition testimony. *Id.*, at 99.

might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment").

Finally, Bonnell had his chance to point to an analogous case where Rule 11 litigation was deemed to have been properly launched for purposes of resolving a factual dispute over a single footnote contained in a motion at the pleading stage. Bonnell's citations at DE197:9 do not remotely come close to such a showing. *See, Gould v. Florida Atl. Univ. Bd. of Trustees*, No. 10-81210-CIV, 2011 WL 13227873, at *5 (S.D. Fla. Nov. 15, 2011) (striking "scandalous allegations contained in the Third Amended Complaint, including all allegations that accused Defendant … of anti-Semitism," whereafter plaintiff nevertheless re-alleged these claims in the Fourth Amended Complaint); *Pigford v. Veneman*, 215 F.R.D. 2 (D.D.C. 2003) (striking an entire motion based on unfounded charges of racism against opposing counsel). Those cases are inapposite and unavailing as none are analogous to a case involve the concoction of a factual dispute over a footnote remark contained in a motion to dismiss.

## CONCLUSION

Wherefore, Bonnell's Rule 11 Motion should be denied and Plaintiff should be awarded Rule 11 sanctions for her time incurred in responding to Bonnell's Motion.

Date: December 29, 2025

Respectfully Submitted,

| | |
|---|---|
| **JSP LAW, LLC**<br>Joan Schlump Peters<br>(admitted *pro hac vice*)<br>838 Neapolitan Way, #91<br>Naples, Florida 34103<br>Tel.: 305-299-4759<br>Email: petersjoan@bellsouth.net | **SANCHEZ-MEDINA, GONZALEZ, QUESADA, LAGE, GOMEZ & MACHADO, LLP**<br>CARLOS A. GARCIA PEREZ<br>Florida Bar No. 106895<br>GUSTAVO D. LAGE, ESQ.<br>Florida Bar No. 972551<br>201 Alhambra Circle, Suite 1205<br>Coral Gables, Florida, 33134<br>Tel.: (305) 377-1000<br>Primary E-Mail Addresses:<br>cgarciaperez@smgqlaw.com;<br>glage@smgqlaw.com<br>By:   *s/ Carlos A. Garcia Perez*<br>         CARLOS A. GARCIA PEREZ |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 29, 2025 a true and correct copy of the foregoing was served on all parties via the CM/ECF filing portal to all counsel of record.

                    By:  *s/Carlos A. Garcia Perez*
                          CARLOS A. GARCIA PEREZ
                          Attorney for Plaintiff JANE DOE