UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:25-cv-20757-JB/Torres

JANE DOE,

    Plaintiff,

v.

STEVEN K. BONNELL II,

    Defendant.

_____/

## DECLARATION OF ANDREW B. BRETTLER IN SUPPORT OF DEFENDANT STEVEN K. BONNELL II'S MOTION FOR SUMMARY JUDGMENT

I, Andrew B. Brettler, declare, pursuant to 28 U.S.C. § 1746 as follows:

1. I am an attorney admitted to practice *pro hac vice* in the above-captioned action. I am a partner at the law firm Berk Brettler LLP in West Hollywood, California. Along with our local counsel at Bilzin Sumberg Baena Price & Axelrod LLP, we represent Defendant Steven K. Bonnell II p/k/a "Desiny" (hereinafter, "Bonnell"). I have personal knowledge of the matters contained herein and if called upon to testify could offer competent testimony thereto.

2. I submit this Declaration in support of Bonnell's Motion for Summary Judgment (the "Motion").

3. In support of Bonnell's Motion To Dismiss the First Amended Complaint, I submitted a declaration, dated September 19, 2025 [ECF No. 132-9] in which I explained the obstacles Bonnell encountered when trying to serve Plaintiff's star witness "Abbymc" with a subpoena. (*Id.* ¶¶ 3-12 & Exs. A-H [ECF Nos. 132-10 to 132-17].)[1]

---

[1] All redactions to the exhibits attached hereto were made to protect privacy interests and were not intended to mask any information material to the Motion.

4. Since September 2025, Bonnell has encountered further obstacles trying to serve Abbymc with a subpoena. Most of these obstacles were constructed by Plaintiff's counsel, who claim to still represent Abbymc, albeit in a limited capacity that purportedly does not authorize them to accept service of a subpoena on her behalf. As reflected herein and in the attachments hereto, Plaintiff's counsel stymied Bonnell's efforts to effect service of a subpoena on Abbymc so Bonnell could properly test the false statements contained in Abbymc's Declaration, dated April 30, 2025 [ECF No. 49-2].

5. After repeated requests from the undersigned, on October 2, 2025, Plaintiff's counsel provided Abbymc's "last known address: *169* ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮." (emphasis added). Attached hereto as **Exhibit A** is a true and correct (redacted) copy of an email, dated October 2, 2025, from Carlos A. Garcia Perez to me.

6. On October 7, 2025, counsel for the respective parties met and conferred telephonically. Among other issues discussed was Bonnell's demand for Abbymc's email address and phone number. Plaintiff's counsel indicated that they would "take under advisement" whether they were obligated to provide Abbymc's contact information. Attached hereto as **Exhibit B** is a true and correct copy of my (redacted) email, dated October 7, 2025 to Plaintiff's counsel memorializing our meet and confer discussion.

7. Later on October 7, 2025, my office served Plaintiff's counsel with a copy of the subpoena Bonnell issued to Abbymc. Attached hereto as **Exhibit C** is a true and correct (redacted) copy of the cover email and Notice of Subpoena, dated October 7, 2025, that we served on Plaintiff's counsel.

8. Our process servers were unable to find any habitable structure at the address Plaintiff's counsel provided for Abbymc. On October 15, 2025, I sent Plaintiff's counsel another

email requesting contact information for Abbymc. Attached hereto as **Exhibit D** is a true and correct (redacted) copy of my correspondence with Plaintiff's counsel, dated October 15, 2025.

9. On October 22, 2025, Plaintiff's counsel provided the "most recent telephone number" for Abbymc. Attached hereto as **Exhibit E** is a true and correct (redacted) copy of Mr. Garcia Perez's email to me, dated October 22, 2025.

10. On October 24, 2025, I texted Abbymc a copy of the subpoena using the phone number that Plaintiff's counsel provided. Attached hereto as **Exhibit F** is a true and correct (redacted) copy of my text message to Abbymc, dated October 24, 2025, enclosing a copy of the subpoena. Abbymc did not respond to my text.

11. On November 13, 2025, I again emailed Plaintiff's counsel requesting Abbymc's email address. Plaintiff's counsel, Joan Schlump Peters, responded on November 17: "[W]e provided you with her address and phone number a few weeks ago, which is the extent of our obligation under Rule 26. She recently confirmed that she is currently residing at *162* ." (emphasis added). Attached hereto as **Exhibit G** is a true and correct (redacted) copy of my correspondence with Plaintiff's counsel from November 13 and 17, 2025.

12. On November 18, 2025, Plaintiff's counsel claimed they "offered to forward" the subpoena Bonnell issued to Abbymc "as a courtesy." My colleague, Jake Camara, responded to Plaintiff's counsel pointing out they never previously offered to accept service of the subpoena to Abbymc and noting that the street address they recently provided for her was different from the one they initially provided for her. Attached hereto as **Exhibit H** is a true and correct copy of the correspondence exchanged among counsel on November 18, 2025, including a copy of the revised subpoena Bonnell issued to Abbymc.

13. Upon receiving the new street address from Plaintiff's counsel, we immediately took steps to have Abbymc served with the subpoena at the new address. Attached hereto as **Exhibit I**, is a true and correct (redacted) copy of the updated subpoena Bonnell issued to Abbymc on November 18, 2025.

14. The subpoena was served on Abbymc on November 21, 2025. Attached hereto as **Exhibit J** is a true and correct (redacted) copy of the Proof of Service, dated November 21, 2025.

15. Having received no response to the subpoena on or before the date set for production, I texted Abbymc a reminder of the deadline on December 1, 2025. Attached hereto as **Exhibit K** is a true and correct (redacted) copy of my text message to Abbymc, dated December 1, 2025.

16. To date, Abbymc has failed and/or refused to produce documents or otherwise respond to the subpoena Bonnell issued to her.

17. Attached hereto as **Exhibit L** is a true and correct (redacted) copy of the cited excerpts from the deposition transcript of AH, on October 23, 2025.

18. Attached hereto as **Exhibit M** is a true and correct copy of the cited portions of Plaintiff's testimony from the June 3, 2025 Preliminary Injunction Hearing. (*See* ECF No. 90 for the full transcript of the hearing.)

19. Attached hereto as **Exhibit N** is a true and correct (redacted) copy of the cited excerpts from the deposition transcript of MH, on December 8, 2025.

20. Attached as **Exhibit O** is a true and correct copy of the cited excerpts from Plaintiff's Responses to Bonnell's Requests for Production of Documents, Set 3.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on January 30, 2026.

                                                        /s/ *Andrew B. Brettler*
                                                          Andrew B. Brettler