# EXHIBIT O

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Miami Division

JANE DOE,　　　　　　　　　　　　　　　　　　　Case No:　1:25-cv-20757-JB/Torres

    Plaintiff,

vs.

STEVEN K. BONNELL II,

    Defendant.

_____/

**PLAINTIFF JANE DOE'S RESPONSES AND OBJECTIONS TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE**

Plaintiff, JANE DOE, by and through the undersigned counsel, and pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, hereby submits her Responses and Objections to Defendant's Request for Production of Documents, Set Three, dated October 7, 2025, as follows:

**PRELIMINARY STATEMENT**

Nothing in this response should be construed as an admission by Plaintiff with respect to the admissibility or relevance of any fact, or of the truth or accuracy of any characterization or statement of any kind contained in Defendant's interrogatories. Plaintiff has not completed her investigation of the facts relating to this case, its discovery, or its preparation for trial. All responses and objections contained herein are based only upon information presently available to and specifically known by Plaintiff. It is anticipated that further discovery, independent investigation, legal research and analysis may yield additional facts and information which may lead to additions to, changes in and variations from the responses set forth herein. The following objections and responses are made without prejudice to Plaintiff's right to produce at trial, or otherwise, evidence

**REQUEST NO. 15:**

All communications between Plaintiff and/or her counsel, on the one hand and Abby M█████, pertaining to the subpoena that Defendant issued to Abby M█████ in the above-captioned lawsuit.

**RESPONSE NO. 15 :** In addition to the General Objections, Plaintiff objects that this request is overly broad as to time and scope, seeks privileged attorney-client communications and attorney work product, and is not proportional to the needs of the case. The request encompasses communications between Plaintiff's counsel and a third-party witness, including communications made for purposes of complying with or responding to Defendant's subpoena, which are protected by Rule 26(b)(3) as work product and by Rule 26(b)(4) to the extent they involve attorney direction, impressions, or strategy. Plaintiff further objects that the request is vague and ambiguous as to the phrase "pertaining to the subpoena" because Defendant "issued" more than one subpoena to Ms. M█████ and thus it is not clear which subpoena this request is referring to. Plaintiff also objects because it would require production of counsel's privileged correspondence, drafts, and communications regarding subpoena response coordination, which are categorically protected. Subject to and without waiving these objections, Plaintiff will produce any non-privileged, non-work product communications (if any) between Plaintiff and/or her counsel and Ms. M█████ that merely acknowledge receipt of the subpoena or relate to scheduling or logistics of compliance, excluding any communications involving Plaintiff's counsel or reflecting attorney direction. Plaintiff will identify any withheld materials on a privilege log as required by Fed. R. Civ. P. 26b)(5)(A) and the Court's Local Rules.

DATED: NOVEMBER 6, 2025.

**JSP LAW, LLC**
Joan Schlump Peters
(admitted *pro hac vice*)
838 Neapolitan Way #91
Naples, FL 34103

**SANCHEZ-MEDINA GONZALEZ**
**LAGE GOMEZ & MACHADO, LLP**
CARLOS A. GARCIA PEREZ
Florida Bar No. 106895
GUSTAVO D. LAGE