UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

(MIAMI DIVISION)

**JANE DOE,**

    Plaintiff,

v.

**STEVEN K. BONNELL II,**

    Defendant.

_____/

CASE NO: 1:25-cv-20757-JB/Torres

**PLAINTIFF'S RULE 56(D) MOTION TO DENY OR DEFER
MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56(d), Plaintiff Jane Doe ("Doe") moves this Court for an order denying or deferring the time to respond to the motion for summary judgment filed by Defendant (ECF 210)("MSJ"), and respectfully states as follows:

**INTRODUCTION**

Material discovery remains outstanding in this matter, including, critically, the deposition of Defendant. Since the filing of this action, Plaintiff has acted diligently in prosecuting her claims, and the inability to complete discovery is through no fault of Plaintiff. Defendant's deposition testimony is necessary to rebut Defendant's assertion that he did not disclose the Video to Abbymc and that his disclosure to Rose did not render the Video continuously accessible. In addition, Defendant's document production is deficient and reflects indicia of alteration and improper preservation, necessitating further discovery efforts, including a motion to compel and potential spoliation relief. Plaintiff has been unable to pursue such relief to date due to Defendant's lack of cooperation and conduct that has impeded Plaintiff's discovery efforts.

1

The Court has also granted Plaintiff leave to depose Melina Goransson in Sweden; however, that deposition has not yet occurred due to the requirements of the international discovery process. The testimony of both Defendant and Ms. Goransson is material to the issues raised in Defendant's MSJ.

Accordingly, Plaintiff respectfully requests that the Court deny Defendant's MSJ without prejudice, with leave to refile after the completion of Defendant's and Ms. Goransson's depositions and the resolution of outstanding discovery issues. In the alternative, should the Court decline to deny the motion, Plaintiff requests a two-week enlargement of time from the date of such ruling to respond to Defendant's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 6(b).

## RELEVANT FACTS AND PROCEDURAL BACKGROUND

1. On February 18, 2025, Plaintiff filed her initial Complaint against Bonnell. (DE 1).

2. On April 4, 2025, the Court entered a Scheduling Order wherein it set, *inter alia*, a discovery cutoff date of December 16, 2025. (DE 23).

3. On April 3, 2025, Plaintiff moved for a preliminary injunction (DE 26); Defendant opposed on April 25 (DE 42); and Plaintiff replied on May 2 (DE 49). On June 3 a hearing was held before Magistrate Judge Torres.

4. On May 23, 2025, after Defendant refused to agree to the terms of a proposed protective order seeking to protect the confidential and intimate information of the Plaintiff and non-party witnesses, Plaintiff was compelled to file a Motion for a Protective Order Governing Discovery (DE82), which the Court granted on September 2, 2025. DE116 ("Protective Order").

5. Discovery could not commence until the Protective Order was entered, thus the discovery period was only three-and-a-half months. Decl. J. Peters, ¶2. This was further shortened

by the Stay Order, see *infra*.

6. Since the Protective Order was issued, Plaintiff diligently conducted and participated in discovery, including i) serving three requests for production of documents, a request for admissions, and interrogatories; ii) responding to Defendant's two sets of interrogatories, five requests for production of documents and producing over 3,650 documents; iii) serving multiple objection letters regarding Defendant's deficient responses to request for admissions, interrogatories and document productions and attempting to resolve discovery disputes (see *infra*); iv) three non-party witness depositions; v) representing a non-party witness' response to a subpoena duces tecum and producing over 400 documents; vi) serving six subpoena duces tecum on various entities including Kiwi Farms, Discord, Google, Instagram and also a non-party witness; vii) extensive on-going efforts to depose non-party witness Melina Goransson in Sweden; and viii) extensive efforts to coordinate party depositions. See Decl. J. Peters, ¶4.

7. On September 4, 2025, the Court granted Plaintiff's Motion to file a First Amended Complaint ("FAC"), which was filed on September 5, 2025. DEs 119, 120.

