UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:25-cv-20757-JB/Torres

JANE DOE,

    Plaintiff,

v.

STEVEN K. BONNELL II,

    Defendant.

_____/

**DEFENDANT STEVEN K. BONNELL II'S NOTICE OF NON-OPPOSITION TO AND REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**I.**     **PLAINTIFF'S FAILURE TO OPPOSE BONNELL'S MOTION FOR SUMMARY JUDGMENT IS FATAL TO HER CLAIMS.**

Plaintiff failed altogether to oppose Bonnell's Motion for Summary Judgment [ECF No. 210]. Plaintiff did not submit any purported evidence or even attempt to raise any material issues of disputed fact within her response deadline. Instead, Plaintiff waited a full two weeks after Bonnell filed his Motion, and *two months* after the close of discovery, to ask the Court to delay ruling on, or altogether deny, the Motion, under Rule 56(d).[1]

Plaintiff's failure to oppose Bonnell's Motion is telling. By seeking alternative relief under Rule 56(d), Plaintiff admits that no evidence exists to establish the Court's subject matter jurisdiction and she "cannot present facts essential to justify [her] opposition" to summary judgment. *See* Fed. R. Civ. P. 56(d). Any delay or failure to obtain evidence within the discovery period is a crisis of Plaintiff's own making. As described in Bonnell's Opposition to Plaintiff's untimely Motion To Modify the Scheduling Order, Plaintiff sat on her hands for months without taking any steps to prosecute her lawsuit and "did nothing to advance discovery." [ECF No. 196

---

[1] Bonnell will separately oppose and respond to Plaintiff's Rule 56(d) motion [ECF No. 216].

at 6]. Her plea for more time to conduct discovery that could have been conducted last year should be denied, and the Court should grant Bonnell's Motion for Summary Judgment.

      A year after filing her Complaint, and two months after the close of discovery, Plaintiff asserts that she needs additional time to embark on a fishing expedition to Sweden to depose Bonnell's ex-wife, yet Plaintiff has not and cannot "set forth with particularity the facts [she] expects to discover and how those facts would create a genuine issue of material fact precluding summary judgment." *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1280 (11th Cir.1998). Indeed, such testimony has no bearing whatsoever on whether the Court has subject matter jurisdiction in this case, and, critically, nothing prevented Plaintiff from diligently pursuing such discovery within the ten-month discovery period.

      Plaintiff's assertion that she needs additional time to depose Bonnell about alleged "spoliation of evidence" is equally absurd. Plaintiff, through her counsel has accused Bonnell of spoliation since at least the first hearing in the case nearly a year ago. There is no evidence whatsoever of spoliation. Accordingly, Plaintiff has not filed a motion against Bonnell seeking sanctions for alleged spoliation. If anyone has abused the discovery process in this case it was Plaintiff herself, who failed to appear for her own properly noticed deposition. In fact, in light of Plaintiff's conduct, the Court stayed Bonnell's deposition and ordered Plaintiff to show cause as to why sanctions should not be imposed against her. (*See* Paperless Order, dated Nov. 5, 2025 [ECF No. 167].)

      This case is ripe for summary judgment. Since filing the Complaint in February 2025, Plaintiff has failed to produce any evidence to demonstrate that Bonnell ever transmitted the sexually explicit Video she voluntarily recorded with him, in September 2020, to anyone after October 1, 2022, the date the relevant federal statute (i.e., CARDII) went into effect. Plaintiff's

opportunity to establish subject matter jurisdiction has come and gone. Her failure to timely oppose Bonnell's Motion for Summary Judgment demonstrates the appropriateness of the requested relief. Because the Court lacks subject matter jurisdiction over this dispute, it must dismiss the case.

## II.     CONCLUSION

For these reasons, and the reasons set forth in Bonnell's Motion, Bonnell respectfully requests that the Court grant the Motion for Summary Judgment in its entirety.

Dated: February 19, 2026

Respectfully submitted,

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580
Fax: (305) 374-7593

By: /s/ *Michael S. Morgan*
Michael S. Morgan
Florida Bar No.: 1061173
mmorgan@bilzin.com

and

**BERK BRETTLER LLP**
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel: (310) 278-2111

By: /s/ *Andrew B. Brettler*
Andrew Brad Brettler
California Bar No.: 262928
abrettler@berkbrettler.com
Jake A. Camara
California Bar No.: 305780
jcamara@berkbrettler.com
Joel Sichel
California Bar No: 361148
jsichel@berkbrettler.com
(admitted *pro hac vice*)

*Counsel for Steven K. Bonnell II*

4

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 19, 2026, a true and correct copy of the foregoing was served on all parties via electronic transmission to counsel of record for these parties.

By: /s/ *Michael S. Morgan*
Michael S. Morgan

## SERVICE LIST
*Jane Doe v. Steven K. Bonnell II*
*Case No.: 1:25-cv-20757-JB*

| | |
|---|---|
| Carlos A. Garcia Perez, Esq. Sanchez-Medina, Gonzalez, Quesada, Lage, Gomez & Machado, LLP 201 Alhambra Circle, Suite 1205 Coral Gables, Florida, 33134<br>Email: cgarciaperez@smgqlaw.com | *Counsel for Jane Doe* |
| Joan Schlump Peters, Esq.<br>JSP LAW, LLC<br>838 Neapolitan Way, #91, Naples, FL 34103<br>Email: petersjoan@bellsouth.net | |