UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:25-cv-20757-JB/Torres

JANE DOE,

    Plaintiff,

v.

STEVEN K. BONNELL II,

    Defendant.

_____/

### DEFENDANT STEVEN K. BONNELL II'S OPPOSITION TO PLAINTIFF'S RULE 56(d) MOTION TO DENY OR DEFER RULING ON BONNELL'S PENDING MOTION FOR SUMMARY JUDGMENT

**I.    INTRODUCTION**

Discovery closed two months ago, yet Plaintiff failed altogether to oppose Bonnell's Motion for Summary Judgment [ECF No. 210] (the "MSJ"). She did not submit any evidence, or even attempt to raise any material issues of disputed fact within her response deadline. Instead, Plaintiff waited a full two weeks after Bonnell filed his MSJ, and *two months* after the close of discovery, to ask the Court to delay ruling on, or altogether deny, the MSJ, under Rule 56(d)—not because she diligently pursued discovery and was thwarted by circumstances beyond her control, but because she disregarded her discovery obligations, failed to prosecute the case within the Court-ordered deadlines, and failed to promptly seek the relief she now belatedly seeks.

While Plaintiff's Rule 56(d) Motion is replete with efforts to divert attention from the jurisdictional defect at the heart of this case, the evidentiary record developed over ten months confirms what has been clear from the outset: Since filing the Complaint in February 2025, Plaintiff has failed to produce any evidence to demonstrate that Bonnell ever transmitted the sexually explicit Video she voluntarily recorded with him, in September 2020, to anyone after October 1, 2022, the date the relevant federal statute (i.e., CARDII) went into effect. Indeed, by

failing to oppose Bonnell's MSJ and instead pursuing relief under Rule 56(d), Plaintiff admits that no evidence exists to establish the Court's subject matter jurisdiction here.

Now, a year after filing her Complaint, Plaintiff pleas for additional time to file discovery motions, depose Bonnell, and embark on a fishing expedition to Sweden to depose Bonnell's ex-wife. Critically, nothing prevented Plaintiff from diligently pursuing such discovery within the ten-month discovery period. Indeed, the docket reflects that Plaintiff was hardly reluctant to file motions throughout this case, yet she failed to file the discovery motions to obtain the evidence she now insists is indispensable. Plaintiff provides no basis, let alone a justification, for her failure to seek relief within the deadlines imposed by this Court, and Plaintiff's lack of diligence is fatal to her Rule 56(d) Motion as a matter of law.

Even if Plaintiff had been diligent in obtaining discovery (she was not), the speculative testimony and evidence she now seeks from Bonnell and his ex-wife has no bearing whatsoever on whether the Court has subject matter jurisdiction in this case. Plaintiff's opportunity to establish subject matter jurisdiction has come and gone. Plaintiff's Rule 56(d) Motion should be denied, and the Court should grant Bonnell's MSJ in its entirety.

II.     **LEGAL STANDARD**

Rule 56(d) provides a limited shelter against premature motions for summary judgment where a non-movant cannot present facts essential to justify her opposition. If the nonmovant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the district court may defer considering the motion, deny the motion, allow additional time to obtain affidavits or declarations or to conduct discovery, or issue another appropriate order. Fed. R. Civ. P. 56(d). To satisfy her burden, a party requesting relief under Rule 56(d) "must present an affidavit containing specific facts explaining [her] failure to respond to the adverse party's motion for summary judgment via counter affidavits establishing genuine issues of material fact for trial." *Kohser v. Protective Life Corp.*, 649 F. App'x 774, 776 (11th Cir. 2016).

Critically, where a party "had ample time and opportunity to complete discovery, but failed to diligently pursue her options, a motion for additional discovery should be denied." *Id.* "A party

will not be entitled to further discovery under Rule 56(d) where the absence of evidence crucial to [her] case is the result of that party's lack of diligence in pursuing such evidence through the discovery it was permitted." *Cordero v. Readiness Mgmt. Support, L.C.*, No. 11-CV-1692-Orl-19DAB, 2012 WL 3744513, at *6 (M.D. Fla. Aug. 29, 2012); *see also Daniels v. Dollar Tree Stores, Inc.*, No. 23-CV-38 (CDL), 2024 WL 1807936, at *2 (M.D. Ga. Apr. 25, 2024) ("Rule 56(d) relief is not generally available to a party who had a reasonable opportunity to conduct discovery and was not diligent in doing so").

