UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

**JANE DOE**,                                                          CASE NO: 1:25-cv-20757-JB/Torres

      Plaintiff,

v.

**STEVEN K. BONNELL II**,

      Defendant.

_____/

## PLAINTIFF JANE DOE'S REPLY IN SUPPORT OF RULE 56(d) MOTION TO DENY OR DEFER RULING ON MOTION FOR SUMMARY JUDGMENT

Plaintiff Jane Doe respectfully submits this Reply in further support of her Rule 56(d) Motion to Deny or Defer Ruling on Defendant's Motion for Summary Judgment (DE 210).

## I.      INTRODUCTION

Defendant's Opposition (DE 218) rests on two fundamentally flawed premises: first, that Plaintiff was not diligent in pursuing discovery, and second, that the limited discovery Plaintiff seeks does not bear on subject matter jurisdiction. Both assertions collapse under the actual procedural record and the governing Eleventh Circuit law. Plaintiff did not disregard discovery obligations or belatedly seek relief after deadlines passed. Plaintiff timely moved—*before the close of discovery*—to modify the scheduling order and to obtain discovery that had been stayed by Court order.

Defendant's argument that the discovery sought would be irrelevant even if Plaintiff were diligent fares no better. Defendant's Motion for Summary Judgment ("MSJ", DE 210) depends almost entirely on Defendant's own declarations and self-generated records regarding dissemination of the Video, timing, access, and preservation—facts that lie uniquely within

Defendant's control and go directly to jurisdiction. The Eleventh Circuit has consistently rejected efforts to secure summary judgment based on untested affidavits while foreclosing discovery that could expose disputed jurisdictional facts.[1] Thus a Rule 56(d) deferral is not only appropriate, but necessary to ensure a fair adjudication. Defendant's Opposition presents no basis to deny the requested relief.

## II.      PLAINTIFF HAS SATISFIED HER RULE 56(d) BURDEN

Plaintiff's Rule 56(d) Motion (DE 216) identified specific discovery that she was unable to obtain during the constrained discovery period despite diligent efforts, explained why it could not be obtained, and showed how the discovery sought would create a genuine dispute of material fact. (See id., and Peters Decl., DE 216-1). Plaintiff has met her burden. *See Snook v. Tr. Co. of Ga. Bank of Savannah, N.A.*, 859 F.2d 865, 871 (11th Cir. 1988).

---

[1] Defendant's assertion that "Plaintiff failed altogether to oppose" the MSJ (Opp. at 1) only merits a footnote response. Plaintiff properly invoked Rule 56(d) rather than filing a merits opposition based on speculation—exactly what the Rule contemplates. Indeed, the Eleventh Circuit makes it clear that filing a merits-based opposition contemporaneously with a Rule 56(d) motion waives the Rule 56(d) relief. *See Burns v. Town of Palm Beach*, 343 F. Supp. 3d 1258, 1261-62 (S.D. Fla. 2018) (J. Reinhart), *aff'd*, 999 F.3d 1317 (11th Cir. 2021) (J. Bloom). *See also Compulife Software, Inc. v. Binyomin Rutstein*, No. 9:16-CV-80808-RLR, 2022 U.S. Dist. LEXIS 134369, at *18 n.4 (S.D. Fla. July 28, 2022). After Plaintiff timely invoked Rule 56(d), Defendant filed a "Notice of Non-Opposition to and Reply in Support of Motion for Summary Judgment" (Dkt. 217), advancing merits arguments and urging immediate disposition of the MSJ while Plaintiff's Rule 56(d) request remained pending. That filing is *procedurally improper* and should be disregarded. Once a nonmovant seeks relief under Rule 56(d), the appropriate course is for the Court to resolve whether discovery is required *before* reaching the merits of summary judgment. *See Burns*, 343 F. Supp. 3d 1258, 1262 ("'[t]he protection afforded by Rule 56(d) is an *alternative* to a response in opposition to summary judgment under Rule 56(e) and is designed to safeguard against a premature or improvident grant of summary judgment.'")(emphasis in original)(citations omitted).

