**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 1:25-cv-20757-JB/Torres**

JANE DOE,

      Plaintiff,

v.

STEVEN K. BONNELL II,

      Defendant.

_____/

### DEFENDANT STEVEN K. BONNELL II'S OMNIBUS MOTION *IN LIMINE* TO PRECLUDE ARGUMENT AND EVIDENCE AND PREVENT PLAINTIFF'S USE OF A PSEUDONYM AT TRIAL[1]

## I.    PRELIMINARY STATEMENT

This Motion concerns three discrete categories of evidence and argument that Plaintiff has injected into this case for an improper purpose and should be excluded at trial. Pursuant to Federal Rules of Evidence 401, 403, 801, and 901, Defendant Steven K. Bonnell II files this Omnibus Motion *in Limine* to preclude the following categories of argument and evidence (collectively, the "Challenged Evidence") on the grounds that each of these categories is irrelevant to any claim or defense, unduly prejudicial, and, in several instances, constitutes inadmissible hearsay or lacks proper authentication:

    1.    Evidence, testimony, or argument suggesting that Bonnell transmitted the Video to a minor. Plaintiff's false allegation is absent from the Amended Complaint, has no bearing on any element of her claims, prejudices the jury, and is currently the subject of Bonnell's pending Motion for Rule 11 Sanctions [ECF No. 183].

    2.    The declaration [ECF No. 49-2], exhibit attached thereto [ECF No. 86-1], and future testimony or other purported evidence from non-party witness "Abbymc." Plaintiff's

---

[1] As Bonnell contends in his pending 12(b)(1) Motion To Dismiss [ECF No. 132] and pending Motion for Summary Judgment [ECF No. 210], because the Court lacks subject matter jurisdiction over Plaintiff's claims, no trial is warranted.

counsel, who also represents Abbymc, obstructed Bonnell's access to her during discovery, by, among other things, refusing to accept service of a subpoena on her behalf and then providing undersigned counsel with a fake address for Abbymc. Ultimately, Bonnell was able to effect service of a subpoena on Abbymc, but she ignored it and failed to produce any of the requested materials. In support of her Motion for a Preliminary Injunction, which the Court denied [ECF No. 143], Plaintiff filed a declaration from Abbymc that contains hearsay and uncorroborated testimony, and later submitted an unauthenticated exhibit from her. Plaintiff should be precluded from relying upon or introducing new evidence or testimony from Abbymc.

3.       Plaintiff's use of a pseudonym at trial. While pseudonymity may be permitted in limited circumstances during pretrial proceedings, its continued use before a jury would unfairly prejudice Bonnell, as it suggests—without proving—that Plaintiff is deserving of some special status or protection as a victim.

## II.   LEGAL STANDARD

Evidence is inadmissible under Federal Rules of Evidence 401 and 403 where it does not make any fact of consequence more or less probable and instead invites unfair prejudice, confusion, or speculation. Fed. R. Evid. 401, 403. Evidence is relevant only if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." *Jackson v. Catanzariti*, 159 F.4th 874, 884 (11th Cir. 2025).

Even relevant evidence may be excluded where its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or waste of time. Fed. R. Evid. 403; *Jackson*, 159 F.4th at 885 ("[T]he essential question under Rule 403 is whether the probative value of [the] evidence is substantially outweighed by the danger of unfair prejudice.").

2

### III.   PURPORTED EVIDENCE OR ARGUMENT THAT BONNELL TRANSMITTED THE VIDEO TO A MINOR MUST BE EXCLUDED.

In her October 3, 2025 Opposition to Bonnell's pending Motion To Dismiss, Plaintiff falsely asserted that Bonnell transmitted the Video to a minor. (*See* Pl.'s Opp'n to Mot. Dismiss [ECF No. 139] at n.2.) Plaintiff's demonstrably false allegation is absent from the Complaint and the operative Amended Complaint, is contradicted by testimony and other evidence obtained during discovery, and has no bearing on any of Plaintiff's claims. Indeed, Plaintiff and her counsel have been on notice of the falsity of their allegation since at least the October 23, 2025 deposition of third party witness AH, when Plaintiff discovered that the recipient of the Video in April 2022 was not a minor, but rather an adult male who goes by the screenname "Solo." After Plaintiff refused to retract the false allegation from her pleading during the safe-harbor period, Bonnell filed a motion for Rule 11 sanctions. [ECF No. 183.]

