**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

MIAMI DIVISION

**JANE DOE**,                                          CASE NO: 1:25-cv-20757-JB/Torres

        Plaintiff,

  v.

**STEVEN K. BONNELL II**,

        Defendant.

_____/

## PLAINTIFF JANE DOE'S OMNIBUS MOTION IN LIMINE

Plaintiff Jane Doe, by and through her undersigned counsel, respectfully moves in limine for an order excluding the following matters from evidence at trial:

## INTRODUCTION

Plaintiff moves the Court to exclude questioning, testimony, evidence or argument regarding irrelevant and/or prejudicial matters identified below. Plaintiff submits this Omnibus Motion in Limine in compliance with the Court's Scheduling Order (DE 23). Plaintiff's Motion to Modify the Scheduling Order (DE 184, 190), Defendant's Motion for Summary Judgment (DE 210), and Plaintiff's Rule 56(d) Motion (DE 216) remain pending.[1] Party depositions have not yet occurred due to unresolved discovery disputes. There are also unresolved discovery issues regarding Defendant's incomplete and deficient document production, and Defendant's tampering and spoliation of evidence. Plaintiff has not yet been able to depose a non-party witness in Sweden.

---

[1] These motions are also pending resolution: Plaintiff's Motion for Order to Show Cause (DEs 113, 118, 130); Defendant's Motion to Dismiss (DEs 132, 139, 147, 149, 178); Defendant's Motion for Protective Order To Coordinate Deposition Scheduling (DEs 163, 177, 179); Defendant's Motion for Sanctions (DEs 183, 185, 192); Plaintiff's Motion for Sanctions (DEs 186, 197, 202); and Joint Notice of Resolution of Confidentiality Designation and Motion for Leave to Refile Papers (DE 204).

DOE v BONNELL
CASE NO: 1:25-cv-20757-JB/Torres
Page 2

Accordingly, Plaintiff respectfully reserves the right to supplement or amend these motions after the Court rules on the pending motions, the discovery issues have been resolved, and remaining discovery completed.

This action arises from Defendant's alleged non-consensual disclosure of an intimate visual depiction (the "Video"). The central issue for trial is narrow: whether Defendant disclosed the Video without Plaintiff's explicit consent. Defendant's anticipated trial strategy, however, seeks to divert the jury from that dispositive question by introducing irrelevant, prejudicial, and legally improper evidence and arguments.

Through this motion, Plaintiff seeks to preclude four categories of such evidence and argument. First, Defendant should be barred from advancing any theory of "implied consent," which is foreclosed as a matter of law under the governing statute and would mislead the jury. Second, Defendant should be prohibited from introducing evidence or argument concerning Plaintiff's alleged sexual history or predisposition, which is inadmissible under Federal Rule of Evidence 412 and unduly prejudicial under Rule 403. Third, Defendant should be precluded from relying on self-generated, unreliable materials—such as spreadsheets and reconstructed "communication logs"—as purportedly conclusive proof that no disclosure occurred, where such materials lack proper foundation and would mislead the jury. Fourth, Defendant should be barred from presenting a so-called "catfishing" defense or related arguments that misstate the statutory definition of disclosure and inject irrelevant collateral issues into the case. Absent pretrial exclusion, Defendant's anticipated evidence and arguments would confuse the issues, misstate the governing law, and unfairly prejudice Plaintiff. Accordingly, Plaintiff respectfully moves to exclude these categories of evidence and argument in advance of trial.

DOE v BONNELL
CASE NO: 1:25-cv-20757-JB/Torres
Page 3

## **LEGAL STANDARD**

A motion in limine seeks to prohibit any reference to improper or offending evidence at trial by first having its admissibility determined outside the presence of the jury. *Rosa v. Fla. Power & Light Co.*, 636 So. 2d 60, 61 (Fla. Dist. Ct. App. 1994). Motions in limine "aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Peace United, Ltd. v. 1906 Collins, LLC*, No. 17-21881-CIV-Martinez, 2022 U.S. Dist. LEXIS 127323, at *2 (S.D. Fla. July 18, 2022). Accordingly, a motion in limine is proper to exclude, prior to trial, any irrelevant and immaterial evidence, when its probative value is outweighed by prejudice. *Devoe v. Western Auto Supply Co.*, 537 So. 2d 188, 189 (Fla. App. Ct. 1989).

