**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 25-20757-CIV-BECERRA/TORRES

JANE DOE,

       *Plaintiff,*

v.

STEVEN K. BONNELL II,

       *Defendant.*

_____/

## ORDER ON PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE

This matter is before the Court on Plaintiff Jane Doe's motion for order to show cause why Defendant should not be held in contempt, and request for sanctions and injunctive relief. [D.E. 113]. Defendant timely responded [D.E. 118], to which Plaintiff timely replied [D.E. 130]. Accordingly, Plaintiff's motion is ripe for disposition. After careful review, Plaintiff's motion is hereby **DENIED**.

## I. BACKGROUND

One April 4, 2025, the Court held a hearing on Plaintiff's motion for a temporary restraining order ("TRO") and preliminary injunction [D.E. 21]. [D.E. 32]. At the hearing, District Judge Jacqueline Becerra denied Plaintiff's motion for TRO and referred the remainder of the motion to the undersigned for disposition. [D.E. 31]; [D.E. 32]; [D.E. 38].

1

Accordingly, the undersigned held a hearing on June 3, 2025, on Plaintiff's motion for preliminary injunction [D.E. 21].   [D.E. 87].   That hearing lasted approximately two-and-a-half hours and saw both Plaintiff and Defendant testify as to the issues raised by Plaintiff's motion.  [D.E. 90].  Additionally, the hearing was open to the public.  There was no request made to the Court either before or during the hearing to seal the courtroom in any fashion.  And, accordingly, there were others in attendance beyond the undersigned, Court staff, the Parties, and their counsel.[1]

Plaintiff, however, filed a motion to seal the hearing transcript (the "Transcript"), citing the existence of "highly sensitive, private, and confidential information, including personal details with regards to the identity of Ms. Doe, details concerning Ms. Doe's harm and suffering because of Defendant's actions, and sexually explicit content." [D.E. 88 at 1].  Given Plaintiff's allegations as to the potential harm resulting from the testimony; a then-lack of an existing protective order governing the Parties' actions as to, *e.g.*, a procedure for dealing with inadvertently disclosed confidential information (were there any); and a litany of then-recently-filed motions, the Court granted in part Plaintiff's motion to seal, "pending further Order of the Court." [D.E. 91].

On October 27, 2025, the Court issued the foreshadowed "further Order of the Court," denying Plaintiff's motion to seal the Transcript.  [D.E. 154].  In doing so, we made several findings, including that Plaintiff had "not only published this information in her earlier pleadings, but was also, in the moment, speaking in a

---

[1] *See* [D.E. 101 at 2].

public forum." *Id.* at 7 (citing *U.S. v. Kravetz*, 706 F.3d 47, 63–64 (1st Cir. 2013) (regarding the effect of publication on privacy claims)).

## II.  ANALYSIS

In the intervening period between when the Court temporarily sealed the June 3, 2025, hearing transcript and when it issued its subsequent Order in late October 2025, Plaintiff filed the motion currently before us, asking us to order Defendant to show cause as to why "he should not be held in civil contempt for willfully violating this Court's Order sealing the transcript of the June 3[rd], 2025[,] preliminary injunction hearing[.]" [D.E. 113 at 1].  As for grounds, Plaintiff alleges that Defendant had been publicly discussing elements of the transcript, including on streaming platforms. *Id.* at 2–3.  Plaintiff characterizes this as being in direct contravention of our earlier order temporarily sealing the Transcript: "Despite the Court's clear directive that the transcript remain sealed due to the highly sensitive and sexually explicit nature of the testimony, Defendant has publicly read from and discussed the sealed transcript during a live broadcast on his streaming channel."  *Id.* at 1.

As a point of clarification, our Order temporarily sealing the Transcript (which was vacated in [D.E. 154]) said only the following: "PAPERLESS ORDER granting in part[] Motion to Seal.  We direct the Clerk to maintain the transcript at D.E. 90 as fully sealed, pending further Order of the Court." [D.E. 91].  So, we explicitly did not make the findings as to the nature of the Transcript in [D.E. 91] that have been imputed to this Court by Plaintiff in her motion [D.E. 113 at 1].  In fact and as briefly noted above, we found that: (1) "there was no discovery information that, at that time,

3

could have been seen as having been designated as confidential under [a protective order governing discovery]"; (2) "[t]he Transcript[] does not reflect in inadvertent references to Plaintiff's name or particular identifying information that could cause her to be personally identified; and (3) "even that information which Plaintiff allege[d] was private could already, at that point, be found in briefing on the public docket"; and (4) the June 3, 2025, hearing was inescapably public. [D.E. 154 at 9–10]. Hence, we denied Plaintiff's motion to seal "as good cause of a compelling and specific nature has not been persuasively shown." *Id.* at 10.

Plaintiff's motion for order to show cause [D.E. 113], having been filed before we issued the "pending further Order of the Court," was premature. And now, with the Court having issued [D.E. 154], denying Plaintiff's motion to seal the Transcript [D.E. 88], her motion for order to show cause [D.E. 113], which was premised on the temporary sealing of the Transcript, is moot.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's motion for order to show cause why Defendant should not be held in contempt, and request for sanctions and injunctive relief is **DENIED**. [D.E. 113].

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of March, 2026.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

4