**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

MIAMI DIVISION

**JANE DOE**,                                                  CASE NO: 1:25-cv-20757-JB/Torres

         Plaintiff,

   v.

**STEVEN K. BONNELL II**,

         Defendant.

_____/

## PLAINTIFF JANE DOE'S VERIFIED MOTION FOR CONTINUANCE OF TRIAL

Plaintiff Jane Doe ("Plaintiff"), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 16(b)(4) and this Court's inherent authority to manage its docket, respectfully moves to continue the trial currently set to commence during the two-week period beginning May 18, 2026, and states as follows:

### I.     PRELIMINARY STATEMENT

This case is not trial-ready, and proceeding to trial under the current posture would be fundamentally unfair. Trial is set to begin on May 18, 2026, yet core discovery—most notably, Defendant's deposition—has not occurred. Significantly, the Court has not yet ruled on several pending motions that directly govern whether and how that discovery may proceed, including: (i) Defendant's motion for protective order concerning deposition scheduling [ECF 163]; (ii) Plaintiff's motion to modify the Scheduling Order [ECF 184]; and (iii) Plaintiff's Rule 56(d) motion seeking discovery necessary to respond to Defendant's summary judgment motion [ECF 216].

Under Eleventh Circuit precedent, courts consider the moving party's diligence, the prejudice that would result from denial, and whether a continuance would cure the need for

additional time. Each factor strongly favors relief. Plaintiff diligently pursued discovery, but was constrained by the timing of the Protective Order, a Court-ordered stay of Defendant's deposition, ongoing discovery disputes, and the pendency of motions central to the completion of discovery. As a result, the case cannot be fairly tried in its current posture. Moreover, the Defendant's summary judgment motion remains pending. [ECF 210]. Trial is imminent, yet it remains unresolved whether Plaintiff may complete the discovery necessary to present her claims and challenge Defendant's evidence. Under these circumstances, good cause—and indeed fundamental fairness—require a continuance of the trial and a revised Scheduling Order.

## II.    RELEVANT FACTS

The Court's Scheduling Order set a trial date during the two-week period beginning May 18, 2026 [ECF 23].  As fully set forth in Plaintiff's Motion to Modify the Scheduling Order [ECF 184, 184-1, 200, 200-1], the operative discovery period was significantly constrained. Discovery did not meaningfully begin until entry of the Protective Order on September 2, 2025, leaving only a three-and-a-half month window. [ECF 116]. On November 5, 2025, the Court stayed Defendant's deposition pending resolution of his motion for protective order. [ECF 167]. As a result, the discovery period was further shortened and Plaintiff had only two months to conduct written discovery and party depositions. [See ECF 184].

Despite Plaintiff's diligence – as detailed in her Rule 56 (d) filings [ECF 216, 216-1, 216-2, 220], and incorporated herein – critical discovery remains incomplete: i) **Defendant has not been deposed; ii)** discovery disputes regarding Defendant's deficient productions remain unresolved; iii) a foreign deposition (via letter rogatory) remains pending; and iv) issues concerning potential spoliation require further investigation and motion practice.

## III.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order may be modified for "good cause," which exists where the schedule cannot be met despite the movant's diligence. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998).

In evaluating a motion to continue trial, courts in the Eleventh Circuit consider: (1) the moving party's diligence; (2) whether a continuance would remedy the need for additional time; (3) inconvenience to the Court and opposing party; and (4) prejudice from denial. *Romero* v. *Drummond Co.*, 552 F.3d 1303, 1320 (11th Cir. 2008). *See also High Soc'y Exotics, LLC v. Bellsouth Telecomms., LLC*, No. 1:24-cv-22768-KMM, 2025 U.S. Dist. LEXIS 266891, at *6 (S.D. Fla. Sep. 8, 2025).

Local Rule 7.6 further requires a showing of "good cause supported by a full factual record." S.D. Fla. L.R. 7.6. The decision whether to grant a continuance is within the sound discretion of the trial court. *See Arabian Am. Oil Co. v. Scarfone*, 939 F.2d 1472, 1479 (11th Cir. 1991).

IV.    **ARGUMENT**

A.    **Good Cause Exists Because A Core Party Deposition—Central to the Case— Has Not Occurred**

This case cannot proceed to trial where the central witness—Defendant—has not been deposed. His testimony goes to the core of every claim and defense, including his alleged disclosure of the Video and the authenticity of his evidence. This is not due to inaction. Defendant's deposition was stayed by Court order pending resolution of his motion for protective order. As a result, Plaintiff has been deprived of any meaningful opportunity to examine Defendant under oath.

Courts routinely recognize that that a case should not proceed on an incomplete record where a party has been unable to depose a key witness. *See, e.g., Snook v. Tr. Co. of Ga. Bank of*

*Savannah*, 859 F.2d 865, 870–71 (11th Cir. 1988); *Jones v. City of Columbus*, 120 F.3d 248, 253–54 (11th Cir. 1997); *Clairmont v. Sun Terminals, Inc.*, No. 06-61040-CIV, 2007 U.S. Dist. LEXIS 13098, at *3–4 (S.D. Fla. Feb. 25, 2007); *Barn Light Elec. Co., Ltd. Liab. Co. v. Barnlight Originals, Inc.*, No. 8:14-cv-1955-MSS-AEP, 2016 U.S. Dist. LEXIS 184154, at *6 (M.D. Fla. Feb. 25, 2016)(granting motion to continue trial to allow additional discovery to occur). Proceeding to trial under these circumstances would deny Plaintiff a fair opportunity to present her case and constitutes good cause for a continuance.

