**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 1:25-cv-20757-JB/Torres**

JANE DOE,

      Plaintiff,

v.

STEVEN K. BONNELL II,

      Defendant.

_____/

**STEVEN K. BONNELL II'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE***

**I.     INTRODUCTION**

Under the guise of a motion *in limine*, Plaintiff attempts to conceal critical evidence from the jury and prevent Bonnell from presenting a meaningful defense. Plaintiff seeks to exclude nearly all the pertinent, exculpatory evidence in the record, including evidence bearing directly on the elements of her claims. The law in this Circuit is clear—evidence directly relevant to the elements of a party's claims is not the proper subject of a motion *in limine*. Accordingly, Plaintiff's Motion must be denied.

**II.    LEGAL STANDARD**

Although courts may rule on motions *in limine* in advance of trial, their purpose is limited to addressing discrete evidentiary issues that are "clearly inadmissible on all potential grounds." *Gautier v. Monta*, No. 22-23296-CIV, 2023 WL 7279365, at *1 (S.D. Fla. Nov. 3, 2023) (internal quotations removed). Where admissibility depends on context, rulings should be "deferred until trial." *Lopez v. Allstate Fire & Cas. Ins. Co.*, No. 14-20654-CIV, 2015 WL 11216748, at *1 (S.D. Fla. Oct. 27, 2015). Motions that are "broad, vague, and include speculative categories of evidence" are routinely denied because they ask the court to rule in a vacuum. *Jolibois v. Pub. Health Tr. of Miami-Dade Cnty.*, No. 23-CV-24442, 2025 WL 1101217, at *2 (S.D. Fla. Apr. 14,

2025) (quoting *SEC v. MintBroker Int'l, Ltd.*, No. 21-CV-21079, 2024 WL 2292470, at *20 (S.D. Fla. May 21, 2024)).

Critically, motions *in limine* are not vehicles to adjudicate the merits of claims or defenses or to resolve disputed elements of a case. *Whidden v. Roberts*, 334 F.R.D. 321, 324 (N.D. Fla. 2020) (holding that motions *in limine* "are not the proper vehicle for seeking a dispositive ruling," to "resolve factual disputes or weigh evidence," or to establish or negate elements of a claim). "[T]he better practice is to deal with questions of admissibility of evidence as they arise" at trial, rather than through sweeping pretrial exclusion. *Id.* at 323.

Relevant evidence is broadly admissible, Fed. R. Evid. 401-02, and threshold issues such as authentication require only a *prima facie* showing, after which the ultimate determination is for the jury. The Eleventh Circuit has held that Federal Rule of Evidence 901 "merely requires the proponent to present sufficient evidence to make out a *prima facie* case that the proffered evidence is what it purports to be." *Shutler v. Citizens Disability LLC*, No. 23-CV-14337-KMM, 2024 WL 4483375, at *2 (S.D. Fla. Sept. 23, 2024). Thus, motions *in limine* challenging a document's authentication and seeking to exclude evidence under Rule 403 are also disfavored. Rule 403 "is an extraordinary remedy which the district court should invoke sparingly," and the balance "should be struck in favor of admissibility." *Buonomo v. JetBlue Airways Corp.*, No. 22-CV-23606, 2023 WL 8865706, at *5 (S.D. Fla. Dec. 22, 2023).

### III.   EVIDENCE OF CONSENT GOES TO THE HEART OF THIS CASE.

#### A.   Evidence of Consent and Intent Is Directly Relevant to Plaintiff's Claims.

Plaintiff seeks to exclude all evidence of her implied consent for Bonnell to share the Video with third parties, yet consent (or lack thereof) is an essential element of half of Plaintiff's claims, and an affirmative defense to all of them. Specifically, Count 1 (Violation of 15 U.S.C. § 6851), Count 2 (Violation of Fla. Stat. § 784.049), and Count 4 (Public Disclosure of Private Facts) each allege that Bonnell acted without consent, whether express or implied. (Am. Compl. [ECF No. 120] ¶¶ 44, 51, 66.) Indeed, Plaintiff's Motion entirely ignores Counts 2 through 4 of her Amended

Complaint, each of which requires Plaintiff to establish a lack of consent or Bonnell's intent to harm as an element of the claims.[1] Evidence that Plaintiff consented to the transmission of the Video, or that Bonnell reasonably believed he had obtained such consent, is directly relevant to Plaintiff's claims and Bonnell's defenses.

