**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

MIAMI DIVISION

**JANE DOE**,                                                    CASE NO: 1:25-cv-20757-JB/Torres

        Plaintiff,

   v.

**STEVEN K. BONNELL II**,

        Defendant.

_____/

### PLAINTIFF JANE DOE'S OPPOSITION TO DEFENDANT'S OMNIBUS MOTION IN LIMINE

Plaintiff Jane Doe, by and through her undersigned counsel, hereby opposes Defendant's Motion in Limine (DE 222), and respectfully states as follows:

### INTRODUCTION

Defendant's Omnibus Motion *in Limine* ("Motion") is not a proper evidentiary motion—it is an attempt to resolve disputed facts, relitigate issues, and exclude probative evidence through procedural shortcuts. The Motion repeatedly seeks exclusion not because the evidence is inadmissible, but because Defendant disputes it or failed to develop it in discovery. That is not the function of a motion *in limine*.

Defendant first seeks to exclude evidence relating to his transmission of sexually explicit material to a minor based on a contested factual narrative. But such disputes are for the jury, not a basis for pretrial exclusion. He next attempts to exclude testimony and evidence from a non-party witness, Abbymc, despite having known of the witness, communicated with her, and served a subpoena—yet choosing not to enforce it. Defendant cannot manufacture prejudice through his own lack of diligence. Defendant also challenges the admissibility of the Abbymc exhibit on

DOE v BONNELL
CASE NO: 1:25-cv-20757-JB/Torres
Page 2

grounds not raised during the required meet-and-confer process and that fail on the merits. Finally,

he seeks to strip Plaintiff of pseudonym protections already granted by this Court, despite binding

Eleventh Circuit authority permitting anonymity through trial where, as here, substantial privacy

interests outweigh any alleged prejudice.

At bottom, Defendant's Motion is an effort to exclude damaging—but admissible—

evidence and to revisit issues already decided. Because Defendant identifies no valid basis for

exclusion, the Motion should be denied in its entirety.

**ARGUMENT**

A. **Evidence Regarding Bonnell's Disclosure of the Video to a Minor is Relevant, Factually Supported and Not Excludable**

Defendant seeks to exclude any reference to Rose's status as a minor. This argument rests

entirely on a disputed factual premise—that Defendant never communicated with or transmitted

materials to a minor because a third party allegedly controlled the account—and it fails for multiple

independent reasons: (i) Defendant failed to confer on this issue before seeking relief; ii) the

evidence is not false, but disputed; (iii) it is relevant; and (iv) it is not excludable under the Rules

of Evidence.

*First*, Defendant's argument should be rejected for failure to comply with Local Rule

7.1(a)(3)'s meet-and-confer requirement. During conferral, Defendant stated only that he intended

to seek exclusion of evidence relating to alleged transmissions to Rose on the ground that such

conduct predated the CARDII statute and was therefore irrelevant. *See* Decl. J. Peters. He did not

raise—let alone meaningfully confer on—the distinct argument advanced in this Motion pertaining

to Rose's age. "Failure to confer or to show a good-faith attempt to confer, by itself, constitutes

DOE v BONNELL
CASE NO: 1:25-cv-20757-JB/Torres
Page 3

grounds for the motion to be denied." *Alequin v. Darden Rests., Inc.,* No. 12-61742-CIV, 2013

U.S. Dist. LEXIS 99458, at *31 (S.D. Fla. July 12, 2013)(citation omitted).

*Second*, the record demonstrates that the factual premise underlying Defendant's Motion

is hotly disputed and cannot be resolved through a motion in limine. *See, e.g., Allen v. First Unum*

*Life Ins. Co.*, No. 2:18-cv-00069-JES-MRM, 2022 U.S. Dist. LEXIS 30918, at *19 (M.D. Fla. Feb.

