**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
(MIAMI DIVISION)

**JANE DOE,**

CASE NO: 1:25-cv-20757-JB/Torres

Plaintiff,

v.

**STEVEN K. BONNELL II,**

Defendant.

_____/

### DECLARATION OF JOAN S. PETERS PURSUANT TO 28 U.S.C. § 1746

I, Joan S. Peters, declare as follows:

1.      I am an attorney admitted to practice *pro hac vice* in the above captioned action. I have personal knowledge of the matters contained herein and if called upon to testify could offer competent testimony thereto.

2.      I am submitting this declaration in support of Plaintiff's Opposition to Defendant's Omnibus Motion *in Limine*.

3.      On March 19, 2025, I received an email from counsel for Defendant, Mr. Andrew Brettler, requesting a meet and confer regarding Defendant's intended motion *in limine*: "On behalf of Mr. Bonnell, we intend to move *in limine* to exclude from trial all purported evidence and any testimony from 'Abbymc,' as a result of her failure to respond to a valid subpoena and your firms' collective interference with Mr. Bonnell's efforts to obtain discovery from her. Further, we intend to move *in limine* to exclude all evidence and testimony regarding and/or related to Mr. Bonnell's alleged transmission of the Video to 'Rose,' given that any purported transmission occurred prior to the effective date of the CARDII statute and has no bearing on Plaintiff's claims."

1

4.      At no point in time did counsel for Defendant request a meet and confer to move *in limine* to exclude the Abbymc exhibit [ECF 86-1] on the basis that it is allegedly not authenticated, constitutes inadmissible hearsay, and/or lacks probative value.

5.      At no point in time did counsel for Defendant request a meet and confer to move *in limine* to exclude any reference to Rose's status as a minor.

6.      On April 4, 2025, I submitted to counsel for Defendant Plaintiff's Initial Disclosures. These disclosures identified Abbymc as a non-party witness "likely to have information regarding Defendant's nonconsensual dissemination of intimate images and his destruction of evidence."

7.      The documents which Defendant produced during discovery, and which I have reviewed, demonstrate that Defendant's intimate relationship with Abbymc commenced in early May 2023. The documents reflect that Defendant continued his communications with Abbymc as recently as May 2025. These recent communications were specifically concerning the instant litigation.

8.      Neither myself nor my co-counsel have ever been authorized or engaged to represent Abbymc as a non-party witness in these proceedings. Any allegation to the contrary is false.

9.      Throughout my communications with Abbymc since approximately March 2025 until early October 2025, she disclosed that she was homeless and either living in her car or residing temporarily with different friends in varying locations. There were stretches of time when I was unable to communicate with her because she had no phone, computer or address.

10.      On October 2, 2025, my co-counsel Carlos A. Garcia Perez, emailed counsel for Defendant the address that Abbymc had recently provided. (See Mr. Brettler's acknowledgment,

DE 212). Counsel for Defendant never provided us with any evidence of an attempt to serve Abbymc, and did not inform us that they were unable to serve Abbymc.

11.     It was not until November that Abbymc clarified her correct address. The prior address provided was incorrect by one digit—it was the correct street but the house number was not 169, but rather 162. On November 17, 2025, I provided Defendant's counsel with the corrected address. (See DE 212-7).

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that, to the best of my knowledge and understanding, the foregoing is true and correct.

Executed in Naples, Florida, this 13th day of April, 2026.


_s/ Joan Schlump Peters_
Joan Schlump Peters