# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### Case No.: 1:25-cv-20757-JB/Torres

JANE DOE,

     Plaintiff,

v.

STEVEN K. BONNELL II,

     Defendant.

                       /

## DEFENDANT STEVEN K. BONNELL II'S OPPOSITION TO PLAINTIFF'S MOTION FOR CONTINUANCE OF TRIAL

### I.     INTRODUCTION

By order of this Court, discovery concluded over four months ago. Yet, less than thirty days before Calendar Call, Plaintiff seeks to continue the May 18, 2026 trial date without good cause. Such a belated request is nothing new for Plaintiff—her Motion constitutes the second attempt to modify the Court's April 4, 2025 Scheduling Order [ECF No. 23]. On December 4, 2025, Plaintiff filed a motion to extend the discovery deadline on similar grounds (Mot. To Modify Scheduling Order [ECF No. 184]), but in that motion, Plaintiff specifically requested that the *trial date remain in place*. (*Id.* at 9.) Plaintiff is estopped from taking a contrary position now.

Plaintiff has the burden of establishing good cause to obtain the extraordinary relief she requests here. Plaintiff does not come close to meeting that standard, as no good cause exists to reopen discovery, or postpone the trial date. To the extent a trial is warranted in light of Bonnell's challenge to subject matter jurisdiction, the trial should proceed as scheduled, as Bonnell is ready for trial and eager to clear his name. Consistent with Rule 16, the Court's Scheduling Order underscores that a trial continuance should be granted only in extraordinary circumstances:

> **The Court has selected the trial date and dispositive motion deadline that the Parties proposed in their Joint Scheduling**

**Report. As such, the Court will not extend those deadlines absent extraordinary circumstances**.

(Scheduling Order [ECF No. 23] at 2) (emphasis in original).

No extraordinary circumstances exist here. Despite that Plaintiff had ten months to conduct discovery in this case, she failed to act diligently to take depositions or obtain other evidence, failed to prosecute the case within the Court-ordered deadlines, and failed to promptly pursue the relief she now belatedly seeks.[1] Plaintiff's Motion even fails to comply with the basic requirements of Local Rule 7.6, which mandates that a motion to continue trial be made at the earliest practical date prior to trial and be supported by an affidavit setting forth a full showing of good cause. Plaintiff's purported "Verified Motion" does no such thing—she waited four months after the close of discovery, and until less than thirty days before Calendar Call, to seek such relief. Even after the Parties met and conferred regarding the instant Motion on April 2, 2026, Plaintiff waited another full week to file the Motion.

Plaintiff's lack of diligence is fatal to her Motion. Despite Plaintiff's contention to the contrary, there are no outstanding discovery issues in this case. Although she threatened to do so for months, Plaintiff never filed a motion to compel discovery during the discovery period. Likewise, and notwithstanding her accusing Bonnell of evidence spoliation since the very first hearing in the case, Plaintiff never filed a motion seeking sanctions for any alleged spoliation. Most concerning, however, is that Plaintiff failed and refused to appear for her own deposition, and the Court is currently considering whether to sanction Plaintiff and her attorneys for such discovery abuse. (*See* Paperless Order [ECF No. 167]) (ordering expedited briefing and requiring Plaintiff to show cause why sanctions should not be imposed). Rule 16 does not reward a moving party's recalcitrance with additional time. As a matter of law, Plaintiff's failure to act diligently is fatal to her Motion. Accordingly, the Motion should be denied, and trial should proceed, as

---

[1] Since the close of discovery, Bonnell filed a motion for summary judgment [ECF No. 210], which Plaintiff did not oppose on the merits. Rather, Plaintiff argues in both her motion to extend discovery [ECF No. 184] and her Rule 56(d) motion [ECF No. 216] that she is not prepared to proceed to trial in the case that she filed more than a year ago.

scheduled, to the extent the issue of subject matter jurisdiction remains undecided prior to May 18, 2026.

## II.     LEGAL STANDARD

Courts in this Circuit consistently hold that trial dates are firm; they may be continued only in "exceptional circumstances" and upon a showing of good cause. *Gastaldi v. Sunvest Resort Cmties., LC*, 709 F. Supp. 2d 1284, 1291 (S.D. Fla. 2010); *see also Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1307 (11th Cir. 2011) (holding that enforcing scheduling orders, as written, "is not an abuse of discretion" and underscoring the judiciary's strong interest in maintaining orderly case management); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); S.D. Fla. L.R. 7.6. ("A continuance of any trial . . . will be granted only on exceptional circumstances.").

