**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 1:25-cv-20757-JB/Torres**

JANE DOE,

     Plaintiff,

v.

STEVEN K. BONNELL II,

     Defendant.

_____/

## DEFENDANT STEVEN K. BONNELL II'S REPLY IN FURTHER SUPPORT OF HIS OMNIBUS MOTION *IN LIMINE*

**I.**     **INTRODUCTION**

Bonnell's Motion seeks to exclude discrete categories of Challenged Evidence that are irrelevant to any claim or defense, unduly prejudicial, and, in several instances, constitute inadmissible hearsay or lack proper authentication. Plaintiff does not meaningfully dispute these evidentiary deficiencies. Nor could she. Instead, she relies on mischaracterizations of the record, inapposite legal authority, and contradictory arguments. The Challenged Evidence has no bearing on Plaintiff's claims and fails to meet the minimum standards for admissibility under the Federal Rules. Accordingly, the Court should exclude the Challenged Evidence at trial.

**II.**     **PURPORTED EVIDENCE THAT BONNELL TRANSMITTED THE VIDEO TO A MINOR MUST BE EXCLUDED.**

    **A.**     **Plaintiff's Allegation Is Knowingly False and Irrelevant to Her Claims.**

Bonnell did not transmit the Video to a minor, and Plaintiff is well-aware of that fact. Yet in her Opposition, Plaintiff blatantly distorts the record and bends over backwards to justify her knowingly false allegation. Indeed, the purported "minor" who Plaintiff alleges received the Video expressly testified at her deposition that she never received *any* sexually explicit material from Bonnell. (*See* AH Dep. Tr. [ECF No. 183-2] at 68:3-18. In fact, she testified she had never even

communicated with Bonnell. (*Id.* at 56:3-10; 67:13-16; 67:21 to 68:11.) The only reason Plaintiff seeks to introduce this knowingly false allegation at trial is to confuse the jury and portray Bonnell in a negative light. It has no bearing on the elements of any of Plaintiff's claims and must be excluded at trial.

Even if Plaintiff's allegation were true (it is not), the age of the purported recipient of the Video is immaterial and has no bearing on any element Plaintiff would be required to prove at trial. Courts routinely exclude evidence that has minimal or no probative value where its inclusion would divert attention away "from primary issues in the case" and risks "confusing the jury." *Gray v. Koch Foods, Inc.*, No. 17-CV-595-RAH, 2022 WL 3007569, at *4-5 (M.D. Ala. July 28, 2022), *aff'd*, 144 F.4th 1298 (11th Cir. 2025). Rule 401 limits admissible evidence to facts that bear on a "fact of consequence." Fed. R. Evid. 401. "To determine whether a fact is of consequence, [the court] looks to the ***elements of the cause of action***." *Johnson v. Jennings*, 772 F. App'x 822, 825 (11th Cir. 2019) (emphasis added). Plaintiff identifies no element—under 15 U.S.C. § 6851, Florida Statute section 784.049, or common law—for which the age of an alleged recipient of the Video is material. A claim under 15 U.S.C. § 6851, for example, requires only that the defendant knowingly disclosed an intimate image under circumstances giving rise to a reasonable expectation of privacy and resulting harm. *Diaz v. Hernandez*, No. 24-81151-CIV, 2024 WL 5341743, at *3 (S.D. Fla. Oct. 29, 2024). The purported age of the alleged recipient is irrelevant, and even if it were relevant, the evidence reflects that recipient of the Video was an adult male living in the United Kingdom.

Plaintiff's false allegation must also be excluded under Rule 403. Its minimal probative value—if any—is substantially outweighed by the risk of unfair prejudice to Bonnell. The only practical effect of labeling the recipient a "minor" is to invite moral condemnation of Bonnell untethered to the elements of Plaintiff's claims. Rule 403 exists to prevent precisely that. *Aycock v. R.J. Reynolds Tobacco Co.*, 769 F.3d 1063, 1069 (11th Cir. 2014) (emphasizing that

Rule 403 is specifically designed to prevent evidence of "scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect").

*Goldsmith v. Bagby Elevator Co.* 513 F.3d 1261 (11th Cir. 2008) is inapposite. *Goldsmith* addressed the admissibility of "me too" evidence in the narrow context of Rule 406, where evidence of an organization's routine practice—shown through sufficiently regular and similar conduct—may be used to prove conformity on a particular occasion. *Id*. at 1285. Critically, the Eleventh Circuit emphasized that such evidence may be admitted only where it is sufficiently regular and similar to "outweigh the danger . . . of prejudice and confusion," underscoring—not diminishing—the central role of Rule 403 to exclude evidence that invites improper inferences. *Id*. That framework—and Rule 406—has no application here. The isolated fact Plaintiff seeks to introduce—i.e., the alleged age of the recipient of the Video—does not establish any routine practice, pattern, or repeated conduct, nor does it bear the hallmarks of reliability required under Rule 406.

