**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

MIAMI DIVISION

**JANE DOE**,

      Plaintiff,

v.

**STEVEN K. BONNELL II**,

      Defendant.

_____/

CASE NO: 1:25-cv-20757-JB/Torres

**PLAINTIFF JANE DOE'S REPLY TO BONNELL'S**
**RESPONSE TO MOTION CONTINUE TRIAL**

Plaintiff Jane Doe ("Plaintiff"), by and through the undersigned counsel, hereby respectfully replies to Defendant Steven K. Bonnell II's ("Bonell" or "Defendant") Response to her Motion to Continue Trial.

**ARGUMENT**

**I.** **Bonnell's Late-Shifted Position Seeks to Deny Plaintiff a Fair Opportunity to Conduct Discovery Without Meeting His Heavy Burden Thereunder.**

Attempting to derive an unfair advantage from the nearly six months that have passed since Bonnell sought resolution of the parties' dispute over scheduling depositions, DE168 (still pending), Bonnell now materially strays from his initial request, which was simply "that the parties' respective depositions be coordinated and conducted during the same week," DE163, at 2, 10 ("preferably [to take place on] November 24 and 25, 2025"). Bonnell's new position is that Plaintiff be deprived of that opportunity altogether in favor of a trial by ambush (DE235:1) — a request for which Bonnell neither met nor could meet his heavy burden.

The complete denial of an opportunity to depose a defendant is granted only under the rarest circumstances. "Depositions are an important discovery tool, and '[t]he right to take

1

depositions is a broad one.'" *Pen Am. Ctr. Inc v. Escambia Cnty. Sch. Bd.*, No. 3:23CV10385/TKW/ZCB, 2024 WL 6990201, at *1 (N.D. Fla. July 19, 2024) (citing *Odom v. Roberts*, 337 F.R.D. 359, 362 (N.D. Fla. 2020)). "Given the language of the rule, it is unsurprising that a party seeking to prevent a deposition has a steep hill to climb." *Id.* (citing *Dunford v. Rolly Marine Serv. Co.*, 233 F.R.D. 635, 637 (S.D. Fla. 2005)). "Such relief should only be granted in extraordinary circumstances." *Id.* (citing *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979)). *See also, DeepGulf, Inc. v. Moszkowski*, 330 F.R.D. 600, 605 (N.D. Fla. 2019) ("Depositions can be extremely important to the discovery of relevant facts and the acquisition of key admissions from parties or witnesses. In some cases, depositions are 'indispensable.'"); *Huddleston v. Bowling Green Inn of Pensacola*, 333 F.R.D. 581, 587 (N.D. Fla. 2019) (same).

As the court in *Odom* stated, because "depositions play an extremely important role in the American system of justice," 337 F.R.D. at 362 (citing *GMAC Bank v. HTFC Corp.*, 248 F.R.D. 182, 185 (E.D. Pa. 2008), "civil litigants almost always must testify in depositions ...." *Id.* (citing *Green v. Bock Laundry Mach. Co.*, 490 U.S. 504, 510, 109 S.Ct. 1981, 104 L.Ed.2d 557 (1989)). The Supreme Court aptly elaborated in *Green*:

> [C]ivil litigants in federal court share equally the protections of the Fifth Amendment's Due Process Clause. Given liberal federal discovery rules, the inapplicability of the Fifth Amendment's protection against self-incrimination, and the need to prove their case, civil litigants almost always must testify in depositions or at trial. Denomination as a civil defendant or plaintiff, moreover, is often happenstance....

490 U.S. at 510–11, 109 S. Ct. at 1985.

For these reasons, "[t]he burden of showing good cause to preclude a deposition altogether is a heavy one." *Odom*, 337 F.R.D. at 363 (citing *Dunford v. Rolly Marine Serv. Co.*, 233 F.R.D. 635, 637 (S.D. Fla. 2005)). "It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error." *Id.*

(citing *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979); *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) (noting that a "strong showing is required before a party will be denied entirely the right to take a deposition"); *Apple Inc. v. Samsung Elecs. Co.*, 282 F.R.D. 259, 263 (N.D. Cal. 2012) ("it is very unusual for a court to prohibit the taking of a deposition altogether absent extraordinary circumstances")). Indeed, "discovery stay motions are generally denied except where a specific showing of prejudice or burdensomeness is made or where a statute dictates that a stay is appropriate or mandatory." *MSPA Claims 1, LLC v. IDS Prop. Cas. Ins. Co.*, No. 23-CV-24265, 2024 WL 107741, at *1 (S.D. Fla. Jan. 10, 2024) (citation omitted). "The Court proceeds to weigh the harm produced by a delay in discovery against the likely costs and burdens of proceeding with discovery." *Id.*, at *2 (citation and internal quotation marks omitted).

