# COMPOSITE
# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

JANE DOE,                                          CASE NO: 1:25-cv-20757-JB/Torres

     Plaintiff,

v.

STEVEN K. BONNELL II,

     Defendant.

_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR**
**PROTECTIVE ORDER**

Plaintiff Jane Doe, by and through her undersigned counsel, respectfully submits this Response to Defendant's Motion for Protective Order ("Motion")(ECF No. 163), and in support thereof states as follows:

**I. INTRODUCTION**

Defendant's Motion for Protective Order rests on a *false* narrative that omits key facts demonstrating Plaintiff's good faith and Defendant's obstruction. In reality, Plaintiff diligently sought to coordinate both depositions, offered multiple reasonable in-person dates, and properly noticed Defendant's deposition for November 6, 2025 — a date Defendant's counsel proposed and confirmed. (ECF 163- 3, 7). Defendant refused each of the multiple offered dates for Plaintiff's deposition despite counsel's availability, unilaterally and improperly noticed her deposition for a date he knew she could not attend, and then refused to appear for his own properly noticed deposition unless Plaintiff capitulated. (See Exhibit A to Decl. J. Peters, **Exhibit 1** hereto; see also ECF 163-5, 9, 14, 19).

1

Contrary to Defendant's self-serving assertions, he made NO effort to accommodate Plaintiff's or her counsel's schedules or minimize her costs or burden (see Mot., p.2). Plaintiff informed Defendant that she was not available in Miami on the unilaterally noticed November 3rd date due to her class schedule at her school in Illinois, and because it would necessitate missing three full days of classes due to travel time. (ECF 163-9). Since Plaintiff was planning on being in Miami for her school's Thanksgiving break, she offered the dates of November 21, 24 or 25, in order to avoid the unnecessary burden of missing her classes and the expense of travelling to Miami twice. But Defendant expressly disregarded the inconvenience and effect on Plaintiff. (ECF 163-10). Instead, the Defendant's only concern, and the *only* reason for this discovery dispute, is that one of Defendant's five attorneys, out-of-state counsel Mr. Brettler, suddenly, and disingenuously, claimed *he* would be burdened by having to travel to Miami twice. (Id.).

Moreover, and contrary to Defendant's assertion, Plaintiff's counsel never represented that they are available to depose Defendant on November 24 or 25, nor are they available since Plaintiff's lead counsel Ms. Peters has prior commitments outside of Florida, and co-counsel Mr. Garcia cannot take the deposition due to health constraints.

Defendant has not and cannot show good cause for his scheduling shenanigans – unilaterally scheduling Plaintiff's deposition for an unavailable date and then refusing to appear at his own agreed to deposition, and now insisting that the depositions be held consecutively. The record demonstrates that Defendant's purported burden is disingenuous, and even assuming it is not, no authority supports prioritizing the convenience of out-of-state counsel over that of Miami-based parties and local counsel in a Miami forum. Defendant's conduct constitutes discovery abuse, not cooperation. The Court should deny Defendant's Motion.

## II. RELEVANT FACTS

2

### 1. Defendant's Deposition Date was Agreed to and Noticed.

On September 17 and 19, 2025, Plaintiff's counsel requested Defendant's available dates for deposition. [ECF 163-2, 163-3]. Defendant's counsel responded on September 22nd that Defendant was available the first week of November [ECF 163-3], and on September 26th confirmed November 6, 2025 for his deposition. [ECF 163-5]. Plaintiff served a formal Notice of Deposition for that date [ECF 163-3], which Defendant's counsel acknowledged, stating: "*We will calendar Mr. Bonnell's deposition on November 6.*"[1] [ECF 163-7]. <u>Thus, by September 29, Defendant's deposition date had been mutually agreed, noticed and calendared</u>. It was not until one month later, on October 30, that Defendant's counsel first indicated that Defendant would not appear, and improperly conditioned his appearance on Plaintiff's appearance. [ECF 163-19].

