**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 1:25-cv-20757-JB/Torres**

JANE DOE,

      Plaintiff,

v.

STEVEN K. BONNELL II,

      Defendant.

_____/

## DEFENDANT STEVEN K. BONNELL II'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Pursuant to the Court's Paperless Order, dated April 21, 2026 [ECF No. 240], Defendant Steven K. Bonnell II respectfully submits this Supplemental Memorandum and the concurrently filed Supplemental Declaration of Andrew B. Brettler as an amendment to his pending Motion for Summary Judgment [ECF No. 210].

On April 27, 2026, Bonnell took Plaintiff's deposition. (Suppl. Brettler Decl., dated May 1, 2026, ¶ 2.) At her deposition, Plaintiff confirmed that she still was not aware of any evidence—that she had not previously submitted to the Court—demonstrating that Bonnell transmitted the Video to any third party after the effective date of the CARDII statute.[1] Plaintiff's admission that she has no new evidence to support her claim of subject matter jurisdiction shows that nothing has changed since the hearing on Plaintiff's Motion for a Preliminary Injunction nearly a year ago. At that hearing, the Court inquired whether Plaintiff had seen any evidence that Bonnell transmitted

---

[1] While Plaintiff's testimony regarding the existence or absence of evidence is plainly not confidential, Plaintiff's counsel nevertheless improperly designated Plaintiff's entire deposition transcript confidential, pursuant to the Protective Order, dated Sept. 2, 2025 [ECF No. 116]. Accordingly, Bonnell will file the Supplemental Brettler Declaration attaching the relevant excerpt from Plaintiff's deposition under seal, pending further order of the Court.

the Video to anyone after October 2022. Plaintiff responded, "I have not." (Brettler Decl., dated Jan. 30, 2026, Ex. M (Prelim. Inj. Hr'g Tr., dated June 3, 2025) [ECF No. 212-13], at 55:7-13.)

Discovery is now closed. [ECF No. 240.] Plaintiff has failed to demonstrate that the Court has subject matter jurisdiction over the case. Bonnell never transmitted the Video to anyone after the effective date of the CARDII statute. Plaintiff has not submitted any evidence to demonstrate otherwise.

Accordingly, Bonnell respectfully requests that the Court grant his Motion for Summary Judgment and dismiss the suit, with prejudice.

Dated: May 1, 2026

Respectfully submitted,

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580
Fax: (305) 374-7593

By: /s/ *Michael S. Morgan*
Michael S. Morgan
Florida Bar No.: 1061173
mmorgan@bilzin.com

and

2

**BERK BRETTLER LLP**
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel: (310) 278-2111

By: /s/ *Andrew B. Brettler*
Andrew Brad Brettler
California Bar No.: 262928
abrettler@berkbrettler.com
Jake A. Camara
California Bar No.: 305780
jcamara@berkbrettler.com
Joel Sichel
California Bar No: 361148
jsichel@berkbrettler.com
(admitted *pro hac vice*)

*Counsel for Steven K. Bonnell II*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 1, 2026, a true and correct copy of the foregoing was served on all parties via electronic transmission to counsel of record for these parties.

By: /s/ *Michael S. Morgan*
Michael S. Morgan

## SERVICE LIST

*Jane Doe v. Steven K. Bonnell II*
*Case No.: 1:25-cv-20757-JB*

Carlos A. Garcia Perez, Esq. Sanchez-Medina, Gonzalez, Quesada, Lage, Gomez & Machado, LLP 201 Alhambra Circle, Suite 1205 Coral Gables, Florida, 33134
Email: cgarciaperez@smgqlaw.com

*Counsel for Jane Doe*

Joan Schlump Peters, Esq.
JSP LAW, LLC
838 Neapolitan Way, #91, Naples, FL 34103
Email: petersjoan@bellsouth.net

3