**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(MIAMI DIVISION)**

JANE DOE,  CASE NO: 1:25-cv-20757-JB/Torres

      Plaintiff,

v.

STEVEN K. BONNELL II,

      Defendant.

_____/

**PLAINTIFF JANE DOE'S RESPONSE TO DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS, AND ADDITIONAL FACTS PRECLUDING SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, Plaintiff Jane Doe submits the following response to Defendant Steven K. Bonnell II's Statement of Undisputed Material Facts (ECF 211)("SUMF"), and additional material facts that preclude summary judgment:

1.      **Undisputed and immaterial.** SUMF ¶ 1 is immaterial to the elements of Plaintiff's CARDII claim as a matter of law. Under 15 U.S.C. § 6851(b)(2)(A), "the fact that the individual consented to the creation of the depiction shall not establish that the person consented to its distribution." Plaintiff's alleged messages preceding the September 12, 2020 recording, even if accepted as true, therefore cannot — as a matter of statutory text — establish consent to Defendant's subsequent third-party disclosure. The facts asserted in SUMF ¶ 1 are also the subject of Plaintiff's pending Motion in Limine (ECF 224), which seeks their exclusion under FRE 412 and 403 as inadmissible sexual-predisposition evidence.

Doe v. Bonnell
1:25-cv-20757-JB/Torres

2. **Undisputed and immaterial.** SUMF ¶ 2 is immaterial to the elements of Plaintiff's CARDII claim as a matter of law because, under 15 U.S.C. § 6851(b)(2)(A), Plaintiff's consent to the creation of the Video "shall not establish that the person consented to its distribution."

3. **Disputed in part, immaterial and misleading.** SUMF ¶ 3 is immaterial to the elements of Plaintiff's CARDII claim as a matter of law. 15 U.S.C. § 6851(b)(2)(B) provides expressly that "the fact that the individual disclosed the intimate visual depiction to someone else shall not establish that the person consented to the further disclosure of the intimate visual depiction by the person alleged to have violated paragraph (1)." Plaintiff's private transmission of the Video to her then-boyfriend therefore cannot — as a matter of statutory text — establish consent to Defendant's subsequent third-party disclosure. The facts asserted in SUMF ¶ 3 are also the subject of Plaintiff's pending Motion in Limine (ECF 224). Without waiver of the foregoing, undisputed that Plaintiff, sent the Video to her then-boyfriend on a single occasion as a private communication between intimate partners. Disputed to the extent SUMF ¶ 3 implies that this private transmission to Plaintiff's then-boyfriend was done without Defendant's prior knowledge or consent – it was not. See Doe Decl. dated May 2, 2025, ECF No. 49-1, ¶ 7.

4. **Undisputed.**

5. **Undisputed and immaterial.** SUMF ¶ 5 is immaterial to Defendant's CARDII liability because Defendant's liability under 15 U.S.C. § 6851(b)(1) arises from his own April 9, 2022 disclosure of the Video to "Rose" — not from the identity of any subsequent downstream distributor. Whether Rose was "catfishing" Defendant on behalf of "Solo," or whether "Solo" later compromised Rose's Discord account to extract files,

Doe v. Bonnell
1:25-cv-20757-JB/Torres

does not bear on whether Defendant himself made a non-consensual disclosure of the Video in the first instance.

