**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

(MIAMI DIVISION)

**JANE DOE,**

          Plaintiff,

CASE NO: 1:25-cv-20757-JB/Torres

v.

          **STEVEN K. BONNELL II,**

Defendant.

_____/

## DECLARATION OF JESUS PENA

I, Jesus Pena, declare as follows:

1.      I am over eighteen years of age.  I am the founder of e-Forensics Inc. ("e-Forensics") and I have over twenty-four years of experience, and my CV is attached hereto as Exhibit "A". My fields of specialty relate to digital forensics and e-discovery consulting and advisory services, and information security auditing and assessments to law firms, corporations, municipalities and federal agencies since 2000. My digital forensics experience includes evidence acquisition, evidence analysis and reporting, and expert witness testimony as it applies to electronically stored information ("ESI") found on mobile devices, workstations, virtual and physical servers, routing and filtering devices, and Cloud storage and computing environments

2.      As part of my job duties and responsibilities, I perform digital forensics and e-discovery services, and I oversee the technicians who perform forensic inspections of information technology assets. I personally review and analyze the electronic data and information that is "mirror imaged" and/or otherwise retrieved from those computers.

3.      In total, I have testified over 50 times as either an expert or a fact witness, in depositions, hearings, and trials in state and federal court.  I have been certified as an expert witness by the United States District Court for the Southern District of Florida; the Texas Southern District Court; the District Court of Maryland and the Superior Court of the State of California for the County of

1

Los Angeles. I have provided other testimony in the Miami-Dade, Broward, Palm Beach and Sarasota County Courts as a computer forensics expert and fact witness.

4.      I co-authored three books covering Windows, MacOS and mobile phone forensics written between 2021-2023, and titled "El Arte y la Ciencia de la Investigación Digital Forense - Sistemas Windows: Vol 1 - Análisis Forense en Sistemas Windows (Spanish Edition)", "El Arte y la Ciencia de las Investigaciones Digitales Forenses: Volumen 2 - Sistemas Linux - Mac - Redes (Spanish Edition)" and "El Arte y la Ciencia de las Investigaciones Digitales Forenses: Volumen 3 - Sistemas Android y iOS (El Arte y la Ciencia de la Investigación Digital Forense) (Spanish Edition)." I was a panelist at the 2019 Judicial Events/MSP Recovery Legends of the Boardroom conference and covered "Technology: As it Relates to Litigation, Mediation & ADR." In 2008, I was a presenter at NACVA's Fifteenth Annual Consultants' Conference and covered "The Impact of e-Discovery and Computer Forensics on the Financial Expert."

5.      On or about August 2025, I was engaged through e-Forensics Inc by Plaintiff to perform digital forensics services and to consult on e-discovery related matters. With respect to the digital forensics analysis, I was tasked with reviewing all materials produced in this matter, including analyzing pleadings, declarations and responsive documents by the Defendant with the goal of testing the veracity of Plaintiff's allegations and Defendant's responses.      The final opinions/conclusions expressed in the declaration are exclusively my own and are based on my professional expertise, training, and experience.

**BACKGROUND**

6.      This case pertains to Plaintiff's claims pursuant to the Intimate Image Protection Act, 15USC § 6851, which went into law on October 1, 2022, that at least one video ("Video") of Plaintiff and Defendant having a sexual encounter was made publicly available on the Internet by the Defendant *well after* the law went into effect.

**MOTION FOR SUMMARY JUDGEMENT**

7.      Upon review of Defendant's Motion for Summary Judgment at page 13, ¶ 1, Defendant asserts that none of the media files reflected in his Excel spreadsheet (Bonnell Decl. Ex. E [ECF No. 213-5]) can be the September 2020 Video of Plaintiff because each filename listed in that spreadsheet contains a 2023 date string, while the Video at issue was created in 2020. Defendant offers as an example the filename "SPOILER_PXL_20230310_151548695.TS.mp4," and reasons that because every filename in the spreadsheet contains a 2023 date string, the spreadsheet "conclusively establishes" that no transmission of the 2020 Video occurred. That reasoning is forensically incorrect. A filename is not, and cannot be, a reliable indicator of when the underlying media content was originally recorded. This is true for every entry in the spreadsheet, not merely the example Defendant cites.

8.      The actual creation date of digital media is determined by metadata embedded within the file itself — such as the "create_date" and "modify_date" fields within the MP4 container — not by the textual string used to label the file. Defendant has neither produced nor analyzed that internal metadata for any of the files reflected in the spreadsheet. Without that metadata, no conclusion can be drawn from a filename alone about when the underlying content was originally recorded.

9.      The 2023 date strings appearing in the filenames listed in Defendant's spreadsheet reflect two distinct artifacts of file handling, neither of which establishes when the underlying recorded content was originally created. First, each filename Defendant relies on contains a substring matching the default naming structure generated by a Google Pixel device (e.g., "PXL_YYYYMMDD_HHMMSSXXX")[1]. That default name is a mutable attribute: it can be manually changed by a user or programmatically rewritten by applications during export, copying, transcoding, transfer, or backup. A file recorded on a Google Pixel device in 2020 can be renamed, re-saved, or transferred at any later date — including in 2023 — with the new filename reflecting only the date of that subsequent action, not the date of the original recording. Second, several of the filenames in Defendant's spreadsheet bear the prefix "SPOILER_" — an artifact added by the Discord platform when an attachment is flagged as a spoiler at the time of transmission[2]. The

---

[1] "Google Camera 7.5 introduces new 'PXL' file names for pictures, videos", **9TO5Google** (Aug 20, 2020), https://9to5google.com/2020/08/20/google-camera-7-5-pxl/

[2] "Source code for discord.message", **Pycord v2.8** Documentation,https://docs.pycord.dev/en/v2.8.0rc2/_modules/discord/message.html

presence of that prefix establishes only that the file was attached to a Discord message and flagged at the time of transmission; it tells nothing about when the underlying content was recorded.

10.     Defendant's claim that the spreadsheet "conclusively establishes" that none of the files he sent Abbymc could be the 2020 Video is therefore unsupported as to every file listed. As a forensic matter, the filenames in Exhibit E (ECF No. 213-5) establish only the state of each file at the time it was named, exported, copied, transferred, or attached to a Discord message. They do not establish — and cannot establish — when the underlying media content was originally recorded. To determine the original recording date of any of the files reflected in the spreadsheet, one would need to forensically analyze the internal MP4 metadata of each underlying file. Defendant has not done so for any of them, and the existing record does not permit that determination from filenames alone.

Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true to the best of my knowledge and belief.

Dated: May 7, 2026.

Jesus Pena

4