**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

JANE DOE,                                                            CASE NO: 1:25-cv-20757-JB/Torres

       Plaintiff,

v.

STEVEN K. BONNELL II,

       Defendant.

_____/

**PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL EXHIBITS A AND C TO THE DECLARATION OF JOAN S. PETERS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 5.4 of the Southern District of Florida and Paragraph 12 of the Protective Order Governing Discovery [ECF No. 116] (the "Protective Order"), Plaintiff Jane Doe ("Plaintiff"), by and through her undersigned counsel, respectfully moves this Court for leave to file under seal: (1) Exhibit A to the Declaration of Joan S. Peters [ECF No. 249-1], consisting of the Declaration of Abbymc dated April 30, 2026; and (2) Exhibit C to the Declaration of Joan S. Peters [ECF No. 249-3], consisting of excerpts from the deposition transcript of Defendant Steven K. Bonnell II, both of which were submitted in support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment [ECF No. 247]. In support of this Motion, Plaintiff states as follows:

**ARGUMENT**

**I.      The Documents Proposed to Be Sealed**

Plaintiff seeks leave to file under seal two exhibits to the Declaration of Joan S. Peters [ECF No. 249] submitted in support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment [ECF No. 247]:

1

**Exhibit A — Declaration of Abbymc dated April 30, 2026 [ECF No. 249-1].** A declaration by Abbymc, dated April 30, 2025, was previously filed under seal in this action with leave of Court. See ECF No. 48 (Motion for Leave to File Declaration Under Seal); ECF No. 75 (Order granting Motion for Leave to File). The current declaration from non-party witness Abbymc attests to Defendant's non-consensual dissemination of sexually explicit material depicting Plaintiff and other women, and to her own victimization at Defendant's hands. The declaration contains the declarant's identifying information and detailed descriptions of intimate and sexual matters.

**Exhibit C — Excerpts from the Deposition Transcript of Defendant Steven K. Bonnell II [ECF No. 249-3].** These excerpts are drawn from Defendant's April 30, 2026 deposition transcript, which Plaintiff designated as "Confidential" in its entirety at the deposition pursuant to Paragraph 13 of the Protective Order. The deposition transcript contains testimony regarding the Video that is the subject of this action, Defendant's sexual relationship and communications with Plaintiff and various non-party witnesses, references to Plaintiff's legal name, the non-consensual dissemination of sexually explicit content, and related intimate and sensitive matters, all of which fall within the categories of "Confidential Information" defined in Paragraph 2 of the Protective Order.

## II.     Good Cause Exists to Seal the Exhibits.

The Eleventh Circuit recognizes a presumptive common-law right of access to judicial records, but that right is not absolute and may be overcome by a showing of good cause. *Romero v. Drummond Co.*, 480 F.3d 1234, 1245–46 (11th Cir. 2007). Courts balance the public's right of access against the parties' interest in confidentiality, considering factors such as "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and

likelihood of injury if made public, … and the availability of a less onerous alternative to sealing the documents." *Id.* at 1246. Good cause readily exists here, for multiple independent reasons.

**A.     The Materials Fall Squarely Within the Protective Order's Categories of "Confidential Information."**

This Court has already determined, after extensive briefing, that good cause exists to protect from public disclosure the categories of information now sought to be sealed. The Protective Order, ECF No. 116, defines "Confidential Information" to include, among other things: (a) "intimate images or videos"; (b) "the legal name or private identifying information" of Plaintiff; (c) "the legal name or private identifying information of any non-party witness whose testimony the Court has allowed to be filed under seal"; (d) "psychological, medical, or counseling records"; and (e) "private information of an intimate or sexual nature that if disclosed to the public could cause harassment, embarrassment, or retaliation." ECF No. 116, ¶ 2.

The exhibits proposed to be sealed plainly fall within these categories. Exhibit A is a non-party witness declaration, similar to declaration from this same witness  that this Court has previously allowed to be filed under seal, see ECF No. 75, and that contains both the declarant's identifying information and detailed descriptions of intimate and sexual matters, including Defendant's alleged dissemination of sexually explicit content depicting Plaintiff and other women. Exhibit C contains deposition testimony regarding the Video at issue in this action, Defendant's sexual relationships with Plaintiff and non-party witnesses, the non-consensual dissemination of sexually explicit content, and Plaintiff's identifying information — each independently a basis for confidentiality under Paragraph 2.

**B.     The Court Has Repeatedly Sealed Materially Identical Information in This Case.**

Throughout this litigation, the Court has granted multiple motions to seal materials of precisely the same character as those at issue here. The Court has sealed the Declarations of Abbymc, Witness A, and Witness B in their entirety, see ECF No. 75; sealed the deposition transcript and exhibits of the non-party witness referred to as "Rose," and sealed deposition excerpts of non-party witness "MH" in support of Defendant's own motion for summary judgment, see ECF No. 240 (Order granting Plaintiff's and Defendant's motions to seal at ECF Nos. 188, 189, 195, 214). Defendant himself recently moved to file portions of Plaintiff's deposition transcript under seal in support of his Motion for Summary Judgment, see ECF No. 246, expressly invoking Paragraph 12 of the Protective Order as the source of his obligation to do so. Granting the instant Motion is consistent with these prior rulings and with Defendant's own course of conduct.

**C.      Paragraph 12 of the Protective Order Requires the Filing Party to Move for Sealing.**

Paragraph 12 of the Protective Order directs that "[a]ny Party seeking to use documents, excerpts of documents, transcripts or other materials containing or reflecting Confidential Information shall file a motion or an application for an order sealing the specific record sought to be filed or lodged with the Court, to the extent permitted and/or required." ECF No. 116, ¶ 12. That obligation falls on the party filing the materials. Defendant, recognizing this, moved under Paragraph 12 to seal deposition excerpts he wished to file in support of his Motion for Summary Judgment. See ECF Nos. 214, 246. Plaintiff, as the filer of Exhibits A and C, now does the same.

