**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 1:25-cv-20757-JB/Torres**

JANE DOE,

      Plaintiff,

v.

STEVEN K. BONNELL II,

      Defendant.

_____/

## DEFENDANT STEVEN K. BONNELL II'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

**I.    INTRODUCTION**

Ironically, Plaintiff contends in her Opposition that Bonnell's Motion for Summary Judgment "is little more than a recycled version of his Motion to Dismiss," yet that is precisely the point—after ten months of discovery, Plaintiff still cannot establish subject matter jurisdiction. Despite Plaintiff's insistence that Bonnell's deposition was "essential" to establish subject matter jurisdiction, Plaintiff identifies no testimony from his deposition that cures the fatal defect. Since filing the Complaint in February 2025, Plaintiff has failed to produce any evidence to demonstrate that Bonnell transmitted the sexually explicit Video to *anyone* after October 1, 2022, the date the CARDII statute went into effect. Accordingly, this case should be dismissed under Rule 12(b)(1).

After indisputably demonstrating that Bonnell's transmission of the Video to "Rose" occurred prior to CARDII's enactment, Plaintiff amended her Complaint to allege alternative "facts" and theories in an effort to save subject matter jurisdiction. Plaintiff's entire case now rests on the false, uncorroborated, and untested declaration of Abbymc, a witness that Plaintiff's attorneys also represent. Yet, just days after submitting her declaration, Abbymc implicitly disavowed her sworn statement in a text message to Bonnell: "*I don't want to disenfranchise [Plaintiff] or her case but **I no longer wish to be part of it the team is misleading and not smart**.*"

That Plaintiff's star witness does not stand by her own testimony is not surprising, as neither Abbymc herself, nor her contentions ever materialized. Despite that Plaintiff's counsel represent Abbymc, they failed to have her testify in Court and refused to accept a subpoena on her behalf. They delayed providing contact information for her, and when they finally provided an address for service, it was a fake address. Ultimately, Bonnell served Abbymc with a subpoena, but she failed to produce any documents in support of the claims in her declaration, or otherwise.

Notwithstanding the foregoing, Plaintiff still sandbagged Bonnell at the eleventh hour. Six months after the close of discovery, following Plaintiff's deposition at which Plaintiff testified she could not recall her last correspondence with Abbymc, and after the Court explicitly ordered that *no further discovery would be permitted*, Plaintiff submitted a "new" Abbymc declaration, dated April 30, 2026. But even Plaintiff's bad faith tactics do not save her claims. The new declaration adds no substantive facts or evidentiary support to establish Bonnell's purported transmission of the Video. No such evidence exists. Plaintiff's opportunity to establish subject matter jurisdiction has come and gone, and Bonnell's Motion should be granted in its entirety.

II.     **PLAINTIFF HAS THE BURDEN TO ESTABLISH SUBJECT MATTER JURISDICTION.**

In her bid to avoid summary dismissal, Plaintiff attempts to impose on Bonnell a burden to conclusively *disprove* subject matter jurisdiction. That is not the law; the burden to establish subject matter jurisdiction lies squarely on Plaintiff. "In the face of a factual challenge to subject matter jurisdiction, the burden is on the plaintiff to prove that jurisdiction exists." *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002). Likewise, "the party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002); *BIG League Ventures, LLC v. Certain Underwriters at Lloyd's, London*, 474 F. Supp. 3d 1279, 1284 (S.D. Fla. 2020) (holding dismissal warranted where plaintiff failed to prove facts sufficient to establish federal jurisdiction by a preponderance of the evidence).

Nor does Rule 56 require Bonnell to prove a negative. Where, as here, the nonmovant bears the ultimate burden, the movant may satisfy his initial burden by pointing to "an absence of evidence to support the non-moving party's case," or by submitting affirmative evidence showing the nonmovant cannot prove her case. *Fitzpatrick v. City of Atl.*, 2 F.3d 1112, 1115-16 (11th Cir. 1993). Bonnell has done that here. He identified the absence of any competent evidence showing that he transmitted the Video to anyone after CARDII's effective date, *and* he submitted evidence demonstrating that no such transmission occurred.

Plaintiff cannot meet her burden of demonstrating subject matter jurisdiction simply by speculating or arguing that Bonnell's evidence *might* be incomplete or imperfect. *See Crawford-El v. Britton*, 523 U.S. 574, 600 (1998) (once a defendant makes a properly supported summary judgment motion, a plaintiff may not rely on "general attacks upon the defendant's credibility," but must identify affirmative evidence from which a jury could find that plaintiff carried her burden); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts"); *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) ("Speculation does not create a genuine issue of fact; instead, it creates a false issue . . . ."). Plaintiff must produce competent evidence of the jurisdictional fact she invokes, i.e., a post-CARDII transmission or disclosure of the Video by Bonnell. Her failure to do so is fatal.

