**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 1:25-cv-20757-JB/Torres**

JANE DOE,

      Plaintiff,

v.

STEVEN K. BONNELL II,

      Defendant.

_____/

## DEFENDANT STEVEN K. BONNELL II'S REPLY STATEMENT OF FACTS

Defendant Steven K. Bonnell II ("Bonnell"), pursuant to Rule 56 of the Federal Rules of Civil Procedure, and Local Rule 56.1, hereby submits this Reply Statement of Material Facts in further support of his Motion for Summary Judgment [ECF No. 210].[1]

## REPLY TO PLAINTIFF'S RESPONSE TO STATEMENT OF FACTS

3.     Plaintiff does not dispute that she sent the Video depicting her and Bonnell to her then-boyfriend. Plaintiff injects improper legal argument in her Response to Statement of Facts.

6.     Plaintiff does not dispute that Bonnell transmitted the Video to Rose on April 9, 2022, months before the effective date of CARDII. Plaintiff injects improper legal argument in her Response to Statement of Facts.

7.     Plaintiff admits that Bonnell did not publish the Video online. Plaintiff does not dispute that Solo published Bonnell's discord communications with "Rose," including the Video depicting Plaintiff, on a website called KiwiFarms. Further, Plaintiff injects improper legal argument in her Response to Statement of Facts.

8.     Plaintiff does not dispute that an attorney-client relationship existed between Plaintiff's counsel and Abbymc. Plaintiff's counsel sent the undersigned counsel a letter opening,

---

[1] Bonnell addresses the paragraphs from the Statement of Material Facts to which Plaintiff disputed the facts. Plaintiff does not dispute any of the facts in the paragraphs not enumerated herein.

"I am writing to you with regards to my client Abbymc, specifically pertaining to your client Steven K. Bonnell II . . . ." (Brettler Decl., dated Sept. 19, 2025 [ECF No. 132-9] ¶¶ 3, 10 & Ex. A [ECF No. 132-10], Ex. F [ECF No. 132-15]; Brettler Decl., dated Jan. 30, 2026, [ECF No. 212] ¶ 4.) That Plaintiff's counsel is trying to disclaim that they represented and/or still represent Abbymc reeks of bad faith and is belied by the evidentiary record.

9.      Plaintiff submits no evidence to dispute the asserted fact. Bonnell engaged a process server and made multiple attempts to serve Abbymc with the subpoena, but was unsuccessful. (Brettler Decl., dated Sept. 19, 2025 [ECF No. 132-9] ¶ 7.) Further, Abbymc is Plaintiff's star witness. Plaintiff should have affirmatively and willingly produced Abbymc for deposition.

10.     The evidence speaks for itself. Abbymc commented publicly about the subpoena and, during a livestream on or about September 8, 2025, stated that her attorneys advised her to continue evading service of process while continuing to "submit[] evidence." (Brettler Decl., dated Sept. 19, 2025 [ECF No. 132-9] ¶ 12 & Ex. H [ECF No. 132-17].) The newly acquired and submitted declaration from Abbymc, dated April 30, 2026, is not only untimely, as it was procured after the discovery cut-off date, it also demonstrates that Plaintiff was not forthcoming at her deposition regarding her recent correspondence with Abbymc. (Suppl. Brettler Decl., dated May 1, 2026 [ECF No. 245] ¶ 3 & Ex. P.) Just days after submitting her original declaration, Abbymc implicitly disavowed her sworn statement in a text message to Bonnell, stating "I don't want to disenfranchise [Plaintiff] or her case but I no longer wish to be part of it the team is misleading and not smart."  (Suppl. Bonnell Decl., dated May 13, 2026, ¶¶ 2-3 & Ex. S.)

