**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 1:25-cv-20757-JB/Torres**

JANE DOE,

      Plaintiff,

v.

STEVEN K. BONNELL II,

      Defendant.

                                    /

## DEFENDANT STEVEN K. BONNELL II'S OPPOSITION TO MOTION TO SEAL

**I.      INTRODUCTION**

Plaintiff filed a federal lawsuit against Bonnell, publicly accusing him of serious misconduct. She has posted repeatedly on social media and elsewhere about the lawsuit and even set up and promoted a public Give-Send-Go page for the purpose of raising money to finance this litigation. Yet, Plaintiff continues to insist that nearly all documents and witness testimony should be sealed from the public. Once again, Plaintiff improperly designated an entire declaration and Bonnell's entire deposition transcript "Confidential." Plaintiff's Motion To Seal must be denied.

Rather than specifying particular portions of the Abbymc declaration and the cited excerpts from Bonnell's deposition transcript that actually contain confidential information, Plaintiff seeks leave to file the entire declaration and deposition transcript under seal, without providing any basis apart from the conclusory and unsupported statement that there exists "good cause" to do so. In reality, apart from masking Abbymc's legal name, nothing contained in her declaration is confidential.[1] Contrary to Plaintiff's contention, there are no "detailed descriptions of intimate and

---

[1] The declarant's legal name is not inherently confidential and does not warrant a sealing order. Nevertheless, for the purposes of this Opposition, Bonnell does not object to redacting her name.

sexual matters" in Abbymc's declaration. Likewise, none of the cited testimony from Bonnell's deposition transcript treads anywhere near confidential territory. The excerpts largely reflect a transcription of one of Bonnell's public livestream recordings and Plaintiff's counsel asking him if the recordings are authentic. Plaintiff's counsel completely misrepresents the contents of the testimony by claiming it includes "sexually explicit content" and a discussion of "intimate and sensitive matters."

## II.      NO GOOD CAUSE EXISTS TO JUSTIFY SEALING OF THE TWO EXHIBITS.

The Eleventh Circuit recognizes a "presumptive common law right to inspect and copy judicial records," grounded in the principle that civil proceedings should be conducted openly. *United States v. Rosenthal*, 763 F.2d 1291, 1293 (11th Cir. 1985); *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). That presumption exists not for the benefit of litigants, but for the public—"an absent third party"—which has standing to challenge improper sealing even where the parties do not. *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992).

Because judicial records are presumptively public, the party seeking to seal them bears the burden of showing good cause. *Romero v. Drummond Co.*, 480 F.3d 1234, 1245-46 (11th Cir. 2007) (holding that materials filed in connection with substantive pretrial motions are subject to the public right of access). Good cause requires more than "stereotyped and conclusory statements," and it demands a balancing of the asserted interests against the public's right of access. *Id.* That showing requires identification of a legitimate privacy interest and a concrete demonstration of how disclosure would cause harm. *Id.*; *see Consejo de Defensa del Estado de la Republica de Chile v. Espirito Santo Bank*, No. 09-20613-CIV-GRAHAM, 2010 WL 2712093,

at *1 (S.D. Fla. July 7, 2010) (emphasizing that the party seeking sealing bears the burden of demonstrating good cause because court proceedings and filings are presumptively public).

Further, the Local Rules of the Court mandate the procedure to follow when a party seeks to make a filing under seal and that a motion to seal (i) "sets forth the factual and legal basis for departing from the policy that Court filings be public" and (ii) "describes the proposed sealed filing with as much particularity as possible without revealing the confidential information." S.D. Fla. L.R. 5.4(b)(1). Plaintiff does neither here with respect to the two exhibits identified in her Motion.

### A. The Abbymc Declaration Is Not Confidential.

Apart from the inclusion of her last name, which can be redacted from the public filing, nothing contained in the declaration of Abbymc is confidential. In fact, Bonnell struggles to find a single paragraph in the declaration that is even arguably confidential and would encourage the Court to review the declaration *in camera* in connection with deciding this Motion. Abbymc does not provide "detailed descriptions of intimate and sexual matters," as Plaintiff falsely asserts in her Motion. (Mot. at 2.) Indeed, Abbymc does not provide *any* description of *any* intimate or sexual matter in her two-page declaration. She identifies herself, explains her relationship to the parties and to Plaintiff's counsel, purports to authenticate a document, and repeats allegations against Bonnell that she and Plaintiff herself already have posted about online. (Abbymc Decl., dated Apr. 30, 2026 [ECF No. 249-1] ¶¶ 1-10.)

### B. The Entirety of Bonnell's Deposition Testimony Is Not Confidential.

No good cause exists to justify a blanket sealing of the entire Bonnell deposition transcript, or any of the cited excerpts from the transcript because none of it contains any confidential information. Courts "routinely deny motions to seal entire deposition transcripts when the designating party has not identified specific portions of the depositions that should be kept confidential." *Mad Room, LLC v. City of Miami*, No. 21-CV-23485, 2023 WL 4571157, at *5-6

(S.D. Fla. July 18, 2023) (holding that a party designating entire deposition transcripts as confidential bears the burden of demonstrating that every portion warrants that protection); *In re Zantac (Ranitidine) Prods. Liab. Litig.*, No. 20-MD-2924, 2022 WL 17480932, at \*2 (S.D. Fla. Dec. 6, 2022) (finding no good cause to seal a deposition transcript in its entirety because, while parts of it included confidential information, other parts did not).

