# NEW EXHIBIT A

**From:** **Andrew Brettler** abrettler@berkbrettler.com
**Subject:** Re: Meet and Confer
**Date:** May 12, 2026 at 12:48 PM
**To:** Joan peters petersjoan@bellsouth.net
**Cc:** Carlos Garcia Perez cgarciaperez@smgqlaw.com, Gustavo D. Lage GLage@smgqlaw.com, Jake Camara jcamara@berkbrettler.com, Joel Sichel jsichel@berkbrettler.com, Michael S. Morgan Mmorgan@bilzin.com



We object to your proposed motion to seal anything except for Abbymc's legal name. The burden remains on your client to justify your other improper designation. To date, you haven't filed such a motion. Pursuant to the terms of the Protective Order, unless you do so (soon) the documents will no longer retain such a designation. Since day one, we've objected to your improper, blanket designations. If you want them to remain in place, file a motion with the Court justifying the need for confidentiality. The process you set out below is inconsistent with the Protective Order. Also you lost your motion seeking a gag order against Mr. Bonnell. Your threats are not well-taken. All rights reserved.

**Andrew B. Brettler** I BERK BRETTLER LLP
9119 W. Sunset Blvd. I West Hollywood, CA 90069
O: +1.310.278.2111 I M: +1.917.620.2726

On May 12, 2026, at 12:39 PM, Joan peters <petersjoan@bellsouth.net> wrote:

Andrew,

Your email conflates two distinct provisions of the Protective Order and ignores a third.

1. Paragraph 12 — Sealing of court filings. Paragraph 12 places the obligation to move for sealing on the party using the designated material in a court filing: "Any Party seeking to use documents, excerpts of documents, transcripts or other materials containing or reflecting Confidential Information shall file a motion or an application for an order sealing the specific record sought to be filed or lodged with the Court." That is why Defendant himself filed a motion for leave to file portions of Plaintiff's deposition transcript under seal in support of his MSJ. Plaintiff will likewise file motion(s) to seal the corresponding exhibits to her MSJ opposition. That obligation flows from Plaintiff's status as the filer under Paragraph 12 — not, as your email suggests, from any burden under Paragraph 17.

2. Paragraph 17 — Challenges to designation. The burden allocation you cite (designating party bears the burden "on such motion") arises only on a motion that is itself the product of a properly invoked Paragraph 17 process. That process requires the challenging party to (a) provide written notice "specifying by exact document numbers (e.g., Bates stamp) the material in dispute and the precise nature of the dispute with regard to each document or other material," and (b) meet and confer in good faith. The 30-day window for a motion runs only after a good-faith meet-and-confer fails. Your email — stating only that "[w]e challenge both designations" without identifying pages, lines, or any item-by-item basis — does not satisfy Paragraph 17. Until it does, the designations remain in force under Paragraphs 1, 7, and 12. Moreover, contrary to the assertions that were made in your Motion to file under seal — DE 246— you never objected in writing per para 17 to the designation of Plaintiff's TR as confidential and you never attempted "to resolve this dispute."

We note your concession that Abbymc's legal name is "arguably confidential." That is consistent with Paragraph 2(c) of the Order and is dispositive as to a substantial portion of the Abbymc materials.

3. Paragraph 7 — Ongoing violations. Wholly apart from the foregoing, Defendant has discussed specific portions of both his own and Plaintiff's deposition testimony on his livestreams and chat threads. Paragraph 7 prohibits, without qualification, any discussion of Confidential Information on "any online broadcast, podcast, stream, post or direct message." That prohibition is in force unless and until a designation is successfully challenged through Paragraph 17 — which has not occurred. Defendant's self-help — publicly disclosing designated testimony and then asserting the designation is invalid — violates the Order. Under Paragraph 9, this exposes Defendant to contempt, injunctive relief, and damages. Paragraph 24 makes the Order enforceable by injunction.

Going forward:

   • Plaintiff will file motion(s) to seal her MSJ opposition exhibits pursuant to Paragraph 12, as Defendant has done for his own filing. You have stated that you do not agree with the relief sought, other than your concession that the legal name of non-party witness Abbymc is "arguably confidential," so we will proceed accordingly and include your position in our certificate of conferral.

