**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**JANE DOE,**                                            **CASE NO.: 1:25-cv-20757-JB/Torres**

      Plaintiff,

v.

**STEVEN K. BONNELL II,**

      Defendant.

_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS**
**UNDER FRCP 37(e)(2) FOR DEFENDANT'S SPOLIATION OF EVIDENCE**

THIS CAUSE came before the Court on Plaintiff Jane Doe's Motion for Sanctions Under FRCP 37(e)(2) for Defendant's Spoliation of Evidence (the "Motion"). The Court has considered the Motion, Defendant's response, Plaintiff's reply, the supporting declarations and exhibits, the parties' oral argument, the record in this action, and applicable law. Being otherwise fully advised in the premises, the Court finds and concludes as follows:

Plaintiff has established by the requisite showing each precondition for sanctions under Federal Rule of Civil Procedure 37(e): (1) electronically stored information (ESI) that should have been preserved in the anticipation or conduct of this litigation was lost; (2) the ESI was lost because Defendant Steven K. Bonnell II failed to take reasonable steps to preserve it; and (3) the ESI cannot be restored or replaced through additional discovery. Fed. R. Civ. P. 37(e); *Skanska USA Civil Southeast Inc. v. Bagelheads, Inc.*, 75 F.4th 1290, 1311 (11th Cir. 2023).

The Court further finds that Defendant acted with the intent to deprive Plaintiff of the use of the lost ESI in this litigation, as required for sanctions under Rule 37(e)(2). *Id.* at 1312–1313.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.      Plaintiff's Motion is **GRANTED**.

2.      The Court finds, pursuant to Fed. R. Civ. P. 37(e)(2), that Defendant Steven K. Bonnell II intentionally spoliated electronically stored information with the intent to deprive Plaintiff of its use in this litigation.

3.      Defendant's defenses are hereby **STRICKEN**, and judgment is entered in favor of Plaintiff and against Defendant as to liability on Plaintiff's claim under 15 U.S.C. § 6851.

*In the alternative, in the event the Court does not enter the relief in Paragraph 3:*

4.      It is established as a matter of fact, for purposes of summary judgment and trial, that the Google Drive files Defendant transmitted to Abbymc in 2023 — including the April 24, 2023, May 5, 2023, and two November 3, 2023 Google Drive links reflected in Defendant's own produced chat thread (SB000006-41) — included one or more of the three intimate recordings of Plaintiff that Defendant admitted at deposition he created during their relationship.

5.      In the further alternative, at trial the jury shall be instructed that it *must presume* (or, in the further alternative, *may presume*) that the Google Drive files Defendant transmitted to Abbymc in 2023 — including the April 24, 2023, May 5, 2023, and two November 3, 2023 Google Drive links reflected in Defendant's own produced chat thread (SB000006-41) — included one or more of the three intimate recordings of Plaintiff that Defendant admitted at deposition he created during their relationship.

6.      Plaintiff is **AWARDED** her reasonable attorneys' fees and costs incurred in bringing the Motion. Plaintiff shall file, within thirty (30) days of this Order, a fee petition supported by contemporaneous time records and a sworn declaration. Defendant may file any opposition within fourteen (14) days thereafter.

DONE AND ORDERED in Chambers in Miami, Florida, this \_\_\_\_\_ day of

_____, 2026.

_____
**HON. JACQUELINE BECERRA**
UNITED STATES DISTRICT JUDGE

cc: All counsel of record