EXHIBIT B
Redacted



Attorneys  SMGQLAW.com

January 22, 2025

Mr. Steven K. Bonnell II
1504 Bay Road, Apt. 2012
Miami Beach, FL 33139
*via Hand Delivery and*
*email:* contact@destiny.gg

**RE:**       **Demand for Preservation of Evidence**
                **In the Matter of** █████████████ **v. Steven Bonnell**

Dear Mr. Bonnell:

I write as counsel for my client, Ms. ██████████████, to advise you of a claim of damages and other relief against you, and/or any entity in which you may have an interest, arising out of the above-captioned matter (hereinafter this "matter"). Commencing in or about January 2022, intimate images/videos of Ms. ████████ were unlawfully disclosed and/or distributed without her knowledge or consent. These images/videos have been disseminated on social media platforms, websites and other online channels and have caused significant harm to Ms. ████████ privacy, dignity and well-being. You are hereby advised of your legal obligation to preserve, maintain, prevent spoliation of, and not destroy any evidence which in any way relates to this matter.

Specifically, you must ensure the preservation of the following evidence and avoid its spoliation in any way, shape or form:

1. Electronically Stored Information ("ESI"): Any and all communications, including but not limited to emails, text messages, direct messages, or other forms of electronic communication, containing the intimate images/videos or references to them, or in any way related to the matter, or between you and Ms. ████████, and/or about Ms. ████████.
2. Website Data: Any evidence related to the posting of the intimate images/videos on websites, forums, or blogs, including IP addresses, usernames, metadata, and logs of users who have accessed, downloaded, or shared the images/videos.
3. Images and Videos: Any and all intimate images, videos, or recordings in your possession, whether stored on digital platforms, devices, or in any other format.
4. Metadata: Associated metadata for any images/videos, including timestamps, file origins, device details, IP addresses from which the images/videos were uploaded or shared, and any other identifying or tracking data.
5. Storage Media: Any physical or digital media (e.g., hard drives, cloud storage, backup files, etc.) that may contain relevant copies of the intimate images, videos or any associated communications.

Demand for Preservation of Evidence
In the Matter of ████████████ v. Steven Bonnell
Page – 2 –

6. <u>Third-Party Information</u>: Any evidence or information regarding third-party individuals or entities who may have been involved in the dissemination of the images or videos or who have interacted with the material in any way.

7. <u>Statements</u>: Any recorded or written statements you gave to anyone concerning the matter; and any recorded or written statements you received from anyone concerning the matter.

You must immediately take all necessary measures to preserve the above-listed evidence in its current form, including ensuring that no data is modified, overwritten, or deleted. With respect to ESI, adequate preservation of ESI requires more than simply refraining from efforts to delete, destroy or dispose of such evidence. You must intervene to prevent loss due to routine operations or active deletion by employing proper techniques and protocols to preserve ESI. *Many routine activities serve to irretrievably alter evidence and constitute unlawful spoliation of evidence.* You are directed to immediately initiate a litigation hold for potentially relevant ESI, documents and tangible things and to act diligently and in good faith to secure and audit compliance with such litigation hold. You are further directed to immediately identify and modify or suspend features of your information systems and devices that, in routine operation, operate to cause the loss of potentially relevant ESI.

Nothing in this demand for preservation should be read to limit or diminish your concurrent common law and statutory obligations to preserve documents, tangible things and other potentially relevant evidence.

Thank you for your full cooperation and prompt attention in ensuring no spoliation of evidence occurs concerning documents or intangible evidence related to this incident. If you have any questions, please contact my office.

Very truly yours,

Carlos A. Garcia Perez

CGP No. ██████████████

**CUSTOMER RECEIPT**

**EXECUTIVE**
MESSENGER SERVICE
executivemessengerservice.com

Date 01/23/2025

Job No. 4124

Contractor 376

Pick-Up Address 201 Alhembra Cir 1205

Delivery Address 1504 Bay Rd 2012

Contractor Signature

Dade
**(305) 373-3443**

Thank You
Limit of liability $50.00 subject to conditions on the reverse side.

**Angie Velando**

| | |
|---|---|
| **From:** | Angie Velando |
| **Sent:** | Thursday, January 23, 2025 2:59 PM |
| **To:** | contact@destiny.gg |
| **Cc:** | Carlos Garcia Perez |
| **Subject:** | Demand for Preservation of Evidence - In the Matter of ███████ v. Steven Bonnell |
| **Attachments:** | Lt Preserve - 1-23-2025.pdf |

Attached please find a letter from attorney Carlos A. Carcia Perez regarding ███████ claim for damages against Steven K. Bonnell II.

Please govern yourself accordingly.

ANGIE VELANDO, FRP
Assistant

SM
GQ   ATTORNEYS  SMGQLAW.COM

SANCHEZ MEDINA, GONZALEZ, QUESADA,
LAGE, GOMEZ  MACHADO LLP

201 Alhambra Circle | Suite 1205 | Miami, Florida 33134
Office: 305.377.1000 Ext. 122 | Fax: 855.327.0391
angie@smgqlaw.com | **SMGQLAW.com**

1