EXHIBIT F

| | |
|---|---|
| **From:** | petersjoan |
| **To:** | Andrew Brettler; Carlos Garcia Perez; Angie Velando; Gustavo D. Lage; Jake Camara; Patricia M. Patino; Robert "Bob" L. Raskopf; Joel Sichel; Maria Favela |
| **Subject:** | Defendant"s Document Production |
| **Date:** | Thursday, September 18, 2025 4:26:43 PM |
| **Attachments:** | image.png image.png image.png |

SECURITY NOTE: *This email has originated from OUTSIDE of SMGQ Law. Please exercise caution with attachments and links *

Counsel:

On behalf of the Plaintiff in the above-referenced matter, we hereby demand inspection of the Defendant's preserved forensic images and data exports to address discovery issues concerning the Defendant's alleged sharing of the pertinent video(s) via Google Drive. Specifically, we seek evidence that the video(s) were shared for public viewing through one or more Google Drive links and to ascertain the date range of availability between April 1, 2022, and November 30, 2024.

The Defendant's declaration states that (Bonnell Decl. ¶¶ 19-21), after receiving the litigation hold notice in January 2025, he preserved documents but subsequently deleted the video(s) in question. Best practices for a litigation hold entails the creation of forensic images to preserve potentially responsive content, and all indications are that the Defendant took such measures to comply and therefore must have forensic images available for examination. These images, capturing the state of the Defendant's computers and mobile devices as of January 2025, are the best available evidence and the preferred ones to examine, as the Defendant's current devices may either lack responsive data due to admitted removal of content or may not even be the devices used during the pertinent timeframe of April 1, 2022, to November 30, 2024.

Furthermore, we expect that the Defendant's litigation hold, again consistent with standard preservation practices, included a Google Takeout export of the Defendant's Google account data (e-mail and Google Drive documents) associated with his email addresses steven.bonnell@gmail.com, steven.bonnell.ii@gmail.com, and any others used during the relevant date range. Additionally, we expect a complete export of the Defendant's Discord chats from April 1, 2022, to November 30, 2024, as these may contain evidence of sharing or discussions related to the Google Drive video(s). These preserved data exports are critical to establishing the scope and timeline of the video's availability.

To resolve this, we propose engaging a neutral third-party forensics expert to examine the Defendant's preserved forensic images and data exports. Our proposal is as follows:

1. Each party will submit the names of three candidate neutral forensics experts with expertise in digital forensics, particularly in analyzing Google Drive-related activity artifacts (e.g., browser history, app logs, registry entries, system metadata), Google Takeout data (GMAIL and Google Drive documents) , and Discord chat exports.

2. The parties will mutually select one expert from the submitted candidates to ensure impartiality.

3. The Plaintiff's expert will draft an initial inspection protocol, strictly limited to identifying artifacts related to Google Drive file sharing (e.g., link generation, access logs, timestamps), GMAIL and Discord (e.g., emails/chats with Google Drive links referring to the pertinent video, excluding

unrelated data to protect privacy.

4. The Defendant's expert will review the initial protocol and propose revisions, with both parties working collaboratively to finalize an agreed-upon protocol.

5. The selected neutral expert will examine the preserved forensic images of the Defendant's computers and mobile devices, as well as the Google Takeout export and Discord chat export, conducting the analysis per the agreed protocol and reporting findings to both parties.

6. Costs for the neutral expert will be shared equally between the parties, or as otherwise agreed.

This approach ensures a focused, impartial, and efficient examination of the preserved images and data exports, which are most likely to contain relevant evidence from the pertinent timeframe, while avoiding unnecessary intrusion into the Defendant's current devices. We believe this will facilitate resolution without further motion practice.

Additionally, the recently provided production via DropBox is missing a material amount --at least 345 -- responsive documents that are being withheld by one of your attorneys, and it is a serious discovery violation. As seen below in figures (a-c), the files referenced in the embedded links denoted by "Image attachment" have not been produced and remain stored (in part) on Joel Sichel's Downloads folder. Again, these were NOT produced and must be without delay.

Moreover, the format of Defendant's production was not in a standard load file. When reproducing to include the missing documents/images, please reproduce using a standard load file format using the attached specifications. This is necessary to ensure compliance with discovery obligations and to facilitate review of the responsive data.

Figure (a)



Figure (b)



Figure (c)



Please confirm the availability of the forensic images, Google Takeout (GMAIL and Google Drive documents export, and Discord chat export, and provide your feedback on this proposal by September 23, 2025. Additionally, confirm the timeline for reproducing the revised production in the requested Concordance format.

We are available for a meet and confer call to discuss further. Please advise as to your availability.

Regards,

Joan