EXHIBIT H



ATTORNEYS | SMGQLAW.COM

Carlos A. Garcia Perez, Esq.
CGarciaPerez@SMGQLaw.com

October 17, 2025

Andrew. Brettler
Jake A. Camara
Berk Brettler LLP
9119 W. Sunset Blvd.
W. Hollywood, CA 90069-3106

Robert L. Raskopf
Patricia M. Patino
Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131

RE:   JANE DOE vs STEVEN K. BONNELL, II
      U.S. District Court Case No:  1:25-cv-20757-JB/Torres

Dear Counsel:

Defendant Steven Bonnell's Responses to Plaintiff's Requests for Production of Documents, and document production, are materially deficient, non-compliant and incomplete, as detailed below.

### Forensically Unsound Preservation

Defendant did not use forensically sound methods to preserve his ESI evidence. Specifically, the essential step of generating cryptographic hash values at the time of collection was omitted, thus the entire document production is unreliable. These hashes are unique digital identifiers that assure integrity. Without an initial hash value to compare against, any subsequent analysis or attempt to reproduce findings is based on unauthenticated and unreliable data. The Defendant's mismanagement of the ESI effectively breaks the chain of custody, preventing any reliable verification that the evidence remains in its original state.

### Production Format is Non-Compliant

Plaintiff's Request for Production specifically requested that all metadata be provided: "Provide all metadata, including but not limited to timestamps, file origins, IP addresses, and modification history…" See Requests, p. 3, ¶3. The Requests defined metadata as "any system-generated data associated with a file or post or direct message on any social media or digital platform or any website, including but not limited to upload time stamps, file origins, IP addresses, device identifiers, edit history, and content source URLs." Id. pp. 3-4. Defendant failed to produce his documents as native files, which inherently contain metadata. Instead, Defendant produced a non-compliant PDF with no metadata. In Defendant's Response to Plaintiff's Interrogatory No. 19, he states: "Each platform on which any relevant communications existed offers a built-in process for users to request and download a complete copy of their account data, including all messages and associated metadata." Defendant in fact did not do so, and must do so.

Furthermore, the communications between Defendant and inbloom1991 were input into an Excel sheet—clearly not in their original format. (SB 000004-41). The original format of these communications must be provided.

re:  Doe vs Bonnell
September 24, 2025
Page 2

### **Production is Incomplete**

Attachments or embedded links to the communications that were produced were either not provided or provided in a way in which the sender, recipient and date are unidentifiable. See, e.g., S.B.000169 to S.B.000399. The attachments or embedded links that were referenced in Defendant's communications with Rose, Straighterade, and Pxie were not included despite the fact that they were specifically requested. Some attachments to the communications between Abbymc and Defendant were provided, but only those sent by Abbymc, and not those sent by Defendant. The communications produced between Defendant and I.C. Wiener is only one-sided, and fails to include any of Defendant's responses. (SB 000063- 000168). Defendant's production must be supplemented.

### **Objections to Responses to Specific Requests**

**Request No. 1**
Copies of all statements, sworn or unsworn, made by you in the past, including verbal statements that have been transcribed, that have any relationship to the allegations in the Complaint, including but not limited to statements made on any social media platform or in public forum, or deposition in which you have participated.

OBJECTION:
Defendant's production is incomplete and insufficient. It is well established that Defendant has a proclivity for posting on social media about this lawsuit, including livestreams in which he discusses the case, reads court filings, and provides commentary. Yet Defendant has failed to produce a single responsive document to this Request. The omission of social media posts, livestream transcripts, or other related statements is improper. Plaintiff demands that Defendant supplement his production without delay.

**Request No. 3**
All documents and/or communications identified, or that you relied on, or that support, each of your Affirmative Defenses in your Answer to the Complaint (Dkt. 17).

OBJECTION:
Defendant asserted fourteen affirmative defenses. Plaintiff objects to Defendant Bonnell's Response to Request for Production No. 3 on the grounds that the production to date is incomplete and insufficient. To date, Defendant has failed to produce documents sufficient to support his asserted defenses. The limited materials produced do not demonstrate any evidentiary basis for the defenses and appear to omit categories of responsive documents that Defendant would reasonably be expected to possess. Defendant must produce them or provide an amended response confirming that no such additional documents exist.

**Request No. 4**
All documents and/or communications identified, or that you relied on, or that support, your responses to Plaintiff's First Set of Interrogatories.

re:  Doe vs Bonnell
September 24, 2025
Page 3

OBJECTION:
Plaintiff objects to Defendant's Response on the grounds that the production to date is incomplete and insufficient. Defendant has failed to produce documents sufficient to support his interrogatory responses. The limited materials provided omit categories of responsive documents that Defendant would reasonably be expected to possess. In Defendant's Response to Interrogatory No. 21, he states that after November 29, 2024, he "contacted the websites hosting the Video by e-mail and filed reports with those websites to request removal of the content. In addition, Bonnell retained a law firm to assist with efforts to have the video removed from websites, servers, and platforms on which it had been published." Defendant produced only two supporting documents, SB00003 and SB00004, for this response. Defendant must produce additional documents or provide an amended response confirming that no such additional documents exist.

