EXHIBIT J



Carlos A. Garcia Perez, Esq.
CGarciaPerez@SMGQLaw.com

November 18, 2025

Andrew. Brettler
Jake A. Camara
Berk Brettler LLP
9119 W. Sunset Blvd.
W. Hollywood, CA 90069-3106

Patricia M. Patino
Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131

RE:   JANE DOE vs STEVEN K. BONNELL, II
      U.S. District Court Case No:  1:25-cv-20757-JB/Torres

Dear Counsel:

This letter identifies the outstanding deficiencies in Defendant Bonnell's responses and productions regarding Plaintiff's First and Second Sets of Requests for Production. Many of these issues have been raised previously (including in my email dated September 18, and objection letters dated October 17 and 24, and your responses dated September 22 and November 12). The deficiencies remain unresolved, and with the discovery cutoff approaching on December 16, we need to obtain your availability for a hearing on our forthcoming motion to compel. The Court is offering availability on the morning of December 4, 2025. This letter serves as our pre-meet-and-confer summary of deficiencies.

## I. FIRST SET OF RFPs – DEFICIENCIES
### 1. Production Format Deficiencies – Non-Compliant With Rule 34
As fully set forth in our October 17 objection letter, your productions remain forensically unsound and non-compliant, and are incomplete. The problems include:
- No hash values
- No metadata
- Non-compliant PDF instead of native files
- Failure to provide original formats of communications
- Export files with missing headers, timestamps, or message IDs
- Attachments or embedded links to the communications that were produced were either not provided or provided in a way in which the sender, recipient and date are unidentifiable.

Your November 12 response letter did not address these issues; it simply referenced your earlier September 22 letter, which only declined a forensic exam and did not offer compliant production. These deficiencies prevent verification of authenticity and completeness.

### 2. RFP 1 & 13 – Defendant's Public Statements
As set forth in our October 17 letter, Defendant made multiple public statements, including immediately after Plaintiff's Substack post regarding the events at issue in this matter, yet you produced none. These are plainly within Defendant's possession, custody, and control and must be produced.

re:  Doe vs Bonnell
November 18, 2025
Page 2

**3. RFP 5 – Deletion Issue / RFA 12 Conflict**

As set forth in our October 17 letter, Defendant denied deleting his DMs with LiquidLaugh (see Response to RFA 12), but he produced no messages, and offered no explanation for their absence. If messages once existed and no longer do, the RFA answer must be amended and the loss must be disclosed.

**4. RFP 9 – Documents Identified in Defendant's Initial Disclosures**

As set forth in our October 17 letter, Defendant identified numerous categories of documents in his Rule 26(a) disclosures but failed to produce the majority of them, including:

1. Communications between Plaintiff and third parties concerning Defendant
2. Plaintiff's public social media posts
3. Plaintiff's Substack statements
4. KiwiFarms data
5. YouTube videos
6. Tweets re Plaintiff/Defendant
7. Instagram messages
8. Snapchat messages
9. Telegram messages
10. WhatsApp messages
11. Signal messages

There were no objections, only non-production. This failure contradicts Defendant's own disclosures and raises preservation concerns.

**5. RFP 15 – Communications With Rose and Solo**

As set forth in our October 17 and 24 letters, Defendant's production failed to produce the requested communications with Rose and Solo.

- Solo: Your November 12 response that Solo "deleted his account" does not explain why Defendant failed to produce his own outgoing messages, which should be in his possession.
- Rose: You produced only Discord DMs. You did not produce Twitter DMs. Your November 12 letter failed to address this.
- You also did not produce attachments Defendant sent to Rose, asserting instead that "Solo leaked them." Leakage by a third party does not eliminate Defendant's obligation to produce the original files.

These deficiencies remain unresolved.

**II. SECOND SET OF RFPs – DEFICIENCIES**

Your November 17 responses contain multiple improper "no documents" assertions that are inconsistent with Defendant's extensive public interactions with these individuals.

**1. RFP 1 – Communications With Individuals Identified in Defendant's Initial Disclosures**

Defendant responded that he will "meet and confer to narrow the scope," but did not produce any communications with:

- Chaeiry
- Lav
- Lauren de Laguna

re:  Doe vs Bonnell
November 18, 2025
Page 3

- Matt Hurdle
- Jared (.Iycan)
- Brianna Wu
- Adam Ali

Defendant has not voiced any valid objection and thus he should be producing all responsive documents. Given Defendant's well-documented public interactions with several of these individuals, the assertion of "no communications" raises significant preservation and spoliation concerns.

**2. RFP 2 – Communications With Hannah Brooke**
Defendant states he has "none," which is implausible given her known interactions with Defendant.
We require clarification as to whether:
- Messages once existed but were deleted;
- Accounts were altered;
- Devices were wiped.

Defendant's claim that he has no responsive documents raises significant preservation and spoliation concerns.

**3. RFP 3 – Communications With Dan Saltman**
Same issue as above: an assertion of "none" without explanation is insufficient under Rule 34(b)(2)(C).

**4. RFP 4 – Communications With Kyla Turner**
You state Defendant "will produce" but have not produced anything to date. Please provide a date certain for production.

**III. Preservation Concerns**
Given the volume of "we have none" responses—combined with missing metadata, missing attachments, missing sides of conversations, and the contradictory RFA 12 issue—Plaintiff must confirm whether:
- Defendant deleted any Discord, Twitter, Instagram, Telegram, Signal, WhatsApp, or other messages;
- Defendant altered any accounts;
- Devices were reset or wiped;
- Relevant ESI became unavailable after the duty to preserve arose.

**IV. Hearing Availability**
The Court has availability on the morning of December 4, 2025 for a hearing on Plaintiff's forthcoming motion to compel. Please provide Defendant's availability for that date.

**V. Request for Supplemental Production and Amendments**
Given the outstanding issues, please confirm:
1. When Defendant will produce responsive documents to the second RFP;
2. Whether Defendant will amend his responses, including the RFA 12 inconsistency, and supplement his productions; and

re:  Doe vs Bonnell
November 18, 2025
Page 4

3.  Whether Defendant will produce all native-format, metadata-complete chat exports with attachments and hash values.

Sincerely,

Carlos A. Garcia Perez

CGP/JP/avp