EXHIBIT L

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(MIAMI DIVISION)**

JANE DOE,                                              CASE NO: 1:25-cv-20757-JB/Torres

      Plaintiff,

v.

STEVEN BONNELL II,

      Defendant.

_____/

**PLAINTIFF JANE DOE'S SECOND**
**REQUEST FOR PRODUCTION OF DOCUMENTS**

The Plaintiff Jane Doe, by and through undersigned counsel, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby propounds her Second Request for Production of Documents to Defendant Steven Bonnell, II. Pursuant to Rule 34, the Defendant shall, in writing, and in accordance with the General Instructions, Definitions and Specific Instructions set forth below, respond to the requests and produce the requested documents within 30 days.

**General Instructions**

The law requires that your answers to this request disclose all information that is known or available to you, including not only your own present and personal knowledge, but also information in the possession of your agents, trustee, settlor, attorneys, accountants, auditors, experts or other representatives, or any other person acting on your behalf.

If any of these requests cannot be answered in full, please answer and provide the documentation to the extent possible, specify the portion of such request in full, and provide whatever information, knowledge or belief you do have, concerning the unanswered portion. If you object to a request or a portion of a request, please provide the information called for by the

1

request, or that portion of the request to which you do not object, and specify the precise ground or basis for your objection, and the precise portion of the request to which an objection is being made.

These requests for documents are continuing in nature, requiring you to serve timely supplemental responses with any information within the scope of these requests acquired by you, your attorneys, investigators, agents, or others employed by or acting on your behalf, subsequent to your original answers.

## Definitions

For the purpose of this request, the following terms shall have the following meanings, unless the context requires otherwise:

1.     "Person" or "persons" shall mean and refer to any individual, corporation, partnership, proprietorship, joint venture or any legal entity, as well as to any and all present or former officers, directors, agents, servants, employees and representatives of the entity, however denominated. In addition, the terms "person" or "persons" shall be deemed to include artificial persons, governments (or agencies thereof), quasi-public entities, and all other forms of organization or associations.

2.     "Document(s)" is used in these requests in the broad liberal sense and means written, typed, printed, recorded, electronic, computer generated, or graphic matter, however produced or reproduced, of any kind and description, and whether an original, master, duplicate or copy, including but not limited to audio cassettes, phonograph records, compact discs, photographs, videos, slides, papers, notes, accounts, books, advertisements, catalogs, manuals, publications, correspondence, emails, cablegrams, mailgrams, telegrams, memoranda, letters, documents, communications, including inter-office and intra-office communications, reports,

studies, analyses, pamphlets, calculations, projections, contracts, charts, plans, specifications, drawings, sketches, surveys, agreements, working papers, corporate records, minutes of board of directors or committee meetings, books of accounts, ledger books, notebooks, vouchers, bank checks, cashier checks, receipts for cashier checks, canceled checks, check stubs, bills, receipts, invoices, desk calendars, appointment books, diaries, diary entries, and notes, minutes, transcriptions or sound recordings of any type of personal or telephone conversations or of negotiations, meetings, or conferences, or things similar to any of the foregoing, and all other papers, writings, or physical things containing information, including preliminary drafts of or marginal notes appearing on any document, however denominated or described by the parties to whom the particular document request is directed. Each document should be designated as an original, a duplicate, or a copy thereof. The documents to be produced for inspection shall be originals; in the event the original of a particular document is not available, a true and correct copy of said document may be produced along with an explanation of why the original is not available.

3.      "Communications," including its various forms, such as "communicated" or "communicate," shall refer to any exchange of information, whether oral, written, or electronic, including but not limited to emails, text messages, phone calls, letters, meetings, and social media messages. It shall also include all intimate images, videos, or other media uploaded, shared or transmitted via any social media or digital platform, or website. Provide all metadata, including but not limited to timestamps, file origins, IP addresses, and modification history, for such communications.

4.      "Metadata" refers to any system-generated data associated with a file or post or direct message on any social media or digital platform or any website, including but not limited to

upload timestamps, file origins, IP addresses, device identifiers, edit history, and content source URLs.

5. The term "identify" when used in relation to a person means provide the name, last known address, last known telephone number, and any relation, if any, with the respondent.

6. The term "identify" when used in relation to an entity means provide the name, last known business address, last known business telephone number, and any relation, if any, with the respondent.

7. "You" or "Your" as used herein shall mean Defendant Steven Bonnell II,  and/or any other persons acting on his behalf, individually and/or collectively.

8. "Plaintiff" or "Pxie" means Plaintiff Jane Doe in Civil Case Number: 1:25-cv-20757 JB pending in the United States District Court, Southern District of Florida, Miami Division.

9. "Amended Complaint" shall mean the Amended Complaint filed by Plaintiff in Civil Case Number: 1:25-cv-20757 JB pending in the United States District Court, Southern District of Florida, Miami Division, at Docket Entry 120.

10. "Videos" or "Video" shall have the meaning ascribed to it in the Amended Complaint in the above referenced matter.

