**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

JANE DOE,                                                        CASE NO: 1:25-cv-20757-JB/Torres

      Plaintiff,

v.

STEVEN K. BONNELL II,

      Defendant.

_____/

**PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL CERTAIN EXHIBITS TO PLAINTIFF'S MOTION FOR SPOLIATION SANCTIONS**

Pursuant to Local Rule 5.4 of the Southern District of Florida, Paragraph 12 of the Protective Order Governing Discovery [ECF No. 116] (the "Protective Order"), and this Court's Protective Order protecting the legal identity of Plaintiff and her family members [ECF No. 7] (the "Pseudonym Order"), Plaintiff Jane Doe ("Plaintiff"), by and through her undersigned counsel, respectfully moves this Court for leave to file under seal the following exhibits filed in support of Plaintiff's Motion for Spoliation Sanctions [ECF No. 262]: (1) DE 263-2, consisting of an unredacted copy of Plaintiff's January 22, 2025 document preservation demand letter; (2) DE 263-3, consisting of Defendant's document production Bates-stamped SB000006–SB000041; and (3) DE 263-4, consisting of Defendant's document production Bates-stamped SB000063–SB000168. Defendant does not oppose the relief requested. In support of this Motion, Plaintiff states as follows:

DOE v BONNELL
CASE NO: 1:25-cv-20757-JB/Torres
Page 2

## ARGUMENT

**I.      The Documents Proposed to Be Sealed.**

**DE 263-2 — Unredacted Copy of the January 22, 2025 Document Preservation Demand Letter.** A redacted version of this letter — redacting only Plaintiff's legal name — has already been filed on the docket as part of Plaintiff's Motion for Spoliation Sanctions. Plaintiff seeks leave to file the unredacted version under seal because it contains Plaintiff's legal name, which is expressly protected under Paragraph 2(b) of the Protective Order and the Pseudonym Order.

**DE 263-3 — Defendant's Document Production, Bates Nos. SB000006–SB000041.** These are Bates-stamped pages produced by Defendant in discovery and designated as "Confidential" in their entirety. The pages consist, in their entirety, of sexually graphic Discord communications between Defendant and non-party witness Abbymc concerning the transmission, receipt, and discussion of intimate images and videos. The Court has previously allowed declarations from this same non-party witness to be filed under seal. *See* ECF No. 75, 124. The pages fall squarely within Paragraph 2(a) ("intimate images or videos"), Paragraph 2(c) (identifying information of a non-party witness whose testimony the Court has allowed to be filed under seal), and Paragraph 2(e) ("private information of an intimate or sexual nature") of the Protective Order.

**DE 263-4 — Defendant's Document Production, Bates Nos. SB000063–SB000168.** These are additional Bates-stamped pages from Defendant's document production, also designated as "Confidential" in their entirety. The pages consist, in their entirety, of additional sexually graphic Discord communications between Defendant and non-party witness Abbymc concerning

DOE v BONNELL
CASE NO: 1:25-cv-20757-JB/Torres
Page 3

the transmission, receipt, and discussion of intimate images and videos. For the same reasons set forth as to DE 263-3, these pages fall within Paragraph 2(a), (c), and (e) of the Protective Order.

**II.     Good Cause Exists to Seal the Exhibits.**

The Eleventh Circuit recognizes a presumptive common-law right of access to judicial records, but that right is not absolute and may be overcome by a showing of good cause. *Romero v. Drummond Co.*, 480 F.3d 1234, 1245–46 (11th Cir. 2007). Courts balance the public's right of access against the parties' interest in confidentiality, considering factors such as "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, … and the availability of a less onerous alternative to sealing the documents." *Id.* at 1246. Good cause readily exists here, for multiple independent reasons.

**A.     The Materials Fall Squarely Within the Protective Order's Categories of "Confidential Information."**

This Court has already determined, after extensive briefing, that good cause exists to protect from public disclosure the categories of information now sought to be sealed. The Protective Order, ECF No. 116, defines "Confidential Information" to include, among other things: (a) "intimate images or videos"; (b) "the legal name or private identifying information" of Plaintiff; (c) "the legal name or private identifying information of any non-party witness whose testimony the Court has allowed to be filed under seal"; (d) "psychological, medical, or counseling records"; and (e) "private information of an intimate or sexual nature that if disclosed to the public could cause harassment, embarrassment, or retaliation." ECF No. 116, ¶ 2.

Each of the three exhibits proposed to be sealed plainly falls within these categories:

   • The **unredacted Preservation Demand Letter** (DE 263-2) contains Plaintiff's legal name — confidential under Paragraph 2(b) and the Pseudonym Order.

DOE v BONNELL
CASE NO: 1:25-cv-20757-JB/Torres
Page 4

• **Defendant's document production** (DE 263-3 and DE 263-4) consists, in its entirety, of sexually graphic Discord communications between Defendant and non-party witness Abbymc concerning the transmission, receipt, and discussion of intimate images and videos, including the Video at issue — confidential under Paragraph 2(a), (c), and (e). The Court has previously allowed declarations from this same non-party witness to be filed under seal. *See* ECF No. 75, 124.

