**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 1:25-cv-20757-JB/Torres**

JANE DOE,

  Plaintiff,

v.

STEVEN K. BONNELL II,

  Defendant.

_____/

**DEFENDANT STEVEN K. BONNELL II'S OPPOSITION TO PLAINTIFF JANE DOE'S**
**MOTION FOR SPOLIATION SANCTIONS**

## I.  **INTRODUCTION**

Plaintiff's Motion is untimely, violates the Court's Scheduling Order, and constitutes nothing more than a disguised motion to compel that she failed to file or pursue during the discovery period. Discovery closed nearly six months ago, on December 16, 2025. Plaintiff's deadline to file any pretrial motions and memoranda of law, including Rule 37 motions, expired on March 30, 2026. Despite threatening to file this Motion seeking spoliation sanctions for more than a year, Plaintiff sat on her rights, allowed the discovery and motion deadlines to lapse, failed to move to compel, and now seeks to remedy that failure by rebranding stale discovery disputes as "spoliation." Even the Court was critical of Plaintiff's spoliation allegation when it noted in its October 6, 2025 Order that despite Plaintiff making the allegation since the inception of the case, she still had not pursued any relief: "*It is now October of 2025 and there is no such [spoliation] motion on the docket.*" Rather than heed that warning by promptly filing a motion for spoliation sanctions, Plaintiff waited an additional seven months. Nothing prevented Plaintiff from timely seeking relief. Her Motion should be denied for that reason alone.

Should the Court need to reach the merits of this Motion, it should still deny it because there was no spoliation. In fact, Plaintiff's contention that Bonnell destroyed evidence concerns

documents that he already produced in September 2025—three months before the discovery cutoff and six months before the Court's motion deadline. Plaintiff comes nowhere close to meeting her burden under Rule 37. Her entire theory of spoliation is rooted in speculation. She fails to identify any specific documents or electronically stored information ("ESI") that were lost or destroyed. She presents no evidence that Bonnell intended to deprive her of any documents or information. The record demonstrates that since receiving Plaintiff's evidence preservation demand letter in January 2025, Bonnell preserved, and subsequently produced, all responsive documents in his possession, custody or control. If Plaintiff believed Bonnell's document production was incomplete, deficient, or not in the format she preferred, her remedy would have been to file a timely motion to compel. She elected not to do so. Because Plaintiff has no evidence of spoliation and never even conducted a forensic examination of Bonnell's electronic devices in an effort to support her claim, the Court should deny the Motion.

## II.      **PLAINTIFF'S MOTION IS UNTIMELY**.

### A.      **Plaintiff's Motion Violates the Court's Scheduling Order.**

Plaintiff's Motion is untimely and violates the discovery and motion-related deadlines the Court set more than a year ago. Discovery closed on December 16, 2025. (Scheduling Order, dated Apr. 4, 2025 [ECF No. 23] at 2.) Further, the deadline to file pretrial motions and memoranda of law, including Rule 37 motions, expired on March 30, 2026. (*Id.*) Despite having long-threatened to file a motion seeking spoliation sanctions, Plaintiff did not file her Motion until May 18, 2026— nearly six months *after* the close of discovery and seven weeks *after* the motion cutoff date. Under well-established law, the Court should deny the Motion on the grounds that it is untimely.

Courts in this District routinely deny spoliation and sanctions motions where, as here, parties file those motions too late. *See Derhem v. Bay House Mia. Condo. Ass'n*, No. 20-cv-22318-WILLIAMS/TORRES, 2024 WL 4370880, at *1-2 (S.D. Fla. Oct. 1, 2024) (Torres, Mag. J.) (denying motion as untimely where plaintiffs knew of alleged spoliation but waited nearly a year to seek sanctions); *Youngman v. Royal Carib. Cruises Ltd.*, No. 23-21796-CIV, 2024 WL 4483319, at *2 (S.D. Fla. Sept. 2, 2024) (denying motion as untimely where "discovery has closed,

