# EXHIBIT E



**From:** **Andrew Brettler** abrettler@berkbrettler.com
**Subject:** Re: LR 7.1(a)(3) Conferral
**Date:** May 13, 2026 at 3:03 PM
**To:** Joan peters petersjoan@bellsouth.net
**Cc:** Carlos Garcia Perez cgarciaperez@smgqlaw.com, Gustavo D. Lage GLage@smgqlaw.com, Augusto Lopez alopez@smgqlaw.com, Jake Camara jcamara@berkbrettler.com, Joel Sichel jsichel@berkbrettler.com, Michael S. Morgan Mmorgan@bilzin.com

Dear Joan:

Your proposed motion seeking spoliation sanctions is untimely and improper for a slew of reasons.

First, the Court set March 30, 2026 as the deadline by which to file any such motion. [ECF No. 23.] Plaintiff blew that deadline.

Second, Bonnell's testimony and document production demonstrate that he preserved all documents and evidence. Just because he did not preserve them in the format you prefer does not support a motion for spoliation sanctions.

Third, deposition testimony and document productions show that only Plaintiff and your other client, Lauren Hayden, are the ones who *actually* destroyed evidence pertaining to the case. Plaintiff admitted to deleting and altering her messages and both she and Ms. Hayden admitted to communicating about the case using the Signal app, which was set to automatically delete their messages.

Finally, while you provide no details about your long-threatened motion in your meet and confer email below, to the extent it will be based on the testimony or theories of Jesus Peña, the motion is dead in the water. Mr. Peña, who purports to be an expert, has never done a forensic examination of Bonnell's files and has no personal knowledge regarding Plaintiff's purported spoliation claims. He speculates at best and given his track record of copying and pasting his findings and conclusions from the Kiwifarms website, his testimony carries no weight. Indeed, we have challenged his qualifications as an expert under *Daubert*.

We urge you to reconsider your proposed motion, or at least provide us with details about it so that we may conduct a proper meet and confer. As it stands now, you haven't even made a *prima facie* showing that the motion is procedurally proper, let alone supported by any evidence. If you nevertheless file your baseless motion, Bonnell will seek recovery of his attorneys' fees in connection with opposing the same.

If you have additional information and believe a further discussion is warranted, we will make ourselves available by phone. Short of that, we oppose Plaintiff's motion are reserve all of Bonnell's rights and remedies.

Sincerely,

**Andrew B. Brettler** | BERK BRETTLER LLP
9119 W. Sunset Blvd. | West Hollywood, CA 90069
O: +1.310.278.2111 | M: +1.917.620.2726

> On May 13, 2026, at 12:34 PM, Joan peters <petersjoan@bellsouth.net> wrote:
>
> Counsel:
>
> We write pursuant to Local Rule 7.1(a)(3) to confer regarding Plaintiff's forthcoming Motion for Sanctions Under Federal Rule of Civil Procedure 37(e)(2). As referenced in Plaintiff's Opposition to Defendant's Motion for Summary Judgment, the Motion will seek (1) a finding that Defendant intentionally destroyed his side of his Discord communications with Abbymc with the intent to deprive Plaintiff of the information's use in this litigation; (2) an adverse inference that the deleted messages contained evidence that Defendant transmitted the Video of Plaintiff to Abbymc on or about November 3, 2023; and (3) Plaintiff's reasonable attorneys' fees and costs incurred in bringing the Motion. The Motion is grounded in Defendant's sworn deposition testimony, his document production, and our forensic expert's conclusions.
>
> Please advise whether Defendant opposes the Motion, and if you wish to discuss, please propose a time. Absent a response, Plaintiff will proceed and state in the certificate of conferral that Defendant opposes.
>
> All rights reserved.
>
> *Joan Schlump Peters, Esq.*
> JSP Law LLC
> 838 Neapolitan Way, #91
> Naples, FL 34103
> T. 305-299-4759