**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

JANE DOE,                                                    CASE NO.: 1:25-cv-20757-JB/Torres
          Plaintiff,
v.
STEVEN K. BONNELL II,
          Defendant.
_____/

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS UNDER**
**FRCP 37(e)(2) FOR DEFENDANT'S SPOLIATION OF EVIDENCE**

Defendant's Opposition concedes the two central issues in this Motion. First, Bonnell concedes that his sworn "true and correct" log of every media file and Google Drive link he claims to have sent to Abbymc (ECF 213 ¶ 11)—the centerpiece of his summary-judgment motion—is not true and correct, because it omits the April 24 and May 5, 2023 Google Drive links at issue. (ECF 272, Bonnell Decl. ¶¶ 4-5.)  The only evidence he offers that he never sent Plaintiff's Video to Abbymc is thus incomplete on its face; his contrary assertion that the links led only to third-party content rests on his own say-so, backed by no file, log, or metadata. His claim that he "preserved and produced all discoverable documents and information that Plaintiff requested" (Opp. 8) is belied by his own exhibit: he produced not one of the twenty-two media items it identifies as sent to Abbymc, though he produced the attachments Abbymc sent him—selective preservation evidencing intent to deprive. (ECF 263, Peters Decl. ¶ 33.)

Second, Bonnell concedes he did not preserve ESI using standard practices that ensure authenticity: he recorded no hash values and produced no load files with metadata, yielding an internally inconsistent, unverifiable production. His only response is that hash values are "irrelevant."  (Opp. FN 5.) That is contradicted by Plaintiff's forensic expert.  Bonnell also admits he refused the neutral forensic examination Plaintiff requested (Opp. 3 n.1), yet faults Plaintiff for the absence of the very examination he blocked. (Opp. 2, 12.)

1

The Opposition otherwise rests on timeliness, but the Rule 37(e)(2) intent showing turned on Bonnell's deposition, which the Court stayed until April 21, 2026 (ECF 240). Plaintiff filed eighteen days later, and thus the Motion is timely and should be granted.

## I.      THE MOTION IS TIMELY

Defendant's timeliness argument ignores the case's procedural history and the nature of the Motion's evidence. Plaintiff filed the Motion eighteen days after Bonnell's April 30, 2026 deposition and five days after his May 13, 2026 livestream admissions.[1] Those events supplied the principal evidence of intent relied upon in the Motion. Until then, Plaintiff possessed substantial evidence that responsive ESI was missing, but lacked Bonnell's sworn testimony concerning his collection process, his admissions regarding the Redact application, and his public statements regarding his deletion of Discord communications—going directly to the requisite element of bad faith.[2]

This Court has recognized that the Rule 37(e)(2) intent determination is best made *after* discovery is complete. *See, e.g., Title Capital Mgmt., LLC v. Progress Residential, LLC*, No. 16-21882-CV-Williams/Torres, 2017 U.S. Dist. LEXIS 218624, at *18 (S.D. Fla. Sept. 29, 2017), (declining to resolve intent on an undeveloped record, explaining it would be "better made after completion of all discovery."); *Pliteq, Inc. v. Mostafa*, 775 F. Supp. 3d 1231, 1248-49 (S.D. Fla.

---

[1] Defendant's timeliness argument is internally inconsistent. He contends both that Plaintiff was required to file during the discovery period ending December 16, 2025 (Opp. 3-4) and that the Motion is barred by the Scheduling Order's March 30, 2026 deadline for "pretrial motions." (Opp. 2.) Those theories cannot both be correct. If a Rule 37(e) motion is a pretrial motion, the Scheduling Order itself contemplated filing after the close of discovery and before March 30. If it is instead a discovery dispute governed by Local Rule 26.1(g), the March 30 motion deadline is inapplicable. Plaintiff filed within eighteen days of Bonnell's April 30 deposition and five days of his May 13 livestream admissions, rendering the Motion timely under either framework.

[2] The Motion's central admissions regarding intent came from that April 30, 2026 deposition: that the Google Drive files Bonnell sent Abbymc "are not existing anymore" (ECF 263-1, Dep. Tr. 237:3-6); that he deleted his Discord messages "sometime maybe at the end of 2024" (*id.* 243:25-244:3); that he built Exhibit E by "merg[ing]" files with "different timestamps" "to make it line up" (*id.* 306-07); and that "the request for the preservation of evidence wouldn't have even initially covered Abby" (*id.* 369:21-370:7). His May 13, 2026 livestream added that he "ran like a whole redact of [his] Discord" in early 2025 and "could have just said I have nothing from Abby." (ECF 263, Peters Decl. ¶¶ 39-40.)

