

BLAIR BERK
ANDREW B. BRETTLER*
*ADMITTED IN CA, NY AND NJ

JAKE A. CAMARA
REGINA PETER
TOM JONES▲
JOEL SICHEL
▲ ADMITTED IN CA, ENGLAND AND WALES

November 12, 2025

**VIA EMAIL:**
petersjoan@bellsouth.net

Joan S. Peters, Esq.
JSP Law, LLC
838 Neapolitan Wy., #91
Naples, FL 34103

**VIA EMAIL:**
cgarciaperez@smgqlaw.com

Carlos A. Garcia Perez
Sanchez-Medina, Gonzalez, Quesada,
Lage, Gomez & Machado, LLP
201 Alhambra Cir., Ste. 1205
Miami, FL 33134

   **Re:**  *Doe v. Bonnell*, S.D. Fla. Case No. 25-cv-20757-JB/Torres

Dear Joan and Carlos:

Reference is made to Carlos's letters, dated October 17 and October 24, 2025, regarding Steven Bonnell's Responses and Objections to Plaintiff's First Request for Production of Documents. Reference also is made to my letters of September 22 and October 22, which address many of the issues raised in your more recent correspondence.

**Production Format and Preservation**

  We previously addressed your purported concerns with respect to the format of Bonnell's production and your baseless claim that the production was "forensically unsound." We respectfully direct you to our correspondence, dated September 22, 2025.

**Request No. 1**

  Request No. 1 seeks copies of all of Bonnell's public statements, including on social media, regarding the instant lawsuit. Bonnell stands on his prior objections and has no additional documents to produce. He does not maintain copies of his social media posts, streams, or transcripts thereof. Nevertheless, Plaintiff can easily download and view such content.

abrettler@berkbrettler.com

+1.310.278.2111 | 9119 Sunset Blvd. West Hollywood, CA 90069

Joan S. Peters, Esq.
Carlos A. Garcia Perez, Esq.
Re: <u>Doe v. Bonnell</u>
November 12, 2025
Page 2

### Request No. 3

Request No. 3 seeks all documents and communications supporting Bonnell's affirmative defenses. Bonnell stands on his prior objections and has no additional documents to produce at this time. However, discovery is still ongoing; should Bonnell discover any additional, non-privileged documents responsive to this Request, he will produce them.

### Request No. 4

Request No. 4. seeks documents and communications supporting Bonnell's responses to Plaintiff's First Set of Interrogatories. Bonnell stands on his prior objections. Notwithstanding those objections, Bonnell hereby produces documents bearing production labels SB002480-97.

### Request No. 5

Request No. 5 seeks all documents and communications supporting Bonnell's denial of Request for Admission No. 12, in which Bonnell denied that he "deleted [his] direct messages with the individual with the Discord screenname Liquidlaugh." Bonnell stands on his prior objections and has no additional documents to produce. Further, Bonnell notes that Plaintiff's own document production (PLF003896) reflects that Liquidlaugh informed Plaintiff on January 22, 2025, "I did not receive your recording."

### Request No. 9

Request No. 9 seeks all documents identified in Bonnell's Initial Disclosures. Bonnell stands on his prior objections and has no additional documents to produce.

### Request No. 12

Request No. 12 seeks "each and every Google Drive shared link" that Bonnell ever sent to any individual containing intimate images. Bonnell stands on his prior objections, including his right to privacy. Despite your baseless assertion that "[Bonnell] used Google Drive links frequently to share videos/images of this nature," Plaintiff has provided no evidence whatsoever that Bonnell ever transmitted the Video via a Google Drive link. Further, Plaintiff fails to explain how any unrelated Google Drive link could possibly be relevant to her lawsuit. As Judge Beccera previously noted, "This is not a class action"; Plaintiff has sued on

abrettler@berkbrettler.com

+1.310.278.2111 | 9119 Sunset Blvd. West Hollywood, CA 90069

Joan S. Peters, Esq.
Carlos A. Garcia Perez, Esq.
Re: <u>Doe v. Bonnell</u>
November 12, 2025
Page 3

her own behalf and any materials depicting other individuals are irrelevant to her claims. Accordingly, Bonnell will not produce any further documents in response to this Request.

**Request No. 13**

Request No. 13 seeks every publicly or privately posted comment or statement that Bonnell has made about Plaintiff. Bonnell stands on his prior objections and has no additional documents to produce. As indicated above, Bonnell does not maintain copies of his social media posts, streams, or transcripts thereof. Nevertheless, Plaintiff can easily download and view such content.

**Request No. 14**

Request No. 14 seeks all documents supporting Bonnell's contention that he has lost subscribers and revenue as a result of the Kiwi Farms leak. Bonnell stands on his prior objections and has no additional documents to produce at this time. However, discovery is still ongoing; should Bonnell discover any additional, non-privileged documents responsive to this Request, he will produce them.

**Request No. 15**

Request No. 15 seeks all of Bonnell's communications with "Rose" and "Solo." Bonnell stands on his prior objections, including that the Request is compound. Regarding Bonnell's communications with Solo, Bonnell has no responsive documents in his possession, custody, or control. Solo seemingly deleted his Discord account shortly after leaking Bonnell's private information on Kiwi Farms. Accordingly, Bonnell has no means of retrieving such communications. To the extent Plaintiff possesses any materials that were made public by Solo, those communications are the only documents that would be available to Bonnell. Since Plaintiff is already in possession of such publicly available materials, it is unnecessary for Bonnell to produce such documents. Notwithstanding the foregoing, discovery is still ongoing; should Bonnell discover any additional, non-privileged documents responsive to this Request, he will produce them.

Regarding Bonnell's communications purportedly with "Rose," he has produced all responsive documents in his possession, custody, or control. To the extent any attachments sent by Bonnell to "Rose" exist, Solo leaked those materials

abrettler@berkbrettler.com

+1.310.278.2111 | 9119 Sunset Blvd. West Hollywood, CA 90069

Joan S. Peters, Esq.
Carlos A. Garcia Perez, Esq.
Re: <u>Doe v. Bonnell</u>
November 12, 2025
Page 4

---

on Kiwi Farms leak. Plaintiff has offered no evidence demonstrating that any attachments Bonnell *received* from "Rose," to the extent they exist, are relevant to Plaintiff's claims.

**Request No. 16**

Request No. 16 seeks all documents demonstrating that Bonnell preserved and/or deleted all communications related to the allegations in the Complaint. Bonnell has no additional documents responsive to this Request in his possession, custody, or control.

**Request No. 18**

Request No. 18 seeks all documents reflecting the efforts Bonnell took to remove the Video from online platforms. Bonnell stands on his prior objections. Notwithstanding those objections, Bonnell hereby produces documents bearing production labels SB002480-97 herewith.

Sincerely,

ANDREW B. BRETTLER

Encls.

cc:     All counsel of record