EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(MIAMI DIVISION)**

| | |
|---|---|
| **JANE DOE,**<br><br>Plaintiff,<br><br>v.<br><br>**STEVEN K. BONNELL II,**<br><br>Defendant. | CASE NO: 1:25-cv-20757-JB/Torres |

**SUPPLEMENTAL DECLARATION OF JESUS F. PEÑA IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS UNDER FED. R. CIV. P. 37(e)(2)**

I, Jesus F. Peña, declare as follows:

1. I am the founder of e-Forensics Inc., with over twenty-four years of experience in digital forensics and e-discovery. My full qualifications, curriculum vitae, and publications are set out in my Expert Report dated October 15, 2025, served on Defendant in this action and filed at ECF 249-2 ("Expert Report"). I submit this Supplemental Declaration in support of Plaintiff's Motion for Sanctions for Defendant's Spoliation of Evidence. This Supplemental Declaration does not withdraw or modify any opinion expressed in my prior report or declarations; it supplements them based on the additional materials described below. The opinions expressed below are my own, based on my professional training, experience, and review of the relevant materials in this action.

2. As set forth in my Expert Report and prior declarations, I concluded that Defendant's electronically stored information ("ESI") was not collected or preserved in a forensically sound manner; that no cryptographic hash values were generated at the time of

collection to permit verification of the data's integrity. The matters described below are consistent with, and further illustrate, those findings and provide further evidence of failure to produce responsive documents and spoliation of evidence.

## THE UNPRODUCED FACEBOOK MESSAGE TO "ROSE"

3. On August 4, 2026, Plaintiff's counsel informed me of a statement by Defendant, in a video published to YouTube, concerning a Facebook message that Defendant sent to the individual identified in this litigation as "Rose." That same day, I forensically preserved the video and its associated metadata using Stacher. The digital fingerprints (MD5 hash values) of the preserved files are:

MP4 video file: d16074c90b35839c8851d1692c8866b2

Metadata (JSON) file: 99bca20501067bcf679e8c1cfcb00c2f

The video was recorded on December 4, 2025 and posted to YouTube on December 8, 2025, at the following address: https://www.youtube.com/watch?v=1L-HG0_aIKw&t=3243s.

4. I reviewed the preserved video. At timestamp 54:03, Defendant states, in relevant part: "… By the way, the only person who collaborated with or tried to do anything with Rose was .... I have messaged this person [Rose] one time in my life, and it was when I found their Facebook account and then I messaged them …."

5. I searched Defendant's document productions in this matter for any Facebook message between Defendant and Rose. I located none. I am further informed by Plaintiff's counsel, Joan S. Peters, who has received and reviewed all of Defendant's document productions, that no such Facebook message has been produced by Defendant.

6. A Facebook (or Facebook Messenger) message sent by Defendant would, in the ordinary course, reside in and be retrievable from Defendant's own Facebook account, and would therefore remain within Defendant's possession, custody, or control for so long as the account and the message exist. A forensically sound collection of Defendant's Facebook account would capture such a message, together with its associated metadata. By Defendant's own recorded admission, he sent such a message. Its absence from Defendant's production therefore indicates either that the message was never collected from the native source, or that it was deleted and not preserved. Plaintiff possesses no copy of this message; if it has been deleted from Defendant's account, no forensic substitute for the native record exists.

**THE UNPRODUCED DISCORD MESSAGES WITH WITNESS C**

7. On August 14, 2026, Plaintiff's counsel provided me with a screenshot depicting a Discord message exchange, dated November 29, 2024, between the Discord account "Destiny" — which I understand to be Defendant's account — and the Discord account of the individual referred to in this litigation as "Witness C." November 29, 2024 is the same date on which twenty-nine of Defendant's files, including the Video, were published on KiwiFarms.com by the user "SoloTinyLeaks," as described in my Expert Report.

8. I preserved the screenshot using AccessData FTK Imager. The digital fingerprint (MD5 hash value) of the resulting image is: 63c1bd87e4f52c44a1dd2afd9bd0acfbc9694bdf87c45817393da0c5970a03e9. A true and correct copy of the screenshot is attached as Exhibit B to the Declaration of Witness C, filed under seal herewith.

9. I searched Defendant's document productions for any Discord messages between Defendant and Witness C. I located none. I am further informed by Plaintiff's counsel that no such messages have been produced by Defendant.

10. Direct messages exchanged on Discord to which Defendant was a party reside in and are retrievable from Defendant's own Discord account, and remain within Defendant's possession, custody, or control for so long as the account and the messages exist. A forensically sound collection — for example, a native export or a complete HTML export with intact metadata — would capture such messages. The PDF-from-HTML export methodology that I previously identified in Defendant's production would not reliably capture such messages and, as I previously found, strips metadata. Independent evidence — the screenshot — establishes that this exchange occurred on November 29, 2024 and that Defendant was a party to it. The absence of these messages from Defendant's production therefore indicates either that they were never collected from the native source, or that they were deleted and not preserved.

11. I am informed by Plaintiff's counsel that Defendant's counsel has represented in writing that Defendant "has no additional documents in his custody, possession or control that are responsive" to Plaintiff's First Request for Production. I am further informed, from the Declaration of Witness C, that on or about February 14, 2025, Defendant archived his Discord communications with Witness C, sent her a copy of that archive, and then deleted those communications, and that he again deleted his communications with Witness C in or about May 2026. From a forensic standpoint, archiving messages and then deleting the source necessarily creates a separate copy that, in the ordinary course, would reside on the device or account from which it was made and be recoverable by forensic examination unless it too was deleted — a sequence consistent with bulk message-deletion applications such as "Redact" (redact.dev), which has been referenced in this

matter, that delete a user's messages through a platform's API while offering an optional feature to save a local copy first, and that reflect a deliberate, user-initiated act. Given the independent evidence that these communications existed and that Defendant authored them, that representation is consistent with responsive ESI having been deleted or not preserved, or with Defendant's collection having failed to capture responsive ESI within his own accounts; whether Defendant in fact retains the archive he created, or any other copy, can be determined through a forensic examination of his devices and accounts.

12. The matters described above are consistent with, and further illustrate, the pattern of forensically unsound collection, loss of metadata, and non-preservation of responsive ESI that I identified in my Expert Report and declarations.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 17, 2026, in Miami, Florida.

______________________________
Jesus F. Peña