EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

MIAMI DIVISION

JANE DOE, Case No: 1:25-cv-20757-JB/Torres

Plaintiff,

vs.
STEVEN K. BONNELL II,

Defendant.
_________________________________/

**SUPPLEMENTAL DECLARATION OF JOAN S. PETERS IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS UNDER FED. R. CIV. P. 37(e)(2)**

I, Joan S. Peters, declare as follows:

1. I am an attorney admitted to practice *pro hac vice* in the above-captioned action and counsel of record for Plaintiff Jane Doe. I have personal knowledge of the matters contained in this Declaration and, if called upon to testify, could offer competent testimony thereto.

2. I submit this Declaration in further support of Plaintiff's Motion for Sanctions Under Federal Rule of Civil Procedure 37(e)(2) for Defendant's Spoliation of Evidence [ECF No. 262] ("Motion"), and to authenticate and place into the record the documents described below. I have personally received and reviewed each of Defendant's document productions in this matter.

3. Plaintiff served her First Request for Production of Documents ("RFP") on Defendant on May 5, 2025. The RFP requested, inter alia, "all documents and/or communications you have had with [] the individual with the screen name Rose." The RFP also requested "[a]ll the documentary evidence you possess or know of which has or may have any relationship to any facts, claims and/or defenses by any party in this case, even though you may not present it at trial."

**THE FACEBOOK MESSAGE TO "ROSE"**

4. Defendant has never produced in this litigation any Facebook message or communication between Defendant and the individual identified as "Rose." The circumstances of Defendant's recorded admission that he located Rose's Facebook account and sent her such a message, and the forensic preservation of the video containing that admission, are addressed in the Supplemental Declaration of Jesus F. Peña submitted herewith.

**THE DISCORD MESSAGES WITH WITNESS C**

5. Defendant has never produced in this litigation any Discord communication between Defendant and Witness C, including a message exchange between Defendant (Discord account "Destiny") and Witness C dated November 29, 2024. The content of that exchange, the facts establishing Witness C's relationship to Defendant, and Defendant's deletion of the underlying communications are set forth in the Declaration of Witness C, filed under seal herewith. These communications are responsive to Plaintiff's RFP, including the request for all documentary evidence bearing any relationship to the facts, claims, or defenses in this case.

6. On August 14, 2026, I provided a copy of the November 29, 2024 exchange to Plaintiff's forensic expert, Jesus F. Peña, for forensic preservation, as described in his Supplemental Declaration.

**THE MEET-AND-CONFER CORRESPONDENCE**

7. On August 6, 2026, I wrote to Defendant's counsel identifying the Facebook message to Rose and the November 29, 2024 Discord messages between Defendant and Witness C as responsive to the RFP but never produced by Defendant, and demanding their production. A

true and correct copy of that correspondence is attached hereto as **Exhibit A**, redacted to remove the name of Witness C. The redacted name is that of Witness C, whose identity is set forth in her Declaration filed under seal concurrently herewith.

8. On August 10, 2026, Defendant's counsel, Mr. Brettler, responded in writing. Mr. Brettler stated that "Mr. Bonnell produced all non-privileged documents responsive to Plaintiff's First Request for Production, dated May 5, 2025," and that "he has no additional documents in his custody, possession or control that are responsive to the Request." *See* Exhibit A.

9. I asked Mr. Brettler in two separate emails to confirm whether the Defendant searched his Facebook and Discord accounts in which these communications occurred, and whether the communications remain retrievable. He did not respond to these questions. *Id*.

10. The November 29, 2024 exchange, and the recorded admission described in the Peña Supplemental Declaration, did not come to Plaintiff's attention until recently--after Defendant's deposition and after the close of fact discovery. Nor was this evidence available to Plaintiff at the time Plaintiff's Motion was filed. Plaintiff promptly raised these matters with Defendant's counsel upon obtaining this evidence.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 17, 2026.

