**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**JANE DOE,**

Plaintiff,

v.

**STEVEN K. BONNELL II,**

Defendant.

CASE NO: 1:25-cv-20757-JB/Torres

---

**PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL THE DECLARATION OF WITNESS C [ECF 285-3] IN SUPPORT OF PLAINTIFF'S MOTION FOR SPOLIATION SANCTIONS**

Pursuant to Local Rule 5.4 of the Southern District of Florida, and Paragraph 12 of the Protective Order Governing Discovery [ECF No. 116] (the "Protective Order"), Plaintiff Jane Doe ("Plaintiff"), by and through her undersigned counsel, respectfully moves this Court for leave to file under seal the Declaration of Witness C (the "Witness C Declaration"), together with Exhibits 1 and 2 thereto [ECF 285-3], filed in support of Plaintiff's Motion for Spoliation Sanctions [ECF No. 262] (the "Motion"). In support of this Motion, Plaintiff states as follows:

**ARGUMENT**

**I. The Document Proposed to Be Sealed.**

The **Witness C Declaration** is the declaration of a non-party witness submitted in support of the Motion. It authenticates, as Exhibit 1, a November 29, 2024 Discord message exchange between Defendant and Witness C concerning the transmission of, and Plaintiff's consent to the sharing of, intimate videos of Plaintiff; it authenticates, as Exhibit 2, a copy of Defendant's public

social-media profile reflecting Defendant's past relationship with Witness C; and it describes Defendant's archiving and deletion of his communications with Witness C. By its nature, the Witness C Declaration discloses the identity of Witness C, her personal relationship and communications with Defendant, and private information of an intimate nature concerning both Plaintiff and Witness C. The Witness C Declaration and its exhibits therefore fall squarely within Paragraphs 2(a), 2(c), and 2(e) of the Protective Order.

**II. Good Cause Exists to Seal the Witness C Declaration.**

The Eleventh Circuit recognizes a presumptive common-law right of access to judicial records, but that right is not absolute and may be overcome by a showing of good cause. *Romero v. Drummond Co.*, 480 F.3d 1234, 1245–46 (11th Cir. 2007). Courts balance the public's right of access against the parties' interest in confidentiality, considering factors such as "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, … and the availability of a less onerous alternative to sealing the documents." *Id.* at 1246. Good cause readily exists here, for multiple independent reasons.

**A. The Materials Fall Squarely Within the Protective Order's Categories of "Confidential Information."**

This Court has already determined, after extensive briefing, that good cause exists to protect from public disclosure the categories of information now sought to be sealed. The Protective Order defines "Confidential Information" to include, among other things: (a) "the legal name or private identifying information of any non-party witness whose testimony the Court has allowed to be filed under seal"; and (b) "private information of an intimate or sexual nature that if disclosed to the public could cause harassment, embarrassment, or retaliation." ECF No. 116, ¶ 2. The Witness C Declaration falls within each of these categories: it discloses the identity of a non-party witness; it authenticates and describes communications concerning an intimate video of Plaintiff and the question of her consent; and it contains private information of an intimate nature the disclosure of which could cause harassment, embarrassment, or retaliation.

### B. The Court Has Repeatedly Sealed Materially Identical Information in This Case.

Throughout this litigation, the Court has granted multiple motions to seal materials of precisely the same character as those at issue here, including the identities and testimony of non-party witnesses. The Court has sealed the Declarations of Abbymc, Witness A, and Witness B, *see* ECF No. 75; sealed the deposition transcript and exhibits of the non-party witness referred to as "Rose"; and sealed deposition excerpts of non-party witness "MH," *see* ECF No. 240 (Order granting motions to seal at ECF Nos. 188, 189, 195, 214). Defendant himself moved to file portions of Plaintiff's deposition transcript under seal in support of his Motion for Summary Judgment, *see* ECF No. 246, expressly invoking Paragraph 12 of the Protective Order as the source of his obligation to do so. Witness C is a non-party witness materially indistinguishable from Abbymc, Rose, Witness A, and Witness B, whose identities and testimony the Court has allowed to be filed under seal. Granting the instant Motion is consistent with these prior rulings and with Defendant's own course of conduct.

### C. Paragraph 12 of the Protective Order Requires the Filing Party to Move for Sealing.

Paragraph 12 of the Protective Order directs that "[a]ny Party seeking to use documents, excerpts of documents, transcripts or other materials containing or reflecting Confidential Information shall file a motion or an application for an order sealing the specific record sought to be filed or lodged with the Court, to the extent permitted and/or required." ECF No. 116, ¶ 12. That obligation falls on the party filing the materials. As the filer of the Witness C Declaration, Plaintiff brings this Motion in compliance with Paragraph 12.

