**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 1:25-cv-20757-JB/Torres**

JANE DOE,

Plaintiff,

v.

STEVEN K. BONNELL II,

Defendant.

_____________________________/

**DEFENDANT STEVEN K. BONNELL II'S OBJECTIONS TO PLAINTIFF'S SUPPLEMENTAL DECLARATIONS**

Defendant Steven K. Bonnell II ("Bonnell") hereby objects to and requests that the Court strike the following portions of the declarations Plaintiff submitted in support of her Motion for Spoliation Sanctions ("Motion"). [ECF Nos. 285-1, 285-2, & 285-3.]

## I. INTRODUCTION

Just two days before the hearing on Plaintiff's sanctions motion, Plaintiff again attempts to sandbag Bonnell at the eleventh hour. Plaintiff's sanctions motion has been fully briefed for over two months, and despite that discovery closed over *eight months* ago, Plaintiff seeks to rely on a previously undisclosed witness ("Witness C"), new evidence, and new "expert" opinions in an attempt to support her baseless motion. Since Plaintiff informed Bonnell of the new "evidence" on August 6, 2026, Bonnell demanded that Plaintiff produce the underlying materials. Yet, Plaintiff failed and refused to produce the Witness C correspondence until August 17, 2026, the same day she filed the Supplemental Declarations. (*See* Declaration of Joel A. Sichel, dated Aug. 18, 2026 ("Sichel Decl.") ¶¶ 2-4 & Ex. A.) Due to Plaintiff's antics, Bonnell has been deprived of the opportunity to depose Witness C or otherwise challenge her purported testimony and documentary evidence. (*Id*. at ¶ 5 & Ex. A.)

Regardless, Plaintiff's new "evidence" adds nothing to her sanctions motion. In an effort to accuse Bonnell of further spoliation, Plaintiff relies on Request for Production of Documents, No. 8, a broad catch-all request seeking any documentary evidence that "has or may have any relationship" to any claim or defense. (Peters Supp. Decl. ¶ 3; Sichel Decl. ¶ 9 & Ex. B.) But RFP No. 13 specifically requested Bonnell's public or private statements about Plaintiff or the allegations, and expressly limited that request to statements made "since January 1, 2025." (Sichel Decl. ¶ 10 & Ex. B.) Bonnell's correspondence with Witness C is dated November 29, 2024, nearly two months before the date range of Plaintiff's request.

In her Supplemental Declarations, Plaintiff further accuses Bonnell of failing to produce a purported Facebook message between Bonnell and "Rose." Yet, Bonnell attests that he has no Facebook communications with "Rose" in his possession, custody, or control. (*See* Declaration of Steven. K. Bonnell II, dated August 18, 2026 ("Bonnell Decl."), at ¶ 8.)

The Declaration of Jesus Peña is of no help to Plaintiff either. Peña's treatment of the new Discord evidence is also plainly inconsistent with his own methodology. In previous declarations, Peña criticized Bonnell's Discord production as having the "appearance of some form of tampering" because it was not native, lacked metadata, and had no hash generated at the time of collection. (*See* Expert Report of J. Peña [ECF No. 249-2] at 22-24.) Yet, Plaintiff now relies on a mere screenshot of selected Discord messages with the same basic "deficiencies." (Witness C Decl. Ex. B; Peña Supp. Decl. ¶¶ 7–10.) Plaintiff gave Peña only that screenshot, and Peña now attests that the screenshot is "independent evidence."

Finally, even if the Declaration of Witness C were to be considered, it does nothing to establish the only alleged post-CARDII transmission of the Video: the alleged transmission to Abbymc. (*See* Am. Compl. [ECF No. 120] ¶¶ 14–15.) The new evidence concerns a November 29, 2024 conversation about the earlier Rose transmission, which occurred before CARDII took effect on October 1, 2022. (Witness C Decl. ¶ 3; Peña Supp. Decl. ¶¶ 7–10; *see also* Def.'s Mot. for Summary Judgment [ECF No. 210] at 3–5, 10–11.) The new evidence therefore does not cure Plaintiff's jurisdictional defect.

