**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 1:25-cv-20757-JB/Torres**

JANE DOE,

Plaintiff,

v.

STEVEN K. BONNELL II,

Defendant.

_____________________________/

**DECLARATION OF JOEL A. SICHEL IN SUPPPORT OF DEFENDANT STEVEN K. BONNELL II'S EVIDENTIARY OBJECTIONS TO WITNESS C'S DECLARATION**

I, Joel A. Sichel declare, pursuant to 28 U.S.C. § 1746, as follows:

1. I am an attorney admitted to practice *pro hac vice* in the above-captioned action. I am an associate at the law firm Berk Brettler LLP in West Hollywood, California. Along with our local counsel at Bilzin Sumberg Baena Price & Axelrod LLP, we represent Defendant Steven K. Bonnell II. I have personal knowledge of the matters contained herein and if called upon to testify could offer competent testimony thereto. I submit this Declaration in support of Defendant's objections to Plaintiff's supplemental declarations filed on August 17, 2026.

2. Beginning on August 6, 2026, Plaintiff's counsel, Joan Peters emailed me and all counsel for Bonnell regarding Bonnell's purported communications with Witness C on Discord. Ms. Peters asserted that she was in possession of communications between Bonnell and Witness C, dated November 29, 2024. Ms. Peters then accused Bonnell of evidence spoliation due to Bonnell's purported failure to produce the Witness C correspondence.

3. In response, beginning on August 6, 2026, counsel for Bonnell repeatedly demanded that Plaintiff produce the purported communications that Ms. Peters acknowledged to

have in her possession. Counsel for Bonnell also advised Ms. Peters that Bonnell did not receive a preservation demand until January 22, 2025, nearly two months *after* Bonnell's correspondence with Witness C. Plaintiff did not produce the correspondence with Witness C until August 17, 2026, two days before the scheduled hearing (Bates labeled PLF 004109).

4. While Ms. Peters claims to have attached all of our correspondence to her Supplemental Declaration [ECF No. 285-2], she conveniently omitted key correspondence from her declaration. Specifically, Ms. Peters failed to attach our August 17, 2026 correspondence concerning Plaintiff's production of Witness C's Discord communications and Bonnell's objections thereto. Attached hereto as **Exhibit A** is a true and correct copy of the complete email correspondence between Ms. Peters and counsel for Bonnell.

5. Upon receipt of the Witness C correspondence, counsel for Bonnell immediately objected to its use. Among other things, counsel for Bonnell objected to the purported evidence on the grounds that the evidence was untimely, that Witness C had never previously been disclosed pursuant to Rule 26, and that Bonnell had been deprived of the opportunity to investigate or test the purported evidence. In response, Ms. Peters merely stated that "Witness C just recently came forward." (*See* Ex. A at 6.)

6. On August 17, 2026, Plaintiff filed the supplemental declarations of Ms. Peters, Jesus F. Peña, and Witness C. As of the execution of this Declaration, Plaintiff has not produced to Bonnell the complete archive of communications that Witness C attests she maintains. Instead, Plaintiff has produced only the cherry-picked November 29, 2024 exchange upon which Plaintiff's Supplemental Declarations rely.

7. In paragraph 9 of her Supplemental Declaration, Ms. Peters states that counsel for Bonnell "did not respond" to her questions concerning Bonnell's Facebook and Discord

accounts. Ms. Peters is mistaken. Counsel for Bonnell advised Ms. Peters that Bonnell produced all non-privileged responsive documents and had no additional responsive documents in his possession, custody, or control. (*See* Ex. A at 1.)

8. Attached hereto as **Exhibit B** is a true and correct copy of Plaintiff Jane Doe's First Request for Production of Documents, served on Defendant on May 5, 2025.

9. Request for Production No. 8 broadly requests "[a]ll the documentary evidence you possess or know of which has or may have any relationship to any facts, claims and/or defenses by any party in this case, even though you may not present it during the trial." (*See* Ex. B at 7.)

10. Request for Production No. 13 more specifically requests "[e]ach and every publicly or privately posted comment or statement or media content that you have made about Plaintiff or that is in any way related to the allegations of the Complaint or your affirmative defenses since January 1, 2025 to date." (*See* Ex. B at 8.) The Witness C communications upon which Plaintiff now relies are dated November 29, 2024.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on August 18, 2026.

/s/ *Joel A. Sichel*
Joel A. Sichel