# EXHIBIT A

On Aug 6, 2026, at 12:28 PM, Joan peters <petersjoan@bellsouth.net> wrote:

Counsel:

We recently became aware of documents responsive to Plaintiff's First Request for Production that Defendant has never produced — separate from those already identified in Plaintiff's motion for spoliation sanctions. Defendant's duty to supplement under Rule 26(e) is continuing and is not extinguished by the close of discovery.

First, it has been brought to our attention that on a livestream Defendant stated that, after determining Rose's identity, he messaged her on Facebook. That message is responsive to Plaintiff's requests and has never been produced.

Second, on November 29, 2024 — immediately after the Solo leaks — Defendant exchanged messages with an individual named [redacted]. [redacted] wrote: "Is pxie ok? Have you spoken to her? I'm assuming she okay'd you sharing videos of her like that?" Defendant responded: "oh no lol I seriously doubt it, we took some vids but didn't discuss it I doubt she's okay with it." This exchange is responsive to Plaintiff's requests, bears directly on the issue of consent, and has never been produced. Defendant authored and possessed these communications at all relevant times; his failure to produce them cannot be characterized as inadvertent.

Accordingly, Plaintiff demands that Defendant, by August 10 produce both documents in native format with all associated metadata.

Should Defendant fail to produce these documents, Plaintiff will raise this failure with the Court in relation to Plaintiff's spoliation motion, and will seek all available relief, including an adverse-inference instruction, an order deeming the November 29, 2024 exchange authentic and admissible against Defendant, and fees. Defendant is reminded that his obligation to preserve this material is ongoing, and that any deletion at this stage would compound his exposure.

Please confirm Defendant's position by August 10.

Regards,

***Joan Schlump Peters, Esq.***
JSP Law LLC
838 Neapolitan Way, #91
Naples, FL 34103
T. 305-299-4759

From: Andrew B. Brettler, Berk Brettler LLP <abrettler@berkbrettler.com>
To: Joan Schlump Peters, Esq. <petersjoan@bellsouth.net>
Cc: Gustavo D. Lage (GLage@smgqlaw.com); Carlos Garcia Perez (cgarciaperez@smgqlaw.com); Augusto Lopez (alopez@smgqlaw.com); Jake Camara (jcamara@berkbrettler.com); Michael S. Morgan (Mmorgan@bilzin.com); Joel Sichel (jsichel@berkbrettler.com)
Subject: Re: Additional Documents Not Produced
Sent: August 10, 2026, 9:20 AM (Eastern Time)

Dear Joan:

Mr. Bonnell produced all non-privileged documents responsive to Plaintiff's First Request for Production, dated May 5, 2025. He has no additional documents in his custody, possession or control that are responsive to the Request.

Based on your email below, however, it seems that Plaintiff possesses certain documents that she has not produced to Mr. Bonnell. It also appears that Plaintiff has created additional discoverable documents and materials by virtue of the fact that she continues to communicate with third parties about Mr. Bonnell and the lawsuit she filed.

Please immediately provide all such documents.

All rights reserved.

**Andrew B. Brettler** I BERK BRETTLER LLP
9119 W. Sunset Blvd. I West Hollywood, CA 90069
O: +1.310.278.2111 I M: +1.917.620.2726

On Aug 12, 2026, at 2:20 PM, Joan peters <petersjoan@bellsouth.net> wrote:

Thank you for your response, which we will treat as your client's representation that he possesses no responsive documents beyond those already produced.

To present the issue accurately, please confirm the following. "Possession, custody, or control" includes electronically stored information your client has the practical ability to retrieve, including communications retained within his own Facebook and direct-message accounts. Mr. Bonnell was a party to both the Facebook message to Rose and the November 29, 2024 exchange with [redacted]. Please confirm that (1) your client searched the native accounts in which these communications occurred, rather than relying on a prior PDF export; and (2) these communications are not retrievable from those accounts. If they are not, please state when and by what means they ceased to be retrievable.

Plaintiff has documentary evidence that the November 29, 2024 exchange occurred and that your client authored it. If Mr. Bonnell maintains that he cannot produce it, Plaintiff will present that representation, together with her evidence, to the Court in further support of her spoliation motion.

