# Exhibit 3

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 1:25-cv-20757-JB/Torres**

JANE DOE,

Plaintiff,

v.

STEVEN K. BONNELL II,

Defendant.

_____________________________/

**DEFENDANT STEVEN K. BONNELL'S RESPONSES AND OBJECTIONS TO PLAINTIFF JANE DOE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
ROBERT L. RASKOPF
Florida Bar No.: 1040022
PATRICIA M. PATINO
Florida Bar No.: 1007702
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580
Fax: (305) 374-7593
Email: rraskopf@bilzin.com;
ppatino@bilzin.com

and

**BERK BRETTLER LLP**
ANDREW B. BRETTLER
California Bar No.: 262928
JAKE A. CAMARA
California Bar No.: 305780
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel: (310) 278-2111
Email: abrettler@berkbrettler.com;
jcamara@berkbrettler.com
(admitted *pro hac vice*)
*Counsel for Steven K. Bonnell II*

Defendant STEVEN K. BONNELL ("Bonnell") hereby submits his responses and objections to the First Request for Production of Documents (the "Requests" and each, individually, a "Request") propounded by Plaintiff JANE DOE ("Plaintiff" or "Propounding Party") as follows:

**GENERAL OBJECTIONS**

1. Bonnell objects to each and every Request on the grounds that Plaintiff lacks subject matter jurisdiction in this action, including because the alleged conduct preceded the effective date of 15. U.S.C. § 6851 ("CARDII"), and the Court retains no subject matter jurisdiction over Plaintiff's remaining claims arising under Florida statutory and common law.

2. Bonnell objects to each and every Request to the extent that it seeks the disclosure of information or documents containing information protected by any constitutional, statutory, or common-law right to privacy or confidentiality. Moreover, Bonnell objects to any Request seeking documents within the possession, custody, or control of Plaintiff.

3. Bonnell objects to each and every Request to the extent it seeks information or documents protected from disclosure by the attorney-client privilege, work product doctrine, party communication privilege, investigative privilege, the rule on subsequent remedial measures, or any other privilege or immunity doctrine.

4. Bonnell objects to each and every Request to the extent it is overly broad or unduly burdensome.

5. Bonnell objects to each and every Request to the extent that it seeks documents or information that Plaintiff has obtained from another source or is otherwise duplicative.

6. Each response is subject to all objections, including competence, relevancy, materiality, admissibility, and attorney-client, and any other applicable privileges, that would

require exclusion of any statement made herein if the questions were asked of, or any statement contained herein were made by, a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of hearing.

7. Bonnell asserts each of the General Objections set forth above to each of the Requests. In addition to these General Objections, Bonnell may also state specific objections to Requests where appropriate. By setting forth such Specific Objections, Bonnell does not limit or restrict the General Objections. To the extent Bonnell responds to any Request, such response does not constitute a waiver of any General or Specific Objection.

8. That Bonnell has responded to all or any part of a Request for production is not an admission that the response constitutes admissible evidence and is not to be construed as a waiver of any proper grounds for objection that may be interposed.

9. Bonnell objects and declines to follow any instructions or definitions included in the Requests to the extent they are inconsistent with case authority.

10. Discovery is ongoing, and Bonnell reserves the right to supplement his responses and objections to the Requests.

**SPECIFIC OBJECTIONS AND RESPONSES**

**REQUEST FOR PRODUCTION NO. 1:**

Copies of all statements, sworn or unsworn, made by you in the past, including verbal statements that have been transcribed, that have any relationship to the allegations in the Complaint, including but not limited to statements made on any social media platform or in public forum, or deposition in which you have participated.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

In addition to the General Objections, which are incorporated herein by this reference,

Bonnell objects to this Request on the grounds that it is overbroad and unduly burdensome, including because it is unlimited as to time. Bonnell further objects to this Request to the extent it seeks the disclosure of information protected by the attorney-client privilege and/or attorney work product doctrine. Bonnell further objects to this Request on the grounds that it is vague and ambiguous, including in its use of the phrase "statements…that have any relationship to the allegations in the Complaint." Bonnell further objects to this Request on the grounds that it seeks documents that are neither relevant to the issues pending in this proceeding nor reasonably calculated to lead to the discovery of evidence admissible at trial. Bonnell further objects to this Request to the extent that it seeks information for which the propounding party has equal access.

