# Exhibit 4

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 1:25-cv-20757-JB/Torres**

JANE DOE,

Plaintiff,

v.

STEVEN K. BONNELL II,

Defendant.

_____________________________/

**DEFENDANT STEVEN K. BONNELL'S RESPONSES AND OBJECTIONS TO PLAINTIFF JANE DOE'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
PATRICIA M. PATINO
Florida Bar No.: 1007702
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580
Email:ppatino@bilzin.com

- and -

**BERK BRETTLER LLP**
ANDREW B. BRETTLER
California Bar No.: 262928
JAKE A. CAMARA
California Bar No.: 305780
JOEL SICHEL
California Bar No. 361148
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel: (310) 278-2111
Email: abrettler@berkbrettler.com;
jcamara@berkbrettler.com;
jsichel@berkbrettler.com
(admitted *pro hac vice*)

*Counsel for Steven K. Bonnell II*

Defendant STEVEN K. BONNELL ("Bonnell") hereby submits his responses and objections to the Second Request for Production of Documents (the "Requests" and each, individually, a "Request") propounded by Plaintiff JANE DOE ("Plaintiff" or "Propounding Party") as follows:

**GENERAL OBJECTIONS**

1. Bonnell objects to each and every Request on the grounds that Plaintiff lacks subject matter jurisdiction in this action, including because the alleged conduct preceded the effective date of 15. U.S.C. § 6851 ("CARDII"), and the Court retains no subject matter jurisdiction over Plaintiff's remaining claims arising under Florida statutory and common law.

2. Bonnell objects to each and every Request to the extent that it seeks the disclosure of information or documents containing information protected by any constitutional, statutory, or common-law right to privacy or confidentiality. Moreover, Bonnell objects to any Request seeking documents within the possession, custody, or control of Plaintiff.

3. Bonnell objects to each and every Request to the extent it seeks information or documents protected from disclosure by the attorney-client privilege, work product doctrine, party communication privilege, investigative privilege, the rule on subsequent remedial measures, or any other privilege or immunity doctrine.

4. Bonnell objects to each and every Request to the extent it is overly broad or unduly burdensome.

5. Bonnell objects to each and every Request to the extent that it seeks documents or information that Plaintiff has obtained from another source or is otherwise duplicative.

6. Each response is subject to all objections, including competence, relevancy, materiality, admissibility, and attorney-client, and any other applicable privileges, that would

require exclusion of any statement made herein if the questions were asked of, or any statement contained herein were made by, a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of hearing.

7. Bonnell asserts each of the General Objections set forth above to each of the Requests. In addition to these General Objections, Bonnell may also state specific objections to Requests where appropriate. By setting forth such Specific Objections, Bonnell does not limit or restrict the General Objections. To the extent Bonnell responds to any Request, such response does not constitute a waiver of any General or Specific Objection.

8. That Bonnell has responded to all or any part of a Request for production is not an admission that the response constitutes admissible evidence and is not to be construed as a waiver of any proper grounds for objection that may be interposed.

9. Bonnell objects and declines to follow any instructions or definitions included in the Requests to the extent they are inconsistent with case authority.

10. Discovery is ongoing, and Bonnell reserves the right to supplement his responses and objections to the Requests.

**SPECIFIC OBJECTIONS AND RESPONSES**

**REQUEST FOR PRODUCTION NO. 1:**

All Communications between you and any witness identified in Your Initial Disclosures pertaining to Plaintiff and/or to the allegations of the Amended Complaint from November 1, 2024 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

In addition to the General Objections, which are incorporated herein by this reference, Bonnell objects to this Request on the grounds that it is compound and duplicative of prior

Requests. Bonnell further objects to this Request on the grounds that it seeks documents that are neither relevant to the issues pending in this proceeding nor reasonably calculated to lead to the discovery of evidence admissible at trial.

Notwithstanding the foregoing objections, Bonnell agrees to meet and confer with Plaintiff in an effort to narrow the scope of this Request and determine whether he has any responsive, non-privileged documents in his custody, possession, or control.

