# Exhibit 5

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 1:25-cv-20757-JB/Torres**

JANE DOE,

Plaintiff,

v.

STEVEN K. BONNELL II,

Defendant.

_____________________________/

**DEFENDANT STEVEN K. BONNELL'S RESPONSES TO PLAINTIFF JANE DOE'S THIRD SET OF REQUEST FOR PRODUCTION OF DOCUMENTS**

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
PATRICIA M. PATINO
Florida Bar No.: 1007702
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580
Fax: (305) 374-7593
Email: ppatino@bilzin.com

- and -

**BERK BRETTLER LLP**
ANDREW B. BRETTLER
California Bar No.: 262928
JAKE A. CAMARA
California Bar No.: 305780
JOEL SICHEL
California Bar No.: 361148
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel: (310) 278-2111
Email: abrettler@berkbrettler.com;
jcamara@berkbrettler.com;
jsichel@berkbrettler.com
(admitted *pro hac vice*)

*Counsel for Steven K. Bonnell II*

Defendant STEVEN K. BONNELL ("Bonnell") hereby submits his responses and objections to the Third set of Requests for Production of Documents propounded by Plaintiff JANE DOE ("Propounding Party") as follows:

**GENERAL RESPONSES AND OBJECTIONS**

1. Bonnell objects to each and every Request on the grounds that Plaintiff lacks subject matter jurisdiction in this action, including because the alleged conduct preceded the effective date of 15. U.S.C. § 6851 ("CARDII"), and the Court retains no subject matter jurisdiction over Plaintiff's remaining claims arising under Florida statutory and common law.

2. Bonnell objects to each and every Request on the grounds that the Requests are untimely. The discovery deadline was December 16, 2025. Bonnell has no obligation to respond to these untimely Requests.

3. Bonnell objects to each and every Request to the extent that it seeks the disclosure of information or documents containing information protected by any constitutional, statutory, or common-law right to privacy or confidentiality. Moreover, Bonnell objects to any Request seeking documents within the possession, custody, or control of Plaintiff.

4. Bonnell objects to each and every Request to the extent it seeks information or documents protected from disclosure by the attorney-client privilege, work product doctrine, party communication privilege, investigative privilege, the rule on subsequent remedial measures, or any other privilege or immunity doctrine.

5. Bonnell objects to each and every Request to the extent it is overly broad or unduly burdensome.

6. Bonnell objects to each and every Request to the extent that it seeks documents or information that Plaintiff has obtained from another source or is otherwise duplicative.

7. Each response is subject to all objections, including competence, relevancy, materiality, admissibility, and attorney-client, and any other applicable privileges, that would require exclusion of any statement made herein if the questions were asked of, or any statement

contained herein were made by, a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of hearing.

8. Bonnell asserts each of the General Objections set forth above to each of the Requests. In addition to these General Objections, Bonnell may also state specific objections to Requests where appropriate. By setting forth such Specific Objections, Bonnell does not limit or restrict the General Objections. To the extent Bonnell responds to any Request, such response does not constitute a waiver of any General or Specific Objection.

9. That Bonnell has responded to all or any part of a Request for production is not an admission that the response constitutes admissible evidence and is not to be construed as a waiver of any proper grounds for objection that may be interposed.

10. Bonnell objects and declines to follow any instructions or definitions included in the Requests to the extent they are inconsistent with case authority.

**RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

All Communications between you and JSTLK pertaining to Plaintiff, Rose, Abbymc and/or to the allegations of the Amended Complaint from November 1, 2024 through the Present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

In addition to the General Objections, which are incorporated herein by this reference, Bonnell objects to this Request on the grounds that the discovery deadline lapsed on December 16, 2025, and Bonnell therefore has no obligation to respond to this Request. Bonnell further objects to this Request on the grounds that it is compound. Bonnell further objects to this Request on the grounds that it is overly broad and unduly burdensome. Bonnell further objects to this Request on grounds that it seeks documents that are neither relevant to the issues pending in this proceeding nor reasonably calculated to lead to the discovery of admissible evidence at trial.

**REQUEST FOR PRODUCTION NO. 2:**

All Communications between you and Willymac pertaining to Plaintiff, Rose, Abbymc and/or to the allegations of the Amended Complaint from November 1, 2024 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

In addition to the General Objections, which are incorporated herein by this reference, Bonnell objects to this Request on the grounds that the discovery deadline lapsed on December 16, 2025, and Bonnell therefore has no obligation to respond to this Request. Bonnell further objects to this Request on the grounds that it is compound and duplicative of prior Requests. Bonnell further objects to this Request on the grounds that it is overly broad and unduly burdensome. Bonnell further objects to this Request on grounds that it seeks documents that are neither relevant to the issues pending in this proceeding nor reasonably calculated to lead to the discovery of admissible evidence at trial.

