**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

MIAMI DIVISION

**JANE DOE**, CASE NO: 1:25-cv-20757-JB/Torres

Plaintiff,

v.

**STEVEN K. BONNELL II**,

Defendant.

________________________________/

**PLAINTIFF JANE DOE'S RESPONSE TO DEFENDANT'S**
**OBJECTIONS TO PLAINTIFF'S SUPPLEMENTAL DECLARATIONS**

Plaintiff Jane Doe ("Plaintiff"), by and through undersigned counsel, hereby respectfully responds to Defendant Steven K. Bonnell II's ("Bonnell" or "Defendant") Objections to Plaintiff's Supplemental Declarations.

## INTRODUCTION

Bonnell's objections rest largely on the mistaken premise that Plaintiff was required to disclose evidence before she knew it existed. Rule 26 provides otherwise. Initial disclosures are expressly based on information "then reasonably available" to the disclosing party, Fed. R. Civ. P. 26(a)(1)(E), while Rule 26(e) requires supplementation "in a timely manner" when a party *learns* that a prior disclosure is materially incomplete. Here, Plaintiff did not withhold a known witness during discovery. Counsel advised Bonnell on August 6 that Plaintiff had only "recently become aware" of the newly discovered communications, promptly requested their production, and thereafter sought confirmation that Bonnell had searched his native Facebook and Discord accounts. Bonnell responded that he had produced all responsive documents and possessed nothing

further. The chronology therefore demonstrates supplementation upon discovery of new evidence—not the belated disclosure of previously known evidence.

There is an additional threshold problem with Bonnell's Rule 26 argument. Rule 26(a)(1)(A)(i) requires disclosure of persons a party "may use to support its claims or defenses." Witness C is offered here to establish collateral litigation misconduct—Bonnell's alleged spoliation—not to prove Plaintiff's underlying claims. In materially analogous circumstances, *OL Private Counsel, LLC v. Olson*, No. 2:21-CV-00455, 2025 WL 1807985, at *5 (D. Utah July 1, 2025), rejected a Rule 37(c) request to strike an undisclosed IT employee's affidavit because the witness was offered to contest a spoliation allegation rather than to support the party's claims or defenses.

Even assuming Rule 26 required earlier disclosure, exclusion is unwarranted. The Eleventh Circuit considers "(1) the importance of the testimony; (2) the reason for the appellant's failure to disclose the witness earlier; and (3) the prejudice to the opposing party." *Bearint ex rel. Bearint v. Dorell Juvenile Group, Inc.*, 389 F.3d 1339, 1353 (11th Cir. 2004). Each consideration favors Plaintiff. Witness C's testimony is highly probative; Plaintiff could not disclose a witness and evidence of which she was unaware; and any claimed inability to examine Witness C is readily curable through limited additional testimony or an evidentiary hearing. Exclusion is particularly inappropriate where a lesser measure can cure any asserted prejudice. *Se,e Kobie v. Fithian*, No. 2:12-CV-98-FTM-29DNF, 2013 WL 6498398, at *5 (M.D. Fla. Dec. 11, 2013) ("striking the affidavit is too severe a sanction"); *Carr v. AutoZoner, LLC*, 501 F. Supp. 3d 1237, 1241 (N.D. Ala. 2020) (declining to exclude undisclosed witness testimony where the nondisclosure was harmless).

Bonnell's remaining objections largely confuse the purpose for which the supplemental evidence is offered. Plaintiff does not contend that Witness C's preserved Discord archive itself constitutes irremediably lost ESI warranting an independent Rule 37(e) sanction. Rather, Witness C provides firsthand evidence concerning Bonnell's deletion practices and intent: she testifies that Bonnell told her he was "wiping" his Discord messages and that she subsequently sat beside him while he archived their communications, sent her the archive, and deleted the messages. The fact that Witness C happened to preserve her copy does not make Bonnell's act of deleting his copy irrelevant. It remains circumstantial evidence bearing on whether other ESI identified in Plaintiff's Motion was intentionally deleted rather than lost through accident or technical failure.

Nor does Bonnell's January 22, 2025, preservation letter establish the earliest possible date on which his preservation duty arose. The duty attaches when litigation becomes reasonably foreseeable, not merely upon receipt of a formal preservation demand. *See*, *Alabama Aircraft Industries, Inc. v. Boeing Co.*, 11 F.4th 1211, 1235–36 (11th Cir. 2022); *Graff v. Baja Marine Corp.*, 310 F. App'x 298, 301 (11th Cir. 2009). Plaintiff contends that litigation was reasonably foreseeable no later than November 29, 2024, when Plaintiff's intimate material was publicly leaked and Bonnell contemporaneously discussed with Witness C his dissemination of Plaintiff's intimate videos and her lack of consent. Bonnell cannot obtain exclusion of evidence concerning his subsequent deletion of communications merely by assuming, as the premise of his relevance objection, that his preferred January 22 trigger date is correct.