*~The Party Depositions and the Stay Order*

8. On September 17, 2025, Plaintiff's counsel requested Defendant's available dates for deposition. DEs 163-2, 163-3. On September 26, 2025, the deposition of Defendant was confirmed for November 6, 2025. DE 163-5.

9. Thereafter a scheduling dispute ensued regarding Plaintiff's deposition, and Defendant retracted his confirmation of his deposition. Decl. J. Peters, ¶¶ 11-12. On November 4, 2025, Defendant filed a Motion for Protective Order to Coordinate Deposition Scheduling (DE 163).

10. On November 5, 2025, Magistrate Judge Torres entered an order staying the

3

November 6 deposition of Defendant pending resolution of Defendant's motion for protective order. DE 167 ("Stay Order"). Defendant's motion was fully briefed and submitted to the Court on November 17, 2025. DEs 177, 179. The motion for protective order is still pending, and thus Plaintiff was precluded from taking Defendant's deposition prior to the December 16th discovery deadline. Decl. J. Peters, ¶13.

*~Motion to Dismiss and Motion to Depose Witness in Sweden*

11. On September 19, 2025, Defendant filed a Motion to Dismiss the Amended Complaint, *inter alia* raising therein factual claims, which were refuted by Plaintiff, including via expert testimony. DEs 132, 139, 147, 149, 165. The Motion to Dismiss is still pending.

12. On November 5, 2025, this Court granted Plaintiff's Motion for Issuance of Letter of Request to depose a witness in Sweden. DE166. The letter of request was sent to the US Department of State and was then submitted to the Ministry of Justice in Sweden in mid-December. Decl. J. Peters, ¶18. The Ministry of Justice has confirmed that the request is being processed, however the deposition has not yet been scheduled. Id.

*~Defendant's Deficient Document Productions and Plaintiff's Thwarted Motion to Compel*

13. On November 19, 2025, Plaintiff held a meet and confer with Defendant regarding his deficient document production and Plaintiff's intended motion to compel. DE 184, 190, 190-1. Defendant made his first production on September 12 (7 days late), Plaintiff objected via letters on September 18, October 17 and October 24, and Defendant responded with a second production on November 12, to which Plaintiff also objected on November 18. Id. Defendant agreed to make an additional production allegedly to cure the deficiencies. Defendant also agreed that if the additional production did not cure the deficiencies, defense counsel were available on December 11 or December 18, the last two dates available for discovery hearings on Magistrate Judge Torres'

4

calendar at that time. Id.

14.     On November 25, Defendant made an additional production which did not cure the noted deficiencies. Plaintiff had exhausted her efforts to resolve the deficiencies without resorting to the Court. Decl. J. Peters, ¶7.

15.     On December 3, Plaintiff contacted Magistrate Judge Torres' chambers pursuant to his Order Setting Discovery Procedures, and was informed that December 18 was the only remaining discovery-calendar date available in December. DE 184, 190.

16.     On December 4, Plaintiff advised defense counsel in writing that the supplemental production did not cure the deficiencies identified in Plaintiff's four deficiency letters, and that Plaintiff was moving forward with a motion to compel via hearing on the 18th. DE 190, 190-1, 3. Defendant's counsel, despite having previously confirmed availability, claimed that none of the four attorneys were available on the 18th. Id.

17.     Defense counsels' sudden unavailability for December 18 effectively prevented Plaintiff from obtaining judicial resolution of Defendant's discovery deficiencies, despite Plaintiff's diligence. Decl. J. Peters, ¶9.

~Expert Reports and Evidence of Spoliation

18.     On October 16, 2025, Plaintiff timely submitted to Defendant the expert reports of her forensic and medical experts, Mr. Jesus Pena, and Dr. Robert Gordon.

19.     Defendant noticed the deposition of Mr. Pena for December 16, 2025, but cancelled the deposition two days prior. Defendant never sought to depose Dr. Gordon.

20.     Mr. Pena's expert report opined that the Defendant failed to use forensically sound data preservation, and omitted the essential step of generating cryptographic hash values at the time of collection. DE 139, at 3; 139-1. Moreover, Mr. Pena opined that the documents produced

by Defendant (and relied on by Defendant in his Motion to Dismiss and now in his Motion for Summary Judgment) bear indicia of alteration and tampering. Id.