Even where a plaintiff can demonstrate diligence in conducting discovery, a party "may not simply rely on vague assertions that discovery will produce needed but unspecified facts," but must specifically demonstrate "how postponement of a ruling on the motion will enable [her], by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *City of Miami Gardens v. Wells Fargo & Co.*, 931 F.3d 1274, 1287 (11th Cir. 2019); *see also Smedley v. Deutsche Bank Tr. Co. Ams.*, 676 F. App'x 860, 861-62 (11th Cir. 2017) (same); *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1280 (11th Cir. 1998) (a Rule 56(d) motion must "set forth with particularity the facts the moving party expects to discover and how those facts would create a genuine issue of material fact precluding summary judgment."). A moving party must "specifically demonstrate how discovery would show a genuine issue of fact." *Burns v. Town of Palm Beach*, 999 F.3d 1317, 1334 (11th Cir. 2021).

### III.     PLAINTIFF CANNOT SATISFY HER BURDEN UNDER RULE 56(d).

Plaintiff contends that relief under Rule 56(d) is warranted for three reasons, none of which have merit, and all of which highlight Plaintiff's own lack of diligence in conducting discovery. Specifically, Plaintiff contends that the requested relief is warranted because (i) she has been unable to take the depositions of Bonnell or his ex-wife Melina Göransson (R. 56(d) Motion [ECF No. 216] at 1, 8, 14); (ii) Bonnell's "document production is incomplete" and will require a future motion to compel (*id.* at 11); and (iii) additional time is needed to investigate "potential spoliation" by Bonnell (*id.* at 13). None of Plaintiff's purported grounds warrant relief as a matter of law.

A.      **Plaintiff's Failure To Pursue Discovery Diligently Precludes Rule 56(d) Relief.**

Critically, Rule 56(d) does not shield litigants from the consequences of their own inaction. In other words, the parties cannot play "fast and loose" with court deadlines and then rely on Rule 56(d) to excuse their "failure to conduct discovery or present evidence in opposition to summary judgment." *Mijne v. Experian Info. Sols., Inc.*, No. 23-22694-CIV, 2024 WL 1655475, at *4 (S.D. Fla. Apr. 17, 2024). Plaintiff's failure to oppose Bonnell's MSJ cannot be excused by Plaintiff's ten-months of inactivity.

Courts have consistently held that where a party "had ample time and opportunity for discovery, yet failed to diligently pursue [her] options," denial of Rule 56(d) relief is appropriate. *Smith v. Acting Sec'y, U.S. Dep't of Homeland Sec.*, 819 F. App'x 774, 776 (11th Cir. 2020); *see also Williams v. Ala. Dep't of Indus. Rels.*, 684 F. App'x 888, 897 (11th Cir. 2017) (affirming denial of Rule 56(d) motion and holding that courts have routinely "affirmed denials of such motions where the movant had ample time and opportunity for discovery, yet failed to diligently pursue his options"); *Kohser*, 649 F. App'x at 776 (affirming denial of Rule 56(d) relief where plaintiff "was not diligent in completing her discovery" and waited seven weeks after the close of discovery to seek relief); *In re Chiquita Brands Int'l, Inc.*, No. 07-60821-CIV, 2021 WL 4972740, at *5 (S.D. Fla. Mar. 15, 2021) ("Plaintiffs' failure to pursue discovery opportunities efficiently is one justification for denying their Rule 56(d) request, and their delay in bringing their current Rule 56(d) motion is a second."); *Kirksey v. Wal-Mart Stores E., LP*, No. 19-CV-00228-SCJ, 2021 WL 4865283, at *5 (N.D. Ga. Mar. 15, 2021) ("[C]ourts have denied Rule 56(d) motions when the party has waited months after the discovery period ended to request relief."); *Cordero*, 2012 WL 3744513 at *6 ("a party will not be entitled to further discovery under Rule 56(d) where the absence of evidence crucial to its case is the result of that party's lack of diligence in pursuing such evidence through the discovery it was permitted").

Here, discovery closed on December 16, 2025. Plaintiff had approximately ten months to conduct discovery in this case. Her contention that the "active discovery period" lasted just "three-and-a-half months" is absurd. (R. 56(d) Mot. at 2.) Similarly absurd is her claim that "discovery

4

could not commence until the protective order was entered." (*Id.*) Specifically, in her Rule 56(d) Motion, Plaintiff falsely contends that discovery did not commence, or somehow was "on hold," until entry of the Protective Order on September 2, 2025. Not so. First, the parties never agreed to stay discovery, nor did the Court ever issue an order staying discovery in the case. Further, Plaintiff did not move for a protective order until June 2, 2025—nearly *four months* after filing suit. Plaintiff did nothing to advance discovery at any point.