### A.  <u>Defendant Misstates the Record on Diligence and Misapplies Eleventh Circuit Case Law</u>

Defendant's Opposition rests on *multiple false* statements. <u>First</u>, he asserts that Plaintiff had "ten months" of unfettered discovery and simply failed to act. (Opp. at 4-5). That premise is patently *false and absurd*. In fact, Defendant himself demonstrates that falsity by later asserting that Plaintiff "had seven months to conduct discovery." (Id. at 5). But this is yet one more false statement by Defendant. The record is clear that the operative discovery period was only 3 ½ months (when the Protective Order was entered on September 2nd until December 16th). Moreover, on November 5th, the Court entered an order staying the November 6th deposition of Defendant pending resolution of the Defendant's motion for a protective order. (See Order, DE 167). Thus, pursuant to the Court's Order, Plaintiff could not take Defendant's deposition after November 5th and thus **Plaintiff had only two months to conduct written discovery *and* take Defendant's deposition** (September 2nd to November 5th).

<u>Second</u>, Defendant *falsely* states that "the parties never agreed to stay discovery." (Opp. at 5). In fact, it was <u>Defendant</u> that requested that discovery be stayed, and asked that it be stayed until two weeks after the entry of the Court's Order. (See Decl. J. Peters, DE 200-1, and also DE 200-3).  Plaintiff, however, only agreed to a stay until 3 days after entry of the Order. (Id.) Defendant now attempts to falsely deny that agreement while simultaneously benefiting from it.

<u>Third</u>, Defendant states that Plaintiff delayed moving for a protective order for four months (Opp. at 5), but this is ***false*** because Plaintiff began seeking a protective order within *one* month of the entry of the Court's scheduling order on April 4 (DE 23).  (See Decl. J.Peters, DE 200-1, and DE 200-2). Thus, the basis for Defendant's Opposition rests on falsehoods and a distortion of the record.

### B. <u>The Record Reflects Plaintiff's Diligence and Defendant's Obstructionist Litigation Tactics</u>

Prior to the entry of the Protective Order, Plaintiff served written discovery.  Once the Protective Order issued, Plaintiff promptly: i) responded to written discovery; ii) produced thousands of documents and responded to five sets of interrogatories; iii) received rolling supplemental productions from Defendant; iv) identified deficiencies in Defendant's productions, sent multiple letters of objection and conducted meet-and-confers;  v) secured issuance of a letter rogatory for a foreign witness; vi) engaged forensic review regarding potential spoliation issues; vii) actively sought to schedule party depositions; viii) took a non-party deposition and defended two non-party depositions; and x) filed a motion to modify the Scheduling Order before the discovery cutoff. (DE 184). This is not inactivity. It is active discovery within a compressed and constrained timeframe.

Moreover, Defendant's assertion that Plaintiff failed to act diligently ignores that it was Defendant who materially delayed discovery at multiple junctures. Defendant refused to agree to a reasonable proposed protective order governing discovery in this sensitive CARDII matter, forcing Plaintiff to file a formal motion, which Defendant then opposed — delaying the commencement of meaningful discovery until September 2, 2025. After discovery began, Defendant failed to provide complete and compliant document productions, requiring Plaintiff to serve multiple detailed deficiency letters and engage in repeated meet-and-confers. (DE 200-1).

### C. <u>The Authorities Defendant Relies Upon Are Factually and Procedurally Distinguishable</u>

Defendant cites a series of Eleventh Circuit and district court cases for the proposition that Rule 56(d) relief is unavailable where a party "failed to diligently pursue discovery." (Opp. at 4-

5). The cases cited however, arise from materially different factual scenarios and therefore are not controlling. In *Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 844 (11th Cir. 1989), the plaintiff never even moved for Rule 56(d) relief let alone an extension of the discovery deadline. The Eleventh Circuit held that district courts are not required to infer a Rule 56(f) request from silence, and thus the lower court did not err in ruling on summary judgment. This holding has no application here where Plaintiff moved for both Rule 56 (d) relief and an extension of the discovery deadline.