The Eleventh Circuit routinely excludes evidence that has minimal or no probative value where its inclusion would divert attention away "from primary issues in the case" and risks "confusing the jury." *Gray v. Koch Foods, Inc.*, No. 17-CV-595-RAH, 2022 WL 3007569, at *4-5 (M.D. Ala. July 28, 2022), *aff'd*, 144 F.4th 1298 (11th Cir. 2025). Even assuming, *arguendo*, some marginal relevance, any evidence of Bonnell's alleged transmission of the Video to a minor must be excluded under Rule 403. Its probative value is substantially outweighed by the danger of unfair prejudice, confusion, and misleading the jury. Indeed, Rule 403 is specifically designed to prevent evidence of "scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *Aycock v. R.J. Reynolds Tobacco Co.*, 769 F.3d 1063, 1069 (11th Cir. 2014)

Here, the allegation that Bonnell transmitted the Video to a minor—and any argument or purported evidence pertaining to it—is categorically and knowingly false. (*See* Def.'s Mot. for R. 11 Sanctions [ECF No. 183] at 1-4 (filed under seal) [ECF No. 189].) Even if it were true (it is not), such an allegation has no bearing whatsoever on Plaintiff's claims. Indeed, a claim under 15 U.S.C. § 6851 requires only that the defendant knowingly disclosed an intimate image under circumstances giving rise to a reasonable expectation of privacy and resulting harm. *Diaz v.*

*Hernandez*, No. 24-81151-CIV, 2024 WL 5341743, at *3 (S.D. Fla. Oct. 29, 2024). The purported age of the alleged recipient is irrelevant, and any such evidence should be excluded.

### IV.   ABBYMC'S DECLARATION, PURPORTED EVIDENCE, AND FUTURE TESTIMONY FROM HER MUST BE EXCLUDED.

#### A.   Plaintiff and Her Counsel Obstructed Access to Abbymc During Discovery, and Abbymc Disregarded a Subpoena.

Despite that Plaintiff's counsel also represents Abbymc, Bonnell has been deprived of the opportunity to test, challenge, or even access Abbymc during discovery. For over six months, Plaintiff and her attorneys repeatedly violated their obligations under Rule 26, obstructed Bonnell's access to their star witness, and now seek to rely exclusively on Abbymc to establish subject matter jurisdiction and liability in this case. Plaintiff cannot have it both ways.

Exclusion is warranted under Federal Rules of Civil Procedure 26 and 37 where a party seeks to rely on evidence from a witness who was not made available for discovery. Courts in this Circuit consistently preclude such evidence to prevent unfair prejudice and trial by ambush. *See Inmuno Vital, Inc. v. Telemundo Grp.*, 203 F.R.D. 561, 565-66 (S.D. Fla. 2001) (excluding witness where opposing party was denied access during discovery and holding that a party cannot "glean an unfair advantage" by relying on testimony shielded from discovery); *Crawford v. NCB, Inc.*, No. 00-6625-CIV, 2001 WL 833715, at *2 (S.D. Fla. May 17, 2001) (striking declarations where counsel failed to provide contact information for witnesses despite having access to them); *Treminio v. Crowley Mar. Corp.*, No. 22-CV-00174-CRK, 2023 WL 8114403, at *5-6 (M.D. Fla. Nov. 22, 2023) (excluding testimony where the proponent failed to disclose witness contact information, emphasizing that withholding a witness's whereabouts prejudices the opposing party's ability to prepare rebuttal); *Henriquez v. Total Bike, LLC*, No. 13-20417-CIV, 2013 WL 6834656, at *6 (S.D. Fla. Dec. 23, 2013) (refusing to consider declarations of non-party witnesses where the opposing party lacked any opportunity to depose them, finding such use improper as a matter of fairness).

Further, exclusion is justified where a party interferes with access to a non-party witness whom they control or otherwise contributes to the opposing party's inability to obtain discovery. *See Hernandez-Sabillon v. Naturally Delicious, Inc.*, No. 15-CV-80812, 2015 WL 10550934, at *4 (S.D. Fla. Dec. 23, 2015) (recognizing exclusion may be appropriate where a party exercised control over a witness who failed to appear "or took any action to procure their failure to appear").

Although as part of her Rule 26 initial disclosures, Plaintiff identified Abbymc as a potential witness and submitted a declaration from her in support of Plaintiff's Motion for a Preliminary Injunction, Plaintiff's counsel made it exceedingly difficult for Bonnell to test the statements contained in Abbymc's declaration. Over the course of several months, Plaintiff's attorneys first refused to accept service of a subpoena on behalf of their client, or provide Abbymc's contact information. Then, only after being pressed, Plaintiff's counsel provided a fake address for Abbymc.[2] (*See* Brettler Decl., dated Sept. 19, 2025 [ECF No. 132-9] at ¶¶ 3-12; Brettler Decl., dated Jan. 30, 2026 [ECF No. 212] at ¶¶ 3-11.) Worse, Abbymc admitted during a livestream she posted on or about September 8, 2025  that Plaintiff's counsel advised her to continue evading service of process while continuing to "submit[] evidence." (*See* Brettler Decl., dated Sept. 19, 2025 [ECF No. 132-9] at ¶ 12 & Ex. H [ECF No. 132-17].)