"Evidence is admissible if relevant, and evidence is relevant if it has any tendency to prove or disprove a fact of consequence." *United States v. Patrick*, 513 F. App'x 882, 886 (11th Cir. 2013); Fed. R. Evid. 401, 402. However, even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *see Lane v. McKeithen,* 423 Fed. App'x 903, 905 (11th Cir. 2011). The main purpose of Rule 403 is for "excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States* v. *Cross,* 928 F.2d 1030, 1048 (11th Cir. 1991). *See also United States v. Johnson*, No. 24-cr-20326-Bloom, 2025 U.S. Dist. LEXIS 128057, at *2-3 (S.D. Fla. July 7, 2025).

DOE v BONNELL
CASE NO: 1:25-cv-20757-JB/Torres
Page 4

## ARGUMENT

### A. Evidence, Testimony or Argument Purporting to Establish Implied Consent to Disclosure of the Video Should be Excluded.

Plaintiff moves to exclude any evidence, testimony, or argument suggesting that Plaintiff "impliedly consented" to Defendant's disclosure of the Video. Such evidence is both legally irrelevant and highly prejudicial, and its admission would improperly invite the jury to disregard the governing statutory standard.

Defendant's anticipated "implied consent" theory rests on assertions that Plaintiff: (i) participated in online communities where sharing explicit material was allegedly common; (ii) previously shared explicit content with Defendant or third parties; (iii) suggested that the Video be recorded; (iv) consented to or participated in the creation of the Video; or (v) shared the Video with a third party. None of these assertions is legally relevant to the issue of consent under the controlling statute.

The CARDII statute unequivocally requires **explicit—not implied—consent**. It defines consent as "an affirmative, conscious, and voluntary authorization made by the individual free from force, fraud, misrepresentation, or coercion." 15 U.S.C. § 6851(a)(2). The statute further clarifies that "(A) consent to the creation of a depiction does not constitute consent to its distribution, and (B) prior disclosure of the depiction to another person does not constitute consent to further disclosure." 15 U.S.C. § 6851(b)(2). Accordingly, implied consent is not a viable defense as a matter of law.

There is likewise no factual basis for Defendant's position. *Defendant admitted under oath that he never obtained verbal or written consent from Plaintiff to share the Video*. (TR, DE 90, 83:7-13; 90:13-18). Nor has Defendant produced any evidence of such consent. Despite this,

DOE v BONNELL
CASE NO: 1:25-cv-20757-JB/Torres
Page 5

Defendant repeatedly asserted during the preliminary injunction hearing that he believed he had "implied consent," based on alleged norms of content-sharing within his online community. (Id., 72: 14-15, 17-18). He further testified that "it's common in certain circles… [to] trade[] multiple explicit material." (Id., 74: 5-9). Defendant's counsel also elicited testimony from Bonnell and Plaintiff that: i) it was Plaintiff's suggestion to record a video (id., 39:2–25; 40:1-25; 41:4-8); ii) that she shared the Video with her then boyfriend (id., 13:8, 12-19; 72:22-24); and iii) that she shared with Bonnell explicit content of herself with another individual. (id., 33:22-25; 34:1-17; 35:8-14; 37:23-25; 38:1-8; 74:11-12). Moreover, in multiple submissions to the Court, Defendant has repeatedly asserted these same contentions. See, e.g., DE 132, 210.

Courts have rejected materially identical arguments. In *Aaron v. Ferrell*, the defendant argued that consent could be inferred because the plaintiff had previously shared the explicit material at issue and imposed no limitations on its use, and that the plaintiff had also shared and/or posted other sexually intimate photos and videos. The court squarely rejected that reasoning, holding that such an approach would "effectively condone the unlimited disclosure of otherwise protected communications" and would be "directly contrary to the plain language" of the CARDII statute. *Aaron v. Ferrell*, No. 2:23-cv-374-MHT-CWB, 2025 U.S. Dist. LEXIS 139789, at *6–7 (M.D. Ala. July 21, 2025). "Nor did Congress preclude an individual from seeking relief under 15 U.S.C. § 6851 simply because he or she might have chosen to share other intimate content at another time." *Id.* at 7.