**B.  Good Cause Exists Because The Court Has Not Yet Ruled on Motions That Directly Control Whether Discovery May Proceed, or on a Dispositive Motion**

The procedural posture independently warrants a continuance. The Court has not ruled on multiple motions that directly control whether Plaintiff may complete essential discovery, including the motion for protective order, the motion to modify the schedule, and the Rule 56(d) motion. These motions are central—not collateral—to whether discovery necessary for trial will occur. In addition, Defendant's summary judgment motion remains pending. Where dispositive motions and discovery-related motions remain unresolved, the case is not ready for trial.  *See Rosello v. Esq*, No. 8:19-cv-3027, 2021 U.S. Dist. LEXIS 268540, at *3 (M.D. Fla. July 12, 2021)(granting motion for continuance). *See also Kessler v. Fla. Dep't of Revenue*, No. 09-10079-CIV, 2010 U.S. Dist. LEXIS 12922, at *1 (S.D. Fla. Feb. 16, 2010). These unresolved issues directly affect the completeness of the factual record and constitute good cause for a continuance.

**C.  Plaintiff Has Acted Diligently**

The record reflects that Plaintiff has acted diligently at every stage, and that the current posture is the result of exceptional circumstances – not lack of diligence. During the curtailed discovery window, Plaintiff served and responded to written discovery, produced documents, engaged in meet-and-confers regarding deficiencies, sought to schedule depositions, conducted

non-party depositions, and pursued foreign discovery. Plaintiff also timely moved to modify the schedule and sought Rule 56(d) relief. See ECF 184, 184-1, 200, 200-1, 216, 216-1, 216-2, 220, relied on and incorporated herein.  The current posture is the result of Court-imposed constraints, unresolved disputes, and Defendant's failure to cooperate—not lack of diligence.

### C.  The Eleventh Circuit Factors Confirm That These Exceptional Circumstances Warrant a Continuance

Application of the governing Eleventh Circuit factors further confirms that a continuance is warranted.

*First*, Plaintiff acted diligently, see *ante*.

*Second*, a continuance will cure the problem. A limited continuance will allow the resolution of pending motions and outstanding discovery issues, and permit the taking of Defendant's and non-party witness Melina Goransson's depositions.

*Third*, any inconvenience is minimal. Plaintiff seeks a finite continuance tied to completion of core discovery, not an open-ended delay.

*Fourth*, denial of a continuance would cause substantial prejudice. Plaintiff would be forced to proceed to trial without deposing Defendant and without the ability to test evidence central to Defendant's case—much of which is within his exclusive control. That is precisely the type of prejudice Rule 16 is designed to prevent.

Taken together, these factors compel the conclusion that a continuance is not only appropriate, but necessary.

### V.  CONCLUSION

Ultimately, the question before the Court is one of fairness and orderly case management. This case is not trial-ready because key discovery remains incomplete, and the Court has not yet resolved motions that will determine whether Plaintiff may obtain the discovery necessary to

present her claims and oppose Defendant's dispositive motion. Proceeding to trial under these circumstances would elevate scheduling over substance and risk adjudicating the case on an incomplete and untested record. These circumstances constitute good cause under Rule 16 and exceptional circumstances under Local Rule 7.6. A continuance of the trial and a revised Scheduling Order are therefore necessary to ensure a fair adjudication on the merits.

## Local Rule 7.1(a)(3) Certificate

On April 2, 2026, counsel for Plaintiff conferred with counsel for Defendant about the relief requested by Plaintiff via e-mail. The parties were unable to reach any agreement as to the relief requested.

## VERIFICATION

Under penalty of perjury, I, Joan Schlump Peters, declare that the foregoing facts and allegations stated in this motion are true. *See* Fla. Stat. § 92.525(2).

Date: April 2, 2026.

Respectfully submitted,

**JSP LAW, LLC**
Joan Schlump Peters
(admitted *pro hac vice)*
838 Neapolitan Way, #91
Naples, FL 34103
Tel. 305-299-4759
Email: petersjoan@bellsouth.net

**SANCHEZ-MEDINA GONZALEZ**
**LAGE GOMEZ & MACHADO, LLP**
CARLOS A. GARCIA PEREZ
Florida Bar No. 106895
GUSTAVO D. LAGE
Florida Bar No.  972551
201 Alhambra Circle, Suite 1205
Coral Gables, Florida, 33134
Tel.: (305) 377-1000
Primary E-Mail: cgarciaperez@smgqlaw.com
Primary E-Mail: glage@smgqlaw.com
Counsels for Plaintiff

*/s/ Carlos A. Garcia Perez*

By:_____
      CARLOS A. GARCIA PEREZ

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on April 8, 2026 a true and correct copy of the foregoing was

served on all parties via the CM/ECF filing portal to all counsel of record.


By: <u>*/s/ Carlos A. Garcia Perez*</u>
CARLOS A. GARCIA PEREZ
Attorney for Plaintiff