Motions *in limine* seeking to exclude evidence directly relevant to an element of a claim must be denied. *See Morgan v. Orlando Health, Inc.*, No. 17-CV-1972-CEM-GJK, 2021 WL 12100347, at *6, *12 (M.D. Fla. Dec. 8, 2021) (denying motion *in limine* to exclude evidence of consent where such evidence "is a defense to the . . . claims in th[e] case"); *Ctr. Hill Cts. Condo. Ass'n v. Rockhill Ins. Co.*, No. 19-CV-80111, 2020 WL 496065, at *3 (S.D. Fla. Jan. 30, 2020) (denying motion *in limine* that "improperly seeks to . . . address the substantive issues to be tried in the case" where evidence sought to be excluded was "relevant to establishing" a core element of plaintiff's claim); *LSQ Funding Grp. v. EDS Field Servs.*, 879 F. Supp. 2d 1320, 1337 (M.D. Fla. 2012) ("A motion *in limine* is not the proper vehicle to resolve substantive issues, to test issues of law, or to address or narrow the issues to be tried."); *OneSource Facility Servs., Inc. v. Mosbach*, No. 05-cv-525-FTM-34DNF, 2007 WL 9718744, at *3-4 (M.D. Fla. Aug. 31, 2007) (denying motion *in limine* where evidence was "directly relevant" to the elements of plaintiff's claims).

Here, Counts 1 and 2 of the Amended Complaint specifically require Plaintiff to establish a lack of consent as an element of her claims.[2] *See Doe v. Stevenson*, No. 24-CV-02778, 2025 WL 1165660, at *3-5 (N.D. Ill. Apr. 3, 2025) (dismissing CARDII claim where plaintiff failed to establish defendant knew of or recklessly disregarded whether he had consent to share the images);

---

[1] Plaintiff also seeks punitive damages, requiring evidence of malice. (*See* Am. Compl. [ECF No. 120] ¶¶ 48, 57, 64, 73.)

[2] Evidence of consent is also relevant to and probative of Count 3 of the Amended Complaint for Intentional Infliction of Emotional Distress. Whether Plaintiff consented to the transmission of the Video is critical to a jury's determination of "extreme and outrageous conduct," as well as any intent to harm Plaintiff. *See Dome v. Celebrity Cruises Inc.*, 595 F. Supp. 3d 1212, 1226 (S.D. Fla. 2022) (IIED claim requires "extreme and outrageous conduct" and an "intent to cause, or reckless disregard to the probability of causing, emotional distress"); *see also* Am. Compl. [ECF No. 120] at ¶ 59 ("Defendant's conduct of disclosing the Videos without Plaintiff's consent was either done intentionally or with reckless disregard to the probability of causing Plaintiff emotional distress.").

*see also Conradis v. Buonocore*, No. 18-cv-1486-EJK, 2021 WL 4243720, at *5 (M.D. Fla. Sept. 17, 2021) (noting that a claim under Florida Statute section 784.049 requires a showing that dissemination occurred "without the depicted person's consent"). Indeed, evidence that Plaintiff herself first shared the Video with third parties (*see, e.g.*, Prelim. Inj. Hr'g Tr. [ECF No. 90] at 13:3-8, 17-19) is directly relevant to whether Bonnell had Plaintiff's consent, implied or otherwise, to do the same. The Motion should be denied for that reason alone.

Similarly, evidence that Plaintiff repeatedly sent Bonnell sexually explicit material of herself with other individuals (*id.* at 35:8-11; 37:23-25; 38:1-12), repeatedly solicited sexually explicit material from Bonnell depicting him with others (*id.* at 34:23-25:3), and "had a lot of conversations about consent" with Bonnell (*id.* at 8:8-9) is probative and directly relevant to Bonnell's state of mind regarding consent and any purported intent to harm Plaintiff. Indeed, Judge Torres already indicated that Plaintiff's conduct is relevant to her claims:

> But if that were true, then [Plaintiff is] guilty of cyber harassing because she sent a video of her former boyfriend . . . . She may not have had any intention of causing substantial harm or emotional distress to her former boyfriend because she assumed she had consent, but she clearly disseminated it. So how is that any different? . . . This statute seems to require me to find that at the time of dissemination, [Bonnell] did so with the intent of causing harm to the depicted person.