22, 2022) ("[A] motion in limine should not be used to resolve factual disputes or weigh

evidence.").  Defendant's Motion, as well as his related Rule 11 Motion [ECF 183], conveniently

omit that Rose testified that Solo shared with her the materials Bonnell sent to Rose through the

Discord account. *See* ECF 185, 185-2, at 35(12-16); 36(5-10); and at 36(11-15) (Rose admitting

she was shown "a handful of videos that Destiny sent" via the "impostor" account). Rose also

testified that Solo shared with her the Discord messages exchanged with Bonnell, *id*., 81 (5-8), and

that she knew that the explicit images and videos that she took of herself (and with other

individuals) would be provided to Bonnell, *id*., 81-82. Thus, the facts demonstrate that Bonnell

intended to send the Video to Rose, a minor; that he sent the Video and other sexually explicit

videos to an account in her name; and that Rose received at least "a handful" of those videos,

including possibly the Video.[1] Based on these facts, the assertion that Bonnell shared the Video

with an underage girl is not false. Simply put, the fact that Solo acted as a go-between, or controlled

Rose's account, does not render the assertion that Bonnell shared the Video with a minor false.

*Third*, Defendant's "catfishing" theory does not render the evidence irrelevant. Even

accepting Defendant's characterization for purposes of argument, the evidence remains probative

---

[1] Rose further testified that she does not know the Plaintiff. *Id*., at 36(19-21). This is important because, if Rose does not know the Plaintiff, she could not know one way or another whether one of the "handful of videos that Destiny sent" depicted Plaintiff.

DOE v BONNELL
CASE NO: 1:25-cv-20757-JB/Torres
Page 4

of (i) Defendant's knowledge, intent, and absence of mistake in engaging in sexually explicit exchanges; (ii) the nature and scope of his online conduct; and (iii) the foreseeability and risk inherent in disseminating intimate material in anonymous online environments. *See* Fed. R. Evid. 404(b)(2). Courts routinely admit such evidence for these non-propensity purposes, and Defendant's attempt to recast it as categorically irrelevant improperly collapses a merits dispute into an evidentiary bar.

This is also where Plaintiff's own Motion *in Limine* to exclude the "catfishing defense" is fully consistent—not contradictory. [ECF 224]. Plaintiff's position is not that the factual circumstances surrounding Rose's Discord account are irrelevant; rather, it is that Defendant should be precluded from using an unsubstantiated "catfishing" narrative as an affirmative defense to avoid liability. Even if the Court permits Defendant to present that theory, it does not follow that Plaintiff must be precluded from introducing the underlying evidence—including Rose's minority—that gives context to those same events. In other words, Defendant cannot simultaneously rely on the circumstances of the exchange while shielding the jury from a probative and consequential aspect of those circumstances.

Furthermore, Defendant's own framing confirms relevance. His Rule 11 motion repeatedly acknowledges that the dispute centers on whether he "exchanged sexually explicit material with a minor" and whether that allegation is "false" or "irrelevant." [ECF 183]. That is not an argument for exclusion—it is an argument on the merits. And as Plaintiff has already demonstrated, Rule 11 (and by extension a motion *in limine*) cannot be used to resolve disputed factual issues or to strike evidence simply because Defendant contests Plaintiff's interpretation of it. *See* ECF 185.

*Fourth*, Rule 403 does not support exclusion. Defendant's argument is premised on the notion that reference to Rose's age is inherently prejudicial. But the Eleventh Circuit makes clear

DOE v BONNELL
CASE NO: 1:25-cv-20757-JB/Torres
Page 5

that Rule 403 excludes only *unfair* prejudice, not evidence that is merely damaging. *See Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1285 (11th Cir. 2008). Here, any prejudice flows directly from the probative force of the evidence—namely, that Defendant engaged in conduct involving an individual who was, in fact, under 18 at the relevant time. That is not a proper basis for exclusion. To the extent the Court has any concern, it can be addressed through a limiting instruction rather than wholesale exclusion. It is well-settled that a curative instruction ordinarily resolves any concerns of prejudice. § 404:5 Rule 404(b)(2): *crimes, wrongs or other acts*, 3 Handbook of Fed. Evid. § 404:5 (9th ed.) (citing Rules 105, 103(e)).

For these reasons, Defendant's request to exclude all evidence relating to Rose's age should be denied.