In evaluating a motion to continue trial, the Eleventh Circuit has instructed district courts to consider the following non-exhaustive factors:

> (1) the moving party's diligence in its efforts to ready its case prior to the date set for hearing; (2) the likelihood that the need for a continuance would have been remedied had the continuance been granted; (3) the extent to which granting the continuance would have inconvenienced the court and the opposing party; and (4) the extent to which the moving party might have suffered harm as a result of the district court's denial.

*High Soc'y Exotics, LLC v. Bellsouth Telecomms.*, LLC, No. 24-CV-22768-KMM, 2025 WL 3723044, at *2 (S.D. Fla. Sept. 8, 2025) (quoting *Romero v. Drummond Co.*, 552 F.3d 1303, 1320 (11th Cir. 2008).

## III.    NO GOOD CAUSE EXISTS TO CONTINUE TRIAL.

In her Motion, Plaintiff contends that trial continuance is warranted for two reasons, neither of which have merit, and both of which highlight Plaintiff's lack of diligence in conducting discovery. Specifically, Plaintiff contends that a trial continuance is warranted because (1) "[Bonnell] has not been deposed" and "critical discovery remains incomplete"; and (2) the Court

has not yet ruled on "a dispositive motion." (Mot. at 1-2, 4.) Plaintiff's purported grounds for a trial continuance fail as a matter of law.

Plaintiff's lack of diligence is fatal to her Motion. Courts uniformly hold that a movant's lack of diligence alone defeats a showing of good cause. Critically, the good cause standard "precludes modification [of a scheduling order] unless the schedule cannot be met despite the diligence of the party seeking the extension." *SEC v. Preipo Corp.*, No. 23-81141-CV, 2023 WL 11956287, at *1 (S.D. Fla. Dec. 6, 2023); *Flosports, Inc. v. Loud & Live Fitness, LLC*, No. 21-21740-CIV, 2022 WL 3682068, at *1 (S.D. Fla. Feb. 18, 2022). "If a party was not diligent, the good cause inquiry should end." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); *Compass iTech, LLC v. eVestment All., LLC*, No. 14-81241-CIV, 2017 WL 1290849, at *3 (S.D. Fla. Mar. 24, 2017).

### A.      Plaintiff's Failure To Appear at Her Own Deposition Does Not Constitute Good Cause To Continue the Trial.

In her Motion, Plaintiff contends that her failure to depose Bonnell within the discovery period constitutes good cause to continue trial, yet she blatantly disregards the record as well as this Court's prior Order concerning party depositions. Any delay in deposing Bonnell is Plaintiff's own fault, and her Motion must be denied accordingly. *See Weiss v. City of Gainesville, Fla.*, 462 F. App'x 898, 912 (11th Cir. 2012) (affirming denial of motion to modify scheduling order where plaintiff's "own dilatory tactics were the reason he did not secure [a defense witness's] deposition during the discovery period."); *Martinez v. D2C, LLC*, No. 23-21394-CIV, 2024 WL 1254376, at *2-3 (S.D. Fla. Mar. 25, 2024) (denying motion to continue trial and related deadlines where plaintiffs failed to depose a key witness despite months of opportunity do so); *Delgado v. Magical Cruise Co.*, No. 15-CV-2139-ORL-41TBS, 2017 WL 3131443, at *2 (M.D. Fla. July 24, 2017) (denying modification of scheduling order where plaintiff "had a year in which to depose Defendant" but waited until "the waning days of discovery" to notice the deposition).

Here, Plaintiff did not appear for her noticed deposition on November 3, 2025, nor did she seek a protective order, or any other timely judicial relief, to excuse her nonappearance. (Def.'s

4

Mot. for Protective Order [ECF No. 163] at 5-6.) On November 5, the Court (Torres, Mag. J.) ordered Plaintiff to show cause "why a timely motion for protective order was not filed when knowledge of a dispute materialized, why sanctions should not be entered under Rule 37, or alternatively why good cause exists nunc pro tunc to excuse Plaintiff's non-attendance at her deposition." (Paperless Order [ECF No. 167].) Due to Plaintiff's unexcused failure to appear for her own deposition, the Court stayed Bonnell's deposition pending further order of the court. (*Id.*)