Further, Plaintiff's contention that Bonnell failed to meet and confer regarding Plaintiff's false allegation is absurd. Indeed, Bonnell has attempted to meet and confer with Plaintiff on this issue for nearly ***six months***. On October 30, 2025, Bonnell sent Plaintiff a meet and confer letter concerning the false allegation at issue in this Motion. (*See* Meet & Confer Letter, dated Oct. 30, 2025 [ECF No. 183-3]; Brettler Decl., dated Dec. 1, 2025 [ECF No. 183-1] at ¶ 4.) When Plaintiff refused to withdraw her false allegation, Bonnell served Plaintiff with (and later filed) a Rule 11 Motion. (*See* Brettler Decl., dated Dec. 1, 2025 [ECF No. 183-1] at ¶ 5, Ex. C [ECF No. 183-4].) Plaintiff thereafter had a 21-day safe harbor period in which to retract her false allegation, yet she refused to do so. Any contention that Bonnell failed to meet and confer is belied by the record.

III.   **ABBYMC'S PURPORTED EVIDENCE MUST BE EXCLUDED.**

    A.   **Plaintiff's Obstruction of Access to Abbymc Warrants Exclusion.**

Abbymc is not a peripheral witness. Her unsupported and untested claim is the sole basis for subject matter jurisdiction in this case, yet Plaintiff has obstructed access to their key witness

at every turn. [1] Plaintiff cannot simultaneously rely on Abbymc to establish a dispositive element of her claim while obstructing Bonnell's ability to obtain discovery from her in Rhode Island, where she apparently resides. Courts in this Circuit consistently preclude such evidence to prevent unfair prejudice and trial by ambush. *See Inmuno Vital, Inc. v. Telemundo Grp.*, 203 F.R.D. 561, 565-66 (S.D. Fla. 2001) (excluding witness where opposing party was denied access during discovery to avoid "an[y] unfair advantage"); *Crawford v. NCB, Inc.*, No. 00-6625-CIV, 2001 WL 833715, at *2 (S.D. Fla. May 17, 2001) (striking declarations where counsel failed to provide contact information for witnesses despite having access to them); *Henriquez v. Total Bike, LLC*, No. 13-20417-CIV, 2013 WL 6834656, at *6 (S.D. Fla. Dec. 23, 2013) (refusing to consider declarations of non-party witnesses where the opposing party lacked any opportunity to depose them, finding such use improper as a matter of fairness).

Critically, Bonnell did not fail to pursue discovery—he was prevented from doing so by Plaintiff's counsel. (*See* Brettler Decl., dated Sept. 19, 2025 [ECF No. 132-9] at ¶¶ 3-12; Brettler Decl., dated Jan. 30, 2026 [ECF No. 212] at ¶¶ 3-11.) [2] Worse, Abbymc admitted during a livestream she posted on or about September 8, 2025 that Plaintiff's counsel advised her to continue evading service of process while continuing to "submit[] evidence." (*See* Brettler Decl., dated Sept. 19, 2025 [ECF No. 132-9] at ¶ 12 & Ex. H [ECF No. 132-17].) In her Opposition, Plaintiff's counsel admits she was in contact with Abbymc for months yet simultaneously claims that Abbymc's contact information was provided "as soon as it became available." (Peters Decl.,

---

[1] Plaintiff's contention that Bonnell "waived" authentication, hearsay, and Rule 403 objections by not raising them "during conferral" is absurd. (Opp'n at 8.) Bonnell has consistently raised these objections in his pleadings. (*See* Opp'n to Pl.'s Mot. To File Redacted Evidence [ECF No. 100] at 6-7; Mot. To Dismiss [ECF No. 132] at 16; Mot. for Summ. J. [ECF No. 210] at 6, 17-19).

[2] Plaintiff's attempt to recast Abbymc as a neutral, unrepresented third party further underscores the inconsistency in her position. While asserting that Abbymc is merely a nonparty witness "never represented by counsel," Plaintiff simultaneously invoked the attorney-client privilege and work-product doctrine to withhold their communications with Abbymc. (*See* Def.'s Mot. for Sum. J. [ECF No. 210] at 14, n.4; *see also* Abbymc Demand Letter [ECF No. 132-10] (reflecting that Plaintiff's counsel also represents Abbymc).)

dated Apr. 13, 2026 [ECF No. 231-1] ¶ 9].) However, notwithstanding the months of communication Plaintiff had with Abbymc, she did not provide Bonnell with Abbymc's contact information until ***less than one month*** before the close of discovery. (Brettler Decl., dated Jan. 30, 2026, Ex. G [ECF No. 212-7].) That delay deprived Bonnell of the opportunity to access Abbymc within the discovery period.