Bonnell also argues the case should be terminated in granting him summary judgment without affording Plaintiff an opportunity to depose him. DE235, at 2, 5, 8-9. This proposition would be tantamount to terminating sanctions under the circumstances. The burden thereunder is even heavier and could not possibly be met by Bonnell. *See, BankAtlantic v. Blyth Eastman Paine Webber, Inc.,* 127 F.R.D. 224, 235 (S.D. Fla. 1989) (describing default sanctions as a "draconian measure that should be imposed only in exceptional cases").

Bonnell expecting such extraordinary relief in a Response to Plaintiff's Motion to Continue Trial, when, ironically, the relief Plaintiff seeks would accommodate Bonnell's *own* request at DE163, at 2, 10—without coming close to meeting his heavy burden—smacks of bad faith.

II.     **Plaintiff Was Diligent and None of Bonnell's Case Are Apposite.**

In repeatedly asserting that Plaintiff was not diligent in noticing his deposition, Bonnell is attempting to muddy the facts. To begin, Plaintiff was *more* diligent in requesting dates for Bonnell's deposition than Bonnell was in inquiring about Plaintiff's availability for her deposition.

3

DE163-2; DE163-3. The only reason Plaintiff's counsel was precluded from moving forward with deposing Bonnell is an Order staying that ability pending resolution of a Motion Bonnell filed in December 2025, DE163. Again, in that Motion, Bonnell expressly sought that the parties' depositions proceed, requesting only that they occur "during the same week" for the convenience of his counsel, whom he chose to retain from out of state. *Id*., at 2. Plaintiff explained in detail why her counsel acted in good faith. DE177 – DE177-3 (attached hereto as Composite Exhibit 1 for the Court's convenience). The Magistrate Judge has not found that Plaintiff acted in bad faith, let alone engaged in conduct warranting a complete denial of her right to take Bonnell's deposition. Rather, the Magistrate stayed Bonnell's deposition pending resolution of Bonnell's Motion, presumably to assure the two depositions occur in the same week, as Bonnell requested. DE167.

No court has ever held that a stay pending resolution of a motion that remains pending for some six months, DE167, amounts to a lack of diligence by any party over the course of those six months. Plaintiff would have had to defy the Court's Order to move forward with Bonnell's, which, surely, is not what Bonnell is suggesting.

Contrary to Bonnell's contention, courts routinely grant modifications of scheduling orders as a result of pending disputes. *See, e.g., Wooten v. LaSalle Se. LLC*, No. 7:22-CV-00148 (WLS), 2025 WL 2648242, at *7 (M.D. Ga. Sept. 15, 2025) ("Because the Parties' dispute over the protective order has delayed discovery, the Court **EXTENDS** the discovery deadline");[1] *Rivera v. Equifax Info. Servs., LLC*, No. 1:18-CV-4639-AT, 2025 WL 1185376, at *4 n.6 (N.D. Ga. Mar. 26, 2025) (noting, *inter alia*, that "the numerous discovery disputes that have arisen [and] require[d]

---

[1] In several of these cases, opposing counsel had the courtesy of not opposing a continuance, rather than attempting to gain an improper tactical advantage. However, Bonnell's attorneys do not appear to be among those "good lawyers working in good faith [to] work … out" (DE42-12:10-11) a dispute that Bonnell himself initiated and from which he now retreats.

Court resolution, thereby delaying discovery," justified multiple modifications of the scheduling order); *Cole-Parmer Instrument Co., LLC v. Pro. Lab'ys, Inc.,* No. 0:21-CV-61756, 2023 WL 3600039, at *2 (S.D. Fla. May 23, 2023) (court modified scheduling order as a result of multiple pending motions).