### 2. Plaintiff's Good Faith Efforts to Schedule Her Own Deposition.

After Defendant's deposition was confirmed, his counsel requested dates for Plaintiff's deposition in Miami in October. (ECF 163-5). Plaintiff's counsel informed Defendant that because she was attending school in Illinois, and based on her class schedule, she was not available in Miami in October, and instead offered the date of November 21 in Miami. (ECF 163-6). Defendant's counsel Mr. Brettler stated he was unavailable on November 21st, and again insisted on dates in October. (ECF 163-7). Plaintiff, based on her class schedule and requirements governing class attendance, then offered the remote deposition dates of October 24, November 7, or 14, as well as additional in-person dates in Miami on November 24 or 25. (See, e.g., Declaration C. Garcia Perez, **Exhibit 2** hereto; ECF 163-8, 9; Declaration Jane Doe, **Exhibit 3** hereto). On October 1, Mr. Brettler rejected all of these dates, again insisting on October dates in Miami. (Decl. J. Peters, Exh. 1 hereto, and exhibit A thereto; see also ECF 163-9).

---

[1] As part of Defendant's false narrative, the Motion attempts to mislead the Court by asserting that Defendant's counsel only "agreed to *hold*" the date. (Mot. at p. 3, emphasis in original).

Plaintiff's counsel Mr. Garcia responded that Mr. Brettler was apparently available on November 24 or 25, and explained that Plaintiff was not available in Miami other than November 21, 24 or 25 due to currently residing in Illinois, and because any other in-person dates would necessitate missing three full days of classes (two days of travel). (ECF 163-9). Since Plaintiff was planning on being in Miami for her school's Thanksgiving break, she offered the dates of November 21, 24 or 25, if Defendant did not wish to take her deposition remotely in Illinois, and in order to avoid missing her classes and the expense of travelling twice to Miami. Mr. Brettler expressly dismissed Plaintiff's unavailability and inconvenience. (ECF 163-10).

### 3. Plaintiff Was Not Available to Be Deposed in Miami on November 3rd

Plaintiff was not available to be deposed in Miami on November 3 because she had a full day of classes scheduled. (Decl. Jane Doe, Exh. 3). Furthermore, due to the location of her school, it requires a full day of travel to get to Miami and another full day of travel to return to Illinois. (Id.). For this reason, and based on her class schedule and requirements, she was not available or able to appear for her deposition in Miami on November 3rd since it would have necessitated missing *three* full days of classes. (Id.). Additionally, travelling to Miami and back from her school is very expensive, with round-trip flights averaging $900.00. (Id.). In order to avoid missing three days of classes and jeopardizing her academic standing, and to reduce the cost burden, Plaintiff offered the dates of November 21, 24 or 25 since she would be in Miami on those dates, or alternatively three remote deposition dates. (Id.)

### 4. Defendant's Claimed "Burden and Expense" is Disingenuous

Defendant's narrative that he must take Plaintiff's deposition during the same week as Defendant's deposition to "avoid unnecessary burden and expense" (Mot. p. 2) is contradicted by the record. On September 26th, 29th, 30th and October 1st, *after* Defendant's deposition had been

4

calendared for November 6th, Defendant's counsel repeatedly insisted that Plaintiff provide dates for her deposition in *October*, showing no concern then about his "unnecessary burden and expense." (See ECF 163-5, 163-7, 163-9; see also Decl. J. Peters, Exh. 1, and Exh. A thereto). He also showed *no* concern for Plaintiff's unnecessary burden and expense in having to miss classes and travel to Miami to be deposed in October or on November 3rd in Miami. (See ECF 163-10).

Then on October 2nd, out-of-state counsel Mr. Brettler suddenly expressed a new-found concern with *his* own burden of having to travel twice to Miami, and for the *first* time insisted that Plaintiff's deposition be taken during the same week as Defendant's. (ECF 163-9). But if cost-saving were genuine, Defendant could have deposed Plaintiff in Illinois on the proffered date of October 24, immediately following the October 23 deposition of a non-party witness in Illinois - attended by *two* of Defendant's California attorneys. (Decl. J. Peters, Exh. 1).

Moreover, Mr. Brettler had to be in Miami for another matter on November 4th (ECF 163-3), which is why he offered and agreed to November 6th for Defendant's deposition. Rescheduling Defendant's deposition so that both depositions be taken the week of Thanksgiving would not actually minimize *any* burden or inconvenience since Mr. Brettler still had to be in Miami the first week of November, and thus would still be travelling twice to Miami. Thus, Defendant's claim of "unnecessary burden" is plainly disingenuous. (Mot. p. 2).