6.      **Undisputed in part; disputed in part**. Undisputed that Defendant transmitted the Video to a Discord user with the screen name "Rose" on April 9, 2022. See Peña Expert Report dated Oct. 16, 2025, Conclusion 1, Exh. B to Peters Decl[1]. Disputed to the extent SUMF ¶ 6 implies that this April 9, 2022 transmission was Defendant's only act of disclosure of the Video, that it forecloses CARDII liability, or that the broader chronology of Defendant's disclosures of the Video can be definitively established from Defendant's Discord production. The production on which Defendant relies (Bonnell Decl. Exs. A–C) is forensically deficient, unreliable and inadmissible. Defendant did not generate cryptographic hash values at the time of preservation. See Peña Decl., ECF 139-1, ¶ 16; Peña Report dated Oct. 16, 2025, Conclusion 10. Without those hash values, there is no method by which Defendant's Discord production can be authenticated or its integrity verified. Id. Further, the April 9, 2022 transmission date is not dispositive of CARDII liability because the Video remained continuously accessible on Discord's CDN servers (and indexable by search engines) until Discord implemented "authentication enforcement" in December 2023, and remained accessible to Rose's Discord account until Defendant deleted it in November 2024. See Peña Decl., ECF 139-1, ¶¶ 9–15; Peña Expert Report dated Oct. 16, 2025, Conclusions 3–8.

7.      **Undisputed; disputed in part.** Undisputed that, on or about November 29, 2024, an individual using the screenname "SoloTinyLeaks" published portions of Defendant's Discord communications, including the Video, on the website KiwiFarms. Disputed to the extent SUMF ¶ 7 implies that this November 2024 publication was the only post-CARDII transmission or

_____

[1] All references to "Peters Decl." that are not accompanied by an ECF number refer to the Declaration of J. Peters dated May 8, 2026, filed separately on this same date in support of Plaintiff's Opposition to Motion for Summary Judgment.

3

Doe v. Bonnell
1:25-cv-20757-JB/Torres

accessibility of the Video. As set forth in Plaintiff's response to SUMF ¶ 6, the Video remained continuously accessible on Discord's CDN servers from April 2022 through December 2023 (Peña Decl., ECF 139-1, ¶¶ 9–15), and Defendant separately transmitted the Video to Abbymc on November 3, 2023. *See* Plaintiff's response to SUMF ¶¶ 15–18 below; Abbymc Decl. [ECF No. 49-2] ¶¶ 6–7; Abbymc Decl., dated April 30, 2026, ¶¶ 6–7, Ex. A to Peters Decl.; Nov. 3, 2023 text message [ECF No. 86-1].

8. **Disputed.** The assertion that Plaintiff's counsel "represented Abbymc" in this matter, but "refused" to accept a subpoena on her behalf, is materially false. Plaintiff's counsel does not, and never did, represent Abbymc with respect to this action. Abbymc has confirmed in her recent sworn statement: "*The attorneys representing Pxie in this action have never represented me in this action, but only in a separate, unrelated matter.*" Abbymc Decl., dated April 30, 2026, ¶ 10, Exh. A Peters Decl. Plaintiff's counsel expressly advised Defendant's counsel that they were not authorized to accept service on Abbymc's behalf and that they did not represent Abbymc as a non-party witness. *See* Decl. of J. Peters, ECF 231-1, ¶ 8. The Federal Rules do not require counsel to accept service for non-parties.

9. **Disputed.** SUMF ¶ 9 is supported only by counsel's declaration; Defendant has not submitted any process-server affidavit, list of addresses attempted, dates of attempted service, or other documentation reflecting the actual service attempts. To the extent SUMF ¶ 9 asserts that "numerous" or "multiple" specific attempts were made at "publicly available addresses," that assertion is not supported by record evidence sufficient to establish it as undisputed. *See* L.R. 56.1(b)(1)(B). Disputed in any event to the extent SUMF ¶ 9 implies that Plaintiff or Plaintiff's counsel was responsible for any unsuccessful service attempts or provided knowingly inaccurate addresses. As Abbymc has confirmed

Doe v. Bonnell
1:25-cv-20757-JB/Torres

under penalty of perjury, she "was homeless during most of the last few months of 2025 and moving from place to place." Abbymc Decl., dated April 30, 2026, ¶ 10, Exh. A to Peters Decl. Plaintiff's counsel provided contact information as it became available, which is all that Rule 26(a)(1)(A)(i) requires. *See* Peters Decl. (ECF 231-1).