**D.      The Designations Remain in Force Because Defendant Has Not Properly Invoked Paragraph 17.**

In recent correspondence and in his own motions to seal, Defendant has asserted that Plaintiff's designation of Defendant's entire deposition transcript as "Confidential" is "blanket"

and disputed, and that Plaintiff bears the burden to move the Court for a ruling under Paragraph 17. *See, e.g.*, ECF Nos. 214, 246. That position is procedurally premature.

Paragraph 17 sets forth the exclusive mechanism for challenging a designation. It requires the challenging party to "notify the designating Party of such dispute in writing, specifying by exact document numbers (e.g., Bates stamp) the material in dispute and the precise nature of the dispute with regard to each document or other material," and thereafter to meet and confer in good faith. ECF No. 116, ¶ 17. Only "[i]f the Parties are unable to amicably resolve the dispute" does a 30-day window for a motion open. *Id.* Defendant has not served a written challenge that complies with Paragraph 17 — he has not identified any specific page, line, or category of testimony he contends is non-confidential, nor articulated a basis as to each. A general assertion that the designation is "disputed" does not satisfy Paragraph 17 and does not shift any burden under that paragraph onto Plaintiff. The designations therefore remain in force under Paragraphs 1, 7, and 12 of the Protective Order.

In any event, this Motion does not require the Court to adjudicate the validity of the designation. Plaintiff's obligation to move for sealing arises from Paragraph 12, which governs court filings, not from any burden under Paragraph 17. The good-cause showing for sealing is independently satisfied by the Paragraph 2 categories identified above and by this Court's prior orders sealing materially identical information.

E.      **The Privacy Interests at Stake Are Substantial and Heightened by Defendant's Conduct.**

Shielding from public disclosure sensitive information involving alleged victims of sexual misconduct is consistent with public policy and safeguards against "the invasion of privacy, potential embarrassment and sexual stereotyping." *United States v. Allmond*, 817 F. App'x 887,

5

892 (11th Cir. 2020). That protection applies with special force in cases brought under 15 U.S.C. § 6851. *See, e.g., Doe v. Ghiorso*, 2024 WL 3511641, at *2 (S.D. Ga. July 23, 2024) (disclosing identifying information "could link her to factual details about her intimate image and its unauthorized distribution, further threatening the rights 15 U.S.C. § 6851 seeks to protect"); *Doe v. McCoy*, 2024 WL 843908 (N.D. Ga. Feb. 28, 2024) (disclosure would "plainly compound the harm"); *Doe Williams v. Williams*, 2024 WL 2805642 (S.D. Miss. May 31, 2024) (§ 6851 protects against publicization of intimate matters).

The privacy concerns are particularly acute in this case. Defendant maintains a large online following and has himself, on multiple occasions during this litigation, publicly discussed materials and testimony related to this case on his livestreams and other online platforms. The risks of public dissemination, doxing, swatting, and retaliatory harassment are not hypothetical — they are the harms this very action seeks to address. Allowing Exhibits A and C to be filed publicly would compound the very injuries that Plaintiff and the non-party witnesses have suffered and that the Protective Order was entered to prevent.

## III.     Proposed Duration of the Seal

Pursuant to Local Rule 5.4(b)(1), Plaintiff respectfully proposes that Exhibits A and C remain under seal for the duration of this litigation, including any appeals, and indefinitely thereafter. This duration is consistent with the Court's prior sealing orders in this action and with the purposes of 15 U.S.C. § 6851 and the Protective Order.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to file under seal Exhibits A and C to the Declaration of Joan S. Peters [ECF Nos. 249-1 and 249-3], and

6

direct the Clerk to maintain those exhibits under seal for the duration of this litigation, including any appeals, and indefinitely thereafter. A proposed order is submitted herewith.

## LOCAL RULE 7.1(a)(3) CERTIFICATE OF CONFERRAL

Counsel for Plaintiff conferred with counsel for Defendant by email regarding the relief requested in this Motion. Defendant's counsel responded that Defendant challenges Plaintiff's designations of the Declaration of Abbymc and of Defendant's deposition transcript and contends that Plaintiff bears the burden under Paragraph 17 of the Protective Order to move for a ruling on the designations. Defendant's counsel acknowledged, however, that the legal name of non-party witness Abbymc "is arguably confidential." Apart from that limited concession, the parties were unable to reach agreement on the relief requested in this Motion. Plaintiff therefore proceeds by motion.

Dated: May 12, 2026

**JSP LAW, LLC**
Joan Schlump Peters
(admitted *pro hac vice*)
838 Neapolitan Way, #91
Naples, FL 34103
Tel. 305-299-4759
Email: petersjoan@bellsouth.net

**SANCHEZ-MEDINA GONZALEZ**
**LAGE GOMEZ & MACHADO, LLP**
CARLOS A. GARCIA PEREZ
    Florida Bar No. 106895
GUSTAVO D. LAGE
Florida Bar No.  972551
201 Alhambra Circle, Suite 1205
Coral Gables, Florida, 33134
Tel.: (305) 377-1000
Primary E-Mail: cgarciaperez@smgqlaw.com
Primary E-Mail: glage@smgqlaw.com
Counsels for Plaintiff

       */s/ Carlos A. Garcia Perez*
By:_____
     CARLOS A. GARCIA PEREZ
     Attorney for Plaintiff

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 12, 2026 a true and correct copy of the foregoing was

served on all parties via the CM/ECF filing portal to all counsel of record.

By: */s/ Carlos A. Garcia Perez*

CARLOS A. GARCIA PEREZ
Attorney for Plaintiff