## III. BONNELL'S SOLE TRANSMISSION OF THE VIDEO TO "ROSE" PRECEDED THE EFFECTIVE DATE OF CARDII BY NEARLY SIX MONTHS.

### A. Plaintiff Concedes the "Rose" Transmission Occurred in April 2022.

Plaintiff's theory regarding the transmission to "Rose" evolves with each court filing. Plaintiff originally alleged that Bonnell transmitted the Video to Rose in October 2022. (Compl. [ECF No. 1] ¶ 12.) She then backtracked, alleging that the transmission occurred "sometime in 2022." (Amend. Compl. [ECF No. 120] ¶ 12.) On October 8, 2025, Plaintiff's "expert" acknowledged that the transmission of the Video to Rose occurred in April 2022. (Peña Amend. Decl., dated Oct. 8, 2025 [ECF No. 147-1] ¶ 2.) Now, Plaintiff finally concedes the same. (Opp'n

[ECF No. 247] at 1, 3, 16-18.) Her concession ends the debate on whether Bonnell's transmission of the Video to Rose supports a finding of subject matter jurisdiction: It does not.

> **B.        Plaintiff's "Continuous Accessibility" Theory Fails as a Matter of Law.**

Plaintiff's "continuous accessibility" theory is without merit. Courts have rejected the proposition that a private, non-indexed URL is equivalent to a public posting or ongoing dissemination. In *Wray v. Greenburg*, 646 F. Supp. 3d 1084, 1115 (D. Ariz. 2022), the court dismissed the argument that sending a Google Drive link to one person was a public disclosure, explaining that "[e]mailing a public link to a shared drive to a single person is unlike publicizing information in a regional magazine or newspaper." In the parallel case, *Greenburg v. Wray*, No. CV-22-00122-PHX-DLR, 2022 WL 2176499 (D. Ariz. June 16, 2022), the court held that a Google Drive was not publicly accessible merely because someone with the exact URL could reach it because "it wasn't just 'anyone with a browser' who could stumble upon the Google Drive on a web search—the internet denizen wishing to access the Google Drive needed to obtain the exact URL." *Id.* at *2. The court concluded that the Google Drive was not "accessible to anyone with a web browser" because the 68-character URL was "non-guessable and non-searchable," and "inadvertent disclosure of the URL did not *per se* grant authorization." *Greenburg v. Wray*, No. CV-22-00122-PHX-DLR, 2023 WL 4105349, at *2 (D. Ariz. June 21, 2023). The Court should reject Plaintiff's attempt to rebrand a private message as a "continuous dissemination."[1]

Plaintiff's reliance on *Doe v. Unknown Party*, No. CV-24-00252-PHX-DLR, 2024 WL 492231 (D. Ariz. Feb. 7, 2024) is misplaced. There, the defendant published plaintiff's intimate material on a public pornographic website. *Id.* *1. Here, Bonnell did no such thing. Nothing in *Unknown Party* suggests that a private Discord attachment amounts to an ongoing disclosure by the original sender. Indeed, no court has held that a one-to-one message—especially one sent before the statute's effective date—constitutes an ongoing disclosure under CARDII.

---

[1] As Bonnell testified at his deposition, to assert that a private URL is "publicly accessible" is akin to asserting that one's house is publicly accessible if you have the key to the front door.

**C.      Plaintiff's  "Expert" Admits to Speculating.**

The so-called "expert" testimony of Jesus Peña is based entirely on speculation and text that he copied and pasted from the KiwiFarms website. Nevertheless, Peña fails to identify any post-CARDII transmission of the Video or any person who supposedly accessed the Video through a private URL inaccessible to anyone without the unique link. He further fails to establish any search-engine record, index result, public webpage, access log, or forensic artifact demonstrating that the URL was publicly discoverable or continuously accessible. In fact, Peña admits that "the length of the permanent URL made it virtually impossible for anyone to guess it" and that "it is not definitively known if Google ever indexed the Video." (Peña Rpt. [ECF No. 249-2] at 19.)