11.     Despite representing Abbymc and being in communication with her, Plaintiff's counsel refused to provide Abbymc's contact information for six months. (Brettler Decl., dated Jan. 30, 2026 [ECF No. 212] ¶¶ 4-10 & Exs. A-F.) The newly acquired and submitted declaration from Abbymc, dated April 30, 2026, is not only untimely, as it was procured after the discovery cut-off date, it also demonstrates that Plaintiff was not forthcoming at her deposition regarding her recent correspondence with Abbymc. (Suppl. Brettler Decl., dated May 1, 2026 [ECF No. 245] ¶ 3 & Ex. P.) It was not until after the parties were deposed that Plaintiff's counsel provided the

undersigned with a purportedly recently obtained (new) address for Abbymc. (Camara Decl., dated May 13, 2026, at ¶ 2 & Ex. Q.) Just days after submitting her original declaration, Abbymc implicitly disavowed her sworn statement in a text message to Bonnell, stating "I don't want to disenfranchise [Plaintiff] or her case but I no longer wish to be part of it the team is misleading and not smart." (Suppl. Bonnell Decl., dated May 13, 2026, ¶¶ 2-3 & Ex. S.) Further, Plaintiff injects improper legal argument in her Response to Statement of Facts.

12.     Plaintiff does not dispute that her counsel failed to provide Bonnell with Abbymc's accurate contact information until November 17, 2024. (Brettler Decl., dated Jan. 30, 2026 [ECF No. 212] ¶¶ 11-12 & Exs. G-H.) The newly acquired and submitted declaration from Abbymc, dated April 30, 2026, is not only untimely, as it was procured after the discovery cut-off date, it also demonstrates that Plaintiff was not forthcoming at her deposition regarding her recent correspondence with Abbymc. (Suppl. Brettler Decl., dated May 1, 2026 [ECF No. 245] ¶ 3 & Ex. P.) It was not until after the parties were deposed that Plaintiff's counsel provided the undersigned with a purportedly recently obtained (new) address for Abbymc. (Camara Decl., dated May 13, 2026, at ¶ 2 & Ex. Q.) Just days after submitting her original declaration, Abbymc implicitly disavowed her sworn statement in a text message to Bonnell, stating "I don't want to disenfranchise [Plaintiff] or her case but I no longer wish to be part of it the team is misleading and not smart." (Suppl. Bonnell Decl., dated May 13, 2026, ¶¶ 2-3 & Ex. S.)

14.     Plaintiff does not dispute that Abbymc ignored a valid subpoena. (Brettler Decl., dated Jan. 30, 2026 [ECF No. 212] ¶ 16.) Abbymc is Plaintiff's star witness. Plaintiff should have affirmatively and willingly produced Abbymc for deposition. Further, Plaintiff injects improper legal argument in her Response to Statement of Facts.

15.     Plaintiff submits no admissible evidence to dispute the asserted fact that Bonnell never, at any time, transmitted the Video to Abbymc. Indeed, Plaintiff has submitted no evidence demonstrating an actual transmission of the Video to Abbymc, and Plaintiff testified that she is aware of none. Not only is the newly acquired and submitted Abbymc declaration and exhibit untimely and improper at this stage of the litigation, the declaration and exhibit each constitutes

inadmissible hearsay, is ambiguous as to the sender of the purported message and the content Abbymc supposedly received, and provides no evidence of any transmission of the Video. Fed. R. Civ. P. 801. By contrast Bonnell has submitted documentary evidence that he never transmitted the Video to Abbymc at any time. (Bonnell Decl., dated Jan. 30, 2026 [ECF No. 213] ¶¶ 9-12 & Exs. D-F; Brettler Decl., dated Jan. 30, 2026 [ECF No. 212] Ex. M at 55:7-13; Suppl. Brettler Decl., dated May 1, 2026 [ECF No. 245] ¶ 3 & Ex. P.) Plaintiff does not provide any evidence to dispute this fact. Finally, just days after submitting her original declaration, Abbymc implicitly disavowed her sworn statement in a text message to Bonnell, stating "I don't want to disenfranchise [Plaintiff] or her case but I no longer wish to be part of it the team is misleading and not smart." (Suppl. Bonnell Decl., dated May 13, 2026, ¶¶ 2-3 & Ex. S.)