Further, the terms of the Protective Order prohibit the blanket sealing of any deposition transcript and mandates precision:

> Each Party that designates information or items for protection under this Order must take care to limit any such designation to *specific material* that qualifies under the appropriate standards. Each Party must take care to designate for protection *only those parts* of . . . documents that qualify as Confidential information.

(Protective Order, dated Sept. 2, 2025 [ECF No. 116] at ¶ 4) (emphasis added). Plaintiff fails to meet her burden here. Rather than identifying "specific portions" of the transcript that are deserving of protection, Plaintiff instead seeks Confidentiality treatment over the entire 375-page transcript without reason or justification. *Mad Room*, 2023 WL 4571157 at \*5.

In her Opposition to Bonnell's Motion for Summary Judgment, Plaintiff cited to 18 pages of testimony from Bonnell's deposition transcript. Despite her claim that the testimony contains "sexually explicit content" and a discussion of "intimate and sensitive matters" (Mot. at 2), nothing could be further from the truth. Indeed, the testimony upon which Plaintiff relies is almost entirely about the manner and means by which Bonnell preserved evidence. (Bonnell Dep. Tr., dated Apr. 30, 2026 [ECF No. 249-3] at 99:13-100:23, 199:15-200:25, 220:6-221:20, 297:2-20.) Nowhere does Bonnell discuss matters of a "sexual" or "intimate" nature or even mention Plaintiff by name. In fact, the cited excerpts largely reflect a transcription of a public livestream video from September 8, 2025, that Plaintiff's counsel wanted Bonnell to authenticate. (*Id.* at 300:5-304:25,

310:2-314:4.)[2] Plaintiff and her attorneys have grossly misrepresented the contents of the cited deposition testimony in an effort to justify their sealing request. It is simply not true that *any* of the cited testimony contains private or Confidential information.

### C.     Plaintiff Fails To Justify Her Confidential Designations.

The Protective Order sets forth a mandatory procedure for resolving disputes over Confidentiality designations:

> If at any time a Party wishes for any reason to dispute a designation of discovery material as confidential, such Party will notify the designating Party of such dispute in writing . . . . [T]he proponent of confidentiality may apply by motion to the Court for a ruling as to whether the designated material may . . . properly be treated as confidential . . . . *The designating Party shall have the burden of proof on such motion to establish the propriety of its confidentiality designation.*

(Protective Order, dated Sept. 2, 2025 [ECF No. 116] at ¶ 17) (emphasis added).

Here, Bonnell complied with the aforementioned procedure and formally disputed Plaintiff's blanket confidentiality designation of the Abbymc Declaration and the Bonnell deposition transcript. (*See* Brettler Decl., dated May 14, 2026, ¶ 2 & Ex. A ("We object to the confidentiality designations of these exhibits/testimony. None of it is confidential. What portions do you claim are confidential and why?").) Plaintiff's attempt to justify the improper designations consists of the following sentences: "Abbymc's declaration is confidential pursuant to para. 2(c), and 2(e) of the Protective Order. Defendant's deposition transcript was designated confidential pursuant to para. 13 of the Order and has been marked as such." (*Id.*)

Plainly, that is not enough, and, to date, Plaintiff has not filed any motion seeking to maintain her confidentiality designations. Plaintiff cannot rely on the instant Motion to sidestep

---

[2] The only other excerpt from Bonnell's transcript that Plaintiff seeks to file under seal is the portion about Bonnell's communications with "Rose" and his ex-wife. That page contains no confidential information. (Bonnell Dep. Tr., dated Apr. 30, 2026 [ECF No. 294-3] at 122:1-25.)

the Protective Order's procedures. Absent a timely motion, with the requisite showing, Plaintiff cannot invoke the Protective Order, by itself, as a basis for sealing.

## III.    CONCLUSION

For the reasons stated herein, Bonnell respectfully requests that the Court deny Plaintiff's Motion to Seal [ECF No. 251] except to permit Plaintiff to redact Abbymc's legal name from her declaration.

Dated: May 14, 2026

Respectfully submitted,

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580
Fax: (305) 374-7593

By: /s/ *Michael S. Morgan*
Michael S. Morgan
Florida Bar No.: 1061173
mmorgan@bilzin.com

and

**BERK BRETTLER LLP**
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel: (310) 278-2111

By: /s/ *Andrew B. Brettler*
Andrew Brad Brettler
California Bar No.: 262928
abrettler@berkbrettler.com
Jake A. Camara
California Bar No.: 305780
jcamara@berkbrettler.com
Joel Sichel
California Bar No: 361148
jsichel@berkbrettler.com
(admitted *pro hac vice*)

*Counsel for Steven K. Bonnell II*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 14, 2026, a true and correct copy of the foregoing was

served on all parties via electronic transmission to counsel of record for these parties.


By: /s/ *Michael S. Morgan*
　　Michael S. Morgan


## SERVICE LIST
*Jane Doe v. Steven K. Bonnell II*
*Case No.: 1:25-cv-20757-JB*

Carlos A. Garcia Perez, Esq. Sanchez-　　　*Counsel for Jane Doe*
Medina, Gonzalez, Quesada, Lage, Gomez &
Machado, LLP 201 Alhambra Circle, Suite
1205 Coral Gables, Florida, 33134
Email: cgarciaperez@smgqlaw.com

Joan Schlump Peters, Esq.
JSP LAW, LLC
838 Neapolitan Way, #91, Naples, FL 34103
Email: petersjoan@bellsouth.net

7