   • If Defendant intends to dispute any Paragraph 13 designation, including that of the transcripts of both Plaintiff and Defendant's depositions, he must serve a written challenge that complies with Paragraph 17 — identifying the disputed pages and lines and the precise basis for the challenge as to each. A blanket assertion that the designations are improper is facially inadequate. particularly given that (i) Plaintiff's legal name and identifying information, as well as that of her spouse, appear throughout her deposition transcript and are protected under Paragraph 2(b); (ii) substantial portions of both transcripts contain testimony about intimate and sexual matters covered by Paragraph 2(e); and (iii) portions discuss Plaintiff's mental health and counseling, covered by Paragraph 2(d). Upon receipt of a compliant, item-by-item challenge, we will meet and confer promptly.

   • Defendant must immediately cease all further discussion of designated portions of either transcript on any stream, broadcast, podcast, post, or direct message; take down or otherwise remove existing streams, clips, VODs, and posts in which he has discussed designated portions, and direct any hosting platform to do the same; and preserve all such materials in native format with metadata intact. Please confirm compliance in writing . Absent confirmation, Plaintiff will seek relief from the Court without further notice.

All rights and remedies reserved, including the right to seek contempt, injunctive relief, sanctions, fees, and damages under Paragraphs 9 and 24.

> On May 12, 2026, at 2:42 PM, Andrew Brettler <abrettler@berkbrettler.com> wrote:
>
> We challenge both designations and have from the beginning. Apart from Abbymc's legal name (which itself is arguably confidential), the designations are improper and without any basis. As the designating party, Plaintiff has the burden to justify the designation by filing a motion. See the Protective Order.
>
> **Andrew B. Brettler** I BERK BRETTLER LLP
> 9119 W. Sunset Blvd. I West Hollywood, CA 90069

O: +1.310.278.2111 | M: +1.917.620.2726

On May 12, 2026, at 11:38 AM, Joan peters <petersjoan@bellsouth.net> wrote:

Abbymc's declaration is confidential pursuant to para. 2 (c), and 2 (e) of the Protective Order. Defendant's deposition transcript was designated confidential pursuant to para. 13 of the Order and has been marked as such. There has been no challenge to that designation.

On May 12, 2026, at 1:44 PM, Andrew Brettler <abrettler@berkbrettler.com> wrote:

Thank you. We object to the confidentiality designations of these exhibits/testimony. None of it is confidential. What portions do you claim are confidential and why?

**Andrew B. Brettler** | BERK BRETTLER LLP
9119 W. Sunset Blvd. | West Hollywood, CA 90069
O: +1.310.278.2111 | M: +1.917.620.2726

On May 12, 2026, at 10:36 AM, Joan peters <petersjoan@bellsouth.net> wrote:

Exh A is the Abbymc declaration dated April 30, 2026 that was already provided to you — attached here for your convenience. Exh. C is excerpts from the deposition TR of defendant: pp. 99, 100, 122, 199, 200, 220, 221, 297, 300-304, 310-314.

On May 12, 2026, at 1:19 PM, Andrew Brettler <abrettler@berkbrettler.com> wrote:

Please send us the unredacted documents.

**Andrew B. Brettler** | BERK BRETTLER LLP
9119 W. Sunset Blvd. | West Hollywood, CA 90069
O: +1.310.278.2111 | M: +1.917.620.2726

On May 12, 2026, at 10:17 AM, Joan peters <petersjoan@bellsouth.net> wrote:

Counsel:
Pursuant to the Protective Order Governing discovery (DE 116), we will be filing a motion for leave to file under seal exhibits A and C of our Opposition to the MSJ, DEs 249-1 and 249-3.  Please advise whether you agree to the relief we are seeking.
Thanks,

*Joan Schlump Peters, Esq.*
JSP Law LLC
838 Neapolitan Way, #91
Naples, FL 34103
T. 305-299-4759

< █████████ statement 4-30-2026.pdf>