**Request No. 5**
All documents and/or communications that support each of your denials of any of Plaintiff's Requests for Admissions.

OBJECTION:
Defendant's response to RFA no. 12 was a denial. Provide the evidence that supports that denial by producing defendant's direct messages with the individual with the Discord screenname liquidlaugh. Defendant must produce these documents without delay or provide an amended response to RFA no. 12 admitting that he deleted the messages.

**REQUEST No. 9**
All documents identified in Your Initial Disclosures.

OBJECTION:
Defendant has failed to produce *any* documents in the following categories of documents which he identified in his Initial Disclosures as relevant documents in his possession:  public social media posts by plaintiff concerning Defendant; Plaintiff's written Substack statements concerning defendant; KiwiFarms data concerning Plaintiff and Defendant; YouTube videos; Tweets regarding Plaintiff and or Defendant (only one screenshot, SB 000550); Instagram messages regarding Plaintiff and or Defendant (only one screenshot SB 001453); Snapchat messages regarding Plaintiff and or Defendant; Telegram messages regarding Plaintiff and or Defendant; WhatsApp messages regarding Plaintiff and or Defendant; Signal messages regarding Plaintiff and or Defendant. These documents were specifically identified by Defendant and specifically requested by Plaintiff and must be produced immediately.

**REQUEST No. 12**
Each and every Google Drive shared link you have ever sent to any individual containing intimate images since September 1, 2020.

OBJECTION:
Defendant has only produced some links contained in his conversations to Rose and Abby. This production is incomplete and insufficient. It has been established that Defendant used Google Drive links frequently to share videos/images of this nature. By Defendant's own admission, he

re:  Doe vs Bonnell
September 24, 2025
Page 4

has preserved these communications, and thus it should not be unduly burdensome to produce them. Defendant's objections to this request are invalid. The requested documents are directly relevant to Plaintiff's allegations in her Amended Complaint. Plaintiff demands supplementation without delay.

**REQUEST No. 13**
Each and every publicly or privately posted comment or statement or media content that you have made about Plaintiff or that is in any way related to the allegations of the Complaint or your affirmative defenses since January 1, 2025 to date.

OBJECTION:
Defendant's production is incomplete and insufficient. Defendant has repeatedly posted on social media and livestreamed discussions about this case, including commentary on filings and derogatory comments towards Plaintiff. Yet he has failed to produce a single responsive document to this Request. Defendant's objections to this request are not valid. Plaintiff demands supplementation without delay.

**REQUEST No. 14**
All documents and/or communications that support your allegation in docket 42-1 at paragraph 22 that you "have lost tens of thousands of subscribers and an estimated $300,000 in revenue."

OBJECTION:
Defendant's production is incomplete and insufficient. Defendant has produced only two documents: an email pausing sponsorships and a single invoice—both of which fall far short of substantiating the alleged $300,000 in lost revenue. If Defendant has no further responsive documents, he must amend his response to so state.

**REQUEST No. 15**
All documents and/or all communications you have had with a) the individual with the screen name Rose, and b) the individual with the screen name Solotinyleaks, including but not limited to dates, platforms used, and the content of the communications.

OBJECTION:
Although Defendant produced communications between him and Rose, he failed to include *any* of the attachments from these communications. Nor was any metadata provided. Defendant failed to produce any communications with Solotinyleaks, despite the fact that it has been publicly confirmed that Bonnell did communicate with Solotinyleaks. If none exist, Defendant must amend his response to confirm as much. Defendant's objections to this request, which were not valid, were waived by his production of his chat thread with Rose. Defendant must produce immediately all communications with Solotinyleaks and all attachments referenced in his communications with Rose.

**REQUEST No. 16**
All documents and/or communications that you allegedly have preserved and/or deleted pursuant to your declaration at docket 42-1 at paragraphs 20 and 21, including any and all documents and/or

re:  Doe vs Bonnell
September 24, 2025
Page 5

communications with any relationship to the allegations of the Complaint or your affirmative defenses that you have preserved and/or deleted.

OBJECTION:
Defendant produced communications with only six individuals and a partial screenshot of a conversation with "Darius" but failed to provide the full exchange. Plaintiff has knowledge of other responsive communications that have not been produced. If Defendant has properly preserved evidence as represented to the Court, supplementation should not be unduly burdensome. Plaintiff demands supplementation without delay.

**REQUEST No. 18**
All documents and/or communications that has any relationship to any efforts you took, since November 29, 2024 to date, to remove the Video from the online platforms on which it was or is hosted.

OBJECTION:
Defendant produced only two documents. If these constitute the entirety of responsive materials, Defendant must amend his response to so state.


Defendant's responses fall short of the requirements of Rule 34. Plaintiff demands that Defendant serve full and complete amended responses and produce all documents he has improperly withheld within five (5) calendar days.

Sincerely,

Carlos A. Garcia Perez


CGP/JP/avp