11. "Intimate Images" shall include all photographs, videos or digital representations that depict a person in a private, sexual or otherwise personal manner, including but not limited to images showing exposed genitals, breasts or buttocks, or depictions of sexual intercourse, masturbation or other sexually explicit conduct.

12. "Consent" means an affirmative, conscious, and voluntary authorization made by the individual free from force, fraud, misrepresentation, or coercion.

4

13.     "Disclose," "disclosed" or "disclosure" means to transfer, publish, distribute, or make accessible, in or affecting interstate or foreign commerce or using any means or facility of interstate or foreign commerce, and through electronic means.

14.     Any term or word not defined and every person or entity not identified in these instructions shall have the same meaning as in the Complaint.

15.     As used herein, the words "and" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual construction will serve to bring within the scope of these Requests any Document which would otherwise not be brought within their scope.

16.      "Relate to," including its various forms, such as "relating to," means: consist of, refer to, reflect, or be in any way, logically or factually, connected with the matter discussed.

### Specific Instructions

Compliance with each Document Request is required to be made in accordance with the following:

(a)     If you at any time had possession, custody, or control of a document called for under this request and if such a document has been lost, destroyed, purged, or is not presently in your possession, custody, or control, you shall describe the document, the date of its loss, destruction, purge, or separation from possession, custody, or control, and the circumstances surrounding its loss, destruction, purge, or separation from possession, custody, or control.

(b)      If you assert that any document called for by any request is protected against disclosure as a "work product" or by privilege of any kind whatsoever, you shall provide the following information with respect to such document:

(1)     The names and capacity of the person or persons who prepared the document;

5

(2)    The name and capacity of all addressees or recipients of the original or copies thereof;

(3)    The date, if any, borne by the document;

(4)    A brief description of its subject matter and physical size;

(5)    The source of the factual information from which such document was prepared; and

(6)    The nature of the privilege claimed.

(c)    All documents produced pursuant hereto are to be produced as they are kept in the usual course of business or shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereof.  All documents produced shall also be bate stamped so as to be able to identify the party that produced the document.

(d)    Produce all ESI either in its original native format with its accompanying metadata (for example, produce emails as .msg or .pst files), or in TIFF format with corresponding load files containing the documents text and all available metadata.

<strong><u>Time Period Covered By Requests To Produce</u></strong>

Unless otherwise specified, the time period covered by these requests to produce is October 23, 2019 to date.

<strong><u>REQUESTS FOR DOCUMENTS</u></strong>

The definitions and instructions set forth above are hereby expressly incorporated by reference and made a part of each of the requests for production of documents that follows. Please provide:

6

1.      All Communications between you and any witness identified in Your Initial Disclosures pertaining to Plaintiff and/or to the allegations of the Amended Complaint from November 1, 2024 through the present.

2.      All Communications between you and Hannah Brookes from April 2024 through the present.

3.      All Communications between you and Dan Saltman pertaining to Plaintiff and/or to the allegations of the Amended Complaint from November 1, 2024 through the present.

4.      All Communications between you and Kyla Turner pertaining to Plaintiff and/or to the allegations of the Amended Complaint from November 1, 2024 through the present.

5.      All Videos and Intimate Images sent to Plaintiff, Rose, Abbymc, Hannah Brookes and Peach.

DATED: October 17, 2025.

**JSP LAW, LLC**
Joan Schlump Peters
(admitted *pro hac vice*)
4819 W. Blvd. Ct.
Naples, FL 34103
Tel. 305-299-4759
Email: petersjoan@bellsouth.net
Counsel for Plaintiff JANE DOE

**SANCHEZ-MEDINA GONZALEZ QUESADA
LAGE GOMEZ & MACHADO, LLP**
CARLOS A. GARCIA PEREZ
Florida Bar No. 106895
GUSTAVO D. LAGE
Florida Bar No.  972551
201 Alhambra Circle, Suite 1205
Coral Gables, Florida, 33134
Tel.: (305) 377-1000
Primary E-Mail: cgarciaperez@smgqlaw.com
Primary E-Mail: glage@smgqlaw.com
Counsels for Plaintiff

*/s/ Carlos A. Garcia Perez*
By:_____
     CARLOS A. GARCIA PEREZ
     Attorney for Plaintiff

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was emailed on October 17, 2025, to the below counsel of record.

/s/ Carlos A. Garcia Perez

By:_____

CARLOS A. GARCIA PEREZ
Attorney for Plaintiff

BILZIN SUMBERG BAENA PRICE & AXELROD LLP
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580
Fax: (305) 374-7593
Robert L. Raskopf, Esq. Florida Bar No.: 1040022 rraskopf@bilzin.com
Patricia M. Patino, Esq. Florida Bar No.: 1007702 ppatino@bilzin.com
Counsel for Defendant STEVEN K. BONNELL II


BERK BRETTLER LLP
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel: (310) 278-2111
Andrew B. Brettler, Esq. California Bar No.: 262928 abrettler@berkbrettler.com
Jake A. Camara, Esq. California Bar No.: 305780 jcamara@berkbrettler.com
Counsel for Defendant STEVEN K. BONNELL II

8