B.      **The Court Has Repeatedly Sealed Materially Identical Information in This Case.**

Throughout this litigation, the Court has granted multiple motions to seal materials of precisely the same character as those at issue here. The Court has sealed the Declarations of Abbymc, Witness A, and Witness B, *see* ECF No. 75; sealed the deposition transcript and exhibits of the non-party witness referred to as "Rose"; and sealed deposition excerpts of non-party witness "MH" in support of Defendant's own motion for summary judgment, *see* ECF No. 240 (Order granting Plaintiff's and Defendant's motions to seal at ECF Nos. 188, 189, 195, 214). Defendant himself recently moved to file portions of Plaintiff's deposition transcript under seal in support of his Motion for Summary Judgment, *see* ECF No. 246, expressly invoking Paragraph 12 of the Protective Order as the source of his obligation to do so. Granting the instant Motion is consistent with these prior rulings and with Defendant's own course of conduct.

C.      **Paragraph 12 of the Protective Order Requires the Filing Party to Move for Sealing.**

Paragraph 12 of the Protective Order directs that "[a]ny Party seeking to use documents, excerpts of documents, transcripts or other materials containing or reflecting Confidential Information shall file a motion or an application for an order sealing the specific record sought to be filed or lodged with the Court, to the extent permitted and/or required." ECF No. 116, ¶ 12. That obligation falls on the party filing the materials. Defendant, recognizing this, moved under

DOE v BONNELL
CASE NO: 1:25-cv-20757-JB/Torres
Page 5

Paragraph 12 to seal deposition excerpts he wished to file in support of his Motion for Summary Judgment. *See* ECF Nos. 214, 246. Plaintiff, as the filer of DE 263-2 through DE 263-4, now does the same.

> **D.    The Privacy Interests at Stake Are Substantial and Heightened by Defendant's Conduct.**

Shielding from public disclosure sensitive information involving alleged victims of sexual misconduct is consistent with public policy and safeguards against "the invasion of privacy, potential embarrassment and sexual stereotyping." *United States v. Allmond*, 817 F. App'x 887, 892 (11th Cir. 2020). That protection applies with special force in cases brought under 15 U.S.C. § 6851. *See, e.g.*, *Doe v. Ghiorso*, 2024 WL 3511641, at *2 (S.D. Ga. July 23, 2024) (disclosing identifying information "could link her to factual details about her intimate image and its unauthorized distribution, further threatening the rights 15 U.S.C. § 6851 seeks to protect"); *Doe v. McCoy*, 2024 WL 843908 (N.D. Ga. Feb. 28, 2024) (disclosure would "plainly compound the harm"); *Doe Williams v. Williams*, 2024 WL 2805642 (S.D. Miss. May 31, 2024) (§ 6851 protects against publicization of intimate matters).

The privacy concerns are particularly acute in this case. Defendant maintains a large online following and has himself, on multiple occasions during this litigation, publicly discussed materials and testimony related to this case on his livestreams and other online platforms. The risks of public dissemination, doxing, swatting, and retaliatory harassment are not hypothetical — they are the harms this very action seeks to address. Allowing DE 263-2 through DE 263-4 to be filed publicly would compound the very injuries that Plaintiff and the non-party witnesses have suffered and that the Protective Order was entered to prevent.

**III.    Proposed Duration of the Seal.**

DOE v BONNELL
CASE NO: 1:25-cv-20757-JB/Torres
Page 6

Pursuant to Local Rule 5.4(b)(1), Plaintiff respectfully proposes that DE 263-2 through DE 263-4 remain under seal for the duration of this litigation, including any appeals, and indefinitely thereafter. This duration is consistent with the Court's prior sealing orders in this action and with the purposes of 15 U.S.C. § 6851 and the Protective Order.

## CONCLUSION

For the foregoing reasons, and given Defendant's non-opposition, Plaintiff respectfully requests that the Court grant leave to file under seal DE 263-2, DE 263-3, and DE 263-4, the exhibits to Plaintiff's Motion for Spoliation Sanctions [ECF No. 262], and direct the Clerk to maintain those exhibits under seal for the duration of this litigation, including any appeals, and indefinitely thereafter. A proposed order is submitted herewith.

## LOCAL RULE 7.1(a)(3) CERTIFICATE OF CONFERRAL

Counsel for Plaintiff conferred with counsel for Defendant by email between May 19 and May 22, 2026, regarding the relief requested in this Motion. Defendant does not oppose the relief requested.

Dated: May 28, 2026.

**JSP LAW, LLC**
Joan Schlump Peters
(admitted *pro hac vice*)
838 Neapolitan Way, #91
Naples, FL 34103
Tel. 305-299-4759
Email: petersjoan@bellsouth.net
Counsel for Plaintiff JANE DOE

**SANCHEZ-MEDINA GONZALEZ**
**LAGE GOMEZ & MACHADO, LLP**
CARLOS A. GARCIA PEREZ / Fla Bar 106895
GUSTAVO D. LAGE / Fla Bar 972551
201 Alhambra Circle, Suite 1205
Coral Gables, Florida, 33134
Tel. (305) 377-1000
Primary E-Mail: cgarciaperez@smgqlaw.com
Primary E-Mail: glage@smgqlaw.com
Counsels for Plaintiff JANE DOE

By:_____
CARLOS A. GARCIA PEREZ

DOE v BONNELL
CASE NO: 1:25-cv-20757-JB/Torres
Page 7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 28, 2026 a true and correct copy of the foregoing was

served on all parties via the CM/ECF filing portal to all counsel of record.

By: _____
        CARLOS A. GARCIA PEREZ
        Attorney for Plaintiff