2

summary judgment motions have been filed, and with the trial date approaching in less than one month"); *Caloggero v. Carnival Corp.*, No. 23-22938-Civ-BLOOM/TORRES, 2024 WL 5375600, at *2-3 (S.D. Fla. Aug. 14, 2024) (Torres, Mag. J.) (denying spoliation motion as untimely where plaintiff waited until after the discovery cutoff to seek relief); *Munro v. Fairchild Tropical Botanic Garden, Inc.*, No. 20-20079-CIV-SINGHAL/LOUIS, 2021 WL 11960980, at *3–4 (S.D. Fla. June 30, 2021) (denying spoliation motion as untimely where plaintiffs waited more than three months after discovery closed—and more than a year after discovering the alleged spoliation—to seek relief); *see also Mathis v. Classica Cruise Operator Ltd.*, No. 23-cv-81479, 2025 WL 2144574, at *1 (S.D. Fla. May 5, 2025) (denying motion to compel forensic examination as untimely where discovery and pretrial-motion deadlines had expired).[1]

Further, Plaintiff cannot circumvent the deadlines in the Scheduling Order by attempting to repackage a discovery dispute as a spoliation claim. Courts in this District and others routinely hold that spoliation claims must be raised during the discovery period. *See Munro*, 2021 WL 11960980 at *3 (denying spoliation motion as untimely "because discovery exchanged by the parties clearly revealed the spoliation at issue," yet plaintiff failed to seek relief within the discovery period); *A.T.O. Golden Constr. Corp. v. Allied World Ins. Co.*, No. 17-24223-CIV, 2018 WL 5886663, at *5 (S.D. Fla. Nov. 9, 2018) (denying motion for spoliation sanctions where Plaintiff failed to seek relief prior to the discovery cut-off date); *see also Muhammad v. Jenkins*, No. CV 19-7970 JAK (PVC), 2022 WL 4292341, at *7 (C.D. Cal. Aug. 26, 2022), *R&R adopted by* 2022 WL 4292308 (C.D. Cal. Sept. 15, 2022) ("Many courts have found that because spoliation is a discovery-related issue, motions for spoliation sanctions typically must be brought during the discovery period."); *Mannion v. Ameri-Can Freight Sys. Inc.*, No. CV-17-03262-PHX-DWL, 2020

---

[1] On September 8, 2025, Plaintiff's counsel demanded a forensic examination of Bonnell's devices and insisted that Bonnell cover half the cost. Bonnell objected to Plaintiff's demand and responded that Plaintiff had not even made a *prima facie* showing of spoliation such that a forensic examination would be warranted. Thereafter, Plaintiff failed to move to compel a forensic examination and seemingly abandoned any such effort. (Declaration of Andrew B. Brettler, dated June 1, 2026 ("Brettler Decl.") ¶ 6 & Ex. D.)

WL 417492, at *3 (D. Ariz. 2020) ("Spoliation is a discovery offense, so issues surrounding alleged spoliation should be resolved during discovery—not on the eve of trial.").

Here, Plaintiff's blatant disregard of the deadlines in the Scheduling Order is particularly significant given her repeated, unsuccessful attempts to extend those deadlines. For instance, on December 4, 2025, Plaintiff moved to modify the Scheduling Order, specifically seeking to extend the discovery period and the pretrial motion deadline from March 30, 2026 to April 18, 2026. (Mot. To Modify Scheduling Order [ECF No. 184] at 1, 9.) The Court denied that motion. (Paperless Order, dated Apr. 21, 2026 [ECF No. 240].) In another attempt to extend the deadline, rather than opposing Bonnell's Motion for Summary Judgment on the merits, Plaintiff sought additional discovery, pursuant to Rule 56(d). (Motion To Deny or Defer Motion for Summary Judgment, dated Feb. 13, 2026 [ECF No. 216] at 11-14.) The Court also denied that motion in the April 21, 2026 Paperless Order. [ECF No. 240.] Undeterred and notwithstanding the Court's rulings, Plaintiff filed this Motion anyway.