2025) (resolving intent on the defendant's deposition testimony); *Sosa v. Carnival Corp.*, No. 18-20957-CIV, 2018 U.S. Dist. LEXIS 204933, at *34-35 (S.D. Fla. Dec. 4, 2018) (faulting movant for not deposing); *Delotta v. S. Broward Hosp. Dist.*, 2021 U.S. Dist. LEXIS 248570, at *6-7 (S.D. Fla. Jan. 22, 2021) (spoliation may be shown through deposition testimony).

The Court's own orders further distinguish this case from the authorities Defendant cites. Bonnell's deposition was stayed pending further order of the Court and did not proceed until April 30, 2026, nine days after the stay was lifted; Plaintiff filed this Motion eighteen days later. None of Defendant's timeliness authorities involved a court-ordered stay that withheld the spoliator's testimony until after the motion deadline, or a motion filed promptly once the evidence of intent was obtained; each denied relief for unrelated reasons or faulted a movant who knew the facts and simply delayed. *See Derhem v. Bay House Mia. Condo. Ass'n*, 2024 WL 4370880 (S.D. Fla. Oct. 1, 2024) (denied as moot, not untimely); *A.T.O. Golden Constr. Corp. v. Allied World Ins. Co.*, 2018 WL 5886663, at *14-15 (S.D. Fla. Nov. 9, 2018) (speculative evidence); *Youngman v. Royal Caribbean Cruises Ltd.*, 2024 WL 4483319 (S.D. Fla. Sept. 2, 2024) (movant with a discovery extension who delayed months); *Munro v. Fairchild Tropical Botanic Garden*, 2021 WL 11960980 (S.D. Fla. June 30, 2021) (movant with inspection access who delayed). Plaintiff did not.

Defendant's contention that Plaintiff's only remedy was a motion to compel (Opp. 7) misapprehends Rule 37(e): a motion to compel produces evidence that exists; it cannot resurrect ESI the spoliator destroyed — and Defendant admits the files "are not existing anymore." (Dep. Tr. 237:3-6.) His authorities are inapposite. *See Steed v. EverHome Mortg. Co.*, 308 F. App'x 364, 371 (11th Cir. 2009) (Rule 37(d) false-response; default predicate only); *Smith v. Royal Caribbean Cruises, Ltd.*, 302 F.R.D. 688 (S.D. Fla. 2014) (protective order on post-cutoff "trial" depositions);

3

*Westgate Resorts, Ltd. v. Reed Hein & Assocs., LLC*, 2021 WL 4428753, at *3-4 (M.D. Fla. Mar. 25, 2021) (recordings recovered and produced); *Health First, Inc. v. Hynes*, 2014 WL 12881288, at *4 (M.D. Fla. May 14, 2014) (speculative, cumulative, no bad faith). In any event, Plaintiff could not have compelled; she pursued the discovery calendar and was obstructed (see below).

Nor did Plaintiff "sit on her rights." As detailed in the Motion, beginning in September 2025, she repeatedly identified missing materials, requested a neutral forensic examination, served deficiency letters, sought discovery concerning the Redact application Bonnell admits using to delete Discord messages, and attempted to bring the disputes before Judge Torres pursuant to the Court's discovery procedures. Defendant opposed those efforts, refused the examination, produced no Redact discovery, and withdrew his availability for the final discovery-calendar date before the cutoff. Plaintiff then moved to extend discovery so the disputes could be resolved (ECF 184, 190). Defendant opposed that too. Having opposed the procedures that would have permitted earlier resolution, Defendant cannot fault Plaintiff for the Motion's timing.

## II.     DEFENDANT'S OPPOSITION DOES NOT REFUTE THE CORE OF THE MOTION

### A.     The Underlying Files Were Not Preserved Or Produced.

Defendant's principal merits response — that the April 24 and May 5, 2023 Google Drive links "were not missing" because the URLs appear in the produced thread (Opp. 11) — misses the point. The Motion never claimed the URLs were absent; it shows that Exhibit E omits them despite Defendant's sworn representation that the log was a "true and correct" record of every Google Drive link he sent Abbymc, as comparison of Exhibit E and the thread confirms. Production of a hyperlink is *not* production of the file: the underlying files were never preserved and cannot now be examined — a point the Opposition never addresses. Defendant now concedes the omission, characterizing it as "inadvertent." (Opp. FN 7.)