*/s/ Joan S. Peters*
Joan S. Peters

EXHIBIT A

On Aug 6, 2026, at 12:28 PM, Joan peters <petersjoan@bellsouth.net> wrote:

Counsel:

We recently became aware of documents responsive to Plaintiff's First Request for Production that Defendant has never produced — separate from those already identified in Plaintiff's motion for spoliation sanctions. Defendant's duty to supplement under Rule 26(e) is continuing and is not extinguished by the close of discovery.

First, it has been brought to our attention that on a livestream Defendant stated that, after determining Rose's identity, he messaged her on Facebook. That message is responsive to Plaintiff's requests and has never been produced.

Second, on November 29, 2024 — immediately after the Solo leaks — Defendant exchanged messages with an individual named [redacted]. [redacted] wrote: "Is pxie ok? Have you spoken to her? I'm assuming she okay'd you sharing videos of her like that?" Defendant responded: "oh no lol I seriously doubt it, we took some vids but didn't discuss it I doubt she's okay with it." This exchange is responsive to Plaintiff's requests, bears directly on the issue of consent, and has never been produced. Defendant authored and possessed these communications at all relevant times; his failure to produce them cannot be characterized as inadvertent.

Accordingly, Plaintiff demands that Defendant, by August 10 produce both documents in native format with all associated metadata.

Should Defendant fail to produce these documents, Plaintiff will raise this failure with the Court in relation to Plaintiff's spoliation motion, and will seek all available relief, including an adverse-inference instruction, an order deeming the November 29, 2024 exchange authentic and admissible against Defendant, and fees. Defendant is reminded that his obligation to preserve this material is ongoing, and that any deletion at this stage would compound his exposure.

Please confirm Defendant's position by August 10.

Regards,

***Joan Schlump Peters, Esq.***
JSP Law LLC
838 Neapolitan Way, #91
Naples, FL 34103
T. 305-299-4759

---

On Aug 10, 2026, at 9:20 AM, Andrew Brettler <abrettler@berkbrettler.com> wrote:

Dear Joan:

Mr. Bonnell produced all non-privileged documents responsive to Plaintiff's First Request for Production, dated May 5, 2025. He has no additional documents in his custody, possession or control that are responsive to the Request.

Based on your email below, however, it seems that Plaintiff possesses certain documents that she has not produced to Mr. Bonnell. It also appears that Plaintiff has created additional discoverable documents and

materials by virtue of the fact that she continues to communicate with third parties about Mr. Bonnell and the lawsuit she filed.

Please immediately provide all such documents.

All rights reserved.

**Andrew B. Brettler** | BERK BRETTLER LLP
9119 W. Sunset Blvd. | West Hollywood, CA 90069
O: +1.310.278.2111 | M: +1.917.620.2726

---

On Aug 12, 2026, at 2:20 PM, Joan peters <petersjoan@bellsouth.net> wrote:

Thank you for your response, which we will treat as your client's representation that he possesses no responsive documents beyond those already produced.

To present the issue accurately, please confirm the following. "Possession, custody, or control" includes electronically stored information your client has the practical ability to retrieve, including communications retained within his own Facebook and direct-message accounts. Mr. Bonnell was a party to both the Facebook message to Rose and the November 29, 2024 exchange with [redacted]. Please confirm that (1) your client searched the native accounts in which these communications occurred, rather than relying on a prior PDF export; and (2) these communications are not retrievable from those accounts. If they are not, please state when and by what means they ceased to be retrievable.

Plaintiff has documentary evidence that the November 29, 2024 exchange occurred and that your client authored it. If Mr. Bonnell maintains that he cannot produce it, Plaintiff will present that representation, together with her evidence, to the Court in further support of her spoliation motion.

Plaintiff will supplement her production with the materials referenced in our prior correspondence to the extent responsive to Defendant's requests. As to your demand for "all" of Plaintiff's communications with third parties concerning this matter, that request is overbroad as framed and seeks material protected as work product. If Defendant seeks specific documents, please identify the request to which they are responsive, and Plaintiff will respond subject to applicable objections.