### D. The Privacy Interests at Stake Are Substantial, and the Risk of Retaliation Against Witness C Is Demonstrated Rather Than Speculative.

Shielding from public disclosure sensitive information involving alleged victims of sexual misconduct applies with special force in cases brought under 15 U.S.C. § 6851. *See, e.g.*, *Doe v. Ghiorso*, 2024 WL 3511641, at *2 (S.D. Ga. July 23, 2024). This protection also extends to non-party witnesses. *Gaines v. NCAA*, Civ. No. 24-1109, 2024 U.S. Dist. LEXIS 248863, * 15-16 (N. D. Ga. 2024)(granting motion for leave to file non-party witness declarations under seal where there are concerns of privacy and retaliation).

The privacy concerns are particularly acute here. Defendant maintains a large online following and has, on multiple occasions during this litigation, publicly discussed materials and testimony related to this case on his livestreams and other online platforms. As to Witness C specifically, the risk of retaliatory harassment is not hypothetical: as set forth in her Declaration, Witness C attests that Defendant has already retaliated against her by publicly posting private communications in order to embarrass her and by threatening to publicize additional material about her. Witness C further attests that she fears further harassment and public exposure if her identity is disclosed. Requiring Witness C's identity and testimony to be filed publicly would expose her to the very harassment, doxing, and retaliation that the Protective Order was entered to prevent, and would deter cooperating non-party witnesses from coming forward.

**E. No Less Onerous Alternative Is Available.**

Plaintiff has already employed the least restrictive alternative to protect against unnecessary sealing. Plaintiff's publicly filed declarations in support of the Motion — the Supplemental Declaration of Jesus F. Peña and the Supplemental Declaration of Joan S. Peters — refer to this witness only as "Witness C" and disclose none of her identifying information. Redaction of the Witness C Declaration itself is not a workable alternative, because the declaration is premised on Witness C's identity and on her personal relationship and communications with Defendant; redaction sufficient to protect her identity would render the declaration unintelligible and would defeat its evidentiary purpose. Sealing the Witness C Declaration and its exhibits, while the parties and the Court retain full access, is therefore the narrowly tailored means of protecting Witness C's privacy.

**III. Proposed Duration of the Seal.**

Pursuant to Local Rule 5.4(b), Plaintiff respectfully proposes that the Witness C Declaration and its exhibits remain under seal for the duration of this litigation, including any appeals, and indefinitely thereafter. This duration is consistent with the Court's prior sealing orders in this action and with the purposes of 15 U.S.C. § 6851 and the Protective Order.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to file under seal the Declaration of Witness C, together with Exhibits 1 and 2 thereto [ECF No. 285-3], filed in support of Plaintiff's Motion for Spoliation Sanctions [ECF No. 262], and direct the Clerk to maintain those materials under seal for the duration of this litigation, including any appeals, and indefinitely thereafter.

## LOCAL RULE 7.1(a)(3) CERTIFICATE OF CONFERRAL

Counsel for Plaintiff conferred with counsel for Defendant regarding the relief requested in this Motion, but the parties were unable to reach agreement.

Dated: August 17, 2026.

Respectfully submitted,

**JSP LAW, LLC**
Joan Schlump Peters
(admitted *pro hac vice*)
838 Neapolitan Way, #91
Naples, FL 34103
Tel. 305-299-4759
Email: petersjoan@bellsouth.net
Counsel for Plaintiff JANE DOE

**SANCHEZ-MEDINA GONZALEZ LAGE GOMEZ & MACHADO, LLP**
CARLOS A. GARCIA PEREZ / Fla. Bar 106895
GUSTAVO D. LAGE / Fla. Bar 972551
201 Alhambra Circle, Suite 1205
Coral Gables, Florida 33134
Tel. (305) 377-1000
Email: cgarciaperez@smgqlaw.com
Email: glage@smgqlaw.com
Counsel for Plaintiff JANE DOE

By: *_/s/ Carlos A. Garcia Perez_*
CARLOS A. GARCIA PEREZ

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 17, 2026, a true and correct copy of the foregoing was served on all counsel of record via the CM/ECF filing portal.

By: *\/s/ Carlos A. Garcia Perez*
CARLOS A. GARCIA PEREZ
Attorney for Plaintiff