## II. OBJECTIONS TO DECLARATION OF WITNESS C [ECF NO. 285-3]

Defendant objects to the entire Declaration of Witness C on the grounds that it is hearsay offered to prove the truth of the contents therein. Fed. R. Evid. 802. Defendant further objects to the Declaration of Witness C on the grounds that Witness C was never disclosed as a witness pursuant to Fed. R. Civ. P. 26(a) or (e) and such testimony is therefore inadmissible pursuant to Fed. R. Civ. P. 37(c)(1). Without waiver of those objections, Defendant objects to specific portions of the Declaration of Witness C, as specified below.

| | Material Objected To: | Grounds for Objection: | Ruling on the Objection: |
|---|---|---|---|
| 1. | **Exhibit A.** | Plaintiff did not provide Exhibit A until after the close of business on August 18, 2026, one day before the hearing. Improper authentication of documents. *Id.* R. 901. Irrelevant. *Id.* R. 402. | |
| 2. | **¶ 2** ("Attached hereto as Exhibit A is a true and correct copy of a screenshot of that profile, which identifies Defendant as being in a relationship with me.") | Inadmissible hearsay. Fed. R. Evid. 802. Improper authentication of documents. *Id.* R. 901. Assumes Facts Not in Evidence. | |
| 3. | **Exhibit B.** | Inadmissible hearsay. Fed. R. Evid. 802. Improper authentication of documents. *Id.* R. 901. | |
| 4. | **¶ 3** (Embedded Transcription of the November 29, 2024 Discord Messages) | Inadmissible hearsay. Fed. R. Evid. 802. Hearsay within hearsay. *Id.* R. 805. Improper authentication of documents. *Id.* R. 901. Misstates the Evidence. Argumentative. The purported transcription contains editorial annotations, characterizations, and emphasis not contained in the underlying Discord messages (Exhibit B). | |
| 5. | **¶4** ("In or about January 2025, Bonnell told me in person that he was deleting — "wiping" — his Discord message logs with everyone.") | Irrelevant. Fed. R. Evid. 402. Vague and ambiguous as to time. Vague and Ambiguous as to the phrase "wiping [Defendant's] Discord message logs." Defendant did not receive a preservation demand until January 22, 2025. | |

| | | | |
|---|---|---|---|
| 6. | **¶ 5** ("I have retained the copy of the archived logs that Bonnell sent me, which cover our communications from June 2024 through February 14, 2025, including the November 29, 2024 exchanges set forth above.") | Assumes facts not in evidence. Fed. R. Evid. 402. The statement contradicts Plaintiff's claim that the subject communications were lost and cannot be restored or replaced. Fed. R. Civ. P. 37(e). | |
| 7. | **¶ 6** ("Upon information and belief, Bonnell also retained a copy of the archived logs.") | Lacks personal knowledge and foundation. Fed. R. Evid. 602. | |
| 8. | **¶ 7** ("In or about May 2026 . . . Bonnell again deleted our message logs.") | Lacks personal knowledge and foundation. *Id.* R. 602. | |
| 9. | **¶ 8** (". . .Bonnell retaliated against me. He posted logs of an unrelated argument between us to an online chat in order to embarrass me, and he threatened to publicize other embarrassing material about me online.") | Assumes Facts Not in Evidence. Lacks personal knowledge and foundation. Fed. R. Evid. 602. Improper Legal Conclusion. Irrelevant. *Id.* R. 402. | |