Plaintiff will supplement her production with the materials referenced in our prior correspondence to the extent responsive to Defendant's requests. As to your demand for "all" of Plaintiff's communications with third parties concerning this matter, that request is overbroad as framed and seeks material protected as work product. If Defendant seeks specific documents, please identify the request to which they are responsive, and Plaintiff will respond subject to applicable objections.

***Joan Schlump Peters, Esq.***
JSP Law LLC
838 Neapolitan Way, #91
Naples, FL 34103
T. 305-299-4759

**From:** **Andrew Brettler** abrettler@berkbrettler.com
**Subject:** Re: Additional Documents Not Produced
**Date:** August 13, 2026 at 2:24 PM
**To:** Joan peters petersjoan@bellsouth.net
**Cc:** Gustavo D. Lage GLage@smgqlaw.com, Carlos Garcia Perez cgarciaperez@smgqlaw.com, Augusto Lopez alopez@smgqlaw.com, Jake Camara jcamara@berkbrettler.com, Michael S. Morgan Mmorgan@bilzin.com, Joel Sichel jsichel@berkbrettler.com

Joan:

Your most recent email makes no sense. You appear to suggest that Bonnell no longer having access to purported correspondence is evidence of spoliation. Although you were not involved in the case at the time, you should be aware that Carlos did not send Mr. Bonnell a document preservation letter until January 2025. Indeed, his letter subsequently demanding $15 million from Mr. Bonnell was not even sent until January 29, 2025—two months *after* the correspondence referenced in your email.

It is even more troubling that, to date, Plaintiff has not produced the very documents upon which you rely in your email. And, now you are arguing that our demand for the production of these documents is “over broad” and “protected" by the attorney work product doctrine.

Plaintiff has flouted her discovery obligations since day 1 and admitted at her deposition that she deleted or otherwise modified key documents and evidence pertinent to the case.

We expect that you will provide us with all of the requested documents today.

All rights reserved.

Sincerely,

**Andrew B. Brettler** | BERK BRETTLER LLP
9119 W. Sunset Blvd. | West Hollywood, CA 90069
O: +1.310.278.2111 | M: +1.917.620.2726

On Aug 14, 2026, at 12:43 PM, Joan peters <petersjoan@bellsouth.net> wrote:

Andrew:
The duty to preserve evidence does not arise from a preservation letter; it arises when litigation is reasonably anticipated. Given the November 29, 2024 publication of the Video and Mr. Bonnell's knowledge of his role in the events giving rise to this action, that duty attached well before any letter from counsel.

Your email also does not answer the questions we posed. Please confirm whether Mr. Bonnell searched the native Facebook and Discord accounts in which these communications occurred, and whether the communications remain retrievable from those accounts. If they are not, please state when and how they ceased to be retrievable.

As stated, Plaintiff will promptly supplement her production with the materials referenced in our prior correspondence, to the extent responsive. Your demand for "all" of Plaintiff's communications with third parties concerning this matter remains overbroad as framed and implicates work product; if Defendant identifies the specific requests to which particular documents are responsive, Plaintiff will respond, subject to applicable objections. Plaintiff does not agree to the arbitrary deadline stated in your email but is proceeding in good faith.

***Joan Schlump Peters, Esq.***
JSP Law LLC
838 Neapolitan Way, #91
Naples, FL 34103
T. 305-299-4759

**Date:** August 14, 2026 at 12:52 PM
**To:** Joan peters petersjoan@bellsouth.net
**Cc:** Gustavo D. Lage GLage@smgqlaw.com, Carlos Garcia Perez cgarciaperez@smgqlaw.com, Augusto Lopez alopez@smgqlaw.com, Jake Camara jcamara@berkbrettler.com, Michael S. Morgan Mmorgan@bilzin.com, Joel Sichel jsichel@berkbrettler.com
**From:** **Andrew Brettler** abrettler@berkbrettler.com
**Subject:** Re: Additional Documents Not Produced

Joan:
Wrong. Your client specifically instructed Mr. Bonnell to "redact dev" tons on materials before litigation was even a thought. In fact, until Carlos demanded $15 million from Mr. Bonnell, there was no reason to suspect that Plaintiff was planning to file a lawsuit.
We're awaiting your document production.