Subject to and without waiving the foregoing objections, Bonnell will produce all non-privileged documents in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and/or communications you and your attorney relied on or made reference to in preparing the Answer to the Complaint, the Opposition to the Motion for Preliminary Injunction, and your declaration in support thereof (Dkts. 17, 42, 42-1).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

In addition to the General Objections, which are incorporated herein by this reference, Bonnell objects to this Request as compound. Bonnell further objects to this Request to the extent it seeks the disclosure of information protected by the attorney-client privilege and/or attorney work product doctrine. Bonnell further objects to this Request on the grounds that it is vague and ambiguous, including in its use of the phrase "relied on."

Subject to and without waiving the foregoing objections, Bonnell will produce all non-privileged documents in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 3:**

All documents and/or communications identified, or that you relied on, or that support, each of your Affirmative Defenses in your Answer to the Complaint (Dkt. 17).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

In addition to the General Objections, which are incorporated herein by this reference, Bonnell objects to this Request as compound. Bonnell further objects to this Request to the extent it seeks the disclosure of information protected by the attorney-client privilege and/or attorney work product doctrine. Bonnell further objects to this Request on the grounds that it is vague and ambiguous, including in its use of the phrase "relied on."

Subject to and without waiving the foregoing objections, Bonnell will produce all non-privileged documents in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 4:**

All documents and/or communications identified, or that you relied on, or that support, your responses to Plaintiff's First Set of Interrogatories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

In addition to the General Objections, which are incorporated herein by this reference, Bonnell objects to this Request as compound. Bonnell further objects to this Request to the extent it seeks the disclosure of information protected by the attorney-client privilege and/or attorney work product doctrine. Bonnell further objects to this Request on the grounds that it is vague and ambiguous, including in its use of the phrase "relied on."

Subject to and without waiving the foregoing objections, Bonnell will produce all non-privileged documents in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 5:**

All documents and/or communications that support each of your denials of any of Plaintiff's Requests for Admissions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

In addition to the General Objections, which are incorporated herein by this reference, Bonnell objects to this Request on the grounds that it is vague and ambiguous, including in its use of the phrase "support each of your denials." Bonnell further objects to this Request to the extent it seeks the disclosure of information protected by the attorney-client privilege and/or attorney work product doctrine.

Subject to and without waiving the foregoing objections, Bonnell will produce all non-privileged documents in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 6:**

With respect to all witnesses whom you have consulted or have considered to call as experts to give opinion testimony at trial, including any person retained, consulted, or specifically employed as an expert, produce a copy of his/her curriculum vitae, copies of documents examined by the witness and copies of any written reports rendered, and drafts of such reports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

In addition to the General Objections, which are incorporated herein by this reference, Bonnell objects to this Request as compound. Bonnell further objects to this Request to the extent it seeks the disclosure of information protected by the attorney-client privilege and/or attorney work product doctrine. Moreover, discovery is ongoing.

Subject to and without waiving the foregoing objections, Bonnell responds as follows: After a diligent search and a reasonable inquiry, Bonnell has no responsive documents in his possession, custody or control. Bonnell reserves his right to amend his response to this Request at a later date.

**REQUEST FOR PRODUCTION NO. 7:**

All documents you intend to offer as an exhibit during any proceeding, deposition, hearing, or trial in this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

In addition to the General Objections, which are incorporated herein by this reference, Bonnell objects to this Request to the extent it seeks the disclosure of information protected by the attorney-client privilege and/or attorney work product doctrine. Bonnell further objects to this Request as compound. Bonnell further objects to this Request on the grounds that discovery is ongoing, and Bonnell reserves his right to amend this response at a later date.