**REQUEST FOR PRODUCTION NO. 2:**

All Communications between you and Hannah Brookes from April 2024 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

In addition to the General Objections, which are incorporated herein by this reference, Bonnell objects to this Request as overbroad and unduly burdensome, including because it is unlimited as to subject matter. Bonnell further objects to this Request on the grounds that it seeks documents that are neither relevant to the issues pending in this proceeding nor reasonably calculated to lead to the discovery of evidence admissible at trial. Bonnell further objects to this request to the extent it seeks information protected from disclosure by constitutional, statutory, or common-law right to privacy.

Subject to and without waiving the foregoing objections, Bonnell responds as follows: To the extent the Request seeks communications between Bonnell and Hannah Brookes pertaining to Plaintiff and/or to the allegations of the Amended Complaint, after a diligent search and a reasonable inquiry, Bonnell has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 3:**

All Communications between you and Dan Saltman pertaining to Plaintiff and/or to the allegations of the Amended Complaint from November 1, 2024 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

In addition to the General Objections, which are incorporated herein by this reference, Bonnell further objects to this Request on the grounds that it seeks documents that are neither relevant to the issues pending in this proceeding nor reasonably calculated to lead to the discovery of evidence admissible at trial.

Subject to and without waiving the foregoing objections, Bonnell responds as follows: After a diligent search and a reasonable inquiry, Bonnell has no responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 4:**

All Communications between you and Kyla Turner pertaining to Plaintiff and/or to the allegations of the Amended Complaint from November 1, 2024 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

In addition to the General Objections, Bonnell further objects to this Request on the grounds that it seeks documents that are neither relevant to the issues pending in this proceeding nor reasonably calculated to lead to the discovery of evidence admissible at trial.

Subject to and without waiving the foregoing objections, Bonnell will produce all non-privileged documents in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 5:**

All Videos and Intimate Images sent to Plaintiff, Rose, Abbymc, Hannah Brookes and Peach.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

In addition to the General Objections, which are incorporated herein by this reference, Bonnell objects to this Request as compound. Bonnell further objects to this Request on the grounds that it is vague and ambiguous, including in its use of the term "Videos," as the term is not sufficiently defined in the Requests. Bonnell further objects to this Request on the grounds that it seeks documents that are neither relevant to the issues pending in this proceeding nor reasonably calculated to lead to the discovery of evidence admissible at trial. Bonnell further objects to this Request on the grounds that it is overbroad and unduly burdensome, including because it is unlimited as to time. Bonnell further objects to this request to the extent it seeks information protected from disclosure by constitutional, statutory, or common-law right to privacy. Bonnell further objects to this Request on the grounds that it is duplicative of prior Requests and to the extent that he has already produced all relevant responsive documents, including the "Video," depicting Plaintiff, as that term defined in filed pleadings, that are in his custody, possession, or control.

Dated: November 17, 2025

**BERK BRETTLER LLP**
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel: (310) 278-2111

/s/ *Andrew B. Brettler.*
Andrew B. Brettler, Esq.
*Counsel for Steven K. Bonnell I*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on November 17, 2025 a true and correct copy of the foregoing was served on all parties via electronic transmission to counsel of record for these parties.

By: /s/ *Andrew B. Brettler*

**SERVICE LIST**

*Jane Doe v. Steven K. Bonnell II*

*Case No.: 1:25-cv-20757-JB*

Carlos A. Garcia Perez, Esq. Sanchez-
Medina, Gonzalez, Quesada, Lage, Gomez &
Machado, LLP 201 Alhambra Circle, Suite
1205 Coral Gables, Florida, 33134
Email: cgarciaperez@smgqlaw.com

Joan Schlump Peters, Esq.
JSP LAW, LLC
838 Neapolitan Way, #91, Naples, FL 34103
Email: petersjoan@bellsouth.net

*Counsel for Jane Doe*