**REQUEST FOR PRODUCTION NO. 3:**

All Communications between you and Foodshops pertaining to Plaintiff, Rose, Abbymc, the allegations of the Amended Complaint, and/or to the preservation/production of evidence in this action from November 1, 2024 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

In addition to the General Objections, which are incorporated herein by this reference, Bonnell objects to this Request on the grounds that the discovery deadline lapsed on December 16, 2025, and Bonnell therefore has no obligation to respond to this Request. Bonnell further objects to this Request on the grounds that it is compound and duplicative of prior Requests. Bonnell further objects to this Request on the grounds that it is overly broad and unduly burdensome. Bonnell further objects to this Request on grounds that it seeks documents that are neither relevant to the issues pending in this proceeding nor reasonably calculated to lead to the discovery of admissible evidence at trial. Bonnell further objects to this request as vague and ambiguous, including in its use of the phrase “preservation/production of evidence.”

**REQUEST FOR PRODUCTION NO. 4:**

All Communications between you and DariusIRL pertaining to Plaintiff, Rose, Abbymc, and/or the allegations of the Amended Complaint, from November 1, 2024 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

In addition to the General Objections, which are incorporated herein by this reference, Bonnell objects to this Request on the grounds that the discovery deadline lapsed on December 16, 2025, and Bonnell therefore has no obligation to respond to this Request. Bonnell further objects to this Request on the grounds that it is compound and duplicative of prior Requests. Bonnell further objects to this Request on the grounds that it is overly broad and unduly burdensome. Bonnell further objects to this Request on grounds that it seeks documents that are neither relevant to the issues pending in this proceeding nor reasonably calculated to lead to the discovery of admissible evidence at trial.

**REQUEST FOR PRODUCTION NO. 5:**

Produce all documents and electronically stored information, including but not limited to call logs, connection records, phone records, metadata, or screenshots, reflecting any Discord, Skype, cellular, or other telephone calls, voice communications, or video calls between you and any person identified or believed to be "Rose" or Attali Hall during the period April 1, 2022 and today. This request includes: Call logs or metadata showing the date, time, duration, participants, and platform (cellular carrier, Discord, Skype, etc.); Any screenshots or device generated call history from mobile devices used for those calls; and any billing records or usage summaries reflecting such calls.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

In addition to the General Objections, which are incorporated herein by this reference, Bonnell objects to this Request on the grounds that the discovery deadline lapsed on December 16, 2025, and Bonnell therefore has no obligation to respond to this Request. Bonnell further objects to this Request on the grounds that it is compound and duplicative of prior requests. Bonnell further objects to this Request on grounds it is overly broad and is unduly burdensome, as it seeks documents from multiple platforms and sources without any limitations as to time, scope, or subject matter. Bonnell further objects to this Request on grounds that it assumes facts not in evidence. Bonnell further objects to this Request to the extent it seeks the disclosure of

information protected by any constitutional, statutory, or common-law right of privacy. Bonnell further objects to this Request on grounds that it seeks documents that are neither relevant to the issues pending in this proceeding nor reasonably calculated to lead to the discovery of admissible evidence at trial.

**REQUEST FOR PRODUCTION NO. 6:**

Produce all communications, documents, and electronically stored information ("ESI") concerning your use of Redact.dev, or any similar application, program, or service used to delete, conceal, modify, or archive data. This request includes, but is not limited to, any deletion, concealment, or archival of communications or evidence involving Plaintiff, "Rose," "Abbymc," or any matter relating to the allegations set forth in the Amended Complaint during the period from November 1, 2024 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

In addition to the General Objections, which are incorporated herein by this reference, Bonnell objects to this Request on the grounds that the discovery deadline lapsed on December 16, 2025, and Bonnell therefore has no obligation to respond to this Request. Bonnell further objects to this Request on the grounds that it is compound. Bonnell further objects to this Request on the grounds that it is vague and ambiguous, including as to what specific documents are being sought. This Request is also vague and ambiguous as to the phrase "concerning your use of Redact.dev," which is unclear, undefined, and assumes facts not in evidence. Bonnell further objects to this Request on grounds that it is overly broad and unduly burdensome, including because it is unlimited as to subject matter. Bonnell further objects to this Request on grounds that it seeks documents that are neither relevant to the issues pending in this proceeding nor reasonably calculated to lead to the discovery of admissible evidence at trial.

Dated: December 16, 2025

Respectfully submitted,

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Tel.: (305) 374-7580
Fax: (305) 374-7593

By: /s/ *Patricia M. Patino*
Robert L. Raskopf, Esq.
Florida Bar No.: 1040022
Patricia M. Patino, Esq.
Florida Bar No.: 1007702
ppatino@bilzin.com

- and -

**BERK BRETTLER LLP**
9119 West Sunset Blvd.
West Hollywood, CA 90069-3106
Tel: (310) 278-2111

By: /s/ *Andrew B. Brettler*
Andrew Brad Brettler, Esq.
California Bar No.: 262928
abrettler@berkbrettler.com
Jake A. Camara, Esq.
California Bar No.: 305780
jcamara@berkbrettler.com
(admitted *pro hac vice*)
Joel Sichel, Esq.
California Bar No. 361148
jsichel@berkbrettler.com

*Counsel for Steven K. Bonnell I*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 16, 2025, a true and correct copy of the foregoing was served on all parties via electronic transmission to counsel of record for these parties.

By: /s/ *Andrew B. Brettler*
Attorney