Finally, Bonnell's blanket evidentiary objections do not justify striking the declarations. Witness C may authenticate communications in which she personally participated. *See*, *United States v. Curbelo*, 726 F.3d 1260, 1272 (11th Cir. 2013). And Bonnell's own statements—whether made directly to her, in electronic communications, or in a recording—are opposing-party

statements under Rule 801(d)(2)(A). *See, United States v. Brown*, 441 F.3d 1330, 1358–59 (11th Cir. 2006). And to the extent any testimony presently lacks a technical foundation capable of being supplied through live testimony, exclusion remains unnecessary. Evidence contained in a declaration may be considered where it can be reduced to admissible form through testimony of the declarant. *See, Pritchard v. Southern Co. Services*, 92 F.3d 1130, 1135 (11th Cir. 1996); *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1294 (11th Cir. 2012).

Accordingly, the Court should overrule Bonnell's objections. At minimum, if the Court concludes that any factual or foundational issue cannot be resolved on the present record, Plaintiff respectfully requests an evidentiary hearing rather than exclusion of newly discovered, highly probative evidence. To the extent uncertainty remains concerning the deletion, preservation, collection, or continued retrievability of the communications, the Court may likewise order a narrowly tailored neutral forensic examination. *See, CHG Med. Staffing, Inc. v. Shafer*, No. 23-61703-CIV, 2024 WL 4881027, at *1 (S.D. Fla. Feb. 1, 2024).

**<u>PLAINTIFF'S RESPONSES TO WITNESS C'S TESTIMONY</u>**

| | **Material Objected To:** | **Grounds for Objection:** | **Ruling on the Objection:** |
|---|---|---|---|
| 1. | **Exhibit A.** | Plaintiff did not provide Exhibit A until after the close of business on August 18, 2026, one day before the hearing. Improper authentication of documents. *Id.* R. 901. Irrelevant. *Id.* R. 402. | |
| 2. | **¶ 2** ("Attached hereto as Exhibit A is a true and correct copy of a screenshot of that profile, which identifies Defendant as being in a relationship with me.") | Inadmissible hearsay. Fed. R. Evid. 802. Improper authentication of documents. *Id.* R. 901. Assumes Facts Not in Evidence. | |
| | **Response to Objection Nos. 1 and 2** | | |

| | | | |
|---|---|---|---|
| | Bonnell's authentication objection is baseless. Exhibit A is properly authenticated by Witness C, who has first-hand knowledge of having been romantically involved with Bonnell, is familiar with his public Facebook profile, and identifies Exhibit A as a true and correct screenshot of that profile. *See* Fed. R. Evid. 901(a), (b)(1) (authentication may be established through testimony of a witness with knowledge that the evidence "is what it is claimed to be"). The exhibit is offered to corroborate Witness C's relationship with Bonnell, not for the truth of the biographical information appearing on his Facebook page. Moreover, Bonnell's own Facebook statement identifying Witness C as his romantic partner is independently admissible as an opposing-party statement under Fed. R. Evid. 801(d)(2)(A). | | |
| 3. | **Exhibit B.** | Inadmissible hearsay. Fed. R. Evid. 802. Improper authentication of documents. *Id.* R. 901. | |
| 4. | **¶ 3** (Embedded Transcription of the November 29, 2024 Discord Messages) | Inadmissible hearsay. Fed. R. Evid. 802. Hearsay within hearsay. *Id.* R. 805. Improper authentication of documents. *Id.* R. 901. Misstates the Evidence. Argumentative. The purported transcription contains editorial annotations, characterizations, and emphasis not contained in the underlying Discord messages (Exhibit B). | |
| | **Response to Objection Nos. 3 and 4** | | |
| | As a participant in the conversation, Witness C can properly authenticate the documents. *See* Fed. R. Evid. 901(a), (b)(1) (requiring only evidence sufficient to support a finding that the item "is what the proponent claims it is"); *United States v. Macaluso*, 460 F. App'x 862, 870 (11th Cir. 2012) (a "participant to the conversations" may authenticate them). Nor are Bonnell's statements hearsay; they are opposing-party statements under Rule 801(d)(2)(A). Witness C's portions of the exchange merely provide context necessary to understand Bonnell's responses and are not offered for their truth. Finally, the annotations or emphasis appearing in the transcription do not render the underlying evidence inauthentic. *See Barnes v. Omnicell*, No. 21-CV-01702-PAB-MEH, 2023 WL 6216622, at *3 (D. Colo. Sept. 25, 2023), *aff'd*, No. 23-1336, 2024 WL 2744761 (10th Cir. May 28, 2024) ("highlighting in [the] exhibits comports with . . . practice standards and is therefore not an indicator of inauthenticity"). | | |
| 5. | **¶4** ("In or about January 2025, Bonnell told me in person that he was deleting — "wiping" — | Irrelevant. Fed. R. Evid. 402. Vague and ambiguous as to time. Vague and Ambiguous as to the phrase "wiping [Defendant's] Discord message logs." Defendant did not | |