21.     The issues relating to deficient preservation and possible tampering of evidence must be explored at Defendant's deposition. Should Defendant fail to provide a credible explanation of his preservation methods and the indicia of alteration, Plaintiff will need to seek appropriate judicial relief, including spoliation sanctions. A finding of spoliation could result in an adverse inference regarding Defendant's disclosure of the Video to Abbymc, which would not only defeat summary judgment, but also support Plaintiff's punitive damages claim. Decl. J. Peters, ¶16.

*~Motion to Modify the Scheduling Order and Other Pending Motions*

22.     On December 4, 2025, twelve days before the cut off for discovery, with unresolved deficiencies in Defendant's document production, and the Stay Order still in place preventing the taking of Defendant's deposition, Plaintiff filed a Motion to Modify the Scheduling Order. DE 184. The Motion to Modify is still pending.

23.     Currently the following motions are pending resolution: Plaintiff's Motion for Protective Order Governing Public Commentary (DEs 84, 99, 104); Plaintiff's Motion for Order to Show Cause (DEs 113, 118, 130); Defendant's Motion to Dismiss (DEs 132, 139, 147, 149, 178); Defendant's Motion for Protective Order To Coordinate Deposition Scheduling (DEs 163, 177, 179); Defendant's Motion for Sanctions (DEs 183, 185, 192); Plaintiff's Motion for Sanctions (DEs 186, 197, 202); Plaintiff's Motion to Modify the Scheduling Order (DEs184, 190, 196, 200); and Joint Notice of Resolution of Confidentiality Designation and Motion for Leave to Refile Papers (DE 204).

**MEMORANDUM OF LAW**

    **I.**    **Legal Standard**

"Rule 56(d) permits a court to 'defer' or 'deny' a motion for summary judgment, allow additional time for discovery, or issue an appropriate order '[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition.'" *Taylor v. Farm Credit of N. Fla. ACA*, No. 21-13807, 2022 WL 4493044, at *3 (11th Cir. Sept. 28, 2022) (quoting Fed. R. Civ. P. 56(d))(summary judgment may be premature where important discovery remains ongoing). The Eleventh Circuit has held that summary judgment should not be granted until the party opposing the motion has had an adequate opportunity to complete discovery prior to consideration of the motion." *Snook v. Tr. Co. of Ga. Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988). See also *WSB-TV v. Lee,* 842 F.2d 1266, 1269 (11th Cir.1988). When essential discovery remains outstanding, the Court has found it appropriate to defer ruling on a motion for summary judgment until after such discovery has been completed. *Sphar v. Amica Mut. Ins. Co.*, No. 6:16-cv-2221-Orl-40TBS, 2017 U.S. Dist. LEXIS 206250, 2017 WL 6406837, at *2 (M.D. Fla. Dec. 15, 2017) (denying without prejudice as premature a motion for summary judgment, to allow time to depose critical witness).

"Whether to grant or deny a Rule 56(d) motion for discovery requires the court to balance the movant's demonstrated need for discovery against the burden such discovery will place on the opposing party." *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1280 (11th Cir. 1998). In striking this balance, though, the Eleventh Circuit has explained that Rule 56(d) "is infused with a spirit of liberality." *Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 844 (11th Cir. 1989) (quoting *Wallace v. Brownell Pontiac-GMC Co.*, 703 F.2d 525, 527 (11th Cir. 1983)). See also *Walters v. City of Ocean Springs*, 626 F.2d 1317, 1321 (5th Cir. 1980) ("Unless dilatory or

lacking in merit, [a Rule 56(d)] motion should be liberally treated.") (internal quotation marks omitted).