Even assuming, *arguendo*, that discovery was constrained during the pendency of her motion for protective order, Plaintiff still had approximately seven months to conduct discovery, which is more than adequate as a matter of law. *See Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 844 (11th Cir. 1989) (that plaintiff "chose to suspend its discovery efforts pending the resolution of a motion for a protective order" did not justify Rule 56(d) relief); *Mijne*, 2024 WL 1655475 at *3-4 (denying Rule 56(d) motion and holding that the plaintiff had "ample opportunity—six months—to conduct discovery in this factually and legally straightforward case," which concerned only "a single, uncomplicated claim against a single Defendant"); *Black Box Royalties, Inc. v. Universal Music Publ'g, Inc.*, 839 F. App'x 346, 347-49 (11th Cir. 2020) (affirming denial of Rule 56(d) motion in light of a "clear scheduling order" that "gave the parties four months to complete discovery").

Each of Plaintiff's purported grounds for relief under Rule 56(d) could have been, and should have been pursued during the ten-month discovery period. Plaintiff offers no reasonable justification for her failure to do so; her inaction over the course of a year precludes relief under Rule 56(d) as a matter of law.

> **B.     Plaintiff's Failure To Depose Bonnell Was the Result of Her Own Lack of Diligence and Her Failure To Appear for Her Own Deposition.**

Plaintiff's Rule 56(d) Motion rests primarily on the assertion that "due to Defendant's lack of cooperation and conduct," she has been deprived of the opportunity to depose Bonnell. (*See* R. 56(d) Mot. at 1.) Plaintiff's assertion is unpersuasive and blatantly disregards the record as well as

this Court's prior order concerning party depositions. Any delay in obtaining Bonnell's deposition is the result of Plaintiff's own recalcitrance.

To be clear, Plaintiff failed to appear for her noticed deposition on November 3, 2025, nor did she seek a protective order or any other timely judicial relief to excuse her nonappearance. (Def.'s Mot. for Protective Order [ECF No. 163] at 5-6.) On November 5, the Court ordered Plaintiff to show cause "why a timely motion for protective order was not filed when knowledge of a dispute materialized, why sanctions should not be entered under Rule 37, or alternatively why good cause exists nunc pro tunc to excuse Plaintiff's non-attendance at her deposition." (Paperless Order [ECF No. 167].) Due to Plaintiff's unexcused failure to appear for her own deposition, the Court ordered Bonnell's deposition stayed pending further order of the Court. (*Id.*)

Plaintiff cannot now rely on her own failure to appear for deposition to justify her purported need for relief under Rule 56(d). In fact, while Plaintiff seeks a *de facto* extension of the discovery period under Rule 56(d), the Court is currently deciding, on its own motion, whether to sanction Plaintiff and her attorneys for misuse and/or abuse of the discovery process. Indeed, had Plaintiff either appeared for her deposition as noticed, or sought timely protective relief, the party depositions could have—and would have—proceeded, as scheduled, over three months ago.

Even if Plaintiff had been diligent in obtaining discovery—she was not—she fails to identify how Bonnell's deposition is "essential" to oppose his MSJ. *Smedley*, 676 F. App'x at 861-62 (holding that, under Rule 56(d), the nonmovant must specify the facts that are "essential to justify its opposition" to summary judgment, and holding that "vague assertions that additional discovery will produce needed, but unspecified facts" are insufficient). The sole and dispositive issue raised in Bonnell's MSJ is subject matter jurisdiction—specifically, whether any transmission of the Video occurred after the effective date of the federal CARDII statute. Bonnell has repeatedly testified that no such transmission occurred, including at the June 3, 2025 hearing on Plaintiff's Motion for Preliminary Injunction, where Plaintiff had the opportunity to cross-examine Bonnell on this very issue. Plaintiff has had over a year to marshal evidence on that narrow jurisdictional question. Yet Plaintiff cannot point to a single document, message, metadata

6

record, or witness statement establishing subject matter jurisdiction. Indeed, the evidence in the record demonstrates just the opposite—no such transmission occurred. Bonnell's deposition will not change that fact.