Likewise, in *Mijne v. Experian Info. Sols., Inc.*, No. 23-22694-CIV, 2024 WL 1655475, at *4 (S.D. Fla. Apr. 17, 2024), the plaintiff had six full months of unconstrained discovery in a straightforward, single-claim case but failed to pursue any discovery until the last month. Plaintiff then filed a motion to extend the discovery deadline on the day of the deadline, which the court denied. Here, by contrast: discovery was constrained pending a Protective Order, the deposition of Defendant was stayed; productions were ongoing and contested; a foreign deposition required court intervention; a motion to extend was filed before the deadline and is still pending.

The other cases relied on by Defendant are equally inapposite. *See e.g., Smith v. Acting Sec'y, DHS*, 819 F. App'x 774 (11th Cir. 2020)(plaintiff never requested extension of discovery deadline); *Williams v. Ala. Dep't of Indus. Rels.*, 684 F. App'x 888 (11th Cir. 2017)(seven month discovery period, including a one month extension, but movant failed to timely seek discovery); *Kohser v. Protective Life Corp.,* 649 F. App'x 774, 776 (11th Cir. 2016)(plaintiff waited seven weeks after discovery closed to seek extension of time); *In re Chiquita Brands Int'l, Inc.,* No. 07-60821-CIV, 2021 WL 4972740, at *5 (S.D. Fla. Mar. 15, 2021)(discovery sought under Rule 56(d) was never sought during the discovery period and movant never sought additional time); *Kirksey*

*v. Wal-Mart Stores E., LP*, No. 19-CV-00228-SCJ, 2021 WL 4865283, at *5 (N.D. Ga. Mar. 15, 2021)(movant never sought deposition of witness whose affidavit was relied on in motion for summary judgment and who was identified in discovery); *Cordero v. Readiness Mgmt. Support, L.C.*, No. 11-CV-1692-Orl-19DAB, 2012 WL 3744513, at *6 (M.D. Fla. Aug. 29, 2012)(plaintiff did not timely pursue discovery and did not move to extend the discovery deadline). In each of these cases the movants had ample time and opportunity for discovery but failed to pursue discovery, use available procedural mechanisms or seek relief during the discovery period. Here, discovery was compressed, stayed in part, and complicated by foreign discovery and contested productions. The comparisons fail.

### D.  The Deposition Dispute Does Not Demonstrate Lack of Diligence

Defendant argues that Plaintiff's failure to appear for her deposition demonstrates "recalcitrance" and thus a purported lack of diligence. (Opp. at 5). The record reflects otherwise. Defendant refused to honor his agreed deposition date, conditioned compliance on an unavailable date for Plaintiff's deposition, triggered a stay, and now claims the resulting delay proves Plaintiff lacked diligence. (See DE 177). Furthermore, the deposition dispute issue is currently pending before the Court and should not be prejudged in the Rule 56(d) context.

More importantly, even assuming *arguendo* that Plaintiff bore some responsibility for the deposition dispute (she did not), that circumstance would not establish a lack of diligence, which is the relevant inquiry before the Court. To the contrary, the record reflects that Plaintiff initiated the scheduling of the party depositions and was actively advancing and pursuing discovery (see *ante*), rather than failing to pursue it. (See DE 177). The only implication from the discovery

dispute that is relevant here is that the Court's stay of Defendant's deposition constrained the available time to conduct written discovery and take party depositions to *only two months*.