When Bonnell was finally able to serve Abbymc with a subpoena just prior to the close of discovery, she ignored the subpoena and failed to produce any documents responsive thereto. (*See* Brettler Decl., dated Jan. 30, 2026 [ECF No. 212] at ¶¶ 13-16.) Because service was effectuated fewer than 30 days before the close of discovery, Bonnell lacked a meaningful opportunity to move to compel before the discovery deadline expired. Plaintiff should not be permitted to benefit from her own delay and obstruction preventing Bonnell to move to compel within the discovery period. *See Baxter v. Roberts*, 54 F.4th 1241, 1255 (11th Cir. 2022) (affirming exclusion of witness where

---

[2] Plaintiff asserted the attorney-client privilege and work-product doctrine as grounds for refusing to produce requested communications with Abbymc. (Brettler Decl., dated Jan. 30, 2025, Ex. O.) However, a witness's location, contact information, and counsel's communications regarding compliance with a subpoena are not protected from disclosure. *Treminio*, 2023 WL 8114403, at *5 n.6.

late disclosure deprived opposing party of any opportunity to depose the witness or develop rebuttal evidence); *Jones v. Aaron's Inc.*, 748 F. App'x 907, 914 (11th Cir. 2018) (affirming exclusion of witnesses disclosed on the last day of discovery where opposing party had no opportunity to depose or conduct discovery); *Oasis Cap., LLC v. Nason, Yeager, Gerson, Harris & Fumero, P.A.*, No. 22-81913-CIV, 2025 WL 1881922, at *2 (S.D. Fla. Mar. 30, 2025) (excluding evidence disclosed at the close of discovery where the delay prevented the opposing party from pursuing discovery). Under well-established Eleventh Circuit authority, Abbymc's evidence and testimony must be excluded.

B.    **The Abbymc Exhibit Is Not Authenticated, Constitutes Inadmissible Hearsay, and Lacks Probative Value.**

The Abbymc exhibit constitutes a self-serving and unauthenticated text message, purportedly from Abbymc to an unidentified third party, dated November 3, 2023, wherein Abbymc supposedly wrote: "I have videos of him [Bonnell] f*cking cheiry and pxie like lmfao he just sent me another one haven't opened it." [ECF No. 86-1.] As an initial matter, the Abbymc exhibit constitutes an out-of-court statement offered for the truth of the matter asserted—namely, that Bonnell allegedly transmitted the Video to her—and is therefore inadmissible hearsay, with no applicable exception. Fed. R. Evid. 801.

Further, the purported message lacks probative value and fails altogether to establish that Bonnell transmitted *the* Video to Abbymc, or if he did, when. The exhibit is unauthenticated, contains no information from which the recipient of the message can be identified, is ambiguous as to the content Abbymc allegedly received, and provides no evidence as to the existence or timing of such a transmission. *See United States v. Caldwell*, 776 F.2d 989, 1001-02 (11th Cir. 1985) (authentication requires "sufficient evidence to make out a prima facie case that the proffered evidence is what it purports to be."); *Pohl v. MH Sub I, LLC*, 332 F.R.D. 713, 721 (N.D. Fla. 2019) (excluding screenshots where the proponent relied solely on their own testimony without objective indicia of authenticity, holding that such testimony is insufficient to establish the evidence is what it purports to be). At most, the exhibit reflects Abbymc's own characterization of what she believed

she possessed, not evidence that Bonnell actually transmitted the Video to her. Abbymc's declaration and unauthenticated exhibit does not come close to establishing that Bonnell transmitted the Video to her at all, and, due to Plaintiff's obstruction, Bonnell was deprived of the opportunity to test or challenge the evidence in discovery.[3] It must be excluded accordingly.

## V.      PLAINTIFF SHOULD NOT BE PERMITTED TO PROCEED USING A PSEUDONYM AT TRIAL.

Plaintiff's continued use of a pseudonym at trial would unfairly prejudice Bonnell and undermine the integrity of the proceedings. Courts in this Circuit have recognized that pseudonymity is not automatically appropriate at trial and often must be revisited as proceedings advance. *See Doe v. Swearingen*, No. 18-24145-CIV, 2019 WL 95548, at *6 (S.D. Fla. Jan. 3, 2019) (limiting plaintiff's use of a pseudonym to pretrial proceedings); *S.Y. v. Seasonal Invs., Inc.*, No. 20-cv-603-JES-MRM, 2021 WL 4822627, at *6 (M.D. Fla. June 11, 2021) (requiring renewed showing that pseudonymity remained appropriate at trial); *S.Y. v. Jay Varahimata Invs., LLC*, No. 20-cv-606-JES-MRM, 2021 WL 3117117, at *6 (M.D. Fla. June 11, 2021) (recognizing the prejudicial effect that use of a pseudonym at trial may have on the opposing party); *see also In re Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1248 (11th Cir. 2020) (reaffirming that pseudonymity requires a concrete, evidence-based showing and that generalized or speculative concerns are insufficient—particularly as proceedings advance toward trial).