Under Federal Rules of Evidence 401 and 402, these categories of evidence are not relevant to whether Defendant obtained the explicit consent required by law. Even if marginally relevant, they should be excluded under Rule 403 because their probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury.

DOE v BONNELL
CASE NO: 1:25-cv-20757-JB/Torres
Page 6

Moreover, Defendant's anticipated evidence invites impermissible character inferences and victim-blaming—suggesting that Plaintiff's prior conduct or alleged participation in certain communities somehow justifies Defendant's actions.  Pursuant to Rule 412, courts routinely exclude analogous evidence at the motion in limine stage—particularly in cases involving sexual conduct or privacy violations—because it invites improper character inferences, distracts from the legally relevant inquiry, and unfairly shifts blame to the victim. *See, e.g., United States v. Culver*, 598 F.3d 740, 749 (11th Cir. 2010) (affirming pretrial exclusion of sexual-history evidence under Rule 412); *B.K.B. v. Maui Police Department*, 276 F.3d 1091, 1104–05 (9th Cir. 2002) (excluding evidence that encourages improper inferences and shifts focus from defendant's conduct); *Wolak v. Spucci*, 217 F.3d 157, 160–61 (2d Cir. 2000) (recognizing that such evidence is generally irrelevant and highly prejudicial in civil cases); Fed. R. Evid. 412 (requiring pretrial determination of admissibility of such evidence).

For these reasons, all evidence, testimony, and argument purporting to establish "implied consent" should be excluded.

B. **Evidence, Testimony or Argument Concerning Plaintiff's Alleged Sexual History or Predisposition Should Be Excluded**

Plaintiff moves to prohibit Defendant from introducing evidence of, questioning any witness about, or referring to Plaintiff's alleged sexual behavior or sexual predisposition—whether or not purportedly related to consent. Such evidence is categorically barred by Federal Rule of Evidence 412 and, in any event, is irrelevant under Rule 402 and unduly prejudicial under Rule 403.

Rule 412(a) prohibits the admission of evidence offered to prove that a victim engaged in "other sexual behavior" or to prove a victim's "sexual predisposition." The Rule reflects a strong

DOE v BONNELL
CASE NO: 1:25-cv-20757-JB/Torres
Page 7

policy judgment to "safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details." Fed. R. Evid. 412 advisory committee's notes; *see also United States v. Waeckerle*, No. 22-cr-30050-SMY, 2024 U.S. Dist. LEXIS 4755, at *2–3 (S.D. Ill. Jan. 9, 2024).

Plaintiff anticipates that Defendant will seek to introduce precisely this type of prohibited evidence. During the preliminary injunction hearing, defense counsel repeatedly questioned Plaintiff about private, sexually explicit communications between Plaintiff and Defendant, and elicited similar testimony from other witnesses during depositions[2]. (TR, 33:15-25; 34:23-25; 35:1-14; 38:4-20). (See also referenced testimony above concerning Plaintiff's alleged suggestion to record the Video, alleged prior sharing of explicit content with Defendant or her then boyfriend, and alleged post sharing of the Video to her then boyfriend). These communications have no bearing on whether Defendant disclosed the Video without Plaintiff's consent, nor do they relate to Plaintiff's claims for emotional distress or invasion of privacy, nor to any valid defense.

Rather, the only apparent purpose of introducing such evidence is to harass and embarrass Plaintiff, and to invite the jury to draw improper character-based inferences regarding Plaintiff's alleged sexual predisposition. Courts routinely exclude such evidence for precisely these reasons. As one court explained in granting a motion in limine, courts must guard against the use of such evidence to "exploit[] stereotypes or subject[] a party to gratuitous embarrassment and invasion of privacy." *French v. Amsleep, Inc.*, No. 01 C 9824, 2003 U.S. Dist. LEXIS 445, at *8 (N.D. Ill. Jan.