(*Id.* at 116:12-20; 117:11-13.) As the Court noted at the hearing on Plaintiff's Motion for Preliminary Injunction, evidence of implied consent and Bonnell's state of mind is relevant to and probative of the claims and defenses in this case. Accordingly, Plaintiff's Motion should be denied.

### B.   **CARDII Does Not Preclude Evidence of Implied Consent.**

Plaintiff's contention that her claim pursuant to the CARDII statute (Count 1) precludes evidence of implied consent is contrary to law.[3] Indeed, the CARDII statute specifically requires

---

[3] Even if Plaintiff's CARDII claim precluded evidence of implied consent (it does not), the Court still would have to deny Plaintiff's Motion because evidence of implied consent and state of mind are essential factual elements of Counts 2 and 3 in the Amended Complaint.

that the "disclosure was made by a [defendant] *who knows that, or recklessly disregards whether, the [plaintiff] has not consented to such disclosure*." 15 U.S.C. § 6851(b)(1)(A) (emphasis added). Evidence probative of Bonnell's reasonable belief regarding consent goes to the heart of whether Bonnell "knew" or "recklessly disregarded" whether Plaintiff had consented to the transmission of the Video. At least one Court interpreting the CARDII statute confirmed that liability turns on defendant's contemporaneous mental state regarding consent. *See Doe v. Stevenson*, No. 24-CV-02778, 2025 WL 1165660, at *3-5 (N.D. Ill. Apr. 3, 2025) (dismissing CARDII claim where "nothing in the record . . . can be read to establish [defendant's] mental state for purposes of § 6851," or whether defendant "kn[ew] that the plaintiff had not consented or recklessly disregard[ed] whether the plaintiff had provided consent").

Plaintiff's reliance on *Aaron v. Ferrell*, No. 23-CV-374-MHT-CWB, 2025 WL 2054859 (M.D. Ala. July 21, 2025) is puzzling. *Aaron* does not concern a motion *in limine*, but rather the district court's Findings of Fact and Conclusions of Law, after a bench trial. *Id.* at *1. While Plaintiff here seeks to exclude all evidence regarding implied consent, the court in *Aaron* did no such thing. There, the court admitted and considered evidence of implied consent. *Id.* at *3. Moreover, while the *Aaron* court found defendant liable for violating CARDII, the facts of that case bear no resemblance to the facts here. In *Aaron*, defendant stole a nude photo of plaintiff and published it online. *Id.* at *2. Bonnell did neither of those things, nor does Plaintiff allege he did.

Similarly, Plaintiff's reliance on the definition of "consent" in 15 U.S.C. § 6851(a)(2) has no bearing on the instant Motion. Nothing in the CARDII statute mandates that evidence of implied consent must be excluded. As stated above, evidence of Bonnell's mental state regarding consent is an element of a CARDII claim, and such evidence must be evaluated by a jury. 15 U.S.C. § 6851(b)(1)(A). Moreover, Plaintiff's reliance on § 6851(b)(2)(B) is similarly misplaced. The provision reads, "the fact that the individual disclosed the intimate visual depiction to someone else shall not *establish* that the person consented to the further disclosure of the intimate visual depiction." 15 U.S.C. § 6851(b)(2)(B) (emphasis added). First, this section does not mandate that the Court exclude such evidence; rather, only that such evidence by itself does not establish

5

consent. Second, § 6851(b)(2)(B) does not even apply. Here, Plaintiff did not simply send a nude video of herself to a third party, she sent the Video at issue depicting herself **and Bonnell** to a third party. She then filed the instant lawsuit against Bonnell for doing the exact same thing. A jury should not be shielded from that fact.