**B.  Defendant Cannot Exclude Abbymc Evidence Based on His Own Failure to Pursue Discovery or a Non-Party's Alleged Noncompliance With a Subpoena**

Defendant seeks to exclude evidence relating to Abbymc on the grounds that Plaintiff's counsel allegedly obstructed his ability to obtain discovery, and that the witness failed to comply with a subpoena. These arguments provide no valid basis for exclusion. First, the underlying factual assertions are incorrect. Second, the governing law does not support the requested relief.

The relevant facts are straightforward: (i) Abbymc is a non-party witness not under Plaintiff's control; (ii) Abbymc has never been represented by Plaintiff's counsel in this matter; (iii) Plaintiff did not obstruct Defendant's access to Abbymc; (iv) Defendant served Abbymc with a subpoena *duces tecum* approximately one month before the discovery deadline; and (v) Defendant failed to move to compel, seek contempt, or otherwise enforce the subpoena. Having failed to pursue available enforcement mechanisms, Defendant cannot now rely on his own lack of diligence as a basis to exclude otherwise admissible evidence or to claim prejudice.

DOE v BONNELL
CASE NO: 1:25-cv-20757-JB/Torres
Page 6

*First*, the assertion that Plaintiff's counsel obstructed access to non-party witness Abbymc is demonstrably <u>false</u>. Plaintiff identified Abbymc in her initial disclosures on April 4, 2025 (*see* Decl. J. Peters), submitted her declaration on May 2, 2025 [ECF 49-2] and supporting evidence on June 2, 2025 [ECF 86], thereby placing Defendant on notice of both her identity and the substance of her anticipated testimony. Moreover, this was not a non-party witness unknown to the Defendant: Defendant had an intimate relationship with Abbymc commencing in early May 2023, and had on-going communications with her well after the initiation of the suit and at least as recently as May 2025. (*See* Abbymc Decl., ECF 49-2; Decl. J. Peters). Indeed, Defendant knew Abbymc for years before the Plaintiff did. Plaintiff's counsel provided Abbymc's contact information as it became available to them (*id*.), which is all that FRCP 26 requires. Indeed, Abbymc was apparently homeless for an extended period of time and thus there was no address to provide. And contrary to Defendant's false claim, Plaintiff never provided a "fake" address for Abbymc. (*Id*.)

*Second*, Defendant's assertion that Plaintiff's counsel refused to accept service of the subpoena on behalf of their "client" is also false. Plaintiff's counsel expressly advised that they did not represent Abbymc for purposes of service and were not authorized to accept a subpoena on her behalf. (*Id*.). Defendant is falsely characterizing Abbymc as a client, when in fact she was a non-party witness not under Plaintiff's control. Defendant's insinuation that Plaintiff's counsel advised Abbymc to evade service is also false. (*Id. See also*, ECF 139).

*Third*, the undisputed fact is that *Defendant successfully served Abbymc with a subpoena duces tecum on November 21, 2025, almost a full month before the discovery deadline.* [ECF 212-10]. When Abbymc, a non-party outside of Plaintiff's control, failed to comply, the Federal Rules provided Defendant with specific remedies – namely, a motion to compel, or for contempt,

DOE v BONNELL
CASE NO: 1:25-cv-20757-JB/Torres
Page 7

Defendant pursued none of them. Additionally, Defendant aggressively objected to Plaintiff's motion to extend the discovery deadline, thereby choosing to foreclose any further opportunity to pursue a subpoena response. [ECF 196]. Nor did Defendant ever attempt to subpoena Abbymc for a deposition. Having failed to enforce his own subpoena, Defendant cannot now seek the extraordinary sanction of excluding admissible evidence or shift the consequences of his lack of diligence onto Plaintiff. A motion *in limine* is not a substitute for a motion to compel.