Plaintiff cannot rely on her own failure to appear for deposition to justify her purported need for trial continuance. Indeed, the Court is currently deciding whether to sanction Plaintiff and her attorneys for misuse of the discovery process. Moreover, had Plaintiff either appeared for her deposition, as noticed, or sought timely protective relief, the party depositions could have—and would have—proceeded, as scheduled, nearly five months ago. Courts do not accept such dilatory conduct as good cause to modify a scheduling order.[2]

Plaintiff's authorities are entirely inapposite.[3] *Snook*, *Jones,* and *Clairmont* do not even concern a motion to continue trial. Instead, they concern whether a ruling on summary judgment would be premature due to pending motions to compel that had not yet been decided. While *Barn Light* did concern a trial continuance, the court there granted the continuance only because several motions to compel production of documents or testimony remained pending. Unlike *Snook*, *Jones, Clairmont*, and *Barn Light*, Plaintiff here never even filed a motion compel or any other discovery-related motion in this case. Plaintiff's authorities do nothing to support the requested relief.

---

[2] Plaintiff's contention that she "has been deprived of any meaningful opportunity to examine [Bonnell] under oath" is false and belied by the record. (Mot. at 3.) Plaintiff cross-examined Bonnell, under oath, at the June 3, 2025 hearing on Plaintiff's Motion for Preliminary Injunction. (*See* Prelim. Inj. Hr'g Tr. [ECF No. 90].)

[3] *Snook v. Tr. Co. of Ga. Bank of Savannah, N.A.*, 859 F.2d 865 (11th Cir. 1988); *Jones v. City of Columbus, Ga.*, 120 F.3d 248, 253 (11th Cir. 1997); *Clairmont v. Sun Terminals, Inc.*, No. 06-61040 CIV, 2007 WL 646563 (S.D. Fla. Feb. 26, 2007); *Barn Light Elec. Co. v. Barnlight Originals, Inc.*, No. 14-CV-1955-MSS-AEP, 2016 WL 7135044, at *1-2 (M.D. Fla. Feb. 25, 2016).

### B.   No Outstanding Discovery Issues Exist.

Plaintiff's contention that a trial continuance is warranted due to "outstanding discovery issues," "deficient document productions," a "pending foreign deposition" of Bonnell's ex-wife, and "issues concerning potential spoliation" also is without merit. (Mot. at 2, 5.) Plaintiff's failure to conduct the necessary discovery is a crisis of her own making, and the requested relief is precluded as a matter of law. *See Pyatt v. AECOM Tech. Servs., Inc.*, No. 20-13422, 2021 WL 4147091, at *5 (11th Cir. Sept. 13, 2021) (Plaintiff "argued only that the discovery necessary to prove key material facts in his case was not completed. He failed to explain, however, why he was unable to complete discovery prior to expiration of the scheduling order deadlines . . . . [Plaintiff] failed to show good cause for the extension"); *Budget Truck Rental, LLC v. Dalpra*, No. 15-CV-23024-UU, 2016 WL 6496669, at *1 (S.D. Fla. Mar. 21, 2016) ("inadequate" discovery responses and "[t]he fact that both parties have conducted themselves in a litigious manner throughout the duration of [the] case is not sufficient reasoning for the Court to extend any deadlines in the trial order"); *Mierzwicki v. Citigroup, Inc.*, No. 14-CV-61753, 2015 WL 13388565, at *3 (S.D. Fla. Sept. 28, 2015) (denying trial continuance where plaintiff failed to timely move to compel discovery, noting "Plaintiff has forgotten that he is the master of his claim . . . . Plaintiff let this case languish . . . before finally, with his feet against the fire, trying to continue [trial]"); *Capers v. Noahs Ark Repair Serv., Inc.*, No. 11-CV-457-ORL-28, 2012 WL 5266031, at *3 (M.D. Fla. Oct. 24, 2012) (denying plaintiff's motion to modify scheduling order to conduct further discovery where plaintiff "failed to show good cause for failing to move the court to compel production of the documents").