Plaintiff's attempts to minimize this failure by claiming the address she provided was only "incorrect by one digit" is not well-taken. (Peters Decl., [ECF No. 231-1] ¶ 11). An incorrect address, however slight the error (assuming it was an error), renders service impossible. Bonnell's process servers could not locate Abbymc at the provided address, and they are not required to canvass an entire street or knock on multiple residences in search of a witness. As a result, Bonnell was deprived of any meaningful opportunity to access Abbymc within the discovery period.

Plaintiff has the burden of proof, and she should not be permitted to benefit from her own delay and obstruction preventing Bonnell to move to compel within the discovery period. Bonnell had no obligation to enforce the subpoena against Abbymc in the District of Rhode Island. Had Plaintiff produced any credible evidence from Abbymc, or even timely provided her correct contact information, Bonnell would have moved to compel compliance with the subpoena. Since Plaintiff produced no admissible evidence or testimony from Abbymc during the discovery period, the Court must exclude any such evidence or testimony at trial.

Plaintiff's reliance on *Go Mobile Flooring, LLC v. Blue Banyan Solutions, Inc.*, 663 F. Supp. 3d 1294 (M.D. Fla. 2023), is misplaced. There, the court declined to exclude damages evidence where the moving party failed to identify concrete prejudice, did not meaningfully raise the issue during discovery, and offered no evidence that it attempted to obtain more complete disclosures before the close of discovery. *Id*. at 1306-07. Here, unlike the defendant in *Go Mobile*, Bonnell did not sit on his rights—he actively sought discovery from Abbymc, was obstructed by Plaintiff's delayed and deficient disclosures, and ultimately effectuated service of a subpoena on her, only for the subpoena to be ignored just days before the discovery cut-off. Further, unlike the defendant in *Go Mobile*, Bonnell repeatedly and contemporaneously brought these issues to the

Court's attention throughout the litigation, including in his Motion To Dismiss and again in his Motion for Summary Judgment. (*See* Mot. To Dismiss [ECF No. 132] at 17-18; Mot. Summ. J. [ECF No. 210] at 14-17.)

### B. The Abbymc Exhibit Must be Excluded.

#### 1. *The Abbymc exhibit constitutes hearsay, and no exception applies.*

Plaintiff's attempt to salvage the purported Abbymc exhibit fails. The Abbymc exhibit constitutes a self-serving and unauthenticated text message, purportedly from Abbymc to an unidentified third party, dated November 3, 2023, wherein Abbymc supposedly wrote: "I have videos of him [Bonnell] f*cking cheiry and pxie like lmfao he just sent me another one haven't opened it." [ECF No. 86-1.] On its face, the exhibit constitutes inadmissible hearsay, offered to prove the truth of the matter asserted—namely, that Bonnell allegedly transmitted **the Video** to her. Fed. R. Ev. 801. Plaintiff now asserts that the message is not offered for the truth of the matter asserted, but rather to "corroborate" Abbymc's declaration or as a prior consistent statement. (Opp'n. at 9.) Yet Plaintiff has repeatedly relied on the Abbymc exhibit as proof of this central, material fact. Plaintiff cannot have it both ways.

Indeed, her newly-asserted position is irreconcilable with her previously filed pleadings. Specifically, Plaintiff amended her original Complaint to allege that Bonnell transmitted the Video to Abbymc. Since then, Plaintiff has relied on Abbymc's declaration to establish this transmission, which is an essential element of her claim. The alleged transmission of the Video to Abbymc is the ***only*** alleged transmission establishing subject matter jurisdiction. (*See* Am. Compl. ¶¶ 14-16; Opp'n to Mot. To Dismiss [ECF No. 139] at 11-14.) Plaintiff's entire case, and this Court's jurisdiction, cannot exclusively rely on an out of court statement from a witness that Plaintiff failed to produce in the case. Accordingly, the Abbymc exhibit must be excluded pursuant to Rule 801.