None of the cases Bonnell cites are remotely apposite—none involved an order staying a deposition pending resolution of a discovery motion. DE163; DE167. Rather, the cases Bonnell cited involved either an absence of any explanation for delays or dilatory conduct conceded by the movant, and, in any event, far more significant delays attributable to the moving party. By way of example, in *Mierzwicki v. Citigroup, Inc.*, No. 14-CV-61753, 2015 WL 13388565 (S.D. Fla. Sept. 28, 2015) (DE235:6), it was plaintiff's counsel who chose "to suspend discovery indefinitely, which was done at Plaintiff's peril," and "Plaintiff [then] let th[e] case languish for well over an entire year," *id*., at **1, 2—facts which are starkly distinguishable from the case at bar.[2]

Bonnell cites to two cases in an effort to support his proposition. DE235:8. However, neither case is remotely apposite. The case of *SMB Cap SMB Cap., LLC v. Glob. Aerospace, Inc.*,

---

[2] *See also*, *Weiss v. City of Gainesville, Fla.*, 462 F. App'x 898, 912 (11th Cir. 2012) (cited at DE235:4) ("[t]he court denied the motion because [plaintiff's] own dilatory tactics were the reason he did not secure [the witness'] deposition during the discovery period"); *Martinez v. D2C, LLC*, No. 23-21394-CIV, 2024 WL 1254376, at *3 (S.D. Fla. Mar. 25, 2024) (expressly noting that *nothing* "prevented [plaintiffs] from deposing" the defendant's corporate representative); *Delgado v. Magical Cruise Co., Ltd*., No. 615CV2139ORL41TBS, 2017 WL 3131443, at *2 (M.D. Fla. July 24, 2017) (finding that the plaintiff "had a year in which to depose Defendant," "did not propound this discovery until the last month of the discovery period," and made several admissions of his lack of diligence); and *see Pyatt v. AECOM Tech. Servs., Inc.,* No. 20-13422, 2021 WL 4147091, at *4 (11th Cir. Sept. 13, 2021) (cited at DE235:6) (no explanation provided for "why [plaintiff] failed to complete discovery during the 14-month discovery period"); *Budget Truck Rental, LLC v. Dalpra*, No. 1:15-CV-23024-UU, 2016 WL 6496669, at *2 (S.D. Fla. Mar. 21, 2016) (argument that discovery period was "incredibly short" insufficient to meet standard of motion for reconsideration); *Capers v. Noahs Ark Repair Serv., Inc.*, No. 6:11-CV-457-ORL-28, 2012 WL 5266031, at *3 (M.D. Fla. Oct. 24, 2012) (no explanation for "failing to move the Court to compel production of the documents or take the additional depositions before now").

No. 6:25-CV-292-GAP-LHP, 2025 WL 3469846 (M.D. Fla. Dec. 3, 2025) (DE235:8) did not involve similar circumstances. Rather, this line of cases contemplates a party's decision not to conduct discovery when a "*dispositive* motion" is pending—facts that do not apply here. *See, id*., at *1 (emphasis added) (finding that "Plaintiffs have delayed engaging in expert discovery during the pendency of Defendants' motion to dismiss and/or stay"). Bonnell's reliance on *Scheffler v. Chitwood*, No. 6:23-CV-1634-JSS-DCI, 2024 WL 454426 at *3 (M.D. Fla. Oct. 22, 2024) is also futile. There, the plaintiff simply waited "too long to conduct discovery," *id*., at *3—the case did not involve an unresolved motion or order staying discovery.

### III.     Bonnell's Suggestion that Plaintiff Had Sufficient Opportunities to Conduct Discovery Is Specious.

Bonnell's argument that Plaintiff was afforded an adequate opportunity to cross-examine Bonnell at the June 3, 2025, hearing, DE235, at 5 n.2, is a bold proposition contrary to longstanding Eleventh Circuit and Supreme Court precedent. *See*, section I, *supra*.

Bonnell also posits that a motion for spoliation would be appropriate—and consistent with Rule 11—without first taking Bonnell's deposition. DE235:7. However, before presenting such a serious claim, Plaintiff is required to conduct a thorough investigation under Rule 11, Fed. R. Civ. P. In developing a spoliation claim, depositions are widely recognized as an effective and often necessary tool.[3] As this Court aptly noted, "these lawyers [of Bonnell] aren't going to agree with you probably on much when it comes to the substance," including as to Plaintiff's spoliation claims. DE42-12(14:17-18). The unsworn and bald denials of Bonnell's counsel, DE42-12(10:13),

---

[3] *See generally, United States v. Athens Orthopedic Clinic, P.A.*, No. 3:15-CV-122 (CDL), 2022 WL 4554424, at *4 n.2 (M.D. Ga. Sept. 29, 2022) (depositions on spoliation claims relevant); *Procaps S.A. v. Patheon Inc.,* No. 12-24356-CIV, 2015 WL 1880346, at *1 (S.D. Fla. Apr. 24, 2015) (deposition testimony as to spoliation tends to assist the Court); *Grayson v. No Labels, Inc.,* No. 6:20-CV-1824-PGB-LHP, 2022 WL 1222645, at *3 (M.D. Fla. Apr. 11, 2022) (characterizing not asking questions relevant to spoliation at deposition as "missed opportunities").

do not constitute evidence. Moreover, certain evidence could be established only through Bonnell's deposition, including evidence regarding his intentions in deleting posts.