**5. Defendant's Unilateral Scheduling was Not in Good Faith.**

Ignoring Plaintiff's stated unavailability and burden, on October 3rd, Mr. Brettler insisted that Plaintiff appear for her deposition in Miami on November 3rd. (ECF 163-11). This date was convenient for Mr. Brettler because he had to be in Miami for another matter on November 4th. (ECF 163-3). Alternatively, Mr. Brettler demanded that both depositions be taken consecutively

on November 24 and 25, and Defendant's deposition be rescheduled for either date, presumably so that Mr. Brettler would not have to travel to Miami twice in one month. (ECF 163-11).

Faced with Mr. Brettler's new demands, Plaintiff's counsel once again explained that Plaintiff was not available on November 3rd, and that Defendant's deposition had already been confirmed for November 6th and would not agree to rescheduling it. (ECF 163-10, 12). During the October 7th meet and confer, Plaintiff's counsel explained that the dates of November 24 or 25 had only been offered for Plaintiff's deposition, and not for Defendant's deposition, because Plaintiff's counsel were not both available in Miami on those dates, and thus they could not agree to changing Defendant's agreed deposition date.

After counsel were unable to reach an agreement, Mr. Brettler noticed Plaintiff's deposition for November 3rd, a date he knew she could not attend. (ECF 163-14). Plaintiff immediately advised she would not appear for a deposition set on a date long known to be impossible. (ECF 163-15). See also, Decl. Jane Doe, Exh. 3. By refusing to calendar Plaintiff's deposition for the 24th or 25th, Defendant's counsel disregarded the unnecessary burden on Plaintiff of having to miss three days of classes and incur the expense of travelling twice to Miami, and only considered his *own* convenience.

### 6. Defendant Threatened Retaliation and Refused to Appear.

On the eve of Defendant's November 6th deposition, Defendant's counsel announced that Defendant "will not appear for his deposition" on November 6 unless Plaintiff appeared on November 3rd — effectively holding his own testimony hostage to coerce compliance with his unjustified demands. (ECF 163-19).

### 7. Plaintiff's Counsel Are Not Available, And Never Represented that They Are Available, On November 24 or 25 to Depose Defendant

Defendant falsely asserts that Plaintiff and her counsel represented that they are available for Defendant's deposition on November 24 or 25. (Mot. pp. 2, 5). In fact, Plaintiff's counsel advised during the October 7 meet-and-confer, and again by October 10 email, that they could not depose Defendant on either date because Plaintiff's counsel were not both available in Miami on those dates, and thus they could not agree to changing Defendant's agreed deposition date. (ECF 163-16).[2] Ms. Peters has prior commitments outside of Florida, and co-counsel Mr. Garcia—recovering from medical procedures limiting his speech—cannot conduct Defendant's deposition, though he can attend to defend Plaintiff's with Ms. Peter's remote assistance. (See Decl. J. Peters, Exh. 1; Decl. C. Garcia Perez, Exh. 2). For these reasons, and in good faith, Plaintiff's counsel offered those dates only for Plaintiff's deposition, not for Defendant's deposition. Plaintiff's counsel cannot be compelled to take Defendant's deposition remotely particularly when an agreed in-person date already existed. Mr. Garcia disclosed his medical constraints to the Court and counsel during the April 4, 2025 status conference (see Tr., ECF 38), and again during the meet-and-confer, yet Defendant's counsel remained unyielding, and instead proceeded to unilaterally notice Plaintiff's deposition for a date she was unavailable and engage in meritless motion practice.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 26(c) governs and provides that a court "for good cause shown ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Fed.R.Civ.P. 26(c). The moving party carries the burden of showing good cause for the entry of a protective order. *In re Deutsche Bank Trust Co.*, 605 F.3d 1373, 1378 (Fed. Cir. 2010). Good cause requires a specific demonstration of

---

[2] Mr. Brettler references Ms. Peters' email of September 30, 2025 (ECF 163-8), but in that email Ms. Peters only offered the dates of November 24 or 25 for Plaintiff's deposition—*not* for Defendant's deposition- precisely because she and Mr. Garcia were not both available on those days.

facts to support the motion; conclusory statements about need and harm are not sufficient. *Baratta v. Homeland Housewares, LLC*, 242 F.R.D. 641, 642 (S.D. Fla. 2007).