10.     **Disputed.** Disputed that Abbymc evaded service of process or that Plaintiff's counsel ever advised Abbymc to evade service of process. Abbymc has expressly attested under penalty of perjury that she "was homeless during most of the last months of 2025 and moving from place to place." Abbymc Decl., dated April 30, 2026, ¶ 10, Exh. A to Peters Decl. She also attested that, "*[t]he attorneys representing Pxie informed me in a phone call that Defendant Bonnell was seeking to serve me with a subpoena, but they never advised me to evade service of process.*" Id. Defendant's reliance on excerpts of an unauthenticated livestream commentary by Abbymc to prove the truth of the matter asserted is improper hearsay (Fed. R. Evid. 801, 802) and, in any event, is contradicted by Abbymc's sworn statement.

11.     **Disputed.** Plaintiff's counsel did not "refuse[] to provide contact information" for Abbymc; counsel provided Abbymc's contact information as it became available. Abbymc was homeless during most of the relevant timeframe, which is confirmed in her sworn April 30, 2026 Statement (¶ 10) and which explains why a residential address could not be provided sooner. Moreover, the documents produced by Defendant evidence his direct communications with Abbymc commencing in early May 2023 and continuing as recently as May 2025. *See* Decl. J. Peters, ECF 231-1, ¶ 7.  Plaintiff's counsel provided Abbymc's address as it became known. Id., ¶¶ 9-11. The Federal Rules require disclosure of contact information "*if known*" — Fed. R. Civ. P. 26(a)(1)(A)(i) — and do not require Plaintiff to manufacture an address she does not have.

Doe v. Bonnell
1:25-cv-20757-JB/Torres

12. **Undisputed in part; disputed in part as materially incomplete.** Undisputed that, on November 17, 2025, Plaintiff's counsel provided Defendant with an updated street address for Abbymc. Disputed to the extent it implies that Plaintiff's counsel did not provide addresses for Abbymc prior to November 17, 2025. Plaintiff's counsel provided Abbymc's address, as it was provided to them by Abbymc, on October 2, 2025 and again on November 17, 2025. *See* Decl. J. Peters, ECF 231-1, ¶¶ 9-11.

13. **Undisputed.** Undisputed that Abbymc was served with the subpoena on November 21, 2025 — approximately one month before the close of discovery.

14. **Undisputed in part; disputed in part as materially incomplete.** Undisputed that Abbymc, a non-party not under Plaintiff's control, did not produce documents in response to the subpoena. Disputed as materially incomplete because SUMF ¶ 14 omits the dispositive fact that, when Abbymc did not respond, Defendant *did not* file a motion to compel under FRCP 45(d)(2)(B)(i), *did not* seek contempt under Rule 45(g), and *did not* subpoena Abbymc for a deposition. Defendant additionally opposed Plaintiff's motion to extend the discovery deadline (ECF 196), thereby foreclosing any further opportunity to obtain a subpoena response. The Federal Rules afforded Defendant specific enforcement mechanisms for non-party non-compliance with a subpoena. Defendant elected to use none of them. Having failed to enforce his own subpoena, Defendant cannot now treat Abbymc's non-response as if it were Plaintiff's failure or as a basis to exclude otherwise admissible evidence.

15. **Disputed.** The cited evidence consists of (i) Defendant's self-serving declaration; (ii) forensically unreliable and self-generated materials, that indicate spoliation

Doe v. Bonnell
1:25-cv-20757-JB/Torres

and are inadmissible, *see* Peña Decl., ECF 139-1, ¶¶ 19- 20; Peña Report dated Oct. 16, 2025, Exh. B to Peters Decl.; Peña Am. Decl., ECF 147-1, ¶ 5; and (iii) Plaintiff's June 3, 2025 preliminary-injunction-stage testimony that *she personally* had not seen "a transmission" — given before the close of discovery and before Plaintiff had access to the additional evidence developed in discovery. The record contains substantial evidence creating a genuine dispute as to whether Defendant transmitted the Video to Abbymc, including:

(a) Abbymc's sworn declaration that, on or about November 3, 2023, Defendant "*shared through a Google drive link a sexually explicit video that included himself and another streamer, Pxie (the Plaintiff in this action),*" and that Abbymc personally recognized Plaintiff in the video. Abbymc Decl., ECF No. 49-2, ¶ 6.