Peña's unsupported conclusion that dissemination "likely occurred" is insufficient to create a genuine dispute of material fact as a matter of law. *See Am. Key Corp. v. Cole Nat'l Corp.*, 762 F.2d 1569, 1580 (11th Cir. 1985) ("[A]n expert's opinion that lacks any credible support does not create an issue of fact."); *Fernandez v. United States*, No. 19-CV-113-RH/MJF, 2020 WL 3105925, at *6 (N.D. Fla. June 4, 2020) (expert opinion was insufficient to create a triable issue because it was "simply a guess or pure speculation"); *Weiss v. Standard Ins. Co.*, 672 F. Supp. 2d 1313, 1320 (S.D. Fla. 2009) ("The rules governing admissibility of expert testimony were 'not intended . . . to make summary judgment impossible whenever a party has produced an expert to support its position.'") (citing *Evers*, 770 F.2d at 986).

**IV.     THE "NEW" ABBYMC DECLARATION AND EXHIBIT FAIL TO ESTABLISH SUBJECT MATTER JURISDICTION.**

**A.      The "New" Abbymc Declaration Is Untimely and, in Any Event, Fails To Cure Plaintiff's Jurisdictional Defect.**

For over a year, Plaintiff has exclusively relied on the false, uncorroborated, and untested claims in Abbymc's declaration, dated May 3, 2025 [ECF No. 49-2].[2] For months, Plaintiff and her counsel obstructed access to Abbymc, failed to voluntarily produce her to testify at the

---

[2] Just days after submitting her original declaration, Abbymc implicitly disavowed her sworn statement in a text message to Bonnell, stating "I don't want to disenfranchise [Plaintiff] or her case but I no longer wish to be part of it the team is misleading and not smart." (Suppl. Bonnell Decl., dated May 13, 2026, ¶¶ 2-3 & Ex. S.)

preliminary injunction hearing, refused to accept service of a subpoena on her behalf, and refused to provide valid contact information for her. Abbymc did not appear at the June 3, 2025 evidentiary hearing, she was never produced for deposition, and she failed to respond to Bonnell's valid subpoena. (*See* Brettler Decl., dated Sept. 19, 2025 [ECF No. 132-9] ¶¶ 3-12; Brettler Decl., dated Jan. 30, 2026 [ECF No. 212] ¶¶ 4-16.) Yet, nearly a year later, and after the close of discovery, on May 1, 2026, Plaintiff sandbagged Bonnell by producing a "new" Abbymc declaration. (Abbymc Decl., dated Apr. 30, 2026 [ECF No. 249-1]; Camara Decl., dated May 13, 2026, ¶ 2 & Ex. Q.)

Plaintiff's untimely submission of the new Abbymc declaration is improper. On April 21, 2026, the Court ordered the parties to conduct depositions within ten days. (Paperless Order [ECF No. 240].) The Court explicitly ruled that "no other discovery is permitted during these ten days." (*Id.*) The Court did not reopen discovery or permit Plaintiff to procure new declarations from Abbymc, Peña, or anyone else. Critically, at her April 27, 2026 deposition, Plaintiff testified that she still was not aware of any evidence—that she had not previously submitted to the Court— demonstrating that Bonnell transmitted the Video to anyone after the effective date of the CARDII statute. (Suppl. Brettler Decl., dated May 1, 2026 [ECF No. 245] ¶ 3 & Ex. P). Plaintiff further testified that she had not had any recent contact with Abbymc. (Camara Decl., dated May 13, 2026, ¶ 3 & Ex. R.) Despite these representations, Plaintiff produced and then filed the new Abbymc declaration just days later.

Courts routinely exclude declarations submitted at summary judgment where the opposing party was deprived of a meaningful opportunity to conduct discovery. *See Cooley v. Great S. Wood Preserving*, 138 F. App'x 149, 160-61 (11th Cir. 2005) (affirming exclusion of third-party affidavits submitted at summary judgment where party failed to comply with Rule 26); *Inmuno Vital, Inc. v. Telemundo Grp.*, 203 F.R.D. 561, 565-66 (S.D. Fla. 2001) (excluding affidavit where party obstructed access to witness during discovery); *Music Specialist, Inc. v. Atl. Recording Corp.*, No. 18-cv-25474-RAR, 2021 WL 2905410, at *3-8 (S.D. Fla. Mar. 8, 2021) (striking affidavits where nondisclosure deprived opposing party of meaningful discovery). Accordingly, the Court should disregard the April 30, 2026 Abbymc declaration entirely.