16.     Plaintiff has submitted no evidence even suggesting that additional media files exist apart from those reflected in in Bonnell's declaration. Bonnell has provided a comprehensive list of all media files he ever transmitted to Abbymc. The Video is not among those files. (Bonnell Decl., dated Jan. 30, 2026 [ECF No. 213] ¶¶ 11-12 & Exs. E-F.)

17.     Plaintiff does not dispute that the file name of the Video appears nowhere in Bonnell's communication log. (Bonnell Decl., dated Jan. 30, 2026 [ECF No. 213] ¶¶ 10-11 & Ex. E.)

18.     Plaintiff does not dispute that Bonnell sent Abbymc just two Google Drive links. Plaintiff submits no evidence that either Google Drive link contained the Video. By contrast, Bonnell has submitted documentary evidence that the Google Drive links did *not* contain the Video. (Bonnell Decl., dated Jan. 30, 2026 [ECF No. 213] ¶12 & Exs. E-F.)

**BONNELL'S RESPONSE TO PLAINTIFF'S ADDITIONAL PURPORTED FACTS**

19.     **Undisputed** to the extent that Bonnell sent the Video to Rose on April 9, 2022, six months before the effective date of CARDII.

20.     **Disputed.** Plaintiff submits no admissible evidence to establish the asserted fact. Plaintiff has submitted no evidence demonstrating an actual transmission of the Video to Abbymc, and Plaintiff testified that she is aware of none. Not only is the newly acquired and submitted

4

Abbymc declaration and exhibit untimely and improper at this stage of the litigation, the declaration and exhibit each constitutes inadmissible hearsay, is ambiguous as to the sender of the purported message and the content Abbymc supposedly received, and provides no evidence of any transmission of the Video. Fed. R. Civ. P. 801. By contrast Bonnell has submitted documentary evidence that he never transmitted the Video to Abbymc at any time. (Bonnell Decl., dated Jan. 30, 2026 [ECF No. 213] ¶¶ 9-12 & Exs. D-F; Brettler Decl., dated Jan. 30, 2026 [ECF No. 212] Ex. M at 55:7-13; Suppl. Brettler Decl., dated May 1, 2026 [ECF No. 245] ¶ 3 & Ex. P.) Finally, Just days after submitting her original declaration, Abbymc implicitly disavowed her sworn statement in a text message to Bonnell, stating "I don't want to disenfranchise [Plaintiff] or her case but I no longer wish to be part of it the team is misleading and not smart." (Suppl. Bonnell Decl., dated May 13, 2026, ¶¶ 2-3 & Ex. S.)

21. **Disputed and Immaterial**. The asserted fact is compound and immaterial to subject matter jurisdiction. Bonnell disputes that he transmitted the Video to Rose without consent. The parties had an implied understanding that they each could share the Video under limited circumstances. (Bonnell Decl., dated Apr. 25, 2025 [ECF No. 42-1] ¶ 7.) Plaintiff herself sent the Video to her then-boyfriend. (Brettler Decl., dated Jan. 30, 2026 [ECF No. 212], Ex. M at 13:3-8; Ex. N at 170:13-171:14.) Bonnell never transmitted the Video to Abbymc at any time. (Bonnell Decl., dated Jan. 30, 2026, ¶¶ 9-12 & Exs. D-F; Brettler Decl., dated Jan. 30, 2026 [ECF No. 212], Ex. M at 55:7-13; Suppl. Brettler Decl., dated May 1, 2026 [ECF No. 245] ¶ 3; Camara Decl., dated May 13, 2026, at ¶ 3 & Ex. R.)