## B.      Nothing Prevented Plaintiff from Timely Filing Her Motion.

Plaintiff had every opportunity to seek the relief she requests here, yet she failed to do so in a timely manner. For over a year, Plaintiff has accused Bonnell of spoliation. (*See*, *e.g.*, Compl., dated Feb. 18, 2025 [ECF No. 1] ¶ 24; Mot. for TRO & Prelim. Inj., dated Apr. 3, 2025 [ECF No. 21] at 13-14; Amend. Compl., dated Sept. 5, 2025 [ECF No. 120] ¶ 28; Opp'n to Mot. To Dismiss, dated Oct. 3, 2025 [ECF No. 139] at 2, 6, 12, 14; Mot. To Submit Audio Files, dated Oct. 17, 2025 [ECF No. 150] at 1; Mot. To Deny or Defer Mot. for Summ. J., dated Feb. 13, 2026 [ECF No. 216] at 1, 5-6, 8, 10-11, 13-14; Rule 56(d) Reply Br., dated Mar. 5, 2026 [ECF No. 220] at 4, 9; Opp'n to Mot. for Summ. J., dated May 8, 2026 [ECF No. 247] at 3 n.1.) Indeed, Plaintiff's instant Motion challenges the sufficiency and completeness of a document production that Bonnell made *over eight months ago*, which included all of his Discord exports, communication logs, media file logs, and Google Drive links. (Mot. at 4-8.) Critically, all of those documents have been in Plaintiff's possession since September 2025. (Declaration of Steven K. Bonnell II, dated June 1,

2026 ("Bonnell Decl.") ¶¶ 2-4.) Yet, Plaintiff failed to seek timely relief without reason or justification.[2]

Likewise, Plaintiff cannot credibly claim that she only recently discovered evidence of spoliation. As early as October 3, 2025, Plaintiff asserted that Bonnell's document production was "incomplete, deficient, and forensically unsound," that his ESI "was not collected and preserved in a forensically sound manner," that the materials could not be authenticated, and that there was "evidence of tampering and spoliation." (Opp'n to Mot. To Dismiss [ECF No. 139] at 2.) Plaintiff also relied on her purported "expert" who claimed that Bonnell's document production was unreliable, unauthenticated, and incomplete as a result of spoliation. (*Id*. at 2, 5-6.) On October 6, 2025, the Court took note of Plaintiff's inaction, warning, "*It is now October of 2025 and there is no such [spoliation] motion on the docket.*" (Order Denying Mot. for TRO & Prelim. Inj. [ECF No. 143] at 9) (emphasis added). The Court further noted that Plaintiff had accused Bonnell of spoliation since the inception of the case. (*Id.* at 9 n.5.) Rather than heed the Court's warning by promptly filing her Motion, Plaintiff instead sat on her rights for an additional seven months—well past the discovery cut-off date and motion filing deadline.

Additionally, Plaintiff's contention that she "could not have filed this Motion before [Bonnell's] April 30, 2026 deposition" (Mot. at 17), is meritless.[3] Not surprisingly, Plaintiff's Motion relies on scant testimony from Bonnell's deposition, and for good reason: Bonnell's deposition did not reveal *any* evidence of spoliation. To the contrary, Bonnell repeatedly testified that he preserved and produced true and correct copies of all of the requested documents and

---

[2] Plaintiff's Motion also violates the Local Rules of this Court. Local Rule 26.1 requires parties to raise discovery disputes promptly and authorizes the denial of relief where a party fails to submit the dispute within the applicable time period absent a showing of good cause. S.D. Fla. L.R. 26.1(g)(2)(A)-(B). Plaintiff has not and cannot show good cause here.

[3] The Parties' depositions were delayed due to Plaintiff's recalcitrance. Plaintiff failed to appear for her noticed deposition on November 3, 2025, and did not seek a protective order or any other judicial relief to excuse her nonappearance. On November 5, 2025, the Court ordered Plaintiff to show cause why sanctions should not be issued against her. Due to Plaintiff's failure to appear for deposition, the Court ordered Bonnell's deposition stayed pending further order of the Court (Paperless Order, dated Nov. 5, 2025 [ECF No. 167].)

materials in his possession, custody or control, including his correspondence with Abbymc, which Plaintiff speculates—without any basis whatsoever—must have included a transmission of the Video at issue in this case. (Brettler Decl. Ex. A (Bonnell Dep. Tr., dated Apr. 30, 2026) at 202:14-17; 217:12-18; 222:13-16; 226:9-13; 227:16-20.) Having to wait to depose Bonnell does not justify Plaintiff's delay in seeking the instant relief. It is simply the excuse Plaintiff now offers for disregarding the deadlines the Court set in the Scheduling Order.