4

Defendant's "inadvertent" label also conflicts with his sworn account of how Exhibit E was made: he sorted the Abbymc thread, removed messages without media, and logged the timestamps of those containing media. (ECF 263-1, Dep. Tr. 305:25-306:6.) A process built to capture media transmissions does not accidentally skip two Google Drive transmissions while logging later ones from the same thread — particularly the May 5 link sent immediately after Defendant asked, "Did I ever send you the one of her blowing me?" The selective omission of the most consequential links is itself evidence of intent. *See Skanska*, 75 F.4th at 1312.

Having conceded that Exhibit E is incomplete, Defendant now relies exclusively on his unsupported assertion that the missing files depicted a third party rather than Plaintiff. (ECF 272, Bonnell Decl. ¶ 6.) Because the files themselves were not preserved, Rule 37(e)(2) permits the Court to presume that the lost evidence was unfavorable to him if it finds the requisite intent. *See Skanska*, 75 F.4th at 1311.

Furthermore, the Opposition addresses only the two Google Drive links, ignoring that Bonnell's own Exhibit E [ECF 213-5] lists the twenty non-Drive media files he swore he "ever sent to Abbymc," and *none produced*. (ECF 263, Peters Decl. ¶¶ 32, 34.) His own testimony confirms he had the source — the outbound log he used to build Exhibit E (ECF 263-1, Dep. Tr. 305:25-306:6), which he possessed on January 30, 2026 and never produced. He either withheld it — making his sworn statement that he "produced . . . all of [his] communication logs with Abbymc" (Bonnell Decl. ¶ 4) false — or destroyed it; either way, spoliation or non-production under Rule 37(e).

**B.      The Deposition And Livestream Admissions Are Evidence Of Intent.**

Intent need not be inferred here; Defendant admitted it. On the May 13, 2026 livestream he said he "ran like a whole redact of my Discord" in "January or February [2025]" — after his

preservation duty attached on November 29, 2024, and after the January 23, 2025 preservation demand (ECF 263-2)) — and that "Abby was not a part of the court case at the time . . . so . . . I . . . would have been fully within my right to wipe all of it." (ECF 263, Peters Decl. ¶¶ 39-40.) The Opposition never addresses this admission of intent to deprive.

Even read as circumstantial, the intent evidence suffices, and Defendant's attack on the Motion's reliance on *Skanska* (Opp. 10-11) inverts the opinion. *Skanska* equates Rule 37(e)(2) intent with bad faith, and contrary to Defendant's abject misinterpretation, holds it may be shown by circumstantial evidence. The  Eleventh Circuit affirmed sanctions even though "this is not a case with direct evidence of bad faith," and it rejected the argument that bad faith "premised on circumstantial evidence requires an 'affirmative act,'" holding that "[f]ailure to act can thus — by definition — be a violation of Rule 37." 75 F. 4th at 1312-13. Defendant's own Opposition quotes *Skanska*'s "purpose of hiding adverse evidence" standard (Opp. 11) — the standard the Motion applies — refuting both his claim that the phrase "appears nowhere" and his assertion that intent cannot be inferred circumstantially.[3]

Defendant's intent is also inferable from the manner of his production. A litigant served with a preservation demand for all metadata (ECF263-2), represented by experienced counsel, did not by accident choose a collection method that stripped metadata and generated no hash values — the very features that permit verification. Having structured his production so that Plaintiff cannot determine what was altered or withheld, Defendant cannot claim the resulting gaps are innocent; the deliberate defeat of verification is itself circumstantial evidence of intent and bad

---

[3] Defendant's accusation that "Plaintiff's counsel relied on artificial intelligence to conduct legal research" (Opp. 10) is both baseless and backward – the *Skanska* language and holding Defendant claims are absent appear, verbatim, in the text quoted above - and it is Defendant's reading of the opinion, not Plaintiff's, that does not survive it.

faith. *See Skanska*, 75 F. 4th at 1313 ("[W]e find *Skanska*'s utter failure to implement even the most basic data-protection safeguards egregious–so egregious that an inference of bad faith is easy to make.").