***Joan Schlump Peters, Esq.***
JSP Law LLC
838 Neapolitan Way, #91
Naples, FL 34103
T. 305-299-4759

---

On Aug 13, 2026, at 5:24 PM, Andrew Brettler <abrettler@berkbrettler.com> wrote:

Joan:

Your most recent email makes no sense. You appear to suggest that Bonnell no longer having access to purported correspondence is evidence of spoliation. Although you were not involved in the case at the time, you should be aware that Carlos did not send Mr. Bonnell a document preservation letter until January 2025. Indeed, his letter subsequently demanding $15 million from Mr. Bonnell was not even sent until January 29, 2025—two months *after* the correspondence referenced in your email.

It is even more troubling that, to date, Plaintiff has not produced the very documents upon which you rely in your email. And, now you are arguing that our demand for the production of these documents is "over broad" and "protected" by the attorney work product doctrine.

Plaintiff has flouted her discovery obligations since day 1 and admitted at her deposition that she deleted or otherwise modified key documents and evidence pertinent to the case.

We expect that you will provide us with all of the requested documents today.

All rights reserved.

Sincerely,

**Andrew B. Brettler** | BERK BRETTLER LLP
9119 W. Sunset Blvd. | West Hollywood, CA 90069
O: +1.310.278.2111 | M: +1.917.620.2726

---

On Aug 14, 2026, at 12:43 PM, Joan peters <petersjoan@bellsouth.net> wrote:

Andrew:

The duty to preserve evidence does not arise from a preservation letter; it arises when litigation is reasonably anticipated. Given the November 29, 2024 publication of the Video and Mr. Bonnell's knowledge of his role in the events giving rise to this action, that duty attached well before any letter from counsel.

Your email also does not answer the questions we posed. Please confirm whether Mr. Bonnell searched the native Facebook and Discord accounts in which these communications occurred, and whether the communications remain retrievable from those accounts. If they are not, please state when and how they ceased to be retrievable.

As stated, Plaintiff will promptly supplement her production with the materials referenced in our prior correspondence, to the extent responsive. Your demand for "all" of Plaintiff's communications with third parties concerning this matter remains overbroad as framed and implicates work product; if Defendant identifies the specific requests to which particular documents are responsive, Plaintiff will respond, subject to applicable objections. Plaintiff does not agree to the arbitrary deadline stated in your email but is proceeding in good faith.

***Joan Schlump Peters, Esq.***
JSP Law LLC
838 Neapolitan Way, #91
Naples, FL 34103
T. 305-299-4759

---

On Aug 14, 2026, at 3:52 PM, Andrew Brettler <abrettler@berkbrettler.com> wrote:

Joan:

Wrong. Your client specifically instructed Mr. Bonnell to "redact dev" tons on materials before litigation was even a thought. In fact, until Carlos demanded $15 million from Mr. Bonnell, there was no reason to suspect that Plaintiff was planning to file a lawsuit.

We're awaiting your document production.

**Andrew B. Brettler** | BERK BRETTLER LLP
9119 W. Sunset Blvd. | West Hollywood, CA 90069
O: +1.310.278.2111 | M: +1.917.620.2726

---

**From:** Joan peters <petersjoan@bellsouth.net>
**Subject: Re: Additional Documents Not Produced**
**Date:** August 14, 2026 at 5:01:13 PM EDT
**To:** Andrew Brettler <abrettler@berkbrettler.com>
**Cc:** "Gustavo D. Lage" <GLage@smgqlaw.com>, Carlos Garcia Perez <cgarciaperez@smgqlaw.com>, Augusto Lopez <alopez@smgqlaw.com>, Jake Camara <jcamara@berkbrettler.com>, "Michael S. Morgan" <Mmorgan@bilzin.com>, Joel Sichel <jsichel@berkbrettler.com>

First, whatever “instruction" you contend Plaintiff gave Defendant did not relieve him of his own independent and non-delegable duty to preserve evidence once litigation was reasonably anticipated. Second, redact.dev is a tool that can also archive communications before deleting them. And finally, you have once again failed to respond to my questions. I consider any further meet and confer futile.
***Joan Schlump Peters, Esq.***
JSP Law LLC
838 Neapolitan Way, #91
Naples, FL 34103
T. 305-299-4759