**III. <u>OBJECTIONS TO SUPPLEMENTAL DECLARATION OF JESUS F. PEÑA [ECF NO. 285-1]</u>**

| | **Material Objected To:** | **Grounds for Objection:** | **Ruling on the Objection:** |
|---|---|---|---|
| 10. | **¶ 3** ("On August 4, 2026, Plaintiff's counsel informed me of a statement by Defendant, in a Video published on YouTube, concerning a Facebook message that Defendant sent to the individual identified in this litigations as 'Rose.'") | Inadmissible hearsay. Fed. R. Evid. 802. Hearsay within hearsay. *Id.* R. 805. Declarant lacks personal knowledge. *Id.* R. 602 | |
| 11. | **¶ 3 (**"The video was recorded on December 4, 2025 and posted to YouTube on December 8, 2025, at the following address: [link].") | Lacks personal knowledge and foundation. Fed. R. Evid. 602. Best Evidence Rule. *Id.* R. 1002. Improper authentication of documents. Id. R. 901. | |
| 12. | **¶ 4 (**"At timestamp 54:03, Defendant states, in relevant part: '… By the way, the only person who collaborated with or tried to do anything with Rose was .... I have messaged this person [Rose] one | Inadmissible hearsay. Fed. R. Evid. 802. Hearsay within hearsay. *Id.* R. 805. Best Evidence Rule. *Id.* R. 1002. Improper authentication of documents. Id. R. 901. | |

| | | | |
|---|---|---|---|
| | time in my life, and it was when I found their Facebook account and then I messaged them ….'") | | |
| 13. | **¶ 5** ("I am further informed by Plaintiff's counsel, Joan S. Peters, who has received and reviewed all of Defendant's document productions, that no such Facebook message has been produced by Defendant.") | Inadmissible hearsay. Fed. R. Evid. 802. Hearsay within hearsay. *Id.* R. 805. Lacks personal knowledge and foundation. *Id.* R. 602. | |
| 14. | **¶ 6** ("A Facebook (or Facebook Messenger) message sent by Defendant would, in the ordinary course, reside in and be retrievable from Defendant's own Facebook account, and would therefore remain within Defendant's possession, custody, or control for so long as the account and the message exist.") | Lacks personal knowledge and foundation. Fed. R. Evid. 602. | |
| 15. | **¶ 6** ("By Defendant's own recorded admission, he sent such a message.") | Inadmissible hearsay. Fed. R. Evid. 802. Lacks personal knowledge and foundation. *Id.* R. 602. Assumes Facts Not in Evidence. Improper Legal Conclusion. | |
| 16. | **¶ 6** ("Its absence from Defendant's production therefore indicates either that the message was never collected from the native source, or that it was deleted and not preserved.") | Lacks personal knowledge and foundation. Fed. R. Evid. 602. Speculative and lacks sufficient factual basis. *Id.* R. 702. Peña did not examine Defendant's Facebook account or establish that the message was deleted. Improper Legal Conclusion. | |
| 17. | **¶ 9** ("I am further informed by Plaintiff's counsel that no such messages have been produced by Defendant.") | Inadmissible hearsay. Fed. R. Evid. 802. Lacks personal knowledge and foundation. *Id.* R. 602. | |
| 18. | **¶ 10** ("Independent evidence—the screenshot—establishes that this exchange occurred . . . . The absence of these messages from Defendant's production therefore indicates either that they were never collected from the native source, or that they were deleted and not preserved.") | Lacks personal knowledge and foundation. Fed. R. Evid. 602. Improper authentication. *Id.* R. 901. Improper opinion. *Id.* R.702. Peña received the screenshot from Plaintiff's counsel and has no personal knowledge concerning its creation, completeness, or accuracy. | |
| 19. | **¶ 11** ("I am informed by Plaintiff's counsel that Defendant's counsel has represented in writing that Defendant | Inadmissible hearsay. Fed. R. Evid. 802. Hearsay within hearsay. *Id.* R. 805. Lacks personal knowledge and | |

| | | | |
|---|---|---|---|
| | 'has no additional documents in his custody, possession or control that are responsive' to Plaintiff's First Request for Production.'") | foundation. *Id.* R. 602. | |
| 20. | **¶ 11** ("I am further informed, from the Declaration of Witness C, that on or about February 14, 2025, Defendant archived his Discord communications with Witness C, sent her a copy of that archive, and then deleted those communications, and that he again deleted his communications with Witness C in or about May 2026.'") | Inadmissible hearsay. Fed. R. Evid. 802. Hearsay within hearsay. *Id.* R. 805. Lacks personal knowledge and foundation. *Id.* R. 602. | |
| 21. | **¶ 11** ("[A] sequence consistent with bulk message-deletion applications such as 'Redact' . . . .") | Speculative expert opinion unsupported by forensic evidence that Defendant used Redact, or any similar application, to delete the communications at issue. Fed. R. Evid. 702. | |