Andrew B. Brettler I BERK BRETTLER LLP
9119 W. Sunset Blvd. I West Hollywood, CA 90069
O: +1.310.278.2111 I M: +1.917.620.2726

On Aug 14, 2026, at 2:01 PM, Joan peters <petersjoan@bellsouth.net> wrote:
First, whatever "instruction" you contend Plaintiff gave Defendant did not relieve him of his own independent and non-delegable duty to preserve evidence once litigation was reasonably anticipated. Second, redact.dev is a tool that can also archive communications before deleting them. And finally, you have once again failed to respond to my questions. I consider any further meet and confer futile.

Joan Schlump Peters, Esq.
JSP Law LLC
838 Neapolitan Way, #91
Naples, FL 34103
T. 305-299-4759

**From:** **Andrew Brettler** abrettler@berkbrettler.com
**Subject:** Re: Additional Documents Not Produced
**Date:** August 14, 2026 at 2:09 PM
**To:** Joan peters petersjoan@bellsouth.net
**Cc:** Gustavo D. Lage GLage@smgqlaw.com, Carlos Garcia Perez cgarciaperez@smgqlaw.com, Augusto Lopez alopez@smgqlaw.com, Jake Camara jcamara@berkbrettler.com, Michael S. Morgan Mmorgan@bilzin.com, Joel Sichel jsichel@berkbrettler.com

Plaintiff made the admission on the record. We're still waiting for your documents.

**Andrew B. Brettler** I BERK BRETTLER LLP
9119 W. Sunset Blvd. I West Hollywood, CA 90069
O: +1.310.278.2111 I M: +1.917.620.2726

On Aug 17, 2026, at 1:05 PM, Angie Velando <angie@smgqlaw.com> wrote:

Counsel,

Plaintiff supplements her production with the enclosed document, Bates-numbered PLF 004109.

This document is produced pursuant to Federal Rules of Civil Procedure 26(a)(1)(A)(ii) and 26(e) as a document Plaintiff may use to support her claims. It is not produced as, and this production is not a concession that it is, responsive to any of Defendant's Requests for Production.

The document is designated CONFIDENTIAL under the Protective Order entered in this action [ECF 116] and may be used only as permitted thereunder.

**ANGIE VELANDO,** FRP
**Assistant**

<image001.png>

201 Alhambra Circle | Suite 1205 | Miami, Florida 33134
Office: 305.377.1000 Ext. 148 | Fax: 855.327.0391

On Aug 17, 2026, at 12:46 PM, Joan peters <petersjoan@bellsouth.net> wrote:

Counsel,

We will be submitting PLF 004109 to the Court, together with supporting declarations of counsel, our forensics expert and the non-party witness, pursuant to a Notice of Filing in support of Plaintiff's Motion for Spoliation Sanctions [ECF No. 262]. Plaintiff intends to file the declaration of the non-party witness — referred to in Plaintiff's public filings as "Witness C" — together with its exhibits. That declaration necessarily discloses the identity, past relationship, and private communications of the non-party witness, and contains information of an intimate nature that falls within Paragraphs 2(a), (c), and (e) of the Protective Order [ECF No. 116]. Consistent with the Court's prior orders sealing the identities and testimony of non-party witnesses in this action, and pursuant to Paragraph 12 of the Protective Order and Local Rule 5.4, Plaintiff will move for leave to file the declaration and its exhibits under seal.

Pursuant to Local Rule 7.1(a)(3), I write to confer on that motion. Please advise whether Defendant opposes the relief.