**REQUEST FOR PRODUCTION NO. 8:**

All the documentary evidence you possess or know of which has or may have any relationship to any facts, claims and/or defenses by any party in this case, even though you may not present it during the trial.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

In addition to the General Objections, which are incorporated herein by this reference, Bonnell objects to this Request on the grounds that discovery is ongoing. Bonnell further objects to this Request on the grounds that it is overbroad and unduly burdensome, including because it seeks documents that are not in Bonnell's possession, custody, or control (i.e. documents that he might "know of"), and because it is unlimited as to time and subject matter. Bonnell further

objects to this Request on the grounds that it is vague and ambiguous, including in its use of the phrases "may have any relationship to the facts" and "evidence you know of." Bonnell further objects to this Request to the extent it seeks the disclosure of information protected by the attorney-client privilege and/or attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 9:**

All documents identified in Your Initial Disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Bonnell will produce all non-privileged documents in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 10:**

The Google Drive shared link that you sent to the individual with the screen name Rose that contained the Video.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

In addition to the General Objections, which are incorporated herein by this reference, Bonnell objects to this Request on the grounds that it assumes facts not in evidence. Bonnell further objects to this Request on the grounds that it is vague and ambiguous, including in its use of the term "Google Drive shared link." Bonnell further objects to this Request on the grounds that it is overbroad and unduly burdensome, including because it is unlimited as to time and subject matter. Bonnell further objects to this Request to the extent that it seeks the disclosure of information protected by any constitutional, statutory, or common-law right to privacy or confidentiality.

Subject to and without waiving the foregoing objections, Bonnell responds as follows: After a diligent search and a reasonable inquiry, Bonnell has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 11:**

The Google Drive shared link that you sent to the individual with the screen name Abbymc that contained the Video.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

In addition to the General Objections, which are incorporated herein by this reference, Bonnell objects to this Request on the grounds that it assumes facts not in evidence, i.e., that the Video was shared with Abbymc. Bonnell further objects to this Request on the grounds that it is vague and ambiguous, including in its use of the term "Google Drive shared link." Bonnell further objects to this Request on the grounds that it is overbroad and unduly burdensome, including because it is unlimited as to time and subject matter.

Subject to and without waiving the foregoing objections, Bonnell responds as follows: After a diligent search and a reasonable inquiry, Bonnell has no responsive documents in his possession, custody or control because no such documents ever existed.

**REQUEST FOR PRODUCTION NO. 12:**

Each and every Google Drive shared link you have ever sent to any individual containing intimate images since September 1, 2020.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

In addition to the General Objections, which are incorporated herein by this reference, Bonnell objects to this Request on the grounds that it assumes facts not in evidence. Bonnell further objects to this Request on the grounds that it seeks documents that are neither relevant to the issues pending in this proceeding nor reasonably calculated to lead to the discovery of evidence admissible at trial. Bonnell further objects to this Request on the grounds that it is vague and ambiguous, including in its use of the terms "Google Drive shared link" and "intimate

images." Bonnell further objects to this Request to the extent that it seeks the disclosure of information protected by any constitutional, statutory, or common-law right to privacy or confidentiality. Bonnell further objects to this Request on the grounds that it is overbroad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 13:**

Each and every publicly or privately posted comment or statement or media content that you have made about Plaintiff or that is in any way related to the allegations of the Complaint or your affirmative defenses since January 1, 2025 to date.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

In addition to the General Objections, which are incorporated herein by this reference, Bonnell objects to this Request as compound. Bonnell further objects to this Request on the grounds that it is vague and ambiguous, overbroad, and unduly burdensome, including in its use of the phrase "privately posted comment or statement or media content that you have made about Plaintiff or that is in any way related to the allegations." Bonnell further objects to the Requests to the extent that they seek documents or information to which Propounding Party has equal access. Bonnell further objects to this Request as duplicative of prior Requests. Bonnell further objects to this Request to the extent that it seeks the disclosure of information protected by any constitutional, statutory, or common-law right to privacy or confidentiality. Bonnell further objects to this Request to the extent it seeks the disclosure of information protected by the attorney-client privilege and/or attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 14:**

All documents and/or communications that support your allegation in docket 42-1 at paragraph 22 that you "have lost tens of thousands of subscribers and an estimated $300,000 in

revenue."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

In addition to the General Objections, which are incorporated herein by this reference, Bonnell objects to this Request on the grounds that it seeks documents that are neither relevant to the issues pending in this proceeding nor reasonably calculated to lead to the discovery of evidence admissible at trial. Bonnell further objects to this Request to the extent that it seeks disclosure of proprietary or confidential business or financial information. Bonnell further objects to this Request as compound.