| | | | |
|---|---|---|---|
| | his Discord message logs with everyone.”) | receive a preservation demand until January 22, 2025. | |
| | **Response to Objection No. 5**<br><br>Bonnell’s own statements to Witness C are not hearsay but are plainly admissible against him. *See* Fed. R. Evid. 801(d)(2)(A). Second, Bonnell incorrectly assumes that his preservation duty could not arise before Plaintiff’s January 22, 2025, preservation letter. The duty arises when litigation becomes reasonably foreseeable, not when an adversary formally demands preservation. *See, Alabama Aircraft Indus., Inc. v. Boeing Co.*, 11 F.4th 1211, 1235–36 (11th Cir. 2022); *Graff v. Baja Marine Corp.*, 310 F. App’x 298, 301 (11th Cir. 2009). Here, the circumstances support Plaintiff’s contention that the duty arose no later than November 29, 2024—the date Plaintiff’s intimate material was publicly leaked and Bonnell contemporaneously acknowledged in communications with Witness C that he had shared intimate videos of Plaintiff without discussing her consent and doubted that she had consented. Bonnell therefore cannot render evidence of his subsequent “wiping” of Discord messages irrelevant merely by assuming his preferred preservation date. Whether the preservation duty had already arisen bears on the ultimate spoliation determination, not the relevance of evidence concerning Bonnell’s deletion of messages during the disputed period. Third, “in or about January 2025” is not impermissibly vague. In any event, Witness C’s testimony concerning Bonnell’s statement is corroborated by her firsthand observation shortly thereafter: on February 14, 2025, she personally watched Bonnell archive their Discord logs and then delete them. Any uncertainty concerning the precise date of Bonnell’s January statement goes to its weight, not its admissibility. | | |
| 6. | **¶ 5** (“I have retained the copy of the archived logs that Bonnell sent me, which cover our communications from June 2024 through February 14, 2025, including the November 29, 2024 exchanges set forth above.”) | Assumes facts not in evidence. Fed. R. Evid. 402. The statement contradicts Plaintiff’s claim that the subject communications were lost and cannot be restored or replaced. Fed. R. Civ. P. 37(e). | |
| | **Response to Objection No. 6**<br><br>Plaintiff does not seek Rule 37(e) sanctions for the loss of the particular communications Witness C preserved and produced. Rather, the evidence independently corroborates Plaintiff’s broader showing that Bonnell engaged in systematic deletion of Discord communications after his preservation duty arose and is thus highly relevant to his intent in deleting other ESI. It further corroborates Plaintiff’s evidence concerning Bonnell’s deletion of communications with several other witnesses and supplies direct evidence of the method and practice underlying that conduct. The evidence does not become irrelevant merely because Witness C, rather than Bonnell, | | |

| | | | |
|---|---|---|---|
| | preserved a copy. Although Rule 37(e) requires that ESI subject to sanctions be incapable of restoration or replacement through additional discovery, the restoration of these particular communications does not render Bonnell's act of deleting them irrelevant to determining his intent with respect to other ESI that cannot be restored or replaced. | | |
| 7. | **¶ 6** ("Upon information and belief, Bonnell also retained a copy of the archived logs.") | Lacks personal knowledge and foundation. Fed. R. Evid. 602. | |
| | **Response to Objection No. 7** | | |
| | Even if the Court disregards Witness C's statement, made upon information and belief, that Bonnell retained a copy of the archive, that does not affect her firsthand testimony in ¶5 that she personally watched Bonnell archive the logs, that he sent the archive to her, and that he then deleted the messages. The challenged statement is therefore immaterial to the significance of Witness C's testimony. | | |
| 8. | **¶ 7** ("In or about May 2026 . . . Bonnell again deleted our message logs.") | Lacks personal knowledge and foundation. *Id.* R. 602. | |
| | **Response to Objection No. 8** | | |
| | To the extent the Court determines that Witness C's Declaration does not sufficiently identify the basis for her personal knowledge that Bonnell again deleted the message logs in May 2026, exclusion is unnecessary. Plaintiff respectfully requests that the Court permit Witness C to establish that foundation through supplemental testimony or, alternatively, at an evidentiary hearing, where Bonnell may examine her concerning the basis for her knowledge. | | |
| 9. | **¶ 8** (". . .Bonnell retaliated against me. He posted logs of an unrelated argument between us to an online chat in order to embarrass me, and he threatened to publicize other embarrassing material about me online.") | Assumes Facts Not in Evidence. Lacks personal knowledge and foundation. Fed. R. Evid. 602. Improper Legal Conclusion. Irrelevant. *Id.* R. 402. | |
| | **Response to Objection No. 9** | | |
| | This portion of Witness C's testimony is relevant to her request for anonymity—not to establish spoliation or any element of Rule 37(e). Moreover, the underlying conduct she describes is based upon her personal | | |