**II.     Argument**

A.   The Court Should Deny or Defer the MSJ Because Plaintiff Has Been Unable to Take Defendant's Deposition or Complete Other Discovery Critical to Disputing Defendant's MSJ and Statement of Undisputed Material Facts ("SUMF")

The Court should deny or defer Defendant's Motion until such time that Plaintiff can take the deposition of Defendant and complete other discovery necessary to oppose the MSJ and SUMF. The Stay Order has been in effect since November 5, 2025, effectively precluding Plaintiff from taking Defendant's deposition. Plaintiff's inability to depose Defendant is not attributable to any lack of diligence or delay on her part. To the contrary, Plaintiff actively sought to schedule Defendant's deposition beginning on September 17—approximately two weeks after entry of the September 2 Protective Order and the commencement of discovery. Decl. J. Peters ¶ 10; DE 163-5. The deposition was scheduled for November 6, at which point Plaintiff would have had sufficient time to seek appropriate discovery relief, including spoliation sanctions, prior to the close of discovery. Defendant's deposition is essential to Plaintiff's ability to meaningfully oppose the MSJ/SUMF and to demonstrate the existence of genuine disputes of material fact.

Defendant's MSJ rests on two central assertions: (i) that Defendant's disclosure of the Video to Rose occurred prior to the October 1, 2022 effective date of CARDII; and (ii) that Defendant did not disclose the Video to Abbymc. To prevail on summary judgment, Defendant must establish that both propositions are undisputed. The MSJ relies primarily on Defendant Bonnell's declaration and documents he produced and attached as exhibits to establish these allegedly uncontested facts. See DE 213; DEs 213-1–213-6.

Courts have repeatedly recognized that summary judgment is inappropriate where the

8

nonmoving party has not had an opportunity to depose the declarants whose affidavits form the basis of the motion. In a closely analogous circumstance, the Eleventh Circuit reversed the denial of a Rule 56(d) motion where plaintiffs were denied the opportunity to depose officials whose affidavits were submitted in support of summary judgment. *Jones v. City of Columbus, Ga.*, 120 F.3d 248, 253 (11th Cir. 1997). As detailed below, Plaintiff requires additional discovery to challenge Defendant's purportedly undisputed facts and to adequately respond to the MSJ.

1. <u>Defendant's Disclosure of the Video to Rose</u>

Even assuming, *arguendo*, that Defendant disclosed the Video to Rose prior to the October 1, 2022 effective date of CARDII, Plaintiff contends that the manner of that disclosure rendered the Video accessible after that date. See Decl. J. Peters ¶ 20; DE 136 at 9–11. Plaintiff must depose Defendant to determine how the Video was transmitted, whether and when Defendant deleted the Video attachment from the Discord chat thread, and Defendant's knowledge of Discord's well-documented security vulnerabilities relating to the exposure of user attachments. Decl. J. Peters ¶ 20.

Answers to these questions are directly relevant to Plaintiff's continuous accessibility theory and may yield additional evidence supporting her claims. Without Defendant's deposition testimony, Plaintiff cannot adequately address or rebut Defendant's assertions on summary judgment. Id., ¶21.

2. <u>Defendant's Disclosure of the Video to Abbymc</u>

The MSJ and SUMF rely heavily on Defendant Bonnell's declaration and certain documents he produced to support the contention that it is an undisputed fact that he did not transmit the Video to Abbymc. See DE 210 at 12–13; DE 211 ¶¶ 15–18; DE 213 ¶¶ 9–12. Defendant declares, "I have preserved the entirety of my communication logs with Abbymc,

9

including all media files. I did not transmit or otherwise disclose the Video depicting Plaintiff to Abbymc at any time." DE 213 ¶ 10. Yet Plaintiff has had no opportunity to test the veracity of this assertion through deposition testimony. Moreover, paragraphs 11 and 12 of Defendant's declaration rely on Exhibits E and F (DEs 213-5, 213-6) as purported support. Plaintiff's forensic expert has identified significant indicia of tampering and spoliation in these exhibits, raising substantial questions as to their authenticity and reliability. See DE 139 at 12–13; DE 139-1 ¶¶ 19–22.