Plaintiff's sole reliance on *Jones v. City of Columbus*, 120 F.3d 248 (11th Cir. 1997) is misplaced. In *Jones*, unlike Bonnell here, the defendant moved for summary judgment just a few months after the case was filed. *Id.* at 250. In the meantime, defendant withheld critical documents and witnesses in discovery, yet defendant relief on those same documents and witnesses in seeking summary judgment. *Id.* at 253. The appellate court reversed summary judgment on that basis. *Id.* But here, Bonnell has not withheld any documents or interfered with any witnesses. Each and every exhibit cited in his MSJ was previously produced during discovery.

Plaintiff may not ignore available discovery during the court-ordered period and then seek refuge in Rule 56(d) after summary judgment has been filed. Her inability to depose Bonnell is not the result of any obstruction by Bonnell, but rather the result of Plaintiff's failure to prosecute discovery during the time allotted. Her Motion should be denied, especially considering that Plaintiff already had the opportunity to cross-examine Bonnell at the June 3, 2025 evidentiary hearing.

**C.    Plaintiff's Failure To File Timely Discovery Motions Precludes Rule 56(d) Relief as a Matter of Law.**

Plaintiff contends that Rule 56(d) relief is warranted because Bonnell's "document production remains incomplete and deficient" and "Plaintiff will be required to seek relief through a motion to compel." (R. 56(d) Mot. at 11-12.) Critically, despite that Plaintiff now asserts Bonnell's document production and discovery responses are inadequate, she had several months to file a motion to compel, yet never did so. Plaintiff's failure is fatal to her Rule 56(d) Motion. *See Dorey v. Hartmann*, No. 22-CV-657-WFJ-PRL, 2025 WL 90050, at *2 (M.D. Fla. Jan. 14, 2025) (denying Rule 56(d) motion and holding that plaintiff "could have filed a motion to compel during the six-month discovery period" and "does not explain his failure to do so"); *Ward v. Anixter, Inc.*, No. 21-CV-0468-SEG, 2023 WL 11909432, at *16 (N.D. Ga. Oct. 17, 2023)

7

(denying Rule 56(d) motion on the grounds that plaintiff could have sought to compel the documents he now seeks within the discovery period, but he did not"); *Muhammad v. Audio Visual Servs. Grp.*, No. 08-CV-0693-CAM-SSC, 2009 WL 10666375, at *5 (N.D. Ga. July 30, 2009) (denying Rule 56(d) motion where litigant failed to "explain[ ] why he did not make use of the various discovery mechanisms available to obtain this material, such as a motion to compel"). Plaintiff's Motion neither explains nor justifies her failure to move to compel within the discovery period, and her failure to do so precludes the requested relief.

Similarly, Plaintiff's contention that Rule 56(d) is warranted to allow for a "potential spoliation claim" is equally meritless (R. 56(d) Mot. at 13.) Since at least the April 4, 2025 status conference, Plaintiff has asserted that evidence spoliation is an "ongoing issue," yet she has never filed a motion seeking sanctions for such alleged misconduct. Indeed, for nearly an entire year, Plaintiff has repeatedly accused Bonnell of spoliation without ever filing a motion seeking redress. (*See, e.g.*, Mot. for TRO & Prelim. Inj. [ECF No. 21] at 13-14; Opp'n to Mot. To Dismiss [ECF No. 139] at 2, 6, 12, 14; Mot. re: Audio Files [ECF No. 150] at 1.) In fact, in the Court's October 6, 2025 order denying Plaintiff's Motion for Preliminary Injunction, the Court put it succinctly: "It is now October of 2025 and there is no such [spoliation] motion on the docket." [ECF No. 143 at 9.] As of today's date, no such spoliation motion has been filed. Plaintiff offers no explanation why, if she had a good faith basis to accuse Bonnell of spoliation, she could not have filed such a motion earlier. Plaintiff's failure to engage in timely motion practice only further evidences her lack of diligence in this case.

Throughout the ten-month discovery period, Plaintiff failed altogether to move to compel discovery or to move for spoliation sanctions. Now, two months after the close of discovery, Plaintiff still has not filed any such motion. She only asserts that she will do so in the future. Rule 56(d) does not permit delay based on vague or unpursued theories. *See Kohser*, 649 F. App'x at 776.