Defendant's assertion that the discovery sought would be irrelevant even if Plaintiff were diligent fares no better. Defendant's MSJ depends almost entirely on his own declarations and self-generated records regarding dissemination, timing, access, and preservation—facts that lie uniquely within Defendant's control and go directly to jurisdiction. The Eleventh Circuit has repeatedly held that summary judgment should not be resolved before a plaintiff has the opportunity to depose the very party whose testimony forms the core of the motion. *See, e.g., Jones v. City of Columbus*, 120 F.3d 248, 253–54 (11th Cir. 1997); *Snook,* 859 F.2d 865, 870 ("[t]he party opposing a motion for summary judgment has a right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits."). In this District, the same rule applies: a court should allow the deposition of an MSJ affiant when necessary for meaningful opposition. *Clairmont v. Sun Terminals, Inc*., Case No. 06-61040-CIV-Marra/Johnson, 2007 U.S. Dist. LEXIS 13098, at *3-4 (S.D. Fla. Feb. 25, 2007)("[i]n order for [plaintiff] to meaningfully oppose [defendant's] motion for summary judgment," which relied on affidavit of witness not yet deposed, plaintiff "must be provided the opportunity to depose [the witness]" before summary judgment can be resolved).

Defendant's attempt to distinguish *Jones* falls far short and relies on a distortion of the facts and the holding. (Opp. at 7). The defendant did not "withhold critical documents and witnesses" (id.), and the decision to reverse the grant of summary judgment was not made on that basis. Instead, the Eleventh Circuit found that the plaintiffs "never had the opportunity to …depose the

city officials whose affidavits were offered in support of the motion for summary judgment," and held that: "accordingly we conclude that the district court abused its discretion in deciding the summary judgment motion even though it had allowed [the defendant] to block the plaintiffs' efforts to gain the information they needed through the normal discovery process," (*ie.*, by granting defendant's motion for protective order). 120 F.3d 248, 253–54. Thus, *Jones* is squarely on point here where Defendant's MSJ relies on his affidavit and Plaintiff has been unable to depose him due to Defendant's filing of his motion for protective order and the Court's stay order.[2]

### E.  Plaintiff Did Not Fail to File Timely Discovery Motions

Defendant's argument that Rule 56(d) relief is barred because Plaintiff did not file a motion to compel ignores the procedural history of this case and Defendant's own conduct during discovery. Plaintiff repeatedly raised the deficiencies in Defendant's document production through multiple written deficiency letters and meet-and-confer conferences throughout the discovery period. (See DE 216-2, ¶¶ 5-9). When those efforts failed to cure the deficiencies, Plaintiff took steps to seek judicial intervention in accordance with Magistrate Judge Torres's discovery procedures, but was thwarted by Defendant's counsel. (Id.). Under these circumstances, Defendant cannot now rely on the absence of a motion to compel—an absence created in part by Defendant's own conduct—to argue that Plaintiff lacked diligence.[3]

---

[2] Furthermore, the limited cross-examination at a preliminary injunction hearing —before discovery or forensic review even commenced — is not a substitute for a deposition conducted on a developed record.

[3] Furthermore, the cases relied on by Defendant to support his argument are inapposite. *See, e.g., Dorey v. Hartman*, No. 5:22-cv-657-WFJ-PRL, 2025 U.S. Dist. LEXIS 7231, at *5 (M.D. Fla. Jan. 14, 2025)(denial of Rule 56(d) motion because it was filed eight months after the discovery deadline, plaintiff failed to conduct any discovery during the discovery period, and never moved to extend the discovery deadline); *Ward v. Anixter, Inc.*, No. 1:21-CV-0468-SEG, 2023 U.S. Dist. LEXIS 241338, at *41-42 (N.D. Ga. Oct. 17, 2023)(denial of Rule 56(d) motion filed six

Defendant's argument concerning spoliation similarly mischaracterizes Plaintiff's position. Plaintiff has identified specific forensic concerns regarding Defendant's preservation and production practices, but those issues cannot responsibly be litigated through a sanctions motion until the relevant factual record—most importantly Defendant's testimony concerning his collection and preservation methods—has been developed. Courts routinely recognize that spoliation determinations should follow, not precede, factual development regarding the preservation and collection of electronically stored information. *See, e.g., Ward v. Copenhaver*, No. 3:22-cv-00250-LPR-BBM, 2025 U.S. Dist. LEXIS 205719, at *27–30 (E.D. Ark. Oct. 20, 2025).