Here, permitting Plaintiff to proceed under a pseudonym at trial would unfairly prejudice Bonnell. Proceeding anonymously risks conferring Plaintiff an improper advantage by suggesting that she is indeed a victim, enhancing the perceived legitimacy or sensitivity of her claims, and simultaneously impairing Bonnell's ability to present a full and fair defense. It is Plaintiff who chose to file a federal lawsuit publicly accusing Bonnell of despicable conduct and breaking the

---

[3] Likewise, Plaintiff should be precluded from offering testimony from Hannah Brooks and unidentified "Witnesses A and B" regarding alleged transmissions. [ECF Nos. 21-2; 49-4; 49-5]. Any such testimony would concern unproven, unrelated allegations, lack evidentiary foundation, and be inadmissible for the same reasons.

law, destroying Bonnell's reputation in the process. Bonnell should be given the same opportunity to publicly confront his accuser at trial.

The case for anonymity is further undermined by Plaintiff's own public-facing conduct. Plaintiff is not a private individual seeking to litigate sensitive matters outside of public view; she is a public-facing online personality who has appeared under the moniker "Pxie" in widely viewed YouTube debates and other public forums garnering millions of views. By voluntarily placing herself and her identity into the public sphere, Plaintiff cannot credibly claim the same level of privacy interest typically invoked to justify pseudonymity.

Moreover, Plaintiff's own conduct throughout this litigation warrants an order requiring her to proceed using her legal name. From the outset of this litigation, Plaintiff has publicly discussed this case and its subject matter through a variety of platforms—including Substack, X (formerly Twitter), and the fundraising website GiveSendGo, which is linked directly to her numerous public posts. (Bonnell Decl., dated Apr. 25, 2025 [ECF No. 42-1] ¶ 23-26. at Ex. H [ECF No. 42-9].) Indeed, Plaintiff originally posted her GiveSendGo fundraiser using her legal name, publicly associating herself with this case and her allegations against Bonnell. For months after filing suit, Plaintiff repeatedly posted online about this lawsuit, encouraged donations, and commented on the Court's rulings. (Brettler Decl., dated June 16, 2025 [ECF No. 99-1] ¶¶ 3-6 & Exs. A-D [ECF Nos. 99-2 to 99-5]; Bonnell Decl. [ECF No. 42-1] ¶¶ 23-27 & Exs. F, H-I [ECF Nos. 42-7, 42-9, 42-10].)

At a minimum, the Court should require Plaintiff to make a renewed, particularized showing—supported by competent evidence—that anonymity remains warranted under the heightened scrutiny applicable at the trial stage. Absent such a showing, Plaintiff should be ordered to proceed under her true legal identity.

## VI.     CONCLUSION

For the foregoing reasons, Bonnell respectfully requests that the Court exclude the Challenged Evidence, as described herein.

## LOCAL RULE 7.1(a)(3) CERTIFICATE OF CONFERRAL

**WE HEREBY CERTIFY** that undersigned counsel for movant conferred with counsel for Plaintiff regarding the relief sought in this Motion, and Plaintiff's counsel indicated that they oppose the relief requested herein.

Dated: March 30, 2026

Respectfully submitted,

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580
Fax: (305) 374-7593

By: /s/ *Michael S. Morgan*
Michael S. Morgan
Florida Bar No.: 1061173
mmorgan@bilzin.com

and

**BERK BRETTLER LLP**
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel: (310) 278-2111

By: /s/ *Andrew B. Brettler*
Andrew Brad Brettler
California Bar No.: 262928
abrettler@berkbrettler.com
Jake A. Camara
California Bar No.: 305780
jcamara@berkbrettler.com
Joel Sichel
California Bar No: 361148
jsichel@berkbrettler.com
(admitted *pro hac vice*)

*Counsel for Steven K. Bonnell I*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 30, 2026, a true and correct copy of the foregoing

was served on all parties via electronic transmission to counsel of record for these parties.

By: /s/ *Michael S. Morgan*
Michael S. Morgan

## SERVICE LIST

*Jane Doe v. Steven K. Bonnell II*
*Case No.: 1:25-cv-20757-JB*

Carlos A. Garcia Perez, Esq. Sanchez-          *Counsel for Jane Doe*
Medina, Gonzalez, Quesada, Lage, Gomez &
Machado, LLP 201 Alhambra Circle, Suite
1205 Coral Gables, Florida, 33134
Email: cgarciaperez@smgqlaw.com

Joan Schlump Peters, Esq.
JSP LAW, LLC
838 Neapolitan Way, #91, Naples, FL 34103
Email: petersjoan@bellsouth.net