---

[2] Defendant's deposition of Plaintiff's then-boyfriend (who was in a relationship with Plaintiff at the time of the events at issue) focused almost entirely on irrelevant and highly intrusive details of Plaintiff's private sexual life. This questioning included, among other things, inquiries into the circumstances of their first kiss, whether Plaintiff expressed a desire to be dominated during sexual activity, whether the couple exchanged explicit photographs or videos (and the nature of such materials), whether Plaintiff was a virgin, the frequency of their sexual activity, and Plaintiff's sexual orientation.

DOE v BONNELL
CASE NO: 1:25-cv-20757-JB/Torres
Page 8

13, 2003). Likewise, evidence concerning "purely private matters" should be excluded where any minimal probative value is substantially outweighed by the risk of unfair prejudice. *Boeser v. Sharp*, Civil Action No. 03-cv-00031-WDM-MEH, 2007 U.S. Dist. LEXIS 35084, at *7–8 (D. Colo. May 14, 2007).

Consistent with Rules 402, 403 and 412, courts regularly resolve these issues at the motion in limine stage to prevent precisely the type of unfair prejudice and jury confusion Defendant's anticipated evidence would create. Because the evidence serves no legitimate purpose and would only inflame, mislead, and prejudice the jury, it must be excluded in its entirety.

C. **Defendant's Reliance on Self-Generated Documents to Support His Claim of Conclusive Proof of Non-Disclosure to Abbymc Should be Precluded**

Defendant is expected to rely on self-generated materials—including a spreadsheet and "communication logs"—to argue that these documents "conclusively establish" that he never transmitted the Video to Abbymc. (DE 132, p. 13) Specifically, Plaintiff seeks to preclude Defendant's reliance on two exhibits submitted in support of his Motion to Dismiss (DE 132-6, 7) and also his Motion for Summary Judgment (DE 213-5, 6) because these materials cannot be authenticated, lack a reliable foundation, and would mislead the jury.

Defendant cannot satisfy Rule 901's authentication requirement. In the Eleventh Circuit, the proponent must present evidence "sufficient to support a finding that the item is what the proponent claims it is." *United States v. Caldwell*, 776 F.3d 1308, 1315 (11th Cir. 2015). Electronic evidence must be supported by reliable indicia of authenticity and corroborating circumstances. *United States v. Lanzon*, 639 F.3d 1293, 1300–01 (11th Cir. 2011). And where the proponent fails to establish reliability or authorship, exclusion is appropriate. *United States v. Siddiqui*, 235 F.3d 1318, 1322–23 (11th Cir. 2000).

DOE v BONNELL
CASE NO: 1:25-cv-20757-JB/Torres
Page 9

The materials at issue fall far short of this standard. They were artificially created, compiled and produced by Defendant without adherence to basic forensic standards. Plaintiff's expert identified critical deficiencies in Defendant's collection and preservation of ESI, including the absence of hash verification, incomplete metadata preservation, and a broken chain of custody. See Decl. Jesus Pena, DE 139-1. Without contemporaneous hash values or verifiable metadata, there is no reliable method to confirm the integrity, completeness, or accuracy of these materials. As a result, they are not capable of authentication under Rule 901 and are inherently unreliable.

The documents are also internally inconsistent and indicative of tampering. The timestamps and Google Drive identifiers reflected in Defendant's spreadsheet do not match those in the underlying chat evidence. Id. ¶19. Likewise, the Google Drive links Defendant claims were sent to Abbymc and Peach are not the same, undermining his core assertion that the transmissions were identical. Id. ¶20. These inconsistencies render the documents unreliable and incapable of supporting Defendant's conclusions.

Defendant has further admitted that these materials are reconstructed and incomplete. In a recorded statement, he acknowledged that "there is no original file" and that he was "artificially creating a file by reconstructing a log." DE 181 (audio file). He also admitted to using artificial intelligence to generate or format the spreadsheet. Id. These admissions confirm that the documents are not original records, but *post hoc* reconstructions lacking evidentiary reliability.

Defendant's anticipated argument regarding file names is likewise misleading. (See DE 132, pp. 13-14). The purported "filenames" in the chat records are not filenames at all, but Google Drive links that do not reveal the underlying file names. DE 139-1, ¶22. Any comparison between those links and an alleged original filename is therefore meaningless and risks misleading the jury.