**IV.   PLAINTIFF'S MOTION TO EXCLUDE EVIDENCE OF "SEXUAL BEHAVIOR" IS VAGUE AND OVERBROAD; PLAINTIFF PLACED HER SEXUAL CONDUCT AT ISSUE.**

Plaintiff's Motion to exclude all evidence of her "sexual behavior or predisposition" (Mot. at 6) is vague and overbroad, and must be denied as a result. "Motions *in limine* that are broad, vague, and include speculative categories of evidence and argument of which the Court cannot predetermine the admissibility are due to be denied." *Robbins v. Robertson*, No. 15-CV-00124 (WLS), 2022 WL 2987890, at *5 (M.D. Ga. July 28, 2022); *see also Perez v. Fla. POP, LLC*, No. 20-14214-CV, 2022 WL 18023487, at *2 (S.D. Fla. Jan. 28, 2022) (denying motions i*n limine* for being "too vague, overbroad, or confusing for purposes of making a definitive informed pretrial ruling"); *MintBroker*, 2024 WL 2292470, at *20 (motions *in limine* should be denied where "it is unclear what specific evidence is or is not covered" by the motion). "When confronted with a broad motion *in limine*, therefore, the 'better practice is to deal with questions of admissibility of evidence as they arise' during the trial." *Whidden*, 334 F.R.D. at 323.

Here, it is unclear from Plaintiff's Motion what specific evidence she seeks to exclude. Plaintiff's Motion would necessarily cover evidence of her own communications with Bonnell, the fact she engaged in consensual sex with Bonnell and recorded the Video, and many of the other material allegations in her Amended Complaint. Because the Motion is not narrowly tailored, the Court must deny it, as a matter of law.

Further, Plaintiff placed her sexual history and conduct at issue in this case. In her Amended Complaint, Plaintiff alleged that she was sexually "inexperienced" and had only one prior sexual partner before Bonnell. (Am. Compl. [ECF No. 120] at ¶ 3.) At the hearing on her Motion for Preliminary Injunction, Plaintiff repeated that assertion under oath (Prelim. Inj. Hr'g Tr. [ECF No. 90] at 8:9-10), admitted to soliciting sexually explicit material from Bonnell

depicting him with others (*id*. at 34:23-25:3), and admitted that she sent the Video she made with Bonnell to her then-boyfriend before Bonnell allegedly sent it to anyone (*id.* at 13:3-8, 17-19). Plaintiff cannot now shield the jury from her own allegations, her own conduct and correspondence with Bonnell, or her prior admissions under oath.

Plaintiff's reliance on Rule 412 is misplaced. In fact, Rule 412 does not even apply here. The Eleventh Circuit has repeatedly limited the Rule's application only to "civil cases involving rape or sexual harassment." *Judd v. Rodman*, 105 F.3d 1339, 1341 (11th Cir. 1997); *see also Siotkas v. Top Jet, LLC*, No. 19-61051-CIV, 2021 WL 9939107, at *3 n.5 (S.D. Fla. May 3, 2021) ("Neither [plaintiff] [is] claiming to be a victim of sexual harassment in this case, and thus, Rule 412 does not apply."). Here, Plaintiff does not allege rape or sexual harassment. Her claims arise under 18 U.S.C. § 6851, Florida Statute section 784.049, and common law torts. Moreover, even where Rule 412 is applicable, such evidence remains admissible where its probative value outweighs prejudice. *Judd*, 105 F.3d at 1343 (holding that "evidence of prior sexual relationships and the type of protection used during sexual intercourse was highly relevant" and outweighed any prejudice). Any such evidence would be offered to rebut Plaintiff's assertions and to provide context for the parties' relationship and communications—issues central to consent, Bonnell's state of mind, and Plaintiff's claims for damages.

## V.      PLAINTIFF'S REQUEST TO EXCLUDE BONNELL'S DOCUMENTATION MUST BE DENIED.

Plaintiff's effort to exclude nearly all of Bonnell's documentary evidence on the purported grounds that it is "self-generated" and "unauthenticated" is entirely without merit. Bonnell already has authenticated the materials through sworn testimony establishing their creation, maintenance, and accuracy. (*See* Bonnell Decl., dated Sept. 19, 2025 [ECF No. 132-1]; Bonnell Decl., dated Jan. 30, 2026 [ECF No. 213].) Nothing more is required. *See SMS Audio, LLC v. Belson*, No. 16-81308-CIV, 2017 WL 1533971, at *3 (S.D. Fla. Mar. 20, 2017) (authentication requires only a *prima facie* showing that the evidence "is what it purports to be, and that authentication may be established through testimony or circumstantial evidence, including the "appearance, contents,

[and] substance" of electronic communications); *see also Carroll v. ATA Retail Servs., Inc.*, 747 F. App'x 762, 764 (11th Cir. 2018) (holding that a witness's testimony was sufficient to authenticate emails for admissibility purposes, and that the absence of original messages did not defeat authentication).