Courts routinely reject attempts to claim prejudice under these circumstances. In *Go Mobile Flooring, LLC v. Blue Banyan Solutions, Inc.*, the court held that any alleged prejudice was "'at least partially the result of Defendants' own failure to bring the issue … before the Court at an earlier time,'" and rejected attempts to raise the issue after discovery closed. 663 F. Supp. 3d 1294, 1306 (M.D. Fla. 2023)(citation omitted). Likewise here, Defendant "simply waited to cry prejudice after discovery closed and the case was set for trial." *Id.* Defendant never moved to compel, never sought Court intervention, and instead waited to raise "obstacles" only after the fact. A party cannot manufacture prejudice through inaction and then use that purported prejudice as a basis to exclude evidence.

Defendant's reliance on cases addressing exclusion for failure to disclose or inability to depose a witness is misplaced. Those cases turn on circumstances where the opposing party was genuinely deprived of the opportunity to obtain discovery—such as where disclosures were made *after* the close of discovery or where court-imposed limitations prevented depositions. *See, e.g., Treminio v. Crowley Mar. Corp.*, No. 3:22-cv-00174-CRK, 2023 WL 8114403, at *5 (M.D. Fla. Nov. 22, 2023) (disclosure of required information occurred over a month after close of discovery); *Henriquez v. Total Bike, LLC*, No. 13-20417-CIV, 2013 WL 6834656, at *6 (S.D. Fla. Dec. 23, 2013)(excluding evidence because due to "the Court's limitation of the extent and scope of

DOE v BONNELL
CASE NO: 1:25-cv-20757-JB/Torres
Page 8

discovery, Defendants were not able to depose or cross-examine the two non-party witnesses").

That is not the situation here, where there were no Court-imposed limitations, Defendant knew the

witness, communicated with her, and had the ability to pursue discovery, yet chose not to do so.

Nor is there any basis to attribute the alleged subpoena issues to Plaintiff. The Federal

Rules do not require counsel to accept service for nonparties, nor do they impose any obligation

on Plaintiff to ensure a nonparty's compliance with a subpoena.

In sum, Defendant had actual knowledge of the witness, her identity, and her relevance,

directly communicated with her, and served her well before the discovery deadline. There is no

surprise and no unfair prejudice. Ultimately, Defendant's argument reduces to a claim that he

should benefit from discovery he chose not to pursue. Defendant cannot now recast his lack of

diligence as obstruction by Plaintiff or as grounds to exclude probative evidence. The motion

should be denied.

C. **The Abbymc Exhibit is Admissible**

Defendant moves *in limine* to exclude the Abbymc exhibit on authentication, hearsay, and

Rule 403 grounds. The motion should be denied for two separate and independent reason: i)

Defendant failed to comply with Local Rule 7.1's conferral requirement, and ii) he cannot meet

the high standard required to exclude evidence before trial.

As an initial matter, Defendant's motion should be denied because he failed to raise

authentication, hearsay, or Rule 403 arguments regarding the Abbymc exhibit during conferral.

*See* Decl. J. Peters. On this basis alone, Defendant's motion should be denied. *See, e.g., Alequin*

2013 U.S. Dist. LEXIS 99458, at *31.

Even setting that procedural failure aside, Defendant's motion fails on the merits. *First*, the

exhibit is properly authenticated. The Eleventh Circuit makes clear that the burden to authenticate

DOE v BONNELL
CASE NO: 1:25-cv-20757-JB/Torres
Page 9

evidence is "not high" and requires only a prima facie showing that the evidence is what it purports to be. *United States v. Caldwell*, 776 F.2d 989, 1001 (11th Cir. 1985). That standard is satisfied through testimony of a witness with personal knowledge or through the item's distinctive characteristics. *See* Fed. R. Evid. 901(b)(1), (4).

Here, Abbymc attested under penalty of perjury that she personally sent the message reflected in the exhibit and retained copies of those communications. Her declaration further describes the same contemporaneous communication to a friend regarding Defendant's transmission of sexually explicit videos on or about November 3, 2023. ECF 49-2, ¶ 7. The Abbymc exhibit [ECF 86-1] corresponds directly to that testimony and therefore meets Rule 901's threshold. *See also United States v. Lanzon*, 639 F.3d 1293, 1301–02 (11th Cir. 2011) (authentication satisfied by testimony and contextual indicia of online communications). Any remaining disputes go to weight, not admissibility.