This case has been pending for well over a year, and discovery closed more than four months ago. There are no discovery issues outstanding. Critically, despite that Plaintiff now contends that Bonnell's document production and discovery responses are inadequate, Plaintiff had nearly a year to file a motion to compel, yet never did so. Similarly, Plaintiff's failure to timely seek foreign discovery from Bonnell's ex-wife, Melina Göransson, provides Plaintiff no refuge. Nothing prevented Plaintiff from seeking to subpoena Ms. Göransson much earlier in this case. In

fact, Plaintiff's own document production confirms that Plaintiff communicated extensively with Ms. Göransson about this lawsuit months before filing it. Yet Plaintiff waited until October 7, 2025—nearly *eight* months after filing suit—to seek a Letter of Request for International Judicial Assistance. (Hague Mot. [ECF No. 145] at 1.) In her instant Motion, Plaintiff does not explain why she failed to file such motions within the discovery period. Regardless, that failure does not establish good cause to modify the Scheduling Order. If anything, it establishes Plaintiff's lack of diligence over the ten-month discovery period.

Similarly, Plaintiff's contention that a continuance is warranted to address "potential spoliation" requiring further "motion practice" is equally meritless. (Mot. at 2.) Since at least the April 4, 2025 status conference, Plaintiff has alleged that evidence spoliation is an "ongoing issue," yet she never filed a motion seeking spoliation sanctions or other related relief. Indeed, for over a year, Plaintiff repeatedly invoked allegations of spoliation without ever seeking court intervention. (*See* Mot. for TRO & Prelim. Inj. [ECF No. 21] at 13-14; Opp'n to Mot. To Dismiss [ECF No. 139] at 2, 6, 12, 14; Mot. To Seal [ECF No. 150] at 1; Mot. To Modify Scheduling Order [ECF No. 184] at 6; Rule 56(d) Mot. [ECF No. 216] at 13.) In fact, in the Court's October 6, 2025 Order denying Plaintiff's Motion for Preliminary Injunction, Judge Torres put it succinctly: "It is now October of 2025 and there is no such [spoliation] motion on the docket." [ECF No. 143 at 9.][4] Plaintiff offers no explanation why, if she had a good faith basis to accuse Bonnell of spoliation, she could not have filed such a motion earlier. Plaintiff's failure to engage in timely motion practice only highlights her lack of diligence in this case, and such a failure "ends the good cause inquiry." *Compass iTech*, 2017 WL 1290849 at *3.

---

[4] At the April 4, 2025, status conference, the Court expressly contemplated that any spoliation issues should be raised through appropriate motion practice, stating: "If [Bonnell] doesn't think it's destroying evidence for some reason, well that will all play out . . . . in a motion for spoliation  . . . . And if there is an issue of the destruction of evidence, that's something that on a motion for spoliation you will have to confer." (Status Conf. Tr. [ECF No. 42-12] at 9:14-17; 12:9-11.)

C.      **The Parties' Pending Motions Do Not Constitute Good Cause To Continue Trial.**

Plaintiff's contention that pending dispositive motions necessitates a trial continuance is similarly meritless. Courts have held just the opposite. *See SMB Cap., LLC v. Glob. Aerospace, Inc.*, No. 25-CV-292-GAP-LHP, 2025 WL 3469846, at *1 (M.D. Fla. Dec. 3, 2025) (the "pendency of a dispositive motion does not provide good cause or excusable neglect for extending a discovery deadline"); *Scheffler v. Chitwood*, No. 23-CV-1634-JSS-DCI, 2024 WL 4544269, at *3 (M.D. Fla. Oct. 22, 2024) ("taking too long to conduct discovery . . . is not due diligence and thus not good cause") (citations and internal quotations omitted).

Here, Plaintiff essentially contends that Bonnell's filing of a dispositive motion prevented her from preparing for trial. That position is absurd. Plaintiff had ten months to conduct discovery in this case. That Bonnell filed a motion to dismiss and motion for summary judgment in accordance with the Court's Scheduling Order has no bearing on Plaintiff's diligence in pursuing discovery. That Plaintiff filed a motion to extend discovery just days before the discovery cutoff provides Plaintiff no refuge either.

Plaintiff's purported authorities do not stand for such a proposition. In *Kessler v. Florida Department of Revenue*, No. 09-10079-CIV, 2010 U.S. Dist. LEXIS 12922 (S.D. Fla. Feb. 16, 2010), the ***defendant*** requested a short trial continuance due to the court's delayed ruling on defendant's motion to dismiss. By the time the court issued its ruling, defendant would have been required to file an answer to the operative complaint just ***five days*** before the trial date. For practical purposes, the court granted a short continuance. The ruling and procedural posture in *Kessler* is not even comparable to this case where, notwithstanding the pending dispositive motions, Bonnell is prepared to proceed to trial as scheduled.