Plaintiff's proffered hearsay exceptions do not apply. Rule 801(d)(1)(B) is inapplicable because Abbymc has not "testifie[d] at the trial" and was not "subject to cross-examination regarding the statement." *Wammock v. Celotex Corp.*, 793 F.2d 1518, 1522 (11th Cir. 1986). Rule 803(1) provides no relief here either. Plaintiff offers no foundation establishing that the statement

was made contemporaneously with the alleged events nor does Plaintiff establish she would be able to lay such a foundation at trial. *See United States ex rel. Crenshaw v. Degayner*, 622 F. Supp. 2d 1258, 1281 (M.D. Fla. 2008) (excluding statement where "no foundation [was] laid for a present sense impression" and plaintiff "g[ave] no indication that she would be able to lay such a foundation at trial"). Whether Plaintiff even intends to or is able to call Abbymc at trial is doubtful, particularly given counsel's admission that Abbymc has been intermittently unreachable and unavailable. (Peters Decl., dated Apr. 13, 2026 [ECF No. 231-1] at ¶ 9.) [3]

2.     *The Abbymc exhibit is unauthenticated.*

The Abbymc exhibit fails to meet the basic requirements of Rule 901 and must be excluded. In an attempt to salvage the admissibility of the exhibit, Plaintiff falsely asserts that Rule 901 is satisfied because Abbymc attested that "she personally sent the message reflected in the exhibit" and because it contains "contextual indicia." (Opp'n at 9.) Abbymc did no such thing. In fact, Abbymc's declaration, which was filed on May 3, 2025, did not attach any exhibit at all. (*See* Abbymc Decl. [ECF No. 49-2].) Rather, Plaintiff's **counsel** submitted the Abbymc exhibit **a month later**, without an accompanying declaration from Abbymc to authenticate the purported communication. (*See* Abbymc Exhibit [ECF No. 86-1].)

The Abbymc exhibit contains no distinctive characteristics from which a reasonable juror could conclude that the document is what it purports to be, and it must be excluded accordingly. *See United States v. Caldwell*, 776 F.2d 989, 1001-02 (11th Cir. 1985) (authentication requires "sufficient evidence to make out a prima facie case that the proffered evidence is what it purports to be."); *Pohl v. MH Sub I, LLC*, 332 F.R.D. 713, 721 (N.D. Fla. 2019) (excluding unauthenticated screenshots where the proponent failed to provide objective indicia of authenticity—such as a verifiable source or other identifying metadata). Indeed, the Abbymc exhibit contains no information from which the recipient of the message can be identified, is ambiguous as to what

---

[3] Plaintiff has failed to comply with her pre-trial obligations pursuant to the Federal Rules of Civil Procedure, the Local Rules of Court, and this Court's Scheduling Order. Among other deficiencies, on April 17, 2026, Plaintiff was obligated to serve Bonnell with her witness list and exhibit list for trial. While Bonnell complied with these pre-trial obligations, to date, Plaintiff has not.

video (if any) Abbymc actually received, and provides no evidence as to the existence or timing of any purported transmission.

## III.   PLAINTIFF SHOULD NOT BE PERMITTED TO PROCEED USING A PSEUDONYM AT TRIAL.

At trial, Plaintiff must proceed using her legal name. Her continued use of a pseudonym would unfairly prejudice Bonnell, confer on Plaintiff an unfair advantage, and improperly suggest to the jury that she is indeed a victim. For these reasons, courts routinely require anonymous plaintiffs to proceed using their full legal names at trial. *See Doe v. Swearingen*, No. 18-24145-CIV, 2019 WL 95548, at *6 (S.D. Fla. Jan. 3, 2019) (limiting plaintiff's use of a pseudonym to pretrial proceedings); *S.Y. v. Seasonal Invs., Inc.*, No. 20-cv-603-JES-MRM, 2021 WL 4822627, at *6 (M.D. Fla. June 11, 2021) (requiring renewed showing that pseudonymity remained appropriate at trial).

Here, it is Plaintiff who chose to file a federal lawsuit publicly accusing Bonnell of despicable conduct and destroying Bonnell's reputation in the process. Moreover, since the outset of this case, Plaintiff has publicly discussed this case and its subject matter, *ad nauseam*, on social media and elsewhere. (Bonnell Decl., dated Apr. 25, 2025 [ECF No. 42-1] ¶ 23-26. at Ex. H [ECF No. 42-9].) As she admitted during the hearing on her Motion for Preliminary Injunction, Plaintiff originally created her GiveSendGo fundraising page using her legal name, publicly associating herself with this case and her allegations against Bonnell. (Prel. Inj. Hr'g Tr. (ECF No. 90] at 50:1-52:8.) For months after filing suit, Plaintiff posted online about this lawsuit, encouraged donations, and commented on the Court's various rulings. (Brettler Decl., dated June 16, 2025 [ECF No. 99-1] ¶¶ 3-6 & Exs. A-D [ECF Nos. 99-2 to 99-5]; Bonnell Decl. [ECF No. 42-1] ¶¶ 23-27 & Exs. F, H-I [ECF Nos. 42-7, 42-9, 42-10].) This Court has already recognized as much, noting that "both Plaintiff and Defendant have engaged in online commentary regarding this case, including as to their version of the events and/or purposes." (Order, dated Oct. 6, 2025 [ECF No. 143].)