### IV.    **Bonnell Does Not and Cannot Assert Prejudice.**

As cases cited in section I, *supra*, reflect, a party cannot be deprived of her right to depose a defendant altogether without balancing the harms and concluding that any prejudice to defendant outweighs the prejudice to plaintiff. Bonnell does not assert any prejudice from a brief continuance of the trial.[4] Ironically, a continuance of the trial would allow for Bonnell's *own* request that "that the parties' respective depositions" still go forward but that they "be coordinated and conducted during the same week," DE163, at 2, be accommodated. Undoubtedly, Bonnell is shifting positions, now touting his own trial-readiness for self-serving reasons. *Compare*, DE163, *with* DE235:1 (Bonnell now stating he is "ready" and "eager" to go to trial). While this might be unsurprising at the present procedural posture of the case, knowing well that Plaintiff was precluded from deposing him to date, the circumstances represent the antithesis of prejudice. Bonnell did not file his motion to coordinate depositions without expecting for it to be ruled on. Conversely, the prejudice to Plaintiff is obvious, as supported by the cases cited in section I, *supra*.

---

[4] At most, Bonnell protests that this case has been pending for one year and two months, DE532:6, which, however, constitutes a relatively short time for complex cases such as CARDII cases to be pending before proceeding to trial. *Compare* CARDII actions such as, e.g., *Ballou v. Wells,* No. 24-CV-23-GKF-CDL, 2024 WL 2328216, at *1 (N.D. Okla. May 22, 2024); see 4:24-cv-00023-GKF-CDL (action commenced in January 2024, discovery currently ongoing; no trial date set yet); *Doe v. Constant*, No. CV 24-554, 2024 WL 3512136 (W.D. La. July 23, 2024); see 1:24-cv-00554-JE-JPM (trial scheduled for 2 years after action commenced); *Doe v. Martin,* No. 24-CV-00430-SEH-CDL, 2025 WL 2816681 (N.D. Okla. June 25, 2025), see 24-CV-00430-SEH-CDL (action commenced September 2024; no trial date set as of today). While the complexity of CARDII cases is not yet fully reflected on court dockets given the statute's recent enactment, the cases that are available demonstrate that Bonnell's position is detached from the reality of the demands of CARDII cases. Additionally, this Court acknowledgement that the case at bar is "a complex case." DE42-12:24.

Plaintiff has not engaged in any conduct—let alone willful or repeated conduct—that would justify such an extreme remedy.

## V.        Plaintiff's Motion Is Not Defective.

Bonnell fails to establish that Plaintiff's Motion is untimely. DE235:9. Bonnell essentially suggests Plaintiff should have anticipated months ago that Bonnell's pending motion, DE163, would not be ruled on for nearly six months. Plaintiff awaited a ruling in good faith. As such, the cases Bonnell cites, while also involving motions filed significantly closer to Calendar Call than Plaintiff's Motion, DE235:9, miss the mark. Courts have continued trials as late as on the date of calendar call. *See, e.g., United States v. Lewis*, No. 19-60034-CR, 2021 WL 6049958, at *1 (S.D. Fla. Dec. 21, 2021). In a scathing opinion, the Eleventh Circuit admonished that a "scheduled trial date should never become such an overarching end that it results in the erosion of [a party's] right to a fair trial." *Schwarz v. United States*, 828 F. App'x 628, 638 (11th Cir. 2020) (request to continue trial as a result of late-production of evidence, remanding to a different judge as a sanction) (citing *United States v. Uptain*, 531 F.2d 1281, 1291 (5th Cir. 1976)). The court noted that this right applies to "both sides, especially in … complicated [case]." *Id.* Regardless, Bonnell's timeliness objection is baseless, particularly given that Plaintiff was—and remains—awaiting a ruling on Bonnell's Motion in good faith.