Although good cause is the standard under Rule 26(c), courts in the Eleventh Circuit "have superimposed a somewhat more demanding balancing of interests approach to the Rule." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). This requires the court to balance the parties' interests when deciding whether the discovery should be permitted.

## IV. ARGUMENT

### A. Defendant's Motion for Protective Order Should Be Denied

The Federal Rules and Local Rules[3] require cooperation and mutual accommodation in discovery scheduling. Defendant's conduct — unilaterally noticing an unavailable witness despite reasonable alternatives and conditioning his own compliance on her attendance solely to accommodate his out-of-state counsel— violates both Rule 26 and the spirit of the rules of professional conduct.

Courts consistently reject such sharp tactics. In *Chavez v. Arancedo*, No. 17-20003-Civ-Torres, 2017 U.S. Dist. LEXIS 110044 (S.D. Fla. July 14, 2017), Magistrate Judge Torres squarely rejected this same behavior, finding that "there was absolutely no justification for unilaterally setting [Plaintiff's] deposition on a date that [Plaintiff] was obviously unavailable to appear." Id. at * 14. Magistrate Judge Torres admonished counsel, noting this "'wastes the parties' time and money, as well as scarce judicial resources.'" *Id*. at *10, citing *Karakis v. Foreva Jens Inc.*, No. 08-61470-CIV, 2009 U.S. Dist. LEXIS 6356, at *22-23 (S.D. Fla. Jan. 19, 2009)("The unilateral setting of depositions (especially coupled with an unwillingness by counsel to reschedule the

---

[3] Local Rules of this Court set forth that "[d]iscovery in this District is normally practiced with a spirit of cooperation and civility [and that a] lawyer shall normally attempt to accommodate the calendars of opposing lawyers in scheduling discovery." See Appendix A, Discovery in General of Southern District of Florida's Discovery Practices Handbook.

8

deposition date) leads to the filing of unnecessary motions…"). *See also Iguana, LLC v. Lanham*, No. 7:08-CV-9 (CDL), 2011 U.S. Dist. LEXIS 125321, at *9-10 (M.D. Ga. Oct. 28, 2011)(denial of motion where counsel unilaterally noticed deposition despite deponent's unavailability, refused to consider reasonable alternative dates and instead travelled to the deposition, finding that "counsel had no one but himself to blame.").

### B. Defendant has Not Demonstrated Good Cause

Rule 26(c) requires a specific showing of good cause, not conclusory claims of inconvenience. Defendant offers and has none. He confirmed availability for November 24 and 25, yet unilaterally noticed Plaintiff for November 3—knowing she was unavailable. His claim of "undue burden or expense" is unsupported and contradicted by his own travel plans and prior scheduling requests for October (see Facts, *ante*). Moreover, out-of-state counsel's desire to have the parties' depositions scheduled consecutively does not constitute good cause, particularly when it conflicts with the schedules of Plaintiff and her counsel.

Defendant has not cited any authority, and there is none, giving out-of-state counsel's convenience priority over local parties and counsel. Courts have routinely rejected that argument. In *Pain Ctr. of Se. Ind. v. Origin Healthcare Sols.*, No. 1:13-cv-133-RLY-DKL, 2014 U.S. Dist. LEXIS 203285, *17-18 (S.D. Ind. Oct. 31, 2014), the court denied a motion to cluster depositions for an out-of-state attorney's convenience, holding that travel burdens are foreseeable when counsel chooses to litigate in another district. The same reasoning applies here. There was no good cause to unilaterally schedule Plaintiff's deposition for November 3,[rd] no good cause to insist that Defendant's agreed to and noticed deposition be rescheduled, and no good cause to insist that the depositions occur on consecutive days.