(b) Abbymc's corroborating text message at **10:41 a.m. on November 3, 2023** — "*I have videos of him fucking cheiry and pxie like lmfao he just sent me another one haven't opened it*" — predating Defendant's claimed 14:39 (2:39 p.m.) transmission of the Peach Google Drive links by nearly four hours. ECF 86-1.

(c) Abbymc's recently-executed sworn statement reaffirming the same facts under penalty of perjury and authenticating the November 3, 2023 text message. Abbymc Decl., dated April 30, 2026, ¶¶ 6–7, Exh. A to Peters Decl.

(d) Defendant deleted all of his Discord direct messages to Abbymc, including the message in which Defendant transmitted the Video. Abbymc Decl., ECF No. 49-2, ¶ 9; Abbymc Decl., dated April 30, 2026, ¶¶ 9, Exh. A to Peters Decl.

16. **Disputed.** Defendant has not filed "each and every media file he transmitted to Abbymc." What Defendant filed (Bonnell Decl. Ex. E [ECF No. 213-5]) is not a Discord export and not a preserved log. It is an *Excel spreadsheet manually prepared by Defendant after the commencement of this litigation*, which Defendant has admitted on a public livestream he "*artificially creat[ed]*" using artificial intelligence. *See* ECF 150 (audio file). The spreadsheet is not authenticated under Federal Rule of Evidence 901, contains documented inconsistencies and a

Doe v. Bonnell
1:25-cv-20757-JB/Torres

10-hour timestamp anomaly, and cannot, as a matter of law, support summary judgment. *See* Peña Decl., ECF 139-1, ¶¶ 19–22.

17.     **Disputed as immaterial and unsupported.** The original filename of the Video ("VID_240100707_144752_318-1.mp4") would not necessarily appear in any "communication log" of files transmitted via Google Drive link, because a Google Drive URL points to a file by its Drive identifier rather than displaying the underlying filename. As Plaintiff's expert Peña has explained, "the two 'filenames' in ECF 132-6 that he purportedly sent to Abbymc on November 3, 2023 are NOT filenames. Instead, they are Google Drive link URLs which merely point to unknown file names." Peña Decl., ECF 139-1, ¶ 22; Peña Expert Report dated Oct. 16, 2025, Conclusion 12 (Defendant is "comparing apples to oranges"), Ex. B to Peters Decl. The absence of the original .mp4 filename from a list of Google Drive URLs is therefore not probative of whether the underlying file at the destination of those URLs depicted Plaintiff. Disputed further because the "communication log" itself (the Excel spreadsheet) is not authenticated and was artificially created. See Plaintiff's response to SUMF ¶ 16 above.

18.     **Disputed.**  Defendant's assertion rests on the proposition that the two Google Drive links reflected in his self-created spreadsheet (Bonnell Decl. Ex. E, ECF 213-5) — allegedly videos of "Peach" (see Ex. F, ECF 213-6) — were the transmissions Abbymc identified in her sworn declarations as videos of Plaintiff and "Cheiry". But the undisputed evidence in the record — including evidence Defendant himself placed there — provides otherwise and presents a triable issue of fact: (a) **The 10:41 a.m. text message versus the 14:39 transmission timing:** Defendant's own Exhibit E shows the two Google Drive links he claims he sent to Abbymc on November 3, 2023 being transmitted at **14:39 (2:39 p.m.)**. ECF No. 213-5 (formerly ECF 132-6), at p. 3. But Abbymc's text message at **10:41 a.m.** — nearly four hours *earlier* the same day — states: "*I have*