But, even if the Court were to consider the new Abbymc declaration, it fails to establish a genuine dispute of material fact. The declaration is materially identical to Abbymc's prior declaration and adds no new facts supporting subject matter jurisdiction. Critically, the declaration fails altogether to establish an actual transmission of the Video. *See Cargill Ltd. v. Jennings*, 308 F. App'x 385, 387-88 (11th Cir. 2009) (affirming summary judgment where the nonmovant relied on an affidavit asserting misconduct without evidentiary support and holding that such "merely colorable" assertions are insufficient to defeat summary judgment). Indeed, had such a transmission occurred, a record would appear in both Bonnell's and Abbymc's communication logs. Abbymc has refused to produce them. (*See* Brettler Decl., dated Jan. 30, 2026, ¶¶ 13-16 & Exs. I-J.) And Bonnell's logs reflect that no such transmission ever occurred. (Bonnell Decl., dated Jan. 30, 2026, ¶¶ 10-12 & Exs. E-F.)

**B.** **The Abbymc Exhibit Fails To Cure Plaintiff's Jurisdictional Defect.**

Plaintiff places substantial weight on Abbymc's alleged November 3, 2023 text message to an unidentified third party. The exhibit does not attach or identify the referenced video, nor does it contain any evidence that Bonnell sent *the* Video to Abbymc. At most, the exhibit constitutes Abbymc's out-of-court characterization of what she claims to have received. That is insufficient to avoid summary judgment under Rule 56. A nonmovant must come forward with evidence that is significantly probative, not merely colorable, speculative, or ambiguous. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-52 (1986) ("[t]he mere existence of a scintilla of evidence" is insufficient); *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) ("mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion"); *Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991) (evidence cannot consist of conclusory allegations, legal conclusions, or evidence inadmissible at trial).

Rather than provide probative evidence of the alleged transmission, e.g., a screenshot of a message in which Bonnell supposedly sent the Video to Abbymc, or proof of the Google Drive link that Bonnell allegedly shared with Abbymc contained the Video, Plaintiff relies on a single, self-serving, and uncorroborated text message purportedly from Abbymc to an unidentified third

party, dated November 3, 2023, wherein Abbymc wrote: "I have videos of him f*cking cheiry and pxie like lmfao he just sent me another one haven't opened it." (Abbymc Decl., dated Apr. 30, 2026 [ECF No. 249-1] ¶ 7 & Ex. A.) The redacted message does not establish that Bonnell transmitted the Video to Abbymc. The sender is not even identified and there is no indication of how or when the transmission supposedly occurred. Ironically, the word "lying" is the only text visible behind the sloppy redaction job. Abbymc's declaration and exhibit do not come close to establishing that Bonnell transmitted the Video to her at all. Plaintiff could have submitted proof of such a transmission, yet she has not done so (and for good reason, it never happened).

### C.     The Undisputed Evidence Establishes That Bonnell Did Not Transmit the Video to Abbymc at Any Time.

Although Plaintiff bears the burden to establish subject matter jurisdiction, Bonnell submitted affirmative evidence demonstrating that he did not transmit the Video to Abbymc at any time. Bonnell's verified communication logs identify every media file he ever transmitted to Abbymc. (Bonnell Decl., dated Jan. 30, 2026, [ECF No. 213] ¶¶ 10-11 & Ex. E.) The Video does not appear anywhere in those records. (*Id.*).[3] Further, the record establishes that the two Google Drive links Bonnell sent to Abbymc on November 3, 2023 contained videos of "Peach," not Plaintiff (*Id.* ¶ 12 & Ex. F). Peach herself confirmed the videos depicted her. (*Id.*) Bonnell never transmitted the Video to Abbymc at any time. Plaintiff has not and cannot proffer admissible evidence to dispute that fact, and the Motion should be granted accordingly.

### V.     PLAINTIFF'S ALLEGATION OF SPOLIATION IS MERITLESS.

Plaintiff (again) asks the Court to deny or defer summary judgment based on a spoliation motion that has not been filed. Rather than submit evidence to establish subject matter jurisdiction, Plaintiff instead submitted a new report from her purported expert, Jesus Peña, who falsely accuses

---

[3] Plaintiff admits that Bonnell produced more than 400 pages of correspondence with Abbymc. (Opp'n [ECF No. 247] at 9 & n.5.) Nowhere in the production is there evidence that he transmitted the Video to Abbymc at any time.