22. **Disputed.** Plaintiff has submitted no evidence demonstrating an actual transmission of the Video to Abbymc, and Plaintiff testified that she is aware of none. (Brettler Decl., dated Jan. 30, 2026 [ECF No. 212], Ex. M at 55:7-13; Suppl. Brettler Decl., dated May 1, 2026 [ECF No. 245] ¶ 3; Camara Decl., dated May 13, 2026, at ¶ 3 & Ex. R.) Not only is the newly acquired and submitted Abbymc declaration and exhibit untimely and improper at this stage of the litigation, the declaration and exhibit each constitutes inadmissible hearsay, is ambiguous as to the sender of the purported message and the content Abbymc supposedly received, and provides no evidence of

any transmission of the Video. Fed. R. Civ. P. 801.  By contrast Bonnell has submitted documentary evidence that he never transmitted the Video to Abbymc at any time. (Bonnell Decl., dated Jan. 30, 2026 [ECF No. 213] ¶¶ 9-12 & Exs. D-F.)

23.    **Disputed** to the extent the text message is evidence of any transmission of the Video to Abbymc. The purported evidence constitutes a text message that Abbymc sent to an unknown person wherein she claims she received a video of Plaintiff from an unknown person and at an unknown time. The purported evidence constitutes inadmissible hearsay. Fed. R. Civ. P. 801. In any event, there is no evidence that Bonnell transmitted the Video to Abbymc at any time, nor is there any evidence that Abbymc was referring to the Video in the November 3, 2023 text message. Finally, Just days after submitting her original declaration, Abbymc implicitly disavowed her sworn statement in a text message to Bonnell, stating "I don't want to disenfranchise [Plaintiff] or her case but I no longer wish to be part of it the team is misleading and not smart." (Suppl. Bonnell Decl., dated May 13, 2026, ¶¶ 2-3 & Ex. S.)

24.    **Disputed and Immaterial**. Plaintiff cites to no evidence at all, let alone any evidence to support the asserted fact. The purported "fact" also is immaterial as it has nothing to do with the Video depicting Plaintiff.

25.    **Disputed and Immaterial**. Plaintiff does not dispute that Bonnell sent Abbymc just two Google Drive links. Plaintiff submits no evidence that either Google Drive link contained the Video. By contrast, Bonnell has submitted documentary evidence that the Google Drive links did not contain the Video. (Bonnell Decl., dated Jan. 30, 2026 [ECF No. 213] ¶12 & Exs. E-F.) The fact also is immaterial as it has nothing to do with the Video depicting Plaintiff.

26.    **Disputed and Immaterial** to subject matter jurisdiction. Plaintiff has the burden of establishing subject matter jurisdiction. Plaintiff has submitted no evidence demonstrating an actual transmission of the Video to Abbymc, and Plaintiff testified that she is aware of none. (Brettler Decl., dated Jan. 30, 2026 [ECF No. 212], Ex. M at 55:7-13; Suppl. Brettler Decl., dated May 1, 2026 [ECF No. 245] ¶ 3; Camara Decl., dated May 13, 2026, at ¶ 3 & Ex. R.) By contrast

Bonnell has submitted documentary evidence that he never transmitted the Video to Abbymc at any time. (Bonnell Decl., dated Jan. 30, 2026 [ECF No. 213] ¶¶ 9-12 & Exs. D-F.)

27.   **Disputed and Immaterial** to subject matter jurisdiction. Plaintiff has the burden of establishing subject matter jurisdiction. Plaintiff has submitted no evidence demonstrating an actual transmission of the Video to Abbymc, and Plaintiff testified that she is aware of none. (Brettler Decl., dated Jan. 30, 2026 [ECF No. 212], Ex. M at 55:7-13; Suppl. Brettler Decl., dated May 1, 2026 [ECF No. 245] ¶ 3; Camara Decl., dated May 13, 2026, at ¶ 3 & Ex. R.) By contrast Bonnell has submitted documentary evidence that he never transmitted the Video to Abbymc at any time. (Bonnell Decl., dated Jan. 30, 2026 [ECF No. 213] ¶¶ 9-12 & Exs. D-F.)