The cases that Plaintiff cites in her Motion also provide no refuge for her untimely filing. Her reliance on the out-of-Circuit authorities, *Goodman v. Praxair Services, Inc.*, 632 F. Supp. 2d 494 (D. Md. 2009) and *Eller v. Prince George's County Public Schools*, No. TDC-18-3649, 2020 WL 7336730 (D. Md. Dec. 14, 2020), is misplaced. In fact, those cases support the *denial* of Plaintiff's Motion. In *Goodman*, the U.S. District Court in Maryland held that spoliation issues should be litigated "during the discovery phase, not after it has closed," because reopening discovery after dispositive motions or on the eve of trial can "completely disrupt the pretrial schedule, involve significant cost, and burden the court and parties." *Id*. Plaintiff's reliance on *Eller* fares no better. There, while the court declined to deny a spoliation motion on timeliness grounds, it was because the motion was filed *before* the close of discovery, *before* dispositive motions had been filed, and months *before* the trial date. *Eller*, 2020 WL 7336730, at \*2-3 & n.2.[4] Here, Plaintiff filed this Motion nearly six months after discovery closed, six weeks after the motion deadline, and after Bonnell's Motion for Summary Judgment had been fully briefed.

## III.    **PLAINTIFF CANNOT MEET HER BURDEN UNDER RULE 37(e)(2).**

Even if the Court were to consider Plaintiff's untimely Motion, it fails on the merits because Plaintiff cannot meet the legal standard under Rule 37(e). Where, as here, the alleged spoliation concerns ESI, Rule 37(e) supplies the governing framework. *See Skanska USA Civil Se. Inc. v. Bagelheads, Inc.*, 75 F.4th 1290, 1311 (11th Cir. 2023). Under the Federal Rules of Civil

---

[4] Notably, Plaintiff quotes *Eller* for the proposition that pursuing "discovery about discovery" tolls the obligation to file a spoliation motion. (Mot. at 16.) That quoted language appears nowhere in *Eller* and suggests that Plaintiff's counsel may have used artificial intelligence to prepare her brief. *See* Part III.B, *infra,* at 10 & n.8 (identifying additional fake quotations).

Procedure, Plaintiff has the burden to demonstrate that (1) specific, identified ESI "that should have been preserved in the anticipation or conduct of litigation" was "lost because a party failed to take reasonable steps to preserve it"; (2) that information "cannot be restored or replaced through additional discovery"; and (3) Bonnell acted "with the intent to deprive" Plaintiff of the information's use in this litigation. Fed. R. Civ. P. 37(e)(1)-(2); *Skanska*, 75 F.4th at 1311. The Eleventh Circuit has held that Rule 37(e)(2)'s "intent to deprive" standard is equivalent to bad faith, i.e., the intentional deletion or destruction of documents or other materials "for the purpose of hiding adverse evidence." *Skanska*, 75 F.4th at 1312; *Tesoriero v. Carnival Corp.*, 965 F.3d 1170, 1184 (11th Cir. 2020). Negligence or even gross negligence is not enough. *Id.* Plaintiff does not come close to demonstrating that Bonnell acted in bad faith or intentionally destroyed or failed to preserve any evidence.

## A.     Plaintiff Fails To Identify Any Lost ESI.

Plaintiff's failure to identify any ESI that was supposedly lost, destroyed, or rendered unavailable is fatal to her Motion. *See* Fed. R. Civ. P. 37(e) (spoliation sanctions require identification of specific ESI "that should have been preserved"). Instead, Plaintiff's Motion is a grab bag of complaints about the scope, form, and sufficiency of Bonnell's document production from eight months ago. (Mot. at 4-5, 12-14.) If Plaintiff believed Bonnell's document production was incomplete, deficient, or not in the format she preferred, her remedy was to file a timely motion to compel. *See Steed v. EverHome Mortg. Co.*, 308 F. App'x 364, 371 (11th Cir. 2009) ("[Plaintiff] could have filed a motion to compel that would have enabled the district court to address the problems of which he complained. Instead, he waited and filed a motion for sanctions, contributing to the problem."); *Westgate Resorts, Ltd. v. Reed Hein & Assocs., LLC*, No. 18-CV-1088-GAP-DCI, 2021 WL 4428753, at *3 & n.4 (M.D. Fla. Mar. 25, 2021) (denying sanctions motion where movant knew of allegedly unproduced recordings during discovery but did not file a motion to compel); *Health First, Inc. v. Hynes*, No. 11-cv-715-Orl-28KRS, 2014 WL 12881288, at *4 (M.D. Fla. May 14, 2014) (denying motion for spoliation sanctions where the moving party "failed to file

a motion to compel" within the discovery period and instead "waited more than seven (7) months . . . to bring the spoliation issue before the Court"); *Smith v. Royal Carib. Cruises, Ltd.*, 302 F.R.D. 688, 694 (S.D. Fla. 2014) (Torres, Mag. J.) (holding that the proper remedy for an allegedly deficient document production is to file a motion to compel "in advance of the discovery cutoff date in order to be deemed timely").[5]