**C.      The Motion Identified The Spoliated ESI With Specificity, And Defendant's Concealed SoloTinyLeaks Communications Confirm Intent.**

Defendant claims Plaintiff failed to identify the lost ESI with specificity. (Opp. 7-8.) *Not so.* The Motion identifies it by category and witness: the deleted Discord communications with Plaintiff, Abbymc, Brooke, and two witnesses; the twenty-two items on Exhibit E; the April 24, May 5, and November 3, 2023 Drive files and Discord attachments; the Google Drive activity logs lost within Google's six-month window; and the communications with the seven disclosed non-party witnesses and with SoloTinyLeaks. (Mot. 4-8, 11, 15-16.) A movant cannot identify spoliated ESI more precisely than by the spoliator's own sworn inventory of it and the produced thread showing the links he sent.

The Solo communications prove the point and supply independent intent evidence. Plaintiff identified Defendant's Solo communications as responsive ESI he never produced. (Mot. 16; ECF 263, Peters Decl. ¶¶ 19-20.) In response to Plaintiff's deficiency correspondence, Defendant represented in writing that he had "no responsive documents in his possession, custody, or control" as to Solo — claiming only public materials existed. (Peters Reply Decl., dated June 8, 2026, Ex. A.) At deposition he switched accounts, testifying that "my understanding is I did produce those communications." (ECF 263-1, Dep. Tr. 324:5-6.) He produced none. (ECF 263, Peters Decl. ¶20.)

**Then, *after* the Motion and Opposition were filed, Defendant resolved the contradiction himself: on a June 3, 2026 livestream he displayed a chat thread between himself and Solo that Solo never posted and that has never been public. (Peters Reply Decl. ¶¶ 2-6.] He thus possesses the very communications he swore in writing were "not in his**

**possession, custody, or control" and has withheld them throughout this litigation. That is not lost ESI; it is concealment of existing, responsive evidence — the paradigm of "a purpose of hiding adverse evidence."** *Skanska*, **75 F.4th at 1312.**

Defendant's "speculation" contention (Opp. 11-12) misreads the record and his own authority. Existence, nature, and loss are established, not supposed: his sworn Exhibit E inventories the media he sent Abbymc; his produced thread references the intimate video he sent her (ECF 263-3, S.B.000017); Abbymc attests she received and viewed a video of Plaintiff; and Defendant admits the underlying files "are not existing anymore" (ECF 263-1, Dep. Tr. 237:3-6). His cases are the opposite. *A.T.O.* denied relief because the movant rested "'upon speculation that important documents . . . existed but were destroyed,'" with no proof of loss. 2018 WL 5886663, at *14-15 (citations omitted). *Romero* denied relief because the missing video was "entirely immaterial" to the claim's elements. 2019 WL 2866498, at *12. And *Living Color Enters. v. New Era Aquaculture Ltd.,* 2016 U.S. Dist. LEXIS 39113, *18-19 (S.D.FL. 2016) denied relief because there was no prejudice and the "lost" evidence had been provided. Here the loss is proven by Defendant's own log, the files are the dispositive intimate recordings, and they are irreplaceable.

Nor is Plaintiff's theory "inconsistent" (Opp. 12). Defendant treats Abbymc's declaration as fixing receipt on November 3, 2023, but it says "<u>on or about</u> November 3, 2023" - an approximation anchored to Abbymc's contemporaneous November 3 message that Defendant had sent her a video of Plaintiff. (See ECF 49-2, Abbymc Decl.; ECF 86.) Abbymc could not fix the precise date because Defendant had deleted his side of their messages and stripped the metadata that would establish it — the very records his spoliation destroyed. The approximation thus reflects Defendant's own conduct, not any inconsistency, and he cannot manufacture "inconsistency" from

8

the gap he created. The difference between "on or about" and an exact date is immaterial and renders neither Abbymc's declaration nor Exhibit E inconsistent.

### III.   DEFENDANT CANNOT MANUFACTURE A FORENSIC GAP, AND HIS ATTACKS ON PEÑA ARE FORFEIT

Defendant faults the Motion for the absence of a forensic examination Peña "did not conduct." (Opp. 2, 12.) But on September 18, 2025, Plaintiff proposed a neutral examiner limited to Google Drive, Gmail, and Discord artifacts on Defendant's preserved images, costs shared equally. (ECF 263-6.) Defendant flatly refused. (ECF 263-7.)

A litigant cannot block the mechanism that would have produced the evidence and then rely on its absence; obstruction of verification is itself circumstantial evidence of intent. And *Procaps S.A. v. Patheon Inc.*, 2014 U.S. Dist. LEXIS 187185, *10 (S.D. Fla. Dec. 30, 2014) — on which Defendant relies — requires a "strong showing" of intentional destruction to compel an examination, the very showing he says is missing, making his position circular. The cooperative alternative he rejected was the only escape.