**<u>IV. OBJECTIONS TO SUPPLEMENTAL DECLARATION OF JOAN S. PETERS [ECF NO. 285-2]</u>**

| | **Material Objected To:** | **Grounds for Objection:** | **Ruling on the Objection:** |
|---|---|---|---|
| 22. | **¶ 3** ("The RFP requested, inter alia, 'all documents and/or communications you have had with [] the individual with the screen name Rose.") | Best Evidence Rule. Fed. R. Evid. 1002. Incomplete. *Id.* R. 106. Assumes Facts Not in Evidence. | |
| 23. | **¶ 3** ("The RFP also requested "[a]ll the documentary evidence you possess or know of which has or may have any relationship to any facts, claims and/or defenses by any party in this case, even though you may not present it at trial.") | Best Evidence Rule. Fed. R. Evid. 1002. Incomplete. *Id.* R. 106. Assumes Facts Not in Evidence. | |
| 24. | **¶ 5** ("The content of that exchange, the facts establishing Witness C's relationship to Defendant, and Defendant's deletion of the underlying communications are set forth in the Declaration of Witness C . . . .") | Inadmissible hearsay. Fed. R. Evid. 802. | |
| 25. | **¶ 5** ("These communications are responsive to Plaintiff's RFP . . . .") | Improper legal conclusion. | |

| | | | |
|---|---|---|---|
| 26. | **¶¶ 7–9 & Exhibit A** | Exhibit A and counsel's purported summary thereof is incomplete, omits relevant portions of the correspondence, and misstates the evidence. | |
| 27. | **¶ 10** ("The November 29, 2024 exchange . . . did not come to Plaintiff's attention until recently . . . . Nor was this evidence available to Plaintiff at the time Plaintiff's Motion was filed.") | Lacks foundation and personal knowledge as to when the evidence became known or "available to Plaintiff" generally. Fed. R. Evid. 602. | |

Dated: August 18, 2026

Respectfully submitted,

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580
Fax: (305) 374-7593

By: /s/ *Michael S. Morgan*
Michael S. Morgan
Florida Bar No.: 1061173
mmorgan@bilzin.com

and

**BERK BRETTLER LLP**
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel: (310) 278-2111

By: /s/ *Andrew B. Brettler*
Andrew Brad Brettler
California Bar No.: 262928
abrettler@berkbrettler.com
Jake A. Camara
California Bar No.: 305780
jcamara@berkbrettler.com
Joel Sichel
California Bar No: 361148
jsichel@berkbrettler.com
(admitted *pro hac vice*)

*Counsel for Steven K. Bonnell II*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on August 18, 2026, a true and correct copy of the foregoing was served on all parties via electronic transmission to counsel of record for these parties.

By: /s/ *Michael S. Morgan*
Michael S. Morgan

**SERVICE LIST**
*Jane Doe v. Steven K. Bonnell II*
*Case No.: 1:25-cv-20757-JB*

Carlos A. Garcia Perez, Esq. Sanchez-Medina, Gonzalez, Quesada, Lage, Gomez & Machado, LLP 201 Alhambra Circle, Suite 1205 Coral Gables, Florida, 33134
Email: cgarciaperez@smgqlaw.com

*Counsel for Jane Doe*

Joan Schlump Peters, Esq.
JSP LAW, LLC
838 Neapolitan Way, #91, Naples, FL 34103
Email: petersjoan@bellsouth.net