Thanks,
Joan

**Date:** August 17, 2026 at 1:06 PM
**From:** **Andrew Brettler** abrettler@berkbrettler.com
**Subject:** Re: Doe v. Bonnell - Exhibit PLF 004109 - CONFIDENTIAL
**To:** Joan peters petersjoan@bellsouth.net
**Cc:** Angie Velando angie@smgqlaw.com, Jake Camara jcamara@berkbrettler.com, Joel Sichel jsichel@berkbrettler.com, Michael S. Morgan mmorgan@bilzin.com, amotta@bilzin.com, BSBPA eService eservice@bilzin.com, Carlos Garcia Perez cgarciaperez@smgqlaw.com, Gustavo D. Lage GLage@smgqlaw.com, Augusto Lopez alopez@smgqlaw.com, Victor Corrias vcorrias@smgqlaw.com, GDL Group gdlgroup@smgqlaw.com
**Bcc:** Andrew B. Brettler abrettler@berkbrettler.com

---

Dear Joan:

Mr. Bonnell will oppose Plaintiff's latest attempt to sandbag him. In addition to the fact that any such filing would be untimely and would constitute an unauthorized pleading, the document you produced to us this morning is not authenticated, appears to have been edited, and consists entirely of hearsay. At no time did Plaintiff identify "Witness C" (by her real name or otherwise) as a witness or someone who might possess discoverable material, in her initial disclosures, in any supplements thereto, or in any of her pre-trial filings. Further, Mr. Bonnell will object to any attempt to file the declaration and proposed exhibit under seal or to permit Witness C to proceed using a pseudonym.

Please provide us with any legal support you might have for Plaintiff's position.

Sincerely,

**Andrew B. Brettler** | BERK BRETTLER LLP
9119 W. Sunset Blvd. | West Hollywood, CA 90069
O: +1.310.278.2111 | M: +1.917.620.2726

On Aug 17, 2026, at 3:12 PM, Joan peters <petersjoan@bellsouth.net> wrote:

We will note Defendant's opposition and proceed with Plaintiff's motion for leave to file under seal.

Your email conflates the narrow question on which we conferred — sealing to protect a non-party witness's identity — with objections to the merits of the evidence. As to sealing: the relief Plaintiff seeks is materially identical to relief this Court has granted repeatedly in this action to protect the identities and testimony of non-party witnesses, including Abbymc. Witness C is a non-party witness and is not proceeding under a pseudonym — she is identified by a protective designation in Plaintiff's public filings, exactly as the Court has permitted for other non-party witnesses. Her declaration establishes a concrete, non-speculative risk of retaliation: Defendant has already published her private communications to embarrass her and has threatened to publicize more.

Your remaining objections — timeliness, authentication, and hearsay — concern whether and how the Court considers the declaration, not whether it should be sealed. Briefly, and without waiver: the declaration is the sworn statement of a percipient party to the exchange who attests it is a true and correct copy; Defendant's own messages are party-opponent admissions under Rule 801(d)(2)(A), not hearsay; Witness C just recently came forward, and her testimony is submitted as supplemental evidence, not a new pleading. If Defendant genuinely contends the exchange was "edited" (it was not), Plaintiff renews her request that Defendant produce his own retained copy and submit his devices for forensic examination, which would resolve the question.

**From:** **Andrew Brettler** abrettler@berkbrettler.com
**Subject:** Re: Doe v. Bonnell - Exhibit PLF 004109 - CONFIDENTIAL
**Date:** August 17, 2026 at 3:15 PM
**To:** Joan peters petersjoan@bellsouth.net
**Cc:** Angie Velando angie@smgqlaw.com, Jake Camara jcamara@berkbrettler.com, Joel Sichel jsichel@berkbrettler.com, Michael S. Morgan mmorgan@bilzin.com, amotta@bilzin.com, BSBPA eService eservice@bilzin.com, Carlos Garcia Perez cgarciaperez@smgqlaw.com, Gustavo D. Lage GLage@smgqlaw.com, Augusto Lopez alopez@smgqlaw.com, Victor Corrias vcorrias@smgqlaw.com, GDL Group gdlgroup@smgqlaw.com



---

All of our objections stand.
We will raise these issues with the Court.

All rights reserved.

**Andrew B. Brettler** | BERK BRETTLER LLP
9119 W. Sunset Blvd. | West Hollywood, CA 90069
O: +1.310.278.2111 | M: +1.917.620.2726