Subject to and without waiving the foregoing objections, Bonnell will produce all non-privileged documents in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 15:**

All documents and/or all communications you have had with a) the individual with the screen name Rose, and b) the individual with the screen name Solotinyleaks, including but not limited to dates, platforms used, and the content of the communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

In addition to the General Objections, which are incorporated herein by this reference, Bonnell objects this this Request as compound. Bonnell further objects to this Requests on the grounds that it is not a request for production of documents, including because it seeks "dates, platforms used, and the content of the communications." Bonnell further objects to this Request on the grounds that it seeks documents that are neither relevant to the issues pending in this proceeding nor reasonably calculated to lead to the discovery of evidence admissible at trial. Bonnell further objects to this Request on the grounds that it is overbroad and unduly burdensome, including because it is unlimited as to time and subject matter. Bonnell further

objects to this Request to the extent that it seeks the disclosure of information protected by any constitutional, statutory, or common-law right to privacy or confidentiality.

**REQUEST FOR PRODUCTION NO. 16:**

All documents and/or communications that you allegedly have preserved and/or deleted pursuant to your declaration at docket 42-1 at paragraphs 20 and 21, including any and all documents and/or communications with any relationship to the allegations of the Complaint or your affirmative defenses that you have preserved and/or deleted.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

In addition to the General Objections, which are incorporated herein by this reference, Bonnell objects this this Request as compound. Bonnell further objects to this Request on the grounds that it seeks documents that are neither relevant to the issues pending in this proceeding nor reasonably calculated to lead to the discovery of evidence admissible at trial. Bonnell further objects to this Request on the grounds that it is overbroad and unduly burdensome, including because it is unlimited as to time and subject matter, and because it fails to identify the parties to the requested communications.

Subject to and without waiving the foregoing objections, Bonnell will produce all non-privileged documents in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 17:**

All documents and/or communications that has any relationship to any contracts you entered into or payments made in order to preserve and/or delete evidence.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

In addition to the General Objections, which are incorporated herein by this reference, Bonnell objects this this Request as compound. Bonnell further objects to this Request on the

grounds that it is vague and ambiguous and unintelligible. Bonnell further objects to this Request on the grounds that it seeks documents that are neither relevant to the issues pending in this proceeding nor reasonably calculated to lead to the discovery of evidence admissible at trial. Bonnell further objects to this Request on the grounds that it is overbroad and unduly burdensome, including because it is unlimited as to time and subject matter.

Subject to and without waiving the foregoing objections, Bonnell responds as follows: After a diligent search and a reasonable inquiry, Bonnell has no responsive documents in his possession, custody or control because no such documents ever existed.

**REQUEST FOR PRODUCTION NO. 18:**

All documents and/or communications that has any relationship to any efforts you took, since November 29, 2024 to date, to remove the Video from the online platforms on which it was or is hosted.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

In addition to the General Objections, which are incorporated herein by this reference, Bonnell objects this this Request as compound. Bonnell further objects to this Request on the grounds that it is vague and ambiguous, including in its use of the phrase “has any relationship to any efforts you took.” Bonnell further objects to this Request to the extent it seeks the disclosure of information protected by the attorney-client privilege and/or attorney work product doctrine.

Subject to and without waiving the foregoing objections, Bonnell will produce all non-privileged documents in his possession, custody, or control.

Dated: September 5, 2025

**BERK BRETTLER LLP**
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel: (310) 278-2111

/s/ *Andrew B. Brettler.*
Andrew B. Brettler, Esq.
*Counsel for Steven K. Bonnell I*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on September 5, 2025 a true and correct copy of the foregoing was served on all parties via electronic transmission to counsel of record for these parties.

By: /s/ *Andrew B. Brettler*