| | | |
|---|---|---|
| | knowledge. Her characterization of that conduct as "retaliation" does not provide a basis for striking her testimony concerning the conduct itself. | |

**<u>Plaintiff's Responses to Peña's Testimony</u>**

<table>
<tr><th></th><th>Material Objected To:</th><th>Grounds for Objection:</th><th>Ruling on the Objection:</th></tr>
<tr><td rowspan="3">10.</td><td>¶ 3 ("On August 4, 2026, Plaintiff's counsel informed me of a statement by Defendant, in a Video published on YouTube, concerning a Facebook message that Defendant sent to the individual identified in this litigations as 'Rose.'")</td><td>Inadmissible hearsay. Fed. R. Evid. 802. Hearsay within hearsay. Id. R. 805. Declarant lacks personal knowledge. Id. R. 602</td><td rowspan="3"></td></tr>
<tr><td colspan="2">Response to Objection No. 10</td></tr>
<tr><td colspan="2">Peña properly explains how the new material came to his attention and plainly has personal knowledge of what he did after receiving that information. Counsel's communication identifying the video is not offered to prove the truth of Bonnell's recorded statement, but to explain why Peña located, examined, and forensically preserved the video. See Fed. R. Evid. 801(c)(2). Bonnell's statement in the video is independently admissible as an opposing-party statement under Rule 801(d)(2)(A). See, United States v. Stephenson, 550 F. Supp. 3d 1246, 1253 (M.D. Fla. 2021) (statements made by defendant in YouTube videos and offered against him were non-hearsay under Rule 801(d)(2)(A)). Thus, Bonnell's objection conflates Peña's explanation of how the video came to his attention with substantive proof of Bonnell's statement.</td></tr>
<tr><td rowspan="3">11.</td><td>¶ 3 ("The video was recorded on December 4, 2025 and posted to YouTube on December 8, 2025, at the following address: [link].")</td><td>Lacks personal knowledge and foundation. Fed. R. Evid. 602. Best Evidence Rule. Id. R. 1002. Improper authentication of documents. Id. R. 901.</td><td rowspan="3"></td></tr>
<tr><td colspan="2">Response to Objection No. 11</td></tr>
<tr><td colspan="2">Peña did not merely receive a hyperlink from counsel and repeat its contents. Rather, he personally located and forensically preserved the</td></tr>
</table>