The authenticity and provenance of Exhibits E and F must be examined through Defendant's deposition. Numerous material questions remain unanswered, including but not limited to: the steps Defendant took to preserve evidence[1]; what evidence, if any, was deleted; whether Defendant obtained or retained hash values or metadata; why his production lacks such metadata; why attachments, links, and embedded files are missing; whether Defendant used a reliable e-discovery platform; whether he used Redact to delete Discord messages; and whether communications were archived. Decl. J. Peters ¶ 23.

Particularly concerning is Exhibit E, an Excel spreadsheet that appears to have been artificially created by Defendant for purposes of supporting the Motion for Summary Judgment. Id. Plaintiff must question Defendant regarding when, how, and why Exhibit E was created, as well as inconsistencies between Exhibit E and Exhibit F. Id. For example, Exhibit E purports to list MP4 files transmitted to Abbymc, including file names, creation dates, and transmission dates; yet the file names reflect creation timestamps that postdate the alleged transmission dates. Decl. J.

---

[1] Bonnell has provided conflicting accounts of his preservation of evidence methods. During the preliminary injunction hearing he testified that he used "online platforms" to request a copy of all chat threads, DE___, p. 70, but in a declaration submitted to the Court he used a third-party app "called Discord Log Exporter to export all relevant messages into an HTML file." DE 42-1.

Peters, ¶24. And a comparison of the time stamps and Google Drive file identifiers in the two URLs from the chat thread in Exhibit F do not match the same from the spreadsheet list the Defendant prepared of media files sent to Abbymc in Exhibit E. See Decl. J. Peña, DE 139-1, ¶19. These inconsistencies require explanation and cannot be resolved without Defendant's testimony. Id., ¶ 25.

Defendant's assertion that he "preserved the entirety" of his communications with Abbymc further necessitates inquiry into what Defendant considers preserved communications, how those records were generated, and the role of Redact or other tools in producing Exhibits E and F. Decl. J. Peters ¶ 26. If Defendant cannot authenticate these exhibits and establish their reliability—which is presently in serious doubt—he cannot rely on them to support summary judgment on the issue of disclosure to Abbymc. Id.

Plaintiff has been denied the opportunity to examine Defendant regarding the exhibits that form the crux of the Motion for Summary Judgment. Allowing Plaintiff to obtain Defendant's deposition testimony is essential to developing the factual record necessary to oppose summary judgment. Decl. J. Peters ¶ 27. Precluding Plaintiff from doing so would substantially prejudice her ability to oppose the Motion for Summary Judgment and would impair her ability to fully prosecute her claims, including her claim for punitive damages. Id.

### B. Defendant's Failure to Comply with Discovery Obligations Independently Warrants Denial or Deferral of the MSJ

Denial or deferral of Defendant's Motion for Summary Judgment is independently warranted because Defendant's document production remains incomplete and deficient. Decl. J. Peters ¶ 28. The missing discovery bears directly on Plaintiff's ability to rebut Defendant's assertion that no genuine disputes of material fact exist. Defendant should not be permitted to seek summary judgment while failing to comply with his discovery obligations.

As detailed in the Declaration of J. Peters, Defendant repeatedly failed to produce documents responsive to Plaintiff's requests despite multiple written objections and several meet-and-confer efforts. Id. ¶¶ 5-9. For example, Plaintiff requested the production of all documents identified by Defendant as being in his possession in his Initial Disclosures; however, Defendant never produced those materials. Id. ¶ 5 According to Defendant's Initial Disclosures, these documents included, inter alia, communications between Plaintiff and third parties concerning Defendant; Plaintiff's social media posts concerning Defendant; Plaintiff's Substack statements concerning Defendant; KiwiFarms data concerning Plaintiff and Defendant; YouTube videos; Twitter posts regarding Plaintiff and/or Defendant; and messages exchanged via Instagram, Snapchat, Telegram, WhatsApp, and Signal regarding Plaintiff and/or Defendant. Id. ¶ 5 n.1.