### D. Plaintiff's Failure To Conduct Foreign Discovery Timely Does Not Justify Rule 56(d) Relief.

Plaintiff further asserts that she needs additional time to embark on a fishing expedition to Sweden to depose Bonnell's ex-wife, Ms. Göransson. Having failed to secure this discovery during the ten-month discovery period, Plaintiff attempts to use Rule 56(d) as a vehicle to reopen discovery for testimony that bears no relevance to the sole issue of lack of subject matter jurisdiction raised in opposing Bonnell's MSJ. Critically, nothing prevented Plaintiff from obtaining such discovery during the ten-month discovery period. Moreover, Plaintiff has not and cannot "set forth with particularity the facts [she] expects to discover and how those facts would create a genuine issue of material fact precluding summary judgment." *Harbert*, 157 F.3d at 1280. Plaintiff's failures are fatal to her Motion.

Plaintiff's own pleadings confirm that Ms. Göransson's anticipated testimony has no relevance whatsoever to the threshold jurisdictional issue presented in Defendant's pending MSJ, i.e. whether the Court has subject matter jurisdiction in this case. Plaintiff has never even alleged in her Complaint—or any other pleadings—that Bonnell ever transmitted the Video to Ms. Göransson at any time, let alone after the effective date of the CARDII statute. Rather, in her motion seeking relief under the Hague Convention, Plaintiff represented that Ms. Göransson would "corroborate" allegations regarding consent and speak to Bonnell's "character." (Hague Mot. [ECF No. 145] at 4.) Such testimony has no bearing whatsoever on whether the Court has subject matter jurisdiction in this case.

Nor has Plaintiff demonstrated diligence in pursuing Ms. Göransson's purported testimony. In fact, Plaintiff waited nearly *eight months* to file her October 7, 2025 motion seeking relief under the Hague Convention. (*See* Hague Mot. [ECF No. 145].) Courts in this district deny Rule 56(d) relief where the movant fails to diligently pursue such foreign discovery. *See, e.g.*, *In re Chiquita*, 2021 WL 4972740 at *5 (denying Rule 56(d) relief where plaintiffs sought Hague Convention discovery after summary judgment was filed, but "offer[ed] no good cause for failing to pursue this discovery at an earlier stage," made "no direct or indirect attempts" to secure voluntary

9

cooperation, and where the evidentiary gaps were "the product of their own lack of diligence"). Nothing prevented Plaintiff from diligently pursuing such discovery within the ten-month discovery period.

Notably, in Plaintiff's reply in support of her Hague Motion, she expressly admitted that Ms. Göransson's testimony may not be necessary until trial. Specifically, Plaintiff previously asserted that "even if Plaintiff could not, for the sake of argument, secure the evidence she seeks before the discovery cutoff, she may still secure it for purposes of trial." ([ECF No. 156] at 4.) Having affirmatively represented that the testimony need not be obtained before the close of discovery, Plaintiff cannot now reverse course and argue that summary judgment must be delayed because that same discovery has not yet been obtained.

## IV. CONCLUSION

For the foregoing reasons, Bonnell respectfully requests that the Court deny Plaintiff's Rule 56(d) Motion and grant his pending MSJ in its entirety.

Dated: February 26, 2026

Respectfully submitted,

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580
Fax: (305) 374-7593

By: /s/ *Michael S. Morgan*
Michael S. Morgan
Florida Bar No.: 1061173
mmorgan@bilzin.com

and

**BERK BRETTLER LLP**
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel: (310) 278-2111

By: /s/ *Andrew B. Brettler*
Andrew Brad Brettler
California Bar No.: 262928
abrettler@berkbrettler.com
Jake A. Camara
California Bar No.: 305780
jcamara@berkbrettler.com
Joel Sichel
California Bar No: 361148
jsichel@berkbrettler.com
(admitted *pro hac vice*)

*Counsel for Steven K. Bonnell II*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 26, 2026, a true and correct copy of the foregoing was served on all parties via electronic transmission to counsel of record for these parties.

By: /s/ *Michael S. Morgan*
Michael S. Morgan

## SERVICE LIST
*Jane Doe v. Steven K. Bonnell II*
Case No.: 1:25-cv-20757-JB

| | |
|---|---|
| Carlos A. Garcia Perez, Esq. Sanchez-Medina, Gonzalez, Quesada, Lage, Gomez & Machado, LLP 201 Alhambra Circle, Suite 1205 Coral Gables, Florida, 33134<br>Email: cgarciaperez@smgqlaw.com<br><br>Joan Schlump Peters, Esq.<br>JSP LAW, LLC<br>838 Neapolitan Way, #91, Naples, FL 34103<br>Email: petersjoan@bellsouth.net | *Counsel for Jane Doe* |