## F.   The Hague Request Was Timely Made During the Discovery Period

Defendant's argument regarding the deposition of Ms. Göransson is likewise misplaced. Plaintiff sought and obtained a court-authorized Letter of Request under the Hague Convention during the discovery period (DE 166), and the request is currently being processed by Swedish authorities. The timing of that process—an international procedure outside Plaintiff's control—explains why the deposition has not yet occurred. Thus, Defendant's reliance on *In re Chiquita Brands Int'l Alien Tort Statute & S'holder Derivative Litig.,* No. 08-MD-01916, 2021 U.S. Dist. LEXIS 215900, at *129-30 (S.D. Fla. Mar. 15, 2021) is misplaced, because there the movants had

---

months after close of discovery, where plaintiff never moved to extend the discovery deadline, and never moved to compel discovery despite two extensions of time to do so); *Muhammad v. Audio Visual Servs. Grp.*, No. 1:08-CV-0693-CAM-SSC, 2009 U.S. Dist. LEXIS 138080, at *13-17 (N.D. Ga. July 30, 2009)(Rule 56(d) motion denied where plaintiff did not provide a supporting affidavit and failed to demonstrate how the missing discovery would create a genuine issue of material fact).

made no attempt to obtain the foreign discovery during the discovery period or prior to summary judgment.

Defendant's assertion that the testimony has "no relevance whatsoever" to the jurisdictional issue raised in the MSJ is also incorrect. Ms. Göransson is Defendant's former spouse and is uniquely positioned to testify regarding Defendant's conduct relating to the dissemination of sexually explicit materials involving Plaintiff, including transmissions occurring after the effective date of the CARDII statute—which would directly defeat Defendant's jurisdictional argument. Nor does Plaintiff's prior statement that the deposition could be obtained before trial undermine Rule 56(d) relief. That statement simply acknowledged the practical realities of the Hague Convention process; it did not concede that the testimony lacks relevance to the issues raised in Defendant's summary-judgment motion.

## III.   <u>CONCLUSION</u>

In short, Defendant's narrative of ten months, or even seven months, of inactivity is not supported by the docket. The operative record shows a compressed three-and-a-half-month discovery period (and only two months before the Stay Order was entered) in which Plaintiff diligently pursued discovery.  The limited discovery Plaintiff seeks is directly material to the jurisdictional issues raised in the MSJ. Rule 56(d) relief is therefore appropriate. Alternatively, should the Court deny this Rule 56(d) Motion, Plaintiff respectfully seeks, pursuant to Federal Rule of Civil Procedure 6(b), a two-week enlargement of time from the date of such ruling to file her opposition to the MSJ.

Date: March 5, 2026                                 Respectfully submitted,

**JSP LAW, LLC**                          **SANCHEZ-MEDINA GONZALEZ**
Joan Schlump Peters                       **LAGE GOMEZ & MACHADO, LLP**
(admitted *pro hac vice*)                 CARLOS A. GARCIA PEREZ
838 Neapolitan Way, #91                   Florida Bar No. 106895
Naples, FL 34103                          GUSTAVO D. LAGE
Tel. 305-299-4759                         Florida Bar No.  972551
Email: petersjoan@bellsouth.net           201 Alhambra Circle, Suite 1205
                                          Coral Gables, Florida, 33134
                                          Tel.: (305) 377-1000
                                          Primary E-Mail: cgarciaperez@smgqlaw.com
                                          Primary E-Mail: glage@smgqlaw.com
                                          Counsels for Plaintiff

                                                  */s/ Carlos A. Garcia Perez*
                                          By:_____
                                                  CARLOS A. GARCIA PEREZ

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 6, 2026 a true and correct copy of the foregoing was

served on all parties via the CM/ECF filing portal to all counsel of record.

                                          By: */s/ Carlos A. Garcia Perez*

                                          CARLOS A. GARCIA PEREZ
                                          Attorney for Plaintiff