DOE v BONNELL
CASE NO: 1:25-cv-20757-JB/Torres
Page 10

Accordingly, these materials should be excluded under Rules 401, 403, and 901. They are not probative of whether Defendant transmitted the Video, and any marginal relevance is substantially outweighed by the risk of misleading the jury and confusing the issues.

At a minimum, even if the Court permits limited use of these materials, Defendant should be precluded from characterizing them as complete, definitive, or conclusive evidence of non-disclosure, or from arguing that the absence of an entry or filename establishes that no transmission occurred. Such arguments lack foundation, are actively disputed, and would improperly suggest certainty where none exists.

### D. Defendant's Reliance on his Catfishing Defense Should Be Precluded

Plaintiff moves to preclude Defendant from introducing evidence or argument concerning alleged "catfishing," including assertions that a third party (ie., "Solo") controlled or accessed the account of the intended recipient of the Video. See DE 183, 222. Defendant has admitted that he transmitted the Video to an account he believed belonged to Rose. (TR, DE 90, 83:7-13; 89:17-19). The identity of the individual operating that account, or whether another individual had access to it, is irrelevant to the dispositive issue—whether Defendant disclosed the Video without Plaintiff's consent. Any argument that Defendant did not "really" disclose the Video because it was viewed or accessed by someone other than the intended recipient; or that the presence of a third-party intermediary negates disclosure; or that the circumstances surrounding the recipient's account reduce or eliminate liability, misstates the law and risks confusing the jury.

Pursuant to the plain language of the CARDII statute, disclosure means "to transfer, publish, distribute, or make accessible" the Video to another person or account, regardless of whether the Defendant was deceived as to the recipient's identity or whether multiple individuals accessed the account. 15 U.S.C. § 6851(a)(4). Under Rules 401 and 403, such evidence is irrelevant

DOE v BONNELL
CASE NO: 1:25-cv-20757-JB/Torres
Page 11

or, at most, minimally probative and substantially outweighed by the risk of: jury confusion, distraction from the central issue of unauthorized disclosure, and unfair prejudice through introduction of collateral issues.

Accordingly, Defendant should be precluded from presenting a "catfishing" defense or otherwise arguing that the involvement of third parties negates or excuses the disclosure. To the extent the Court permits limited reference to the circumstances of the communication, Defendant should be prohibited from arguing that such circumstances defeat liability or constitute a defense to Plaintiff's claims.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Omnibus Motion in Limine and preclude Defendant from introducing or referring to the categories of evidence and argument identified herein. Plaintiff respectfully requests a hearing if the Court believes oral argument would assist in resolving the issues presented.

## CERTIFICATE OF CONFERRAL

The undersigned counsel, Joan S. Peters, hereby certifies that she held a meet and confer conference call with counsel for the Defendant, Mr. Brettler, on March 24, 2026, to address the above grounds for relief however Mr. Brettler opposed the relief sought.

Date: March 30, 2026

**JSP LAW, LLC**
Joan Schlump Peters
(admitted *pro hac vice*)
838 Neapolitan Way, #91
Naples, FL 34103
Tel. 305-299-4759
Email: petersjoan@bellsouth.net

**SANCHEZ-MEDINA GONZALEZ**
**LAGE GOMEZ & MACHADO, LLP**
CARLOS A. GARCIA PEREZ
    Florida Bar No. 106895
GUSTAVO D. LAGE
Florida Bar No.  972551
201 Alhambra Circle, Suite 1205
Coral Gables, Florida, 33134

DOE v BONNELL
CASE NO: 1:25-cv-20757-JB/Torres
Page 12

Tel.: (305) 377-1000
Primary E-Mail: cgarciaperez@smgqlaw.com
Primary E-Mail: glage@smgqlaw.com
Counsels for Plaintiff

*/s/ Carlos A. Garcia Perez*

By:_____
CARLOS A. GARCIA PEREZ
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 30, 2026 a true and correct copy of the foregoing was

served on all parties via the CM/ECF filing portal to all counsel of record.

By: */s/ Carlos A. Garcia Perez*
CARLOS A. GARCIA PEREZ
Attorney for Plaintiff