Further, Plaintiff's allegation of spoliation is meritless and not the proper subject of a motion *in limine*. Discovery closed four months ago, and Plaintiff neither filed a motion to compel nor a motion for spoliation sanctions.[4] Having failed to pursue available remedies during the discovery period, Plaintiff cannot now use a motion *in limine* as a substitute for an untimely discovery challenge or motion for sanctions. *See XTEC, Inc. v. Cardsmart Techs., Inc.*, No. 11-22866-CIV, 2014 WL 10250973, at *4 (S.D. Fla. Dec. 2, 2014) (denying motion *in limine* where defendants attempted to raise a discovery issue outside the discovery period, thereby waiving the argument); *Celler L. Org. v. Sony Pictures TV Inc.*, No. 13-61678-CIV, 2014 WL 12580516, at *5 (S.D. Fla. Apr. 12, 2014) (denying motion *in limine* as untimely and meritless where the movant "had ample time" to raise the discovery dispute during discovery but waited until the eve of trial); *Wyeth v. Apotex Inc.*, No. 08-22308-CIV, 2009 WL 8626786, at *7 (S.D. Fla. Oct. 6, 2009) (denying motion *in limine* as a procedurally improper and untimely Rule 37 motion where the movant failed to seek relief during discovery and instead attempted to exclude evidence at trial); *see also Bunch v. Pac. Cycle, Inc.*, No. 13-CV-0036-HLM, 2015 WL 11622952, at *8 n.2 (N.D. Ga. Apr. 27, 2015) (rejecting discovery-related objections in connection with a motion *in limine* and emphasizing that plaintiffs "should have raised their discovery-related concerns during discovery or within the appropriate period for filing motions to compel").

---

[4] Over a year ago, at the April 4, 2025, status conference, the Court expressly contemplated that any spoliation issues should be raised through an appropriate motion practice, stating: "If [Bonnell] doesn't think it's destroying evidence for some reason, well that will all play out . . . . in a motion for spoliation or maybe in the preliminary injunction . . . . And if there is an issue of the destruction of evidence, that's something that on a motion for spoliation you will have to confer." (Status Conf. Tr. [ECF No. 42-12] at 9:14-17; 12:9-11.) Plaintiff never filed a motion seeking spoliation sanctions against Bonnell.

Indeed, since at least the April 4, 2025 status conference, Plaintiff has asserted that evidence spoliation is an "ongoing issue," yet she never filed a spoliation motion. (*See* Mot. for TRO & Prelim. Inj. [ECF No. 21] at 13-14; Opp'n to Mot. To Dismiss [ECF No. 139] at 2, 6, 12, 14; Mot. re: Audio Files [ECF No. 150] at 1.) In the Order denying Plaintiff's Motion for Preliminary Injunction, the Court put it succinctly: "It is now October of 2025 and there is no such [spoliation] motion on the docket." (Order, dated Oct. 6, 2025 [ECF No. 143] at 9.) Nothing has changed since then. Plaintiff fails to offer any explanation why, if she had a good faith basis to accuse Bonnell of spoliation, she did not seek relief earlier.

## VI.   EVIDENCE REGARDING THE RECIPIENT OF THE VIDEO AND CONTEXT OF THE TRANSMISSION SHOULD NOT BE EXCLUDED.

In a public filing, dated October 3, 2025, Plaintiff falsely accused Bonnell of transmitting the Video to a minor.[5] (*See* Pl.'s Opp'n to Mot. To Dismiss [ECF No. 139] at 7, n.2.) Plaintiff's attempt to prevent Bonnell from submitting evidence refuting Plaintiff's knowingly false allegation is absurd. Moreover, Plaintiff's request to exclude all evidence concerning "Solo," the actual recipient of the Video, is equally meritless. That evidence is highly probative of critical factual issues in this case—most notably, the timing, context, and circumstances of the alleged transmission.[6]

Evidence concerning Solo is particularly critical because it establishes when the Video was sent. The undisputed record establishes that Solo was located in the United Kingdom, and therefore his Discord logs display dates in the European day/month/year format. (*See* Bonnell Decl., dated Jan. 30, 2026 [ECF No. 213] ¶¶ 3, 5-8 & Exs. A-C; Brettler Decl., dated Jan. 30, 2026 [ECF No.