*Second*, the exhibit is not inadmissible hearsay. Defendant incorrectly assumes the message is offered solely for the truth of the matter asserted. It is independently admissible to corroborate Abbymc's sworn testimony that Defendant transmitted sexually explicit material to her. (*See* ECF 49-2, ¶¶ 6–7). At minimum, the statement qualifies as a prior consistent statement to rebut Defendant's insinuation of fabrication. Fed. R. Evid. 801(d)(1)(B). It is also admissible as a contemporaneous statement reflecting the declarant's perception. Fed. R. Evid. 803(1).

*Third*, the exhibit has substantial probative value. It directly corroborates sworn testimony regarding Defendant's transmission of sexually explicit videos. As Plaintiff previously explained, the exhibit "directly corroborates the testimony of Abbymc." [ECF 86]. Defendant's complaints about ambiguity or lack of context are matters for cross-examination, not exclusion.

DOE v BONNELL
CASE NO: 1:25-cv-20757-JB/Torres
Page 10

For all of these reasons, Defendant's motion to exclude the Abbymc exhibit should be denied.

### D. Defendant's Motion in Limine to Bar Plaintiff from Proceeding Under a Pseudonym Should be Denied

Defendant's request to prohibit Plaintiff from proceeding under a pseudonym at trial should be denied. The Court has already granted Plaintiff leave to proceed anonymously upon a finding of good cause [ECF 7], and Defendant offers no basis to revisit that ruling—let alone satisfy the demanding standard required to strip those protections at the eve of trial. This action arises from the non-consensual disclosure of sexually explicit material—allegations that involve matters of the utmost intimacy and carry a significant risk of further harm if Plaintiff's identity is publicly disclosed. The CARDII statute itself offers pseudonymity to protect such privacy rights. *See* 15 U.S.C. § 6851(b)(3)(B)).

The Court's Order contains no limitation to pretrial proceedings, and Defendant has neither cited authority imposing such a limitation nor moved to modify or dissolve the Order. *See* ECF 7. To the contrary, the Court has consistently enforced anonymity protections throughout this case, including through a Protective Order [ECF 116] and multiple sealing orders [ECF Nos. 75, 121, 123–125]. Defendant's attempt to undo those protections through a motion *in limine* is procedurally improper.

Nor can Defendant meet his burden to revisit that determination. The Eleventh Circuit has expressly rejected the premise underlying Defendant's motion— that pseudonymity is inappropriate or "must" be revisited at trial. In *Doe v. Neverson*, the court held it was error to assume a plaintiff could not proceed under a pseudonym at trial, reaffirming that anonymity may continue through trial where the balance of interests so warrants. 820 Fed. App'x 984 (11th Cir.

DOE v BONNELL
CASE NO: 1:25-cv-20757-JB/Torres
Page 11

2020)(reversing denial of pseudonymity). The inquiry remains a totality-of-the-circumstances analysis, under which anonymity is appropriate where substantial privacy interests outweigh the presumption of openness. *Id*. That standard is readily satisfied here.

The record reflects concrete—not speculative—risks of harm. Defendant has repeatedly used his online platform to publicize this case, disclose sensitive information, and target Plaintiff, her counsel, and witnesses. Witnesses have expressed fear of retaliation and reluctance to participate absent confidentiality protections, and Defendant has publicly disclosed Plaintiff's identity despite Court-ordered protections. *See* ECF Nos. 84, 84-1, 86, 88, 98, 104, 105, 114. These facts present precisely the type of harassment and stigma concerns the Eleventh Circuit has held justify pseudonymity. *See Neverson*, 820 F. App'x at 988.

Defendant's prejudice argument is equally unavailing. The relevant question is whether anonymity creates a "unique threat of fundamental unfairness"—not whether it creates any abstract disadvantage. *Plaintiff B v. Francis*, 631 F.3d 1310, 1316–18 (11th Cir. 2011) (reversing denial of pseudonymity). Defendant identifies none. He has long known Plaintiff's identity and has had a full opportunity to conduct discovery and prepare his defense. His assertion that pseudonymity suggests Plaintiff is a "victim" improperly reframes the issue. (Mot., 7)[2]. Plaintiff seeks anonymity to prevent further harm, not to gain a litigation advantage. Anonymity does not create unfairness where Defendant can fully defend the case—it simply mitigates the risk of additional injury.