Similarly, Plaintiff's reliance on *Rosello v. Chauncey*, No. 19-CV-3027-CEH-CPT, 2021 WL 11726053 (M.D. Fla. July 12, 2021) is of no import. In *Rosello*, the plaintiff filed a claim for malicious prosecution, and defendants moved for summary judgment on the grounds that plaintiff's claim was not yet ripe, as the underlying action was still being decided on appeal. *Id.*

at *1. Because the court had not yet ruled on defendants' motion, ***defendant*** requested a stay of the case management deadlines pending the court's ruling. *Id.* In the interest of efficiency and "avoiding unnecessary expense," the court stayed the "upcoming case management deadlines" pending its ruling on summary judgment. *Id.* Here, Bonnell has not requested a continuance of the trial date, and there is no unnecessary expense here to avoid. This case has been pending for over a year, and discovery has closed. Bonnell is prepared for trial.

**D.      Plaintiff's Motion Is Untimely and Fails To Comply with Local Rule 7.6.**

Local Rule 7.6 provides that "[a] court may grant a continuance if (i) 'written notice [is] served and filed at the ***earliest practical date prior to [trial]***' and (ii) is 'supported by affidavit setting forth a full showing of good cause.'" *Flosports*, 2022 WL 3682068, at *1 (citing S.D. Fla. Local Rule 7.6) (emphasis added). Plaintiff failed to do so here.

Failure to comply with Local Rule 7.6 is fatal to Plaintiff's Motion. *See, e.g.*, *Mierzwicki*, 2015 WL 13388565, at *3 (denying untimely motion to continue trial, holding "the Court has been inconvenienced by Plaintiff's delay[] . . . . With nineteen days until calendar call, Plaintiff has filed the instant Motion . . . . Plaintiff's Motion to Continue is denied."); *Bahr v. NCL (Bahamas) Ltd.*, No. 19-CV-22973, 2022 WL 293255, at *3-4 (S.D. Fla. Feb. 1, 2022) (denying motion to continue trial filed "only twenty (20) days before calendar call," inconveniencing the court and the non-moving party).

Here, Plaintiff filed the instant motion less than thirty days before Calendar Call—hardly the "earliest practical date" prior to trial. Indeed, Discovery closed ***four months ago*** on December 16, 2025. Plaintiff's Motion offers no explanation for why relief was not sought prior to the close of discovery, or at any time in four months since. Even after the Parties met and conferred regarding the instant Motion on April 2, 2026, Plaintiff waited another week to file the Motion. No justification exists for Plaintiff's delay. Accordingly, the Motion should be denied.

## IV.    <u>CONCLUSION</u>

For the reasons stated herein, Bonnell respectfully requests that the Court deny Plaintiff's Motion for a Continuance of the trial date.

Dated: April 17, 2026

Respectfully submitted,

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580
Fax: (305) 374-7593

By: /s/ *Michael S. Morgan*
Michael S. Morgan
Florida Bar No.: 1061173
mmorgan@bilzin.com
amotta@bilzin.com
eservice@bilzin.com

- and -

**BERK BRETTLER LLP**
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel: (310) 278-2111

By: /s/ *Andrew B. Brettler*
Andrew Brad Brettler
California Bar No.: 262928
abrettler@berkbrettler.com
Jake A. Camara
California Bar No.: 305780
jcamara@berkbrettler.com
Joel Sichel
California Bar No: 361148
jsichel@berkbrettler.com
(admitted *pro hac vice*)

*Counsel for Steven K. Bonnell II*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 17, 2026, a true and correct copy of the foregoing

was served on all parties via electronic transmission to counsel of record for these parties.


By: /s/ *Michael S. Morgan*
Michael S. Morgan


## SERVICE LIST
*Jane Doe v. Steven K. Bonnell II*
*Case No.: 1:25-cv-20757-JB*

Carlos A. Garcia Perez, Esq. Sanchez-        *Counsel for Jane Doe*
Medina, Gonzalez, Quesada, Lage, Gomez &
Machado, LLP 201 Alhambra Circle, Suite
1205 Coral Gables, Florida, 33134
Email: cgarciaperez@smgqlaw.com

Joan Schlump Peters, Esq.
JSP LAW, LLC
838 Neapolitan Way, #91, Naples, FL 34103
Email: petersjoan@bellsouth.net