Plaintiff's reliance on *Doe v. Neverson*, 820 F. App'x 984 (11th Cir. 2020), is misplaced. In *Neverson*, the Eleventh Circuit permitted plaintiff to proceed anonymously where plaintiff demonstrated that disclosure of her legal name would subject her to severe social stigma within her devout Muslim community and risk harm to herself and her family based on cultural and religious consequences arising from sexual assault allegations. 820 F. App'x at 988. No such risk is apparent here. Indeed, Plaintiff has publicized her own allegations from the outset.

Plaintiff's reliance on *Plaintiff B v. Francis*, 631 F.3d 1310 (11th Cir. 2011) fares no better. In *Plaintiff B*, the ***plaintiffs were minors*** who had been coerced into engaging in explicit sexual conduct, and the court emphasized the "highly personal" and "extraordinarily sensitive" nature of the allegations, as well as the severe, lifelong harm associated with public identification. 631 F.3d at 1317-18. No such circumstances exist here. Plaintiff is not a minor, does not allege coercion into unlawful sexual conduct, and has not presented any comparable, particularized evidence of concrete harm that would result from proceeding in her own name.

Plaintiff nevertheless contends that because her allegations "involve matters of the utmost intimacy and carry a significant risk of further harm if Plaintiff's identity is publicly disclosed," she must be required to proceed anonymously. (Opp'n at 10.) Plaintiff's reliance on such generalized assertions of reputational or privacy concerns are insufficient under Eleventh Circuit authority. *See In re Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1248 (11th Cir. 2020) (requiring a concrete showing of harm and rejecting speculative or conclusory assertions).

Plaintiff's attempt to distinguish *S.Y. v. Jay Varahimata Invs., LLC*, No. 20-CV-606-JES-MRM, 2021 WL 3117117, at *6 (M.D. Fla. June 11, 2021) ("*S.Y. II*") is unavailing. Contrary to Plaintiff's assertion, *S.Y. II* is directly on point. There, the court permitted pseudonymity during pretrial proceedings but expressly limited that ruling to proceedings "outside of trial," recognizing that anonymity at trial raises distinct concerns, including the risk of unfairly influencing the jury. *Id.* at *6. The court further required any request to proceed pseudonymously at trial to be separately raised and justified, underscoring that such relief is neither automatic nor presumed. *Id.* Consistent with *S.Y. II*, at a minimum, the Court should require Plaintiff to make a renewed, particularized

9

showing—supported by competent evidence—that anonymity remains warranted under the heightened scrutiny applicable at the trial stage. Absent such a showing, Plaintiff should be ordered to proceed under her true legal identity.

## IV.    CONCLUSION

For the reasons stated herein and in the Motion, Bonnell respectfully requests that the Court exclude the Challenged Evidence at trial.

Dated: April 20, 2026

Respectfully submitted,

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580
Fax: (305) 374-7593

By: /s/ *Michael S. Morgan*
Michael S. Morgan
Florida Bar No.: 1061173
mmorgan@bilzin.com

-and-

**BERK BRETTLER LLP**
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel: (310) 278-2111

By: /s/ *Andrew B. Brettler*
Andrew Brad Brettler
California Bar No.: 262928
abrettler@berkbrettler.com
Jake A. Camara
California Bar No.: 305780
jcamara@berkbrettler.com
Joel Sichel
California Bar No: 361148
jsichel@berkbrettler.com
(admitted *pro hac vice*)

*Counsel for Steven K. Bonnell I*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 20, 2026, a true and correct copy of the foregoing

was served on all parties via electronic transmission to counsel of record for these parties.


By: /s/ *Michael S. Morgan*
Michael S. Morgan


## SERVICE LIST
*Jane Doe v. Steven K. Bonnell II*
*Case No.: 1:25-cv-20757-JB*

Carlos A. Garcia Perez, Esq. Sanchez-        *Counsel for Jane Doe*
Medina, Gonzalez, Quesada, Lage, Gomez &
Machado, LLP 201 Alhambra Circle, Suite
1205 Coral Gables, Florida, 33134
Email: cgarciaperez@smgqlaw.com

Joan Schlump Peters, Esq.
JSP LAW, LLC
838 Neapolitan Way, #91, Naples, FL 34103
Email: petersjoan@bellsouth.net