Finally, though Bonnell abandoned these arguments for not including them under his Argument section,[5] Plaintiff briefly addresses two additional arguments he made in his Introduction: First, Bonnell argues Plaintiff was required to file an affidavit. DE235:2. However, a verified pleading may be "consider[ed] … to have an effect equivalent to that of an affidavit" if

---

[5] *See generally, United States v. Abreu*, 840 F. App'x 457, 459 (11th Cir. 2020) (cursory or passing references to arguments deemed abandoned).

it "satisfies the other standards for affidavits as set out in [Rule 56(c)(2)(4)]." *Barker v. Norman*, 651 F.2d 1107, 1115 (5th Cir. 1981). Here, the "personal knowledge" over "facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated," Rule 56(c)(2)(4), is met given that Plaintiff's Motion is based on the undisputed facts plainly reflected on the Court's docket, i.e., the pendency of motions that prevented Plaintiff from deposing Bonnell. The facts pertinent to Bonnell's diligence assertions have also been placed under oath in great detail at DE177-1 – DE177-3 (Ex. 1 hereto), as Bonnell is well-aware. In short, Bonnell does not and cannot assert any prejudice from treating the Verified Motion as the equivalent of an affidavit. By contrast, Bonnell now advocates for depriving Plaintiff of any opportunity to depose him altogether without remotely meeting his burden, *see* Section I, *supra*, thereby violating more than a Local Rule and rendering his request both procedurally improper and highly prejudicial.

Second, Bonnell's estoppel argument, DE235:1, is fundamentally misplaced. "[J]udicial estoppel prevents a party who successfully takes a position in a prior judicial proceeding from intentionally asserting a conflicting position in a subsequent action." *Boneta v. Am. Med. Sys., Inc.,* 524 F. Supp. 3d 1304, 1317 (S.D. Fla. 2021). A request—let alone an alleged failure to make a request—in a motion is not a "sworn position[]" for estoppel purposes. *In re Baldwin*, 307 B.R. 251, 269 (M.D. Ala. 2004). The doctrine of equitable estoppel also does not apply. *See, id*., at 270 (listing elements Bonnell is unable to meet). Finally, collateral estoppel applies only to subsequent litigation and involves "relitigation of an issue previously decided," *In re St. Laurent*, 991 F.2d 672, 675 (11th Cir. 1993), after a full and fair opportunity to litigate, and does not apply "if there is a change in circumstances…." *Dick's Sporting Goods, Inc. v. Forbes/Cohen Fla. Props., L.P.*, No. 20-CV-80157-BER, 2023 WL 5831467, at *7 (S.D. Fla. Sept. 8, 2023).

Even if any of these elements could be met (they cannot), none of these doctrines could possibly apply to circumstances that were unforeseeable to Plaintiff when she brought the Motion Bonnell is referring to, DE184, which has yet to be ruled on. No court has ever held that not including a prophylactic request to continue trial in the first motion to modify scheduling order (which would be highly disfavored) bars any such request in the future. Bonnell's "estoppel" claim is particularly striking in light of the fact that he fails to disclose to this Court that his new positions, DE235, are inconsistent with his prior position, DE163, though they are directly relevant thereto. Unsurprisingly, Bonnell did not include these arguments in his Argument section.

## CONCLUSION

Wherefore, Plaintiff's Motion for a Continuance of the Trial to provide her with an adequate opportunity to complete discovery should be granted.

Date: April 20, 2026                    Respectfully Submitted,

**JSP LAW, LLC**                        **SANCHEZ-MEDINA, GONZALEZ,**
Joan Schlump Peters                     **QUESADA, LAGE, GOMEZ &**
(admitted *pro hac vice*)               **MACHADO, LLP**
838 Neapolitan Way, #91                 CARLOS A. GARCIA PEREZ
Naples, Florida 34103                   Florida Bar No. 106895
Tel.: 305-299-4759                      GUSTAVO D. LAGE, ESQ.
Email: petersjoan@bellsouth.net         Florida Bar No. 972551
                                        201 Alhambra Circle, Suite 1205
                                        Coral Gables, Florida, 33134
                                        Tel.: (305) 377-1000
                                        Primary E-Mail Addresses:
                                        cgarciaperez@smgqlaw.com;
                                        glage@smgqlaw.com
                                         By:   *s/ Gustavo D. Lage*
                                             GUSTAVO D. LAGE
                                             CARLOS A. GARCIA PEREZ

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on April 20, 2026 a true and correct copy of the foregoing was served on all parties via the CM/ECF filing portal to all counsel of record.


By:  *s/Gustavo D. Lage*
GUSTAVO D. LAGE