### C. Defendant is Not Entitled to Sanctions

9

Defendant seeks sanctions claiming Plaintiff failed to coordinate depositions or appear—but the record shows the opposite. Plaintiff _repeatedly_ proposed reasonable dates; Defendant refused to cooperate and sent an invalid notice. Courts deny sanctions in these circumstances as a matter of course. _Chavez_, 2017 U.S. Dist. LEXIS 110044 at *14–15 ("_Plaintiff was substantially justified in not appearing for a deposition unilaterally set on an unavailable date._")(emphasis supplied).

Moreover, Plaintiff's decision not to move for a protective order was made in good-faith reliance on precedent. In _Iguana, LLC v. Lanham_, No. 7:08-CV-9 (CDL), 2011 U.S. Dist. LEXIS 125321, at *9–10 (M.D. Ga. Oct. 28, 2011_)_, the court declined to impose sanctions where the deponent neither appeared nor sought a protective order for a deposition unilaterally scheduled by opposing counsel. The court reasoned that the dispute "could have been easily resolved" through cooperation and that the noticing party "had no one but himself to blame" for proceeding despite clear indications the deposition would not occur. Relying on _Iguana_, Plaintiff reasonably believed that formal motion practice was unnecessary once she had clearly and repeatedly advised Defendant of her unavailability for the unilaterally noticed date. Her written notice satisfied Rule 26(c)'s good-faith requirement, and her nonappearance was substantially justified.[4]

Defendant's claimed travel costs are unrecoverable. He traveled to Miami for another matter, not the cancelled deposition (ECF 163-3), and courts routinely deny reimbursement for travel by out-of-state counsel for an in-forum deposition. _See, e.g., Inspirations Nev. LLC v. Med Pro Billing, Inc._, 2020 U.S. Dist. LEXIS 209718, *7 (S.D. Fla. Nov. 10, 2020); _Country Inns & Suites v. Interstate Props._, 2009 U.S. Dist. LEXIS 137354, *6-7 (M.D. Fla. Feb. 5, 2009).

---

[4] Moreover, although Defendant was aware on October 8 that Plaintiff would not appear for her unilaterally noticed deposition, and that he would improperly condition his appearance on her appearance, he delayed discovery and waited until November 4th to file his motion.

Defendant also "accumulated unnecessary costs for a court reporter" despite knowing that Plaintiff would not appear, and thus this cost is unrecoverable. *Chavez,* 2017 U.S. Dist. LEXIS 110044, *11. The fees for preparing the Motion are likewise unrecoverable since Defendant could easily have avoided these costs by proceeding with Defendant's confirmed deposition on November 6 and taking Plaintiff's deposition on November 24 or 25. This Court has specifically denied sanctions where, as here, "[t]here was no confusion" that Plaintiff was unavailable, but nonetheless, Defendant scheduled the deposition "and incurred unnecessary costs and fees." *Chavez,* 2017 U.S. Dist. LEXIS 110044, *14. *See also Karakis*, 2009 U.S. Dist. LEXIS 6356, *19-20.

In short, Plaintiff acted with good faith and substantial justification; Defendant manufactured the conflict and should not profit from his own non-cooperation.

## V.    Proposed Scheduling

Defendant's unjustified insistence on scheduling the parties' depositions on consecutive days, despite the burden on, and unavailability of the Plaintiff or Plaintiff's counsel, has disrupted the progress of discovery. The deadline for discovery in this matter is December 16th. In addition to the Plaintiff's and Defendant's depositions, Defendant recently requested dates for the depositions of i) Plaintiff's expert witness; ii) a non-party witness who resides in Texas; and has notified a subpoena for another non-party witness deposition on December 8 in Washington, D.C. Moreover, Defendant has until November 17 to announce a rebuttal expert, and if he does, Plaintiff will be seeking to depose that expert. The expert witness depositions should take place after the lay witness depositions have concluded. Additionally, the mediation deadline is December 23, and a mediation date has not yet been set by the parties. Finally, Plaintiff's counsel Ms. Peters is travelling outside of Florida from November 21st until the 30th. (See Decl. J. Peters, Exh. 1). In a

11

good faith effort to coordinate the remaining depositions without extending the December 16 deadline, Plaintiff proposes the following:

1. November 24 or 25 for Plaintiff's deposition in Miami (Ms. Peters will appear remotely);

2. December 3 for deposition of non-party witness deposition who resides in Texas requested by Defendant (the non-party witness is not represented by Plaintiff's counsel and Defendant has not served her with a subpoena; this is just a suggested date);

3. December 8 for non-party witness deposition in Washington, DC subpoenaed by Defendant;

4. December 10, or 11 for Defendant's deposition in Miami;

5. December 16 for Plaintiff's expert's deposition in Miami;

6. December 17 or 19 for Mediation (dependent on mediator's availability).

## VI. <u>CONCLUSION</u>

Defendant's Motion is a transparent attempt to shift blame for his own discovery misconduct. The record shows that Plaintiff acted with professionalism, flexibility, and good faith, while Defendant engaged in gamesmanship—unilaterally setting an unavailable deposition date, and refusing to appear for his own - solely to accommodate his out-of-state counsel. The Court should deny Defendant's Motion for Protective Order, deny his request for sanctions, and order the parties to schedule all remaining depositions on dates that are available and convenient for all parties and their counsel.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion for Protective Order and his request for sanctions.

Dated: November 12, 2025.

Respectfully submitted,

**JSP LAW, LLC**
Joan Schlump Peters
(admitted *pro hac vice)*
838 Neapolitan Way, #91
Naples, FL 34103
Tel. 305-299-4759
Email: petersjoan@bellsouth.net
Counsel for Plaintiff JANE DOE

**SANCHEZ-MEDINA GONZALEZ
LAGE GOMEZ & MACHADO, LLP**
CARLOS A. GARCIA PEREZ / Fla Bar 106895
GUSTAVO D. LAGE / Fla Bar 972551
201 Alhambra Circle, Suite 1205
Coral Gables, Florida, 33134
Tel. (305) 377-1000
Primary E-Mail: cgarciaperez@smgqlaw.com
Primary E-Mail: glage@smgqlaw.com
Counsels for Plaintiff JANE DOE

By:_____
CARLOS A. GARCIA PEREZ

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this same day a true and correct copy of the foregoing was

served on all parties via the CM/ECF filing portal to all counsel of record.

By: _____
CARLOS A. GARCIA PEREZ
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(MIAMI DIVISION)

JANE DOE,

                                              CASE NO: 1:25-cv-20757-JB/Torres

Plaintiff,

v.

STEVEN K. BONNELL II,

Defendant.

_____/

<u>**DECLARATION OF JOAN S. PETERS**</u>

I, Joan S. Peters, declare as follows:

1.      I am an attorney admitted to practice *pro hac vice* in the above captioned matter. I have personal knowledge of the matters contained herein and if called upon to testify could offer competent testimony thereto.

2.      I am submitting this Declaration in support of Plaintiff's Response to Defendant's Motion for Protective Order, filed concurrently herewith.

3.      I have made good faith efforts to accommodate the schedules and convenience of all counsel and the parties in scheduling depositions in this matter.

4.      After Defendant's deposition was confirmed for November 6, 2025, Mr. Brettler repeatedly requested dates in October for Plaintiff's deposition.  (See Ecf 163- 5, 163-7, 163-9). On September 30, I emailed Mr. Brettler and offered the dates of October 24, November 7 or 14 (remote or Illinois), and November 21, 24 or 25 (Miami).

5.      On September 30, Mr. Brettler rejected all offered dates: "We asked for dates in October for an in-person deposition in Miami. Please provide Plaintiff's availability to sit for

1

deposition, in person, in Miami, Fla., in October, or we will unilaterally notice her deposition for a date and time that works for Mr. Bonnell and his counsel. It cannot be that your client is not available for an in-person deposition any days in October and her only availability in November is the week of Thanksgiving. If that is the case, she will need to make other arrangements in order to comply with her discovery obligations in the lawsuit that she filed." Attached hereto as **Exhibit A** is a true and correct copy of the email I received from Mr. Brettler.

6. After my September 30th email offering the date of October 24 for Plaintiff's deposition in Illinois, the deposition of a non-party witness was scheduled for October 23rd in Illinois. Two of Defendant's California based counsel attended the deposition in Illinois.