Doe v. Bonnell
1:25-cv-20757-JB/Torres

*videos of him fucking cheiry and pxie like lmfao he just sent me another one haven't opened it.*" ECF No. 86-1. The 10:41 a.m. message cannot, as a matter of basic chronology, be referring to the 14:39 transmission. A reasonable jury could find that Defendant transmitted a sexually explicit video of Plaintiff to Abbymc before 10:41 a.m. —as Abbymc has sworn — separate from the 14:39 transmission Defendant now relies upon; (b)**The URLs do not match:** Peña has documented multiple character-level differences between the two Google Drive URLs Defendant claims he sent to Abbymc (ECF 132-6) and the URLs in his alleged chat thread with Peach (ECF 132-7), including a lowercase "l" versus a numeral "1," a capital "V" versus a lowercase "t," and a space versus an underscore. Peña Decl., ECF 139-1, ¶ 20; Peña Expert Report dated Oct. 16, 2025, Conclusion 11, Ex. B to Peters Decl. Defendant's claim that he sent "*the exact same Google Drive links*" to both Abbymc and Peach (Bonnell Decl., ECF 213, ¶ 12) is therefore false on the face of his own exhibits; (c)**Abbymc's sworn declarations:** Abbymc has twice sworn under penalty of perjury that Defendant transmitted a sexually explicit video of Plaintiff to her on or about November 3, 2023. Abbymc Decl., ECF No. 49-2, ¶ 6; Abbymc Decl., dated April 30, 2026, ¶ 6, Ex. A to Peters Decl.; and (d) **Defendant's deletion of the Discord messages:** Defendant *deleted all of his Discord direct messages to Abbymc*, which would have included any transmission of the Video. Abbymc Decl., ECF No. 49-2, ¶ 9; Abbymc Decl., dated April 30, 2026, ¶ 9, Ex. A to Peters Decl. Defendant cannot delete the very evidence that would have corroborated Plaintiff's case and then demand summary judgment because Plaintiff cannot produce that deleted evidence.

### *PLAINTIFF'S ADDITIONAL MATERIAL FACTS PRECLUDING SUMMARY JUDGMENT*

Pursuant to Local Rule 56.1(b), Plaintiff submits the following additional material facts that preclude summary judgment.

9

Doe v. Bonnell
1:25-cv-20757-JB/Torres

19.     Defendant shared the Video of Plaintiff with Rose. Bonnell Decl., ECF 213, ¶¶ 3, 6-8 & Exhs. A-C; Bonnell Decl., ECF 41-1, ¶¶ 8-10; & Ex. C; Plf. Decl., ECF 20-1, ¶ 8.

20.     On or about November 3, 2023, Defendant shared with Abbymc, through a Google Drive link, a sexually explicit video of himself and Plaintiff ("Pxie"). Abbymc Decl., ECF No. 49-2] ¶ 6; Abbymc Decl., dated April 30, 2026, ¶ 6., Ex. A to Peters Decl.

21.     Defendant shared the Video of Plaintiff with Rose and Abbymc *without Plaintiff's consent*. Doe Decl., ECF 49-1, ¶¶ 7-8; TR. PI Hearing, ECF 90, pp. 14-16; Bonnell Dep. Tr., 122:1-22, Ex. C to Peters Decl.

22.     Abbymc personally recognized Plaintiff in the video shared by Defendant on November 3, 2023, having previously seen Plaintiff's posts on Instagram, on Defendant's livestreams, and on Plaintiff's own livestreams. Abbymc Decl., ECF No. 49-2] ¶ 6; Abbymc Decl., dated April 30, 2026, ¶ 6, Ex. A to Peters Decl.

23.     On November 3, 2023, at 10:41 a.m., Abbymc messaged a friend stating: "*btw destiny sends me sex tapes all the time and he thinks idk the girls in them but I have videos of him fucking cheiry and pxie like lmfao he just sent me another one haven't opened it let's see who he's fucking this time.*" ECF No. 86-1; Abbymc Decl., Ex. A to Peters Decl, ¶ 7 & Ex. A; ECF 86-1.