Bonnell of evidence spoliation.[4] The Court has already rejected such a contention on multiple occasions. As the Court instructed Plaintiff's counsel at the April 4, 2025 hearing on Plaintiff's Motion for a Temporary Restraining Order, the proper channel to seek sanctions for alleged evidence spoliation is by noticed motion pursuant to Rule 37(e) of the Federal Rules of Civil Procedure. (Hr'g Tr., dated Apr. 4, 2025 [ECF No. 42-12] at 9:10-17; 12:9-11.) And, as the Court more recently noted, "[i]t is now October of 2025 and there is no such [spoliation] motion on the docket." (Order Denying Pl.'s Mot. for Prelim. Inj., dated Oct. 6, 2025 [ECF No. 143] at 9.) Seven months have since passed, and Plaintiff failed to file a motion for spoliation sanctions, although she now is threatening to file such a motion on or before May 18, 2026, notwithstanding that the motion filing deadline expired on March 30, 2026. (Case Management Order, dated Apr. 4, 2025 [ECF No. 23] at 2.) Regardless, Plaintiff cannot meet her burden of establishing subject matter jurisdiction by previewing a contemplated yet unfiled—and untimely—sanctions motion.

Plaintiff cannot convert unsupported allegations of spoliation into evidence of a post-CARDII disclosure. *See Evers*, 770 F.2d at 986-87 (affirming summary judgment where expert opinion failed to provide specific facts from the record to support conclusory allegations); *Fernandez*, 2020 WL 3105925, at *6 (expert opinion was insufficient to create a triable issue where the opinion was "simply a guess or pure speculation"). Indeed, nothing in Peña's report establishes a genuine dispute of material fact concerning a transmission to Abbymc. He does not identify any post-CARDII transmission, let alone establish that Bonnell ever sent the Video to Abbymc. He further failed to establish the existence of a Google Drive link containing the Video, or to identify any forensic artifact demonstrating that Bonnell sent the Video to anyone. At most, Peña attacks the form and completeness of Bonnell's evidence. That is insufficient to defeat summary judgment.

Plaintiff's reliance on *Watson v. Edelen*, 76 F. Supp. 3d 1332 (N.D. Fla. 2015), is misplaced. *Watson* does not hold that alleging spoliation defeats summary judgment. It holds only

---

[4] Bonnell objects to the entirety of the Peña Report on the grounds that the witness is not qualified to testify as an expert. Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588 (1993). (*See also* Reply Mot. to Dismiss [ECF No. 149] at 8-10.)

that spoliation may matter where there is "sufficient probative evidence for a jury to find an act of spoliation and to draw the inference derived from such an act." *Id*. at 1343. And even then, an adverse inference requires bad faith, relevance, and prejudice—not speculation. *Id*. at 1343-44. Plaintiff has no adverse-inference ruling, no finding of bad faith, and no competent evidence that any alleged spoliation concerns a post-CARDII transmission of the Video.

## VI.   THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S REMAINING STATE LAW CLAIMS.

As Bonnell has consistently maintained, if the Court grants summary judgment on Count I, no independent basis for federal jurisdiction remains, and the Court should decline supplemental jurisdiction over Plaintiff's state law claims and dismiss Counts II-IV without prejudice. (*See* Mot. to Dismiss [ECF No. 132] at 17; Mot. Summ. J. [ECF No. 210] at 20-21.)

## VII.   CONCLUSION

For these reasons, and the reasons set forth in Bonnell's Motion, Bonnell respectfully requests that the Court grant the Motion for Summary Judgment in its entirety.

Dated: May 13, 2026

Respectfully submitted,

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580
Fax: (305) 374-7593

By: /s/ *Michael S. Morgan*
Michael S. Morgan
Florida Bar No.: 1061173
mmorgan@bilzin.com

and

**BERK BRETTLER LLP**
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel: (310) 278-2111

By: /s/ *Andrew B. Brettler*
Andrew Brad Brettler
California Bar No.: 262928
abrettler@berkbrettler.com
Jake A. Camara
California Bar No.: 305780
jcamara@berkbrettler.com
Joel Sichel
California Bar No: 361148
jsichel@berkbrettler.com
(admitted *pro hac vice*)

*Counsel for Steven K. Bonnell II*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 13, 2026, a true and correct copy of the foregoing was

served on all parties via electronic transmission to counsel of record for these parties.

By: /s/ *Michael S. Morgan*
Michael S. Morgan

## SERVICE LIST
*Jane Doe v. Steven K. Bonnell II*
*Case No.: 1:25-cv-20757-JB*

Carlos A. Garcia Perez, Esq. Sanchez-Medina, Gonzalez, Quesada, Lage, Gomez & Machado, LLP 201 Alhambra Circle, Suite 1205 Coral Gables, Florida, 33134
Email: cgarciaperez@smgqlaw.com

*Counsel for Jane Doe*

Joan Schlump Peters, Esq.
JSP LAW, LLC
838 Neapolitan Way, #91, Naples, FL 34103
Email: petersjoan@bellsouth.net

11