28.   **Disputed and Immaterial** to subject matter jurisdiction. Plaintiff has the burden of establishing subject matter jurisdiction. Plaintiff has submitted no evidence demonstrating an actual transmission of the Video to Abbymc, and Plaintiff testified that she is aware of none. (Brettler Decl., dated Jan. 30, 2026 [ECF No. 212], Ex. M at 55:7-13; Suppl. Brettler Decl., dated May 1, 2026 [ECF No. 245] ¶ 3; Camara Decl., dated May 13, 2026, at ¶ 3 & Ex. R.) By contrast Bonnell has submitted documentary evidence that he never transmitted the Video to Abbymc at any time. (Bonnell Decl., dated Jan. 30, 2026 [ECF No. 213] ¶¶ 9-12 & Exs. D-F.)

29.   **Disputed but Immaterial** to subject matter jurisdiction. Plaintiff has the burden of establishing subject matter jurisdiction. Plaintiff has submitted no evidence demonstrating an actual transmission of the Video to Abbymc, and Plaintiff testified that she is aware of none. (Brettler Decl., dated Jan. 30, 2026 [ECF No. 212], Ex. M at 55:7-13; Suppl. Brettler Decl., dated May 1, 2026 [ECF No. 245] ¶ 3; Camara Decl., dated May 13, 2026, at ¶ 3 & Ex. R.) By contrast Bonnell has submitted documentary evidence that he never transmitted the Video to Abbymc at any time. (Bonnell Decl., dated Jan. 30, 2026 [ECF No. 213] ¶¶ 9-12 & Exs. D-F.)

30.   **Disputed but Immaterial** to subject matter jurisdiction. Plaintiff has the burden of establishing subject matter jurisdiction. Plaintiff has submitted no evidence demonstrating an actual transmission of the Video to Abbymc, and Plaintiff testified that she is aware of none. (Brettler Decl., dated Jan. 30, 2026 [ECF No. 212], Ex. M at 55:7-13; Suppl. Brettler Decl., dated

May 1, 2026 [ECF No. 245] ¶ 3; Camara Decl., dated May 13, 2026, at ¶ 3 & Ex. R.) By contrast Bonnell has submitted documentary evidence that he never transmitted the Video to Abbymc at any time. (Bonnell Decl., dated Jan. 30, 2026 [ECF No. 213] ¶¶ 9-12 & Exs. D-F.) Bonnell objects to the entirety of the Peña Report on the grounds that the witness is not qualified to testify as an expert. Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588 (1993).

31.     **Disputed and Immaterial**. The evidence submitted does not support the disputed fact. Whether Bonnell transmitted sexually explicit material depicting people other than Plaintiff is irrelevant to this case. Plaintiff has submitted no evidence demonstrating an actual transmission of the Video to Abbymc, and Plaintiff testified that she is aware of none. (Brettler Decl., dated Jan. 30, 2026 [ECF No. 212], Ex. M at 55:7-13; Suppl. Brettler Decl., dated May 1, 2026 [ECF No. 245] ¶ 3; Camara Decl., dated May 13, 2026, at ¶ 3 & Ex. R.) By contrast Bonnell has submitted documentary evidence that he never transmitted the Video to Abbymc at any time. (Bonnell Decl., dated Jan. 30, 2026 [ECF No. 213] ¶¶ 9-12 & Exs. D-F.) Bonnell objects to the entirety of the Peña Report on the grounds that the witness is not qualified to testify as an expert. Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588 (1993).