Here, Bonnell preserved and produced all discoverable documents and information that Plaintiff requested. Upon receipt of Plaintiff's January 2025 preservation demand letter, Bonnell took steps to save all of the relevant materials in his possession, custody or control, including the Discord materials Plaintiff now claims are missing. He collected, maintained, and produced those materials in discovery last year. (Bonnell Decl., dated June 1, 2026 ¶¶ 3-4; Bonnell Decl., dated Apr. 25, 2025 [ECF No. 42-1] ¶¶ 20-21.) At his deposition, Bonnell testified that he produced "everything that was in [his] possession" and "everything that [he] was asked to produce." (Brettler Decl. Ex. A (Bonnell Dep. Tr.) at 202:14-17.) He further testified that, despite removing certain materials from public view, he archived all of his relevant Discord communications, including his communications with Abbymc, and maintained "a true and correct copy" of those Discord messages. (*Id*. at 217:12-18, 226:9-13, 227:12-20.) Plaintiff has offered no evidence that Bonnell failed to comply with his preservation obligations, much less that any relevant, specifically identified ESI was lost or destroyed. *See Westgate*, 2021 WL 4428753, at *4-5 (denying motion for spoliation sanctions where the movant failed to identify any ESI was lost or destroyed and could not be restored or replaced).[6]

---

[5] That Bonnell's document production was not in the format that Plaintiff preferred or lacked "hash values" is irrelevant. (Mot. at 9, 11.) Bonnell produced all documents in the format he maintained them. In any event, Plaintiff never moved to compel production in any other format.

[6] Ironically, if anyone spoliated evidence, it was Plaintiff. She and her best friend, Lauren Hayden, admitted at their respective depositions that they communicated about this case via the Signal messaging app, that the app was set to "auto-delete," and that they were aware of, and intentionally used, that auto-delete functionality. (Brettler Decl. Ex. B (Doe Dep. Tr., dated Apr. 27, 2026) at 190:20 to 191:1; 205:24 to 206:7; *id.* Ex. C (Hayden Dep. Tr., dated Dec. 12, 2025) at 57:11-12, 19-22; 58:2-5, 17-22; 69:13-16, 21-25; 303:1-13.) Plaintiff also admitted to deleting messages that she sent to Bonnell about this case. (*Id.* Ex. B (Doe Dep. Tr.) at 73:21 to 74:8; 197:7-15.)

**B.**   **Plaintiff Submits No Evidence That Bonnell Intended To Deprive Her of Discoverable Information.**

Even if Plaintiff had specifically identified the alleged ESI that has been lost, her request for sanctions under Rule 37(e)(2) still fails because no evidence exists to establish that Bonnell acted with the requisite intent to deprive Plaintiff of discoverable information. Rule 37(e)(2) requires evidence of specific intent to deprive, rather than negligence, mistake, or speculation. *See Tesoriero*, 965 F.3d at 1183-84 (emphasizing that "bad faith" is the standard for spoliation sanctions; "[m]ere negligence is not enough").

Plaintiff's central spoliation theory demonstrates her abject failure to meet her burden. Specifically, she asserts that Exhibits E to the declarations Bonnell submitted in support of his Motion To Dismiss [ECF No. 132-6] and his Motion for Summary Judgment [ECF No. 213-5] omitted two Google Drive links that he sent to Abbymc on April 24, 2023 and May 5, 2023, respectively. (Mot. at 6-8.) Critically, however, Bonnell produced the two supposedly "missing" Google Drive links in response to Plaintiff's discovery requests. (Bonnell Decl. ¶ 4; Brettler Decl. Ex. A (Bonnell Dep. Tr.) at 202:14-20; 217:12-18; 226:9-13; 227:12-20.) Plaintiff cannot establish that Bonnell acted in bad faith or intended to deprive her of evidence when that very evidence was actually produced.[7] *See Williams v. Vapor Rising, Inc.*, No. 20-cv-1215-TPB-TGW, 2022 WL 939911, at *10 (M.D. Fla. Feb. 24, 2022) (recommending denial of spoliation motion where production of related records refuted the contention that missing records were destroyed in bad faith); *Point Blank Sols., Inc. v. Toyobo Am., Inc.*, No. 09-61166-CIV, 2011 WL 1456029, at *22, *28, *30-31 (S.D. Fla. Apr. 5, 2011) (denying motion for spoliation sanctions where movant had "virtually all" allegedly missing materials); *Managed Care Sols., Inc. v. Essent Healthcare, Inc.*, 736 F. Supp. 2d 1317, 1329, 1332-33 (S.D. Fla. 2010) (denying motion for sanctions where allegedly concealed documents were ultimately produced and the record did not support a finding of bad faith or intent to deprive).