Defendant has had Peña's report since October 16, 2025, yet never deposed Peña, took no discovery on his findings, disclosed no rebuttal expert, and filed no *Daubert* motion by the deadline. (ECF 263, Peters Decl. ¶ 37.) His "challenge," raised first in an MSJ-Reply footnote (ECF 253 at 9 n.4), is procedurally barred. Peña's findings are therefore unrebutted: Defendant used a third-party "Discord Log Exporter" HTML-to-PDF process that stripped timestamp metadata and generated no hash values — deficiencies Bonnell confirmed at deposition (ECF 263-1, Dep. Tr. 297-98, 306-07) — a post-deletion Data Package cannot recover deleted outbound content, and the Drive activity logs are unrecoverable absent timely preservation. (ECF 249-2, Peña Report; ECF 139-1 Peña Decl., ¶16.) His complaint that Peña never examined his devices is the product of his own refusal. Defendant's footnote dismissing the missing hash values as

"irrelevant" (Opp. 8 n.5)[4] is a frivolous and unsupported argument, not expert rebuttal: per Peña, a contemporaneous hash is the only way to confirm ESI was not altered after collection — the cornerstone of authentication — so its absence is not irrelevant. (ECF 249-2, Concl. 10.) FRE 902(13) and (14) explicitly rely on cryptographic hashes to self-authenticate electronic records. Bonnell's contrary position is further evidence of his intent to deprive. *See Skanska*, 75 F. 4th at 1312-13.

## IV.    DEFENDANT'S VOLUNTARY-TAKEDOWN AND FEE ARGUMENTS FAIL

Defendant's "voluntary-takedown" defense (Opp. 10) fails on its own terms.[5] His assertion that he "preserved it all" before removing material from view (*id.*) rests on his own declarations and is belied by the record: the Motion identifies, item by item, the outbound media files, the Drive files he admits "are not existing anymore," and the native metadata he never preserved. Removing material from public view is not preservation, and his say-so cannot manufacture preservation the record refutes. Finally, Defendant's fee request under Rule 37(a)(5)(B) (Opp. 13-14) is misplaced; it governs motions to compel, not Rule 37(e)(2) motions.

### CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court grant the Motion and deny Defendant's fee request. Should the Court decline to find intent under Rule 37(e)(2), the same loss of material, irreplaceable ESI independently supports curative measures under Rule 37(e)(1) — a permissive adverse-inference instruction, evidence of the loss at trial, and precluding Defendant from contesting their content — no greater than necessary to cure the prejudice.

---

[4] Defendant has also publicly opined that Plaintiff's argument in a prior brief regarding the need for cryptographic hash values is "*stupid*." See Reply Decl. J. Peters, dated June 8, 2026, ¶ 11. The law does not view hashing as "irrelevant" or "stupid."

[5] Defendant's suggestion that Plaintiff and non-party Hayden used Signal set to "auto-delete" (Opp. 8 n.6) is no defense: both testified those messages were non-responsive and unrelated to Defendant or the Video [ECF 273-2, 3].

Dated: June 8, 2026.

| | |
|---|---|
| **JSP LAW, LLC** | **SANCHEZ-MEDINA GONZALEZ** |
| Joan Schlump Peters | **LAGE GOMEZ & MACHADO, LLP** |
| (admitted *pro hac vice*) | CARLOS A. GARCIA PEREZ / Fla Bar 106895 |
| 838 Neapolitan Way, #91 | GUSTAVO D. LAGE / Fla Bar 972551 |
| Naples, FL 34103 | 201 Alhambra Circle, Suite 1205 |
| Tel. 305-299-4759 | Coral Gables, Florida, 33134 |
| Email: petersjoan@bellsouth.net | Tel. (305) 377-1000 |
| Counsel for Plaintiff JANE DOE | Primary E-Mail: cgarciaperez@smgqlaw.com |
| | Primary E-Mail: glage@smgqlaw.com |

Counsels for Plaintiff JANE DOE

By:_____

CARLOS A. GARCIA PEREZ

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 8, 2026 a true and correct copy of the foregoing was served on all parties via the CM/ECF filing portal to all counsel of record.

By: _____

CARLOS A. GARCIA PEREZ
Attorney for Plaintiff

11