<table>
<tr><td></td><td colspan="2">video and its associated metadata, generated hash values, and identified the metadata-derived recording/posting dates and source URL. Thus, Bonnell's Rule 602 objection is misplaced. His authentication objection fares no better. Rule 901 requires only sufficient evidence to support a finding that the evidence is what its proponent claims it to be. See Fed. R. Evid. 901(a). The Eleventh Circuit requires only a prima facie showing of authenticity, which may be established entirely through circumstantial evidence. United States v. Broomfield, 591 F. App'x 847, 851–52 (11th Cir. 2014). There, the court found a YouTube video adequately authenticated based upon evidence identifying its subject and establishing where and approximately when it was recorded, notwithstanding the absence of testimony establishing the reliability of the recording equipment or that the video had not been altered. Id. Here, Peña personally located and forensically preserved the video and associated metadata, documented its source URL and recording/posting dates, and generated MD5 hash values for both the MP4 and metadata file. These facts support, rather than undermine, authentication.</td><td></td></tr>
<tr><td rowspan="3">12.</td><td>¶ 4 (“At timestamp 54:03, Defendant states, in relevant part: ‘… By the way, the only person who collaborated with or tried to do anything with Rose was .... I have messaged this person [Rose] one time in my life, and it was when I found their Facebook account and then I messaged them ….’”)</td><td>Inadmissible hearsay. Fed. R. Evid. 802. Hearsay within hearsay. Id. R. 805. Best Evidence Rule. Id. R. 1002. Improper authentication of documents. Id. R. 901.</td><td rowspan="3"></td></tr>
<tr><td colspan="2">Response to Objection No. 12</td></tr>
<tr><td colspan="2">Peña expressly states that he “reviewed the preserved video” and identifies what Bonnell says at timestamp 54:03. Bonnell thus identifies no Rule 602 deficiency. Nor is Bonnell's own statement hearsay; when offered against him, it is an opposing-party statement under Rule 801(d)(2)(A). Bonnell's Rule 1002 objection likewise provides no basis to strike Peña's testimony. Rule 1002 applies “only when the contents of the writing or recording are sought to be proved,” and its purpose is “to prevent inaccuracy and fraud when attempting to prove the contents of a writing [or recording].” United States v. Holland, 223 F. App'x 891, 898 (11th Cir. 2007) (quoting United States v. Ross, 33 F.3d 1507, 1513 (11th Cir. 1994)). Here, Peña did not rely upon an unavailable recording or secondary account of its contents: he personally located and forensically preserved the underlying video</td></tr>
</table>

| | | | |
|---|---|---|---|
| | itself, together with its metadata, and generated cryptographic hashes. To the extent Rule 1002 requires the recording itself to establish Bonnell's precise recorded statement, Plaintiff can introduce the preserved recording. That requirement furnishes no basis to exclude Peña's testimony concerning his forensic preservation and examination of the recording. | | |
| 13. | **¶ 5** ("I am further informed by Plaintiff's counsel, Joan S. Peters, who has received and reviewed all of Defendant's document productions, that no such Facebook message has been produced by Defendant.") | Inadmissible hearsay. Fed. R. Evid. 802. Hearsay within hearsay. *Id.* R. 805. Lacks personal knowledge and foundation. *Id.* R. 602. | |
| | **Response to Objection No. 13** | | |
| | Bonnell omits that Peña expressly states: "I searched Defendant's document productions in this matter for any Facebook message between Defendant and Rose. I located none." Peña thus has personal knowledge of the results of his own search; Joan S. Peters' ("Peters") statement merely confirms his independent finding. Moreover, Peters separately declares from personal knowledge that she received and reviewed every production by Bonnell and that no Facebook communication with Rose was produced. Thus, even disregarding Peña's reference to Peters altogether, the fact upon which his opinion rests is independently established by both Peña's own review and Peters' testimony. | | |
| 14. | **¶ 6** ("A Facebook (or Facebook Messenger) message sent by Defendant would, in the ordinary course, reside in and be retrievable from Defendant's own Facebook account, and would therefore remain within Defendant's possession, custody, or control for so long as the account and the message exist.") | Lacks personal knowledge and foundation. Fed. R. Evid. 602. | |
| | **Response to Objection No. 14** | | |
| | Bonnell's objection under Rule 602 fundamentally misunderstands the admissibility of expert testimony. Peña is a digital-forensics expert with more than twenty-four years of experience. His statement that Facebook messages ordinarily reside in a user's account and are captured through a | | |

| | | | |
|---|---|---|---|
| | forensically sound collection is a technical opinion based upon his expertise, not lay fact testimony requiring firsthand observation of Bonnell's particular Facebook account. Indeed, Rule 602 expressly provides that its personal-knowledge requirement "does not apply to a witness's expert testimony under Rule 703." Fed. R. Evid. 602. An expert therefore need not personally witness or inspect every underlying fact to which he applies his expertise.<br>Plaintiff respectfully submits that, to the extent the Court concludes that factual disputes concerning Witness C's foundation or the deletion, preservation, collection, or continued retrievability of the newly identified communications preclude resolution on the present record, Plaintiff respectfully requests an evidentiary hearing and/or a narrowly tailored forensic examination of Bonnell's native Facebook and Discord accounts and relevant preserved devices or data by a neutral forensic examiner pursuant to a Court-approved protocol. *See, e.g., CHG Med. Staffing, Inc. v. Shafer*, No. 23-61703-CIV, 2024 WL 4881027, at *1 (S.D. Fla. Feb. 1, 2024) (ordering forensic examination of defendant's devices and accounts and for defendant to bear the expense, reasoning that "[t]he parties are in this position because of [defendant's] actions. It neither seems fair, nor logical, to then require Plaintiff to bear the cost to attempt to recover the evidence that Shafer potentially destroyed."). | | |
| 15. | **¶ 6** ("By Defendant's own recorded admission, he sent such a message.") | Inadmissible hearsay. Fed. R. Evid. 802. Lacks personal knowledge and foundation. *Id.* R. 602. Assumes Facts Not in Evidence. Improper Legal Conclusion. | |
| | **Response to Objection No. 15** | | |
| | Each of the four grounds for Bonnell's objection is inapposite and conclusory. First, Peña personally reviewed the forensically preserved recording and thus has personal knowledge of what the recording contains. Second, Bonnell's recorded statement is an opposing-party statement and therefore not hearsay under Rule 801(d)(2)(A). Third, Peña's statement that Bonnell admitted sending a Facebook message is a factual description of Bonnell's recorded statement, not a legal conclusion. Finally, the objection that Peña "assumes facts not in evidence" is unsupportable because the preserved recording itself supplies the evidentiary basis for Peña's statement. | | |
| 16. | **¶ 6** ("Its absence from Defendant's production therefore indicates either that the message was never collected from the native source, or that it was deleted and not preserved.") | Lacks personal knowledge and foundation. Fed. R. Evid. 602. Speculative and lacks sufficient factual basis. *Id.* R. 702. Peña did not examine Defendant's Facebook account or establish that the | |