Additionally, Defendant failed to produce attachments or embedded links sent by him in chat threads, including the chat thread between Defendant and Abbymc. Id. ¶ 5. Instead, Defendant produced only attachments sent by Abbymc. The missing attachments are directly relevant to rebutting Defendant's purportedly undisputed facts and are material to the issues raised in the MSJ. Id.

Plaintiff will be required to seek relief through a motion to compel. However, due to Defendant's dilatory conduct and the timing of the Protective Order and commencement of the active discovery phase, Plaintiff could not reasonably have brought such a motion earlier. Id. ¶¶ 6-8. Plaintiff attempted to schedule a discovery hearing before Magistrate Judge Torres, but despite having previously represented their availability, Defendant's four attorneys claimed they were all unavailable on the final available hearing date in December. Id.

Defendant now seeks to benefit from his deficient and dilatory discovery conduct—and from his asserted unavailability—by pursuing a one-sided Motion for Summary Judgment. Rule

56(d) exists precisely to prevent such an outcome. Under these circumstances, Defendant's Motion for Summary Judgment should be denied or, at a minimum, deferred until Defendant has complied with his discovery obligations and Plaintiff has had a fair opportunity to obtain and present material evidence.

### C. Issues of Authenticity, Tampering and Spoliation Must Be Resolved Before Summary Judgment Can Be Determined

Plaintiff has uncovered substantial grounds for a potential spoliation claim based on her forensic expert's findings concerning Defendant's document production. These findings necessitate additional discovery—most notably, the deposition of Defendant—and potentially related motions. Plaintiff's inability to pursue this discovery earlier is through no fault of her own, but rather stems from Defendant's apparent misconduct. See Facts ¶¶ 19–22, *ante*; DEs 139-1, 147-1; Decl. J. Peters ¶ 29.

Defendant failed to employ forensically sound data preservation practices and omitted the critical step of generating cryptographic hash values at the time of collection. DE 139 at 3; DE 139-1. Moreover, the documents Defendant produced—and upon which he relied both in his Motion to Dismiss and now in his Motion for Summary Judgment—bear indicia of alteration and tampering. Id. The issues relating to deficient preservation and potential evidence manipulation must be explored through Defendant's deposition. Decl. J. Peters ¶ 30.

Inquiry into Defendant's preservation methods, tools, collection dates, sources of electronically stored information, digital fingerprints, metadata, and hash values is necessary to assess the scope and impact of the spoliation issues, which may materially prejudice Plaintiff's claims and potential damages. Id.¶ 31. Should Defendant fail to provide a credible explanation for his preservation practices and the apparent indicia of alteration, Plaintiff will be required to seek appropriate judicial relief, including spoliation sanctions. Id.

13

Plaintiff could not have sought spoliation sanctions prior to deposing Defendant without risking denial of such a motion as premature. Courts have consistently held that spoliation determinations should await the development of a substantial factual record. *Ward v. Copenhaver*, No. 3:22-cv-00250-LPR-BBM, 2025 U.S. Dist. LEXIS 205719, at *27–30 (E.D. Ark. Oct. 20, 2025) (citing *Swindell Dressler Int'l Co. v. Travelers Cas. & Sur. Co.*, 827 F. Supp. 2d 498, 508 (W.D. Pa. 2011)). Although Rule 37 does not specify a deadline for filing spoliation motions, courts recognize that such motions may be brought either too late or too early. *See* 7 Moore's Federal Practice, § 37.121B at 37-227 (3d ed. 2025); *Groves Inc. v. R.C. Bremer Mktg. Assocs.*, No. 22 CV 50154, 2024 U.S. Dist. LEXIS 213009, 2024 WL 4871368, at *4 (N.D. Ill. Nov. 22, 2024).