---

[5] Plaintiff's conduct is the subject of a pending motion for Rule 11 sanctions. (Def.'s R. 11 Mot., dated Dec. 1, 2025 [ECF No. 183]).

[6] *See id.* [ECF No. 183] at 2-4; Brettler Decl., dated Dec. 1, 2025 [ECF No. 183-1], Ex. A ¶¶ 17:8-17, 24-25, 35:18-20, 51:2-4, 56:3-10, 64:17-23, 71:20-72:1, 84:10-21); Def.'s Mot. for Summ. J., dated Jan. 30, 2026 [ECF No. 210] at 4-5; Brettler Decl., dated Jan. 30, 2026 [ECF No. 212] Ex. L ¶¶ 18:2-7, 23:13-15, 24:13-18, 67:13-16, 67:21-24, 67:25-68:2, 68:3-18, 68:19-21, 79:22-80:7.

212] Ex. L at 18:2-7, 79:22-80:7.) As a result, the entry reflecting the transmission of the Video appears as "10/04/22"—which, in European date format, corresponds to April 10, 2022, not October 4, 2022. (*See* Bonnell Decl., dated Jan. 30, 2026 [ECF No. 213] ¶ 3 & Exs. A-C; *see also* Reply in Supp. of Mot. To Dismiss [ECF No. 149] at 4.) Bonnell's authenticated correspondence logs independently confirm that the Video was transmitted late on April 9, 2022 (Miami time), nearly ***six months before the CARDII statute's effective date***. (*See* Bonnell Decl., dated Jan. 30, 2026 [ECF No. 213] ¶¶ 6-7 & Ex. B; Mot. To Dismiss [ECF No. 132] at 8-11.)[7]

The timing of the transmission is dispositive to subject matter jurisdiction. CARDII did not take effect until October 1, 2022 and does not apply retroactively—a point Plaintiff expressly concedes. (*See* Opp'n to Mot. To Dismiss [ECF No. 139] at 7 n.1; Reply in Supp. of Mot. for Leave to Amend Compl. [ECF No. 110] at 4.) *Stevenson*, 2025 WL 1165660, at *2-3 (concluding that § 6851 "does not have retroactive effect"). Accordingly, evidence regarding Solo—including his identity, location, and the date of transmission displayed in the Discord logs—is central to determining whether Bonnell's conduct falls within the statute and must not be excluded from trial.

## VII.   CONCLUSION

For the reasons stated herein, Bonnell respectfully requests that Plaintiff's Motion *in limine* be denied in its entirety.

---

[7] Defendant maintains that, because the alleged conduct predates the effective date of the statute, the Court lacks subject matter jurisdiction over Plaintiff's claims. *See* Mot. to Dismiss [ECF No. 132] at 7-12; Mot. for Summ. J. [ECF No. 210] at 9-11.)

Dated: April 13, 2026

Respectfully submitted,

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580
Fax: (305) 374-7593

By: /s/ *Michael S. Morgan*
Michael S. Morgan
Florida Bar No.: 1061173
mmorgan@bilzin.com
amotta@bilzin.com
eservice@bilzin.com

and

**BERK BRETTLER LLP**
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel: (310) 278-2111

By: /s/ *Andrew B. Brettler*
Andrew Brad Brettler
California Bar No.: 262928
abrettler@berkbrettler.com
Jake A. Camara
California Bar No.: 305780
jcamara@berkbrettler.com
Joel Sichel
California Bar No: 361148
jsichel@berkbrettler.com
(admitted *pro hac vice*)

*Counsel for Steven K. Bonnell II*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 13, 2026, a true and correct copy of the foregoing

was served on all parties via electronic transmission to counsel of record for these parties.

By: /s/ *Michael S. Morgan*
Michael S. Morgan

11

## SERVICE LIST

*Jane Doe v. Steven K. Bonnell II*
*Case No.: 1:25-cv-20757-JB*

Carlos A. Garcia Perez, Esq. Sanchez-            *Counsel for Jane Doe*
Medina, Gonzalez, Quesada, Lage, Gomez &
Machado, LLP 201 Alhambra Circle, Suite
1205 Coral Gables, Florida, 33134
Email: cgarciaperez@smgqlaw.com

Joan Schlump Peters, Esq.
JSP LAW, LLC
838 Neapolitan Way, #91, Naples, FL 34103
Email: petersjoan@bellsouth.net