Defendant's argument based on Plaintiff's alleged public conduct fares no better. It is both overstated and irrelevant. *Plaintiff has consistently sought to protect her identity and, in the limited*

---

[2] Defendant further attempts to claim prejudice by asserting that Plaintiff accused him of "despicable conduct and breaking the law, destroying [his] reputation in the process." Id. 7-8. Defendant's argument collapses under its own premise: Plaintiff *is* the victim, and Defendant *has admitted* to his "despicable conduct," which is a violation of the law, thus he destroyed his own reputation.

DOE v BONNELL
CASE NO: 1:25-cv-20757-JB/Torres
Page 12

*instances she has posted on social media, has done so under the screen name "Pxie"—<u>not</u> her legal name.* The limited instances Defendant cites do not establish any public disclosure of Plaintiff's legal identity, nor do they constitute a waiver of her right to proceed pseudonymously in this action.

Defendant's reliance on cases suggesting pseudonymity may be revisited at trial is misplaced.[3] Those decisions do not mandate disclosure; they simply recognize judicial discretion to reassess anonymity where appropriate. *See, e.g., S.Y. v. Jay Varahimata Invs., LLC*, 2021 U.S. Dist. LEXIS 139036 (M.D. Fla. June 11, 2021) (permitting a sex trafficking plaintiff to proceed pseudonymously during the litigation upon a showing of privacy interests and risk of harm). Likewise, Defendant's reliance on *In re Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1248 (11th Cir. 2020) is inapposite. The *Neverson* court specifically distinguished *Chiquita* on the basis that it involved "hundreds of plaintiffs [who] had litigated under their true names for over a decade," without any evidence of harm—circumstances wholly absent here. 820 Fed. Appx. 984, 988.  Here, by contrast, Plaintiff was granted pseudonym status at the outset, the CARDII statute specifically provides for it, the claims involve highly sensitive sexually explicit subject matter, and the record reflects concrete risks of harm. The balance decisively favors maintaining the protections already in place.

Finally, to the extent the Court determines that additional measures are necessary, Plaintiff respectfully requests alternative relief, including narrowly tailored restrictions on public access to proceedings or identifying information, to prevent further harassment, intimidation, and prejudice to the integrity of the trial.

---

[3] Defendant's Motion relies on *S.Y. v. Seasonal Invs., Inc.*, No. 20-cv-603-JES-MRM, 2021 WL 4822627, at *6 (M.D. Fla. June 11, 2021), but this case does not exist.

DOE v BONNELL
CASE NO: 1:25-cv-20757-JB/Torres
Page 13

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's

Omnibus Motion in Limine.

Date: April 13, 2026

| | |
|---|---|
| **JSP LAW, LLC** | **SANCHEZ-MEDINA GONZALEZ** |
| Joan Schlump Peters | **LAGE GOMEZ & MACHADO, LLP** |
| (admitted *pro hac vice*) | CARLOS A. GARCIA PEREZ |
| 838 Neapolitan Way, #91 | Florida Bar No. 106895 |
| Naples, FL 34103 | GUSTAVO D. LAGE |
| Tel. 305-299-4759 | Florida Bar No.  972551 |
| Email: petersjoan@bellsouth.net | 201 Alhambra Circle, Suite 1205 |
| | Coral Gables, Florida, 33134 |
| | Tel.: (305) 377-1000 |
| | Primary E-Mail: cgarciaperez@smgqlaw.com |
| | Primary E-Mail: glage@smgqlaw.com |
| | Counsels for Plaintiff |

*/s/ Carlos A. Garcia Perez*

By:_____

CARLOS A. GARCIA PEREZ
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 13, 2026 a true and correct copy of the foregoing was

served on all parties via the CM/ECF filing portal to all counsel of record.

By: */s/ Carlos A. Garcia Perez*

CARLOS A. GARCIA PEREZ
Attorney for Plaintiff