7. During counsel's meet and confer on October 7, I told Mr. Brettler that Carlos and I were not both available in Miami on November 24 or 25 and for this reason we were only offering those dates for Plaintiff's deposition. I also communicated this to Mr. Brettler via email on October 10: "Carlos and I are not both available on the 24 and 25th and thus we cannot agree to moving Defendant's deposition to one of those days." (ECF 163-16).

8. I will be travelling outside of Miami on November 21 through November 30 for personal matters, including attending a family wedding in Atlanta and spending the Thanksgiving holidays with family in Massachusetts. I committed to these plans over four months ago, prior to any requests for the scheduling of depositions in this matter.

9. When I offered the dates of November 21, 24 and 25 for Plaintiff's deposition in Miami, it was with the understanding that Mr. Garcia would defend the deposition in person, and I would assist remotely. I never offered those dates for the deposition of Defendant because I knew I would not be in Miami. For this reason I planned to take the Defendant's deposition in Miami on November 6.

2

10. The dates proposed in Plaintiff's Response to the Motion for Protective Order for the depositions of Plaintiff and Defendant, two non-party witnesses and Plaintiff's expert reflect my continued intent to cooperate and advance discovery consistent with Rule 26 and the Court's scheduling order.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that, to the best of my knowledge and understanding, the foregoing is true and correct.

Executed in Miami, Florida, this 12th day of November, 2025.

*s/ Joan Schlump Peters*

Joan S. Peters

# EXHIBIT A

Andrew Brettler

To: me, Cc: Carlos, and 9 others · Tue, Sep 30 at 4:56 PM

Dear Joan:

We asked for dates in October for an in-person deposition in Miami. <mark>Please provide Plaintiff's availability to sit for deposition, in person, in Miami, Fla., in October, or we will unilaterally notice her deposition for a date and time that works for Mr. Bonnell and his counsel.</mark>
It cannot be that your client is not available for an in-person deposition any days in October and her only availability in November is the week of Thanksgiving. If that is the case, she will need to make other arrangements in order to comply with her discovery obligations in the lawsuit that she filed.

All rights reserved.

Sincerely,
**Andrew B. Brettler** | BERK BRETTLER LLP
9119 W. Sunset Blvd. | West Hollywood, CA 90069
O: +1.310.278.2111 | M: +1.917.620.2726

4

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

**JANE DOE**,

        Plaintiff,

v.

**STEVEN K. BONNELL II**,

        Defendant.

_____/

CASE NO: 1:25-cv-20757-JB/Torres

## DECLARATION OF CARLOS A. GARCIA PEREZ

I, Carlos A. Garcia Perez, declare:

1. I have personal knowledge of the following facts and, if called to testify, I could and would competently testify thereto based on my personal knowledge.

2. I am a partner at Sanchez-Medina, Gonzalez, Quesada, Lage, Gomez & Machado, LLP, counsel of record for Plaintiff, Jane Doe, in the above-captioned matter.

3. I submit this Declaration in support of Plaintiff's Response to Defendant's Motion for Protective Order, filed concurrently herewith.

4. I have made good faith efforts to accommodate the schedules and convenience of all counsel and the parties in scheduling depositions in this matter.

5. Between September 22 and September 30, I spoke with my client Jane Doe numerous times regarding her available dates to be deposed in this matter. She informed me that based on her current class schedule at her school in Illinois she could only be available for an all-day deposition remotely on October 24, November 7 or 14. She also told me that based on her class schedule, she could travel to Miami and be available for her deposition on November 21, 24 or 25.

1

6. My client told me she could not appear for a deposition in Miami in October or the first week of November, because she had a full class schedule. She explained that attending a deposition in Miami would necessitate missing three full days of classes, since it would take a full day of travel each way. In addition to the time and the disruptive impact on her studies, it would be burdensome due to the high expense of travelling to Miami and back for a deposition. Since she was already planning on travelling to Miami for the Thanksgiving holiday, scheduling her deposition on November 21, 24 or 25 would not conflict with her class schedule and would significantly reduce her burden and expense.