24.     The two Google Drive links that Defendant alleges were videos of Peach that he sent to Abbymc on November 3, 2023 were *not* the videos of "cheiry and pxie" that Abbymc referenced in her 10:41 a.m. message.

25.     Defendant's own Exhibit E to his MSJ Declaration shows that the two Google Drive links that Defendant claims were of Peach were sent to Abbymc on November 3, 2023 at 14:39 — that is, 2:39 p.m. — nearly four hours *after* Abbymc's 10:41 a.m. text message describing receipt

Doe v. Bonnell
1:25-cv-20757-JB/Torres

of videos of "cheiry and pxie." ECF No. 213-5 (formerly ECF 132-6), p. 3; Abbymc Decl., Ex. A to Peters Decl, ¶ 7 & Ex. A; ECF 86-1.

26.     Defendant has admitted, in a livestream broadcast, that the Excel spreadsheet he relies upon as a "communication log" of files sent to Abbymc (ECF 213-5, p.2), was "*artificially creat[ed]*" by him using artificial intelligence and that the original Discord file is lost. *See* ECF 150 (audio files) ("*Information is lost! There is no original file! I'm trying to reconstruct a file! I'm artificially creating a file by reconstructing a log of stuff, that's what I'm trying to do and it's not working!*"); see also Bonnell Dep. Tr. 300-304; 310-314, Ex. C to Peters Decl. (authenticating the two audio files at ECF 150).

27.     The two Google Drive URLs Defendant claims he sent to Abbymc on November 3, 2023 (ECF 132-6) do not match the URLs in Defendant's purported chat thread with "Peach" (ECF 132-7). The differences include a lowercase "l" versus a numeral "1," a capital "V" versus a lowercase "t," and a space versus an underscore. Peña Decl., ECF 139-1, ¶ 20; Peña Expert Report dated Oct. 16, 2025, Conclusion 11, Ex. B to Peters Decl.

28.     The two "filenames" in ECF 213-5 (see also ECF 132-6) that Bonnell  purportedly sent to Abbymc on November 3, 2023 are NOT filenames, but instead, are Google Drive links which merely point to *unknown* file names. Decl. J. Peña, ¶22, ECF 139-1.

29.     The names of the files in Bonnell's spreadsheet (ECF 213-5, p.2) are not the creation dates of when the underlying content was recorded. Peña Decl., dated May 7, 2026, ¶¶ 7-10.

30.     Plaintiff's expert, Jesus Peña, has opined under Federal Rule of Civil Procedure 26(a)(2)(B) that Defendant's purported communication-log spreadsheet — ECF 213-5 (re-filed from ECF 132-6) — reflects a "misrepresentation of material evidence which gave appearance of

11

Doe v. Bonnell
1:25-cv-20757-JB/Torres

spoliation," because the Google Drive URLs and timestamps in Defendant's spreadsheet do not match those in his own purportedly authentic chat logs with "Abbymc" and "Peach." Peña Expert Report dated Oct. 16, 2025, Conclusion 11, Ex. B to Peters Decl.; *see also* Peña Decl., ECF 139-1, ¶¶ 19–20.

31.     Throughout Defendant's relationship with Abbymc, Defendant repeatedly shared with Abbymc sexually explicit videos of himself and other women through shared Google Drive links. Abbymc Decl., Ex. A to Peters Decl, ¶ 8.

32.     Sometime in April 2025, Abbymc reviewed her Discord account and discovered that Defendant had deleted all of his direct messages to her on the Discord platform, including the message sharing the Video of Plaintiff. Abbymc Decl., ECF No. 49-2, ¶ 9; Abbymc Decl., Ex. A to Peters Decl., ¶ 9.