32.     **Disputed and Immaterial** to subject matter jurisdiction. The declarant lacks personal knowledge, and the submitted evidence constitutes inadmissible hearsay, lacks foundation, and calls for speculation. Abbymc is Plaintiff's star witness. Plaintiff should have affirmatively and willingly produced Abbymc for deposition. Plaintiff has the burden of establishing subject matter jurisdiction. Plaintiff has submitted no evidence demonstrating an actual transmission of the Video to Abbymc, and Plaintiff testified that she is aware of none. (Brettler Decl., dated Jan. 30, 2026 [ECF No. 212], Ex. M at 55:7-13; Suppl. Brettler Decl., dated May 1, 2026 [ECF No. 245] ¶ 3; Camara Decl., dated May 13, 2026, at ¶ 3 & Ex. R.) By contrast Bonnell has submitted documentary evidence that he never transmitted the Video to Abbymc at any time. (Bonnell Decl., dated Jan. 30, 2026 [ECF No. 213] ¶¶ 9-12 & Exs. D-F.) Bonnell objects to the entirety of the Peña Report on the grounds that the witness is not qualified to testify as an expert. Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588 (1993).

33.     **Disputed and Immaterial** to subject matter jurisdiction. Plaintiff has the burden of establishing subject matter jurisdiction. Plaintiff has submitted no evidence demonstrating transmission of the Video to anyone on Discord after October 1, 2022, the effective date of CARDII. Bonnell objects to the entirety of the Peña Report on the grounds that the witness is not qualified to testify as an expert. Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588 (1993).

34.     **Disputed and Immaterial** to subject matter jurisdiction. Plaintiff has the burden of establishing subject matter jurisdiction. Plaintiff has submitted no evidence demonstrating transmission of the Video to anyone on Discord after October 1, 2022, the effective date of CARDII. Bonnell objects to the entirety of the Peña Report on the grounds that the witness is not qualified to testify as an expert. Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588 (1993).

35.     **Disputed and Immaterial** to subject matter jurisdiction. Plaintiff has the burden of establishing subject matter jurisdiction. Plaintiff has submitted no evidence demonstrating transmission of the Video to anyone on Discord after October 1, 2022, the effective date of CARDII. Bonnell objects to the entirety of the Peña Report on the grounds that the witness is not qualified to testify as an expert. Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588 (1993).

36.     **Disputed and Immaterial** to subject matter jurisdiction. Plaintiff has the burden of establishing subject matter jurisdiction. Plaintiff has submitted no evidence demonstrating transmission of the Video to anyone on Discord after October 1, 2022, the effective date of CARDII. Bonnell objects to the entirety of the Peña Report on the grounds that the witness is not qualified to testify as an expert. Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588 (1993).

37.     **Disputed and Immaterial** to subject matter jurisdiction. Plaintiff has the burden of establishing subject matter jurisdiction. Plaintiff has submitted no evidence demonstrating transmission of the Video to anyone on Discord after October 1, 2022, the effective date of

9

CARDII. Bonnell objects to the entirety of the Peña Report on the grounds that the witness is not qualified to testify as an expert. Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588 (1993).

38.    **Disputed and Immaterial** to subject matter jurisdiction. Plaintiff has the burden of establishing subject matter jurisdiction. Plaintiff has submitted no evidence demonstrating transmission of the Video to anyone on Discord after October 1, 2022, the effective date of CARDII. Bonnell objects to the entirety of the Peña Report on the grounds that the witness is not qualified to testify as an expert. Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588 (1993).

39.    **Disputed.** Plaintiff does not dispute that an attorney-client relationship existed between Plaintiff's counsel and Abbymc. Plaintiff's counsel sent the undersigned counsel a letter opening, "I am writing to you with regards to my client Abbymc, specifically pertaining to your client Steven K. Bonnell II . . . ." (Brettler Decl., dated Sept. 19, 2025 [ECF No. 132-9] ¶¶ 3, 10 & Ex. A [ECF No. 132-10], Ex. F [ECF No. 132-15]; Brettler Decl., dated Jan. 30, 2026, [ECF No. 212] ¶ 4.) That Plaintiff's counsel is trying to disclaim that they represented and/or still represent Abbymc reeks of bad faith and is belied by the evidentiary record.