---

[7] At most, any omission from Exhibits E to Bonnell's declarations was inadvertent. Bonnell produced all of his correspondence with Abbymc, including all Google Drive links, during discovery. (Bonnell Decl. ¶¶ 4-5.)

Plaintiff seemingly confuses evidence spoliation with Bonnell's voluntary takedown of certain materials from public view pursuant to Plaintiff's request. That Bonnell removed intimate materials from view after the Video leak does not equate to the destruction of evidence. As the record reflects, prior to removing any such material from view, Bonnell preserved it all, pursuant to his discovery obligations. (Bonnell Decl. ¶¶ 2-3; Bonnell Decl., dated Apr. 25, 2025 [ECF No. 42-1] ¶¶ 20-21.) If anything, Bonnell's conduct reflects his intention and desire to prevent further public dissemination of specific materials, including the Video. Critically, the Court recognized that distinction at the April 4, 2025 status conference, explaining that a person accused of distributing intimate material might delete or remove such material from the Internet to prevent further harm, and that such conduct is "*not spoliation.*" (Hr'g Tr., dated Apr. 4, 2025 [ECF No. 42-12] at 7:9-17) (emphasis added).

Indeed, Plaintiff herself requested that Bonnell remove the leaked materials from view. On November 29, 2024, Plaintiff asked Bonnell to "delete any/all videos and such" from Discord. (Bonnell Decl. ¶ 7 & Ex. A.) Days later, on December 3, 2024, Plaintiff instructed Bonnell to "redact dev all the [Discord] logs" that may have contained intimate material. (*Id*. Ex. B; Brettler Decl. Ex. B at 274:14-18, 275:2-18.) Then, on December 5, 2024, Plaintiff repeatedly messaged Bonnell asking him to delete the Video from online platforms. (Doe Decl., dated May 3, 2025 [ECF No. 49-1] ¶ 17; *id.* Ex. F [ECF No. 51-3].)

Finally, Plaintiff cites *Skanska*, 75 F.4th 1290, for the proposition that intent may be inferred from circumstantial evidence where a party's acts "evince a purpose of hiding adverse evidence." (Mot. at 10, 12.) However, that quotation appears nowhere in the opinion and once again suggests that Plaintiff's counsel relied on artificial intelligence to conduct legal research and draft this Motion. *Skanska* does not hold—or even generally discuss—that intent may be inferred from circumstantial evidence.[8] *Skanska* actually stands for the proposition that "intent to deprive"

---

[8] Plaintiff also cites and quotes *Skanska* at "1311 n.6" for the proposition that courts have "'considerable inherent' sanctions power, including fees." (Mot. at 19.) That footnote does not even concern spoliation sanctions or the award of fees, and the purported quotation appears nowhere in the opinion.

requires bad faith, i.e., the alleged spoliator acted with a "purpose of hiding adverse evidence from other parties," and that mere negligence, or even gross negligence, is insufficient. Simply put, *Skanska* does not help Plaintiff. Bonnell did not lose or destroy any ESI, let alone do so with the intent to hide it from Plaintiff. Rather, he preserved and produced all responsive documents.

## C. Plaintiff's Theory of Spoliation Is Speculative and Inconsistent with Her Own Allegations.

Plaintiff's purported evidence of spoliation relies heavily on two supposedly "missing" Google Drive links Bonnell sent to Abbymc on April 24, 2023 and May 5, 2023, respectively. However, those links are not "missing" at all—they were produced to Plaintiff last year during discovery. (Bonnell Decl. ¶ 4 & Ex. A.) Moreover, Plaintiff has not and cannot demonstrate that the Google Drive links directed Abbymc or anyone else to the Video at issue. They did not. The links Plaintiff identified have nothing to do with the Video or Plaintiff for that matter. Rather, they link to third-party videos created years after the Video that Bonnell recorded with Plaintiff. (Bonnell Decl. ¶ 6.)