| | | | |
|---|---|---|---|
| | | message was deleted. Improper Legal Conclusion. | |
| | **Response to Objection No. 16**<br><br>Bonnell objects that Peña cannot determine whether the message was deleted or never properly collected. But that is precisely Peña's opinion: the absence of the message indicates that it either was not collected from the native source or was deleted or otherwise not preserved. Either possibility is relevant to the preservation inquiry—the former as evidence of a forensically deficient collection of responsive ESI, and the latter as evidence of potential spoliation. Both are consistent with Peña's previously disclosed findings. As Peña expressly explains, the newly discovered evidence "further illustrate[s]" his prior findings concerning forensically unsound preservation. | | |
| 17. | **¶ 9** ("I am further informed by Plaintiff's counsel that no such messages have been produced by Defendant.") | Inadmissible hearsay. Fed. R. Evid. 802. Lacks personal knowledge and foundation. *Id.* R. 602. | |
| | **Response to Objection No. 17**<br><br>Bonnell overlooks that Peña expressly states: "I searched Defendant's document productions for any Discord messages between Defendant and Witness C. I located none." Peña thus has personal knowledge of the results of his own search; Peters' statement merely confirms his independent finding. Peters separately declares from personal knowledge that she received and reviewed every production by Bonnell and that no Discord communications between Bonnell and Witness C were produced. Thus, even disregarding Peña's reference to Peters, the factual premise is independently established by Peña's own review and Peters' testimony. | | |
| 18. | **¶ 10** ("Independent evidence—the screenshot—establishes that this exchange occurred . . . . The absence of these messages from Defendant's production therefore indicates either that they were never collected from the native source, or that they were deleted and not preserved.") | Lacks personal knowledge and foundation. Fed. R. Evid. 602. Improper authentication. *Id.* R. 901. Improper opinion. *Id.* R.702. Peña received the screenshot from Plaintiff's counsel and has no personal knowledge concerning its creation, completeness, or accuracy. | |
| | **Response to Objection No. 18**<br><br>Bonnell overlooks that Witness C—not Peña—is the witness who authenticates the underlying communication. Witness C states that she | | |

| | | | |
|---|---|---|---|
| | participated in the November 29 exchange, identifies Bonnell’s Discord account, identifies Exhibit B as a true and correct copy of their message exchange, states that it accurately reflects the messages exchanged that day, and confirms that the messages have not been altered. Peña’s distinct role was to forensically preserve the digital artifact provided to him using AccessData FTK Imager and generate a hash value. Thus, Witness C authenticates the conversation depicted in the screenshot, while Peña documents and preserves the integrity of the digital artifact he received.<br>Plaintiff does not offer Witness C’s screenshot as a native forensic export of Bonnell’s Discord account. Rather, Witness C’s participant-authenticated copy provides independent evidence that the particular conversation existed, which Peña compares against Bonnell’s production. Peña explains that a native export or complete HTML export with intact metadata would capture such messages, whereas Defendant’s PDF-from-HTML approach “would not reliably capture such messages” and strips metadata. There is therefore no inconsistency in Peña’s methodology: the screenshot provides independent evidence of the communication’s existence; Peña’s forensic opinion addresses why a communication shown to have existed is nevertheless absent from Defendant’s purportedly complete production. | | |
| 19. | **¶ 11** (“I am informed by Plaintiff's counsel that Defendant's counsel has represented in writing that Defendant ‘has no additional documents in his custody, possession or control that are responsive’ to Plaintiff's First Request for Production.’”) | Inadmissible hearsay. Fed. R. Evid. 802. Hearsay within hearsay. *Id.* R. 805. Lacks personal knowledge and foundation. *Id.* R. 602. | |
| | **Response to Objection No. 19**<br>Defense counsel's August 10 email expressly states: “Mr. Bonnell produced all non-privileged documents responsive to Plaintiff’s First Request for Production.... He has no additional documents in his custody, possession or control that are responsive to the Request.” Peters authenticates that correspondence and describes receiving it, and the email itself is attached to her Supplemental Declaration. Thus, even assuming *arguendo* that Peña's recitation of counsel's representation does not independently establish its truth, the representation is independently established by the authenticated written communication itself. Defendant therefore identifies no basis to exclude Peña's resulting opinion merely because he accurately references a fact independently established in the record. | | |