Here, unresolved factual questions required Defendant's deposition before Plaintiff could responsibly pursue spoliation sanctions. Following that deposition, Plaintiff anticipates being able to establish Defendant's bad-faith spoliation of evidence that underlies his Motion for Summary Judgment and to seek an adverse inference that Defendant disclosed the Video to Abbymc—an inference that would preclude summary judgment, and support Plaintiff's claims at trial. Decl. J. Peters, ¶ 32. A finding of spoliation would also provide independent support for Plaintiff's claim for punitive damages. Id.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny or defer Defendant's MSJ as premature, as critical discovery remains outstanding. Precluding Plaintiff from completing this discovery, including but not limited to the depositions of Defendant and Melina Göransson,[2] and the pursuit of a motion to compel and for spoliation sanctions, would

---

[2] The sought-after discovery from Göransson will likely prove highly material to the prosecution of this action, and lead to admissible relevant evidence, including potentially Defendant's disclosure of the video to other women.

substantially prejudice her ability to oppose the MSJ. Balancing Plaintiff's demonstrated need for discovery against any burden such discovery may impose on Defendant, and applying the Eleventh Circuit's "spirit of liberality," the balance weighs decidedly in Plaintiff's favor. *Reflectone, Inc.*, 862 F.2d 841, 844. The discovery sought is routine in litigated matters, and Defendant will suffer no prejudice, as he may refile his MSJ after the completion of discovery.

Alternatively, should the Court deny this Rule 56(d) Motion, Plaintiff respectfully seeks, pursuant to Federal Rule of Civil Procedure 6(b), a two-week enlargement of time from the date of such ruling to file her opposition to the MSJ. Good cause exists for such an extension, as Plaintiff filed this Motion in good faith and without any intent to delay the proceedings. Moreover, had Plaintiff filed a substantive opposition to the MSJ contemporaneously with this Rule 56(d) Motion, she would have risked waiving the protections afforded by Rule 56(d). See *Burns v. Town of Palm Beach*, 343 F. Supp. 3d 1258, 1262 (S.D. Fla. 2018). As the court explained in *Burns*, "[t]he protection afforded by Rule 56(d) is an alternative to a response in opposition to summary judgment under Rule 56(e) and is designed to safeguard against a premature or improvident grant of summary judgment." *Id.* (emphasis in original).

WHEREFORE, Plaintiff respectfully requests that this Court grant this Rule 56(d) Motion, or alternatively grant a two-week enlargement of time to respond, and allow such other relief as warranted.

---

Göransson is the former spouse of the Defendant, and is uniquely positioned to provide evidence of the conduct complained of in the Amended Complaint, as well as similar conduct that she was a witness to. By way of example, Göransson is the recipient of certain sexually explicit materials involving Plaintiff. Göransson is expected to corroborate Plaintiff's allegations, including those allegations regarding Bonnell's lack of consent to disclose the Video. Moreover, Göransson is—or is believed to be—another victim of Bonnell's unlawful conduct. Finally, Göransson would testify to Bonnell's character, as it is relevant to this case.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

On February 10, 2026, counsel for Plaintiff conferred with counsel for Defendant on the relief requested herein in a good faith effort to resolve the issues raised in this Motion. Defendant opposes this Motion.

Dated: February 13, 2026.

Respectfully submitted,

| | |
|---|---|
| **JSP LAW, LLC** | **SANCHEZ-MEDINA GONZALEZ** |
| Joan Schlump Peters | **LAGE GOMEZ & MACHADO, LLP** |
| (admitted *pro hac vice*) | CARLOS A. GARCIA PEREZ / Fla Bar 106895 |
| 838 Neapolitan Way, #91 | GUSTAVO D. LAGE / Fla Bar 972551 |
| Naples, FL 34103 | 201 Alhambra Circle, Suite 1205 |
| Tel. 305-299-4759 | Coral Gables, Florida, 33134 |
| Email: petersjoan@bellsouth.net | Tel. (305) 377-1000 |
| Counsel for Plaintiff JANE DOE | Primary E-Mail: cgarciaperez@smgqlaw.com |
| | Primary E-Mail: glage@smgqlaw.com |
| | Counsels for Plaintiff JANE DOE |

By:_____
      CARLOS A. GARCIA PEREZ

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 13, 2026, a true and correct copy of the foregoing was served on all parties via the CM/ECF filing portal to all counsel of record.

By: _____
       CARLOS A. GARCIA PEREZ
       Attorney for Plaintiff