7. I communicated Plaintiff's availability to appear in Miami on November 21, 24 or 25, and her unavailability and the unnecessary burden it would impose on her to appear in Miami in October or first week of November, via emails to Mr. Brettler on October 2nd and 3rd (ECF 163-9, 10), and again during our October 7th meet and confer.

8. After Defendant unilaterally noticed Plaintiff's deposition for November 3rd despite her stated unavailability, we again repeatedly informed him that she was not available on that date due to her class schedule and the undue burden it would impose on her to miss three days of classes and have to travel to Miami twice. (ECF 163-15, 16, 17, 18).

9. November 3rd was also not a viable option because I had to travel to Rochester, Minnesota. that day for a medical appointment at the Mayo Clinic at 8 am on November 4th.

10. I have health issues which have necessitated recent medical procedures. On October 7th, during the meet and confer with Defendant's counsel, I generally raised my health issues and constraints. The recent procedures have affected my ability to speak for extended periods, and for this reason I am not personally able to conduct the Defendant's deposition. I can, however, attend and defend Plaintiff's deposition, with the remote assistance of my co-counsel, Ms. Peters.

2

11. Based on my voice limitations and Plaintiff's schedule, and despite Ms. Peter's in-person unavailability, we in good faith offered the dates of November 21, 24 or 25 for Plaintiff's deposition in Miami.

12. The dates proposed in Plaintiff's Response to the Motion for Protective Order for the depositions of Plaintiff and Defendant, two non-party witnesses and Plaintiff's expert reflect my continued intent to cooperate and advance discovery consistent with Rule 26 and the Court's scheduling order.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that, to the best of my knowledge and understanding, the foregoing is true and correct.

Executed in Miami, Florida on November 12, 2025.

*s/Carlos A. Garcia Perez*

Carlos A. Garcia Perez

3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
(MIAMI DIVISION)

**JANE DOE,**

CASE NO: 1:25-cv-20757-JB/Torres

Plaintiff,

v.

**STEVEN K. BONNELL II,**

Defendant.

_____/

## UNSWORN STATEMENT UNDER PENALTY OF PERJURY OF PLAINTIFF JANE DOE PURSUANT TO 28 U.S.C. § 1746

I, Jane Doe, declare as follows:

1. I am over 18 years of age, and competent to provide testimony under oath.

2. I have personal knowledge of the matters herein and, if called to testify at the trial of this matter, I could competently testify as to the facts contained in this affidavit.

3. I am currently pursuing a degree in an out of state school. My school is approximately a 2 ½ to 3 hour driving distance from the closest airport.

4. Between September 22 and September 30, I spoke with my attorney, Carlos A. Garcia Perez, numerous times regarding my available dates to be deposed in this matter. I informed him that based on my current class schedule at my school, and in order not to miss classes, I could only be available for an all-day deposition remotely on October 24, November 7 or 14. I also told him that based on my class schedule, and in order not to miss classes, I could travel to Miami and be available for my deposition in-person on November 21, 24 or 25.

5. I provided these dates in good faith and in an attempt to facilitate the scheduling of my deposition, without undue burden and without jeopardizing my class standing. My

JANE DOE v STEVEN BONNELL
CASE NO: CASE NO: 1:25-cv-20757 JB
Page 2

school's handbook states that failure to attend classes may result in being dropped from the course, a grade reduction or failure.

6.     I told my counsel that I could not be available for a deposition in Miami on November 3, because I had a full day of classes scheduled.  Furthermore, due to the location of my school, it requires a full day of travel to get to Miami and another full day of travel to return to school.  For this reason, and based on my class schedule, I was not available or able to appear for my deposition in Miami on November 3rd since it would have necessitated missing three full days of classes. Additionally, round-trip flights to Miami average $900.00.

7.     Based on my class schedule, I planned to be in Miami for a week over the Thanksgiving break. Thus to reduce the burden of costs and the burden of disrupting my studies and class attendance, I provided the date of November 21 for my deposition in Miami. When I was told by Mr. Garcia that Defendant's counsel was not available on that day, I then provided the additional dates of November 24, or 25.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that, to the best of my knowledge and understanding, the foregoing is true and correct.

Executed in Miami, Florida, this 12th day of November, 2025.

*Jane Doe*
_____
Jane Doe