33.     Defendant's Discord production was made without cryptographic hash values or metadata generated at the time of preservation or export. Bonnell Dep. Tr., 297:16-20, Ex. C to Peters Decl; Pena Decl., ECF 139-1, ¶ 16; Pena Report, Concl. 10, Ex. B to Peters Decl.

34.     Defendant exported his Discord chats using a third-party tool (Discord Chat Exporter) rather than Discord's official data-package export, then converted the resulting HTML to a 2,400-page PDF without a standard e-discovery load file. Bonnell Dep. Tr., 297:1-14, Ex. C to Peters Decl.

35. Defendant's export-to-PDF conversion (see *ante*) stripped child-message timestamp metadata. Pena Am. Decl., ECF 147-1, ¶ 4; Pena Report dated Oct. 16, 2025, Concl. 10, Ex. B to Peters Decl.

Doe v. Bonnell
1:25-cv-20757-JB/Torres

36.     The Video remained on Discord's CDN servers (and indexable by search engines) from April 9, 2022, until Discord implemented "authentication enforcement" in December 2023, thus thirteen months after the effective date of CARDII. Peña Decl., ECF 139-1, ¶¶ 9–14.

37.     Defendant did not delete the Video until November, 2024, thus the Video remained accessible on his own Discord account and on Rose's Discord account (and to anyone with access to that account) until the deletion. Peña Decl., ECF 139-1, ¶ 15; Bonnell Dep. Tr., 99:13-20; 100: 1-9; 199:15-25; 200:1-11, Ex. C to Peters Decl.

38.     Plaintiff's expert, Jesus Peña, has opined under Federal Rule of Civil Procedure 26(a)(2)(B) that, during the period the Video remained accessible on Discord's Content Delivery Network, files hosted on the Discord CDN were indexed by Google and surfaced in public search results. Peña Expert Report dated Oct. 16, 2025, Conclusion 7, Ex. B to Peters Decl.

39.     Plaintiff's counsel does not represent, and has never represented, Abbymc with respect to this action, or with respect to the subpoena served on her by Defendant. Abbymc Decl., Ex. A to Peters Decl, ¶ 10; Peters Decl., ECF 231-1, ¶¶ 8, 10-11.

40.     Plaintiff's counsel never advised Abbymc to evade service of process. Abbymc Decl., Ex. A to Peters Decl, ¶ 10; Peters Decl., ECF 231-1, ¶¶ 8, 10-11.

41.     Abbymc was homeless during most of the last few months of 2025, which is why Plaintiff's counsel was unable to provide a current residential address for her sooner. Abbymc Decl., Ex. A to Peters Decl, ¶ 10; Peters Decl., ECF 231-1, ¶¶ 8, 10-11.

Doe v. Bonnell
1:25-cv-20757-JB/Torres

Dated: May 8, 2026.

| | |
|---|---|
| **JSP LAW, LLC** | **SANCHEZ-MEDINA GONZALEZ** |
| Joan Schlump Peters | **LAGE GOMEZ & MACHADO, LLP** |
| (admitted *pro hac vice*) | CARLOS A. GARCIA PEREZ / Fla Bar 106895 |
| 838 Neapolitan Way, #91 | GUSTAVO D. LAGE / Fla Bar 972551 |
| Naples, FL 34103 | 201 Alhambra Circle, Suite 1205 |
| Tel. 305-299-4759 | Coral Gables, Florida, 33134 |
| Email: petersjoan@bellsouth.net | Tel. (305) 377-1000 |
| Counsel for Plaintiff JANE DOE | Primary E-Mail: cgarciaperez@smgqlaw.com |
| | Primary E-Mail: glage@smgqlaw.com |

Counsels for Plaintiff JANE DOE

By:_____
      CARLOS A. GARCIA PEREZ

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 8, 2026 a true and correct copy of the foregoing was

served on all parties via the CM/ECF filing portal to all counsel of record.

By: _____
CARLOS A. GARCIA PEREZ
Attorney for Plaintiff