40.    **Disputed**. The evidence speaks for itself. Abbymc commented publicly about the subpoena and, during a livestream on or about September 8, 2025, stated that her attorneys advised her to continue evading service of process while continuing to "submit[] evidence." (Brettler Decl., dated Sept. 19, 2025 [ECF No. 132-9] ¶ 12 & Ex. H [ECF No. 132-17].) The newly acquired and submitted declaration from Abbymc, dated April 30, 2026, is not only untimely, as it was procured after the discovery cut-off date, it also demonstrates that Plaintiff was not forthcoming at her deposition regarding her recent correspondence with Abbymc. (Suppl. Brettler Decl., dated May 1, 2026 [ECF No. 245] ¶ 3 & Ex. P.) Just days after submitting her original declaration, Abbymc implicitly disavowed her sworn statement in a text message to Bonnell, stating "I don't want to disenfranchise [Plaintiff] or her case but I no longer wish to be part of it the team is misleading and not smart." (Suppl. Bonnell Decl., dated May 13, 2026, ¶¶ 2-3 & Ex. S.)

41.      **Disputed**. Despite representing Abbymc and being in communication with her, Plaintiff's counsel refused to provide Abbymc's contact information for six months. (Brettler Decl., dated Jan. 30, 2026 [ECF No. 212] ¶¶ 4-10 & Exs. A-F.) The newly acquired and submitted declaration from Abbymc, dated April 30, 2026, is not only untimely, as it was procured after the discovery cut-off date, it also demonstrates that Plaintiff was not forthcoming at her deposition regarding her recent correspondence with Abbymc. (Suppl. Brettler Decl., dated May 1, 2026 [ECF No. 245] ¶ 3 & Ex. P.) It was not until after the parties were deposed that Plaintiff's counsel provided the undersigned with a purportedly recently obtained (new) address for Abbymc. (Camara Decl., dated May 13, 2026, at ¶ 2 & Ex. Q.) Just days after submitting her original declaration, Abbymc implicitly disavowed her sworn statement in a text message to Bonnell, stating "I don't want to disenfranchise [Plaintiff] or her case but I no longer wish to be part of it the team is misleading and not smart." (Suppl. Bonnell Decl., dated May 13, 2026, ¶¶ 2-3 & Ex. S.)

Dated: May 13, 2026

Respectfully submitted,

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580
Fax: (305) 374-7593

By: /s/ *Michael S. Morgan*
Michael S. Morgan
Florida Bar No.: 1061173
mmorgan@bilzin.com

-and-

11

**BERK BRETTLER LLP**
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel: (310) 278-2111

By: /s/ *Andrew B. Brettler*
Andrew Brad Brettler
California Bar No.: 262928
abrettler@berkbrettler.com
Jake A. Camara
California Bar No.: 305780
jcamara@berkbrettler.com
Joel Sichel
California Bar No: 361148
jsichel@berkbrettler.com
(admitted *pro hac vice*)

*Counsel for Steven K. Bonnell II*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 13, 2026, a true and correct copy of the foregoing was

served on all parties via electronic transmission to counsel of record for these parties.

By: /s/ *Michael S. Morgan*
Michael S. Morgan

## SERVICE LIST
*Jane Doe v. Steven K. Bonnell II*
*Case No.: 1:25-cv-20757-JB*

Carlos A. Garcia Perez, Esq. Sanchez-Medina, Gonzalez, Quesada, Lage, Gomez & Machado, LLP 201 Alhambra Circle, Suite 1205 Coral Gables, Florida, 33134
Email: cgarciaperez@smgqlaw.com

*Counsel for Jane Doe*

Joan Schlump Peters, Esq.
JSP LAW, LLC
838 Neapolitan Way, #91, Naples, FL 34103
Email: petersjoan@bellsouth.net