Courts routinely deny motions seeking spoliation sanctions where the movant's alleged prejudice is based on mere speculation about what the supposedly "missing" evidence *might* show, especially where the movant failed to move to compel production of the so-called "missing" evidence during the discovery period. *See A.T.O.*, 2018 WL 5886663 at *5 ("[A] party seeking spoliation sanctions may not rest upon speculation that important documents concerning a claim or defense existed but were destroyed."); *Romero v. Regions Fin. Corp./Regions Bank*, No. 18-22126-CV-WILLIAMS/TORRES, 2019 WL 2866498, at *7-8 (S.D. Fla. July 3, 2019) (Torres, Mag. J.) (denying motion for spoliation sanctions where any benefit from allegedly missing video evidence was "purely speculation and conjecture," and plaintiff's failure to seek the footage earlier undermined her claim that it was important); *Living Color Enters., Inc. v. New Era Aquaculture, Ltd.*, No. 14-cv-62216-MARRA/MATTHEWMAN, 2016 WL 1105297, at *5 (S.D. Fla. Mar. 22, 2016) (denying motion for spoliation sanctions where plaintiff's assertion that missing ESI was "crucial" was conclusory and failed to establish prejudice or a direct nexus to the claims).

11

Critically, Plaintiff's spoliation theory is inconsistent with her own allegations, as well as the assertions of her star witness, Abbymc. Prior to filing this Motion, Plaintiff never alleged, or even suggested, that the "missing" April 24, 2023 and May 5, 2023 Google Drive links were links to the Video. She did not raise that theory in her pleadings, in her correspondence, in a motion to compel, or at Bonnell's deposition. That omission is telling. Throughout this case, Plaintiff has maintained that Bonnell sent the Video to Abbymc "on November 3, 2023." (*See*, *e.g.*, Opp'n to Mot. for Summ. J. [ECF No. 247] at 4.) Abbymc's own declaration refutes Plaintiff's new theory. Abbymc did not attest to receiving Plaintiff's Video in April or May 2023. Instead, she declared (twice) that she received a link to the Video "on or about November 3, 2023." (Abbymc Decl., dated Apr. 30, 2026 [ECF No. 249-1] ¶ 6; Abbymc Decl., dated Apr. 30, 2025 [ECF No. 49-2] ¶ 6.) Notably absent from Plaintiff's Motion is a declaration from Abbymc stating that the April or May 2023 Google Drive links depicted Plaintiff, or that Abbymc made mistakes in her prior declarations regarding the date she allegedly received a link to the Video. That is not surprising— Abbymc *never* received the Video at any time. Only now, after failing to produce documentation supporting Bonnell's transmission of the Video to Abbymc, does Plaintiff attempt to move the goal posts, asking the Court to infer that *any* Google Drive link Bonnell sent to *anyone* must have been a link to the Video. Plaintiff's conjecture is not evidence of spoliation.[9]

### D.      **Plaintiff's "Expert" Testimony Is Speculative and Must Be Disregarded.**

Plaintiff's reliance on Jesus Peña's so-called "expert" testimony does not cure the fatal defects in the Motion. Plaintiff cannot transform her speculation into evidence by routing it through a purported expert. Peña's testimony adds nothing to support a finding of spoliation. He has no personal knowledge regarding Plaintiff's spoliation claims. He did not conduct a forensic examination of Bonnell's devices, files, Discord account, or Google Drive. He has no personal knowledge of any alleged deletion, and he identifies no forensic artifact demonstrating that

---

[9] To the extent Plaintiff argues that the "underlying files" associated with the Google Drive links were not separately produced, that is not spoliation either. It is, at most, a discovery dispute that Plaintiff should have raised through a timely motion to compel. Plaintiff never filed such a motion.

Bonnell destroyed Plaintiff's Video, destroyed Discord or Google Drive files, or acted with intent to deprive Plaintiff of evidence. Nor can Peña establish that any allegedly "missing" file was the Video file at issue in this lawsuit.