<table>
<tr><td>20.</td><td>¶ 11 (“I am further informed, from the Declaration of Witness C, that on or about February 14, 2025, Defendant archived his Discord communications with Witness C, sent her a copy of that archive, and then deleted those communications, and that he again deleted his communications with Witness C in or about May 2026.’”)</td><td>Inadmissible hearsay. Fed. R. Evid. 802. Hearsay within hearsay. Id. R. 805. Lacks personal knowledge and foundation. Id. R. 602.</td><td></td></tr>
<tr><td></td><td colspan="2">Response to Objection No. 20<br><br>Bonnell’s Rule 602 objection misconstrues the respective functions of Witness C’s and Peña’s testimony. Peña is not offered to establish the historical fact that Bonnell archived and then deleted the Discord communications. Witness C independently supplies that fact from personal knowledge: she testifies that she sat beside Bonnell at his computer, watched him archive their communications, received the archive from him, and then watched him delete the communications. Peña applies his digital-forensic expertise to those independently established facts and explains their forensic significance. Rule 602’s personal-knowledge requirement expressly “does not apply to a witness’s expert testimony under Rule 703,” and Rule 703 permits an expert to base an opinion on “facts or data in the case that the expert has been made aware of.” Fed. R. Evid. 602, 703. Peña therefore need not have personally witnessed Bonnell’s conduct to offer an expert opinion concerning its forensic significance.</td><td></td></tr>
<tr><td>21.</td><td>¶ 11 (“[A] sequence consistent with bulk message-deletion applications such as ‘Redact’ . . . .”)</td><td>Speculative expert opinion unsupported by forensic evidence that Defendant used Redact, or any similar application, to delete the communications at issue. Fed. R. Evid. 702.</td><td></td></tr>
<tr><td></td><td colspan="2">Response to Objection No. 21<br><br>Peña does not opine that Redact caused the particular deletion at issue. Rather, he explains that the observed sequence—archiving communications before deleting them—is technically “consistent with” bulk-message deletion applications such as Redact. Second, Redact was already addressed in Peña’s previously disclosed analysis and thus is not a newly introduced forensic theory. Third, Bonnell’s own counsel expressly invoked redact.dev in the contemporaneous meet-and-confer correspondence, asserting that Plaintiff had instructed Bonnell to use it.</td><td></td></tr>
</table>

| | | |
|---|---|---|
| | Bonnell's suggestion that Peña has now introduced Redact into the case without any factual basis is therefore difficult to reconcile with the existing record.<br>Nor does Peña offer a new expert opinion in his Supplemental Declaration. Rather, he applies his previously disclosed forensic principles and opinions to newly discovered Facebook and Discord evidence. Peña expressly states that the new evidence is "consistent with, and further illustrate[s]," his previously identified findings concerning unsound collection, metadata loss, and non-preservation. Application of previously disclosed opinions to newly discovered evidence does not transform those opinions into a new expert theory. | |