Bonnell has repeatedly challenged Peña's qualifications, his defective methodology, and his baseless and speculative conclusions. (*See* Reply Br. in Supp. of Mot. To Dismiss, dated Oct. 10, 2025 [ECF No. 149] at 9-11 & n.7; Reply Br. in Supp. of Mot. for Summ. J., dated May 13, 2026 [ECF No. 253] at 9 & n.4.) Peña's opinions remain flawed for the same reasons previously identified: They depend on assumptions, speculation, and plagiarized theories he pulled from the KiwiFarms website—the very site to which Bonnell's private materials were originally published, without his consent. Indeed, after Bonnell exposed that Peña had copied, verbatim, portions of his sworn testimony from KiwiFarms, Plaintiff sought to "amend" Peña's declaration and disavow the unsupported conclusions of evidence tampering. (*See* Reply Br. in Supp. of Mot. To Dismiss [ECF No. 149] at 9-10.) Peña's recycled (and later retracted) speculation is not evidence of lost or "missing" ESI, does not demonstrate prejudice to Plaintiff, and does not show that Bonnell intended to deprive her of evidence. It certainly cannot operate to satisfy Plaintiff's burden under Rule 37(e). At most, Peña's testimony offers another layer of speculation on top of Plaintiff's unsupported allegations of evidence tampering. Accordingly, Plaintiff has failed to meet her burden as a matter of law, and the Motion must be denied.

## IV.   BONNELL IS ENTITLED TO HIS REASONABLE ATTORNEYS' FEES AND COSTS.

Bonnell is entitled to recover the reasonable attorneys' fees and costs incurred in opposing Plaintiff's Motion. Upon the Court's denial of a Rule 37 motion, the non-moving party is entitled to his reasonable attorneys' fees and costs incurred in opposing the motion unless the motion was substantially justified or other circumstances would make an award unjust. *See* Fed. R. Civ. P. 37(a)(5)(B) ("If the motion is denied, the court . . . *must*, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees.")

13

(emphasis added). Plaintiff's Motion was not substantially justified. It is untimely, violates the Court's Scheduling Order, and is unsupported by the record. Plaintiff sat on her rights for months, allowed the discovery and Scheduling Order deadlines to lapse, failed to file a motion to compel, and now seeks to cure that failure by rebranding what is, at best, a discovery dispute as Bonnell's intentional destruction or spoliation of evidence. Bonnell is entitled to his reasonable attorneys' fees and costs incurred in opposing Plaintiff's entirely baseless Motion. In an effort to dissuade Plaintiff from filing this Motion, the undersigned counsel expressly advised Plaintiff's attorneys that Bonnell would seek to recover any legal fees and expenses he was forced to incur in connection with filing an opposition. (*See* Brettler Decl. ¶ 7 & Ex. E.)

## V.     CONCLUSION

For the reasons stated herein, Bonnell respectfully requests that the Court deny Plaintiff's Motion in its entirety. Bonnell further requests that the Court award him his reasonable attorneys' fees and costs pursuant to Fed. R. Civ. P. 37.

Dated: June 1, 2026

Respectfully submitted,

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580
Fax: (305) 374-7593

By: /s/ *Michael S. Morgan*
Michael S. Morgan
Florida Bar No.: 1061173
mmorgan@bilzin.com

and

**BERK BRETTLER LLP**
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel: (310) 278-2111

By: /s/ *Andrew B. Brettler*
Andrew Brad Brettler
California Bar No.: 262928
abrettler@berkbrettler.com
Jake A. Camara
California Bar No.: 305780
jcamara@berkbrettler.com
Joel Sichel
California Bar No.: 361148
jsichel@berkbrettler.com
(admitted *pro hac vice*)

*Counsel for Steven K. Bonnell II*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 1, 2026, a true and correct copy of the foregoing was served on all parties via electronic transmission to counsel of record for these parties.

By: /s/ *Michael S. Morgan*
Michael S. Morgan

## SERVICE LIST
*Jane Doe v. Steven K. Bonnell II*
*Case No.: 1:25-cv-20757-JB*

Carlos A. Garcia Perez, Esq. Sanchez-Medina, Gonzalez, Quesada, Lage, Gomez & Machado, LLP 201 Alhambra Circle, Suite 1205 Coral Gables, Florida, 33134
Email: cgarciaperez@smgqlaw.com

*Counsel for Jane Doe*

Joan Schlump Peters, Esq.
JSP LAW, LLC
838 Neapolitan Way, #91, Naples, FL 34103
Email: petersjoan@bellsouth.net

15