**Plaintiff's Responses to Peters' Testimony**

| | Material Objected To: | Grounds for Objection: | Ruling on the Objection: |
|---|---|---|---|
| 22. | **¶ 3** ("The RFP requested, inter alia, 'all documents and/or communications you have had with [] the individual with the screen name Rose.") | Best Evidence Rule. Fed. R. Evid. 1002. Incomplete. *Id.* R. 106. Assumes Facts Not in Evidence. | |
| 23. | **¶ 3** ("The RFP also requested "[a]ll the documentary evidence you possess or know of which has or may have any relationship to any facts, claims and/or defenses by any party in this case, even though you may not present it at trial.") | Best Evidence Rule. Fed. R. Evid. 1002. Incomplete. *Id.* R. 106. Assumes Facts Not in Evidence. | |
| | **Response to Objection Nos. 22-23** | | |
| | Bonnell objects because Peters quotes RFP No. 8 and the Rose request rather than reproducing Plaintiff's entire discovery request. But the discovery request itself is before the Court, and Rule 1002 provides no basis to strike Peters' accurate identification and quotation of the requests relevant to her testimony. Nor does Rule 106 provide an exclusionary basis | | |

| | | | |
|---|---|---|---|
| | for striking an accurate quotation merely because Bonnell believes another portion of the document supplies relevant context; Bonnell is free to identify that portion, and the Court may consider the discovery request as a whole. More fundamentally, Bonnell's substantive argument fails: the temporal limitation contained in a separate, narrower request does not rewrite the independently worded RFP No. 8, which contains no such limitation. | | |
| 24. | **¶ 5** ("The content of that exchange, the facts establishing Witness C's relationship to Defendant, and Defendant's deletion of the underlying communications are set forth in the Declaration of Witness C . . . .") | Inadmissible hearsay. Fed. R. Evid. 802. | |
| | **Response to Objection No. 24** | | |
| | Peters is simply identifying and referring to Witness C's separately filed declaration; she does not purport to authenticate it or establish its contents from her own personal knowledge. The Court may consider Witness C's declaration directly. Accordingly, any objection to the admissibility of Witness C's testimony is properly directed to that testimony, not Peters' reference to it. | | |
| 25. | **¶ 5** ("These communications are responsive to Plaintiff's RFP . . . .") | Improper legal conclusion. | |
| | **Response to Objection No. 25** | | |
| | Bonnell's characterization of Peters' statement that the communications are responsive as an "improper legal conclusion" is unfounded. Peters identifies the discovery requests she served and the communications at issue. Whether those communications fall within the requests is readily determined by comparing the two, and the Court may make that determination independently. | | |
| 26. | **¶¶ 7–9 & Exhibit A** | Exhibit A and counsel's purported summary thereof is incomplete, omits relevant portions of the correspondence, and misstates the evidence. | |
| | **Response to Objection No. 26** | | |

| | | | |
|---|---|---|---|
| | There is nothing incomplete or misleading about the correspondence, much less anything warranting exclusion. The referenced correspondence speaks for itself. If Bonnell believes additional portions are necessary to place the cited communications in context, Rule 106 permits him to identify those portions for the Court's consideration; it does not require exclusion of the portions Plaintiff submitted. | | |
| 27. | **¶ 10** ("The November 29, 2024 exchange . . . did not come to Plaintiff's attention until recently . . . . Nor was this evidence available to Plaintiff at the time Plaintiff's Motion was filed.") | Lacks foundation and personal knowledge as to when the evidence became known or "available to Plaintiff" generally. Fed. R. Evid. 602. | |
| | **Response to Objection No. 27**<br><br>Peters has personal knowledge of her own receipt of the newly discovered information and the actions she took as Plaintiff's counsel upon learning of it. Her contemporaneous August 6 correspondence advised Bonnell that Plaintiff had "recently become aware" of the missing documents, and Peters promptly sought their production. To the extent Bonnell disputes precisely when Plaintiff or her counsel first became aware of the evidence, that issue does not go to the admissibility or her personal knowledge concerning her testimony. | | |

Date: August 25, 2026

**JSP LAW, LLC**
Joan Schlump Peters
(admitted *pro hac vice)*
838 Neapolitan Way, #91
Naples, FL 34103
Tel. 305-299-4759
Email: petersjoan@bellsouth.net

**SANCHEZ-MEDINA, GONZALEZ, LAGE, GOMEZ & MACHADO, LLP**
CARLOS A. GARCIA PEREZ
Florida Bar No. 106895
GUSTAVO D. LAGE
Florida Bar No. 972551
201 Alhambra Circle, Suite 1205
Coral Gables, Florida, 33134
Tel.: (305) 377-1000
Primary E-Mail: cgarciaperez@smgqlaw.com
Primary E-Mail: glage@smgqlaw.com
Counsels for Plaintiff

*/s/ Carlos A. Garcia Perez*
By:______________________________
GUSTAVO D. LAGE
CARLOS A. GARCIA PEREZ
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 25, 2026 a true and correct copy of the foregoing was served on all parties via the CM/ECF filing portal to all counsel of record.

*/s/ Carlos A. Garcia Perez*
By:________________________________
GUSTAVO D. LAGE
CARLOS A. GARCIA PEREZ
Attorneys for Plaintiff